IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

HELEN WINTERS, )
through her power of attorney )
Carol Winters, )
   )
   Plaintiff, )
   )
vs. )
   )
CHUGIAK SENIOR CITIZENS, INC., )
   )
   Defendant. )

*amended answer due 4/20*

**CALENDARED**

Case No. 3AN-06-6023 CI

## AMENDED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND FOR DAMAGES

COMES NOW plaintiff, Helen Winters, through her power of attorney Carol Winters, and her counsel of record, alleging and requesting relief as follows:

### INTRODUCTION

1. This action is brought against defendant Chugiak Senior Citizens Inc, for its retaliatory conduct and its wrongful attempted eviction of Helen Winters from the Chugiak Senior Center, both in violation of the Alaska Assisted Living Homes Act (AS 47.33.005 *et seq.*), the Alaska Human Rights Act (AS 18.80.200 *et seq.*), the Alaska Uniform Landlord and Tenant Act (AS 34.03.010 *et seq.*), the Americans with Disabilities Act (42 U.S.C. §§ 12101 *et seq.*), Section 504 of the Rehabilitation Act of 1973 as amended (29 U.S.C. § 794), and the Fair Housing Act of 1988 (42 U.S.C. §§ 3601 *et seq.*).

### PARTIES

2. Plaintiff Helen Winters is a 90-year-old resident of Chugiak, Alaska who is disabled. Plaintiff's adult daughter, Carol Winters, is plaintiff's power of attorney

EXHIBIT C
Page 1 of 13

Complaint for Injunctive and Declaratory Relief and for Damages        Page 1 of 12

3. Defendant manages the Chugiak Senior Center ("CSC"), an assisted living home owned by the Municipality of Anchorage and licensed by the State of Alaska.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter pursuant to AS 22.10.020 (a), (g) and (i). Plaintiff's causes of action arise under, *inter alia*, the Alaska Assisted Living Homes Act (AS 47.33.005 *et seq.*), the Alaska Human Rights Act (AS 18.80.200 *et seq.*), the Alaska Uniform Landlord and Tenant Act (AS 34.03.010 *et seq.*), the Americans with Disabilities Act (42 U.S.C. §§ 12101 *et seq.*), Section 504 of the Rehabilitation Act of 1973 (29 U.S.C. § 794), and the Fair Housing Act of 1988 (42 U.S.C. §§ 3601 *et seq.*).

5. Venue is proper pursuant to AS 22.10.030 and Civil Rule 3(c).

## BACKGROUND

6. Plaintiff is a 90 year old woman who suffers from a number of maladies including but not limited to hypertension, congestive heart failure, severe osteoarthritis, osteoporosis, general anxiety disorder and macular degeneration. In addition, plaintiff is very hard of hearing. As a consequence, plaintiff must speak very loudly and must be spoken to very loudly in order to communicate. Plaintiff's conditions were disclosed to defendant prior to plaintiff's admission to the defendant's CSC in September of 2004.

7. Despite plaintiff's maladies, plaintiff is very independent of both mind and body given her age. In 2000 at the age of 85, as she could no longer drive, she moved from Maryland to Alaska to live near her adult daughter, Carol Winters. Carol Winters is a caring advocate in her mother's life and has daily contact with her mother and her mother's care providers.

EXHIBIT C
Page 2 of 13

Complaint for Injunctive and Declaratory Relief and for Damages                Page 2 of 12

8. Plaintiff has been a participant in the State of Alaska's Medicaid CHOICE Waiver Program since September 2001. This program allows those requiring help with the activities of daily living to remain in their own homes and communities by helping to fund such assistance. Kathy Huskey has been plaintiff's Care Coordinator since she began participating in the Waiver program in 2001.

9. On August 15, 2004, plaintiff suffered a fall in her home that sent her to the hospital for several days. She fractured her right arm and damaged her rotator cuff.

10. Unable to continue to live completely independently, plaintiff and her daughter decided to apply to the CSC; it seemed to them both the CSC's assisted living paradigm provided plaintiff with the right balance of assistance and independence.

11. Plaintiff and her daughter disclosed plaintiff's medical history and conditions to defendant at or near the time of application to CSC. In fact, plaintiff signed several releases so as to allow defendant to obtain her actual medical records. Moreover, the defendant conducted a pre-admittance evaluation on plaintiff before accepting her into CSC as a resident so as to assure itself that plaintiff would be eligible for residency at CSC. The defendant found plaintiff suitable for CSC and admitted her into the CSC as a resident on or about September 20, 2004.

