IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| HELEN WINTERS, <br> through her power of attorney <br> Carol Winters, <br><br>     Plaintiff, <br><br> vs. <br><br> CHUGIAK SENIOR CITIZENS, INC., <br><br>     Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

Case No. 3:06-cv-00083-TMB

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND**

### I.    INTRODUCTION

At the core of this case is, *inter alia*, the legal mechanism by which defendant can seek to remove plaintiff from her home at an assisted living facility.  Defendant suggests that it can do so through the use of Alaska's summary forcible entry and detainer ("FED") laws.  Plaintiff contends that Alaska's Supreme Court has repeatedly cautioned litigants about using FED actions to resolve complicated or involved matters and that using an FED against plaintiff would contravene Alaska law.  In removing this case to federal court, defendant has put this Court in the untenable or at least unenviable position of creating new Alaska state law concerning whether Alaska's FED statutes can be used in the context of an assisted living facility.  This Court should decline defendant's invitation and let Alaska's courts decide this question about Alaska law.  And, because the heart of plaintiff's entire case rests on Alaska law, the entire case should be remanded to Alaska's courts for resolution.

## II.   STATEMENT OF FACTS

On March 14, 2006 Plaintiff Helen Winters, through her power of attorney Carol Winters, filed a State action against the defendant Chugiak Senior Citizens, Inc., in the Superior Court for the State of Alaska, Case No. 3AN-06-0623 CIV.   See, Exhibit B attached to Notice of Removal of Case from State Court dated April 13, 2006.

In her complaint Ms. Winters' averred that defendant, operator of the assisted living facility in which plaintiff resides, had violated the Alaska Assisted Living Homes Act, the Alaska Human Rights Act, and the Alaska Uniform Landlord and Tenant Act. She also asserted claims for breach of contract and negligence.  *Id.*

On March 31, 2006, Ms. Winters amended her complaint to add three additional causes of action for violations of the federal Americans' with Disabilities' Act, Section 504 of the Rehabilitation Act of 1973, and the Fair Housing Act of 1988. See, Exhibit C attached to Notice of Removal of Case from State Court dated April 13, 2006.

On April 12, 2006 plaintiff filed a Motion for a Temporary Restraining Order and Injunction in Alaska Superior Court seeking to enjoin the defendant from filing a forcible entry and detainer (FED) action as a means of ousting her from her home.  See, Exhibit D attached to Notice of Removal of Case from State Court dated April 13, 2006.  Plaintiff's Motion asserted that using an FED in a case such as this would be improper and that Alaska's district courts lacked subject-matter jurisdiction to entertain an FED action in such a case.

On April 13, 2006, Alaska Superior Court Judge Stowers granted Ms. Winters' TRO. He set a hearing for Preliminary Injunction for April 18, 2006. See, Exhibit E attached to Notice of Removal of Case from State Court dated April 13, 2006.

Immediately thereafter, the defendant removed the case to federal district court pursuant to 28 U.S.C. § 1331 based on 28 U.S.C. § 1441 (the existence of a federal question) and 28 U.S.C. § 1367 (a) (supplemental jurisdiction). See, Notice of Removal of Case from State Court dated April 13, 2006.

Plaintiff now requests that this Court remand the case to State court in whole or in part pursuant to 28 U.S.C. §§ 1367 (c) and 1441(c). The plaintiff's State law claims substantially predominate over the claims which this Court has original jurisdiction and plaintiff's State law claims present novel issues of Alaska law which Alaska's State courts should be allowed to decide.

### III.    LEGAL ARUGMENT AND AUTHORITIES

### A.    This Court Should Decline to Exercise Supplemental Jurisdiction Over Plaintiff's State Law Claims

28 U.S.C. § 1367(c) empowers a federal district court to decline to exercise supplemental jurisdiction over claims if the claims raise novel or complex issues of State law, or if the claims substantially predominate over the claim which the district court has original jurisdiction. See 28 U.S.C. § 1367 (c).

In this case, as is evident from the plaintiffs' amended complaint, State law issues clearly predominate -- six of the plaintiff's nine counts concern State statutes or State common law causes of action. And, as demonstrated by plaintiff's pending Motion for a Preliminary Injunction, two of plaintiff's State law claims (violations of

Alaska Assisted Living Homes Act and the Alaska Human Rights Act) require a court to address novel and complex issues of Alaska law, *viz*, whether an FED properly lies here and whether Alaska's district courts have subject matter jurisdiction to entertain a FED action in a case such as this.

