Donna M. Meyers
William E. Moseley
Delaney Wiles, Inc.
1007 W. 3rd Avenue, Suite 400
Anchorage, Alaska  99501
PHONE:  907-279-3581
FAX:  907-277-1331
dmm@delaneywiles.com
wem@delaneywiles.com

Attorneys for Defendant
Chugiak Senior Citizens, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| HELEN WINTERS, through her Power of Attorney Carol Winters, ) ) ) )  Plaintiff, ) ) v. ) ) CHUGIAK SENIOR CITIZENS, INC., ) ) Defendant. ) _____ ) | **OPPOSITION TO PLAINTIFF'S MOTION TO EXPEDITE MOTION TO REMAND TO STATE COURT**  Case No. 3:06-cv-00083-TMB |

Plaintiff's motion to expedite consideration of her motion to remand is frivolous and should be denied.  Plaintiff has failed completely to comply with the requirements of local Rule 7.2(c) in moving for expedited consideration.  Plaintiff failed to explain why shortened time is needed.  Furthermore, plaintiff's counsel made no efforts to work out the problem with defendant's counsel prior to filing the motion.

In fact, there is absolutely no basis to expedite consideration of plaintiff's motion to remand.  Plaintiff is not faced with any harm, irreparable or otherwise, if the motion to remand is not expedited.  The undersigned counsel conferred with plaintiff's counsel,

James Davis, at approximately 12:30 p.m. on April 19, 2006, and advised attorney Davis that defendant will agree to an extension of the temporary restraining order precluding the filing of an FED action as long as this case remains in federal court and until either the court enters summary judgment on plaintiff's discrimination or, if summary judgment is not entered, until a trial on the merits, provided the court orders the trial of the action on the merits to be advanced to occur within eight (8) months and consolidated with the hearing of plaintiff's application.  A confirming letter was faxed to attorney Davis at 2:04 p.m.[1]  Furthermore, had plaintiff otherwise requested an extension of the temporary restraining order until the court has had an opportunity to consider and rule on plaintiff's motion to remand in the normal course, defendant would have agreed to it.

There is absolutely no basis for plaintiff to move for expedited consideration, other than to unfairly prejudice defendant in responding to plaintiff's motion to remand.

Plaintiff's motion for expedited consideration should be denied for the foregoing reasons.

DATED at Anchorage, Alaska, this 19th day of April, 2006.

DELANEY WILES, INC.
Attorneys for Chugiak Senior Citizens, Inc.

s/Donna M. Meyers and William E. Moseley
Delaney Wiles, Inc.
1007 W. Third Avenue, Suite 400
Anchorage, Alaska  99501
Phone:  907-279-3581/Fax:  907-277-1331
E-mail:     dmm@delaneywiles.com
E-mail:     wem@delaneywiles.com

---

[1]   A copy of the April 19, 2006 letter is attached hereto as Ex. A.

Opposition to Plaintiff's Motion to Expedited
Motion to Remand to State Court
*Winters v. CSC/*Case No. 3:06-cv-00083-TMB

Page 2 of 3

**CERTIFICATE OF SERVICE**

I hereby certify that on the 19th day of April, 2006, a copy of **OPPOSITION TO PLAINTIFF'S MOTION TO EXPEDITE MOTION TO REMAND TO STATE COURT** was served electronically on:

Nikole Nelson
Alaska Legal Services Corporation
1016 West 6th Avenue, Suite 200
Anchorage, Alaska   99501

_____
s/Donna M. Meyers and William E. Moseley
116139

Opposition to Plaintiff's Motion to Expedited
Motion to Remand to State Court
*Winters v. CSC/*Case No. 3:06-cv-00083-TMB

Page 3 of 3