IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| HELEN WINTERS,<br>through her power of attorney<br>Carol Winters,<br><br>　　　Plaintiff,<br><br>vs.<br><br>CHUGIAK SENIOR CITIZENS, INC.,<br><br>　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. 3:06-cv-00083-TMB |

**SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND**

**Introductory Statement**

Plaintiff files this supplemental memorandum to further support the Motion to Remand which she filed with this Court on April 18, 2006.

**Relevant Background**

Plaintiff's complaint avers, *inter alia*, that defendant Chugiak Senior Citizens', Inc. violated Alaska's Assisted Living Homes Act, Alaska's Human Rights Act and Alaska's Uniform Landlord and Tenant Act. Plaintiff obtained a Temporary Restraining Order from the Alaska State Court whereby defendant was enjoined from filing a forcible entry and detainer (FED) action against her. Shortly thereafter defendant removed the case to this Court. Subsequent to the hearing before this Court on April 20, 2006, the defendant stipulated that it would not attempt to use an FED against plaintiff until and unless it first obtained summary judgment against her on

Counts II, V, VI and VII of her complaint. If and when this occurs, defendant considers itself free to use an FED action against plaintiff.

Plaintiff has asked this Court to remand this case in whole or in part pursuant to 28 U.S.C. §§ 1367 (c) and 1441(c). The predicate for plaintiff's motion is manifest: state law claims substantially predominate over the claims which this Court has original jurisdiction and plaintiff's state law claims present novel issues of state law. Because plaintiff's motion seeking such relief was filed on a very expedited basis, this Court allowed plaintiff to supplement her original memorandum. This is plaintiff's supplemental memorandum.

**Argument and Authorities**

In plaintiff's original Motion, plaintiff explained that this Court had the discretion to remand this entire matter or decline to exercise supplemental jurisdiction over the at-issue state claims if: a) the claims raise novel or complex issue of state law or; b) if the state law claims substantially predominate over the federal claims.

There is no dispute that both prongs of the above test are met here: state law issues clearly predominate (six of the plaintiff's nine counts concern alleged violations of state statutes or deal with common law causes of action grounded in state law) and this case raises the novel question of whether and when Alaska's eviction proceedings can be used to evict a resident of an assisted living facility.

In her original motion plaintiff cited various cases supporting a remand in such circumstances, *e.g. Quakenbush v. Allstate Ins. Co.,* 116 S. Ct. 746, 401 U.S. 37, 27 L.Ed.2d 1 (1996); *Golden Eagle Ins. Co. v. Travelers Co.*, 103 F.3d 750 (9th Cir. 1996).

Additional cases have followed suit. *Moore v. DeBaise*, (766 F. Supp. 1442

(N.D. Ala. 1991) is one such case. That case involved a nineteen-count complaint by a police officer against the Chief of Police and various other public officials. Plaintiff claimed, *inter alia*, that he had been the victim of retaliation by the defendants for his filing of a grievance. While the great majority of plaintiff's claims sounded in state law he did state two claims for relief under 42 U.S.C. 1983. The defendants removed the entire case to federal court and the plaintiff thereupon moved to have the matter remanded to state court. In considering plaintiff's request, the federal district court traced the legislative history of 1441(c) and found that "Congress, by granting the discretion to remand all matters in which state law predominates, intended to permit a district court to remand the entire case and not just the state law claims." *Id.* at 1319-20. The court noted that 16 of plaintiff's 19 counts were based purely on state law and that "even the Counts containing the federal law claims invoke state law." *Id.* at 1321. Because of the predominant involvement and implication of state law, and despite the fact that the case had been properly removed because there were federal claims at issue, the court remanded the entire case back to state court.

There is little or no analytical difference between *Moore* and the case *sub judice*. The heart of Ms. Winters' case, like the plaintiff's complaint in *Moore*, concerns questions of state laws. And, as in *Moore*, Ms. Winters' federal claims (*i.e.* alleged violations of the Americans with Disabilities Act, Section 504 of Rehabilitation Act of 1973, and the Fair Housing Act of 1988) invoke state law since they will require the deciding court to interpret and apply the Alaska Assisted Living Homes Act.

*Moore* does not stand alone. *Alexander v. Goldome Credit Corp*., (772 F. Supp. 1217 (M.D. Ala. 1991)) is also on point. In *Alexander,* plaintiffs alleged state law fraud

and breach of contract claims against all of the defendants, and also stated one count against the defendant credit card company for Truth in Lending Act violations. The defendants removed the case to federal court and the plaintiff sought remand. In considering plaintiff's request the court noted that state law claims clearly predominated. The court then considered the recent changes in to 28 USC 1441(c). The court acknowledged that in amending 1441(c) Congress had intended to restrict removal jurisdiction so to "allow a court to avoid piecemeal litigation and to properly limit those cases removed to federal court to those that truly present federal issues." *Id*. at 1225. The court found that the removal of the case with a "relatively insignificant federal claim when compared to the state law claims is a classic illustration of the 'tail wagging the dog.'" *Id.*

    The same logic applies here. There can be no real dispute as to whether the state or federal claims in this immediate action predominate; it is clearly the former. Allowing this case to remain in federal court will allow the tail to wag the dog and will unnecessarily federalize a lawsuit that, by and large, concerns issues of Alaska law. *See also*, *McKinney v. City of Grosse Pointe Park,* 72 F. Supp. 2d 788 (E.D. Mich. 1999)(remanding case in its entirety involving federal constitutional and civil rights claims against defendant Municipality finding that state tort law claims predominate); *Libertyville Community High School v. North Chicago Unit School Dist. 187,* 1993 U.S. Dist. LEXIS 8394 (N.D. Ill. June 22, 1993)(remanding case that involved claims made under both federal and state because matters of state law predominated and because the state law claims were "novel," unique," and far-reaching," and closely connected to state "public policy concerns, while the federal claim was clearly a secondary issue.");

*Neal v. Fairman*, 1992 U.S. Dist. LEXIS 18540 (N.D. Ill. December 2, 1992)(remanding entire case including a federal civil rights claim based on predominance of state law); *Moralez v. Meat Cutters Local 539*, 778 F. Supp. 368, 370 (E.D. Mich. 1991)(remanding case involving federal claim for breach of collective bargaining agreement); *cf. Harrison v. Texas*, 694 F. Supp. 226 (E.D. Tex. 1988)(remanding entire case appropriate where the principles of economy and fairness were far better served by remanding entire case rather than dismissing the predominating state law claims).

**CONCLUSION**

For all the forgoing reasons, plaintiff respectfully requests that her motion to remand be granted and that this case be returned to the Superior Court of Alaska.

DATED: _____        ALASKA LEGAL SERVICES CORPORATION
                                Attorneys for Plaintiff
                                Helen Winters
                                through her power of attorney Carol Winters


                                s/Nikole Nelson_____
                                ALASKA LEGAL SERVICES
                                1016 West 6th Avenue, Suite 200
                                Anchorage, Alaska 99501
                                PHONE: (907) 222-9431
                                FAX: (907) 279-7417
                                E-mail: nnelson@alsc-law.org
                                Alaska Bar No. 9906033

**CERTIFICATE OF SERVICE**

       I, Nikole Nelson, certify that on May 1, 2006 a copy of the foregoing document was served electronically on Donna Meyers, at Delaney, Wiles, Hayes, Gerety, Ellis & Young, Inc.

                                                 s/Nikole Nelson