Westlaw.

Slip Copy                                                                                                          Page 1
Slip Copy, 2006 WL 83058 (N.D.Cal.)
**(Cite as: Slip Copy)**

Only the Westlaw citation is currently available.
United States District Court, N.D. California.
LIVEOPS, INC., Plaintiff,
v.
TELEO, INC., Wendell Brown, et al., Defendants.
**No. C05-03773 MJJ.**

Jan. 9, 2006.

Marshall S. Brenner, Kevin W. Alexander, Richard P. Sybert, Gordon & Rees LLP, San Diego, CA, Jeffrey M. Ratinoff, Gordon & Rees LLP, San Francisco, CA, for Plaintiff.
Hojoon Hwang, Munger Tolles & Olson LLP, San Francisco, CA, Byron W. Cooper, Townsend, Townsend and Crew LLP, Palo Alto, CA, for Defendants.

ORDER DENYING DEFENDANTS' MOTION TO DISMISS

JENKINS, J.

INTRODUCTION

*1 Before the Court is Defendant Wendell Brown's ("Brown") Motion to Dismiss Claims 2-8 pursuant to Fed.R.Civ.P. 12(b)(1).[FN1] Defendant Teleo, Inc. ("Teleo") joins in Brown's motion.[FN2] The motion is opposed by LiveOps, Inc. ("Plaintiff", "LiveOps"). For the following reasons, the Court DENIES Defendants Brown and Teleo's ("Defendants") Motion to Dismiss.

FN1. Docket No. 19, Filed November 16, 2005.

FN2. Brown filed his motion to dismiss on November 18, 2005, and noticed a hearing for January 10, 2006. (Docket No 23). Teleo joined in Brown's motion to dismiss on December 12, 2005 (Docket No. 30). Teleo's "joinder" was not a true joinder in motion, as it contained additional substantive arguments beyond an intention to join Brown's motion. In that regard, Teleo's motion to join did not conform with the notice and timing requirements of Northern District Local Rule 7-2, which requires that such substantive motions be filed at least 35 days before the noticed hearing date. Therefore, to the extent that Teleo adopts Brown's moving papers, the Court permits Teleo's joinder in this motion. To the extent that Teleo seeks to raise substantive issues in its motion to join, the Court strikes the substantive portion of Teleo's joinder without prejudice to Teleo's refiling and properly noticing the motion pursuant to the local rules.

FACTUAL BACKGROUND

A. The Parties

Plaintiff LiveOps and Defendant Teleo both develop and sell services for the Voice over Internet Protocol ("VoIP") telephony market. Defendant Brown co-founded and was an employee of Callcast, Inc. ("Callcast"), another company involved in the VoIP sector. In June 2003, Callcast merged with LiveOps. As part of this transaction, LiveOps acquired Callcast's VoIP technology and intellectual property. The combined entity continued to conduct business under the name LiveOps.

In June 2003, as a condition of the merger, Brown agreed to end his employment with Callcast (the "Termination Agreement") and sell his common stock back to Callcast (the "Repurchase Agreement"). According to the Complaint, prior to the merger in February 2002, Brown had executed an

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Exhibit __G__
__1__ of __6__

Slip Copy                                                                                                         Page 2
Slip Copy, 2006 WL 83058 (N.D.Cal.)
**(Cite as: Slip Copy)**

agreement in which he had assigned any intellectual property rights acquired during his employment, to Callcast (the "Assignment Agreement"). In 2003, after leaving Callcast, Brown formed Teleo as a competitor to LiveOps in the VoIP sector.

B. The State Action

On June 10, 2005, Brown filed suit against LiveOps in the Superior Court of California in Santa Clara County (the "State Action").[FN3] In the state complaint, Brown alleges fraud, negligent misrepresentation, and recession on the part of LiveOps relating to the Repurchase Agreement and Brown's June 2003 sale of stock to Callcast. Essentially, Brown alleges that LiveOps and Callcast misrepresented the true value of the stock that Brown agreed to sell back to Callcast. Brown claims that, on the basis of these misrepresentations, he was induced to sell his stock below its true value. He is seeking compensation for the disparity between the value of the stock as sold, and its actual value. Brown brought the State Action in his individual capacity, and Teleo is not a party to that action.

