IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

HELEN WINTERS, )
through her power of attorney )
Carol Winters, )
                                      )
        Plaintiff, )
                                      )
vs. )
                                      )
CHUGIAK SENIOR CITIZENS, INC., )
                                      )   Case No. 3:06-cv-00083-TMB
        Defendant. )
                                      )

**REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION TO REMAND**

**I.      Introduction**

Defendant apparently believes that if it focuses on various "facts," supported by nothing except a self-serving affidavit from its Executive Director who, at all relevant points in time had no first-hand knowledge of many of the actual facts in this case[1], it has a better chance of defeating plaintiff's motion for remand. But defendant's focus on the "facts," and its implicit appeal to notions of equity, find no support in the case law.[2]

---

[1] For example, defendant's Executive Director goes on at some length about how abusive 90 year old Helen Winters is and how accommodating the defendant has been. *Affidavit of Linda Hendrickson* at paras. 5 – 6. There is absolutely no reason to think, however, that the defendant's Executive Director personally witnessed any of the alleged abuse (since it all allegedly took place inside of Ms. Winter's private apartment and all occurred vis à vis defendant's service employees, not its Executive Director). Thus, there is no reason to think that there is any foundation for any of the evidence in the Henrickson Affidavit as to these "facts."

[2] And, since no reported case applying 1441(c) or 1367(c) have focused on the "facts" as to a party's alleged inequity, plaintiff will defer any response to defendant's foundationless recitation of the purported "facts" in this case.

Defendant also apparently believes that if it insists that the case law supporting plaintiff's motion has all been "overruled," that, too, might come to pass.  But, again, defendant's understanding and summation of the case law vis à vis the germane issues before this Court is just wrong.  As detailed below, the cases underpinning plaintiff's motion have not been overruled and the leading cases on the relevant issues squarely support plaintiff's motion.

Defendant's misdirection seems to have one primary goal: to take the focus away from the key questions at hand, i.e., do State law issues predominate here and do some of the State law issues raise novel questions which Alaska's state courts should be entitled to first address?  The defendant nowhere squarely addresses these key questions.  As set forth below, State law issues do predominate here, there are novel issues of State law being raised here, and this Court should allow Alaska's state courts to first address these issues.

**II.    ARGUMENT**

**A.  State Law Issues Predominate Here.**

Nowhere in defendant's opposition does it deal with the following undisputed fact: six of the plaintiff's nine counts concern alleged violations of state statutes or deal with common law causes of action grounded in state law. And, nowhere in defendant's opposition does it deal with the following undisputed fact: no reported decision in Alaska has ever allowed Alaska's forcible entry and detainer ("FED") procedures to be used against residents of an assisted living facility.

Defendant does engage in circular reasoning, i.e., "because plaintiff is a tenant of CSC, the provisions of Alaska (sic) Uniform Residential Landlord and Tenant Act

2

Apply." Opposition at 9. But that proposition, of course, begs the central question before this Court, *viz,* can and should Alaska's FED procedures be used against residents of an assisted living facility?

Defendant would have this Court believe that this issue is an easy one and has long been resolved in Alaska. Opposition at 26 ("this case would be a run-of-the-mill landlord tenant dispute …"); Opposition at 2 ("[P]laintiff's lawsuit does not raise any novel or complex issues of state law.") But the truth is far different. In fact, the issues raised herein are complex ones in Alaska's jurisprudence and ones which the State's highest court has been wrestling with for some years. The clearest indications from the Alaska Supreme Court are that Alaska's FED procedures should not be used against residents of an assisted living facility. The most relevant case is *Kopanuk v. AVCP Regional Hous. Auth.,* 902 P.2d 813, 816 (Alaska 1995). That case involved the question of whether the State's regional housing authorities could use FED procedures against rural "mutual help" residents.[3] The Supreme Court rejected the federal government's arguments, and a long history of using FED actions in this precise context, and held that FED procedures could not be used against rural "mutual help" residents because "FED actions are unsuited for resolution of more complex inquiries …" *Id*. at 816.

