Donna M. Meyers
William E. Moseley
Delaney Wiles, Inc.
1007 W. 3rd Avenue, Suite 400
Anchorage, Alaska  99501
PHONE: 907-279-3581
FAX:  907-277-1331
dmm@delaneywiles.com
wem@delaneywiles.com

Attorneys for Defendant
Chugiak Senior Citizens, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| HELEN WINTERS, through her Power of Attorney Carol Winters,<br><br>      Plaintiff,<br><br> v.<br><br>CHUGIAK SENIOR CITIZENS, INC.,<br><br>      Defendant.<br>_____ | <br><br><br><br><br><br><br><br><br><br><br>Case No. 3:06-cv-00083-TMB |

**ANSWER TO AMENDED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND FOR DAMAGES**

Defendant Chugiak Senior Citizens, Inc., by and through counsel of record, Delaney Wiles, Inc. and hereby answers plaintiff's amended complaint as follows:

**INTRODUCTION**

1. The allegations contained in ¶ 1 are statements of law and no answer is required.

## PARTIES

2.  Defendant admits plaintiff Helen Winters is a 90-year old resident of Chugiak, Alaska, and her adult daughter, Carol Winters, is plaintiff's power of attorney. Defendant lacks sufficient knowledge and information to form a belief as to the truth or falsity of the remaining allegations contained in ¶ 2 and, therefore they are denied.

3.  Admitted.

## JURISDICTION AND VENUE

4.  The allegations contained in ¶ 4 are statements of law to which no answer is required. To the extent an answer is required to the allegations contained in ¶ 4, defendant asserts this action has been removed to the U.S. District Court for the District of Alaska, and admits plaintiff has asserted the causes of action listed in ¶ 4. Any remaining allegations in ¶ 4 are denied.

5.  Defendant admits venue is proper in Anchorage, Alaska. Any remaining allegations in ¶ 5 are denied.

## BACKGROUND

6.  Defendant admits plaintiff is a 90-year old woman who has been diagnosed with a number of maladies, including hearing loss, severe knee pain, spinal osteoporosis, a history of blood clots, a history of two falls within the last two years resulting in a broken shoulder from the second fall, chemical sensitivity, and an anxiety disorder. Defendant further admits the conditions listed in the preceding sentence were disclosed to defendant on or about the time of plaintiff's admission to the Chugiak Senior Center ("CSC") in September 2004. Any remaining allegations in ¶ 6 are denied.

7. Defendant admits plaintiff retains some independence of both her mind and body given her age. Defendant lacks sufficient knowledge and information to form a belief as to the truth or falsity of the remaining allegations contained in ¶ 7 regarding plaintiff's activities in the year 2000, and therefore those allegations are denied. The remaining allegations in ¶ 7 are denied.

8. Defendant admits that as of September 2004, plaintiff has been a participant in the State of Alaska's Medicaid CHOICE Waiver Program, and further admits that the program is designed to allow its participants requiring assistance with activities of daily living (ADL) to remain in their own homes and communities through financial assistance. Defendant further admits Kathy Huskey has been plaintiff's Care Coordinator since plaintiff's admission to CSC in September 2004. Defendant lacks sufficient knowledge and information to form a belief as to the truth or falsity of the remaining allegations contained in ¶ 8, and therefore those remaining allegations are denied.

9. Defendant admits it was informed in September 2004 that plaintiff suffered a fall in her home which caused a fracture to her right arm and damage to her rotator cuff, and required hospitalization. Defendant lacks sufficient knowledge and information to form a belief as to the truth or falsity of the remaining allegations contained in ¶ 9, and therefore those remaining allegations are denied.

10. Defendant admits plaintiff applied to CSC's assisted living program in September 2004. As to the remaining allegations in ¶ 10, defendant lacks sufficient knowledge and information to form a belief as to the truth or falsity of the allegations contained in ¶ 10, and therefore those remaining allegations are denied.

