IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| HELEN WINTERS, through her Power of Attorney Carol Winters,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>CHUGIAK SENIOR CITIZENS, INC.,<br><br>　　　　Defendant. | Case No.  3:06-CV-83  TMB<br><br><br>O R D E R |

Plaintiff has filed a Motion to Remand this matter to state court.  Docket 8, Memorandum at Docket 9, Supplemental Memorandum at Docket 24.  Defendant has Opposed the Motion, and Plaintiff has Replied.  Docket nos. 25 &  28.  This matter is set for trial on December 4, 2006.

**Factual and Procedural Background**

Helen Winters was admitted to the Chugiak Senior Center, ("CSC"), on September 20, 2004. Docket 25, Exhibit A, p. 2.  On January 5, 2006, CSC served Helen Winters with a Notice of Eviction, indicating that 1) she posed an immediate threat to others, or may need mental health services to prevent harm to others; 2) the level of care she needs is no longer available at the facility; 3) she has engaged in a pattern of conduct that is harmful to the other residents or staff; 4) her behavior is a threat to the peace and safety of other residents or staff; 5) she had violated the terms of the Residential

1

Services Contract; and 6) she had violated written policies and procedures of the facility (House Rules).[1]  Docket 25 at 14.

The eviction notice gave Helen Winters until February 3, 2006, to move out.  Docket 25 at 15.  Defendant states that it subsequently offered Helen Winters additional time to move, provided she showed a good faith effort to find alternative housing.  Docket 25 at 15.  Defendant now complains that instead of demonstrating a good faith effort to find alternate housing, Plaintiff filed the instant lawsuit.  Docket 25 at 15.

Plaintiff filed this action in Superior Court for the State of Alaska, alleging that Defendant violated the Alaska Assisted Living Homes Act, the Alaska Human Rights Act, the Alaska Uniform Landlord and Tenant Act, the Americans with Disabilities Act, Section 504 of the Rehabilitation Act of 1973, and the Fair Housing Act of 1988.  Docket1, Exhibit C.   She also asserts claims for breach of contract, and intentional and negligent infliction of emotional distress.  Id.  Plaintiff believes she is being evicted in retaliation for her complaints regarding staff and her efforts to improve the quality of care to an appropriate level at CSC.  Docket 1, Exhibit C at 6.

On April 12, 2006, Plaintiff filed a Motion for a Temporary Restraining Order and Injunction in Alaska Superior Court, seeking to enjoin Defendant from filing a FED action as a means of removing her from the facility.  Docket 1, Exhibit D.  The TRO was granted, and Defendant immediately

---

[1] Specifically, Defendant complains that Helen Winters' pattern of behavior has included yelling and verbal abuse of staff and other residents, including striking a staff member.  Docket 25, Exhibit A, p. 3.  "Staff members have expressed such extreme frustration with Helen's outbursts, insults and extreme demands that some staff members have either quit or threatened to quit."  Id.  The Court notes that Helen Winters' Complaint paints an entirely different picture, alleging that CSC administered improper medications, breached confidentiality, interfered with the free exercise of religious believes, condoned rudeness and verbal abuse, etc.  Docket 1, Exhibit C.

removed the case to Federal District Court pursuant to 28 U.S.C. § 1331 based on 28 U.S.C. § 1441 (the existence of a federal question) and 28 U.S.C. § 1367(a) (supplemental jurisdiction). Docket1.

Plaintiff requests this Court remand the matter to state court because state law predominates, and Plaintiff's claims present novel issues of state law and state jurisdiction which are more appropriately addressed in state court. Alternatively, Ms. Winters moves this Court to decline jurisdiction of the claims that are predicated solely on state law. Docket 8. Plaintiff characterizes the central legal issue in this matter as whether Alaska's forcible entry and detainer ("FED") statutes can be used in the context of an assisted living facility. Docket 9.

Defendant opposes the motion, arguing that the Court has no discretion to remand the federal claims asserted. Docket 25.

## Discussion

Federal Courts have original jurisdiction over all civil actions arising under the laws of the United States. 28 U.S.C. § 1331. Furthermore:

> Whenever a <u>separate and independent claim</u> or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

28 U.S.C. 1441( c) (emphasis added). In addition, "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367. District courts may decline to exercise supplemental jurisdiction if: 1) the claim raises a novel or

complex issue of state law; 2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; 3) the district court has dismissed all claims over which it has original jurisdiction; or 4) in "exceptional circumstances." 28 U.S.C. § 1367( c).

