Donna M. Meyers
William E. Moseley
Delaney Wiles, Inc.
1007 W. 3rd Avenue, Suite 400
Anchorage, Alaska  99501
PHONE:  907-279-3581
FAX:  907-277-1331
dmm@delaneywiles.com
wem@delaneywiles.com

Attorneys for Defendant
Chugiak Senior Citizens, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| HELEN WINTERS, through her Power of Attorney Carol Winters, <br><br> Plaintiff, <br><br> v. <br><br> CHUGIAK SENIOR CITIZENS, INC., <br><br> Defendant. <br> _____ | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )   Case No. 3:06-cv-00083-TMB |

**MOTION TO COMPEL**

**I.    INTRODUCTION**

Defendant, Chugiak Senior Citizens, Inc. ("CSC"), by and through counsel of record, Delaney Wiles, Inc., files this motion to compel Plaintiff Helen Winters to completely respond to Interrogatory Nos. 5 and 7, and produce the information requested in Requests for Production Nos. 1, 2, 3, 4, and 6 contained in CSC's First Discovery Requests To Plaintiff.  For the reasons explained below, the Court should

grant CSC's motion and order Plaintiff to produce the requested information and completely answer CSC's interrogatories.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

The underlying factual and procedural background of this case was explained in detail in Defendant's Opposition to the Motion to Remand.  *See* Defendant's Opposition to Motion to Remand at 2-15.  In brief, and directly relevant to this motion, Plaintiff has asserted nine claims against CSC, all based upon and supported by the same factual allegations.  *See* Plaintiff's Am. Compl. at 1-13. Plaintiff has asserted claims for violation of the Assisted Living Homes Act, violation of the Alaska Human Rights Act, violation of Alaska's Uniform Residential Landlord Tenant Act, breach of contract, violation of the Americans with Disabilities Act, violation of § 504 of the Rehabilitation Act of 1973, violation of the Fair Housing Act of 1988, intentional infliction of emotional distress and negligent infliction of emotional distress.  *Id.*  Plaintiff seeks damages for pain and suffering, damages for mental anguish, and punitive damages.  *Id.*  In support of her claims, Plaintiff claims that she is disabled and has suffered physical, mental and emotional problems.  *Id.* at 9-11.

CSC has denied the allegations in Plaintiff's complaint.  *See generally* Answer at 1-12.  To assist CSC in investigating and defending against the claims made in Plaintiff's complaint and to determine the scope of Plaintiff's physical, mental and emotional problems, CSC sent Plaintiff its first set of discovery requests on June 29, 2006.  Exh.  A (CSC's First Discovery Requests To Plaintiff).  On

August 1, 2006, Plaintiff responded to CSC's first discovery requests.  Exh. B (Plaintiff's Response to Discovery Requests).  However, Plaintiff did not accurately and completely respond to Interrogatory Nos. 5 and 7, and Requests for Production Nos. 1, 2, 3, 4, and 6.  Exh. B at 1-14.  The underlying requests and answers are discussed in more detail below.

On August 2, 2006, counsel for CSC sent Plaintiff's counsel two letters explaining that Plaintiff's answers to Interrogatory Nos. 5 and 7, and Requests for Production Nos. 1, 2, 3, 4, and 6 were incomplete and deficient, and a motion to compel would be filed if the requested materials were not produced.  Exhs. C, D (CSC's Counsel's Letters to Plaintiff's Counsel).  Plaintiff has not amended or completed their answers to Interrogatory Nos. 5 and 7, nor have they produced the information requested in Requests for Production Nos. 1, 2, 3, 4, and 6.

## III.    ARGUMENT

### A.    CSC Has Made A Good Faith Attempt To Resolve This Matter Without Court Intervention

As explained above, CSC sent Plaintiff its first set of discovery requests on June 29, 2006.  Exh. A (CSC's First Discovery Requests To Plaintiff).  On August 1, 2006, Plaintiff responded to CSC's first discovery requests.  Exh. B (Plaintiff's Response to Discovery Requests).  However, Plaintiff did not accurately and completely respond to Interrogatory Nos. 5 and 7, and Requests for Production Nos. 1, 2, 3, 4, and 6.  Exh. B at 1-14.  Consequently, on August 2, 2006, counsel for CSC sent Plaintiff's counsel two letters explaining that Plaintiff's answers to

Interrogatory Nos. 5 and 7, and Requests for Production Nos. 1, 2, 3, 4, and 6 were incomplete and deficient, and a motion to compel would be filed if the requested materials were not produced.   Exhs. C, D (CSC's Counsel's Letters to Plaintiff's Counsel).   Plaintiff has not amended or completed their answers to Interrogatory Nos. 5 and 7, nor have they produced the information requested in Requests for Production Nos. 1, 2, 3, 4, and 6.   CSC has made a good faith attempt to resolve this issue without court intervention and has been unable to do so.   *See* Affidavit of Counsel (Eric Ringsmuth); Fed. R. Civ. P. 37(a)(2).

