Donna M. Meyers
William E. Moseley
Delaney Wiles, Inc.
1007 W. 3rd Avenue, Suite 400
Anchorage, Alaska 99501
PHONE: 907-279-3581
FAX: 907-277-1331
dmm@delaneywiles.com
wem@delaneywiles.com

Attorneys for Defendant
Chugiak Senior Citizens, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| HELEN WINTERS, through her Power of Attorney Carol Winters, ) ) ) Plaintiff, ) ) v. ) ) CHUGIAK SENIOR CITIZENS, INC., ) ) Defendant. ) | Case No. 3:06-cv-00083-TMB |

### AFFIDAVIT OF ERIC RINGSMUTH

STATE OF ALASKA       )
                      ) ss.
THIRD JUDICIAL DISTRICT )

Eric Ringsmuth, being first duly sworn, deposes and says as follows:

1.   My name is Eric Ringsmuth. I am an associate attorney in the law firm of Delaney Wiles, Inc., and I am assisting lead attorney Donna M. Meyers who is representing Chugiak Senior Citizens, Inc. ("CSC") in this case. I have first hand knowledge of the matters set forth herein.

2.    CSC sent Plaintiff its first set of discovery requests on June 29, 2006. On August 1, 2006, Plaintiff responded to CSC's first discovery requests. Plaintiff did not accurately and completely respond to Interrogatory Nos. 5 and 7, and Requests for Production Nos. 1, 2, 3, 4, and 6. Consequently, on August 2, 2006, counsel for CSC sent Plaintiff's counsel two letters explaining that Plaintiff's answers to Interrogatory Nos. 5 and 7, and Requests for Production Nos. 1, 2, 3, 4, and 6 were incomplete and deficient, and a motion to compel would be filed if the requested materials were not produced. Plaintiff has not amended or completed their answers to Interrogatory Nos. 5 and 7, nor have they produced the information requested in Requests for Production Nos. 1, 2, 3, 4, and 6. The parties disagree about whether Plaintiff's discovery responses are legally sufficient. Consequently, it is necessary for the Court to resolve this discovery dispute.

3.    Due to the rapidly approaching close of discovery, CSC requests the Court resolve this dispute by August 23, 2006, to ensure that CSC will have sufficient time to obtain the requested information before the close of discovery, if the Court grants CSC's motion.

4.    CSC will send a copy of this motion, as well as the motion to compel, by email to Plaintiff once it is filed.

5.    CSC has made a good faith attempt to resolve this issue without court intervention and has been unable to do so.

DELANEY WILES, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

Affidavit of Eric Ringsmuth
Winters v. Chugiak Senior Citizens, Inc./Case No. 3:06-cv-0083 (TMB)    Page 2 of 3

FURTHER YOUR AFFIANT SAYETH NAUGHT.

_____
Eric Ringsmuth

SUBSCRIBED AND SWORN TO before me this 15th day of August, 2006 at Anchorage, Alaska.

_____
Notary Public in and for Alaska
My commission expires: 2·6·08

**CERTIFICATE OF SERVICE**

I hereby certify that on the 15th day of August, 2006, a copy of **Affidavit of Eric Ringsmuth** was served electronically on:

Nikole Nelson/Barbara Brink/Jim Davis, Jr.
Alaska Legal Services Corporation
1016 West 6th Avenue, Suite 200
Anchorage, Alaska 99501

s/Donna M. Meyers and William E. Moseley
(120583)
DELANEY WILES, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

Affidavit of Eric Ringsmuth
Winters v. Chugiak Senior Citizens, Inc./Case No. 3:06-cv-0083 (TMB)                Page 3 of 3