Donna M. Meyers
Delaney Wiles, Inc.
1007 W. 3rd Avenue, Suite 400
Anchorage, Alaska 99501
PHONE: 907-279-3581
FAX: 907-277-1331
dmm@delaneywiles.com

Attorney for Defendant
Chugiak Senior Citizens, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

HELEN WINTERS, through her Power of Attorney Carol Winters, )
)
)
  Plaintiff, )
)
v. )
)
CHUGIAK SENIOR CITIZENS, INC., )
)
  Defendant. )
) Case No. 3:06-cv-00083-TMB

**CHUGIAK SENIOR CITIZENS, INC.'S FIRST SET OF DISCOVERY REQUESTS TO PLAINTIFF HELEN WINTERS**

Defendant, Chugiak Senior Citizens, Inc. ("CSC") by and through its legal counsel, Delaney Wiles, Inc., hereby submits its first discovery requests to plaintiff, Helen Winters.

**I.    REQUESTS FOR PRODUCTION**

Pursuant to Alaska R. Civ. P. 26 and 34, Defendant requests you produce and permit defendant or someone acting on its behalf to inspect and copy the following documents and things at the offices of Delaney Wiles, Inc., Suite 400, 1007 West Third Avenue, Anchorage, AK 99501, on or before the thirtieth day after service of these

DELANEY WILES, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

EXHIBIT A
Page 1 of 14

requests for production. If you object to a production request for privilege or for any other reason, you are required to state your objections and specify your reasons.

If you contend that you are entitled to withhold from production any or all documents identified herein on the basis of the attorney-client privilege, the work-product doctrine, or any other ground, then with respect to each and every document:

(a)   describe the nature of the document (e.g., letter or memorandum);

(b)   state the date the document was created;

(c)   identify the persons who sent and received the original and a copy of the document;

(d)   state the subject matter of the document;

(e)   state the basis upon which you contend you are entitled to withhold the document from production.

The words "you" or "your" refers to Helen Winters. The words "claim" or "claims" means all causes of action in your Complaint and Amended Complaint and all factual allegations supporting the causes of action.

## II.   DESCRIPTION OF ITEMS INCLUDED WITHIN REQUESTS

The word "document" whenever used herein includes any form of data compilation or graphic matter (e.g., written, printed, typed, drawn, punched, taped, filmed, recorded, photographed) which you or your counsel possess, control, or have custody of. This definition encompasses all copies, reproductions, or facsimiles of documents via whatever means made. If copies of documents are not identical, for whatever reason, including handwritten notations, date stamps, initials, or identification marks, each non-identical copy is a separate document within the meaning of this

ELANEY WILES, INC.
SUITE 400
007 WEST 3RD AVENUE
NCHORAGE, ALASKA
(907) 279-3581

CHUGIAK SENIOR CITIZENS, INC.'S FIRST SET OF DISCOVERY
REQUESTS TO PLAINTIFF HELEN WINTERS
Winters v. Chugiak Senior Citizens, Inc.
Page 2 of 11
Case No. 3:06-cv-00083-TMB
EXHIBIT A
Page 2 of 14

definition.

Without limiting the foregoing, "document" includes correspondence, telegrams, telexes, electronic mail, memoranda, reports, notes, drafts, minutes, contracts, agreements, books, records, vouchers, invoices, diaries, logs, calendar notes, computer print-outs or information stored on a computer hard drive or disc, ledgers, journal, notices, affidavits, court papers, minutes or records of conferences, meetings or telephone calls, brochures, receipts, drawings, charts, photographs, negatives, and tape recordings within your possession, or subject to your control.

### III.   ADMISSIONS AND INTERROGATORIES

In accordance with Alaska R. Civ. P. 36, you are requested to admit or deny the following requests for admissions on or before the thirtieth day after service of these requests for admissions. In accordance with Alaska R. Civ. P. 33, you are requested to answer under oath the following interrogatories on or before the thirtieth day after service of these interrogatories. In identifying any person in these responses please include their full name, their address, and their telephone number. In identifying any specific conversation, meeting or event, please identify the date in which the conversation, meeting or event occurred, the place it occurred, any witnesses to it, and describe with particularity the substance of the conversation, meeting or event.

