IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| HELEN WINTERS,<br>through her power of attorney<br>Carol Winters,<br><br>    Plaintiff,<br><br>vs.<br><br>CHUGIAK SENIOR CITIZENS, INC.,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. 3:06-cv-00083-TMB<br>)<br>) |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL**

## I.    INTRODUCTORY STATEMENT

Defendant's Motion to Compel is disingenuous and unfounded. Plaintiff is not withholding any discovery from defendant. Worse yet, defendant failed to meaningfully meet and confer with plaintiff's counsel, as required by the local rules and by Federal Rule 37(a)(2)(B), before filing its motion to compel. The "Good-Faith Certificate," as required by Local Rule 37.1(a) was, of course, not filed by defendant with its Motion because, in short, defendant did not confer in good-faith with plaintiff's counsel.

Defendant's Motion should be denied, defendant should be ordered to comply with Local Rule 37.1(a) and Federal Rule 37(a)(2)(B), and defendant's counsel should be cautioned against using excess litigiousness against plaintiff's legal aid counsel in an effort to gain an unfair advantage in this case.

## II. ARGUMENT AND AUTHORITIES

### A. Plaintiff Failed to Comply With The Conditions Precedent To Filing a Motion to Compel.

The predicate of defendant's motion to compel is that plaintiff is improperly withholding data from it. This predicate is false. But, before a party approaches this Court with a motion to compel, certain basic prerequisites need be met: the party must first meet and confer with the opposing party in an effort to resolve the dispute and the moving party must also attached to its motion a "Good-Faith Certificate." Local Rule 37.1.

The Good-Faith Certificate required by Local Rule 37.1 plays a critical role in avoiding needless discovery motion practice. It requires that **"[A]ll counsel** certify that they have conferred in good faith to resolve the issues in question that it is necessary to file the following motion." (emphasis added). Had defendant complied with this important local rule this Motion may well have been unnecessary; the parties may well have been able to resolve their dispute. Simply attaching its two perfunctory demand letters to its Motion does not suffice.

Federal Rule 37(a)(2)(B) also requires more than what defendant did here before filing a motion to compel. The law in the Ninth Circuit is relatively clear; the good faith requirement mandates that the parties *actually confer on all disputed issues* before a motion to compel is filed. *Childress v. Darby Lumber, Inc.,* 357 F.3d 1000, 1010 (9th Cir. 2004); *Shuffle Master v. Progressive Games*, 170 F.R.D. 166, 171 (D. Nev. 1996) (" … in order to effectuate the underlying policy of the federal rule, a moving party must include more than a cursory recitation that counsel have been "unable to resolve the matter." Counsel seeking court-facilitated discovery, instead, must adequately set forth

in the motion essential facts sufficient to enable the court to pass a preliminary judgment on the adequacy and sincerity of the good faith conferment between the parties.  That is, a certificate must include*, inter alia*, the names of the parties who conferred or attempted to confer, the manner by which they communicated, the dispute at issue, as well as the dates, times, and results of their discussions, if any.").

The law is also relatively clear in this circuit that a motion to compel that is filed without a good-faith conference on all disputed issues should be denied on that ground alone.  *Childress, supra at* 1010; *Shuffle Master, supra at*  173.

The Ninth Circuit is far from alone on these questions.  *See, e.g., Hoelzel v. First Select Corp.*, 214 F.R.D. 634, 635 (D. Colo.)("To confer means 'to hold a conference; compare views; consult together.'  The rule is not satisfied by one party sending a single e-mail to another party, and particularly not where, as here, the e-mail merely indicates an intention to file a motion to compel and does not suggest any negotiation or compromise.  Nor, in my view, would a single letter or a single voice message satisfy the requirements …)(cites omitted); *Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 456, 459 (D. Kan. 1999)("When the dispute involves objections to requested discovery, parties do not satisfy the conference requirements simply by requesting or demanding compliance with the requests for discovery.  The parties need to address and discuss the propriety of asserted objections. They must deliberate, confer, converse, compare views, or consult with a view to resolve the dispute without judicial intervention.  They must make genuine efforts to resolve the dispute by determining precisely what the requesting party is actually seeking; what responsive  documents or information the discovering party is reasonably capable of producing; and what specific,

genuine objections or other issues, if any, cannot be resolved without judicial intervention.").

