Donna M. Meyers
William E. Moseley
Delaney Wiles, Inc.
1007 W. 3rd Avenue, Suite 400
Anchorage, Alaska  99501
PHONE:  907-279-3581
FAX:  907-277-1331
dmm@delaneywiles.com
wem@delaneywiles.com

Attorneys for Defendant
Chugiak Senior Citizens, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| HELEN WINTERS, through her Power of Attorney Carol Winters,<br><br>                      Plaintiff,<br><br>v.<br><br>CHUGIAK SENIOR CITIZENS, INC.,<br><br>                      Defendant.<br>_____ | <br><br><br><br><br><br><br><br><br><br><br><br>Case No. 3:06-cv-00083-TMB |

**REPLY TO OPPOSITION TO MOTION TO COMPEL**

Defendant, Chugiak Senior Citizens, Inc. ("CSC"), by and through counsel of record, Delaney Wiles, Inc., replies to Plaintiff Helen Winters' opposition to CSC's motion to compel Plaintiff Helen Winters to completely respond to Interrogatory Nos. 5 and 7, and produce the information requested in Requests for Production Nos. 1, 2, 3, 4, and 6 contained in CSC's First Discovery Requests To Plaintiff.  In her opposition, Plaintiff makes two principal arguments:  (1) CSC has not made a good faith attempt to resolve this matter; and (2) Plaintiff is not required to disclose all of the materials that

are in her possession, custody or control or sign a release authorizing CSC to obtain these records if Plaintiff is not willing to provide them herself.  For the reasons set forth below, each of Plaintiff's arguments are unavailing.

**I.  CSC Has Made A Good Faith Attempt To Resolve This Matter Without Court Intervention**

Plaintiff argues that CSC has not made a good faith attempt to resolve this discovery dispute without Court intervention.  *See* Opposition at 2-3.  Plaintiff's argument is factually and legally infirm.  Federal Rule of Civil Procedure 37(a)(2)(B) states:  "The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court action."  Similarly, District of Alaska Local Rule 37.1(a) states that a motion to compel should include a statement that the moving party has "conferred or attempted to confer" with the opposing party before filing the motion.

CSC has met the requirements of Civil Rule 37(a)(2)(B) and Local Rule 37.1(a).  There is a discovery dispute that cannot be resolved without court action, CSC attempted to resolve this dispute, and CSC included in its motion an explanation and affidavit of counsel explaining how CSC attempted to resolve the dispute, and that despite CSC's good faith efforts, the parties were not able to reach a resolution.  *See* Affidavit of Counsel; Exhs. C, D (CSC's Counsel's Letters to Plaintiff's Counsel) (attached to Motion; *see* Dkt. 40).  To reiterate, after receiving Plaintiff's deficient discovery responses, on August 2, 2006, counsel for CSC sent Plaintiff's counsel two letters explaining that Plaintiff's answers to Interrogatory Nos. 5 and 7, and Requests for Production Nos. 1, 2, 3, 4, and 6 were incomplete and deficient, and a motion to compel

would be filed if the requested materials were not produced. Exhs. C, D (CSC's Counsel's Letters to Plaintiff's Counsel) (Id.). Two weeks passed and Plaintiff chose not to modify the discovery responses or produce the requested information. *See* Affidavit of Counsel (attached to Motion; *see* Dkt. 40). At no time did Plaintiff's counsel even respond to CSC's attempt to resolve this discovery dispute to either disagree with or discuss CSC's request for the information. *See* Affidavit of Counsel (Donna M. Meyers). Instead, Plaintiff ignored the letters even though CSC expressly stated it was attempting to confer over the requested discovery. *See* Exh. D (attached to motion; *see* Dkt. 40).

As District of Alaska Local Rule 37.1(a) only requires a party to have "conferred or attempted to confer," and CSC attempted to confer, CSC cannot be faulted because Plaintiff's counsel did not respond. Moreover, as Plaintiff's opposition makes clear, there is a discovery dispute the parties cannot resolve without court intervention, and could not have been resolved by further attempts by CSC's counsel to resolve the dispute with Plaintiff's counsel. As plainly stated in her opposition, Plaintiff's position is that she does not have to turn over the requested information or sign a release allowing CSC to obtain the information. Opposition at 1-9. CSC disputes the legal merit of Plaintiff's position, so there is undeniably a dispute that cannot be resolved without court intervention. *See Oleson v. KMart Corp.*, 175 F.R.D. 570, 571 (D. Kan.1997) (concluding that party discharged its duty by sending correspondence as it was unlikely that the issues would have been resolved by additional efforts to confer).

