IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| HELEN WINTERS, through her power of attorney Carol Winters, <br><br> Plaintiff, <br><br> vs. <br><br> CHUGIAK SENIOR CITIZENS, INC., <br><br> Defendant. | Case No. 3:06-cv-83 TMB <br><br> ORDER |

Motions Presented

Defendant Chugiak Senior Citizens, Inc. ("CSC") has moved to compel production of certain documents from Plaintiff Helen Winters ("Winters").[1] Winters has opposed, and CSC has replied. Oral argument was heard on August 18, 2006.[2] It appears that the parties have negotiated a resolution to all but one of the outstanding discovery disputes.[3] The remaining issue concerns the relevant records and time-frame of Defendant's Request for Production No. 4. CSC has requested Winters' medical records for the past ten years. Plaintiff is willing to produce records for the past five years.

Discussion

Medical records in the hands of a health care provider, while not technically in the possession of a party who has placed his or her medical condition at issue, are within the

---

[1]   Docket No. 40.

[2]   Docket Nos. 49 and 51.

[3]   Docket No. 54

control of that party because the party can compel the medical provider to release them.  Moody v. Honda of America Mfg., Inc., WL 1785464, *4 -5 (S.D.Ohio, June 26, 2006).  Consequently, a request for these records obligates the party to whom it is directed to produce those documents which are responsive, but also permits the party to review the documents requested, to determine that certain documents are either not responsive, are irrelevant, or are privileged or protected, and to withhold any documents it deems irrelevant, privileged or protected so long as it indicates that the documents are being withheld.  In the case of documents withheld on ground of privilege or protection, the party must prepare an appropriate privilege log.

In accordance with the above, Winters is hereby ordered to produce responsive medical records from those healthcare providers identified in her initial disclosure [and from up to four healthcare providers appearing in Winters' response to CSC's Interrogatory Nos. 5 and 7, to be identified by CSC.]  Winters shall provide records going back five years from the date this suit was initiated.  Winters shall identify the categories of documents, if any, she has withheld as irrelevant.  If any documents are withheld on grounds of privilege or protection, she shall produce a privilege log.  She shall produce these documents on or before September 18, 2006.

## Conclusion

For the foregoing reasons, Defendant CSC's motion at Docket No. 40 is **GRANTED IN PART AND DENIED IN PART**.

Dated at Anchorage, Alaska, this 29th day of August 2006.

/s/ Timothy Burgess
Timothy M. Burgess
United States District Judge