IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| HELEN WINTERS, through her power of attorney Carol Winters, <br><br> Plaintiff, <br><br> vs. <br><br> CHUGIAK SENIOR CITIZENS, INC., <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) Case No. 3:06-cv-00083-TMB |

## PLAINTIFF'S FIRST SET OF DISCOVERY REQUESTS TO CHUGIAK SENIOR CENTER, INC.

Plaintiff, by and through counsel, Alaska Legal Services Corporation, and pursuant to Federal Rules of Civil Procedure 26, 33, 34 and 36 propound the following discovery requests upon defendant Chugiak Senior Citizens, Inc. ("CSC, Inc.") to be answered within thirty (30) days from receipt hereof.

These discovery requests shall be continuing in nature up to and including the time of trial, for any information or documents herein requested and not known or not in the control of the responding party until some time subsequent to the date responses are due or made.

### INSTRUCTIONS

Each of the following Requests for Admission must be either admitted or denied separately and in writing. If a Request is admitted, such admission is deemed an admission as to the entire Request. If any Request cannot be admitted in full, it should be admitted to the extent possible and accompanied by an explanation as to: (i) the nature of the information or knowledge that is not admitted; and (ii) an explanation as to why any portion is not admitted.



*Winters v. Chugiak Senior Center, Inc.*
Case No. 3:06-cv-00083 -TMB
Plaintiff's First Set of Discovery Requests to CSC
Page 1 of 16

If a Request is denied, either in whole or in part, or if the admission is qualified, explain and provide all bases for the denial and qualifications, identify and produce all pertinent documents, and identify the persons most knowledgeable about the bases for the denial or qualified response.

These Requests are to be responded to fully. The answer shall specifically admit or deny the matter, or set forth in detail the reasons why you cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires that you qualify an answer or deny only a part of the matter of which an admission is requested, you shall specify so much of it as is true, and qualify or deny the remainder. You may not give lack of information or knowledge as a reason for failure to admit or deny unless you state that you have made reasonable inquiry and that the information known or readily obtainable by you is insufficient to enable you to admit or deny the request. If you consider that a matter of which an admission has been requested presents a genuine issue for hearing, you may not, on that ground alone, object to the request; you may deny the matter or set forth the reasons why you cannot admit or deny the matter.

In responding to all of the following discovery requests, if privilege or immunity is alleged as to information or documents or if a request is otherwise not answered in full, explain the specific grounds for not answering in full; identify, as that term is defined herein, all information or documents for which privilege or immunity is claimed; answer the request to the extent to which there is no objection; and produce all documents to the extent to which there is no objection.

The obligation to respond to these discovery requests is a continuing one. If you gain information that is responsive to these requests after serving your initial responses, you shall timely provide such documentation and information to counsel for the plaintiff.

*Winters v. Chugiak Senior Center, Inc.*
Case No. 3:06-cv-00083 -TMB
Plaintiff's First Set of Discovery Requests to CSC
Page 2 of 16

These requests shall be construed to make the requests inclusive rather than exclusive. For example, the past tense shall be construed to include the present tense, and vice versa; the singular shall include the plural, and vice versa; "and" and "or" shall be construed both conjunctively and disjunctively; and "any" or "each" shall mean "each and every" as well as "any one." The singular form of a noun or pronoun includes the plural form of the noun or pronoun so used, and vice versa; the male form of a pronoun includes the female form of the noun or pronoun so used, and the use of any tense of any verb includes all other tenses of the verb so used.

Whenever an interrogatory elicits the name of a person and it is claimed that one or more other persons are affected by reason of an agency or employment relationship between the first named person and the other person or persons, state such fact, and also identify each such other person.

If you are unable to answer any of the following discovery requests completely, so state, answer to the extent possible, set forth the reasons for your inability to answer more fully, and state whatever knowledge or information you have concerning the unanswered portion.

Documents to be produced shall include all documents, wherever located, in the possession, custody, or control of you, your attorneys, consultants, accountants, or other persons retained by or acting on behalf of, or representing you.

