**LSC**

ALASKA LEGAL SERVICES CORPORATION
ANCHORAGE AND STATEWIDE OFFICE

1016 WEST SIXTH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501-1963
TELEPHONE (907) 272-9431
FAX (907) 279-7417
www.AlaskaLawHelp.org

August 19, 2006

**VIA FAX AND MAIL**

Donna M. Meyers
Eric Ringsmuth
Delaney Wiles, Inc.
1007 W. 3d Ave., Suite 400
Anchorage, AK 99501

Re: *Winters v. Chugiak Senior Center, Inc.*

Dear Donna and Eric:

It was good seeing both of you yesterday. We are looking forward to sitting down with you both on Monday afternoon so as to try to resolve your concerns vis à vis plaintiff's discovery answers and our concerns vis à vis defendant's discovery answers.

The former have been prettily thoroughly identified in the briefing before the Court so I don't think there is any need to restate our differences. Hopefully we can hammer them out Monday. The latter -- our concerns vis à vis defendant's discovery answers -- have not yet been set forth to you in any detail. We wanted to do so in this letter so as to make our meeting Monday concerning these matters more productive. Hopefully we can resolve all of our disputes. But even if we can't at least we can tell the Court that we aired out all of our differences and resolved those that we could; the Court can resolve whatever we, collectively, cannot.

So, here are our concerns vis à vis defendant's discovery answers:

- **Interrogatory No. 2.** We seek data concerning previous residents of CSC. You failed to produce any data to us and referred us to the LTCO office. This is improper under the discovery rules. We need *you* to provide us with the requested data.

    In your answer you also claim giving us this data "invades the privacy interests of the residents who have lived in the assisted living program at CSC." If this is really what you think you need to identify the law or case authority that establishes such a "privacy interest." And, you need to tell us if you gave this data, unedited, to the LTCO. If you did, it is hard to see how you can now be



PLAINTIFF'S EXHIBIT 3

telling us it is too private to disclose to us; you have already disclosed it to another entity.

- **Interrogatories Nos. 3 and 4.** We seek data concerning previous residents of CSC that were threatened with eviction. Again, you failed to produce any data to us and referred us to the LTCO office. This is improper under the discovery rules. We need *you* to provide us with the requested data.

In your answer you also claim giving us this data "invades the confidentiality and privacy of former and current residents." Again, if this is really what you think you need to identify the law or case authority that establishes such a "confidentiality" or "privacy interest." And, you need to tell us if you gave this data, unedited, to the LTCO. If you did, it is hard to see how you can now be telling us it is too private to disclose to us; you have already disclosed it to another entity.

- **Interrogatory No. 5.** We asked a simple question: the number of Waiver participants at CSC. You gave us no data but promised to give us "census data." You need to give us the data we asked for, now, not at some indefinite point in the future.

- **Interrogatory No. 7.** We asked a simple and critical question: the facts supporting your claim that the plaintiff's needs have increased since she was first admitted to CSC. Your answer was to refer us to "Progress Notes and Care Conference Summaries." Again, this is improper under the discovery rules. We need *you* to provide us with the requested data. If you want to refer us to documents, you need to specify the ones that you are referring to.

- **Interrogatory No. 11.** We asked a simple question: the facts supporting your defense of "indispensable party." You refused to answer based on attorney-client privilege. This is a frivolous objection. If this is your affirmative defense you need to tell us the facts that support it.

- **Interrogatory No. 12.** We, again, asked a simple and critical question: what facts support your claim that the plaintiff concealed data from you. You answer did not identify one fact that was allegedly concealed. You need to state *all* facts which support this claim of yours.

- **Interrogatory No. 13.** We, again, asked a simple question: tell us of other complaints regarding CSC. You gave us no data. To help you and in a good-faith effort, please limit your answer to the last 5 years and limit your answer to written complaints. And please give us the data. Assume the word "complaint" is meant as it is commonly used; when someone is unhappy or upset about something and voices that unhappiness or upset.

*[handwritten: 2001- last five years - assisted living]*

2

- **Interrogatory No. 14.** We, again, asked a simple and critical question: what needs of plaintiff can CSC not meet. You did not identify any need that CSC cannot meet, but suggested that showering was one area of concern. You need to tell us of the other needs or areas that CSC is having problems with.

- **Interrogatory No. 15.** We asked a simple and critical question: when has plaintiff been abusive to CSC staff. Your answer was, again, to refer us to "Progress Notes and Care Conference Summaries." Again, this is improper under the discovery rules. We need *you* to provide us with the requested data. If you want to refer us to documents, that is okay, but you need to specify the ones that you are referring to. You cannot simply refer to hundreds of "Progress Notes and Care Conference Summaries" and have us guess at which ones you are referring to.

