≡ǁ≡ LSC

ALASKA LEGAL SERVICES CORPORATION
ANCHORAGE AND STATEWIDE OFFICE

1016 WEST SIXTH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501-1963
TELEPHONE (907) 272-9431
FAX (907) 279-7417
www.AlaskaLawHelp.org

August 30, 2006

**VIA FAX AND MAIL**

Donna M. Meyers
Delaney Wiles, Inc.
1007 W. 3d Ave., Suite 400
Anchorage, AK 99501

Re: *Winters v. Chugiak Senior Center, Inc.*

Dear Donna:

Thank you for your call on Monday concerning your client's discovery responses. I understand that, except as noted below, you will be remediating the deficiencies in your interrogatory responses as identified in our letter of August 19, 2006, by the close of business this Friday. I further understand that, except as noted below, you will be remediating the deficiencies as identified in our letter of August 19, 2006, in your responses to our requests for production by the close of business this Friday.

It seems that we are left disagreeing about two different but discrete issues: 1) should defendant produce to plaintiff the requested data from defendant employees' personnel files (Requests for Production No. 20); and 2) should defendant produce to plaintiff the requested data concerning other residents at the Center? (Interrogatories Nos. 2, 3 and 4; Requests for Production Nos. 7 and 8).

In our August 19 letter we set forth the relevance of the above data. I understand you consider all of the above data to be "privileged" in some fashion. I am not sure how you can make this argument insofar as you have already released some or all of the data to other third-parties (e.g., the LTCO). But, in an effort to work with you as to your concerns, we would agree to limit the data from the relevant personnel files to: a) only those employees that worked with plaintiff; and b) to exclude data from said files that relates to rates of pay and/or personal issues relating to the employee (e.g., requests for Family Leave Act time).

As to the requested data concerning other residents at the Center, we would agree to limit our requests to exclude any data concerning the resident's health and/or medical care. We are most interested in knowing if your client "evicted" other residents and, if so, who? You can tell us this data and withhold data concerning the resident's health and/or medical care.

**PLAINTIFF'S EXHIBIT 4**

Please consider these compromise proposals. If they are still not agreeable to you, that is okay; we can agree to disagree. But please let's agree to sign off on a "Good-Faith Certificate" as required by Local Rule 37.1 so that we can move ahead with our motion to compel.

In any event, we need to stipulate to continuing the trial and all of the pretrial deadlines. It seems certain that we will need the Court to resolve a second motion to compel and that is going to take a week or two. And we won't even get your supplemental responses until September 1. The close of discovery is coming soon and, given we have yet to receive the bulk of your discovery responses, cannot effectively depose the people we need to depose. Please let me know how your schedule looks in February – March 2007. We can then ask the Court to move everything back 60 days or so.

Very Truly Yours,

James J. Davis, Jr.
Statewide Litigation Attorney

cc: Nikole Nelson; Barb Brink