CLAY A. YOUNG
JAMES D. FRIDERICI
ANDREW GUIDI
HOWARD A. LAZAR
DONALD C. THOMAS
TIMOTHY J. LAMB
CYNTHIA L. DUCEY
DONNA M. MEYERS

DELANEY WILES, INC.
ATTORNEYS AT LAW
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 279-3581
FAX (907) 277-1331
WWW.DELANEYWILES.COM

KEVIN L. DONLEY
ERIC A. RINGSMUTH
JONATHAN P. CLEMENT
WILLIAM R. WARNOCK

OF COUNSEL
DANIEL A. GERETY
STEPHEN M. ELLIS
WILLIAM E. MOSELEY

August 30, 2006

VIA FACSIMILE
562-7873

James J. Davis, Jr., Esq.
Northern Justice Project
645 G Street, Suite 100
Anchorage, AK 99501

VIA FACSIMILE
279-7417

Nikole M. Nelson, Esq.
and Barbara Brink, Esq.
Alaska Legal Services Corp.
1016 West 6th Avenue, Suite 200
Anchorage, AK 99501

Re: Helen Winters

Dear Counsel:

This is in followup to our conference to address discovery issues on August 24, 2006, and Jim Davis' letter of August 30, 2006. Specifically, Jim's letter does not accurately reflect what I discussed with Barbara Brink on August 28, 2006. The purpose of my call was to inform your office of when we expected to provide our supplementation. I did not inform Barbara Brink we would provide everything Helen Winters requested, except the requested personnel files and information on other residents. In that regard, I informed Barbara we could provide our supplementation by September 1, 2006, but that plaintiff would at the very least have to file a motion to compel the requested personnel files and information on other residents. Without waiving any of its objections to plaintiff's discovery requests, CSC will agree to the following:

Regarding Interrogatory Number 1, Chugiak Senior Citizens, Inc. ("CSC"), will provide a list identifying the names of the individuals, including the care providers, that worked at the assisted living facility from September 1, 2004, to the present date.

With regard to Interrogatory No. 2, CSC is encompassed under HIPAA, and the information requested falls within HIPAA.

With regard to Interrogatories Nos. 3 and 4, the requested information falls within the scope of HIPAA.

With regard to Interrogatory No. 5, the percentage of residents at the assisted living facility, who, during their residency, were also participants in the State of Alaska's Medicaid Choice Waiver Program, has averaged between 75 and 90 percent since September 2004.

PLAINTIFF'S EXHIBIT 5

DELANEY, WILES, HAYES, GERETY, ELLIS & YOUNG, INC.
Nikole M. Nelson
August 30, 2006
Page 2 of 3

With regard to Interrogatory No. 6, the list of care coordinators previously provided to you includes the care coordinators who have had the most clients at CSC since September 2004.

With regard to Interrogatory No. 7, CSC will supplement its response by September 1, 2006. While CSC will not set forth "all facts" in minute detail, it will provide a summary and specific examples that will demonstrate ways in which Helen's needs have increased.

With regard to Interrogatories Nos. 11 and 12, CSC will supplement its response by September 1, 2006. While CSC will not set forth "all facts" in minute detail, it will provide a summary.

With regard to Interrogatory No. 13, CSC will supplement its response to the extent there have been any written complaints since 2001 that have alleged or complained of wrongful eviction.

With regard to Interrogatories Nos. 14 and 15, CSC will not provide "all facts" in minute detail, but will provide a summary and specific examples.

With regard to Interrogatory No. 16, CSC will supplement its response by September 1, 2006. While CSC will not set forth "all facts" in minute detail, it will provide a summary.

With regard to Request for Production No. 1, CSC will supplement its response by September 1, 2006, by providing any policies within the last five years addressing complaint handling and eviction.

With regard to Request for Production No. 2, CSC has already produced the documents responsive to this request, but if additional documents are located evidencing policies regarding admission, retention, care of, dismissal, transfer and eviction of tenants within the last five years, they will be provided.

With regard to Request for Production No. 3, CSC will provide any written complaints against the assisted living facility since 2001 that have alleged or complained of wrongful eviction.

With regard to Request for Production No. 4, CSC will supplement its response by producing any responsive documents sent or received by CSC management since September 2004.

With regard to Request for Production No. 5, CSC will supplement its response by providing any responsive documents by and between CSC management and the LTCO from 2001 to the present relating to Helen Winters and the eviction of residents and/or termination of resident services contracts.

DELANEY, WILES, HAYES, GERETY, ELLIS & YOUNG, INC.
Nikole M. Nelson
August 30, 2006
Page 3 of 3

With regard to Request for Production No. 6, CSC has already produced its contracts with the Municipality of Anchorage, and is not aware of any other documents responsive to this request.

With regard to Requests for Production Nos. 7 and 8, the information requested is encompassed under HIPAA.

With regard to Requests for Production Nos. 10 and 11, CSC will supplement its response by September 1, 2006.

With regard to Requests for Production Nos. 12, 13, 14, and 15, CSC will supplement its response by September 1, 2006.

With regard to Requests for Production Nos. 16 and 17, CSC will supplement its response by September 1, 2006.

With regard to Request for Production No. 19, CSC will supplement its response by producing any responsive documents since September 1, 2004.

With regard to Request for Production No. 20, CSC maintains that its personnel files are confidential. See Zito v. Sports Authority, Inc., 2000 WL 1337666 (Conn. Super. Ct.); Johnson v. Nissan North America, Inc., 146 S.W.3rd 600, 606 (Tenn. App. 2004); and Gerhring v. Case Corp., 43 F.3d 340, 342 (7th Cir. 1994).

With regard to Requests for Production Nos. 21 and 22, CSC will supplement its response by September 1, 2006.

With regard to Request for Production No. 23, CSC will supplement its response by providing any documents reflecting any discussions by CSC management with anyone outside CSC concerning Helen Winters, except for communications had with counsel.

With regard to Request for Production No. 24, CSC will supplement its response to provide any responsive documents since January 1, 2001 relating to Helen Winters and eviction of tenants.

Sincerely,

DELANEY, WILES, HAYES,
GERETY, ELLIS & YOUNG, INC.

Donna M. Meyers

DMM:and/121124