

ALASKA LEGAL SERVICES CORPORATION
ANCHORAGE AND STATEWIDE OFFICE

1016 WEST SIXTH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501-1963
TELEPHONE (907) 272-9431
FAX (907) 279-7417
www.AlaskaLawHelp.org

August 30, 2006

**VIA FAX AND MAIL**

Donna M. Meyers
Delaney Wiles, Inc.
1007 W. 3d Ave., Suite 400
Anchorage, AK 99501

Re: *Winters v. Chugiak Senior Center, Inc.*

Dear Donna:

Thank you for letter of today's date. It is apparent that we respectfully disagree with each other concerning plaintiff's Request for Production Nos. 1[1], 3[2], 5[3], 6[4], 7, 8, 20 and 23[5] and Interrogatories Nos. 2, 3, 4 and 13[6].

It is unfortunate that you did not respond in any way to plaintiff's attempts to deal with your privilege concerns. I think that the lack of effort in finding some common ground, as well as the general tenor of defendant's non-responsiveness to plaintiff's basic requests, is going to cause the Court to wonder about defendant's good-faith in this matter. Be that as it may, are you agreeable to signing off on a "Good-Faith Certificate," as required by Local Rule 37.1, tomorrow, so that we can move ahead with our motion to compel as to the above issues? I would be happy to have one hand-delivered to you first thing in the morning.

---

[1] Request No. 1 is clearly not confined to "policies ... addressing complaint handling and eviction." Polices concerning staff training, or the lack thereof, would be highly germane to this action and are clearly within the scope of Request No. 1

[2] Request No. 3 is not limited only to "complaints ... that have alleged or complained of wrongful eviction." Complaints concerning abusive staff would, I think you would agree, be very relevant to this case. Again, said complaints are clearly within the scope of Request No. 3.

[3] Request No. 5 is not limited only to data concerning wrongful evictions. Data concerning abusive staff would also be very relevant to this case. Again, this data is within the scope of our Request.

[4] It is not possible that there is not one letter or email between your client and the MOA.

[5] Request No. 23 is not limited only to "CSC management." You have taken the position that all of CSC current and former employees are your clients in this case, not just "CSC management." You cannot have it both ways. You need to provide us with the data we requested in Request No. 23.

[6] Interrogatory No. 13 is plainly not limited to complaints concerning "wrongful eviction." Complaints concerning abusive conduct by staff would, of course, also be highly relevant. Again, this data is within the scope of our Interrogatory.

PLAINTIFF'S EXHIBIT 6

Finally, do you agree that we need to move back the trial given this discovery hang-up? If so, I will also send you over a stipulation. If not, we will also file a motion with the Court on that issue.

Very Truly Yours,

James J. Davis, Jr.
Statewide Litigation Attorney

cc: Nikole Nelson; Barb Brink