IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| HELEN WINTERS, )<br>through her power of attorney )<br>Carol Winters, )<br>)<br>    Plaintiff, )<br>)<br>vs. )<br>)<br>CHUGIAK SENIOR CITIZENS, INC., )<br>)<br>    Defendant. )<br>_____ ) | Case No. 3:06-cv-00083-TMB |

**AFFIDAVIT OF NIKOLE NELSON IN SUPPORT
OF PLAINTIFF'S MOTION TO COMPEL**

State of Alaska           )
                                  )ss.
Third judicial District    )

Nikole Nelson, being first duly sworn upon her oath, deposes and states as follows:

1.    I am the supervising attorney of the Anchorage office of Alaska Legal Services Corporation and counsel for the plaintiff in the above-captioned case.

2.    On July 14, 2006, our office propounded Ms. Winters' only set of discovery to Chugiak Senior Citizens, Inc. ("CSC"). A true and correct copy of this discovery request is attached hereto as Exhibit 1.

3.    CSC first responded our request on August 16, 2006. A true and correct copy of CSC's complete responses is attached hereto as Exhibit 2.

4. On August 19, 2006, our office sent CSC's counsel a letter identifying each and all of CSC's discovery deficiencies and requested that counsel for both parties meet face-to-face so as resolve their disagreements. A true and correct copy of the August 16, 2006 letter is attached hereto as Exhibit 3.

5. Counsel for both parties met on or about August 24, 2006 for nearly three hours in an attempt to resolve the matter. As a result of this meeting CSC's counsel agreed to remediate some of its discovery deficiencies but demurred as to whether CSC would produce the other as CSC's counsel needed to confer with their client first.

6. On or about August 28, 2006 counsel for CSC informed our office that CSC was unwilling to supplement their responses vis à vis the data sought by the present motion to compel.

7. On August 30, 2006, in a further attempt to remediate this discovery dispute our office sent CSC's counsel another letter. A true and correct copy of the August 30, 2006 letter is attached hereto as Exhibit 4.

8. CSC's counsel responded on August 30, 2006 confirming that they would not be producing the at-issue data. A true and correct copy of this letter is attached hereto as Exhibit 5.

9. Our office, nonetheless, sent two additional letters to CSC's counsel urging them to produce the requested data and informing them that if they did not we would shortly file a motion to compel and asking CSC's counsel to sign the "Good-Faith Certificate" required by Local Rule 37.1. True and correct copies of these letters are attached hereto as Exhibits 6 & 7.

10. CSC's counsel did not respond to our requests to sign the Local Rule 37.1 "Good-Faith Certificate."

11. Another issue of contention in this case, concerns CSC's claim that all current and former staff members of CSC are represented by CSC and are subject to attorney/client privilege. A true and correct copy of CSC's Preliminary Witness List is attached hereto as Exhibit 8.

DATED: 9-8-2006

ALASKA LEGAL SERVICES CORPORATION
Attorneys for Plaintiff
Helen Winters
through her power of attorney Carol Winters

s/Nikole Nelson
ALASKA LEGAL SERVICES
1016 West 6th Avenue, Suite 200
Anchorage, Alaska 99501
PHONE: (907) 222-9431
FAX: (907) 279-7417
E-mail: nnelson@alsc-law.org
Alaska Bar No. 9906033

**CERTIFICATE OF SERVICE**

      I, Nikole Nelson, certify that on September 8, 2006 a copy of the foregoing document was served electronically on Donna Meyers, at Delaney, Wiles, Hayes, Gerety, Ellis & Young, Inc.

      s/Nikole Nelson