Donna M. Meyers
William E. Moseley
Delaney Wiles, Inc.
1007 W. 3rd Avenue, Suite 400
Anchorage, Alaska 99501
PHONE: 907-279-3581
FAX: 907-277-1331
dmm@delaneywiles.com
wem@delaneywiles.com

Attorneys for Defendant
Chugiak Senior Citizens, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

HELEN WINTERS, through her Power of )
Attorney Carol Winters, )
)
                      Plaintiff, )
)
v. )
)
CHUGIAK SENIOR CITIZENS, INC., )
)
                      Defendant. )
_____ ) Case No. 3:06-cv-00083-TMB

**DEFENDANT CHUGIAK SENIOR CENTER, INC.'S SECOND SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST SET OF DISCOVERY REQUESTS**

Defendant, Chugiak Senior Citizens, Inc. ("CSC") by and through counsel of record, Delaney Wiles, Inc., hereby supplements its responses to Plaintiff's

DELANEY, WILES,
HAYES, GERETY,
ELLIS & YOUNG, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

Winters v. Chugiak Senior Citizens, Inc., Case No. 3:06-cv-00083-TMB
DEFENDANT CHUGIAK SENIOR CENTER, INC.'S SECOND SUPPLEMENTAL RESPONSES
Page 1 of 1

EXHIBIT D
Page 1 of 14

First Set of Discovery Requests to Chugiak Senior Center, Inc., dated July 14, 2006, as follows:[1]

**INTERROGATORY NO. 7:** Please set forth all facts that support CSC, Inc.'s contention that plaintiff's needs have increased since she was first admitted to Chugiak Senior Center including the date of such increase(s), the nature of such increase and the witnesses to such increases.

**SUPPLEMENTAL RESPONSE:** Without waiving CSC's initial objections, CSC hereby supplements its response by identifying specific documents describing the extent to which plaintiff's needs have increased since her admission to CSC, and those documents reflect the time period of such increases, the nature of the increased services required and witnesses to such increases. However, CSC continues to object to setting forth all supporting facts in minute detail, especially since plaintiff refused to produce a signed medical release allowing CSC direct access to her medical records or treating providers, and CSC does not yet have all the medical records the court ordered plaintiff to produce.

In summary, Helen Winters' needs have increased in the following ways:

- Needs ongoing supervision to ensure safety
- Requires greater assistance with mobility due to her decreased ability to stand and/or ambulate

---

[1] Plaintiff modified some of the requests at the parties' discovery conference held August 23, 2006. Some, but not all, of the modifications are described in the requests or supplemental responses.

ANEY, WILES,
/ES, GERETY,
& YOUNG, INC.
SUITE 400
WEST 3RD AVENUE
IORAGE, ALASKA
07) 279-3581

Winters v. Chugiak Senior Citizens, Inc., Case No. 3:06-cv-00083-TMB
DEFENDANT CHUGIAK SENIOR CENTER, INC.'S SECOND SUPPLEMENTAL RESPONSES
Page 2 of 2

EXHIBIT D
Page 2 of 14

- Requires greater assistance with transferring

- Requires greater assistance with food preparation

- Requires greater assistance with toileting needs

- Requires greater assistance due to decreased bladder control

- Requires greater assistance due to decreased bowel control

- Requires more time to assist with bathing

- Requires more assistance overall with ADLs because of an apparent decreased motivation to be independent in ways that she is capable of safely being independent
- Requires more assistance with dressing/undressing

- Requires more supportive services because of her decrease in receptive communication

- Requires more supportive services because of her decrease in ability or willingness to engage in expressive communication

- Requires more assistance because of her decreased inability or unwillingness to adapt to changes

- Memory seems less clear and she requires more reminding or direction from others

- Her anxiety disorder seems to manifest in agitated behavior that is more frequent and intense resulting in the need for increased and additional services

- Requires more intervention by ALP staff

Some responsive documents showing the extent to which plaintiff's needs have increased since she was first admitted to Chugiak Senior Center include, but are not limited to the following:

- Medical Records to be produced by plaintiff

ANEY, WILES,
/ES, GERETY,
& YOUNG, INC.
SUITE 400
WEST 3RD AVENUE
IORAGE, ALASKA
07) 279-3581

Winters v. Chugiak Senior Citizens, Inc., Case No. 3:06-cv-00083-TMB
DEFENDANT CHUGIAK SENIOR CENTER, INC.'S SECOND SUPPLEMENTAL RESPONSES
Page 3 of 3

