IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| HELEN WINTERS, )<br>through her power of attorney )<br>Carol Winters, )<br>            )<br>    Plaintiff, )<br>            )<br>vs. )<br>            )<br>CHUGIAK SENIOR CITIZENS, INC., )<br>            )<br>    Defendant. )<br>_____ ) | Case No. 3:06-cv-00083-TMB |

**PLAINTIFF'S MOTION FOR SETTLEMENT CONFERENCE**

Consistent with Ak. L. Rule 16.2 and this Court's suggestion in chambers on August 18, 2006, plaintiff hereby moves the Court to convene a settlement conference in this matter. The local rule is clear: "[T]he Court favors resolution of cases by negotiation to reduce litigation expense." Ak. L. Rule 16.2(a). The Court's Pretrial Order states that a settlement conference may be conducted upon request of the parties. (Dkt. 64).

Plaintiff believes that a settlement conference in this matter may be productive. Plaintiff is a nearly 91 year old woman who has multiple disabilities, including hearing impairment, macular degeneration, and physical maladies including a heart condition. This lawsuit began as an emergency petition by Alaska Legal Services Corporation ("ALSC") in state court to sustain Helen Winter's residency at the Chugiak Service Center. Plaintiffs' counsel have concerns about the stress of litigation on Plaintiff. Moreover, the parties are incurring large litigation costs now in this case. As this Court observed on August 18, the costs for this litigation will rapidly escalate as trial nears.

Plaintiff's counsel has inquired several times from defendant as to whether it would be willing to join in this Motion. Defendant is not. *See* "Affidavit of Sonya Kerr in Support of Plaintiff's Motion for Settlement Conference," filed and served herewith, and exhibits thereto. Defense counsel has never come out and told plaintiff why they do not want to attempt to settle this case it appears. *Id.* at para. 2.

It appears that the refusal may be based on defendant's understanding that plaintiff wants to live the rest of her natural life at the at-issue assisted living facility. *Id.* And defendant contends it cannot meet all of her needs if she lives there. *Id.* What cannot be disputed is that the amount of money that defendant is paying now in legal fees would easily cover any extra part-time staffer defendant may need to meet plaintiff's alleged extra needs.

Typically, Ak.R. 16.2 permits a motion only for mediation, and usually parties have to agree to another form of settlement. Cf. Ak. R. 16.2(a) with 16.2(c)(1)(A). Here, Plaintiff lacks resources to pay for any mediation approach; she is represented by ALSC indicating her poverty. It would seem to be well within the Court's plenary authority and overall policy of "favoring of resolution by negotiation" to order, without cost to either side, a settlement conference.

Plaintiffs will agree to this Court participating as the settlement judge. If defendant objects and/or if such a protocol is not acceptable to this Court, plaintiffs agree to any other party appointed by this Court to act as the settlement conference facilitator.

Dated this October 5, 2006.

        ALASKA LEGAL SERVICES CORPORATION

        Attorneys for Plaintiff
        Helen Winters
        through her power of attorney Carol Winters

                                           s/Sonja D. Kerr
                                           ALASKA LEGAL SERVICES
                                           1016 West 6th Avenue, Suite 200
                                           Anchorage, Alaska 99501
                                           PHONE: (907) 222-9431
                                           FAX: (907) 279-7417
                                           E-mail: skerr@alsc-law.org
                                           Alaska Bar No. 0409051

Certificate of Service

I hereby certify that on the 5th of October, 2006, a copy of this document and letters was served electronically and by mail on:

Donna M. Meyers
Delaney, Wiles
1007 W. Third Avenue, Suite 400
Anchorage, AK 99501.

S/Sonja D. Kerr (0409051)

Plaintiff's Motion for Settlement Conference
Case No. 3:06-cv-00083-TMB
Page 3 of 3