Donna M. Meyers
William E. Moseley
Delaney Wiles, Inc.
1007 W. 3rd Avenue, Suite 400
Anchorage, Alaska 99501
PHONE: 907-279-3581
FAX: 907-277-1331
dmm@delaneywiles.com
wem@delaneywiles.com

Attorneys for Defendant
Chugiak Senior Citizens, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| HELEN WINTERS, through her Power of Attorney Carol Winters,<br><br>              Plaintiff,<br><br>v.<br><br>CHUGIAK SENIOR CITIZENS, INC.,<br><br>              Defendant. | <br><br><br><br><br><br><br><br><br><br><br>Case No. 3:06-cv-00083-TMB |

### AFFIDAVIT OF DONNA M. MEYERS

STATE OF ALASKA          )
                                            ) ss.
THIRD JUDICIAL DISTRICT )

Donna M. Meyers, being first duly sworn, deposes and says as follows:

1.  My name is Donna M. Meyers. I am the lead attorney in this case representing Chugiak Senior Citizens, Inc. ("CSC"). I have first hand knowledge of the matters set forth herein.

2. This affidavit is offered in support of CSC's Motion For Expedited Consideration of Motion to Quash Subpoena and Deposition of Deborah Geeseman, M.D., and the underlying principle Motion to Quash Subpoena and Deposition of Deborah Geeseman, M.D.

3. A decision on the underlying motion is requested before noon on October 6, 2006, as Dr. Geeseman's deposition is scheduled to take place at 1:00 p.m.

4. On September 20, 2006, the undersigned requested plaintiff to permit to a psychiatric independent medical evaluation (IME) by psychiatrist Deborah Geeseman, M.D. Exhibit A.

5. Without explanation, plaintiff initially refused to undergo an IME. *See* letter from Jim Davis, dated September 21, 2006, and received via mail by the undersigned on September 22, 2006. Exhibit B.

6. Following the continuation deposition of plaintiff's daughter and power of attorney (POA), Carol Winters, on September 22, 2006, plaintiff's counsel (Jim Davis) informed the undersigned counsel that plaintiff would reconsider the request for an IME given Carol Winters' deposition testimony about plaintiff's alleged damages for emotional distress. When the undersigned asked Mr. Davis when plaintiff expected to make a decision about submitting to the Rule 35 examination, Mr. Davis indicated he would respond the following

DELANEY WILES, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

Affidavit of Donna M. Meyers
Winters v. Chugiak Senior Citizens, Inc./Case No. 3:06-cv-0083 (TMB)    Page 2 of 6

Monday, September 25, 2006. However, plaintiff's counsel did not respond by September 25.

7. On September 27, 2006, plaintiff's new counsel, Sonja Kerr, telephoned the undersigned and left a message introducing herself, requesting a curriculum vitae on Dr. Geeseman, and indicating she desired more information regarding Dr. Geeseman's examination. I returned Ms. Kerr's telephone call the following day on September 28, 2006, and indicated I would provide curriculum vitae for Dr. Geeseman, and I further explained that Dr. Geeseman planned to conduct a general psychiatric examination at CSC at a time and in time increments that could accommodate plaintiff's age and any health considerations. When Ms. Kerr mentioned she might want to take Dr. Geeseman's deposition prior to plaintiff deciding whether to submit to the exam, I informed Ms. Kerr that we would not agree to a deposition of Dr. Geeseman because the rules did not entitle plaintiff to demand a deposition of an expert for the purpose of determining whether to submit to a proposed Rule 35 examination.

8. On September 29, 2006, the undersigned received a letter from Ms. Kerr requesting Dr. Geeseman's curriculum vitae and a "thorough description of any proposed Rule 35 examination". The letter also enclosed a notice of deposition for Dr. Geeseman "for the limited purpose of determining what type of

DELANEY WILES, INC.
SUITE 400
1007 WEST 3rd AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

Affidavit of Donna M. Meyers
Winters v. Chugiak Senior Citizens, Inc./Case No. 3:06-cv-0083 (TMB)         Page 3 of 6

Rule 35 examination is proposed." Ms. Kerr also indicated she would be willing to take "this limited deposition by telephone". Exhibit C.

