Donna M. Meyers
William E. Moseley
Delaney Wiles, Inc.
1007 W. 3rd Avenue, Suite 400
Anchorage, Alaska  99501
PHONE:  907-279-3581
FAX:  907-277-1331
dmm@delaneywiles.com
wem@delaneywiles.com

Attorneys for Defendant
Chugiak Senior Citizens, Inc.


IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA


| | |
|---|---|
| HELEN WINTERS, through her Power of Attorney Carol Winters, <br><br> Plaintiff, <br><br> v. <br><br> CHUGIAK SENIOR CITIZENS, INC., <br><br> Defendant. <br> _____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Case No. 3:06-cv-00083-TMB |

**MEMORANDUM IN SUPPORT OF MOTION TO QUASH SUBPOENA AND DEPOSITON OF DEBORAH GEESEMAN, M.D.**

**I.    INTRODUCTION**

CSC has attempted to confer with plaintiff's counsel to schedule a psychiatric independent medical evaluation ("IME") pursuant to Federal Rule of Civil Procedure 35(a).[1]  To date, plaintiff has refused and instead, is insisting on taking Dr. Geeseman's deposition and obtaining a complete copy of her entire file this afternoon

---

[1] *See* Letter to Plaintiff's Counsel, September 20, 2006; **Exhibit A.**

prior to deciding whether to submit to the examination.[2]  Plaintiff's discovery tactics are an abuse of the discovery process that should not be countenanced by the court. Plaintiff has noticed the deposition of Dr. Geeseman and subpoenaed her entire file on plaintiff for the purported purpose of determining the scope of Dr. Geeseman's examination.[3]  However, the subpoena for Dr. Geeseman's file and her deposition should be quashed because they are oppressive and an improper means of obtaining discovery from defendant's expert.

Federal Rule of Civil Procedure 45(b) provides that the Court "upon motion made promptly and in any event at or before the time specified in the subpoena for compliance therewith, may (1) void or modify a subpoena if it is unreasonable and oppressive."

Fed. R. Civ. P. 26(c) states:

> (c)    **Protective Orders.**    Upon motion by a party or by the person from whom discovery is sought, accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, and for good cause shown, the court in which the action is pending or alternatively, on matters relating to a deposition, the court in the judicial district where the deposition is to be taken may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, . . . .

---

[2]Plaintiff's subpoena seeks Dr. Geeseman's entire file on plaintiff Helen Winters by commanding her to produce "[a]ny and all records pertaining to Plaintiff Helen Winters." *See* Subpoena dated September 29, 2006; **Exhibit C**.

[3]CSC is planning to file a separate motion to compel the Rule 35 examination. For now, CSC is seeking an order to quash the subpoena and deposition, and the motion to compel is a separate issue that can be addressed later in due course.

Here the subpoena served upon Dr. Geeseman is unreasonable, oppressive, and contrary to Fed. R. Civ. P. 26 because it impermissibly seeks documents from defendant's retained expert prior to the expert's disclosures. The subpoena should be quashed and the court should enter a protective order prohibiting any deposition of Dr. Geeseman prior to any expert disclosures by Dr. Geeseman.

## II.    STATEMENT OF RELEVANT FACTS

CSC requested plaintiff to undergo a psychiatric IME by psychiatrist, Deborah Geeseman, M.D., that would occur in plaintiff's apartment in the Assisted Living Facility at CSC.[4]  Moreover, in light of plaintiff's age and health, CSC notified plaintiff's counsel that Dr. Geeseman would conduct the IME at a time and in time increments most consistent with plaintiff's age and health.[5]  Initially, plaintiff fatly refused to submit to an IME without providing any explanation for her refusal.[6]  Following the continuation deposition of plaintiff's daughter and Power of Attorney, Carol Winters, plaintiff then agreed to reconsider CSC's request for an IME and to provide a response to the request on September 25, 2006.[7]  However, plaintiff did not provide the promised response on September 25.[8]  Instead, two days later plaintiff requested additional information on Dr. Geeseman and her proposed examination.[9]  At plaintiff's request, CSC provided plaintiff with a copy of Dr. Geeseman's curriculum vitae, and a further explanation of the proposed examination.[10]  Although CSC has provided adequate

---

[4] *Id.*
[5] *Id.*
[6] *See* Letter from Jim Davis, dated September 21, 2006; **Exhibit B**.
[7] *See* Affidavit of Donna M. Meyers, ¶ 6 at p. 2.
[8] *Id.*
[9] *Id.* at ¶ 7 at p. 3.
[10] *See* Letter from Donna M. Meyers, dated October 2, 2006; **Exhibit D**.

notice of Dr. Geeseman's qualifications, and information on the location, timing and scope of Dr. Geeseman's proposed examination, plaintiff continues to put up roadblocks to prevent the IME, including now the outrageous insistence on subpoenaing Dr. Geeseman entire file on plaintiff prior to exchange of expert disclosures.  Plaintiff has refused to state whether she will agree to the Rule 35 examination, and instead responded to CSC's request by scheduling the expert's deposition notice and serving a subpoena on the expert demanding the expert's entire file on plaintiff.  Plaintiff's purported purpose for scheduling the deposition is to discover the scope of the expert's proposed examination, but the subpoena is nothing more than a blatant delay tactic and an impermissible use of discovery tools.  CSC has already provided plaintiff with the information required under Rule 35 as to the qualifications of the expert, the nature of the examination, and the timing of the examination, and her insistence on taking Dr. Geeseman's deposition and obtaining her file is not permitted by Fed. R. Civ. Rule 26.

