Donna M. Meyers
William E. Moseley
Delaney Wiles, Inc.
1007 W. 3rd Avenue, Suite 400
Anchorage, Alaska  99501
PHONE:  907-279-3581
FAX:  907-277-1331
dmm@delaneywiles.com
wem@delaneywiles.com

Attorneys for Defendant
Chugiak Senior Citizens, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| HELEN WINTERS, through her Power of Attorney Carol Winters, <br><br> Plaintiff, <br><br> v. <br><br> CHUGIAK SENIOR CITIZENS, INC., <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 3:06-cv-00083-TMB |

**MEMORANDUM IN SUPPORT OF MOTION TO COMPEL
RULE 35 MENTAL EXAMINATION OF PLAINTIFF**

### I. INTRODUCTION

Chugiak Senior Citizens, Inc. ("CSC") moves this Court for an order compelling plaintiff to undergo a mental examination, pursuant to Fed. R. Civ. P. 35(a).  The plaintiff in this lawsuit is a tenant in CSC's assisted living home.  The issue in this case is whether plaintiff can force CSC to retain her as a tenant, even though plaintiff's needs exceed the level of services CSC can provide and plaintiff has engaged in disruptive conduct in

Memorandum in Support of Motion to Compel
Rule 35 Mental Examination of Plaintiff                                        Page 1 of 12
Winters v. CSC                                                       Case No. 3:06-cv-00083-TMB

violation of her Resident Service Contract and Lease Agreement. In summary, the Court should order plaintiff to submit to an IME because: (i) plaintiff's mental condition is in controversy; (ii) good cause exists for the mental examination; and (iii) despite appropriate notice to plaintiff's counsel that a duly licensed psychiatrist would perform the IME, plaintiff has unreasonably declined to submit to the IME.

## II.   FACTS AND PROCEEDINGS

CSC is a non-profit corporation that offers a limited level of care to its tenants in an assisted living program. CSC tenants reside in their individual apartments and enjoy complete privacy. CSC is not a skilled nursing facility and does not offer skilled nursing services on a full-time basis. CSC has informed plaintiff directly and indirectly – through her daughter, Carol Winters, who has power of attorney[1] – that plaintiff's needs exceed the level of services CSC can safely provide and that plaintiff should be placed in a facility that, unlike CSC, provides one-on-one care for plaintiff's own safety.

Plaintiff brought this action seeking injunctive relief and damages. *See* Amended Complaint at ¶40, 43 and p. 12. Plaintiff claims she suffers from, among other maladies, hypertension and general anxiety disorder. *Id*. at ¶6, 40, 43; *See also* Rebuttal Letter to Eviction Notice, Exhibit A at 3-4 (January 9, 2006). In addition, plaintiff has asserted separate causes of action for intentional infliction of emotional distress ("IIED") and negligent infliction of emotional distress ("NIED"). *Id*. at ¶40, 43. In so doing, plaintiff has alleged she has sustained severe emotional distress, dangerously high blood pressure and a need for additional medications for treatment, as a result of CSC's actions. *Id*. at ¶40, 43.

---

[1]*See* Amended Complaint at ¶2.

Memorandum in Support of Motion to Compel
Rule 35 Mental Examination of Plaintiff                                                               Page 2 of 12
*Winters v. CSC*                                                                              Case No. 3:06-cv-00083-TMB

Plaintiff's medical records establish she has anxiety disorder and signs of dementia and depression, as well as severe memory problems. On January 25, 2001, Karny Jacoby, M.D. recommended Carol Winters have her mother evaluated for dementia and depression. *See* Exhibit B, Plaintiff's Medical Record, 1/25/01, at 2. Dr. Jacoby made this recommendation because for forty-five minutes plaintiff continued to perseverate regarding her incontinence and demonstrated an inability to evaluate change. *Id*. On September 4, 2001, plaintiff's daughter reported plaintiff "is exceedingly anxious." *See* Exhibit C, Plaintiff's Medical Record, 9/04/01, at 2. About this same time, Dr. Timothy Bateman reported the plaintiff demonstrated a high amount of anxiety. *See* Exhibit D, Plaintiff's Medical Record, 9/7/01, at 2. On September 27, 2001, Dr. Michelle D. O'Fallon also noted the plaintiff had anxiety disorder. *See* Exhibit E, Plaintiff's Medical Record, 9/27/01, at 1. These records are consistent with CSC's contention it can no longer meet plaintiff's needs because of plaintiff's perceived underlying mental health condition which manifests in disruptive behavior.

