IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| HELEN WINTERS, through her power of attorney Carol Winters,<br><br>　　　Plaintiff,<br><br>vs.<br><br>CHUGIAK SENIOR CITIZENS, INC.,<br><br>　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. 3:06-cv-00083-TMB<br>)<br>) |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO QUASH THE DEPOSITION OF DR. GEESEMAN**

Defendant has filed an unnecessary motion with this Court demanding expedited consideration of a Motion to Quash vis à vis a *previously agreed upon limited* deposition of Dr. Deborah Geeseman. Ms. Winters' opposes defendant's motion because it is contrary to the parties' prior agreement and because deposing Dr. Geeseman may obviate the need for this Court to rule on defendant's Motion to Compel a Rule 35 Exam.[1]

**BACKGROUND**

On September 20, 2006 defendant's counsel sent plaintiff's counsel a letter indicating that it wanted to have Dr. Geeseman, a local psychiatrist, conduct a Rule 35

---

[1] Defendant's Expedited Motion to Compel a Rule 35 Mental Examination of Ms. Winters was filed yesterday (10/09/06) at 6:31 p.m., thus plaintiff's counsel did not receive it until this morning and as such has not had an opportunity to brief her opposition. Plaintiff objects to having that issue resolved without a full and fair opportunity to brief the subject (including the opportunity to obtain affidavits from Plaintiff's physicians regarding their concerns the impact such an exam may have on the plaintiff's health). This is especially so in light of the fact that the defendant has articulated no exigency in resolving this issue aside from that the defendant's proposed examiner will be out of town for several weeks.

Independent Medical Examination of Ms. Winters. Exh. A attached to Defendant's Motion to Quash. This letter did not set forth sufficient information regarding the parameters or scope of its proposed exam or the qualifications of Dr. Geeseman. *Id*. Due to concerns regarding the toll such an unlimited exam would take on Ms. Winters' very fragile health, Ms. Winters' counsel objected to CSC's proposal IME. Exh. B attached to Defendant's Motion to Quash.

Thereafter, the parties engaged in further conversations about the proposed IME. *See,* Affidavit of Sonja Kerr in Support of Plaintiff's Opposition to Motion to Quash (hereinafter "Kerr Affidavit") at para 4. Plaintiff's power of attorney, Carol Winters, suggested that her mother might be agreeable to such an exam if certain precautionary measures were taken, including ascertaining whether or not Dr. Geeseman has sufficient expertise in assessing individuals with disabilities like Ms. Winters' so as to make the exam meaningful and worth the toll it would take on 90-year old Ms. Winters. *Id.*

To that end, the parties agreed that plaintiff could take a limited deposition of Dr. Geeseman so as to determine the parameters of the proposed IME and to determine whether plaintiff could simply agree to the proposed IME, this agreement by the defendant is clearly conceded by the defendant in the its Motion to Quash, pg. 4. *Kerr Aff.* at para. 5.

The agreed upon limited deposition was set for October 6, 2006 at 1:00 p.m. Plaintiff duly noticed and subpoenaed Dr. Geeseman. *Kerr Aff.* para 6, Exh. 1, pp.1-7.

Just prior to the deposition, on October 5, 2006 a dispute arose regarding whether or not Dr. Geeseman should produce her file on Ms. Winters prior to the exam as requested in plaintiff's subpoena. *Kerr Aff.* at paras. 7, 8, Exh. 2, 3.    Defendant's

counsel advised Dr. Geeseman to withhold her file and not provide it to plaintiff's counsel before the deposition. Attempts to resolve the question of Dr. Geeseman's file were unsuccessful. *Kerr Aff.* at para. 9.

At 10:12 on Friday, October 6, 2006, defendant filed the present expedited Motion to Quash Deposition of Dr. Deborah Geeseman demanding an order from this Court that Plaintiffs respond by 10:00 a.m., the same day, October 6, 2006. That impossibility did not occur. *See,* Dkt. 75, Proposed Motion. But, and despite the subpoena and the parties' agreement, Dr. Geeseman failed and refused to appear for her deposition at the instruction of the defendant. *Kerr Aff.* at para. 10, Exh. 4.

Even in the teeth of CSC's disregard of both the parties agreement and the power of this Court's subpoena, Ms. Winters' counsel again attempted to resolve the matter by proposing that the question of Dr. Geeseman's file be excised from the equation and that the deposition simply go ahead as planned. *Kerr Aff.* at para.11, Exh. 5. CSC rejected Ms. Winters' overtures. *Kerr Aff.* at para. 12, Exh. 6.

Ultimately, given the parties' agreement, CSC had no valid basis for instructing Dr. Geeseman not to attend her deposition. The parties' dispute regarding whether or not Ms. Winters' counsel could access Dr. Geeseman's file prior to the disposition did not and does not justify CSC's outright refusal to do as it had previously agreed and produce Dr. Geeseman for the limited deposition. This is especially so in light of the fact, that Ms. Winters agreed that she would move forward with the limited deposition even without the file.

This Court should allow the limited deposition of Dr. Geeseman as agreed upon to go forward and pend any ruling on the Rule 35 motion until after the deposition;

plaintiff may be able to agree to such an exam so it might be pointless. Even if plaintiff cannot agree to the exam after Dr. Geeseman's deposition, the plaintiff can at least give this Court data as to how the exam might be better limited to protect her fragile health.

This Court is being erroneously asked to approve defendant's Rule 35 exam without even giving the plaintiff a full opportunity to respond and articulate her very valid concerns regarding the scope of the exam and Dr. Geeseman's qualifications to perform it. Such information is vital. *See, e.g.* Advisory Committee Notes to 1991 Amendments to Rule 35, 134 F.R.D. at 651 ("The court is thus expressly authorized to assess the credentials of the examiner to assure that no person is subjected to a court-ordered examination by an examiner whose testimony would be of such limited value that it would be unjust to require the person to undergo the invasion of privacy associated with the examination.").

## CONCLUSION

Defendant's Motion to Quash should be denied and the plaintiff should be allowed to depose Dr. Geeseman prior to ruling on the Defendant's Motion to Compel a Rule 35 Exam.

DATED: October 10, 2006        ALASKA LEGAL SERVICES CORPORATION
                               Attorneys for Plaintiff
                               Helen Winters
                               through her power of attorney Carol Winters


                               s/Nikole Nelson_____
                               ALASKA LEGAL SERVICES
                               1016 West 6th Avenue, Suite 200
                               Anchorage, Alaska 99501

PHONE: (907) 222-9431
FAX: (907) 279-7417
E-mail: nnelson@alsc-law.org
Alaska Bar No. 9906033

I, Nikole Nelson, certify that on October 10, 2006 a copy of the foregoing document was served electronically on Donna Meyers, at Delaney, Wiles, Hayes, Gerety, Ellis & Young, Inc.

s/Nikole Nelson