≡LSC

ALASKA LEGAL SERVICES CORPORATION
ANCHORAGE AND STATEWIDE OFFICE

1016 WEST SIXTH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501-1963
TELEPHONE (907) 272-9431
FAX (907) 279-7417
www.AlaskaLawHelp.org

September 29, 2006

Donna M. Meyers
Delaney, Wiles
1007 W. Third Ave., Suite 400
Anchorage, AK 99501

RE: Winters v. Chugiak Senior Citizens, Inc.

Dear Donna:

Per our phone conversation yesterday, we look forward to receiving a copy of Dr. Geeseman's curriculum vitae and thorough description of any proposed Rule 35 examination. Meanwhile, here is Notice of Deposition of Dr. Geeseman for the limited purpose of determining what type of Rule 35 examination is proposed. If the date and time are not convenient, please let me know. If it is more convenient for the doctor, we would be willing to take this limited deposition by telephone to save costs and time for all concerned.

We also hope to hear back from you promptly as to your clients' willingness to agree to a settlement conference or mediation per L.Rule 16.

Very truly yours,

Sonja D. Kerr
Staff Attorney

EXHIBIT 1
PAGE 1 OF 8

# ⊞ LSC

ALASKA LEGAL SERVICES CORPORATION
ANCHORAGE AND STATEWIDE OFFICE

1016 WEST SIXTH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501-1963
TELEPHONE (907) 272-9431
FAX (907) 279-7417
www.AlaskaLawHelp.org

September 29, 2006

Dr. Deborah Geeseman
711 H. St., Suite 400
Anchorage, AK 99501

RE:   Notice of Deposition – H. Winters

Dear Dr. Geeseman:

We have been advised that Chugiak Senior Center has engaged your services to conduct an evaluation of Helen. We would like to take your deposition regarding your involvement with this case as to the manner and scope of the proposed evaluation. Enclosed is a notice of deposition and subpoena for Friday, October 6, 2006, at 10:00 a.m. We have scheduled the deposition for our offices; however, if it is more convenient for you, we are also open to having you participate in the deposition by telephone. We will pay you for your time; please have your office contact us as to your hourly rate and fee payment.

Very truly yours,

Sonja D. Kerr
Staff Attorney
C:   Donna Meyer, Counsel for CSC

EXHIBIT 1
PAGE 2 OF 8

AO88 (Rev. 1/94) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

For the     DISTRICT OF     Alaska

HELEN WINTERS

V.

CHUGIAK SENIOR CITIZENS

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  3:06-cv-00083-TMB

TO: Dr. Deborah Geeseman
711 H Street, Suite 400, Anchorage, AK 99501

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION Alaska Legal Services Corporation 1016 West 6th Ave., Suite 200, Anchorage, AK 99501 | DATE AND TIME October 6, 2006 1:00 p.m. |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Any and all records pertaining to Plaintiff Helen Winters.

| PLACE Alaska Legal Services Corporation 1016 W. 6th Ave., Suite 200, Anchorage, AK 99501 | DATE AND TIME October 6, 2006 1:00 p.m. |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) *Sonja D. Kerr, Staff Attorney ALSC - for Plaintiff* | DATE 09-29-06 |
|---|---|
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER | |

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.



EXHIBIT 1
PAGE 3 OF 8

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____       _____
              DATE                          SIGNATURE OF SERVER

                                            _____
                                            ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the mmmdemanding party to contest the claim.

EXHIBIT 1
PAGE 4 OF 8

| PROOF OF SERVICE | |
|---|---|
| DATE | PLACE |

SERVED: Bonnie Wickes Psy.D          Hand delivered

SERVED ON (PRINT NAME) | MANNER OF SERVICE

SERVED BY (PRINT NAME): Monique Snipe          TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on  29 Sep. 06
DATE

SIGNATURE OF SERVER: Monique Snipe

ADDRESS OF SERVER: 1016 W. 6th Ave. Suite 200
Anchorage, AK 99501

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the mmmdemanding party to contest the claim.

