IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| HELEN WINTERS, )<br>through her power of attorney )<br>Carol Winters, )<br>)<br>    Plaintiff, )<br>)<br>vs. )<br>)<br>CHUGIAK SENIOR CITIZENS, INC., )<br>)<br>    Defendant. )<br>_____ ) | Case No. 3:06-cv-00083-TMB |

**CORRECTED AFFIDAVIT OF SONJA KERR IN SUPPORT OF PLAINTIFF'S OPPOSITION TO MOTION TO QUASH DEPOSITION OF DR. GEESEMAN**

State of Alaska         )
                                  )ss.
Third judicial District    )

Sonja Kerr being first duly sworn upon her oath, deposes and states as follows:

1.    I am a staff attorney at Alaska Legal Services Corporation and co-counsel for the plaintiff Helen Winters in the above-captioned case and have firsthand knowledge of the facts set forth herein.

2.    On or about September 20, 2006 Donna Meyers by letter requested that Ms. Winters submit to a Rule 35 Medical Examination by Dr. Geeseman, a local psychiatrist. A true and correct copy of that letter is attached to Defendant's Motion to Compel as Exh. A.  This letter did not set forth sufficient information regarding the parameters or scope of its proposed exam or the qualifications of Dr. Geeseman.

3. Due to concerns regarding the toll such an unlimited exam would take on Ms. Winters' very fragile health, ALSC objected to CSC's proposed IME.

4. Thereafter, Donna Meyers and myself engaged in further conversations about the proposed IME. I conveyed to Ms. Meyers that the plaintiff might be agreeable to such an exam if certain precautionary measures were taken, including ascertaining whether or not Dr. Geeseman has sufficient expertise.

5. In response to those discussions, Ms. Meyers specifically agreed that plaintiff could take a limited deposition of Dr. Geeseman so as to determine the parameters of the proposed IME.

6. The agreed upon deposition was set for October 6, 2006 at 1:00 p.m. I duly noticed and subpoenaed Dr. Geeseman. A true and correct copy of the notice and subpoena are attached hereto as Exh. 1.

7. Just prior to the deposition, on October 5, 2006 a dispute arose regarding whether or not Dr. Geeseman should produce her file on Ms. Winters prior to the exam as requested in plaintiff's subpoena.

8. Defendant's counsel advised Dr. Geeseman to withhold her file and not provide it to plaintiff's counsel before the deposition. A true and correct copy of the letters between counsel and Dr. Geeseman on this subject are attached hereto as Exh. 2 and 3.

9. Attempts to resolve the question of Dr. Geeseman's file were unsuccessful.

10. Dr. Geeseman did not appear for her deposition, apparently at the instruction of the defendant. A true and correct copy of Ms. Meyers' letter so stating is attached hereto as Exh. 4.

11. Even after Defendants filed their motion to quash, I attempted to again to resolve the matter by proposing that the question of Dr. Geeseman's file be excised from the equation and that the limited deposition simply go ahead as planned. A true and correct copy of this letter is attached hereto as Exh. 5.

12. Ms. Meyers rejected this proposal by letter dated October 6, 2006. A true and correct copy of this letter is attached hereto as Exh. 6.

DATED: October 11, 2006

ALASKA LEGAL SERVICES CORPORATION
Attorneys for Plaintiff
Helen Winters
through her power of attorney Carol Winters

s/Sonja D. Kerr
_____
ALASKA LEGAL SERVICES
1016 West 6th Avenue, Suite 200
Anchorage, Alaska 99501
PHONE: (907) 222-9431
FAX: (907) 279-7417
E-mail: skerr@alsc-law.org
Alaska Bar No. 0409051

**CERTIFICATE OF SERVICE**

I, Sonja Kerr, certify that on October 11, 2006 a copy of the foregoing document was served electronically on Donna Meyers, at Delaney, Wiles, Hayes, Gerety, Ellis & Young, Inc.

s/Sonja D. Kerr