Donna M. Meyers
William E. Moseley
Clay A. Young
Delaney Wiles, Inc.
1007 W. 3rd Avenue, Suite 400
Anchorage, Alaska 99501
PHONE: 907-279-3581
FAX: 907-277-1331
dmm@delaneywiles.com

Attorneys for Defendant
Chugiak Senior Citizens, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| HELEN WINTERS, through her Power of Attorney Carol Winters,<br><br>                Plaintiff,<br><br>v.<br><br>CHUGIAK SENIOR CITIZENS, INC.,<br><br>                Defendant.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. 3:06-cv-00083-TMB |

**(PROPOSED) ORDER RE: CONFIDENTIALITY**

Based upon the parties' Stipulation for Protective Order, the Court hereby enters the following Protective Order:

1.     During the course of this litigation defendant Chugiak Senior Citizens, Inc. (hereafter referred to as "CSC") or plaintiff Helen Winters, may designate as confidential certain information or documents containing confidential information. In the event of such designation, the production, discovery, disclosure, and use of such information and documents shall be governed by this order. Documents and information

designated confidential shall not be used, shown, disseminated, copied, or in any way communicated to anyone for any purpose whatsoever, other than as required for the preparation, trial of this action, and any subsequent appeal.  Except as provided below, protected documents and the information contained therein shall be kept confidential from all persons, and may not be used by any of the parties hereto and/or their counsel of record and/or other counsel of record in any other action or matter involving this litigation.  It is understood that those documents and materials produced by CSC pursuant to Federal R. Civ. P. 26-36 and marked by either party as "CONFIDENTIAL" are being produced pursuant to this Stipulation For Protective Order only under the conditions and terms stated herein; they are hereafter referred to as "Confidential Documents."  This Stipulation For Protective Order does not cover every document produced by the parties but applies only to specific documents that are designated and marked by a party as "Confidential."  A party's determination to mark a document "Confidential" shall be made in good faith.

    2.    The Confidential Documents shall not be shown to anyone without the written consent of the party disclosing the document, or upon further order of this court, with the following exceptions:

    (a)    Counsel of record in this action;

    (b)    Employees of counsel of record assigned to and necessary to assist counsel in the preparation of trial in this action;

    (c)    Independent experts and consultants retained by parties whose assistance is necessary for the preparation of trial of this action, except upon further order of this court.

3. The types of matters or items which may be designated as confidential are:

(a) Information that is or may be contained in or conveyed by oral deposition, other pretrial testimony, or in documents or other tangible things.

(b) Documents and other tangible things that are or may be subject to a request for production or subpoena.

4. Before being given access to any Confidential Document, any person described in Paragraph 2 above, to whom a party intends to show, deliver or disseminate information from Confidential Documents, shall be advised of the terms of this Stipulation and Protective Order, shall be given a copy of this Stipulation For Protective Order, shall execute a copy of **Exhibit A** to this Stipulation For Protective Order, and shall agree to be bound by the terms of this Stipulation For Protective Order and **Exhibit A** thereto.

5. Information or documents which may be designated as confidential include the following:

(a) Information relating to the identities of former and current residents of CSC, with the exception of plaintiff Helen Winters, including the dates of residency at CSC and the reasons why any former residents left CSC, except that no personal health information shall be disclosed; and

(b) Personnel information, files, and records, and such information, files, and records may be redacted to delete personal financial and irrelevant health related information, including but not limited to compensation, banking information,

Social Security numbers, dates of birth, addresses, telephone numbers, and health information unrelated to the employees' eligibility for employment at CSC.

6. With respect to testimony elicited during any deposition or other pretrial hearing, whenever counsel for any party deems that a question or line of questioning calls for or has resulted in the disclosure of information which should be treated as confidential, counsel may designate on the record prior to or following such disclosure that the testimony is confidential. In the event any person who is not authorized under paragraph 8 below to receive confidential documents or information but is present and is not a party, the witness or the court reporter, such person shall be excluded from those portions of the proceeding in which confidential matters are disclosed.

7. To the extent that any Confidential Document or information contained therein is used in connection with any depositions in this action, the protected documents or information contained therein shall remain subject to the provisions of this Stipulation For Protective Order, along with the related transcript pages pertaining to the Confidential Documents or information. At the time any protected document is used in any deposition, the court reporter will be informed of this Stipulation For Protective Order, and will be required to proceed in a manner consistent with its terms. The reporter shall separately label the confidential portions of the deposition transcript as "CONFIDENTIAL" and "TO BE OPENED ON COURT ORDER." In the event that the court subsequently determines that any exhibit marked "Confidential" pursuant to this paragraph is not entitled to protection under Rule 26(c), then those portions of the transcript discussing such documents and previously designated as "Confidential" shall no longer be treated as a confidential document.

