Donna M. Meyers
William E. Moseley
Clay A. Young
Delaney Wiles, Inc.
1007 W. 3rd Avenue, Suite 400
Anchorage, Alaska  99501
Phone:  907-279-3581
Fax:  907-277-1331
dmm@delaneywiles.com
wem@delaneywiles.com
cay@delaneywiles.com

Attorneys for Defendant
Chugiak Senior Citizens, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| HELEN WINTERS, through her Power of Attorney Carol Winters,<br><br>                    Plaintiff,<br><br>   v.<br><br>CHUGIAK SENIOR CITIZENS, INC.,<br><br>                    Defendant.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Case No. 3:06-cv-00083-TMB |

**NOTICE OF SUBMISSION TO COURT**

Pursuant to this court's order of September 21, 2006, counsel for the parties conferred with respect to a Joint Proposed Pretrial Order.  The parties were unable to agree as to the description of the substance of claims, relief sought, facts in controversy, or stipulated facts, and therefore have agreed to submit separate submissions.

**Plaintiff's Proposed Description of the Substance of Claims, Relief Sought and Facts in Controversy**

**CLAIMS**

Pursuant to the pretrial order, Plaintiff's propose that the draft pre-trial order reflect, the claims as set forth in Plaintiff's Amended Complaint.

I.  Defendant CSC has violated the **Alaska Assisted Living Homes Act**, AS 47.44.005-AS 47.33.990. CSC's threatened eviction violates the Act and none of the statutory grounds for involuntary termination of the residential services contract exist. AS 47.33.360(a). CSC has retaliated against Plaintiff for having made a complaint to the LTCO. The complaint to the LTCO was made in July of 2005. From that time forward, CSC has persisted in its claim that Plaintiff Winters should leave. Notably, CSC's only claimed basis for Plaintiff's removal is that she has become "heavy care," a purported reason without foundation in fact.

II. CSC Violated the **Alaska Human Rights Act.** AS 18.80.200 et seq. CSC's threatened eviction constitutes discrimination based on disability. AS 18.80.200, 240(a) and (2).

III. CSC Violated the **Alaska Uniform Residential Landlord Tenant Act**. AS 34.03.010. CSC's threatened eviction violates URLTA because CSC has continued to accept rent despite alleging Plaintiff's breach of the Lease Agreement, Resident Services Contract and Resident Policies. CSC has waived the right to terminate by acceptance of the rent.

IV. CSC Committed **Breach of Contract**. Specifically, the Lease Agreement, Resident Service Contract, and Plan of Care contract all of which require the CSC to abide by both state and federal law, including the Alaska Assisted Living Homes Act and the URLTA.

V. CSC Has Violated the **Americans with Disabilities Act**. There is no dispute that Plaintiff Helen Winters is a member of the class protected by the ADA. CSC admits the disabilities of Helen Winters, specifically, hypertension, hearing loss, anxiety and osteoarthritis. Plaintiff's daughter, POA, Carol Winters is also protected as an associated party. While Carol Winters has not put forth a claim on her own behalf, she is protected as an associated party, and specifically a disabled one. CSC has discriminated against Helen Winters because of her disabilities, describing those disabilities as "heavy care" and refusing to take any steps to adequately accommodate her severe bilateral hearing loss and anxiety. The deliberate effort to attempt eviction of Helen Winters without offering such accommodations is a clear violation of the ADA.

VI. CSC Violated the **Rehabilitation Act of 1973**, Section 504.

Plaintiff Helen Winters is a qualified individual with disabilities within the meaning of Section 504. CSC is prohibited from discriminating against Ms. Winters on the basis of her disabilities and thus reducing her full enjoyment and benefit of the programs and activities of the CSC. CSC has failed to accommodate Ms. Winters as to her anxiety and hearing loss, subjecting her to remain basically secluded within her own room and increasing her anxiety by

the lack of trained staff to meet her needs. CSC's attempted eviction of Ms. Winters due to her disabilities violations the Section 504 of the Rehabilitation Act.

