Donna M. Meyers
Clay A. Young
Delaney Wiles, Inc.
1007 W. 3rd Avenue, Suite 400
Anchorage, Alaska 99501
Phone: 907-279-3581
Fax: 907-277-1331
dmm@delaneywiles.com
cay@delaneywiles.com

Attorneys for Defendant
Chugiak Senior Citizens, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| HELEN WINTERS, through her Power of Attorney Carol Winters,<br><br>          Plaintiff,<br><br>     v.<br><br>CHUGIAK SENIOR CITIZENS, INC.,<br><br>          Defendant.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Case No. 3:06-cv-00083-TMB |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR LACK OF STANDING/SUBJECT MATTER JURISDICTION**

**INTRODUCTION**

Plaintiff Carol Winters asserts that she is the holder of a Power of Attorney from her mother, Helen Winters. Helen Winters is the person who is alleged to have been aggrieved/damaged. Carol Winters claims no injury. Powers of Attorney are strictly construed in Alaska. Carol Winters' Power of Attorney does not expressly authorize her

to sue on behalf of her daughter for personal injury damages, or for discrimination claims, or with respect to the claims that CSC has improperly terminated her residential services contract. Therefore, the action must be dismissed.

**ARGUMENT**

"As an element of subject matter jurisdiction, the issue of standing should be raised by a motion to dismiss for lack of jurisdiction over the subject matter." Moore's Federal Practice, 3d ed., Vol. 15, at 101.30. The treatise also recognizes that the standing issue may be raised by means of a summary judgment motion. The issue cannot be waived and may be looked at at any point in the proceedings. Id. The matter may be raised by the court on its own motion, id., as this court did in the Status Hearing on December 12, 2006.

Plaintiff Carol Winters' sole right to proceed in this case is based upon her holding of a Power of Attorney. Powers of Attorney are strictly construed in Alaska. *Aiello v. Clark*, 680 P.2d 1162 (Alaska 1984). That case held that a very broad Power of Attorney to lease, bargain, or sell lands, or to buy, sell, mortgage, hypothecate, and any other manner deal with property <u>did not</u> grant the power to give a gift of property. *Aiello*, supra, at 1165-1166. *Aiello* specifically holds that in the absence of express authority to make a gift, none may be made.

Alaska's Power of Attorney statute, AS 13.26.332, et seq., does not change the strict rule of construction set out in *Aiello.* In any event, the Power of Attorney does not comport with the statutory form Power of Attorney set forth in the Alaska statutes, and thus, the interpretation of those provisions set forth in AS 13.26.344 do not apply.

The general Power of Attorney is attached as Exhibit 1.  Its specific authority arguably in relation to the case at issue, is found at ¶ 2:

> 2.   to request, ask, demand, sue for, recover, collect, receive, hold and/or posses any and all sums of money, debts, dues, commercial paper, checks, drafts, accounts, deposits, legacies, bequests, devises, notes, interests, stock, certificates, bonds, dividends, certificates of deposit, annuities, pension and/or retirement benefits, insurance benefits and/or proceeds, income tax refunds, documents of title,, choses in action, property (personal, real or mixed, tangible or intangible) and property rights, and demand whatsoever, liquidated or unliquidated, as now are, or shall hereafter become, owned by, or due, owing payable, or belonging, to me or in which I have or may hereafter acquire interest; and to have, use and take all lawful means and remedies (legal, equitable and/or otherwise), procedures and writs in my name for the collection and recovery of the same; and to adjust, sell, compromise, and make agreements for or relating to the same; and to make, execute, and deliver for me, on my behalf, and in my name, all endorsements, acquittances, releases, receipts or other sufficient discharges for the same

Paragraph 2 does not specifically give the authority, nor can it be inferred from the plain language thereof, for Carol Winters to sue Chugiak Senior Citizens, Inc. for personal injury damages or for the statutory discrimination claims she has raised.  Fairly read, it only gives the right to file suit for the enforcement of property rights.  The only thing at issue in this case is whether the Chugiak Senior Citizens, Inc. can terminate her residential services contract, and nothing in ¶ 2, or indeed, anywhere else is there any authority granted to take such action.

Accordingly, this action must be dismissed because Carol Winters lacks standing to bring the suit.

DATED at Anchorage, Alaska, this 15th day of December, 2006.

DELANEY WILES, INC.
Attorneys for Chugiak Senior Citizens, Inc.

_ s/Clay A. Young_____
1007 W. 3rd Avenue, Suite 400
Anchorage, Alaska  99501
Phone:  907-279-3581
Fax:  907-277-1331
cay@delaneywiles.com
Alaska Bar Assoc. No. 7410117

**CERTIFICATE OF SERVICE**

I hereby certify that on the 15th
day of December, 2006, a copy of
the above was served electronically on:

Barbara Brink/Nikole Nelson
Jim Davis, Jr./Sonja Kerr
Alaska Legal Services Corporation
1016 West 6th Avenue, Suite 200
Anchorage, Alaska   99501


_ s/Clay A. Young_____
125490

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR LACK OF STANDING/SUBJECT MATTER JURISDICTION
Winters v. Chugiak Senior Citizens, Case No. 3:06-cv-0083 (TMB)
Page 4 of 4