Donna M. Meyers
Clay A. Young
Delaney Wiles, Inc.
1007 W. 3rd Avenue, Suite 400
Anchorage, Alaska 99501
Phone: 907-279-3581
Fax: 907-277-1331
dmm@delaneywiles.com
cay@delaneywiles.com

Attorneys for Defendant
Chugiak Senior Citizens, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| HELEN WINTERS, through her Power of Attorney Carol Winters, | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| CHUGIAK SENIOR CITIZENS, INC., | ) | |
| Defendant. | ) | Case No. 3:06-cv-00083-TMB |

**DEFENDANT CHUGIAK SENIOR CITIZENS, INC.'S MOTION *IN LIMINE* NO. 2 RE: PLAINTIFF'S RELIGIOUS BELIEFS**

## I. INTRODUCTION

Defendant, Chugiak Senior Citizens, Inc. ("CSC"), through counsel, files this motion in limine to preclude the plaintiff Helen Winters from presenting any evidence or argument regarding the plaintiff's alleged religious beliefs and the impact her

alleged religious beliefs have on her credibility or ability to lie.[1] Such evidence is inadmissible under Evidence Rules 401, 610, and 403.

## II. ARGUMENT

The Court should exclude evidence of Helen Winter's religious beliefs under Evidence Rules 401 and 610 because it is not relevant. Evidence Rule 401 states that "'[r]elevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Federal Evidence Rule 610 explicitly prohibits this evidence:

> Evidence of the beliefs or opinions of a witness on matters of religion is not admissible for the purpose of showing that by reason of their nature the witness' credibility is impaired or enhanced.

Fed. Evid. R. 610; *see also Government of Virgin Islands v. Petersen*, 553 F.2d 324, 328 (3d Cir. 1977) (holding that evidence of a defendant's Rastafarian belief in nonviolence was legally irrelevant under Evidence Rule 610 on the ground that a person may or may not act in accordance with a professed belief); *United States v. Teicher*, 987 F.2d 112, 118 (2d Cir.1993) (1993) (held that testimony witness regarding "religious thoughts" was inadmissible under Rule 610 as it was not probative). Rule 610 "forecloses inquiry into the religious beliefs or opinions of a

---

[1]For example, Carol Winters has stated in regards to Helen Winters: "She is a devout Catholic and I do not remember one Sunday when she missed going to Church. She belongs to St. Andrews parish and every weekend the church deacon or other appointed individual comes to the Chugiak Assisted Living to administer Holy Communion to her. She also goes to confession regularly and will not even tell a white lie." Exh. A at 2 (Rebuttal To Eviction Notice); *see also* Exh. B at Tr. 142 (Carol Winters' Deposition).

Defendant Chugiak Senior Citizens, Inc.'s Motion *in Limine*
No. 2 Re: Plaintiff's Religious Beliefs
Winters v. Chugiak Senior Citizens/Case No. 3:06-cv-0083 (TMB) Page 2 of 5

witness for the purpose of showing that his character for truthfulness is affected by their nature[.]" Fed. R. Evid. 610, Advisory Committee Notes.

Plaintiff has asserted nine causes of action against CSC involving CSC's proposed termination of the plaintiff's residential services contract. *See* generally Docket No. 1, Ex. C (Amended Complaint). Evidence of the plaintiff's alleged religious beliefs are not relevant to these proceedings and may not be used to bolster the plaintiff's credibility or establish her character for truthfulness. It should therefore be excluded under Evidence Rules 401 and 610.

The evidence regarding the plaintiff's alleged religious beliefs and the impact her alleged religious beliefs have on her credibility and ability to lie should also be excluded under Evidence Rule 403. Evidence Rule 403 states that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. Evidence is unfairly prejudicial if it makes a finding of liability more likely because it provokes an emotional response in the jury or otherwise tends to affect adversely the jury's attitude toward the defendant wholly apart from its judgment as to the defendant's liability. *United States v. Johnson*, 820 F.2d 1065, 1069 (9th Cir. 1987); *see Malek v. Federal Insurance Co*., 994 F.2d 49, 54 (2d Cir.1993) (witness should not have been impeached through cross-examination about his religious affiliation and that of his clients); *Contemporary Mission, Inc. v. Bonded Mailings, Inc*., 671 F.2d 81, 84 (2d Cir. 1982) (affirming

district court's refusal to permit questioning of witness' beliefs in the Roman Catholic Church in a breach of contract action because religion was a "collateral, potentially confusing and prejudicial, issue which would perforce have raised a 'religious problem'"); *see also Firemen's Fund Insurance Co. v. Thien*, 63 F.3d 754, 760-61 (8th Cir.1995) ("The reasons why Martina and Chris did not join the wrongful death action, and why Chad was late in joining, do not add to a showing of bias, and appear to us to be an attempt to undermine Martina's and Chris's credibility, and to prejudice the jury against them, by painting them as religious extremists."); *United States v. Sampol*, 636 F.2d 621, 666 (D.C. Cir. 1980) (explaining that the government correctly points out that the court's exclusion of this evidence was not only justified but required by the Federal Rules of Evidence and that the purpose of the rule is to guard against the prejudice which may result from disclosure of a witness's faith).

The Court should preclude the plaintiff from presenting any evidence or argument regarding her religious beliefs and the impact her alleged religious beliefs have on her credibility or ability to lie as this evidence would be unfairly prejudicial to CSC. The jury may unfairly and irrationally conclude that because the plaintiff allegedly has certain religious beliefs she is less likely to lie than other witnesses, a proposition that has no basis in law or fact. Given the non-existent probative value, *see* Fed. R. Evid. 610, and the real danger of unfair prejudice, the evidence should be excluded under Evidence Rule 403.

Defendant Chugiak Senior Citizens, Inc.'s Motion *in Limine*
No. 2 Re: Plaintiff's Religious Beliefs
Winters v. Chugiak Senior Citizens/Case No. 3:06-cv-0083 (TMB)                                Page 4 of 5

## III. CONCLUSION

For the reasons explained above, the Court should grant CSC's motion in limine to preclude the plaintiff from presenting any evidence or argument regarding the plaintiff's alleged religious beliefs and the impact her alleged religious beliefs have on her credibility or ability to lie.

DATED at Anchorage, Alaska, this 19th of December, 2006.

DELANEY WILES, INC.
Attorneys for Chugiak Senior Citizens, Inc.

s/Donna M. Meyers and Clay A. Young
Delaney Wiles, Inc.
1007 W. Third Avenue, Suite 400
Anchorage, Alaska 99501
Phone: 907-279-3581
Fax: 907-277-1331
E-mail: dmm@delaneywiles.com
E-mail: cay@delaneywiles.com
Alaska Bar Assoc. No. 9006011 (DMM)
Alaska Bar Assoc. No. 7410117 (CAY)

**CERTIFICATE OF SERVICE**

I hereby certify that on the 19th day of December, 2006, a copy of this document was served electronically on:

Barbara Brink/Nikole Nelson
Jim Davis, Jr./Sonja Kerr
Alaska Legal Services Corporation
1016 West 6th Avenue, Suite 200
Anchorage, Alaska 99501

s/Donna M. Meyers and Clay A. Young
(125468)