12. At or about the time that defendant admitted plaintiff into CSC, defendant had plaintiff sign a number of form agreements that had been drafted by or for defendant, specifically, a Lease Agreement, a Resident Service Contract, and Plan of Care contract. These documents provided, *inter alia*, that the defendants would provide plaintiff with substantial physical assistance in her activities of daily living, self-care and medication

LAW OFFICES OF
ALASKA LEGAL SERVICES CORPORATION
ANCHORAGE AND STATEWIDE OFFICE
1016 WEST SIXTH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501-1963
(907) 272-9431

EXHIBIT C
Page 3 of 13

Complaint for Injunctive and Declaratory Relief and for Damages                    Page 3 of 12

management and that the relationship between plaintiff and defendant vis à vis the CSC would be governed by Alaska's Uniform Residential Landlord Tenant Act.

13. Since entering into the CSC, plaintiff and her daughter have made numerous complaints to the defendant about her care by the CSC's staff, including:

- administering the wrong medications;
- breaching confidentiality;
- interfering with her ability to exercise religious beliefs;
- failing to provide her medically prescribed low-salt diet;
- abusive and rough handling;
- rudeness and verbal abuse;
- contamination by cigarette smoke;
- lack of safety ;
- lack of kindness and caring.

By and large, the defendant has ignored these complaints, whitewashed them, or blamed the plaintiff for any problems she might be having.

14 Plaintiff is informed and believes that defendant has a poor or non-existent training process for new staff, has high turnover, and exercises inadequate oversight of staff. Plaintiff contends that defendant has allowed a culture of indifference or abuse to develop at CSC especially with regard to elders who insist on having their persons and rights respected.

15. Plaintiff and her daughter contacted Alaska's Long Term Care Ombudsman to complain about the defendant and the CSC because their complaints were not being adequately addressed by defendant.

EXHIBIT C
Page 4 of 13

Complaint for Injunctive and Declaratory Relief and for Damages      Page 4 of 12

16. The Long Term Care Ombudsman is currently actively investigating plaintiff's complaints. There has been at least one meeting with plaintiff, her daughter, the Ombudsman, plaintiff's Care Coordinator and some of the staff at the CSC.

17. On January 5, 2006, CSC served plaintiff with a letter purporting to terminate her Residential Services Contract and Lease Agreement with the CSC. A true and correct copy of this termination letter is attached hereto as Exhibit 1. This letter claims that plaintiff poses a threat to others, that the level of care she requires is no longer available at the facility, that she has engaged in a pattern of conduct that is harmful to other residents or staff, and that her behavior is a threat to the peace and safety of the other residents and staff. All of the allegations are untrue.

18. Recently, the Long Term Care Ombudsman contacted the defendant and formally requested that it withdraw the Notice of Eviction of plaintiff or agree to a 90-day stay. The defendant refused, but agreed to a thirty-day stay so as to allow plaintiff to find "alternative" housing.

19. Plaintiff does not want "alternative" housing and there is no equivalent "alternative" housing available to her. Plaintiff wants to remain where she is and receive the care, dignity and services that the defendant is legally obligated to provide. Plaintiff's conditions are such that forcing her to move will harm her. Plaintiff's Care Coordinator (Kathy Huskey), the Long Term Care Ombudsman (Bob Dreyer), her personal physician (Michael Jones, M.D.), and her daughter (Carol Winters) all believe it would be extremely detrimental to plaintiff's health, both emotional and physical to require her to move. Plaintiff's Care Coordinator is so concerned with defendant's treatment of plaintiff that she filed a Report of Harm with Adult Protective Services.

LAW OFFICES OF
ALASKA LEGAL SERVICES CORPORATION
ANCHORAGE AND STATEWIDE OFFICE
1016 WEST SIXTH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501-1963
(907) 272-9431

EXHIBIT C
Page 5 of 13

20. Plaintiff believes she is being evicted in retaliation for her complaints regarding staff and her efforts to improve the quality of care to an appropriate level at the CSC. Plaintiff also believes that CSC may have a pattern and practice of evicting or threatening with eviction CSC residents who are demanding, i.e., those who insist that their persons and rights be respected, despite their being "old" and infirm.

21. Plaintiff remains in imminent danger of being evicted by defendant despite the efforts of her Care Coordinator (Kathy Huskey), the Long Term Care Ombudsman (Bob Dreyer), her personal physician (Michael Jones, M.D.), and her daughter (Carol Winters).

22. Since the aforementioned termination letter from defendant, plaintiff and/or others have continued to pay "rent" to the defendant on her behalf. The defendant has never refused or rejected plaintiff's "rent."