Federal courts regularly acknowledge that where declaratory judgment actions seek resolution of previously unaddressed State court jurisdictional issues, those cases are best addressed by State courts.    *See, e.g. Quakenbush v. Allstate Ins. Co*., 116 S. Ct.  746, 401 U.S. 37, 27 L.Ed.2d 1 (1996)(holding that a federal court has authority to abstain from exercising jurisdiction in cases which the court has discretion to grant or deny relief); *Younger v. Harris*, 91 S. Ct. 746, 401 U.S. 37, 27 L.Ed.2d 669(1971)(federal courts may recognize state interests in protecting authority of their judicial systems); *Golden Eagle Ins. Co. v. Travelers Co*., 103 F.3d 750, 754 (9th Cir. 1996)(There is an exception to the general duty to exercise jurisdiction given the federal court when the suit is a claim for declaratory relief.  In such cases practicality and wise judicial administration must be considered.)  Such a conclusion is appropriate to the case *sub judice*.  A critical issue in this case, the jurisdictional limits of Alaska's district courts, is precisely the type of novel and complex State law issue that Alaska's courts should be given the first opportunity to address.

**B.    This Court Should Exercise Its Discretion and Remand This Entire Case Back to State Court**

Because the sum and substance of plaintiff's case rests on issues of State law, this Court can and should exercise its discretion under 28 U.S.C. §1441 (c) to remand the entire matter back to State court.  Section 1441 (c) provides that "whenever a

separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, *in its discretion, may remand all matters in which State law predominates."* (emphasis added).    Federal courts from around the country have interpreted §1441 (c) as allowing a federal court to remand an entire case (federal and state claims combined), rather than only those otherwise nonremovable claims in which state law predominates.[1] *Eastus v. Blue Bell Creameries*, 97 F.3d 100 (5th Cir. 1996)("courts that have considered the meaning of the new §1441(c) have decided overwhelmingly that the provision now permits them to remand the entire action, federal claims and all, if state law claims predominate.") see also, *Cotton v. South Dakota,* 843 F. Supp. 564, 567 (D.S.D. 1994);  *Alexander v. Goldome Credit Corp.* 772 F. Supp. 1217, 1223-1224 (D.C. Ala.  1991)(same as above); *Holland v. World Omni Leasing, Inc*, 764 F. Supp. 1442, 1444 (D.C. Ala. 1991) (same as above); *Hayduck v. United Parcel Serv., Inc.* 930 F. Supp. 584, 599-600 (D.C. Fla. 1996) (same as above).  See also *Corcoran v. Ardra Ins. Co.* 842 F.3d 31 (2nd Cir.  1988)(holding that where a court has declined to exercise its supplemental jurisdiction a court has the authority to remand entire case, including undismissed federal claims, to state court); *Administaff Inc. v. Kaster*, 799 F. Supp. 685, 690 (D.C. Tex.  1992)(same as above).

---

[1] While at first glance this interpretation seems to conflict with some of the language in the statute, federal courts have found otherwise, especially when the statute is reviewed in light of its legislative history.  Prior to a December 1, 1990 amendment, 28 U.S.C. § 1441(c) formerly stated that the district court may "remand all matters **not otherwise within its original jurisdiction**." *See Judicial Improvements Act of 1990*, Pub. L. No. 101-650, Title III, §312, 104 Stat. 5089, 5114 (1990)(emphasis added).   Change in the relevant clause from "not otherwise within its original jurisdiction" to "all matters in which state law predominates" has been interpreted as empowering federal courts to remand entire cases, including a separate and independent federal claim, if state law is found to predominate. *See, e.g. Eastus*, 97 F.3d at 106; *Alexander v. Goldome Credit Corp.* 772 F. Supp. 1217, 1223-1224 (D.C. Ala.  1991)

Because State law issues which clearly predominate in Ms. Winters' claims should be remanded to State court, and because it would be inefficient to try her claims in two separate actions in two separate forums, this Court should remand the matter in its entirety.

### IV.   CONCLUSION

For all the forgoing reasons, plaintiff respectfully requests that this matter be remanded in whole, or at minimum that her State law claims be remanded to State court.

DATED: _____          ALASKA LEGAL SERVICES CORPORATION
                              Attorneys for Plaintiff
                              Helen Winters
                              through her power of attorney Carol Winters


                              s/26-fimov_____
                              ALASKA LEGAL SERVICES
                              1016 West 6th Avenue, Suite 200
                              Anchorage, Alaska 99501
                              PHONE: (907) 222-9431
                              FAX: (907) 279-7417
                              E-mail: nnelson@alsc-law.org
                              Alaska Bar No. 9906033