FN3. Superior Court of California, County of Santa Clara, Case No. 105-CV042863

C. The Federal Action

On September 19, 2005, LiveOps filed the instant action against Teleo and Brown, alleging copyright infringement, unfair competition, misappropriation of trade secrets, conspiracy, conversion, breach of written contract, breach of implied covenant of good faith and fair dealing, and breach of fiduciary duty (the "Federal Action"). Here, LiveOps essentially alleges that Brown took LiveOps' intellectual property during his employment with Callcast, and after forming Teleo, incorporated LiveOps' intellectual property into Teleo's own products and services.

Brown filed the instant motion, seeking to dismiss all of LiveOps' state claims pursuant to Fed.R.Civ.P. 12(b)(1), arguing that this Court does not have subject matter jurisdiction over those claims.

LEGAL STANDARD

*2 A federal court must have jurisdiction over the subject matter of a suit in order for the action to proceed. *See* Fed.R.Civ.P. 12(b)(1). A motion to dismiss under Rule 12(b)(1) challenges the court's subject matter jurisdiction and the party seeking to invoke the jurisdiction of the federal court bears the burden of proof that federal jurisdiction exists. *Thornhill Publishing Co. v. General Telephone & Electronics Corp.,* 594 F.2d 730, 733 (9th Cir.1979). "Wherever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed.R.Civ.P. 12(h)(3).

The Federal Courts have "original jurisdiction over all civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. The Federal Courts have supplemental jurisdiction over state law claims if the claims are "so related" to the federal claims that they "form part of the same case or controversy." 28 U.S.C. § 1367.

ANALYSIS

A. The Nature of Defendants' 12(b)(1) Motion

The parties dispute whether Defendants' 12(b)(1) challenge to jurisdiction is facial or factual in nature. In a *facial* attack, the defendant contends that "the allegations of jurisdiction contained in the complaint are insufficient on their face to demonstrate the existence of jurisdiction." *Westlands v. NRDC,* 276 F.Supp.2d 1046, 1049 (E.D.Cal.2003). So, for example, a party invoking diversity jurisdiction who fails to allege the amount in controversy, would be subject to a facial attack.

In a *factual* attack, the defendant challenges the factual basis of the plaintiff's claim of jurisdiction by introducing extrinsic evidence which controverts facts forming the basis of the jurisdictional claim.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Exhibit  G
2 of 6

Slip Copy                                                                                      Page 3
Slip Copy, 2006 WL 83058 (N.D.Cal.)
**(Cite as: Slip Copy)**

For example, a defendant might introduce evidence casting doubt on the existence of complete diversity by presenting facts about a party's true state of citizenship.

The standards that courts apply in conducting their jurisdictional analysis vary according to the nature of the jurisdictional challenge. In a facial challenge, the Court is required to accept the plaintiff's allegations as true, and "the motion is granted only if the plaintiff fails to allege an element necessary for subject matter jurisdiction." *Id.* In a factual challenge, the court need not presume the truthfulness of the plaintiff's allegations, and may resolve factual issues in an evidentiary hearing. *White v. Lee,* 227 F.3d 1214, 1242 (9th Cir.2000). However, if resolving the matter based on declarations without an evidentiary hearing, the court presumes the truthfulness of the complaint allegations. *McLachlan v. Bell,* 261 F.3d 908, 909 (9th Cir.2001). The Court may look to matters of public record and may rely on affidavits and other evidence properly before the Court. *White,* at 1242.

Defendants' motion is a factual attack on jurisdiction. Defendants raise the following arguments: 1) that the Court does not have supplemental jurisdiction over Plaintiff's state law claims because they don't arise out of the same case or controversy; 2) that Plaintiff's state law claims substantially predominate over the federal claims; 3) and that reasons of comity and fairness concerning the instant suit and the State Action support the Court declining jurisdiction. None of these arguments allege a facial defect in Plaintiff's allegation of jurisdiction, and each requires the Court to consider external facts in conducting its analysis. Accordingly, Defendants' jurisdictional challenge is factual in nature, and the Court may look to extrinsic evidence properly before it in reaching its conclusion. *Id.*[FN4]

>   FN4. Plaintiff argues that the Court should treat this motion as a facial attack because the determination of supplemental jurisdiction is "ordinarily resolved on the pleadings." *New Rock Asset Partners, L.P. v. Preferred Entity Advancements, Inc.*
>   101 F.3d 1492, 1505 (3rd Cir.1996). However, in the instant case, Defendants have properly brought before the Court papers from the State Action in order to argue that Plaintiff's claims are not part of the same case or controversy. Therefore, the Court must resolve the issue outside the pleadings. Plaintiff's authority does not address Defendants' other arguments. In any event, the resolution of this motion does not turn on its characterization as factual or facial.