The Supreme Court further clarified Alaska law vis à vis the use of FED proceedings in *Chilton-Wren v. Olds*, 1 P.3d 693, 698 (Alaska 2000). In that case the Court had to consider whether and to what extent a tenant could raise counter-claims in

---

[3] Historically, all of the regional housing authorities *did* use FED proceedings against rural "mutual help" residents. The Department of Housing and Urban Development explicitly endorsed this practice. In fact, there were even federal regulations on-point that expressly authorized using eviction proceedings against "mutual help" residents.

an FED proceeding and whether an FED proceeding should be afforded any collateral estoppel effect. In considering these issues the Court first cited *Kopanuk* for the proposition that FED were uniquely "swift and summary proceedings," unsuitable for complex issues. The Court went on to decide that FED proceedings were so truncated that they should not be afforded any kind of collateral estoppel effect. In reaching this decision the Court stated that "FED hearings exist to protect a landlord's right to possession and to prevent the use of self-help. They are designed to be uniquely expedited processes that ensure a fair hearing on the issue of possession. But they often lack many of the procedural aspects, such as the right to a jury, discovery, preparation time, and procedural continuances, that are needed for a "full and fair" trial on issues other than possession." *Chilton-Wren v. Olds*, 1 P.3d 693, 698 (Alaska 2000).

Contrary to defendant's intimations, no reported Alaska decision has countenanced the use of an FED action against a resident of an assisted living facility. And a reasonable reading of *Kopanuk* and *Chilton-Wren* would lead one to conclude that FED actions should *not* be used in such situations because they are "unsuited for resolution of more complex inquiries …" *Kopanuk*. at 816. (There can be no real dispute here that the legal relationship between residents of the Chugiak Senior Center and the Senior Center itself is a "complex" relationship.[4]) It is impossible to foresee how the Alaska Supreme Court will resolve this matter. But one certain thing is that this question is a novel, important and unresolved one in Alaska's jurisprudence.

B. 1441(c) Supports Plaintiff's Remand Request

The legislative history of 1441(c) and the majority of courts having addressed this issue have concluded that the 1990 amendments to 1441(c) permit the remand of an

---

[4] The contracts between the parties alone run for dozens of pages.

entire case where federal jurisdiction lies because of existence of a federal question. The Defendant asserts that the cases cited in support of plaintiff's Motion to Remand the case in its entirety have been overruled. This simply is not true. In fact, and contrary to the defendant's hyperbole, *none o*f the cases cited by the plaintiff have been overruled with respect to the issues for which they were cited.

For instance, CSC claims that *In Re: City of Mobile,* 75 F. 3d 605 (11th Cir. 1996) overruled *Alexander v. Goldome Credit Corp.,* 772 F. Supp. 1217, 1222-25 (M.D. Ala. 1991) and *Holland v. World Omni Leasing, Inc*., 764 F. Supp. 1442, 1443-44 (N.D. Ala. 1991). This is not accurate. The majority's opinion in *In Re: City of Mobile* (in which only 2 of the 3 judge panel joined) did not precisely address the 1441(c) remand issue that arose in *Alexander* and *Holland*, (the issue which the defendant asserts it overrules). 75 F. 3d. 605. Instead the majority found that it was not appropriate to remand the case via 1367(c) because it did not meet 1367(c) criteria. *Id.* at 607-608. The court then addressed whether a remand under 1441(c) was appropriate and found that it was not because the non-federal claims were not "separate and independent" from the federal issue. *Id.* at 608.

In an extremely well-reasoned opinion tracing the legislative history of the 1990 Amendments to 1441(c), Judge Birch dissented from the majority and explained that unless 1441(c) empowered a court to remand a federal question case in its entirety including related claims, the 1990 amendments would be meaningless. *Id*. at 611-12. Judge Birch pointed out that the majority's use of the "single wrong based on a common event or transaction" test from *American Fire and Casualty v. Finn*, 341 U.S. 6, 14, 95 L. Ed. 702 (1951) as a means of determining whether state claims were separate and

5

independent for the purposes of 1441(c) was inappropriate and would, similarly, render the 1990 Amendments meaningless. *Id.*

This "inappropriate" test is the one on which defendant relies extensively and exclusively to support its position that the plaintiff's supplemental claims are not separate and independent from her federal claims and thus not subject to remand. *Opposition* at p. 6. However, according to Judge Birch's sound analysis, "separate and independent claims" under 1441(c) are those over which a court could exercise supplemental jurisdiction under 1367(a). Here, no one contests that the plaintiff's state law claims fall within the court's supplement jurisdiction under 1367(a).

Judge Birch noted that the majority of courts having considered whether 1441(c) permits a remand of a federal question case in its entirety have reached the same conclusion. *Id*. at 612. Judge Birch's analysis was adopted by the Fifth Circuit, in *Eastus* v. *Blue Bell Creameries,* 97 F. 3d. 100, 106 (5th Cir. 1996). *See also, Reneau v. Oakwood Mobile Homes,* 952 F. Supp. 724, 727 (N.D. Ala. 1997).