Answer To Amended Complaint For Injunctive
And Declaratory Relief And For Damages
Winters v. Chugiak Senior Citizens/Case No. 3:06-cv-00083 (TMB)

Page 3 of 12

11.   Defendant admits plaintiff and her daughter, Carol Winters, disclosed some information about plaintiff's medical history and conditions at or near the time of plaintiff's application to CSC, and plaintiff signed several releases to allow CSC to obtain her medical records.  Defendant further admits that it conducted a pre-screening assessment before accepting her as a resident, and it admitted plaintiff to CSC's assisted living program on a provisional basis on or about September 20, 2004.  The remaining allegations in ¶ 11 of plaintiff's complaint are denied.

12.   Defendant admits that upon plaintiff's admission into CSC, plaintiff signed the following documents that were drafted by or for defendant:  a Lease Agreement, a Resident Service Contract, and Plan of Care Contract.  Defendant further admits the Lease Agreement stated the lease would be governed by Alaska's Uniform Residential Landlord Tenant Act.  Defendant further admits the Plan of Care Contract described the services defendant would provide to plaintiff, which included, among other things, assistance with activities of daily living, self-care and medication management.  The remaining allegations in ¶ 12 are denied.

13.   Defendants admits plaintiff and/or her daughter, Carol Winters, have made certain allegations about plaintiff's care at CSC, including the allegations listed in ¶ 13, but defendant expressly denies the allegations or complaints lodged by plaintiff and/or her daughter.  Defendant also denies it ignored the complaints or allegations, whitewashed them, or unjustly blamed the plaintiff for problems she was encountering.  Any remaining allegations in ¶ 13 are denied.

14.   Defendant lacks sufficient knowledge and information to form a belief as to the truth or falsity of the allegations contained in ¶ 14 concerning plaintiff's information

and belief, and therefore, those allegations are denied. The remaining allegations in ¶ 14 are denied.

16. Defendant lacks sufficient knowledge and information to form a belief as to the truth or falsity of the allegations contained in ¶ 15 concerning why plaintiff and her daughter contacted Alaska's Long Term Care Ombudsman ("LTCO"), and therefore, those allegations are denied. The remaining allegations in ¶ 15 are denied.

16. Defendant admits that there has been at least one meeting with plaintiff, her daughter, the Ombudsman, plaintiff's Care Coordinator and some of the staff at CSC. In response to the remaining allegations in ¶ 16, defendant lacks sufficient knowledge and belief to form a belief as to the truth or falsity of the allegations contained in ¶ 16 concerning the activities of the LTCO because the LTCO has refused to provide CSC with any formal complaint filed by or on behalf of plaintiff. Any remaining allegations in ¶ 16 of plaintiff's complaint are denied.

17. Defendant admits CSC served plaintiff on January 5, 2006 with a letter terminating her Residential Services Contract and Lease Agreement with CSC, and a true and correct copy of the letter is attached to plaintiff's amended complaint as Exhibit 1. The content of the letter speaks for itself, but defendant admits there were several reasons why CSC notified plaintiff her Residential Services Contract and Lease Agreement were being terminated. The remaining allegations in ¶ 17 are denied.

18. Defendant admits the LTCO sent defendant a letter stating it was a formal request that defendant withdraw the Notice of Eviction or agree to a 90-day stay. Defendant further admits it declined to withdraw the Notice of Eviction, but agreed to a 30-day stay to allow plaintiff to find "alternative" housing, and informed plaintiff that it

would consider a longer stay provided plaintiff could produce sufficient information that good faith efforts were being made to find "alternative" housing. Any remaining allegations in ¶ 18 are denied.

19. Defendant lacks sufficient knowledge and information to form a belief as to the truth or falsity of the allegations contained in ¶ 19 concerning whether plaintiff can find "equivalent 'alternative' housing" or whether plaintiff's Care Coordinator filed any report of harm with Adult Protective Services and therefore the allegations are denied. Defendant further denies that "plaintiff's conditions are such that forcing her to move will harm her." Defendant admits plaintiff's Care Coordinator (Kathy Huskey), the LTCO (Bob Dreyer), and her daughter (Carol Winters) have expressed a belief that it would be detrimental to plaintiff's emotional and physical health to require her to move. Defendant lacks sufficient knowledge and information to form a belief as to the truth or falsity of the allegations contained in ¶ 19 concerning the belief of Michael Jones, MD, as plaintiff's daughter, Carol Winters, has refused to allow CSC to contact Dr. Jones regarding the matter. Any remaining allegations contained in ¶ 19 are denied.