Plaintiff requests that this Court decline to exercise supplemental jurisdiction over this matter pursuant to 28 U.S.C. 1367( c), arguing that the claims "raise novel or complex issues of state law." Docket 9 at 3. Plaintiff notes that six of the nine counts in her underlying Amended Complaint concern state statutes or state common law causes of action, and argues that the Court has discretion under 28 U.S.C. 1441 ( c) to remand the entire matter back to state court. Docket 9 at 4. "[W]here declaratory judgment actions seek resolution of previously unaddressed state court jurisdictional issues, those cases are best addressed by state courts." Docket 9 at 4. Plaintiff argues that § 1441 has been interpreted to allow the remand of an entire case (federal and state claims combined), rather than only the otherwise nonremovable claims in which state law predominates. Docket 9 at 5.

Defendant, in contrast, argues that this Court's jurisdiction over the federal claims is mandatory, rather than discretionary. Docket 25 at 17, citing Brockman v. Merabank, 40 F.3d 1013, 1017 (9th Cir. 1994). Furthermore, argues Defendant, the severing and remand of Plaintiff's related state law claims is not warranted under §§ 1367( c) or 1441( c), in part because remand of the state law claims would result in a duplicative trial in state court. Id. Defendant further asserts that Plaintiff's claims do not raise any novel or complex issues of state law. Docket 25 at 2. "[A]ll claims asserted share a common nucleus of operative fact. Adjudication of all the claims likely will require presentation of the same or similar evidence, testimony by the same witnesses, and determination of

4

the same or similar facts." Docket 25 at 2. Defendant suggests that all of the cases upon which Plaintiff relies have been overruled and/or expressly rejected by courts within the Ninth Circuit. Id.[2]

**Remand of Federal Claims**

Plaintiff's argument that the Court has discretion to remand this entire matter back to state court, (Docket 9 at 4), is without merit. This Court has original jurisdiction over the claims arising under the laws of the United States. 28 U.S.C. § 1331. "Like diversity jurisdiction, original jurisdiction is not discretionary." Brockman v. Merabank, 40 F.3d 1013, 1017 (9th Cir. 1994); See also In Re City of Mobile, 75 F.3d 605, 607-08 (11th Cir. 1996) ("Section 1367( c) cannot be fairly read as bestowing on district courts the discretion to remand to a state court a case that includes a properly removed federal claim. . . . While the district court in this case outlined ostensibly compelling reasons for remanding the entire case, we find no support for the district court's decision in section 1367( c), its legislative history, or relevant case law."). Accordingly, those claims in Plaintiff's Complaint arising from the Americans with Disabilities Act, Section 504 of the Rehabilitation Act of 1973, and the Fair Housing Act of 1988, cannot be remanded to state court.

**Remand of State Claims**

Plaintiff moves, in the alternative, that the state claims be remanded to state court pursuant to 28 U.S.C. § 1441( c) or 28 U.S.C. § 1367( c), even if the federal claims are not remanded. Although

---

[2] Defendant suggests that Golden Eagle was overruled by Government Employees Insurance Co. v. Dizol, 133 F.3d 1220 (9th Cir. 1998). Docket 25 at 31. Defendant further suggests that Goldome Credit and Moore both were overruled. Docket 25 at 33, citing Mincy v. Staff Leasing, LP, 100 F.Supp.2d 1050, 1055-56 (D.Ariz. 2000). Plaintiff disputes that the cases were overruled with respect to the issues presented here.

not controlling precedent, Mincy v. Staff Leasing, LP, 100 F.Supp.2d 1050 (D.Ariz 2000), extensively discusses Circuit opinions on this issue.

 **- Under § 1441**

Mincy also involved a motion to remand pursuant to 28 U.S.C. § 1441( c), where Plaintiffs argued that state claims predominated. Id., at 1051. The Mincy court noted that § 1441( c) does not apply "where both federal and state causes of action are asserted as a result of a single wrong based on a common event or transaction." 100 F.Supp.2d at 1055. Finding that "there is no allegation that the state claims are 'separate and independent,'" the Mincy court found that § 1441( c) did not apply. Id. See also In re City of Mobile, 75 F.3d 605, 608 (11th Cir. 1996)(holding that "[w]here both federal and state causes of actions are asserted as a result of a single wrong based on a common event or transaction, no separate and independent federal claim exists under section 1441( c).").