### B.    Plaintiff Must Fully Respond To CSC's Interrogatories Nos. 5 and 7

A party has a duty to accurately and completely respond to a discovery request. *See* Fed. R. Civ. P. 37(a)(3), (d).   A party who fails to provide information or provides evasive or incomplete responses to discovery requests has failed to properly discharge its duty.   *Id.*   Civil Rule 33 states: "Each interrogatory shall be answered separately and fully in writing under oath[.]"   Fed. R. Civi. P. 33(b)(1) (emphasis added).

In Interrogatory No. 5, CSC asked Plaintiff to provide the "name, address and telephone number of each and every health care provider seen or consulted by Helen Winters and state the reason for being seen by them."   Exh. A at 7.   Plaintiff provided the names of some of her health care providers and the reason she saw them, but then simply referenced the additional health care providers named in Plaintiff's Initial Disclosures and Preliminary Witness List.   Exh. B at 12. Similarly in Interrogatory No. 7, CSC asked:

> **INTERROGATORY NO. 7:**    With  respect  to
> each  witness  identified  in  the  preceding  interrogatory,

state the facts of which the listed witnesses have testimonial knowledge.

**RESPONSE:** Plaintiff objects to this interrogatory insofar as it seeks information protected by the attorney-client and/or work-product privileges.

Subject to and without waiver of the foregoing objections, and limiting her answer to data that plaintiff knows, (as compared to that of her attorneys), plaintiff refers to and incorporates herein her response to Interrogatory Number 6.[1]

Exh. B at 7-8.

Plaintiff has failed to accurately and completely respond to Interrogatory Nos. 5 and 7. Exhs. A, B. Specifically, Plaintiff failed to identify each and every health care provider seen or consulted by Helen Winters, the reason for being seen by them, and the facts on which the listed witnesses have testimonial knowledge. Exh. A at 7. While Plaintiff has listed certain medical providers in her response to Interrogatory Nos. 5 and 7, she incorporates additional providers that were mentioned in her initial disclosures and preliminary witness list. Exh. B at 9-12. However, in her initial disclosures and her preliminary witness list,[2] Plaintiff fails to list all of her medical providers, fails to state the reason for being seen by each particular medical provider and fails to state the facts on which the listed witnesses have testimonial knowledge. Exh. B at 9-12; Exh. E (Initial Disclosures) at 1-3. A party has a duty to accurately, completely, and fully respond to a discovery request, and Plaintiff has failed to accurately answer the interrogatories. *See* Fed. R. Civ. P. 33(b)(1); Fed. R. Civ. P.

---

[1]In Interrogatory No. 6, Plaintiff simply "refers to and incorporates herein her Preliminary Witness List." Exh. B at 13.

[2]Plaintiff did not file a preliminary witness list that was separate from her initial disclosures.

37(a)(3).   The Court should therefore grant CSC's motion and order Plaintiff to accurately and completely respond to CSC's Interrogatories Nos. 5 and 7.  Specifically, the Court should order Plaintiff to identify each and every health care provider seen or consulted by Helen Winters, the reason for being seen by them, and the facts on which the listed witnesses have testimonial knowledge.

### C.    Plaintiff Is Required To Respond To Requests For Production Nos. 1, 2, 3, 4, and 6

A party is required to produce  requested information and documents that "are in the *possession, custody or control* of the party upon whom the request is served."  Fed. R. Civ. P. 34(a) (emphasis added).   Federal Rule of Civil Procedure 26(b)(1) states:

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1).  For the reasons explained below, CSC requests the Court order Plaintiff to produce the information requested in CSC's Requests for Production Nos. 1, 2, 3, 4, and 6.   *See* Exh. A at 8-11; Exh. B at 13-14.

In Requests for Production Nos. 1, 2, 3, 4, and 6, CSC requested:

**REQUEST FOR PRODUCTION NO. 1:**  In reference to your assertion in ¶ 19 of the Complaint for Injunctive and Declaratory Relief and for Damages, please

*Winters v. CSC/*Case No. 3:06-cv-00083-TMB
**Defendant's Motion to Compel**

produce a copy of the "Report of Harm with Adult Protective Services" you claim the Care Coordinator, Kathy Huskey, filed with Adult Protective Services ("APS"), and complete copies of all APS files relating to the alleged report of harm that is either in your possession or in the possession of Adult Protective Services.

   **RESPONSE:**   Aside from the document(s) attached hereto as Exhibit 1, and limiting her answer to the data plaintiff has obtained (as compared to any work-product data that plaintiff's counsel has obtained for purposes of prosecuting this action) plaintiff does not have the requested data.