### IV.   DUTY TO SUPPLEMENT YOUR RESPONSES

You are reminded that Alaska R. Civ. P. 26(e) imposes upon you an affirmative duty to supplement any of your responses to the following discovery requests in the event that you should subsequently discover that any of your responses are incorrect, incomplete, misleading, or no longer correct.

:LANEY WILES, INC.
SUITE 400
)07 WEST 3RD AVENUE
JCHORAGE, ALASKA
(907) 279-3581

CHUGIAK SENIOR CITIZENS, INC.'S FIRST SET OF DISCOVERY
REQUESTS TO PLAINTIFF HELEN WINTERS
Winters v. Chugiak Senior Citizens, Inc.

Page 3 of 11
Case No. 3:06-cv-00083-TMB

EXHIBIT A
Page 3 of 14

## INTERROGATORIES

**INTERROGATORY NO. 1:** Please identify with specificity each and every alleged improper administration of medication you contend occurred with Helen Winters at CSC, by identifying the following:

(a) the date of the alleged improper administration of any medications;

(b) the type of medication in issue, and why you contend it was improperly administered;

(c) who you alleged improperly administered the medication;

(d) what, if any, harm resulted from the alleged improper administration of the medication; and

(e) whether you lodged or filed any complaint with CSC, including how you asserted the complaint (*i.e.*, in writing or verbally) and to whom the complaint was made.

**RESPONSE:**

**INTERROGATORY NO. 2:** Please identify with specificity each and every alleged breach of confidentiality you contend CSC committed regarding Helen Winters by identify the following:

(a) the date of the alleged improper breach of confidentiality;

ELANEY WILES, INC.
SUITE 400
007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

CHUGIAK SENIOR CITIZENS, INC.'S FIRST SET OF DISCOVERY
REQUESTS TO PLAINTIFF HELEN WINTERS
*Winters v. Chugiak Senior Citizens, Inc.*

Page 4 of 11
Case No. 3:06-cv-00083-TMB

EXHIBIT A
Page 4 of 14

(b) the information you contend was improperly disclosed;

(c) to whom and by whom the information was disclosed;

(d) what, if any, harm resulted from the alleged improper breach of confidentiality; and

(e) whether you lodged or filed any complaint with CSC about the alleged breach of confidentiality, including how you asserted the complaint (*i.e.*, in writing or verbally) and to whom the complaint was made.

**RESPONSE:**

**INTERROGATORY NO. 3:**   Please describe with specificity each and every instance in which you claim CSC or its staff engaged in conduct constituting interference with Helen Winters' ability to exercise her religious beliefs, by including the following information:

(a) identify the date of the alleged interference with Helen Winters' ability to exercise her religious beliefs;

(b) the conduct that constituted the alleged interference with Helen Winters ability to exercise her religious beliefs;

(c) the identity of the person or persons who you claimed interfered with Helen Winters' ability to exercise her religious beliefs; and

ELANEY WILES, INC.
SUITE 400
807 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

CHUGIAK SENIOR CITIZENS, INC.'S FIRST SET OF DISCOVERY
REQUESTS TO PLAINTIFF HELEN WINTERS
*Winters v. Chugiak Senior Citizens, Inc.*
Page 5 of 11
Case No. 3:06-cv-00083-TMB
EXHIBIT A
Page 5 of 14

(d)   to whom at Chugiak Senior Citizens did you complain about such alleged interference with Helen Winters' ability to exercise her religious beliefs, and the method by which you asserted such complaint (*i.e.*, in writing or verbally).

**RESPONSE:**

**INTERROGATORY NO. 4:**   Please describe with specificity each and every instance in which you claim CSC or its staff engaged in conduct constituting "rudeness and verbal abuse" (*see* Complaint, ¶ 13), by including the following information:

(a)   identify any date of the alleged "rudeness and/or verbal abuse";

(b)   the exact words or conduct constituting "rudeness and/or verbal abuse";

(c)   the identity of the person or persons who you claim engaged in such "rudeness and/or verbal abuse"; and

(d)   to whom at Chugiak Senior Citizens did you complain about such alleged "rudeness and/or verbal abuse", and the method by which you asserted any such complaint (*i.e.*, verbal or in writing).