Here, there was no good-faith conference of any sort by defendant before it filed its motion. All defendant did was to send two perfunctory demand letters to one of plaintiff's counsel, Barb Brink, both dated on August 2, 2006.[1] Exh. C & D. Ms. Brink was out-of-the-office all but 1 ½ days between August 2 and August 14. *See* Nelson Aff. at 3-4. Since her return she has been scrambling to catch up with her work-load. Nelson Aff. at 4. Defendant did not ever even attempt to call Ms. Brink to discuss any of the issues in dispute. Nelson Aff. at 5. In fact, it should be noted that Ms. Brink spoke with defendant's counsel on August 3 to inquire whether a records deposition that was scheduled for that day had been cancelled. Nelson Aff. at 3. At no time during this conversation did opposing counsel mention either of the demand letters or attempt to resolve the discovery disputes. Nelson Aff. at 3. Nor did defendant deign to call, email or write either of plaintiff's other two lawyers in an effort to resolve matters. Nelson Aff. at 5. Instead, defendant decided it was more efficient to file a 13-page Motion to Compel and involve this Court. Plaintiff suggests picking up a telephone and calling opposing counsel would have been more efficient and, most importantly is required by the good-faith met and confer requirement of Local Rule 37.1 and Federal Rule 37(a)(2)(B).

### B.  The Predicate of Defendant's Motion to Compel Is Also Infirm

It is worth parsing through defendant's 13-page Motion to compel so that one can distill precisely what the issues are. First, defendant claims that plaintiff failed to adequately answer Interrogatories 5 and 7. Interrogatory No. 5 is an inarguably

---

[1] The perfunctory nature of defendant's letters is manifest. For example, defendant demanded in one of its letters that plaintiff sign various releases. Exh. D. Not one case was cited by defendant in support of this demand. *Id.*

overbroad interrogatory. It sought data from Ms. Winters as to, *inter alia,* any and all doctor, psychiatrist, drug or alcohol counselor, social worker, family counselor, etc., that she had seen -- for the past 10 years. This fishing expedition request sought highly personal data that has absolutely nothing to do with any issue in this case. For example, if Helen Winters saw an alcohol counselor back in 1996, it is wholly irrelevant to this case.

Despite the gross over breadth of this interrogatory, plaintiff provided defendant with data for any and all doctors that had treated her for any condition related to this case –going back 10 years. *See* Exh. B. at 9 – 12. Indeed, plaintiff provided defendant with over 37 names and/or entities from which she had received said health care. *Id.* Plaintiff also referred defendant to her initial Rule 26 disclosures where still other of her health care providers were listed. *Id.* at 9; Exh. E.

What, one may ask, is defendant thus complaining about vis à vis Interrogatory No. 5? Defendant's memorandum is unintelligible on this central issue. It states that "[P]laintiff provided the names of some of her health care providers and the reason she saw them, but then simply referenced the additional health care providers named in Plaintiff's Initial Disclosures and Preliminary Witness List." Defendant's Memorandum at 4. Defendant is correct. But, the response is "so what?" What has plaintiff withheld so as to necessitate a motion to compel?

Similar nonsense attends to defendant's argument concerning Interrogatory No. 7. That interrogatory sought the names and contact data for anyone with any knowledge of plaintiff's complaints against defendant. Plaintiff had previously provided this data to defendant in her initial disclosures. *See* Exh. E. Plaintiff thus informed defendant, in

response to Interrogatory No. 7, that all said data was previously set forth. Exh. B at 13. What, one may ask, is defendant thus complaining about vis à vis Interrogatory No. 7? Put differently, what is it that plaintiff is hiding from defendant? Again, defendant's memorandum is unintelligible on this issue. Apparently, defendant's complaint is that plaintiff should have restated her initial disclosures as a response to Interrogatory No. 7 (Defendant's Memorandum at 4) and that her failure to do so requires this Court to deal with a motion to compel. Defendant's position is specious in the extreme.

Defendant also takes plaintiff to task for purportedly failing to produce various documents. Defendant's Memorandum at 6 – 12. Again, defendant's argument is meritless. Defendant asserts that "Plaintiff simply states that she does not have the requested data. *It is not apparent from plaintiff's response that if plaintiff has produced all of the information that is in her possession, custody, and control that is responsive to CSC's requests.*" Defendant's Memorandum at 8 (emphasis added).

What is apparent is that defendant misunderstands basic English usage as well as the rules governing discovery. When plaintiff simply states that "she does not have the requested data" this means, as a matter of basic English, that plaintiff does not have the requested data. While it may not be "apparent" to defendant what "plaintiff does not have the requested data" means, it is to everyone else: plaintiff does not have the requested data. Filing a motion to compel under such circumstances is frivolous.