Plaintiff's related argument that CSC's counsel's attempts to resolve this dispute were not effective because one of Plaintiff's stable of attorneys, Plaintiff's senior

attorney Barbara Brink, was on vacation the past two weeks and this mandates denial of the motion to compel, lacks merit. *See* Opposition at 4. CSC did not know that Barbara Brink was on vacation. *See* Affidavit of Counsel. Moreover, it is not apparent, nor stated in the opposition, why Nikole Nelson, nor James Davis, the attorneys who along with Barbara Brink were responsible for filing this action, chose not to respond to CSC's attempts to resolve this dispute.[1] *See* Opposition at 4-5. A party's failure to respond to the opposing party's letter regarding discovery deficiencies, discharges the opposing party's conferral requirement. *See LaFleur v. Teen Help*, 342 F.3d 1145, 1152 (10th Cir. 2003) (concluding where defense counsel sent written clarification of the discovery he was requesting and plaintiffs nor their attorney responded, defendants complied with the confer requirement). As discovery closes in just over one month, and CSC had given Plaintiff over two weeks to modify her discovery response or produce the information, CSC would have been prejudiced by further delay.[2]

In sum, Plaintiff's argument that CSC has not met the requirements of Civil Rule 37(a)(2)(B) and Local Rule 37.1(a) are without merit. There is a discovery dispute that cannot be resolved without court action, CSC attempted to resolve this dispute,

---

[1] It was reasonable for CSC's counsel to address the letters seeking discovery to Ms. Brink, as opposed to all three of Plaintiff's attorneys. Ms. Brink has appeared as an attorney of record for plaintiff. Ms. Brink signed the Amended Complaint for Injunctive and Declaratory Relief that precipitated removal to federal court, and Ms. Brink alone appeared and represented Plaintiff telephonically at the Parties Scheduling and Planning Conference (Dkt. No. 27).

[2] Contrary to Plaintiff's statements, CSC's counsel did not speak with Plaintiff's counsel on August 3, 2006. *See* [Plaintiff's] Affidavit at 1 (attached to Opposition). Barbara Brink only spoke with CSC's secretary because CSC's counsel was unavailable when Barbara Brink called. Neither Barbara Brink, nor any other of Plaintiff's attorneys notified CSC that Barbara Brink was on vacation for the next two weeks of August. At no time did Plaintiff's counsel ever respond to CSC's attempt to resolve this discovery dispute. *See* Affidavit of Counsel (Donna M. Meyers).

CSC included in its motion an explanation and affidavit of counsel explaining how CSC attempted to resolve the dispute, and that despite CSC's good faith efforts, the parties were not and are not able to reach a resolution of this dispute without court action.

## II. As Plaintiff's Physical, Mental, And Emotion Condition Is At Issue, Plaintiff Is Required To Produce This Information Or Sign A Release Permitting CSC To Obtain The Information, And Plaintiff Is Also Required To Fully Respond To CSC's Interrogatories

Plaintiff argues that she has adequately responded to Interrogatory Nos. 5 and 7, and produced the information she is required to produce in Requests for Production Nos. 1, 2, 3, 4, and 6. *See* Opposition at 4-9. Plaintiff's argument is not persuasive.

Interrogatory Nos. 5 and 7 asked plaintiff to identify each health care provider seen or consulted by Plaintiff, the reason for being seen by them, and the facts on which the listed witnesses have testimonial knowledge. Exh. A at 7 (attached to Motion; *see* Dkt. 40). Plaintiff argues that she has fully answered these interrogatories. Opposition at 5. However, even a cursory review of her responses reveals the gross inaccuracy of Plaintiff's statement. Exh. E at 1-2; Exh. B at 5-13 (attached to Motion; *see* Dkt. 40).