If you withhold any document covered by these requests by reason of a claim of attorney-client privilege, work-product doctrine or other basis, you shall provide a Privilege Log identifying each document relating to such information, including the following:

1. The date of the DOCUMENT;

LAW OFFICES OF
ALASKA LEGAL SERVICES CORPORATION
ANCHORAGE AND STATEWIDE OFFICE
1016 WEST SIXTH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501-1963
(907) 272-9431

2. The name(s) of the author(s) or preparer(s) of the DOCUMENTS and an identification by employment and title of each such person;

3. The name of each person who was sent or furnished the DOCUMENT, or who received, viewed or has had custody of the DOCUMENT, and an identification of each such person by employment and title;

4. A brief description of the DOCUMENT;

5. The number of pages of the DOCUMENT;

6. Whether there are any attachments, appendices, enclosures or exhibits to the DOCUMENT and, if so, the number of pages of each;

7. A statement of the basis claimed for withholding the DOCUMENT; and

8. The paragraph number of the Requests to which the DOCUMENT relates.

The term "DOCUMENT" as used herein is defined to include any and all manner of written, typed, printed, reproduced, filmed or recorded material, and all photographs, pictures, plans or other representations of any kind of anything pertaining, describing, referring or relating, directly or indirectly, in whole or in part, to the subject matter of each request, and the term includes without limitation the following:

1. All papers, books, journals, ledgers, statements, memoranda, reports, invoices, worksheets, work papers, notes, transcriptions of notes, letters, correspondence, abstracts, checks, diagrams, plans, blueprints, specifications, pictures, drawings, films, photographs, graphic representations, diaries, calendars, desk calendars, pocket calendars, lists, logs, publications, advertisements, instruments, minutes, orders, purchase orders, messages, resumes, summaries, agreements, contracts, telegrams, telexes, cables, recordings, or any other writing, copying, printing, photo

LAW OFFICES OF
ALASKA LEGAL SERVICES CORPORATION
ANCHORAGE AND STATEWIDE OFFICE
1016 WEST SIXTH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501-1963
(907) 272-9431

        static, computer records, cards, discs or printouts, including non-identical copies of any of the above, as well as e-mails, data compilations, or other form of communications as recorded or reproduced, as well as all computer data and communications that have been deleted as well as notations on the foregoing; and

2. Originals, all file copies, and all other copies of any of the foregoing; and
3. All drafts and notes (whether typed, handwritten, or otherwise) made or prepared in connection with such DOCUMENTS, whether used or not.

The term CSC, Inc. is defined as CHUGIAK SENIOR CITIZENS, INC., who is a defendant in the above-captioned matter, and includes any persons controlled by or acting on behalf of this entity including, without limitation, all past and present agents, attorneys, any predecessors, subsidiaries, parent companies, affiliated companies and their agents, officers, directors, employees, representatives, and attorneys.

The term "YOU" is defined as the defendant CSC, Inc. and includes any persons controlled by or acting on behalf of this entity including, without limitation, all past and present agents, attorneys, any predecessors, subsidiaries, parent companies, affiliated companies and their agents, officers, directors, employees, representatives, and attorneys.

The term "PERSON" is defined as any natural person, whether or not employed by you, or any business, legal or governmental entity (other than Court personnel) or association.

The terms "RELATING TO" or "RELATED TO" or "RELATES TO" are defined as, without limitation, comprising, concerning, containing, consisting of, embodying, identifying, referring to, alluding to, corresponding to, in connection with, commenting on, in response to about, regarding, announcing, explaining, discussing or reflecting.

The term "IDENTIFY" when referring to:

LAW OFFICES OF
ALASKA LEGAL SERVICES CORPORATION
ANCHORAGE AND STATEWIDE OFFICE
1016 WEST SIXTH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501-1963
(907) 272-9431

1. a natural person means to give his or her full name, present or last known address and telephone number, last known place of employment and job title;

2. a public or private corporation, partnership, company, association, agency or other entity means to give its present or last known address and telephone number, state of incorporation, if applicable, state of registration, if applicable, and major purpose or business activity;

3. a statement means to identify the person(s) who made it, took it, recorded it, or received it; the date and location of where it was made, and how it was recorded or transcribed;

4. a DOCUMENT, means to identify the date, state its general contents, including, if applicable, where, when, how and by whom it was made, who has last known possession, custody or general control of the DOCUMENTS, provided, however, that answers to interrogatories requesting identifications or descriptions of certain communications or DOCUMENTS may be satisfied by attaching a true and correct copy of any written DOCUMENTS, as described therein, containing the requested information.

The term "COMMUNICATION" is defined as any transmission or exchange of information between two (2) or more persons, orally or in writing, and includes, without limitation, any conversation or discussion, whether face-to-face or by means of telephone, letter, facsimile, electronic or other media.

## REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:** Please admit that CSC, Inc. has no documentation that reflects that Ms. Winters' physical condition has deteriorated since she first moved into the Chugiak Senior Center.

**REQUEST FOR ADMISSION NO. 2:** Please admit that CSC, Inc. has no documentation that reflects that Ms. Winters' need for assistance has increased since she first moved into the Chugiak Senior Center.

**REQUEST FOR ADMISSION NO. 3:** Please admit that CSC, Inc. has no documentation that reflects that CSC Inc.'s staff is unable to perform any duties or services requested by Ms. Winters.

**REQUEST FOR ADMISSION NO. 4:** Please admit that CSC, Inc. has no documentation that reflects that CSC Inc.'s staff is unable to perform any duties or services set forth in Ms. Winters' Plan of Care.

**REQUEST FOR ADMISSION NO. 5:** Please admit that CSC, Inc. was provided with Ms. Winters' Plan of Care at or around the time Ms. Winters became a resident of the Chugiak Senior Center.

**REQUEST FOR ADMISSION NO. 6:** Please admit that CSC, Inc.'s staff regularly performs all duties and services identified in Ms. Winters' Plan of Care.

LAW OFFICES OF
ALASKA LEGAL SERVICES CORPORATION
ANCHORAGE AND STATEWIDE OFFICE
1016 WEST SIXTH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501-1963
(907) 272-9431

**REQUEST FOR ADMISSION NO. 7:** Please admit that CSC, Inc.'s staff regularly performs all duties and services identified in the Plans of Care for all of the other residents of the Chugiak Senior Center who have said Plans of Care.

**REQUEST FOR ADMISSION NO. 8:** Please admit that Ms. Winters is not the only resident of the Chugiak Senior Center's assisted living program who participates in the State of Alaska's Medicaid Choice Waiver program.

**REQUEST FOR ADMISSION NO. 9:** Please admit that a prerequisite for admission to the State of Alaska's Medicaid Choice Waiver program is that a participant requires nursing home level of care.

**REQUEST FOR ADMISSION NO. 10:** Please admit that when you admitted plaintiff as a resident, you thought that her ability to care for herself would improve over time.

**REQUEST FOR ADMISSION NO. 11:** Please admit that you have no documentation supporting your claim that, when you admitted plaintiff as a resident, you thought that her ability to care for herself would improve over time.

**REQUEST FOR ADMISSION NO. 12:** Please admit that, aside from plaintiff, you have never admitted any other person as a resident with the expectation that his or her ability to care for him or herself would improve over time.

## INTERROGATORIES

**INTERROGATORY NO. 1**: Please identify by name, last known address and phone number any employees or independent contractors that worked at the assisted living program at Chugiak Senior Center from September 1, 2004 to the present date.

**INTERROGATORY NO. 2**: Please identify by name, last known address and phone number any persons that lived in the assisted living program at the Chugiak Senior Center from September 1, 2004 to the present date.

**INTERROGATORY NO. 3:** Please identify by name, last known address and phone number any persons who lived in the assisted living program at the Chugiak Senior Center from September 1, 2004 to the present date and were asked to leave, threatened with eviction, or actually evicted by CSC, Inc.

**INTERROGATORY NO. 4:** Please identify by name, last known address and phone number any persons who lived in the assisted living program at the Chugiak Senior Center from September 1, 2004 and who had any of his or her contracts with CSC, Inc. (e.g., Resident Services Contract and/or Lease Agreement and/or Plan of Care Contract) terminated or threatened to be terminated by CSC, Inc.

**INTERROGATORY NO. 5**: Please identify the number of people that have lived in the assisted living program at the Chugiak Senior Center who were, during their residency, also participants in the State of Alaska's Medicaid CHOICE Waiver Program.

**INTERROGATORY NO. 6**:  Please identify by name and last known address and phone number all Care Coordinators that have coordinated the care for any persons that have ever resided at the Chugiak Senior Center's assisted living program.

**INTERROGATORY NO. 7**:  Please set forth all facts that support CSC, Inc.'s contention that plaintiff's needs have increased since she was first admitted to Chugiak Senior Center including the date of such increase(s), the nature of such increase and the witnesses to such increases.

**INTERROGATORY NO. 8**:  Please set forth all facts which show how plaintiff's damages, if any, were caused or contributed by her own negligence.