- **Interrogatory No. 16.** We, again, asked a simple and critical question: tell us all facts supporting your claim that you thought plaintiff would get better at caring for herself after being admitted to CSC. You told us no facts and, instead, made a general objection based on, from we can see, nothing. Please tell us all facts supporting your claim that you thought plaintiff would get better at caring for herself after being admitted to CSC.

- **Request for Production No. 1.** We asked for documents concerning CSC's training and recruitment etc. You gave us nothing but an employee handbook. If there is nothing us, tell us. If there is something more, produce it. To help you and in a good-faith effort, please limit your answer to the last 5 years.

- **Request for Production No. 2.** We asked for documents concerning CSC's policies regarding admission and eviction of residents. You gave us nothing but referred us to our client's contracts. If there is nothing more, tell us. If there is something more, produce it.

- **Request for Production No. 3.** We asked for documents concerning previous complaint concerning CSC. You gave us nothing. If there have been previous written complaint made to CSC please provide them to us. If not, just say so.

- **Request for Production No. 4.** We asked for documents that in your clients' possession that refer to relate to plaintiff or Carol Winters. You limited your answer to: a) emails; from b) Linda Hendrickson; to/from c) the LTCO. You cannot so limit our request. We want all documents, emails and everything else, from anyone working at CSC, concerning plaintiff or Carol Winters. Your preliminary witness list listed 37 or so people at CSC that are your clients in this case. We have to assume there must be a whole lot of emails between and amongst all these people.

- **Request for Production No. 5.** We asked for documents between your clients and the LTCO. You gave us nothing and said you would limit your answer to

3

documents relating to plaintiff. You cannot so limit our request. Please produce that which we seek.

- **Request for Production No. 6.** We asked for documents between your clients and the MOA. You gave us nothing. Please produce the documents that we requested.

- **Requests for Production Nos. 7 and 8.** We asked for documents concerning anyone else CSC evicted. You gave us nothing. Please produce the documents that we requested.

- **Requests for Production Nos. 10 and 11.** We asked for documents concerning your claim that plaintiff's needs have increased since she was first admitted to CSC *and* your claim that you thought plaintiff would become more self-sufficient. You gave us nothing and referred us to various interrogatory answers. That is improper. If there are *documents*, give them to us. If there are none, say so.

- **Requests for Production Nos. 12 – 17, 21.** We asked for an assortment of documents and you gave us not one. Instead, you referred us to various interrogatory answers. That is improper. If there are *documents*, give them to us. If there are none, say so.

- **Requests for Production Nos. 20.** We asked for personnel file documents for CSC employees that cared for plaintiff. You gave us nothing. Obviously, the training and evaluations and previous complaints made about any CSC employee that cared for plaintiff are highly germane. Please produce these documents.

- **Request for Production No. 22.** We asked for documents from CSC concerning discussions within CSC concerning plaintiff. This is pretty simple. If Nurse Smith wrote a note to Nurse Jones saying "I like working with plaintiff, she is the best," this would be covered. You produced nothing and seek to limit our request to formal staff meeting. You cannot so limit our request. Please produce the documents that we requested.

- **Request for Production No. 23.** We asked for documents from CSC concerning discussions by CSC concerning plaintiff, with anyone else. This is pretty simple too. For example, if Hendrickson emailed Sue Samet about plaintiff, this would be covered. You produced nothing and seek to limit our request to emails from Hendrickson to the LTCO. You cannot so limit our request. Please produce the documents that we requested.

- **Request for Production No. 24.** We asked for documents from the CSC that related to the LTCO. You seek to limit our request to emails from Hendrickson to the LTCO and/or documents concerning plaintiff. You cannot so limit our request. Please produce the documents that we requested.

- **Request for Production No. 25.** We asked for documents supporting CSC's view that FEDs lie against CSC residents. You produced nothing. If there are no documents that support CSC's view, you need to say so.

To be candid, in my almost 20 years of practice, I don't remember seeing discovery responses that were more unresponsive, almost spurious, as these are. And I have to think that Judge Burgess is going to be thoroughly unimpressed with defendant's good-faith if he ever reads these responses. But, hopefully, things won't go that far.

Why don't we agree to meet over here at 1:00 p.m.? I will have a pot of fresh coffee for everyone and maybe will pick up some desserts too. Let's really try to work all of our concerns out. If plaintiff cannot get you guys to answer our discovery more fully, we will have to file a motion to compel this week and we will have to ask that the trial date and all pretrial deadlines be vacated; there is just no way that we can prepare for trial when defendant is doing such a number on us in hiding each and every ball.

Very Truly Yours,

James J. Davis, Jr.
Statewide Litigation Attorney

cc: Nikole Nelson; Barb Brink