EXHIBIT D
Page 3 of 14

- Carol Winter's Ltr dtd 9/22/04  (Doc Nos 30018- 20)

- Service Plans  (Doc Nos 30025- 60)

- Physician Orders (Doc No. 30061-112)(*see e.g.* Doc No 30073 where Dr. Coverdale indicates it was alright for Helen to walk with a gait belt, walker & standby assist, which she claims she can no longer do

- Nursing Assessments (Doc Nos 30113- 22)

- Care Conference Summaries (Doc Nos 30372- 86)

- Handwritten notes (Doc Nos 40000- 04)

- Progress Notes (Doc Nos. 20000-20153)

- Supplemental Progress Notes (Doc Nos. 20154-20156)

- Supplemental Progress Notes (6/10/06-7/14/06) (Doc Nos. 20157- 20162)

- Supplemental Progress Notes (7/14/06-8/11/06) (Doc Nos. 20163- 20175)

- Lynn Moser's typed note re 10/2004 phone conference with Carol Winters (Doc No 40220)

- Excerpts from Marla Nelson's electronic file (Doc Nos  40195-40205; 40207; 40208; 40213; 40219)

**INTERROGATORY NO. 12:**    Please set forth all facts which show how plaintiff, or any other persons, may have misrepresented data or acted fraudulently so as to induce defendant to enter into one or more contracts with plaintiff.

**SUPPLEMENTAL RESPONSE:** Without waiving CSC's initial

ANEY, WILES,
'ES, GERETY,
& YOUNG, INC.
SUITE 400
WEST 3RD AVENUE
IORAGE, ALASKA
07) 279-3581

Winters v. Chugiak Senior Citizens, Inc., Case No. 3:06-cv-00083-TMB
DEFENDANT CHUGIAK SENIOR CENTER, INC.'S SECOND SUPPLEMENTAL RESPONSES
Page 4 of 4

EXHIBIT D
Page 4 of 14

objections, CSC hereby supplements its response by identifying specific documents relating to defendant's contention that Carol Winters and/or Kathy Huskey failed to provide full disclosure of all plaintiff's needs and demands at the time of plaintiff's admission. However, CSC continues to object to setting forth all supporting facts in minute detail, especially since plaintiff refused to produce a signed medical release allowing CSC direct access to her medical records or treating providers, and CSC does not yet have all the medical records the court ordered plaintiff to produce.

In summary, Carol Winters and/or Kathy Huskey failed to provide full disclosure of all plaintiff's needs and demands regarding the degree of Helen Winters' needs and demands for assistance in the following areas:

- Supervision needed to ensure her safety
- Mobility
- Transferring
- Food preparation and/or dietary needs
- Toileting needs
- Bladder control
- Bowel control

- Bathing
- Overall assistance with ADLs because of an apparent decreased motivation to be independent in ways that she is capable of safely being independent
- Dressing/undressing
- Supportive services due to issues with receptive and expressive communication
- Supportive services required because of Helen Winter's degree and frequency of agitated behavior
- Supportive service required because of repetitive behavior which may or may not suggest an underlying undiagnosed psychological or psychiatric condition

_ANEY, WILES,
YES, GERETY,
& YOUNG, INC.
SUITE 400
WEST 3RD AVENUE
_ORAGE, ALASKA
07) 279-3581

<u>Winters v. Chugiak Senior Citizens, Inc.</u>, Case No. 3:06-cv-00083-TMB
DEFENDANT CHUGIAK SENIOR CENTER, INC.'S SECOND SUPPLEMENTAL RESPONSES
Page 5 of 5

EXHIBIT D
Page 5 of 14

- Requires more intervention by ALP staff

Some responsive documents showing the extent to which Carol Winters and/or Kathy Huskey failed to provide full disclosure of all of plaintiff's needs and demands at the time of plaintiff's admission include, but are not limited to the following:

- Medical Records to be produced by plaintiff

- Carol Winter's Ltr dtd 9/22/04  (Doc Nos 30018- 20)

- Service Plans  (Doc Nos 30025- 60)

- Physician Orders (Doc No. 30061-112)(*see e.g.* Doc No 30073 where Dr. Coverdale indicates it was alright for Helen to walk with a gait belt, walker & standby assist, which she claims she can no longer do

- Nursing Assessments (Doc Nos 30113- 22)

- Care Conference Summaries (Doc Nos 30372- 86)

- Handwritten notes (Doc Nos 40000- 04)

- Progress Notes (Doc Nos. 20000-20153)

- Supplemental Progress Notes (Doc Nos. 20154-20156)