9. On October 2, 2006, the undersigned counsel forwarded a copy of Dr. Geeseman's curriculum vitae to plaintiff's counsel with more information on the scope of Dr. Geeseman's proposed examination. Exhibit D. However, Ms. Kerr claimed the information was "still insufficient", that plaintiff would not be agreeing to the IME at this point, and would continue with Dr. Geeseman's deposition on Friday, October 6, 2006 at 1:00 p.m.

10. On October 4, 2006, I had a telephone conference with Ms. Kerr to inquire about when plaintiff would decide whether to undergo the IME, if Dr. Geeseman's deposition proceeded on Friday for the limited purpose of ascertaining more information about the scope of her proposed examination. At 6:43 p.m., I received an e-mail from Ms. Kerr indicating that Monday, October 9 was the earliest that plaintiff would make a decision about whether to undergo the IME. Exhibit F.

11. On October 5, 2006, I responded by indicating Monday was not acceptable, and I wanted to discuss Dr. Geeseman's deposition that was scheduled for Friday. Exhibit G. During my subsequent discussion with Ms. Kerr the same day, I objected to producing Dr. Geeseman's file because expert disclosures were not due. In response, Ms. Kerr suggested that Dr. Geeseman's deposition on Friday would focus only on her proposed examination and her

DELANEY WILES, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

Affidavit of Donna M. Meyers
Winters v. Chugiak Senior Citizens, Inc./Case No. 3:06-cv-0083 (TMB)                Page 4 of 6

deposition would be continued at a later date and then she could produce her file after expert disclosures were exchanged. However, late the same afternoon, Ms. Kerr sent Dr. Geeseman a letter demanding that she make her file available Friday morning for someone to pickup prior to the deposition. See Exhibit H.

12. CSC's counsel has attempted to confer in good faith with plaintiff's counsel, Sonja D. Kerr, over this dispute even to the point of initially agreeing to allow limited questioning of Dr. Geeseman to satisfy plaintiff's purported need to know more about the scope of Dr. Geeseman's purposed examination. Even though plaintiff's request was highly unusual, the undersigned was willing at that time to allow the questioning of Dr. Geeseman for the very limited purpose of satisfying plaintiff's purported need to know more about Dr. Geeseman's proposed examination. The undersigned was willing to do so because filing an immediate motion to quash had the potential of further delaying the IME than allowing Dr. Geeseman to describe the purposed examination at a brief deposition. Now that it is plainly obvious plaintiff's intended purpose is to prematurely obtain discovery from defendant's expert, rather than to obtain a fuller explanation of the scope of Dr. Geeseman's proposed examination, the undersigned is not willing to make Dr. Geeseman available for such a deposition, and the parties are unable to resolve this discovery dispute.

FURTHER YOUR AFFIANT SAYETH NAUGHT.

_____
Donna M. Meyers

DELANEY WILES, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

SUBSCRIBED AND SWORN TO before me this 6th day of October, 2006 at Anchorage, Alaska.

*Donna Daniels*
Notary Public in and for Alaska
My commission expires: 2·6·08

**CERTIFICATE OF SERVICE**

I hereby certify that on the 6th
day of October, 2006, a copy of
**Affidavit of Donna M. Meyers** was
served electronically on:

Sonja D. Kerr/Nikole Nelson/
Barbara Brink/Jim Davis, Jr.
Alaska Legal Services Corporation
1016 West 6th Avenue, Suite 200
Anchorage, Alaska   99501

s/Donna M. Meyers and William E. Moseley
(122719)

DELANEY WILES, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

Affidavit of Donna M. Meyers
Winters v. Chugiak Senior Citizens, Inc./Case No. 3:06-cv-0083 (TMB)                Page 6 of 6