## II.    ARGUMENT

### A.    The Subpoena and Deposition Should Be Quashed Because They Are Unreasonable and Impermissible Prerequisites Plaintiff is Attempting to Impose On the Proposed Rule 35 Examination.

Most mental and physical examinations are scheduled by agreement between the parties.  *See Hardy v. Riser*, 309 F. Supp. 1234, 1237 n. 3 (N.D. Miss. 1970); Wright, Miller & Marcus, Federal Practice and Procedure (2d. ed. 1994) § 2234 n. 3, Commentary to the 1970 Changes to the Rules of Civil Procedure, 48 F.R.D. 529 ("Examinations [under Rule 35] are very frequently made by agreement . . .").

The undersigned counsel was being more than reasonable by initially conceding to allow plaintiff a limited deposition inquiry into the scope of Dr. Geeseman's

examination, but on the eve of the scheduled deposition plaintiff's subterfuge has become plainly apparent.  The purpose of plaintiff's deposition is not to address any purported concerns about the rigors of Dr. Geeseman's examination and any potential harmful effects on plaintiff.  Instead, plaintiff's insistence that Dr. Geeseman produce her entire file at the deposition reveals plaintiff's true motive and agenda is to do an end run around Fed. R. Civ. P. 26, which prohibits any deposition of a retained expert until after the expert's report is provided.  Fed. R. Civ. P. 26 expressly forbids the taking of defendant's expert witness at this time.  Even though Fed. R. Civ. P. 26 (b)(4)(A) allows for the deposition of testifying expert witnesses, (including the production of relevant documents), it also specifically states that if an expert report is required under Rule 26(a)(2)(B), "the deposition shall not be conducted **until after the report is provided**." (emphasis added).  Further:

> [t]he requirement under subdivision (a)(2)(B) of a complete and detailed report of the expected testimony of certain forensic experts may, moreover, eliminate the need for some such depositions or at least reduce the length of the depositions. Accordingly, the deposition of an expert required by subdivision (a)(2)(B) to provide a written report may be taken only after the report has been served."

*See* also *Lamerre v. New York State Ofc. For The Aging*, 223 F.R.D. 85, 92 at n.9 (N.D.N.Y. 2004)(quoting Fed. R. Civ. P. 26 (b)(4)(A) (Advisory Committee Notes, 1993 Amendment)).  Given the above quoted language, the deposition sought by plaintiff is precisely the sort of unnecessarily costly and duplicitous proceeding which the 1993 amendments to Rule 26 sought to avoid.

    Given plaintiff's unreasonable and unsupportable demands for Dr. Geeseman to produce her entire file at the deposition, and quite frankly the now untrustworthy

representations about the purported scope of the planned deposition, the deposition should not go forward at all. CSC opposes **any** deposition of Dr. Geeseman prior to disclosure of her expert report because Fed. R. Civ. P. 26 forbids the deposition of an expert witness prior to the expert's disclosures. Plaintiff has not and cannot produce any legal authority allowing her to depose defendant's retained expert prior to the expert's disclosures.

## IV.    CONCLUSION

Plaintiff's subpoena is unreasonable, oppressive and contrary to Fed. R. Civ. P. 26, and the Court should quash the subpoena and prohibit plaintiff from taking the deposition of Dr. Geeseman prior to Dr. Geeseman's expert disclosures.

DATED at Anchorage, Alaska, this 6th day of October, 2006.

DELANEY WILES, INC.
Attorneys for Chugiak Senior Citizens, Inc.

s/Donna M. Meyers and William E. Moseley
Delaney Wiles, Inc.
1007 W. Third Avenue, Suite 400
Anchorage, Alaska  99501
Phone:  907-279-3581/Fax:  907-277-1331
E-mail:      dmm@delaneywiles.com
E-mail:      wem@delaneywiles.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th
day of October, 2006, a copy of
**Memorandum in Support of Motion
 to Quash Subpoena and Deposition of
Deborah Geeseman, M.D.**
was served electronically on:

Nikole Nelson
Alaska Legal Services Corporation
1016 West 6th Avenue, Suite 200
Anchorage, Alaska   99501

s/Donna M. Meyers and William E. Moseley
(122717)