CSC has attempted to confer with plaintiff's counsel to schedule a psychiatric independent medical evaluation ("IME"), pursuant to Federal Rule of Civil Procedure 35(a). *See* Exhibit F, Letter to Plaintiff's Counsel, September 20, 2006. CSC provided notice to plaintiff's counsel that psychiatrist, Deborah Geeseman, M.D. would conduct the IME at Ms. Winters' unit at CSC. *Id*. Moreover, in light of Ms. Winters' age and health, CSC notified plaintiff's counsel that Dr. Geeseman would conduct the IME at a time most consistent with Ms. Winters' health needs. *Id*. Finally, CSC notified plaintiff's counsel that if counsel refused to allow Dr. Geeseman to conduct the IME, CSC would have no

Memorandum in Support of Motion to Compel
Rule 35 Mental Examination of Plaintiff                                    Page 3 of 12
*Winters v. CSC*                                                      Case No. 3:06-cv-00083-TMB

option but to move for an order for examination under Fed. R. Civ. P. 35(a). *Id*. Despite CSC's attempts to conduct an IME of plaintiff, plaintiff has declined to submit to an IME.

Carol Winters testified at her deposition on September 22, 2006 that CSC's actions have caused her mother's anxiety:

> Q. What damages are you claiming your mother has suffered as a result of the actions by [CSC]?
>
> …
>
> A. Well, <u>she suffered definitely an increase of her anxiety and fear, anxiety, fear, which she shouldn't have at her age. She feels lack of security, not knowing</u>. You know, just hurt that people don't want her there and want to throw her out. Her blood pressure medicine was increased twice. Her blood pressure has been really high the last few weeks related to all that is going on. I just took her to the doctor; her blood pressure was up again and he's increased her medication again.
>
> …
>
> Q. Are you claiming that CSC has caused your mother's blood pressure to increase?
>
> A. Absolutely. Absolutely.

*See* Exhibit G, Deposition Transcript of Carol Winters, at 253-54. Carol Winters also testified the plaintiff has anxiety disorder. *Id*. at 208-12, 248. Carol Winters also testified that plaintiff's "nervous system is shot." *Id*. at 220.

### III.   ARGUMENT

The Court should order plaintiff to submit to an IME because plaintiff has placed her mental condition in controversy; because good cause exists for the IME; and because plaintiff has declined to submit to an IME despite appropriate notice that a licensed psychiatrist would perform the examination at Ms. Winters' unit at a time consistent with her health needs.  Under Fed. R. Civ. P. 35(a), a party seeking an IME of another party may obtain an order compelling the other party to submit to an IME if the moving party demonstrates the mental condition is "in controversy" and establishes "good cause" for the IME.  Rule 35(a) provides:

> **(a)   Order for Examination.**
>
> When the mental or physical condition. . of a party or of a person in the custody or under the legal control of a party, is <u>in controversy</u>, the court in which the action is pending may order the party to submit to a physical or mental examination by a suitably licensed or certified examiner or to produce for examination the person in the party's custody or legal control.  The order may be made only on motion for <u>good cause</u> shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made.

Thus, under Rule 35(a), a moving party establishing the opponent's mental condition is in controversy and establishing good cause for an IME is entitled to an order compelling the opponent to submit to an IME upon appropriate notice regarding scheduling the IME.  *See Schlagenhauf v. Holder*, 379 U.S. 104, 118-19, 85 S.Ct. 234, 143, 13 L.Ed.2d 152 (1964) (noting the moving party under Rule 35(a) must demonstrate the existence of "in controversy" and "good cause").