EXHIBIT 1
PAGE 5 OF 8

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| HELEN WINTERS,<br>through her power of attorney<br>Carol Winters,<br><br>    Plaintiff,<br><br>vs.<br><br>CHUGIAK SENIOR CITIZENS, INC.,<br><br>    Defendant. | Case No. 3:06-cv-00083-TMB |

NOTICE OF DEPOSITION

To:    Dr. Deborah Geeseman
        711 H. St., Suite 400
        Anchorage, AK 99501

PLEASE TAKE NOTICE that the undersigned attorneys for Plaintiff, pursuant to Fed.R. Civ. Proc. Rule 30(b)(1) will take the deposition of Dr. Geeseman, on Friday, October 6, 2006, beginning at 1:00 p.m. before a person authorized by law to administer oaths at the offices of Alaska Legal Services Corporation, 1016 W. 6th Ave., Anchorage, Alaska. Plaintiff hereby requests Dr. Geeseman to appear before this oral examination at the above time and place. The deposition will continue from day to day until completed. You are invited to attend and take such part as you may consider appropriate. The witness shall bring to the deposition any and all files relating or pertaining to Helen Winters.



EXHIBIT 1
PAGE 6 OF 8

1

DATED: September 29, 2006

                ALASKA LEGAL SERVICES CORPORATION

                Attorneys for Plaintiff
                Helen Winters
                through her power of attorney Carol Winters

                s/Sonja D. Kerr
                ALASKA LEGAL SERVICES
                1016 West 6th Avenue, Suite 200
                Anchorage, Alaska 99501
                PHONE: (907) 222-9431
                FAX: (907) 279-7417
                E-mail: skerr@alsc-law.org
                Alaska Bar No. 0409051

Certificate of Service

I hereby certify that on the 29th of September, 2006, a copy of this document and letters was served electronically and by mail on:

Donna M. Meyers
Delaney, Wiles
1007 W. Third Avenue, Suite 400
Anchorage, AK 99501.

w/initial attempted service on Dr. Geeseman this same day.

S/Sonja D. Kerr (0409051)

EXHIBIT 1
PAGE 7 OF 8

2

```
************************************************************************
*                      TRANSACTION REPORT                               *
*                                                 OCT-02-2006 MON 02:06 PM *
*                                                                       *
*   FOR:  Alaska Legal Services      907 279 7417                       *
*-----------------------------------------------------------------------*
*   SEND                                                                *
*   DATE   START    RECEIVER    TX TIME  PAGES TYPE   NOTE      M# DP  *
*-----------------------------------------------------------------------*
*   OCT-02 02:06 PM 2781517      34"      2   FAX TX  OK        962    *
*-----------------------------------------------------------------------*
*                                 TOTAL :  34S PAGES:  2                *
************************************************************************
```

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

HELEN WINTERS,
through her power of attorney
Carol Winters,

    Plaintiff,

vs.

CHUGIAK SENIOR CITIZENS, INC.,

    Defendant.

Case No. 3:06-cv-00083-TMB

NOTICE OF DEPOSITION

To:  Dr. Deborah Geeseman
     711 H. St., Suite 400
     Anchorage, AK 99501

PLEASE TAKE NOTICE that the undersigned attorneys for Plaintiff, pursuant to Fed.R. Civ. Proc. Rule 30(b)(1) will take the deposition of Dr. Geeseman, on Friday, October 6, 2006, beginning at 1:00 p.m. before a person authorized by law to administer oaths at the offices of Alaska Legal Services Corporation, 1016 W. 6th Ave., Anchorage, Alaska. Plaintiff hereby requests Dr. Geeseman to appear before this oral examination at the above time and place. The deposition will continue from day to day until completed. You are invited to attend and take such part as you may consider appropriate. The witness shall bring to the deposition any and all files relating or pertaining to Helen Winters.

EXHIBIT 1
PAGE 8 OF 8