8. If and to the extent that any party and/or counsel of record desires to support any statements or arguments made in any pleadings with any "Confidential" document subject to this Stipulation, the party and/or counsel of record shall file such documents following any required CM/ECF procedures for filing documents under seal.

9. Prior to the disclosure of the contents of any document subject to this Stipulation For Protective Order during any arguments in open court, the parties and all counsel of record shall either agree to such disclosure, or obtain an order from the court permitting disclosure prior to such disclosure. In the final pretrial conference, the Court shall revisit the necessity of confidentiality of any documents subject to this Protective Order and rule on such necessity and how that shall be handled during the course of the trial.

10. Notwithstanding paragraph 9, nothing in this Stipulation shall prevent the parties and counsel of record from using Confidential Documents for impeachment purposes, whether the witness is a party or a non-party witness, and whether the witness is testifying at deposition, pretrial hearings or at trial. The parties do not waive any positions regarding the admissibility or inadmissibility of any documents produced here under as evidence at trial.

11. The parties, all counsel of record, expert(s), or any other person retained by the parties who have access to any of the information contained in the Confidential Documents shall not under any circumstances publicize the contents of the Confidential Documents or the fact that a party has obtained the Confidential Documents except in court or pursuant to court order.

12. After the termination of this litigation, the provisions of this Stipulation For Protective Order shall continue to be binding, except with respect to those portions of the Confidential Documents or information herein that have become a matter of public record. Further, promptly upon the conclusion of this action, (including any appeal and retrial), all materials, documents, and information which are confidential as set out in this order and all copies thereof shall be returned to the party which produced them or provided the information, or to that party's counsel, or all parties having them shall certify in writing to their complete destruction. All summaries or other materials containing, referencing, or disclosing information contained in such confidential documents and/or deposition testimony, and all copies thereof, shall either be returned to the party producing the document or providing the information or be destroyed and their destruction certified. These provisions apply to the party litigants, their counsel, and all employees, experts, agents, legal representatives, and any other persons or organizations over which the parties or their counsel have control. However, nothing in this Order requires the party litigants or their counsel to intervene in any proceeding, action, or other process to unseal information or documents made confidential as set out in this Order.

13. This Stipulation For Protective Order shall be binding upon all parties, all counsel of record, experts, employees, agents, legal representatives, and any other people or organizations over which they have control.

14. All parties have stipulated to the entry of this order and agreed that violation of any provision of this order permits the imposition of sanctions against the violator. Such sanctions may include monetary penalties or the exercise of the court's

contempt power. Each party shall have the right to pursue any claim it may have against any party who misuses confidential documents or information obtained through the discovery process. This order shall continue to be binding after the conclusion of this litigation. Notwithstanding the conclusion of this litigation, the court shall retain jurisdiction to enforce the provisions of this order and to make such amendments, modifications, and conditions as appropriate. Any motion for sanctions for violation of this Order against the parties or their counsel must be served as provided in FRCP Rule 5, but shall not be filed with or presented to the Court unless, within 21 days after service of the motion the proposed assertion of violation is not appropriately corrected. Otherwise, the provisions of Rule 11 do not apply.

15. Neither the entry of this order nor the parties' stipulation to the entry of this order shall affect the right of any party to object to discovery on any other permissible ground, including but not limited to the attorney-client privilege and attorney work product doctrine. All parties reserve the right to object to any reference to or the admissibility of the confidential documents, materials, or testimony at trial for any reason other than confidentiality.

DATED this ____ day of _____, 2006 at Anchorage, Alaska

_____
Timothy M. Burgess, United States District Court Judge

**CERTIFICATE OF SERVICE**

I hereby certify that on the 30th day of October, 2006, a copy of **(PROPOSED) ORDER RE CONFIDENTIALITY** was served electronically on:

Jim Davis/Barbara Brink/
Nikole Nelson/Sonja Kerr
Alaska Legal Services Corporation
1016 West 6th Avenue, Suite 200
Anchorage, Alaska   99501

s/Donna M. Meyers/( 123702)