VII. CSC Violated the **Fair Housing Act** of 1988.

Plaintiff Helen Winters is a qualified individual with disabilities as that term is used within the FHA. The attempted eviction of her is a violation of the FHA. CSC is prohibited from discriminating on the basis of disability in any aspect of renting housing or in this case denying housing.

VIII. CSC Has **Intentionally Inflicted Emotional Distress**.

CSC acted intentionally or recklessly in attempting to eviction of Plaintiff Helen Winters in retaliation from her complaints and CSC's planned and intentional service on Plaintiff Helen Winters when she was alone and without the benefit or support of her daughter and power of attorney, when CSC was and is fully aware of Ms. Winters medical conditions, including hypertension, anxiety and bilateral hearing loss amount to extreme and outrageous acts, were not justified and caused Plaintiff Winters severe emotional distress, dangerously high blood pressure, a trip to the hospital emergency room, and additional medications for treatment.

IX. Defendants Caused **Negligent Infliction of Emotional Distress**

CSC had a duty to refrain from conduct that would foreseeably result in emotional harm to Plaintiff Helen Winters. It was foreseeable that by delivering to Plaintiff Helen Winters the January 5, 2006 letter notice of eviction when

CSC was aware that she suffers from hypertension and generalized anxiety disorder was extreme and outrageous and caused plaintiff severe emotional distress, dangerously high blood pressure, a trip to the emergency room and additional medications for treatment.

**RELIEF SOUGHT:**

Plaintiff seeks: 1) a declaration that by its actions the Defendant has violated the laws described above and violated its contracts with the plaintiff; 2) order Defendant to retract its notice of intent to evict and terminate Plaintiff Winters' Resident Services Contract and Lease Agreement; 3) enjoin Defendant from engaging in any further eviction proceedings against Plaintiff and to otherwise comply with its contractual duties to plaintiff; and 4) enjoin Defendants from engaging in any further discriminatory or retaliatory practices against her or other CSC residents.

Plaintiff also requests judgment in Plaintiff Winters' favor in an amount to be determined at trial encompassing costs, damages for pain and suffering, damages for mental anguish, punitive damages and the costs and expenses of litigation and such other and further relief as may be just and necessary.

Because federal law precludes plaintiff's counsel from claiming or collecting attorney's fees on her behalf, plaintiff reserves her right to recover attorney's fees, should she prevail in this action.

**FACTUAL ISSUES TO BE TRIED:**

1. Did CSC unlawfully attempt to evict and or discontinue services to Helen Winters and to involuntarily terminate her residential services contract without

        basis in fact and in retaliation for Ms. Winters' and her daughter, Carol Winters, complaints to the LTCO about her care at CSC?

2. Did CSC fail to accommodate Ms. Winters' disabilities, including but not limited to: hypertension, anxiety or generalized anxiety disorder, bilateral hearing impairment, severe osteoarthritis?

3. Did CSC intentionally or negligently cause Helen Winters emotional distress by the manner in which it served her with notice of eviction despite its explicit knowledge that legal matters were handled by Carol Winters, her daughter and POA?

4. What amount of damages Helen Winters is due?

**Defendant's Proposed Pre-Trial Order**

A.     **Introduction.**

Chugiak Senior Citizens, Inc. ("CSC") is a non-profit corporation that operates an assisted living program in Chugiak, Alaska. Plaintiff Helen Winters became a tenant in the CSC's assisted living facility on September 20, 2004. She, individually or through her daughter Carol Winters under her power of attorney, executed a lease agreement, a resident services contract, and an acknowledgement of receipt of resident's rights.

On January 5, 2006, CSC wrote Helen Winters a letter terminating her residential services contract and terminating her lease agreement, and provided reasons. Helen Winters and her daughter, Carol Winters, commenced this litigation in Superior Court for the State of Alaska, Third Judicial District at Anchorage, seeking to enjoin the termination and obtain affirmative relief under a number of legal theories. The claims were removed to this court, where a trial will be held on those claims commencing on February 12, 2007 before a jury. The court issued a preliminary injunction as to the termination issues, effectively leaving the plaintiff in place in the assisted living facility pending a trial on the merits.