**COUNT I – VIOLATION OF THE ASSISTED LIVING HOMES ACT**

23. Plaintiff repeats and incorporates by reference the allegations of facts and law in the above paragraphs.

24. Defendant's threatened eviction of plaintiff violates the Alaska Assisted Living Homes Act (AS 47.33.005-AS 47.33.990) in that:

a) Ms. Winters as a resident of an assisted living home has the right to be treated with consideration and respect for personal dignity, individuality and privacy; AS 47.33.300(a)(2)

b) None of the statutory grounds for termination of the residential services contract exist; AS 47.33.360(a)

EXHIBIT C
Page 6 of 13

c) Ms. Winters, as a resident of an assisted living home may not be retaliated against for having made a complaint to the Long Term Care Ombudsman; AS 47.33.350(a)(1) and (4)

d) The attempted eviction violates the very purposes of the Act, that is, to establish assisted living homes to provide a "homelike" environment for elderly persons that help the elderly person to "age in place" that is, to choose to remain in a familiar living environment and manage the risks associated with the physical or mental decline that can occur with increasing age. AS 47.33.005(1) and (2)(A).

### COUNT II – VIOLATION OF THE ALASKA HUMAN RIGHTS ACT

25. Plaintiff repeats and incorporates by reference the allegations of facts and law in the above paragraphs.

26. Defendant's threatened eviction of plaintiff violates the Alaska Human Rights Act (AS 18.80.200 *et seq.*) in that plaintiff has a right to be free from discrimination in the lease or rental of property due to a physical or mental disability; (AS 18.80.200, .240(1) and (2)).

### COUNT III – VIOLATION OF ALASKA'S UNIFORM RESIDENTIAL LANDLORD TENANT ACT

27. Plaintiff repeats and incorporates by reference the allegations of facts and law in the above paragraphs.

28. The express terms of the defendant's Lease Agreement and the Residential Services Contract provide that Alaska Uniform Residential Landlord Tenant Act (AS 34.03.010 *et seq.*) ("URLTA") governs.

LAW OFFICES OF
ALASKA LEGAL SERVICES CORPORATION
ANCHORAGE AND STATEWIDE OFFICE
1016 WEST SIXTH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501-1963
(907) 272-9431

EXHIBIT C
Page 7 of 13

Complaint for Injunctive and Declaratory Relief and for Damages    Page 7 of 12

29. Defendant's threatened eviction of plaintiff violates the URLTA because, *inter alia*, the defendant has continued to accept rent from plaintiff despite alleging that she has breached the Lease Agreement, Resident Services Contract and Resident Policies (House Rules). This acceptance of rent by defendant constitutes a waiver of the defendant's right to terminate the aforementioned agreements for those alleged breaches. AS 34.03.240. Threatening plaintiff with eviction, despite this clear statutory waiver of defendant's right to evict, is baseless and wrongful.

### COUNT IV- BREACH OF CONTRACT

30. Plaintiff repeats and incorporates by reference the allegations of facts and law in the above paragraphs.

31. Plaintiff and defendant are parties to several contracts including a Lease Agreement; a Resident Service Contract, and a Plan of Care contract. These contracts specifically require the defendant to abide by the Alaska Assisted Living Homes Act and the URLTA.

32. By its actions as stated in the above paragraphs, the defendant has breached its contracts with plaintiff including its duty of good faith and fair dealing.

### COUNT V – VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

33. Plaintiff repeats and incorporates by reference the allegations of facts and law in the above paragraphs.

34. This attempted eviction is unlawful discrimination in violation of the Americans with Disabilities Act (42 U.S.C. §§ 12101 *et seq.*) in that:

a) Plaintiff is a qualified individual with disabilities within the meaning of the ADA;

EXHIBIT C
Page 8 of 13

Complaint for Injunctive and Declaratory Relief and for Damages   Page 8 of 12

b) Defendant is prohibited from discriminating on the basis of disability in the provision of benefits or services or the conduct of programs or activities;

c) The effort to evict plaintiff is a form of discrimination on the basis of disability as prohibited by the ADA.

### COUNT VI – VIOLATION OF SECTION 504 OF THE REHABILITATION ACT OF 1973

35. Plaintiff repeats and incorporates by reference the allegations of facts and law in the above paragraphs.

36. This attempted eviction is a violation of the Section 504 of the Rehabilitation Act of 1973 (29 U.S.C. § 794) in that:

a) Plaintiff is a qualified individual with disabilities within the meaning of the Rehabilitation Act of 1973;

b) Defendant is prohibited from discriminating on the basis of disability in the conducting of programs or activities;

c) The effort to evict plaintiff is a form of discrimination on the basis of disability as prohibited by the Rehabilitation Act of 1973.