B. Supplemental Jurisdiction Under 28 U.S.C. § 1367

**\*3** Defendants argue that the Court does not have supplemental jurisdiction over Plaintiff's state law claims. Under 28 U.S.C. § 1367(a), a district court which has original jurisdiction over one claim also has supplemental jurisdiction "over all other claims that are so related ... that they form part of the same case or controversy ..." Plaintiff has asserted one federal claim, that of copyright infringement, and seven other claims based in California state law. Under 28 U.S.C. § 1338(a), federal courts have exclusive jurisdiction in actions arising out of the federal Copyright Act. 28 U.S.C. § 1338(a) (1999) ( "The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to ... copyrights ... Such jurisdiction shall be exclusive of the courts of the states in ... copyright cases"). Therefore, the task before the Court is to determine whether the seven state claims are so related to the copyright cause of action such that they are part of the same case or controversy. If they are so related, then supplemental jurisdiction has been established, and the Court "can decline to assert supplemental jurisdiction ... only if one of the four categories specifically enumerated in section 1367(c) applies." *Executive Software v. U.S. Dist. Court for Cent. Dist. of California,* 24 F.3d 1545, 1555-56 (9th Cir.1994).

Claims form part of the same case or controversy when they arise from "a common nucleus of operative facts" such that a plaintiff "would ordinarily be expected to try them all in a single

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Exhibit G
3 of 6

Slip Copy                                                                 Page 4
Slip Copy, 2006 WL 83058 (N.D.Cal.)
**(Cite as: Slip Copy)**

judicial proceeding." *Executive Software,* 24 F.3d at 1551 (quoting *United Mine Workers v. Gibbs,* 383 U.S. 715, 86 (1966)). Defendants argue that Plaintiff's seven state claims are not sufficiently related to the federal claim to merit supplemental jurisdiction. FN5 The Court disagrees. Plaintiff alleges in the copyright infringement claim that Brown misappropriated Plaintiff's intellectual property and subsequently incorporated that intellectual property into Teleo's products and services. Plaintiff's state claims arise from the same nucleus of facts surrounding this alleged misappropriation. These state claims are: unfair competition, conversion, misappropriation of trade secrets, breach of contract, breach of implied covenant of good faith and fair dealing, and breach of fiduciary duty (the "State Law Claims"). Each one of these claims revolves around the alleged unauthorized use of Plaintiff's proprietary information acquired during Brown's employment with Callcast. Despite Defendants' suggestion to the contrary, it is quite common for courts to see in the same proceeding, intellectual property infringement claims alongside state claims for unfair competition and misappropriation of trade secrets. *See, e.g., Qualcomm, Inc. v. Motorola, Inc.,* 989 F.Supp. 1048, (S.D.Cal.,1997); *Micro Intern. Ltd. v. Monolithic Power,* 399 F.Supp.2d 1064 (N.D.Cal.,2005); *Perfect 10, Inc. v. Cybernet Ventures, Inc.,* 213 F.Supp.2d 1146, (C.D.Cal., 2002). Accordingly, the Court finds that it has supplemental jurisdiction over Plaintiff's state law claims as they derive from the same nucleus of operative facts as Plaintiff's copyright claim.

FN5. Defendants argue that the resolution of Plaintiff's state law claims are dependent on the resolution of the Termination Agreement, which is at issue in the State Action. From this, Defendants conclude that Plaintiff's state claims are not related to the copyright claim. The Court is not persuaded by this logic. The interpretation of the Termination Agreement and the Stock Repurchase Agreement is merely a collateral issue in the instant case. In examining these agreements, the Court finds that they shed little light on the nexus between Plaintiff's state and federal claims.

C. Exercise of Discretionary Jurisdiction Under 28 U.S.C. § 1367

*4 Defendants next urge the Court to decline jurisdiction over the State Law Claims under 28 U.S.C. § 1367(c). Supplemental jurisdiction is discretionary, and courts may decline to exercise jurisdiction over supplemental state law claims "[d]epending on a host of factors ... including the circumstances of the particular case, the nature of the state law claims, the character of the governing state law, and the relationship between the state and federal claims." *City of Chicago v. International College of Surgeons,* 522 U.S. 156, 173, 118 S.Ct. 523, 139 L.Ed.2d 525 (1997). Pursuant to section 1367(c), a district court may decline to exercise jurisdiction over a state claim if, "(1) the claim raises a novel or complex issue of State law; (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c). Section 1367(c)'s categories provide the primary basis for a district court's discretion to decline supplemental jurisdiction. *Executive Software,* 24 F.3d at 1555-56. Having identified that a claim falls into a category, the exercise of discretion "is informed by whether remanding the pendent state claims comports with the underlying objective of most sensibly accommodating the values of economy, convenience, fairness, and comity." *Id.* at 1557 (internal citations and quotations omitted).