The defendant correctly points out that the plaintiff did not cite to any Ninth Circuit cases on this issue. But that is because the Ninth Circuit has not come anywhere close to addressing the issue.[5] Indeed, the only court within the Ninth Circuit that counsel is aware of that has addressed the issued is the Arizona District Court in *Mincey*

---

[5] Again contrary to the defendant's assertion, *Brockman v. Merabank*, 40 F.3d 1013 (9th Cir. 1994) did not address this issue. The Ninth Circuit in Brockman held only that when a court has original jurisdiction over an entire case because the FDIC is a party to the suit, the court does not have discretion to remand any part of the case. *Id*. at 1016. The court specifically stated that 1367 was not applicable and that a remand under 1441(c) was not appropriate because the claims were not separate and independent. *Id.* Likewise,*Executive Software v. U.S. District Court for Central District of Cal.*, 24 F. 3d 1545, 1551 (9th Cir. 1994) does not resolve the issue presented to this Court. In E*xecutive Software*, the court found only that the lower court erred in remanding pendent state law claims without first articulating one of the bases in 1367(c).

6

v. *Staff Leasing,* 100 F. Supp. 2d 1050 (D. Ariz. 2000). Concededly, *Mincey* is at odds with Ms. Winters' position. However, it is important to note that the *Mincey* court's opinion is premised on a misreading of *In Re: City of Mobile* and *Reneau* and, in any event, is not binding on this Court. *Id*. at 1053.

The true state of affairs is that whether 1441(c) permits a court to remand a federal question case in its entirety if state law predominates is an open question in the Ninth Circuit. The most persuasive and well-reasoned opinions have found that 1441(c) permits just such an action. *Eastus* v. *Blue Bell Creameries, 97* F. 3d. 100, 106 (5th Cir. 1996); *Alexander v. Goldome Credit Corp.,* 772 F. Supp. 1217, 1222-25 (M.D. Ala. 1991) and *Holland v. World Omni Leasing, Inc*., 764 F. Supp. 1442, 1443-44 (N.D. Ala. 1991). *Moore v. DeBaise*, (766 F. Supp. 1442 (N.D. Ala. 1991); *McKinney v. City of Grosse Pointe Park,* 72 F. Supp. 2d 788 (E.D. Mich. 1999); *Libertyville Community High School v. North Chicago Unit School Dist. 187,* 1993 U.S. Dist. LEXIS 8394 (N.D. Ill. June 22, 1993); *Neal v. Fairman*, 1992 U.S. Dist. LEXIS 18540 (N.D. Ill. December 2, 1992); *Moralez v. Meat Cutters Local 539*, 778 F. Supp. 368, 370 (E.D. Mich. 1991).

### C.  1367 (c) Supports Plaintiff's Remand Request

Irrespective of whether this Court finds that 1441(c) permits a remand of this case in its entirety, 1367(c) certainly supports a remand of the state law issues in this case because Ms. Winters' state law claims predominate and Ms. Winter's case presents a state law issue of first impression that is of considerable magnitude to the development of Alaska's jurisprudence.

Under 1367(c) a court can decline to exercise supplemental jurisdiction over related state law claims if state law claims predominate or if the state law claims present

novel or complex issues of state law. As stated above, this case presents both issues. Six of the plaintiff's nine counts concern alleged violations of state statutes or deal with common law causes of action grounded in state law and this case raises the novel question of whether and when Alaska's eviction proceedings can be used to evict a resident of an assisted living facility. Similarly, the plaintiff's federal claims (*i.e.* alleged violations of the Americans with Disabilities Act, Section 504 of Rehabilitation Act of 1973, and the Fair Housing Act of 1988) invoke state law since they will require the deciding court to interpret and apply the Alaska Assisted Living Homes Act.

**CONCLUSION**

This Court should interpret 1441(c) as empowering the Court to remand the present case in its entirety because state law issues predominate, alternatively the Court should remand only the state law claims because the state law issues predominate and this case presents novel issues of state law.

DATED: _____        ALASKA LEGAL SERVICES CORPORATION
                          Attorneys for Plaintiff
                          Helen Winters
                          through her power of attorney Carol Winters


                          s/Nikole Nelson_____
                          ALASKA LEGAL SERVICES
                          1016 West 6th Avenue, Suite 200
                          Anchorage, Alaska 99501
                          PHONE: (907) 222-9431
                          FAX: (907) 279-7417
                          E-mail: nnelson@alsc-law.org
                          Alaska Bar No. 9906033

I, Nikole Nelson, certify that on May 24, 2006 a copy of the foregoing document was served electronically on Donna Meyers, at Delaney, Wiles, Hayes, Gerety, Ellis & Young, Inc.

s/Nikole Nelson