20. Defendant lacks sufficient knowledge and information to form a belief as to the truth or falsity of the allegations contained in ¶ 20 concerning plaintiff's beliefs, and, therefore, the allegations are denied. In response to the allegations concerning CSC's reasons for evicting plaintiff and terminating her Resident Services Contract and Lease Agreement, CSC denies those allegations. Moreover, CSC denies it has any pattern and practice of evicting or threatening CSC residents with eviction. Any remaining allegations in ¶ 20 of plaintiff's complaint are denied.

Answer To Amended Complaint For Injunctive
And Declaratory Relief And For Damages
Winters v. Chugiak Senior Citizens/Case No. 3:06-cv-00083 (TMB)

Page 6 of 12

21. Defendant admits plaintiff's Notice of Eviction from the Assisted Living Program has not been retracted. The remaining allegations in ¶ 21 of plaintiff's complaint are denied.

22. Defendant denies it has accepted any "rent" paid by plaintiff or on behalf of plaintiff following the termination of the effective date of plaintiff's termination which was extended by 30-days until March 5, 2006. The remaining allegations in ¶ 22 are denied.

### COUNT I – VIOLATION OF THE ASSISTED LIVING HOMES ACT

23. Defendant realleges and incorporates herein its responses in ¶¶ 1-22, above.

24. Defendant denies the allegations contained in ¶ 24 of plaintiff's complaint, including the subparagraphs (a) through (d) to the extent that those subparagraphs allege a violation of the Alaska Assisted Living Homes Act (AS 47.33.005 – AS 47.33.990).

### COUNT II – VIOLATION OF THE ALASKA HUMAN RIGHTS ACT

25. Defendant realleges and incorporates herein its responses in ¶¶ 1-24, above.

26. Defendant denies the allegations contained in ¶ 26 of plaintiff's complaint.

### COUNT III – VIOLATION OF ALASKA'S UNIFORM RESIDENTIAL LANDLORD TENANT ACT

27. Defendant realleges and incorporates herein its responses in ¶¶ 1-26, above.

28. Admitted.

29. Defendant denies the allegations contained in ¶ 29 of plaintiff's amended complaint.

### COUNT IV – BREACH OF CONTRACT

30. Defendant realleges and incorporates herein its responses in ¶¶ 1-29, above.

31. Defendant admits it and plaintiff entered into a Lease Agreement, a Resident Service Contract and a Plan of Care Contract. Defendant further admits the Resident Service Contract is governed by the Alaska Assisted Living Homes Act, and the Lease Agreement states it is governed by Alaska's Uniform Residential Landlord Tenant Act. Any remaining allegations in ¶ 31 are denied.

32. The allegations in ¶ 32 are denied.

### COUNT V – VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

33. Defendant realleges and incorporates herein its responses in ¶¶ 1-32, above.

34. The allegations in ¶ 34 are denied, including subparagraphs (a) – (c) to the extent they allege a violation of the ADA.