In this case, all of Plaintiff's claims arise from the same series of events at her assisted living home. See Docket 1, Exhibit C (Amended Complaint). The state claims are not "separate and independent." Accordingly, 28 U.S.C. § 1441( c) is inapplicable.

**- Under § 1367**

The Mincy court further found that "the exercise of supplemental jurisdiction by a district court [under § 1367] is <u>mandatory rather than discretionary</u>, absent reasons to decline jurisdiction, which are enumerated in § 1367( c)." Id., at 1052, (emphasis added), citing Executive Software v. U.S. Dist. Ct. for Central District of California, 24 F.3d 1545, 1551 (9th Cir. 1994) (holding that "[i]t is clear that, once it is determined that the assertion of supplemental jurisdiction is permissible . . . section 1367( c) provides the only valid basis upon which the district court may decline jurisdiction and remand pendent

claims."). Thus, concluded the <u>Mincy</u> court, "the only means to achieve remand of a claim, which otherwise qualifies as a supplemental claim under § 1367, is by the district court refusing to exercise jurisdiction under §1367( c)." 100 F.Supp.2d, at 1057.

In light of the foregoing authority, this Court must determine whether to decline to exercise supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367( c). Of the four provisions under § 1367( c), Plaintiff argues that remand is necessary under two provisions: 1) that the state claims raise novel or complex issue of state law; and 2) that the claims substantially predominate over the claim or claims over which the district court has original jurisdiction. Docket 28 at 2-4.

Plaintiff notes that six of Plaintiff's nine counts concern alleged violations of state statutes, or deal with common law causes of action grounded in state law. Docket 28 at 2. Plaintiff argues that the issue of whether Alaska's FED procedures can be used against residents of an assisted living facility is a matter that is undecided in Alaskan jurisprudence, and that the issue properly belongs in state court. <u>Id.</u>, at 3-4.

In contrast, Defendant argues that because the state and federal claims share a common nucleus of operative fact, the state claims do not "predominate" over the claims over which this Court has original jurisdiction. Docket 25, at 24-30. Defendant notes that three of Plaintiff's discrimination claims are federal claims, and the claim under the Alaska Human Rights Act will largely be decided by federal law, since the Alaska courts look to federal case law in interpreting and applying provisions of the Alaska Human Rights Act. Docket 25, at 26, <u>citing</u> <u>Wondzell v. Alaska Wood Products, Inc.</u>, 583 P.2d 860, 863 (Alaska 1978). Defendant disputes Plaintiff's position that the issue of whether Alaska's FED statutes can be used in the context of an assisted living facility is complex or a matter

7

of first impression. Docket 25, at 29. Nevertheless, Defendant notes that "in light of the stipulation entered into by the parties, defendant has agreed to forego an FED action as long as this case remains in federal court and until plaintiff's discrimination claims are dismissed." Id. Thus, argues Defendant, the FED issue need not be remanded at this juncture. Finally, Defendant argues that "[judicial] economy, convenience, and fairness favor retention of supplemental jurisdiction over the state law claims." Id., at 30.

The Court does not find that the state claims "substantially predominate" over the claims over which this Court has original jurisdiction. Nor does the Court find that the state claims raise "novel or complex issue of state law" sufficient to warrant declining supplemental jurisdiction over those claims. Although the issue of whether Alaska's FED procedures can be used against residents of an assisted living facility is a matter that may be undecided in Alaskan jurisprudence, the parties have stipulated that as long as this matter remains in federal court, Defendant will forego an FED action until Plaintiff's discrimination claims are dismissed. Accordingly, remanding for a state determination of whether FED procedures can be used in these circumstances would be a an unnecessary exercise at this juncture. The Court concludes that it would be a waste of judicial resources to remand the state claims to state court.

In light of the foregoing, Plaintiff's **Motion to Remand** at Docket 8 is **DENIED.**

Dated at Anchorage, Alaska, this 30th day of June, 2006.

/s/ Timothy Burgess
Timothy M. Burgess
United States District Judge