   **REQUEST FOR PRODUCTION NO. 2:**  In reference to your assertion in ¶ 24(c) on page 7 of the Complaint for Injunctive and Declaratory Relief and for Damages, please produce a copy of complaint you contend Ms. Winters filed or made to the Long Term Care Ombudsman.

   **RESPONSE:**  Limiting her answer to the data plaintiff has (as compared to any work-product data that plaintiff's counsel has obtained for purposes of prosecuting this action) plaintiff does not have the requested data.

   **REQUEST FOR PRODUCTION NO. 3:**  In reference to your assertion in ¶ 16 of the Complaint for Injunctive and Declaratory Relief and for Damages, please produce the entire investigative file of the Long Term Care Ombudsman regarding plaintiff's complaints, including but not limited to copies of all notes, interviews (whether written or electronically recorded), and all findings or conclusions by the Ombudsman's Office.

   **RESPONSE:**  Limiting her answer to the data plaintiff has (as compared to any work-product data that plaintiff's counsel has obtained for purposes of prosecuting this action) plaintiff does not have the requested data.

   **REQUEST FOR PRODUCTION NO. 4:**
   Please produce all medical records from health care providers you have identified in response to Interrogatory No. 5 above, including but not limited to, all lab or test results, x-rays, hospital records, nurses' charts, physicians' notes, reports or evaluations and all other documents or tangible items evidencing medical treatment.

**RESPONSE:** Aside from the document(s) already produced to defendant on July 6, 2006, and limiting her answer to the data plaintiff has obtained (as compared to any work-product data that plaintiff's counsel has obtained for purposes of prosecuting this action) plaintiff is currently preparing supplemental disclosures to be provided by August 1, 2006.

**REQUEST FOR PRODUCTION NO. 6:**
Please sign the enclosed releases for Helen Winters' medical records, social security records, and Medicare/Medicaid records.

**RESPONSE:** Plaintiff objects to this Request because it is not recognized by Rule 34. Rule 34 pertains to the production of documents and things. Not the signing of forms.

Plaintiff's also filed a supplemental disclosure on August 1, 2006, regarding certain medical records.

In regards to Requests for Production Nos. 1, 2, 3, and 4, it is not apparent that Plaintiff has produced all of the information that is in her care, custody and control. Exh. B at 13-14. Plaintiff simply states that she does not have the requested data. *See id.* It is not apparent from Plaintiff's response if Plaintiff has produced all of the information that is in her possession, custody, and control that is responsive to CSC's requests. *See id.* CSC therefore requests that Plaintiff produce all of the requested information and documents that are in her possession, custody and control pursuant to Civil Rule 34(a). Even if all the requested information are not within Plaintiff's immediate control, she should be required to take reasonable measures to obtain the information, especially the documentation Plaintiff claims contain information supporting her claims and causes of action. For example, Plaintiff asserts in her Complaint there are documents or information in the possession of the Division of Adult

Protective Services ("APS") concerning a report of harm filed on plaintiff's behalf.  *See* Plaintiff's Am. Complaint at ¶ 19.  Plaintiff also asserts the Office of the Long Term Care Ombudsman possesses information relevant to her claims.

Similarly, Plaintiff has failed to sign CSC's releases so that CSC may obtain, among other things, Plaintiff's underlying medical information.  Exh. A at 12-14. To reiterate, Plaintiff has filed this case and in support of her claims, Plaintiff states that she is disabled and has suffered physical, mental and emotional problems.  *See* Plaintiff's Am. Compl. at 1-13.  As Plaintiff has placed her physical, mental and emotional problems at issue in this case, CSC is entitled to obtain information regarding Plaintiff's physical, mental and emotional problems.  *See* Fed. R. Civ. P. 34(a); Fed. R. Civ. P. 26(b)(1).

Documents are within a parties' control if they can request or obtain them or authorize others to do so.  *See Hart v. Wolff*, 489 P.2d 114, 117 (Alaska 1971); 4 J. Moore, Federal Practice, § 34.17 at 34-96 to 34-101 (2d Ed. 1970). "While Rule 34 certainly has proper limits, the concept of 'control' should not be given a hypertechnical construction that will undermine the policy favoring liberal pretrial discovery."  *Hart*, 489 P.2d at 117; *see also Hickman v. Taylor*, 329 U.S. 495, 507 (1947).  Rule 34 "is sufficiently flexible to be adapted to the exigencies of particular litigation. The propriety of the use to which it is put depends upon the circumstances of a given case."  *Societe Internationale Pour Participations Industrielles Et Commerciales S.A. v. Rogers*, 357 U.S. 197, 206, (1958).  Thus, even where a party no longer has a direct physical control and possession of

documents, the party still retains control over the documents if the party has authority or influence over the documents release. *Hart*, 489 P.2d at 117. Contrary to Plaintiff's position, "actual possession of the requested documents is not required. A party may be ordered to produce a document in the possession of a non-party entity if that party has a legal right to obtain the document or has control over the entity who is in possession of the document." *See Soto v. City of Concord*, 162 F.R.D. 603, 619 (N.D. Cal. 1995). "The term 'control' includes the 'legal right of the producing party to obtain documents from other sources upon demand.'" *Id.* at 619.