**RESPONSE:**

:LANEY WILES, INC.
SUITE 400
)07 WEST 3RD AVENUE
:CHORAGE, ALASKA
(907) 279-3581

CHUGIAK SENIOR CITIZENS, INC.'S FIRST SET OF DISCOVERY REQUESTS TO PLAINTIFF HELEN WINTERS
*Winters v. Chugiak Senior Citizens, Inc.*
Page 6 of 11
Case No. 3:06-cv-00083-TMB

EXHIBIT A
Page 6 of 14

**INTERROGATORY NO. 5:** For the ten (10) years preceding the incident alleged in your complaint, and from the date of the incident to the present, please identify by name, address and telephone number each and every health care provider seen or consulted by Helen Winters and state the reason for being seen by them. The term "health care provider" includes, but is not limited to, physicians, psychologists, psychiatrists, family counselors, drug and alcohol counselors, nurses, social workers, physicians assistants, chiropractors, natural paths or lab technicians.

**RESPONSE:**

**INTERROGATORY NO. 6:** Please state the name, address and telephone number of every witness known to you or your attorneys who have knowledge of any type regarding, related to, or in any way associated with any of the allegations and/or claims set forth in the complaint against Chugiak Senior Citizens, Inc.

**RESPONSE:**

**INTERROGATORY NO. 7:** With respect to each witness identified in the preceding interrogatory, state the facts of which the listed witnesses have testimonial knowledge.

DELANEY WILES, INC.
SUITE 400
007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

CHUGIAK SENIOR CITIZENS, INC.'S FIRST SET OF DISCOVERY
REQUESTS TO PLAINTIFF HELEN WINTERS
*Winters v. Chugiak Senior Citizens, Inc.*

Page 7 of 11
Case No. 3:06-cv-00083-TMB

EXHIBIT A
Page 7 of 14

**RESPONSE:**

**INTERROGATORY NO. 8:**  Please identify by name and address each person whom you expect to call as an expert witness at trial, and as to each such expert, state the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, and a summary of the grounds for each opinion, including a description of all information reviewed by the expert.

**RESPONSE:**

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:** In reference to your assertion in ¶ 19 of the Complaint for Injunctive and Declaratory Relief and for Damages, please produce a copy of the "Report of Harm with Adult Protective Services" you claim the Care Coordinator, Kathy Huskey, filed with Adult Protective Services ("APS"), and complete copies of all APS files relating to the alleged report of harm that is either in your possession or in the possession of Adult Protective Services.

LANEY WILES, INC.
SUITE 400
07 WEST 3RD AVENUE
CHORAGE, ALASKA
(907) 279-3581

CHUGIAK SENIOR CITIZENS, INC.'S FIRST SET OF DISCOVERY
REQUESTS TO PLAINTIFF HELEN WINTERS
*Winters v. Chugiak Senior Citizens, Inc.*
Page 8 of 11
Case No. 3:06-cv-00083-TMB

EXHIBIT  A
Page  8  of  14

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2:** In reference to your assertion in ¶ 24(c) on page 7 of the Complaint for Injunctive and Declaratory Relief and for Damages, please produce a copy of complaint you contend Ms. Winters filed or made to the Long Term Care Ombudsman.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3:** In reference to your assertion in ¶ 16 of the Complaint for Injunctive and Declaratory Relief and for Damages, please produce the entire investigative file of the Long Term Care Ombudsman regarding plaintiff's complaints, including but not limited to copies of all notes, interviews (whether written or electronically recorded), and all findings or conclusions by the Ombudsman's Office.

**RESPONSE:**

:LANEY WILES, INC.
SUITE 400
)07 WEST 3RD AVENUE
ICHORAGE, ALASKA
(907) 279-3581

CHUGIAK SENIOR CITIZENS, INC.'S FIRST SET OF DISCOVERY
REQUESTS TO PLAINTIFF HELEN WINTERS
*Winters v. Chugiak Senior Citizens, Inc.*

EXHIBIT A
Page 9 of 14

Page 9 of 11
Case No. 3:06-cv-00083-TMB

**REQUEST FOR PRODUCTION NO. 4:** Please produce all medical records from health care providers you have identified in response to Interrogatory No. 5 above, including but not limited to, all lab or test results, x-rays, hospital records, nurses' charts, physicians' notes, reports or evaluations and all other documents or tangible items evidencing medical treatment.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 5:** Please produce copies of all correspondence to and/or from any expert identified in the foregoing interrogatories, and copies of all documents provided to any expert witness, or produced by any expert in this case.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 6:** Please sign the enclosed releases for Helen Winters' medical records, social security records, and Medicare/Medicaid records.