Defendant asserts that the discovery rules mandate that plaintiff go out and get data from various third-parties to give to defendant. Defendant's Memorandum at 8 ("Even if all of the information is not within Plaintiff's immediate control she should be required to take reasonable measurers to obtain it …"). It would be a remarkable state of

affairs were the law to require an indigent, disabled 90-year old woman to go out and do the lawyering for a corporate law firm which is seeking to evict her from her nursing home.  Fortunately, things have not devolved to quite that level yet, vis à vis victimizing the elderly and poor.  A better suggestion would be for defendant's lawyers to simply issue a subpoena duces tecum to whichever third-parties they seek data from – that they are capable of such action is evident given that they have previously done so in this case.  *See* Exh. 1.

Defendant also claims that plaintiff has "control" over any records held by any of her health care providers and that, since she "controls" this data she has a duty to go get said data for defendants.  Defendant's Memorandum at 9 – 10.  But this is not what the cases say.  *See, e.g., Clark v. Vega Wholesale*, 181 F.R.D. 470, 472 (D. Nev. 1998) ("The relationship between the Plaintiff and her doctor is not sufficient to establish control. In fact, the Defendants can secure copies of the requested documents from the custodian of the records as readily as the Plaintiff."); *Neal v. Boulder*, 142 F.R.D. 325, 327 (D. Colo. 1992) ("The simple fact is that the medical records sought are not in the care and custody of Plaintiffs.  They remain with the medical care providers.  At best, Plaintiffs may have a copy of the medical records. If they do, they then have a duty under Fed.R.Civ.P. 34 to make these available for inspection.  Defendants' counsel have made clear their desire not to have medical documents produced by Plaintiffs, wanting instead unedited records from the medical care provider.  Plaintiffs cannot produce medical records over which they do not have control."); *Greene v. Sears, Roebuck & Co.*, 40 F.R.D. 14, 16 (N.D. Ohio 1966)(medical records are not in the "possession, custody, or control" of a patient).

Finally, defendant claims that this Court should interpret Rule 34 (authorizing the production of documents in a party's control) as entitling parties to obtain signed releases from a party. Defendant's Memorandum at 10 – 11. Again, the better reasoned cases show that this is *not* appropriate under Rule 34. As the Court noted in *Neal v. Boulder*, 142 F.R.D. 325, 327 (D. Colo. 1992):

> [t]here appears to be little authority, save the *Fields* decision, in Colorado for the proposition that a party can be compelled to provide releases to an opposing party's counsel. Indeed, the Colorado Supreme Court in *Fields* found no abuse of discretion on the part of the trial judge in directing releases so that medical records could be provided to defense counsel under the facts and circumstances of that case. On the other hand, the court determined that there had been an abuse of discretion by the trial judge in ordering that the releases include the ability for defense counsel to talk ex parte with the treating physicians. The *Fields* case does not stand for any broad statement that a medical release form can be compelled in every case by defense counsel. It appears to this court that there has arisen a belief that such releases are to be given as a matter of course and compelled when not provided. There is no basis in the *Fields* decision or in Fed.R.Civ.P. 34 for such belief on the part of counsel.

*Id*. at 327; *see also*, *Clark v. Vega Wholesale*, 181 F.R.D. 470, 472 (D. Nev. 1998) (finding that Rule 34 did not authorize one party to sign a release).

### III.    CONCLUSION

Defendant has violated the essential prerequisites to bringing this Motion before this Court. Its failure to properly meet and confer with plaintiff's counsel in an effort to resolve this matter are grounds alone for this Court to deny its motion. Additionally, defendant's motion is substantively unfounded. Plaintiff is not withholding data from defendant and she has no duty to go out and get data for defendant which she does not have.

DATED: 8-17-2006				ALASKA LEGAL SERVICES CORPORATION
						Attorneys for Plaintiff
						Helen Winters
						through her power of attorney Carol Winters


						s/Nikole Nelson
						ALASKA LEGAL SERVICES
						1016 West 6th Avenue, Suite 200
						Anchorage, Alaska 99501
						PHONE: (907) 222-9431
						FAX: (907) 279-7417
						E-mail: nnelson@alsc-law.org
						Alaska Bar No. 9906033


**CERTIFICATE OF SERVICE**

I, Nikole Nelson, certify that on August 17, 2006 a copy of the foregoing document was served electronically on Donna Meyers, at Delaney, Wiles, Hayes, Gerety, Ellis & Young, Inc.

						s/Nikole Nelson