Plaintiff failed to accurately and completely respond to Interrogatory Nos. 5 and 7. Exhs. A, B. Specifically, Plaintiff failed to identify each and every health care provider seen or consulted by Helen Winters, the reason for being seen by them, and the facts on which the listed witnesses have testimonial knowledge. Exh. A at 7. While Plaintiff has listed certain medical providers in her response to Interrogatory Nos. 5 and 7, she also incorporates additional providers that were mentioned in her initial disclosures and preliminary witness list. Exh. B at 9-12; *see* Dkt. 40. However, in her

initial disclosures Plaintiff fails to list all of her medical providers, fails to state the reason for being seen by each particular medical provider and fails to state the facts on which the listed witnesses have testimonial knowledge. Exh. B at 9-12; Exh. E at 1-2. Rather, in her initial disclosures, which she references in her interrogatory answer, Plaintiff simply provides the health care provider's name, but she fails to state the reason for being seen by each particular medical provider and fails to state the facts on which the listed witnesses have testimonial knowledge, which was expressly requested in the interrogatory. Exh. E at 1-2. Plaintiff has thus failed to completely respond to what was requested in the interrogatory. "[A]n evasive or incomplete answer is to be treated as a failure to answer." 8A Federal Practice and Procedure § 2285. Because Plaintiff has failed to completely answer Interrogatories Nos. 5 and 7, the Court should grant CSC's motion to compel.

In regards to Requests For Production Nos. 1, 2, 3, 4, and 6, Plaintiff argues in her opposition that she has adequately responded to these requests for production. *See* Opposition at 6-9. Again, Plaintiff's argument is not persuasive.

In response to Requests For Production Nos. 1, 2, 3, and 4, Plaintiff cagily stated "plaintiff does not have the requested data." Exh. B at 14. In her opposition, Plaintiff simply reiterates her statement that "she does not have the requested data" and argues that she has therefore properly responded to the request for production and is absolved from producing any documents. Opposition at 6-7. However, as explained in CSC's motion, Civil Rule 34 requires Plaintiff to produce all documents that "are in the *possession, custody or control* of the party upon whom the request is served." Fed. R. Civ. P. 34(a) (emphasis added). The fact that Plaintiff may not currently physically

possess the documents in her hand, does not discharge her duty to produce documents that are in her physical or legal possession, custody or control.  This duty applies to any other party and Plaintiff is not exempt from complying with this duty.   Documents are within a parties' control if they can request or obtain them or authorize others to do so.  *See Hart v. Wolff*, 489 P.2d 114, 117 (Alaska 1971); 4 J. Moore, Federal Practice, § 34.17 at 34-96 to 34-101 (2d Ed. 1970).

As to Request for Production No. 6, Plaintiff argues that she is not required to sign a medical release that would permit CSC to obtain her medical records that she has legal control over and has decided not to release to CSC, despite placing her medical condition at issue in the case.  Opposition at 7-8.  Plaintiff's argument is legally infirm.   As a preliminary matter, Plaintiff does not dispute or contest that numerous federal and state courts around the country have found that a party must provide authorization for a release.   *See, e.g.*, *Preservation Products, LLC v. Nutraceutical Clinical Laboratories Intern., Inc.*, 214 F.R.D. 494, 485-96 (N.D. Ill. 2003) (concluding Civil Rule 34 required defendant to provide a written consent authorizing plaintiff to obtain records and documents); *Smith v. Logansport Community Sch. Corp.*, 139 F.R.D. 637, 649 (N.D. Ind. 1991) (ordering plaintiff to execute release); *Brown v. Eli Lilly & Co.*, 131 F.R.D. 176, 178 (D. Neb. 1988) (ordering plaintiff to execute release); *Fleming v. Gardner*, 84 F.R.D. 217, 218 (E.D. Tenn. 1979) ("The plaintiff may comply with this order by mailing to counsel for the defendants his written consent authorizing such hospital to release such records to counsel for the defendants for inspection and copying."); *Granberg v. Ashland County*, 90 F. Supp. 1005, 1011-12 (W.D. Wis. 1984) ("refusal to provide the requested authorization was frivolous"); *see also Eberhart v.*

*Gettys*, 215 F. Supp. 2d 666, 682 (M.D.N.C. 2002) ("In the context of medical records, a release form for relevant medical records signed by the patient often provides the requesting party with the same access that the patient himself may have to the records."). Rather, Plaintiff simply cites to three courts that have reached a different result. Opposition at 7-9.