**INTERROGATORY NO. 9**:  Please set forth all facts which show how plaintiff's damages, if any, might be due to the conduct of others, over whom CSC, Inc. had no responsibility or duty to control.

**INTERROGATORY NO. 10**:  Please set forth all facts which show how plaintiff's claims might be barred by estoppel and/or waiver.

**INTERROGATORY NO. 11**:  Please set forth all facts supporting the idea that there may be an indispensable party to this lawsuit.

LAW OFFICES OF
ALASKA LEGAL SERVICES CORPORATION
ANCHORAGE AND STATEWIDE OFFICE
1016 WEST SIXTH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501-1963
(907) 272-9431

**INTERROGATORY NO. 12**:  Please set forth all facts which show how plaintiff, or any other persons, may have misrepresented data or acted fraudulently so as to induce defendant to enter into one or more contracts with plaintiff.

**INTERROGATORY NO. 13**:  Please identify by date and substance any complaints made by any other persons concerning CSC, Inc. and/or the assisted living program at the Chugiak Senior Center.

**INTERROGATORY NO. 14**:  Please identify all of plaintiff's needs that CSC, Inc. alleges it is incapable of meeting.

**INTERROGATORY NO. 15:**  Please identify by date and substance all incidents of behavior and/or conduct by the plaintiff that support CSC, Inc.'s assertion that plaintiff is verbally abusive to staff and other residents.

**INTERROGATORY NO. 16:**  Please set forth all facts which support CSC, Inc.'s claim that, when you accepted plaintiff as a resident, you thought that her ability to care for herself would improve.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1**:  Please produce all DOCUMENTS RELATING TO the personnel policies and procedures of CSC, Inc. including but not limited to all information/directives/manuals/ internal directives regarding hiring, screening, training,

retention, recruitment and dismissal of staff, employees, independent contractors and employee contracts.

**REQUEST FOR PRODUCTION NO. 2**: Please produce all DOCUMENTS RELATING TO the resident policies and procedures of CSC, Inc., including but not limited to all information/directives/manuals/ internal directives regarding admission, retention, care of, dismissal, transfer and eviction of residents.

**REQUEST FOR PRODUCTION NO. 3**: Please produce all DOCUMENTS RELATING TO any complaints of residents of, or applicants to, CSC, Inc.'s assisted living program, against CSC, Inc. or anyone that worked at CSC, Inc., from the opening of the CSC's assisted living program, to the present date.

**REQUEST FOR PRODUCTION NO. 4**: Please produce all documents, including emails, sent or received by anyone working for, CSC Inc. that refer or relate to the plaintiff, Carol Winters or this lawsuit.

**REQUEST FOR PRODUCTION NO. 5**: Please produce all documents, including emails, sent to, received from, or relating to the Long Term Care Ombudsman's Office and/or its counsel.

**REQUEST FOR PRODUCTION NO. 6**: Please produce all documents, including emails, sent to or received from the Municipality of Anchorage or any of its employees concerning CSC, Inc.'s assisted living program.

**REQUEST FOR PRODUCTION NO. 7**: Please produce all DOCUMENTS RELATING TO any persons who lived in the assisted living program at the Chugiak Senior Center from September 1, 2004 to the present date and were asked to leave, threatened with eviction, or actually evicted by CSC, Inc.

LAW OFFICES OF
ALASKA LEGAL SERVICES CORPORATION
ANCHORAGE AND STATEWIDE OFFICE
1016 WEST SIXTH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501-1963
(907) 272-9431

**REQUEST FOR PRODUCTION NO. 8**: Please produce all DOCUMENTS RELATING TO any persons who lived in the assisted living program at the Chugiak Senior Center from September 1, 2004 to the present date and had his or her Resident Services Contract and/or Lease Agreement and/or Plan of Care Contract terminated or threatened to be terminated by CSC, Inc.

**REQUEST FOR PRODUCTION NO. 9**: Please produce any CSC, Inc. Minutes, Motions or Board actions concerning plaintiff and/or Carol Winters.

**REQUEST FOR PRODUCTION NO. 10**: Please produce all DOCUMENTS that refer or relate to CSC, Inc.'s contention that plaintiff's medical needs have increased since she was first admitted to Chugiak Senior Center.

**REQUEST FOR PRODUCTION NO. 11**: Please produce all DOCUMENTS that refer to or relate to CSC, Inc.'s contention that you thought plaintiff's ability to care for herself would improve *after* she was admitted to Chugiak Senior Center.