- Supplemental Progress Notes (6/10/06-7/14/06) (Doc Nos. 20157-20162)

- Supplemental Progress Notes (7/14/06-8/11/06) (Doc Nos. 20163-20175)

- Lynn Moser's typed note re 10/2004 phone conference with Carol Winters (Doc No 40220)

DELANEY, WILES, HAYES, GERETY, & YOUNG, INC.
SUITE 400
WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

Winters v. Chugiak Senior Citizens, Inc., Case No. 3:06-cv-00083-TMB
DEFENDANT CHUGIAK SENIOR CENTER, INC.'S SECOND SUPPLEMENTAL RESPONSES
Page 6 of 6

EXHIBIT  D
Page  6  of  14

- Excerpts from Marla Nelson's electronic file (Doc Nos 40195-40205; 40207; 40208; 40213; 40219)
- Kathy Huskey Care Coordination Records (Doc Nos 50001-50867)
- Job Ready/Ready Care records (Doc Nos 40080-40121)
- Easter Seal records (Doc Nos 40122-40193)

**INTERROGATORY NO. 14:** Please identify all of plaintiff's needs that CSC, Inc. alleges it is incapable of meeting.

**SUPPLEMENTAL RESPONSE:** CSC continues to object to setting forth all supporting facts in minute detail, especially since plaintiff refused to produce a signed medical release allowing CSC direct access to her medical records or treating providers, and CSC does not yet have all the medical records the court ordered plaintiff to produce. However, in addition to CSC's initial response, CSC cannot continue to meet Helen Winters' need to have two staff members available whenever she is provided assistance with her ADLs. Additionally, plaintiff is demanding to have staff microwave and serve all meals in her room and her demands at nighttime require staff to spend an excessive amount of time preparing her for bed.

**INTERROGATORY NO. 15:** Please identify by date and substance all incidents of behavior and/or conduct by the plaintiff that support CSC, Inc.'s assertion that plaintiff is verbally abusive to staff and other residents.

**SUPPLEMENTAL RESPONSE:** CSC hereby supplements its response by identifying specific documents describing incidents of behavior and/or conduct

ANEY, WILES,
ES, GERETY,
& YOUNG, INC.
SUITE 400
WEST 3RD AVENUE
ORAGE, ALASKA
07) 279-3581

Winters v. Chugiak Senior Citizens, Inc., Case No. 3:06-cv-00083-TMB
DEFENDANT CHUGIAK SENIOR CENTER, INC.'S SECOND SUPPLEMENTAL RESPONSES
Page 7 of 7


EXHIBIT D
Page 7 of 14

by the plaintiff that support CSC, Inc.'s assertion that plaintiff is verbally abusive to staff and other residents:

- Care Conference Summaries (Doc Nos 30372- 86)
- Handwritten notes (Doc Nos 40000- 04)
- Progress Notes (Doc Nos. 20000-20153)
- Supplemental Progress Notes (Doc Nos. 20154-20156)
- Supplemental Progress Notes (6/10/06-7/14/06) (Doc Nos. 20157-20162)
- Supplemental Progress Notes (7/14/06-8/11/06) (Doc Nos. 20163-20175)
- Excerpts from Marla Nelson's electronic file (Doc Nos 40195-40205; 40207; 40208; 40213; 40219)
- Supplemental Critical Incident Form (Doc No 10365)

**INTERROGATORY NO. 16:** Please set forth all facts which support CSC, Inc.'s claim that, when you accepted plaintiff as a resident, you thought that her ability to care for herself would improve.

**SUPPLEMENTAL RESPONSE:** CSC objects to providing a summary of all facts supporting its belief that plaintiff's ability to care for herself would improve. In general, the purpose of assisted living is to provide assistance to residents to encourage them to be more independent. Specifically, when plaintiff was accepted as a resident, Carol Winters represented that plaintiff's ability to care for herself would improve as her shoulder healed. Moreover, the

.ANEY, WILES,
YES, GERETY,
& YOUNG, INC.
SUITE 400
WEST 3RD AVENUE
1ORAGE, ALASKA
07) 279-3581

Winters v. Chugiak Senior Citizens, Inc., Case No. 3:06-cv-00083-TMB
DEFENDANT CHUGIAK SENIOR CENTER, INC.'S SECOND SUPPLEMENTAL RESPONSES
Page 8 of 8


EXHIBIT D
Page 8 of 14

physical therapists working with plaintiff were providing therapy to plaintiff in order to improve her ability to care for herself. Some of the documents supporting defendant's belief that plaintiff's ability to care for herself would improve include, but are not limited to the following:

- Medical Records to be produced by plaintiff
- Carol Winter's Ltr dtd 9/22/04  (Doc Nos 30018- 20)
- Service Plans  (Doc Nos 30025- 60)
- Physician Orders (Doc No. 30061-112)(*see e.g.* Doc No 30073 where Dr. Coverdale indicates it was alright for Helen to walk with a gait belt, walker & standby assist, which she claims she can no longer do
- Nursing Assessments (Doc Nos 30113- 22)
- Care Conference Summaries (Doc Nos 30372- 86)
- Handwritten notes (Doc Nos 40000- 04)
- Progress Notes (Doc Nos. 20000-20153) (*see e.g.*, the physical therapists' notes at Doc Nos. 20007; 20009; 20011;20012; 20014; 20016; 20017; 20019- 25; 20028- 33)

**REQUEST FOR PRODUCTION NO. 10:**  Please produce all DOCUMENTS that refer or relate to CSC, Inc.'s contention that plaintiff's medical needs have increased since she was first admitted to Chugiak Senior Center.

**SUPPLEMENTAL RESPONSE:**  CSC continues to object to producing all documents that refer or relate to CSC's contention that plaintiff's medical needs have increased since she was first admitted to Chugiak Senior Center, especially since plaintiff refused to produce a signed medical release allowing CSC direct access to her medical records or treating providers, and CSC does


EXHIBIT D
Page 9 of 14

not yet have all the medical records the court ordered plaintiff to produce. Without waiving the objection and CSC's prior objections, see Supplemental Response to Interrogatory No. 7 listing documents supportive of defendant's position that plaintiff's needs have increased since she was first admitted to Chugiak Senior Center.

**REQUEST FOR PRODUCTION NO. 11:** Please produce all DOCUMENTS that refer or relate to CSC, Inc.'s contention that you thought plaintiff's ability to care for herself would improve *after* she was admitted to Chugiak Senior Center.

**RESPONSE:** CSC continues to object to producing all documents that refer or relate to CSC's contention that it thought plaintiff's ability to care for herself would improve *after* she was admitted to Chugiak Senior Center, especially since plaintiff refused to produce a signed medical release allowing CSC direct access to her medical records or treating providers, and CSC does not yet have all the medical records the court ordered plaintiff to produce. Without waiving the objection and CSC's prior objections see Supplemental Response to Interrogatory No. 16.

**REQUEST FOR PRODUCTION NO. 12:** Please produce all DOCUMENTS which reflect or relate to how plaintiff's damages, if any, were caused or contributed by her own negligence.

**SUPPLEMENTAL RESPONSE:** CSC continues to object to producing all documents which reflect or relate to how plaintiff's damages, if any, were

LANEY, WILES,
\YES, GERETY,
S & YOUNG, INC.
SUITE 400
WEST 3RD AVENUE
HORAGE, ALASKA
907) 279-3581

Winters v. Chugiak Senior Citizens, Inc., Case No. 3:06-cv-00083-TMB
DEFENDANT CHUGIAK SENIOR CENTER, INC.'S SECOND SUPPLEMENTAL RESPONSES
Page 10 of 10

EXHIBIT D
Page 10 of 14

caused or contributed by her own negligence, especially since plaintiff refused to produce a signed medical release allowing CSC direct access to her medical records or treating providers, and CSC does not yet have all the medical records the court ordered plaintiff to produce.   Without waiving the objection and CSC's prior objections, some of the documents include, but are not limited to the following:

- Medical Records to be produced by plaintiff

- Carol Winter's Ltr dtd 9/22/04  (Doc Nos 30018- 20)

- Service Plans  (Doc Nos 30025- 60)

- Physician Orders (Doc No. 30061-112)(*see e.g.* Doc No 30073 where Dr. Coverdale indicates it was alright for Helen to walk with a gait belt, walker & standby assist, which she claims she can no longer do)

- Nursing Assessments (Doc Nos 30113- 22)

- Care Conference Summaries (Doc Nos 30372- 86)

- Handwritten notes (Doc Nos 40000- 04)

- Progress Notes (Doc Nos. 20000-20153)

- Supplemental Progress Notes (Doc Nos. 20154-20156)

- Supplemental Progress Notes (6/10/06-7/14/06) (Doc Nos. 20157-20162)

- Supplemental Progress Notes (7/14/06-8/11/06) (Doc Nos. 20163-20175)

- Lynn Moser's typed note re 10/2004 phone conference with Carol Winters (Doc No 40220)