### A. The Court Should Order Plaintiff to Submit to the IME Because Plaintiff's Condition Is In Controversy".

Memorandum in Support of Motion to Compel
Rule 35 Mental Examination of Plaintiff                                                         Page 5 of 12
*Winters v. CSC*                                                                        Case No. 3:06-cv-00083-TMB

The Court should order plaintiff to submit to an IME because plaintiff's mental condition, and its manifestations, is one of the reasons why CSC issued the notice terminating plaintiff's Resident Service Contract and Lease Agreement.  Moreover, plaintiff has placed her mental condition in controversy by alleging Intentional and Negligent Infliction of Emotional Distress; by alleging she suffers from general anxiety disorder; and by seeking damages for mental anguish.  *See* Amended Complaint at ¶40, 43; ¶6; and p. 11, respectively.  In *Schlagenhauf v. Holder*, the United States Supreme Court explained for purposes of Federal Rule of Civil Procedure 35(a), a plaintiff has put her mental condition at issue merely by claiming to have suffered a mental injury.  379 U.S. at 119, 85 S.Ct. at 243 (ruling there was no need for a mental examination because the party to be examined "did not assert his mental condition either in support of or in defense of a claim").  The Court explained the movant was not required to:

> prove his case on the merits in order to meet the requirements for a mental or physical examination.  Nor does it mean that an evidentiary hearing is required in all cases.  This may be necessary in some cases, but in other cases the showing could be made by affidavits or other usual methods short of a hearing.  It does mean, though, that the movant must produce sufficient information, by whatever means, so that the [trial] judge can fulfill his function mandated by the Rule.
>
> Of course, there are situations where the pleadings alone are sufficient to meet these requirements.  <u>A plaintiff in a negligence action who asserts mental or physical injury … places that mental or physical injury clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury</u>.

*Schlagenhauf v. Holder*, 379 U.S. at 119, 85 S.Ct. at 243.

Thus, in a case in which a plaintiff asserts mental injury, the pleadings alone are sufficient to meet the requirements of Fed. R. Civ. P. 35(a).  *Id*.

Memorandum in Support of Motion to Compel
Rule 35 Mental Examination of Plaintiff                                                              Page 6 of 12
*Winters v. CSC*                                                                              Case No. 3:06-cv-00083-TMB

Numerous federal district courts have likewise ruled a plaintiff's claim for emotional distress asserts a mental injury and thus, places plaintiff's mental injury in controversy. *See, e.g., Lahr v. Fulbright & Jaworski, LLP*, 164 F.R.D. 204, 209 (N.D. Tex. 1996) (ruling magistrate judge did not err in concluding plaintiff's intentional infliction of emotional distress claim placed her mental condition in controversy); *Shepherd v. Am. Broadcasting Companies, Inc.*, 151 F.R.D. 194, 212 (ruling plaintiff had placed mental condition in controversy by claiming emotional distress) *vacated on other grounds,* 62 F.3d 1469 (D.C.Cir.1995); *Jansen v. Packaging Corp. of Am.*, 158 F.R.D. 409, 410-11 (N.D. Ill. 1994) (granting motion for mental examination because plaintiff placed her mental condition in controversy by alleging ongoing emotional distress due to sexual harassment). *Cf. Wilson v. Dalton*, 2001 WL 1631864 at *2 (9th Cir. Dec. 17, 2001)(ruling party had placed his mental condition "in controversy" and there was "good cause" for a mental examination because plaintiff had alleged emotional distress) *cert. denied,* 537 U.S. 1194; *Jember v. Santa Clara County*, 2000 WL 61667 at *1 (9th Cir., Jan. 21, 2000)(ruling the district court had not abused its discretion by a mental examination pursuant to Fed. R. Civ. P. 35(a) because plaintiff's mental state was "in controversy" and because there was "good cause")(unpublished opinion) *cert. denied*, 531 U.S. 866.

These courts considering claims for intentional infliction of emotional distress ("IIED") have ruled the plaintiff had placed her mental condition in controversy by asserting such a claim. This is so because a claim of IIED – as distinct from merely claiming damages for mental suffering under another tort – alleges an action for emotional injury independent of other causes of action. *Lahr v. Fulbright & Jaworski*, 164 F.R.D. at 209 (collecting cases in which federal courts have ruled a claim for IIED places

Memorandum in Support of Motion to Compel
Rule 35 Mental Examination of Plaintiff                                           Page 7 of 12
*Winters v. CSC*                                                                  Case No. 3:06-cv-00083-TMB

the plaintiff's mental condition in controversy). "A plaintiff who alleges an action for [IIED] asserts a mental or emotional injury, and thereby places her mental condition in controversy on the basis of the pleadings alone." *Id.*