The parties submit this proposed joint pre-trial order pursuant to the court's order of September 21, 2006. Where the parties do not agree on a joint statement or position, separate submissions are set out for each party.

B.     **Brief description of claims and defenses.**

1.     The issues to be tried are all based upon whether CSC has terminated or may properly terminate the resident services contract and lease agreements with Helen

Winters. The nine claims for relief, as pled by plaintiff, are as follows, along with a brief description of the elements of proof required for each:

    a. Alleged violation of the Alaska Assisted Living Homes Act (AS 47.33.005, et seq.), on the theory that none of the statutory grounds for termination of the residential services contract exist. Plaintiff alleges none exist; defendant asserts several of them do. In addition, plaintiff asserts that CSC violated the statute by retaliating against her; defendant CSC denies it did so.

    **Elements of proof.** Plaintiff must prove by a preponderance of the evidence that none of the grounds for termination of the residential services contract exist. In addition, plaintiff must prove by preponderance of the evidence that CSC violated the Alaska Assisted Living Homes Act by retaliating against her, the retaliation is said to consist of terminating her lease and resident services contract in response to a complaint filed with the Alaska Long Term Care Ombudsman.

    b. Discrimination claims based on alleged violations of the Alaska Human rights Act, the Americans with Disabilities Act, the Rehabilitation Act of 1973, and the Fair Housing Act of 1988. Defendant CSC denies that any discrimination took place and as a consequence no violations of the referenced statutes occurred.

    **Elements of proof.** A plaintiff seeking relief under the Americans With Disabilities Act must prove (1) they have a disability, (2) the defendant is subject to the ADA, and (3) the plaintiff was denied the opportunity to participate in or benefit from services or accommodation on the basis of the disabilities or that the defendant failed to make reasonable accommodation by modifying policies, practices, or procedures when

such modifications are necessary to afford such goods or services or accommodations to individuals with disabilities, and the defendant has not demonstrated that such modifications would fundamentally alter the nature of such goods, services, or accommodations.  The same elements essentially must be proven under the Alaska Human Rights Act.  The elements of proof under the Rehabilitation Act are identical to those under the Americans With Disabilities Act except that under the RA, the defendant must have discriminated against the plaintiff "solely" because of the plaintiff's disability.  The plaintiff has the burden of proving by preponderance of the evidence all of the elements outlined above, including showing that a reasonable modification is available.  If this burden is met, then the burden shifts to the defendant to show that the requested accommodation is not feasible.

The elements of proof under the Fair Housing Act are similar to those under the ADA and RA.  The plaintiff has the burden of proof on each of these elements.

  **c.**  Alleged violation of the Alaska Uniform Residential Landlord Tenant Act, on the theory that CSC waived its rights to terminate the contract because it continued to accept rent.  Defendant CSC denies any waiver took place and that it had proper grounds to terminate the contract.

  **Elements of proof.**  Under this claim for relief, plaintiff must prove the provisions of AS 34.03.240, <u>Waiver of Landlord's Right to Terminate</u>, apply, notwithstanding the direct application of AS 47.33.360, which permits the involuntary termination of a resident services contract, which does not contain any waiver provision;

and the provisions of AS 34.03.290(b) and (c) which provide for a different treatment of month-to-month or terminable at will tenancies.

       **d.**    Alleged breach of the contracts between CSC and plaintiff. Plaintiff alleges these contracts include the residential services contract, a lease agreement and a plan of care contract and asserts the alleged violations of the various statutes cited above constitute breaches of those contracts. Defendant CSC denies any breach and asserts it properly and with justification gave notice of termination of the residential services contract and lease agreement.

       **Elements of proof.** Under this claim for relief, plaintiff must prove by a preponderance of the evidence that a contract or contracts existed, and that the defendant breached the contracts by terminating them for invalid reasons. In essence, therefore, the elements of proof are the same as under the claims for relief alleging violation of the Alaska Assisted Living Homes Act and under the Uniform Residential Landlord Tenant Act.