### COUNT VII – VIOLATION OF THE FAIR HOUSING ACT OF 1988

37. Plaintiff repeats and incorporates by reference the allegations of facts and law in the above paragraphs.

38. This attempted eviction is a violation of the Fair Housing Act, 42 U.S.C. §§ 3601 *et seq.*) in that:

a) Plaintiff is an individual with disabilities within the meaning of the Act;

LAW OFFICES OF
ALASKA LEGAL SERVICES CORPORATION
ANCHORAGE AND STATEWIDE OFFICE
1016 WEST SIXTH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501-1963
(907) 272-9431

EXHIBIT C
Page 5 of 13

b) Defendant is prohibited from discriminating on the basis of disability in any aspect of renting housing or denying housing;

c) The effort to evict plaintiff is discrimination on the basis of disability.

## COUNT VIII -- INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

39. Plaintiff repeats and incorporates by reference the allegations of facts and law in the above paragraphs.

40. The defendant's intentional or reckless conduct in attempting to retaliate and/or evict plaintiff, and its service on plaintiff of the aforementioned eviction notice when she was alone and without the benefit or support of her daughter and power of attorney, when defendant was and is fully aware of plaintiff's medical conditions (including but not limited to hypertension and a generalized anxiety disorder) and her over-all fragility, amount to extreme and outrageous acts, were not justified and have caused plaintiff severe emotional distress, dangerously high blood pressure, a trip to the hospital emergency room, and additional medications for treatment.

## COUNT IX -- NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

41. Plaintiff repeats and incorporates by reference the allegations of facts and law in the above paragraphs.

42. The defendant had a duty to refrain from conduct that would foreseeably result in emotional harm to plaintiff.

43. It was foreseeable that by retaliating against plaintiff and attempting to evict plaintiff and delivering to her (without her daughter's presence) a notice of eviction when it was aware that plaintiff suffers from hypertension and a generalized anxiety disorder, was extreme and outrageous and caused plaintiff severe emotional distress, dangerously high

LAW OFFICES OF
ALASKA LEGAL SERVICES CORPORATION
ANCHORAGE AND STATEWIDE OFFICE
1016 WEST SIXTH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501-1963
(907) 272-9431

blood pressure, a trip to the hospital emergency room and additional medications for treatment.

**WHEREFORE,** plaintiff requests this Court:

(1) declare that by its actions as stated above the defendant has violated the Alaska Assisted Living Homes Act; the Alaska Uniform Residential Landlord--Tenant Act; the Americans With Disabilities Act; Section 504 of the Rehabilitation Act of 1973; and the Fair Housing Act of 1988, and has breached its various contracts with the plaintiff.

(2) enter judgment in her favor in an amount to be determined at trial encompassing costs, damages for pain and sufferings, damages for mental anguish, punitive damages and the costs and expenses of litigation, and such other and further relief as may be just and necessary;

(3) order defendant to retract its notice of intent to evict and terminate Resident Services Contract and Lease Agreement;

(4) enjoin defendant from engaging in any further eviction proceedings against plaintiff and to otherwise comply with its contractual duties to plaintiff;

(5) enjoin defendant from engaging in any further discriminatory or retaliatory practices against her or other CSC residents, and

(6) because federal law precludes plaintiffs' counsel from claiming or collecting attorney's fees on their behalf, plaintiff reserves her right to recover attorney's fees, should she prevail in this action.

LAW OFFICES OF
ALASKA LEGAL SERVICES CORPORATION
ANCHORAGE AND STATEWIDE OFFICE
1016 WEST SIXTH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501-1963
(907) 272-9431

EXHIBIT C
Page 11 of 13

DATED: March 31, 2006         ALASKA LEGAL SERVICES CORPORATION

*Barbara K. Brink*
NIKOLE M. NELSON, BAR NO. 9906033
JAMES J. DAVIS, JR., BAR NO. 9412140
BARBARA K. BRINK, BAR NO. 8206009
1016 West Sixth Avenue, Suite 200
Anchorage, Alaska 99501

Attorneys for Plaintiff

LAW OFFICES OF
ALASKA LEGAL SERVICES CORPORATION
ANCHORAGE AND STATEWIDE OFFICE
1016 WEST SIXTH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501-1963
(907) 272-9431

EXHIBIT C
Page 12 of 13

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

HELEN WINTERS, )
through her power of attorney )
Carol Winters, )
 )
    Plaintiff, )
 )
vs. )
 )
CHUGIAK SENIOR CITIZENS, INC., )
 )   Case No. 3AN-06-6023 CI
    Defendant. )

I, Joan Meister, certify that:

1. I am an employee with Alaska Legal Services Corporation.

2. On March 31, 2006, I served Margaret C. Ingmanson with the following documents by certified mail, postage prepaid to her business address:

    a) Amended Complaint for Injunctive and Declaratory Relief and for Damages, and

    b) Certificate of Service.

ALASKA LEGAL SERVICES CORPORATION

DATE 3-31-06                    /s/ Joan Meister

EXHIBIT C
Page 13 of 13