Defendants contend that Plaintiff's state claims substantially predominate over the federal claim. Defendants' primary argument is numerical-that Plaintiff has only one federal claim, and seven state claims. The Court is not persuaded. Plaintiff's copyright allegation is substantial and is clearly an integral part of any action concerning misappropriation or unauthorized use of Plaintiff's intellectual property. The mere fact that a plaintiff's state claims outnumber his federal claims, without more, is insufficient to satisfy the "substantially

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Exhibit G
4 of 6

Slip Copy                                                                                         Page 5
Slip Copy, 2006 WL 83058 (N.D.Cal.)
**(Cite as: Slip Copy)**

predominate" standard. *Borough of West Mifflin v. Lancaster*, 45 F.3d 780, 790 (3rd Cir.1995). Economy and convenience would be poorly served by severing the state law claims solely on this basis. FN6

> FN6. Defendants' reliance on *Grauberger v. St. Francis Hospital*, 169 F.Supp.2d 1172 (N.D.Cal.2001) is misplaced. Unlike *Grauberger* where the lone federal claim was dismissed, here, Plaintiff's federal copyright claim stands.

Finally, Defendants argue that this case presents exceptional circumstances with compelling reasons for declining jurisdiction. "By providing that an exercise of discretion under subsection 1367(c)(4) ought to be made only in 'exceptional circumstances', Congress has sounded a note of caution that the bases for declining jurisdiction should be extended beyond the circumstances identified in subsections (c)(1)-(3) only if the circumstances are *quite unusual.* In short ... ' exceptional circumstances' requires an additional inquiry." *Executive Software,* 24 F.3d at 1558 (emphasis added). Defendants have failed to identify any exceptional or unusual circumstances which would form the basis of the Court's inquiry. Defendants point to the State Action, which Defendants claim is substantially related to the instant action. As an initial matter, the Court does not see how these two actions are substantially related. The State Action concerns alleged fraud in the sale of Brown's Callcast stock. The instant action involves the alleged misappropriation of LiveOps intellectual property. These two actions are related only in the loosest sense.FN7 The Court does not find that the existence of another loosely related action in state court presents an "exceptional circumstance" within the meaning of 1367(c)(4), nor does the Court find that the interests of " economy, convenience, fairness, and comity" will be served by declining supplemental jurisdiction over Plaintiff's claims. *Id.* at 1557.

> FN7. Defendants claim that the resolution of the issues in the State Action will nullify Plaintiff's federal case. The Court does not agree. The instant action involves federal claims of copyright and state tort claims that are completely independent of the tort and contractual issues in the State Action. The Court is not persuaded that, as Defendants' argue, the nullification of the Technology Transfer agreement would moot Plaintiff's claims in the instant case. Plaintiff's causes of action would survive such a nullification. While the Termination Agreement is at issue in both cases, LiveOps' claim in the instant case involves Paragraph *13* of that agreement, which concerns Brown's return of intellectual property upon the completion of his employment, whereas LiveOps' counterclaim in the State Action involves Paragraph *3* of the Termination Agreement, which concerns loans and financial arrangements between Callcast and Brown upon the completion of his employment. These are completely separate issues.

**\*5** In the alternative, Defendants have requested that the Court stay Plaintiff's action pending the resolution of the State Action. The Court declines to do so. Defendants have failed to cite any authority, nor have they provided any substantive argument as to why the Court should stay the instant action. In light of the finding that the State Action is only tangentially related to the instant action, issuance of a stay would be inappropriate. FN8

> FN8. The Court DENIES Plaintiff's Motion to Strike Plaintiff's Reply Brief as moot. (Docket No. 50).

CONCLUSION

For the foregoing reasons, the Court DENIES Defendants' Motion to Dismiss Claims 2-8.FN9

> FN9. Docket No. 19.

IT IS SO ORDERED.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Exhibit G
5 of 6

Slip Copy  
Slip Copy, 2006 WL 83058 (N.D.Cal.)  
**(Cite as: Slip Copy)**

Page 6

N.D.Cal.,2006.  
LiveOps, Inc. v. Teleo, Inc.  
Slip Copy, 2006 WL 83058 (N.D.Cal.)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Exhibit G  
6 of 6