### COUNT VI – VIOLATION OF § 504 OF THE REHABILITATION ACT OF 1973

35. Defendant realleges and incorporates herein its responses in ¶¶ 1-34, above.

36. The allegations in ¶ 36 are denied, including subparagraphs (a) – (c).

### COUNT VII – VIOLATION OF THE FAIR HOUSING ACT OF 1988

37. Defendant realleges and incorporates herein its responses in ¶¶ 1-36, above.

38. The allegations in ¶ 38 are denied, including subparagraphs (a) – (c).

## COUNT VIII – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

39. Defendant realleges and incorporates herein its responses in ¶¶ 1-38, above.

40. Defendant denies the allegations contained in ¶ 40 of plaintiff's amended complaint.

## COUNT XI – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

41. Defendant realleges and incorporates herein its responses in ¶¶ 1-40, above.

42. Defendant denies the allegations contained in ¶ 42 of plaintiff's complaint.

43. Defendant denies the allegations contained in ¶ 43 of plaintiff's complaint.

## AFFIRMATIVE DEFENSES

1. Plaintiff's allegations in whole or in part fail to state a claim for which relief can be granted.

2. Defendant is entitled to terminate plaintiff's month-to-month tenancy and evict plaintiff via a forcible entry and detainer action pursuant to the provisions of her Lease Agreement, Resident Services Contract and AS 47.33.060, AS 47.33.130, AS 34.03.120(a)(6), AS 34.03.220, AS 34.03.290, AS 34.03.090(a) and the provisions of AS 09.45.060-.160.

3. Plaintiff's injury or damages, if any, were caused or contributed to by her own negligence.

4. The damages, if any, suffered by plaintiff are due to the conduct of other parties over whom defendant had no responsibility or duty to control.

5.  To the extent plaintiff's injuries or damages were caused by an independent and/or intervening or superseding negligent act or conduct on the part of plaintiff or third persons, defendant would not be liable.

6.  Plaintiff's claims are barred in whole or in part by the doctrines of waiver and/or estoppel.

7.  The cap on non-economic damages set out in AS 09.17.010 applies to limit plaintiff's claims.

8.  Plaintiff had a duty under the law, to mitigate her damages, and any failure on her part to do so bars or limits recovery for damages in this suit.

9.  To the extent plaintiff has suffered any injury as alleged in the amended complaint, fault, if any, should be apportioned by the jury pursuant to Alaska law.

10. Plaintiff has failed to join indispensable parties.

11. Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

12. Plaintiff's claims are barred in whole or in part by plaintiff's and others' misrepresentation and/or fraud in inducing defendant to enter into the contracts relied upon in the complaint.

13. Plaintiff's contract claim is barred in whole or in part by failure of consideration.

14. Punitive damages are not recoverable.

15. Punitive damages are not recoverable for the causes of action alleged in the complaint, and are not recoverable against answering defendant based upon the facts and legal standard alleged in the complaint.

16.     Punitive damages are not recoverable against answering defendant because the applicable procedures and standards governing an award of punitive damages violates answering defendant's rights to procedural and substantive due process under the United States Constitution including, without limitation, Article I, § VIII, Amendment V; and Amendment XIV; and the Alaska Constitution including, without limitation, Article I, § VII; and Article I, § XII.

17.     Defendant reserves the right to add such additional and further affirmative defenses that discovery may reveal, as well as the filing of such cross-claims and third-party claims as may prove necessary.

WHEREFORE, having answered amended plaintiff's complaint, defendant requests judgment in this matter be entered in its favor as follows:

1.     Dismissal of plaintiff's amended complaint with prejudice;

2.     That plaintiff take nothing from answering defendant;

3.     An award to defendant for its costs and fees incurred in defending this matter; and

4.     For such other relief as the Court deems just and equitable under the circumstances.

DATED this 15th day of June, 2006, at Anchorage, Alaska.

DELANEY WILES, INC.
Attorneys for Chugiak Senior Citizens, Inc.

s/Donna M. Meyers and William E. Moseley
Delaney Wiles, Inc.
1007 W. Third Avenue, Suite 400
Anchorage, Alaska  99501
Phone:  907-279-3581/Fax:  907-277-1331
E-mail:     dmm@delaneywiles.com
E-mail:     wem@delaneywiles.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 15th
day of June, 2006, a copy of
**ANSWER TO AMENDED COMPLAINT
FOR INJUNCTIVE AND DECLARATORY
RELIEF AND FOR DAMAGES**
was served electronically on:

Nikole Nelson
Alaska Legal Services Corporation
1016 West 6th Avenue, Suite 200
Anchorage, Alaska   99501

_____
s/Donna M. Meyers and William E. Moseley
(116155)

Answer To Amended Complaint For Injunctive
And Declaratory Relief And For Damages
Winters v. Chugiak Senior Citizens/Case No. 3:06-cv-00083 (TMB)

Page 12 of 12