Numerous courts have found that a party must provide authorization for a release. *See, e.g.*, *Preservation Products, LLC v. Nutraceutical Clinical Laboratories Intern., Inc.*, 214 F.R.D. 494, 485-96 (N.D. Ill. 2003) (concluding Civil Rule 34 required defendant to provide a written consent authorizing plaintiff to obtain records and documents); *Smith v. Logansport Community Sch. Corp.*, 139 F.R.D. 637, 649 (N.D. Ind. 1991) (ordering plaintiff to execute release); *Brown v. Eli Lilly & Co.*, 131 F.R.D. 176, 178 (D. Neb. 1988) (ordering plaintiff to execute release); *Fleming v. Gardner*, 84 F.R.D. 217, 218 (E.D. Tenn. 1979) ("The plaintiff may comply with this order by mailing to counsel for the defendants his written consent authorizing such hospital to release such records to counsel for the defendants for inspection and copying."); *Granberg v. Ashland County*, 90 F. Supp. 1005, 1011-12 (W.D. Wis. 1984) ("refusal to provide the requested authorization was frivolous"); *see also Eberhart v. Gettys*, 215 F. Supp. 2d 666, 682 (M.D.N.C. 2002) ("In the context of medical records, a release form for relevant medical records signed by

the patient often provides the requesting party with the same access that the patient himself may have to the records.").

  For example, in *Smith v. Logansport Community Sch. Corp.*, the court addressed a similar issue, where a plaintiff failed to provide the defendant with a release for her medical records, despite the plaintiff placing her medical condition at issue:

>   There is no question that by asserting a claim for emotional distress Ms. Smith has placed her mental and emotional condition in issue and that the defendants are entitled to records concerning any counseling she may have received. In this case, as in others where the mental or physical condition of a party has been placed in issue, the practice of obtaining written consents for the release of records represents the least expensive and most efficient means of procuring information from medical or counseling providers. Court orders directing providers to produce their records often prove unsatisfactory since they require the party seeking production to apply to the court each time the identity of an individual provider is discovered. Subpoenas duces tecum, which must be accompanied by witness fees and records deposition notices, can prove costly and may result in additional delay. And orders directing the parties themselves to procure and produce their records give no assurance that all pertinent documents will be provided. The court will, accordingly, issue an order directing Ms. Smith to produce executed consents authorizing the release of her counseling records to Mr. Nolte's attorney.

*Smith*, 139 F.R.D. at 649.

  Here, even if Plaintiff lacks direct physical possession of her medical records, she still posses "custody or control" over her medical records. The Court should apply the liberal discovery rules and prevent Plaintiff from preventing CSC from obtaining complete access to her medical records because she will not sign a release

*Winters v. CSC/*Case No. 3:06-cv-00083-TMB
**Defendant's Motion to Compel**          Page 11 of 13

authorizing CSC to obtain the records.  The Court should therefore grant CSC's motion to compel Plaintiff to sign a release and respond to CSC's Requests for Production Nos. 1, 2, 3, 4, and 6.

## IV.    CONCLUSION

For the reasons explained above, CSC requests the Court grant its motion to compel  and order  Plaintiff  to completely respond to Interrogatory Nos. 5 and 7, and produce the information requested in Requests for Production Nos. 1, 2, 3, 4, and 6 contained in CSC's First Discovery Requests To Plaintiff.

DATED at Anchorage, Alaska, this 15th day of August, 2006.

DELANEY WILES, INC.
Attorneys for Chugiak Senior Citizens, Inc.

s/Donna M. Meyers and William E. Moseley
Delaney Wiles, Inc.
1007 W. Third Avenue, Suite 400
Anchorage, Alaska  99501
Phone:      907-279-3581
Fax:          907-277-1331
E-mail:      dmm@delaneywiles.com
E-mail:      wem@delaneywiles.com
Alaska Bar Assoc. No. 9006011 (DMM)
Alaska Bar Assoc. No. 7811121 (WEM)

**CERTIFICATE OF SERVICE**

I hereby certify that on the 15th day
of August 2006, a copy of
Defendant's Motion to Compel
was served electronically on:

Nikole M. Nelson/Barbara Brink/Jim Davis, Jr.
Alaska Legal Services Corporation
1016 West 6th Avenue, Suite 200
Anchorage, AK  99501

s/Donna M. Meyers, and William E. Moseley
(120572)