LANEY WILES, INC.
SUITE 400
07 WEST 3RD AVENUE
CHORAGE, ALASKA
(907) 279-3581

CHUGIAK SENIOR CITIZENS, INC.'S FIRST SET OF DISCOVERY
REQUESTS TO PLAINTIFF HELEN WINTERS
*Winters v. Chugiak Senior Citizens, Inc.*
EXHIBIT __A__
Page __10__ of __14__
Page 10 of 11
Case No. 3:06-cv-00083-TMB

**RESPONSE:**

DATED at Anchorage, Alaska, this 29th day of June, 2006.

DELANEY WILES, INC.
Attorneys for Chugiak Senior Citizens, Inc.

By: _____
Donna M. Meyers
Alaska Bar No.: 9006011

**CERTIFICATE OF SERVICE**

I hereby certify that on the 30th day of June, 2006, a copy of **CHUGIAK SENIOR CITIZENS, INC.'S FIRST SET OF DISCOVERY REQUESTS TO PLAINTIFF HELEN WINTERS** was served via hand delivery on:

Barbara Brink
Alaska Legal Services Corporation
1016 West 6th Avenue, Suite 200
Anchorage, Alaska 99501

_____
Donna K. Daniels/118059

DELANEY WILES, INC.
SUITE 400
007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

CHUGIAK SENIOR CITIZENS, INC.'S FIRST SET OF DISCOVERY
REQUESTS TO PLAINTIFF HELEN WINTERS
*Winters v. Chugiak Senior Citizens, Inc.*
Page 11 of 11
Case No. 3:06-cv-00083-TMB

EXHIBIT A
Page 11 of 14

## MEDICAL INFORMATION & RECORDS RELEASE
### And HIPAA AUTHORIZATION FORM

TO: _____

    I, **HELEN WINTERS,** hereby authorize the law firm of DELANEY WILES, INC., or their representative, to obtain my **designated record set**, which includes any and all information which is relative to my past or current physical or mental medical condition. This authorization covers all **protected health information for treatment, payment and health care operations,** including but not limited to, any and all treatment records, reports, evaluations, diagnoses, prescriptions, progress notes, hospital, pharmacy, and emergency room records, whether paper or electronic, as well as radiology films and reports, **in your possession or the possession of your facility, <u>whether prepared by you or received from another source</u>**. This release **also includes billing records**.

    The disclosure of this information is for the **purpose of potential or actual litigation**. This release also authorizes, but does not require, physicians and other health care providers to discuss my history, care and treatment and prognosis with a representative of DELANEY WILES, INC.

    I understand that this consent for disclosure of medical records constitutes a partial waiver of my right to confidentiality of psychological and psychiatric treatment as well as drug or alcohol treatment under **42 U.S.C. §§ 290 dd-3 and 42 C.F.R. § 2.1** et seq.

    **I specifically authorize disclosure of information otherwise protected under the Health Insurance Portability and Accountability Act [HIPAA]** to DELANEY WILES, INC., or their representative. I understand that **once the information is disclosed, it may be re-disclosed** by the recipient and the information may not be protected by federal privacy laws or regulations.

    I understand that I have the **right to revoke** this authorization at any time, and if I do revoke it, I must do so **in writing**. I understand that **the revocation will not apply to information that has already been released** in response to this authorization. I understand my **health care, eligibility to receive health care, benefits and payment for that health care will not be affected** by my decision to sign this form.

    A **photocopy of this release** has the same authority as the original. This release will **expire in on year,** or earlier if revoked by me in writing. I certify that I have **voluntarily signed this Release**.

    Pursuant to 45 C.F.R. 164.524(b)(2)(i), the covered entity **must act on this request for access no later than 30 days after receipt** of the request.

Date:_____         _____
                                              **CAROL WINTERS, Attorney-In-Fact for Helen Winters**
                                              **HELEN WINTERS: DOB: October 15, 1915**
                                              SSN: _____

SUBSCRIBED AND SWORN TO before me this ___ day of _____, 2006.