However, as numerous courts and commentators have explained, it does not make sense for a plaintiff to place her medical condition at issue, and then preclude the opposing party from being able to obtain the medical records by the plaintiff. *See* Motion at 7-12 and authority cited therein. For example, in *Smith v. Logansport Community Sch. Corp.*, the court addressed a similar issue, where a plaintiff failed to provide the defendant with a release for her medical records, despite the plaintiff placing her medical condition at issue:

> There is no question that by asserting a claim for emotional distress Ms. Smith has placed her mental and emotional condition in issue and that the defendants are entitled to records concerning any counseling she may have received. In this case, as in others where the mental or physical condition of a party has been placed in issue, the practice of obtaining written consents for the release of records represents the least expensive and most efficient means of procuring information from medical or counseling providers. Court orders directing providers to produce their records often prove unsatisfactory since they require the party seeking production to apply to the court each time the identity of an individual provider is discovered. Subpoenas duces tecum, which must be accompanied by witness fees and records deposition notices, can prove costly and may result in additional delay. And orders directing the parties themselves to procure and produce their records give no assurance that all pertinent documents will be provided. The court will, accordingly, issue an order directing Ms. Smith to produce executed consents authorizing the release of her counseling records to Mr. Nolte's attorney.

*Smith*, 139 F.R.D. at 649.

Plaintiff's argument that CSC can simply subpoena Plaintiff's medical records is disingenuous as Plaintiff's counsel knows that medical providers often will not produce medical records after the passage of HIPPA.  Moreover, with discovery closing next month, CSC does not have time to litigate the enforceability of a subpoena of a patient's medical records when the medical provider asserts a HIPPA defense because they are not provided with the patient's signed release.

Finally, Plaintiff impliedly argues in a base attempt to curry favor that she should be treated differently and the Rules of Civil Procedure should not apply to her because she is a disabled 90-year old woman.  *See* Opposition at 6-7.  This argument does violence to the hard won rights of the disabled and aged who have sought to be treated equally under the law, no better and no worse.  This argument also strikes at the very foundation of this Court and the Rule of Law.  All parties, whether they are non-profit corporations dedicated to providing housing and limited care to the elderly, or the elderly residents they serve, are entitled to the same rights and are under the same duties and obligations under the law.  Plaintiff chose to file suit and she must now abide by the Court's rules regarding discovery.

In sum, even if Plaintiff lacks direct physical possession of her medical records, she still posses legal "custody or control" over her medical records.  The Court should apply the liberal discovery rules and prevent Plaintiff from preventing CSC from obtaining complete access to her medical records because she will not sign a release authorizing CSC to obtain the records.  The Court should therefore grant CSC's motion to compel Plaintiff to sign a release and produce her medical records.

**III.    CONCLUSION**

For the reasons explained above, CSC request the Court grant its motion to compel and order Plaintiff to completely respond to Interrogatory Nos. 5 and 7, and produce the information requested in Requests for Production Nos. 1, 2, 3, 4, and 6 contained in CSC's First Discovery Requests To Plaintiff.

DATED at Anchorage, Alaska, this 18th day of August, 2006.

DELANEY WILES, INC.
Attorneys for Chugiak Senior Citizens, Inc.

s/Donna M. Meyers and William E. Moseley
1007 W. Third Avenue, Suite 400
Anchorage, Alaska  99501
Phone:     907-279-3581
Fax:         907-277-1331
E-mail:     dmm@delaneywiles.com
E-mail:     wem@delaneywiles.com
Alaska Bar Assoc. No. 9006011 (DMM)
Alaska Bar Assoc. No. 7811121 (WEM)

**CERTIFICATE OF SERVICE**

I hereby certify that on the 18th day of August 2006, a copy of **Reply to Opposition to Motion to Compel** was served electronically on:

Nikole M. Nelson/Barbara Brink/Jim Davis, Jr.
Alaska Legal Services Corporation
1016 West 6th Avenue, Suite 200
Anchorage, Alaska   99501

s/Donna M. Meyers, and William E. Moseley
(120734)