**REQUEST FOR PRODUCTION NO. 12**: Please produce all DOCUMENTS which reflect or relate to how plaintiff's damages, if any, were caused or contributed by her own negligence.

**REQUEST FOR PRODUCTION NO. 13**: Please produce all DOCUMENTS which refer or relate to how plaintiff's damages, if any, might be due to the conduct of others, over whom CSC, Inc. had no responsibility or duty to control.

LAW OFFICES OF
ALASKA LEGAL SERVICES CORPORATION
ANCHORAGE AND STATEWIDE OFFICE
1016 WEST SIXTH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501-1963
(907) 272-9431

**REQUEST FOR PRODUCTION NO. 14**:  Please produce all DOCUMENTS which refer to relate to how plaintiff's claims might be barred by estoppel and/or waiver.

**REQUEST FOR PRODUCTION NO. 15**:  Please produce all DOCUMENTS which refer or relate to how there may be an indispensable party to this lawsuit.

**REQUEST FOR PRODUCTION NO. 16**:  Please produce all DOCUMENTS which refer or relate to how plaintiff, or any other persons, may have misrepresented data or acted fraudulently so as to induce defendant to enter into one or more contracts with plaintiff.

**REQUEST FOR PRODUCTION NO. 17**:  Please produce all DOCUMENTS RELATING TO CSC Inc.'s operating agreement and/or articles of incorporation, including any amendments thereto.

**REQUEST FOR PRODUCTION NO. 18**:  Please produce all of CSC, Inc.'s annual reports, including any amendments thereto, from CSC, Inc.'s formation to the present.

**REQUEST FOR PRODUCTION NO. 19:**  Please produce all DOCUMENTS RELATING TO any and all meetings of CSC, Inc.'s shareholders, owners, members, and/or managers regarding the plaintiff.

**REQUEST FOR PRODUCTION NO. 20:**  Please produce all DOCUMENTS (including personnel files) RELATING TO any and all workers of CSC, Inc. that provided care to the plaintiff from September 2004 to present.

LAW OFFICES OF
ALASKA LEGAL SERVICES CORPORATION
ANCHORAGE AND STATEWIDE OFFICE
1016 WEST SIXTH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501-1963
(907) 272-9431

**REQUEST FOR PRODUCTION NO. 21:** If you claim that CSC's staff is unable to perform any duties or services requested by Ms. Winters' Plan of Care, please produce all documents that form the basis for your claim.

**REQUEST FOR PRODUCTION NO. 22:** Please produce all documents reflecting any internal discussions had by anyone at CSC, Inc. concerning plaintiff.

**REQUEST FOR PRODUCTION NO. 23:** Please produce all documents reflecting any discussions by anyone at CSC, Inc. with anyone outside of CSC, Inc. concerning plaintiff, except for communications had with counsel.

**REQUEST FOR PRODUCTION NO. 24:** Please produce all documents that refer or relate to the Long-Term Care Ombudsmen's office.

**REQUEST FOR PRODUCTION NO. 25:** Please produce all documents that support the idea that forcible entry and detainer actions can be used against residents of the assisted living facility managed by CSC, Inc.

**REQUEST FOR PRODUCTION NO. 26:** Please produce the resume and/or curriculum vitae for Linda Hendrickson.

LAW OFFICES OF
ALASKA LEGAL SERVICES CORPORATION
ANCHORAGE AND STATEWIDE OFFICE
1016 WEST SIXTH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501-1963
(907) 272-9431

Dated this 14th day of July, 2006

                                ALASKA LEGAL SERVCIES CORPORATION
                                Attorneys for Plaintiff

By: _____
     James J. Davis, Jr., Alaska Bar No. 9412140

**CERTIFICATE OF SERVICE**

I certify that on July 14, 2006, a true and correct copy of the foregoing was served by U.S. mail on:

Donna M. Meyers
Delaney, Wiles, Inc.
1007 W.3d Ave. Suite 400
Anchorage, AK 99501-3581

LAW OFFICES OF
ALASKA LEGAL SERVICES CORPORATION
ANCHORAGE AND STATEWIDE OFFICE
1016 WEST SIXTH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501-1963
(907) 272-9431

*Winters v. Chugiak Senior Center, Inc.*
Case No. 3:06-cv-00083 -TMB
Plaintiff's First Set of Discovery Requests to CSC
Page 16 of 16