DELANEY, WILES,
HAYES, GERETY,
& YOUNG, INC.
SUITE 400
WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

Winters v. Chugiak Senior Citizens, Inc., Case No. 3:06-cv-00083-TMB
DEFENDANT CHUGIAK SENIOR CENTER, INC.'S SECOND SUPPLEMENTAL RESPONSES
Page 11 of 11

EXHIBIT D
Page 11 of 14

- Excerpts from Marla Nelson's electronic file (Doc Nos 40195-40205; 40207; 40208; 40213; 40219)

**REQUEST FOR PRODUCTION NO. 13:** Please produce all DOCUMENTS which refer or relate to how plaintiff's damages, if any, might be due to the conduct of others, over whom CSC, Inc. had no responsibility or duty to control.

**SUPPLEMENTAL RESPONSE:** CSC continues to object to producing all documents which reflect or relate to how plaintiff's damages, if any, might be due to the conduct of others, over whom CSC, Inc. had no responsibility or duty to control, especially since plaintiff refused to produce a signed medical release allowing CSC direct access to her medical records or treating providers, and CSC does not yet have all the medical records the court ordered plaintiff to produce. Without waiving the objection and CSC's prior objections, see Supplemental Response to Interrogatory No. 12 listing some responsive documents showing the extent to which Carol Winters and/or Kathy Huskey failed to provide full disclosure of all plaintiff's needs and demands at the time of plaintiff's admission.

**REQUEST FOR PRODUCTION NO. 16:** Please produce all DOCUMENTS which refer or relate to how plaintiff, or any other persons, may have misrepresented data or acted fraudulently so as to induce defendant to enter into one or more contracts with plaintiff.


EXHIBIT D
Page 12 of 14

**SUPPLEMENTAL RESPONSE:** CSC continues to object to producing all documents which reflect or relate to how plaintiff, or any other persons, may have misrepresented data or acted fraudulently so as to induce defendant to enter into one or more contracts with plaintiff, especially since plaintiff refused to produce a signed medical release allowing CSC direct access to her medical records or treating providers, and CSC does not yet have all the medical records the court ordered plaintiff to produce. Without waiving the objection and CSC's prior objections, see Supplemental Response to Interrogatory No. 12 listing some responsive documents showing the extent to which Carol Winters and/or Kathy Huskey failed to provide full disclosure of all plaintiff's needs and demands at the time of plaintiff's admission.

**REQUEST FOR PRODUCTION NO. 21:** If you claim that CSC's staff is unable to perform any duties or services requested by Ms. Winters' Plan of Care, please produce all documents that form the basis for your claim.

**SUPPLEMENTAL RESPONSE:** CSC continues to object to producing all documents that form the basis of CSC's claim that its staff is unable to perform any duties or services requested by Ms. Winters' Plan of Care, especially since plaintiff refused to produce a signed medical release allowing CSC direct access to her medical records or treating providers, and CSC does not yet have all the medical records the court ordered plaintiff to produce. Without waiving the objection and CSC's prior objections, see Supplemental Response to Interrogatory No. 7.

_ANEY, WILES,
YES, GERETY,
; & YOUNG, INC.
SUITE 400
WEST 3RD AVENUE
HORAGE, ALASKA
(07) 279-3581

Winters v. Chugiak Senior Citizens, Inc., Case No. 3:06-cv-00083-TMB
DEFENDANT CHUGIAK SENIOR CENTER, INC.'S SECOND SUPPLEMENTAL RESPONSES
Page 13 of 13


EXHIBIT D
Page 13 of 14

DATED at Anchorage, Alaska, this 19th of September, 2006.

DELANEY WILES, INC.
Attorneys for Chugiak Senior Citizens, Inc.

By: _____
Donna M. Meyers
Alaska Bar No.: 9006011

**CERTIFICATE OF SERVICE**

I hereby certify that on the 19th
day of September, 2006, a copy of
the above was served via fax
on:

Barbara Brink/Nikole Nelson/Jim Davis, Jr.
Alaska Legal Services Corporation
1016 West 6th Avenue, Suite 200
Anchorage, Alaska   99501

_____
Donna M. Meyers (121623)

ANEY, WILES,
'ES, GERETY,
& YOUNG, INC.
SUITE 400
WEST 3RD AVENUE
ORAGE, ALASKA
07) 279-3581

Winters v. Chugiak Senior Citizens, Inc., Case No. 3:06-cv-00083-TMB
DEFENDANT CHUGIAK SENIOR CENTER, INC.'S SECOND SUPPLEMENTAL RESPONSES
Page 14 of 14

EXHIBIT D
Page 14 of 14