Here, plaintiff has placed her mental condition in controversy by claiming Intentional and Negligent Infliction of Emotional Distress; by alleging she suffers from general anxiety disorder; and by seeking damages for mental anguish. Plaintiff claimed in her amended complaint that CSC's actions:

> When defendant was and is fully aware of plaintiff's medical conditions (including but not limited to <u>hypertension and a generalized anxiety disorder</u>) and <u>her overall fragility</u>, amount to extreme and outrageous acts, were not justified and have caused plaintiff <u>severe emotional distress, dangerously high blood pressure, a trip to the hospital emergency room, and additional medications for treatment</u>.

*See* Amended Complaint at ¶ 40; *see also Id*. at ¶ 43 (claiming negligent infliction of emotional distress).

The plaintiff has also placed her mental condition in controversy because Carol Winters' deposition testimony establishes the plaintiff is seeking damages for anxiety and fear she has incurred as a result of CSC's actions. *See* Exh. G at 253-54. Furthermore, plaintiff's medical records establish she has anxiety disorder and signs of dementia and depression, as well as severe memory problems. *See* Exh. B at 2; Exh. C at 2; Exh. D at 2; and Exh. E at 1. For example, in these medical records produced by plaintiff, plaintiff's medical providers recommend she be evaluated for dementia and depression, based on their findings. *See* Exh. B at 2.

By her pleadings alone, plaintiff has placed her mental condition in controversy. Moreover, Carol Wnters' deposition testimony that plaintiff has incurred anxiety as a

Memorandum in Support of Motion to Compel
Rule 35 Mental Examination of Plaintiff                                   Page 8 of 12
*Winters v. CSC*                                              Case No. 3:06-cv-00083-TMB

result of CSC's actions establishes the plaintiff has placed her mental condition in controversy. Accordingly, the Court should order plaintiff to submit to an IME.

### B. The Court Should Order Plaintiff to Submit to an IME Because CSC Has Established "Good Cause" Supporting its Need for a Mental Examination of Plaintiff.

The Court should order plaintiff to submit to an IME because CSC has shown good cause that the IME is necessary to determine whether plaintiff has sustained the emotional damages she claims to have suffered. As discussed above, the United States Supreme Court has ruled that a plaintiff, merely by stating a claim for emotional injury, provides defendant with good cause for a mental examination. *See Schlagenhauf v. Holder*, 379 U.S. at 119, 85 S.Ct. at 243. When a plaintiff claims emotional damages, the pleadings themselves are sufficient to establish grounds for a mental examination under Fed. R. Civ. P. 35(a). *Id.*

Here, good cause exists for a mental examination of plaintiff because CSC has no other way of determining the veracity of plaintiff's claims. Plaintiff has claimed she suffers from general anxiety disorder. *See* Amended Complaint at ¶6; Exh. A at 3-4. Plaintiff also claims she has suffered severe emotional distress, dangerously high blood pressure, increased anxiety and a need for additional medications as a result of CSC's actions. *Id*. at ¶40, 43; *See* Exh. G at 253-54. Moreover, plaintiff seeks damages from CSC for mental anguish CSC has allegedly caused plaintiff. *Id*. at p. 11. In order to determine whether plaintiff suffers from general anxiety disorder and whether plaintiff has experienced any damages as a result of CSC's actions, CSC must conduct a mental examination of plaintiff. In addition, CSC must conduct a mental examination to determine the extent of any damages plaintiff has suffered.

Memorandum in Support of Motion to Compel
Rule 35 Mental Examination of Plaintiff                                    Page 9 of 12
*Winters v. CSC*                                                     Case No. 3:06-cv-00083-TMB

If the Court does not order plaintiff to submit to an IME, CSC will have no way to rebut plaintiff's claims or those of any expert plaintiff presents that she has suffered severe emotional distress as a result of CSC's actions. CSC must have an opportunity to conduct an IME of plaintiff to determine whether her claims of severe emotional distress, hypertension, and general anxiety disorder are supported by a medical evaluation. In addition, CSC must conduct an IME of plaintiff to determine whether its actions caused or exacerbated plaintiff's severe emotional distress, as plaintiff has claimed in her Amended Complaint. *See* Amended Complaint at ¶¶ 40, 43. Finally, good cause supports CSC's motion because CSC has attempted to confer with plaintiff's counsel to schedule a psychiatric IME, pursuant to Fed. R. Civ. P. 35(a). *See* Exh. F. However, despite CSC's attempts to schedule an IME of plaintiff, plaintiff has declined to submit to an IME.