       **e.**    Alleged intentional and negligent infliction of emotional distress, by virtue of the giving of notice of the termination directly to Helen Winters instead of to Carol Winters. Defendant CSC asserts that it properly terminated the contracts and properly gave notice of the termination to Helen Winters as well as to Carol Winters by virtue of the express provisions of the contracts. In effect, the contracts specifically required the giving of notice to Helen Winters. Defendant CSC asserts it properly terminated the contracts and that the elements of the NIED and IIED torts cannot be proven.

**Elements of proof.** Under plaintiff's claim for relief alleging intentional infliction of emotional distress, she must prove by clear and convincing evidence (1) that the defendant's conduct was extreme and outrageous, (2) the conduct was intentional or reckless, and (3) the conduct caused severe emotional distress. The level of outrageousness must rise to the level that would support a punitive damages award, and therefore, the burden of proof should be by clear and convincing evidence.

Under plaintiff's claim for negligent infliction of emotional distress, plaintiff must show that the defendant owed the plaintiff a pre-existing duty, the defendant breached that duty, and that the breach was a legal cause of plaintiff's foreseeable and severe emotional distress.

2.  Defendant CSC asserts a number of affirmative defenses including failure to state a claim as to the statutory violation claims and NIED and IIED claims, comparative fault and failure to mitigate damages on the part of the plaintiff, and that punitive damages are not recoverable because of due process rights of the defendant.

**C.    Statement of all relief sought.**

The relief sought by plaintiff includes a declaration by the court that CSC has breached its contracts with plaintiff and has violated the various statutes cited above; an order requiring defendant to retract its notice of termination; an injunction prohibiting CSC from engaging in future termination proceedings; an order prohibiting CSC from retaliating against plaintiff; and an award of damages for pain and suffering, mental anguish and punitive damages. Defendant seeks a declaration that its termination was proper and justified, and dissolution of the preliminary injunction.

**D.    Statement of uncontested facts.**

There is very little the parties can agree are uncontested facts.  The plaintiff's name and age, the date her residency at CSC commenced, the various contracts the parties signed, and the date the notice of termination was mailed, are probably uncontested, but almost everything else is contested.

**E.    List of all factual issues which remain to be tried.**

Factual issues to be tried include whether CSC had valid grounds to terminate the residential services contract, whether any of the acts of CSC violated any of the statutes alleged by plaintiff to be applicable, whether any of CSC's acts constituted intentional or negligent infliction of emotional distress; and damages.

### Exhibit lists

**1.**    Plaintiff's Exhibit List - attached.

**2.**    Defendant's Exhibit List - attached.

### Witness lists

**1.**    Plaintiff's Witness List - attached.

**2.**    Defendant's Witness List - to be filed separately.

DATED at Anchorage, Alaska, this 5th day of December, 2006.

DELANEY WILES, INC.
Attorneys for Chugiak Senior Citizens, Inc.

_ s/Clay A. Young_____
1007 W. 3rd Avenue, Suite 400
Anchorage, Alaska  99501
Phone:  907-279-3581
Fax:  907-277-1331
cay@delaneywiles.com
Alaska Bar Assoc. No. 7410117

ALASKA LEGAL SERVICES CORP.
Attorneys for Helen Winters

_ s/Sonja Kerr (consent)_____
1016 West 6th Avenue, Suite 200
Anchorage, Alaska   99501
Phone:  907-272-9431
Fax:  907-279-7417
skerr@alsc-law.org
Alaska Bar Assoc. No. 0409051

**CERTIFICATE OF SERVICE**

I hereby certify that on the 5th
day of December, 2006, a copy of
the above was served electronically on:

Barbara Brink/Nikole Nelson
Jim Davis, Jr./Sonja Kerr
Alaska Legal Services Corporation
1016 West 6th Avenue, Suite 200
Anchorage, Alaska   99501

_ s/Clay A. Young_____
125144