                                              _____
                                              Notary Public in and for Alaska
                                              My Commission Expires:_____

/112554

EXHIBIT _A_
Page _12_ of _14_

## AUTHORIZATION FOR RELEASE OF
## SOCIAL SECURITY BENEFIT INFORMATION

I, **HELEN WINTERS thru CAROL WINTERS, attorney in fact for HELEN WINTERS**, do hereby authorize the firm of DELANEY, WILES, INC., 1007 W. Third Avenue, Suite 400, Anchorage, Alaska 99501, or any other individual authorized to act on its behalf, to receive information from the Department of Health and Human Services, Social Security Administration, regarding any social security benefits I am receiving or will receive or might have received in the past. This release covers information including, but not limited to, the amount of my monthly social security benefit earnings year to date. It also includes access to transcripts of hearings, whether transcribed or in taped or electronic format.

The undersigned specifically understands and authorizes that this authorization shall remain in effect for one year, unless specifically revoked by me in writing.

A HIPAA Authorization accompanies this release and allows the SSA to include all records in its files otherwise protected by physician/patient privilege or medical record confidentiality.

The combination of the two releases provided also authorizes any person involved in my case file with the Department of Health and Human Services, Social Security Administration, whether in an administrative capacity or as a health care provider to discuss my history and prognosis as well as disability ratings and decisions, with a representative of DELANEY, WILES, INC.

I also understand that this consent for disclosure of records constitutes a partial waiver of my right to confidentiality of psychological and psychiatric treatment as well as drug or alcohol treatment under 42 U.S.C. 290 dd-3 and 42 C.F.R. 2.1 et seq.

A photocopy of this authorization shall be considered as effective and valid as the original.

DATED this _____ day of _____, 2006.

                                                    _____
                                                    **CAROL WINTERS, Attorney-In-Fact for**
                                                    **Helen Winters**
                                                    Social Security No.: _____
                                                    Date of Birth: October 15, 1915

(118421)

## CONSENT AND AUTHORIZATION TO RELEASE
## STATE AND FEDERAL MEDICARE AND/OR MEDICAID INFORMATION

The undersigned, Helen Winters through Carol Winters, attorney in fact for Helen Witners, authorizes and empowers the law firm of DELANEY WILES, INC. and persons employed by or acting on its behalf, to inquire into and obtain copies of any and all State and Federal agency records concerning any matter relative to any application for Medicare and/or Medicaid benefits applied for by or on behalf of Helen Winters.

The records include, without limitation, Federal and/or State applications for Medicare and/or Medicaid, applications for benefits, notes of interviews, questionnaires, correspondence, memoranda, decisions, hearing records, transcripts, third-party liability records, notes, printouts, and records of payments, and any other documents concerning Medicare or Medicaid benefits or assistance applied for and/or received by or on behalf of Helen Winters.

The undersigned consents and directs that said Medicare and Medicaid administration officials and/or employees or representatives, or agents who have observed, evaluated, treated, or have provided any assistance to Helen Winters shall give the information and records contained in their files or which is under their control to the above-referenced attorneys, their investigators, or other authorized personnel bearing a copy of this Authorization.

Any State of Alaska or Federal Medicare and/or Medicaid representative, employee, or official who so desires is authorized to discuss with the above attorneys or their representatives, the nature of his or her participation in obtaining and compiling the Medicare or Medicaid benefits for Helen Winters. Pursuant to Alaska Law, defense counsel in a personal injury lawsuit may engage in informal, *ex parte* interviews with Medicare and/or Medicaid officials or representatives, if these persons are willing to do so. The official or representative may refuse to discuss the case without Helen Winters and/or her attorney being present. Langdon v. Champion, 745 P2d 1371 (AK 1987).

This release shall be valid for one year from the date of my signature unless revoked by me in writing.

_____
Carol Winters, Attorney-in-Fact for Helen Winters
DOB: October 15, 1915
SSN:_____

Subscribed and sworn to before me, a Notary Public in and for the State of Alaska, this _____ day of _____, 2006.

_____
Notary Public in and for the State of Alaska
My Commission Expires:_____

(118422)

EXHIBIT A
Page 14 of 14