### C. Plaintiff's Unreasonable Refusal to Agree to the Rule 35 Examination Requires An Enlargement of Time to Submit Defendant's Rule 35 Expert Report.

If the court grants CSC's motion for a Rule 35 mental examination, Dr. Geeseman will need until November 15 to complete the examination and to prepare a Rule 35 expert report. *See* Affidavit of Donna M. Meyers, ¶ 13, p. 5. CSC requested plaintiff to submit to an IME on September 20, but plaintiff has managed to delay the process to the point that CSC's proposed examiner cannot now complete the examination and Rule 35 report before the current deadline for expert disclosures.[2] Plaintiff unreasonably refused to agree to the IME, and the delay caused by her refusal means Dr. Geeseman is not available to conduct the IME until early November 2006. As explained in the attached

---

[2] *See* Docket 77; CSC's Memorandum in Support of Motion to Quash Subpoena and Deposition of Deborah Geeseman, M.D., (describing the hurdles plaintiff erected to prevent a timely Rule 35 examination).

Memorandum in Support of Motion to Compel
Rule 35 Mental Examination of Plaintiff                           Page 10 of 12
*Winters v. CSC*                                         Case No. 3:06-cv-00083-TMB

affidavit of counsel, Dr. Geeseman will be out of the State of Alaska from October 13- 29, 2006, and early November is now the earliest she could conduct the IME. Thus, if the examination is ordered, Dr. Geeseman could not possibly complete the examination and prepare an expert disclosure before the October 16th deadline. Accordingly, CSC is also requesting an enlargement of time until November 15 to allow Dr. Geeseman sufficient time to conduct the mental examination and complete an expert disclosure.

## CONCLUSION

The Court should order plaintiff to submit to an IME because: (i) plaintiff has placed her mental condition in controversy; (ii) good cause exists for the mental examination; and (iii) despite appropriate notice to plaintiff's counsel that a duly licensed psychiatrist would perform the IME, plaintiff has declined to submit to the IME. Additionally, if the court grants the motion to compel, which it should, CSC requests an enlargement of time until November 15 to serve Dr. Geeseman's Rule 35 report. For the above reasons, the Court should order plaintiff to submit to an IME pursuant to Fed. R. Civ. P. 35(a), and allow CSC a time extension until November 15 to serve the Rule 35 expert report.

DATED at Anchorage, Alaska, this 9th day of October, 2006.

DELANEY WILES, INC.
Attorneys for Chugiak Senior Citizens, Inc.

s/Donna M. Meyers and William E. Moseley
Delaney Wiles, Inc.
1007 W. Third Avenue, Suite 400
Anchorage, AK  99501
Phone:      907-279-3581
Fax:        907-277-1331
E-mail:     dmm@delaneywiles.com
E-mail:     wem@delaneywiles.com

Memorandum in Support of Motion to Compel
Rule 35 Mental Examination of Plaintiff                                    Page 11 of 12
*Winters v. CSC*                                                  Case No. 3:06-cv-00083-TMB

**CERTIFICATE OF SERVICE**

I hereby certify that on the 9th day of October, 2006, a copy of **MEMORANDUM IN SUPPORT OF MOTION TO COMPEL RULE 35 MENTAL EXAMINATION OF PLAINTIFF** was served electronically on:

Jim Davis, Jr./Barbara Brink/
Nikole Nelson/Sonja Kerr
Alaska Legal Services Corporation
1016 West 6th Avenue, Suite 200
Anchorage, Alaska   99501

s/Donna M. Meyers (122866)

Memorandum in Support of Motion to Compel
Rule 35 Mental Examination of Plaintiff                                                    Page 12 of 12
*Winters v. CSC*                                                                            Case No. 3:06-cv-00083-TMB