Donna M. Meyers
Clay A. Young
Delaney Wiles, Inc.
1007 W. 3rd Avenue, Suite 400
Anchorage, Alaska  99501
PHONE:  907-279-3581
FAX:  907-277-1331
dmm@delaneywiles.com
cay@delaneywiles.com

Attorneys for Defendant
Chugiak Senior Citizens, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| HELEN WINTERS, through her Power of Attorney Carol Winters,<br><br>                Plaintiff,<br><br>    v.<br><br>CHUGIAK SENIOR CITIZENS, INC.,<br><br>                Defendant.<br>_____ | Case No. 3:06-cv-00083-TMB |

**DEFENDANT CHUGIAK SENIOR CITIZENS, INC.'S MOTION *IN LIMINE* NO. 3 TO PRECLUDE ADMISSION OF INADMISSIBLE EVIDENCE INVOLVING THERESA FORSYTH**

**I.      INTRODUCTION**

Defendant, Chugiak Senior Citizens, Inc. ("CSC"), by and through counsel of record, Delaney Wiles, Inc., files this motion *in limine* to preclude plaintiff Helen Winters, Carol Winters, Ellen Dingus and any other witness from presenting inadmissible evidence involving Theresa Forsyth at trial.  Specifically, CSC seeks to

Defendant Chugiak Senior Citizens, Inc.'s Motion *in Limine*
No. 3 to Preclude Admission of Inadmissible Evidence
Involving Theresa Forsyth
Winters v. Chugiak Senior Citizens/Case No. 3:06-cv-0083 (TMB)                        Page 1 of 16


prevent plaintiff from offering and admitting evidence of Forsyth's (1) alleged family feud; (2) alleged mistreatment of residents at CSC; (3) alleged emotional difficulties; (4) 1989 grand theft charge in Florida for which Forsyth was not convicted; and (5) problems at Wickersham House.  In summary, the Court should grant CSC's motion and preclude plaintiff from admitting this evidence or referring to it at trial because this evidence:  (1) is irrelevant under Evidence Rule 401; (2) is not based on personal knowledge and is therefore excluded by Evidence Rule 602; (3) is precluded by Evidence Rules 404(a) and 608, since it is improper use of character evidence; (4) is inadmissible hearsay under Evidence Rules 801 and 802; and (5) should be excluded under Evidence Rule 403 because any probative value is outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, and the evidence will cause undue delay, and waste of time.

## II.     STATEMENT OF FACTS

Plaintiff has asserted nine causes of action against CSC.  *See generally* Docket No. 1, Exh. C (Amended Complaint).  CSC has moved for summary judgment on all nine claims because, as explained in detail in CSC's summary judgment motions, plaintiff's claims are legally deficient as a matter of law. A detailed presentation of the facts underlying this case is set forth in detail in  the supporting memorandum to CSC's Motion for Summary Judgment No.1. CSC expressly incorporates the statement of facts in that memorandum into this motion *in limine*.  *See* Docket No. 121 at 2-16 (CSC's Summary Judgment Memorandum No. 1). Assuming *arguendo* that complete summary judgment is not provided to CSC,

Defendant Chugiak Senior Citizens, Inc.'s Motion *in Limine*
No. 3 to Preclude Admission of Inadmissible Evidence
Involving Theresa Forsyth
<u>Winters v. Chugiak Senior Citizens</u>/Case No. 3:06-cv-0083 (TMB)                                      Page 2 of 16

and this case proceeds to trial, CSC has filed this motion *in limine* to ensure that the jury resolves plaintiff's claims on their merits and not on irrelevant, prejudicial and inadmissible evidence. The following facts, set forth below, may assist the Court in understanding the context of CSC's motion *in limine*.

After providing Helen Winters with appropriate notice of the termination of her Residential Service Contract and eviction from CSC, Helen Winters' daughter and power of attorney (POA) Carol Winters, filed a rebuttal to CSC's notice. Exh. A (Rebuttal Letter Dated 1/9/06). In the rebuttal, Carol Winters stated in regards to CSC program aide Theresa Forsyth:

> Program aide, Teresa Forsyth has been consistently and continually disrespect [sic] to mom since she has been there. Teresa used to work the night shift. Mom needs to have her diapers changed two or three times a night. Mom tells them how tight to put the fasteners on and how to put the pads because she is prone to skin irritations. Mom also has excruciating knees and needs three pillows under her knees to prop them up at night. When asking Teresa to put the pillows down a certain way, Teresa threw them at the foot of the couch, told mom to do it herself (which she could not) and walked out. Another time she came in with another aide on the night shift and Teresa lay down on the floor to rest in mom's apartment. Teresa was verbally abusive with my mother on a number of locations. My mother would implore her to stop being nasty. My mother asked her, "why can't you be nice?" On one occasion, mom said Teresa threw her incontinence pads on the floor in front of her while she was on the toilet and said sarcastically in response, "not to you" when Mom asked her why she couldn't talk nice to her. In the dining room Teresa has told her twice, "you are not a nice person" in front of other workers and residents. My mother states that when Teresa is in the dining room she will ask for things like her water or juice and Teresa will say she will get it and then does not for a very long period

Defendant Chugiak Senior Citizens, Inc.'s Motion *in Limine*
No. 3 to Preclude Admission of Inadmissible Evidence
Involving Theresa Forsyth
<u>Winters v. Chugiak Senior Citizens</u>/Case No. 3:06-cv-0083 (TMB)                           Page 3 of 16

> of time. My mom cannot swallow sometimes without liquid so it is important to have the liquid there.
>
> Another issue in relation to Teresa comes from information I received from somebody close to Teresa outside of the work environment. They say that Teresa was issued a restraining order against her about six months ago in a family feud. Reportedly, Teresa had been asked to leave a family member's home because she had severe acting out emotional difficulties.

Exh. A at 9 (Rebuttal Letter).

As this case has proceeded, CSC has also discovered plaintiff may seek to admit other evidence that is not admissible. Specifically, plaintiff may seek to admit evidence of a 1989 grand theft charge in Florida for which Forsyth was not convicted and was dismissed by the prosecutor. Exh. B at 4 (Florida Arrest and Dismissal); Exh. C (Plaintiff's Fifth Supplemental Disclosure at 1). Plaintiff may also seek to admit evidence of an incident that took place in the spring of 2006, when Forsyth was working for another employer, Wickersham House. Exh. D (Wickersham Incident).[1]

For the reasons provided below, CSC seeks to preclude plaintiff, Carol Winters, Ellen Dingus, or any other witness from referencing or introducing evidence of Forsyth's alleged family feud, alleged mistreatment of other residents at CSC, alleged emotional difficulties, 1989 grand theft charge in Florida for which Forsyth was not convicted, and alleged problems at Wickersham House.

---

[1] While the facts are not completely clear, it is alleged that Forsyth grabbed the genitals of a resident of Wickersham House in self defense after an altercation with the resident. Exh. D (Wickersham Incident).

Defendant Chugiak Senior Citizens, Inc.'s Motion *in Limine*
No. 3 to Preclude Admission of Inadmissible Evidence
Involving Theresa Forsyth
Winters v. Chugiak Senior Citizens/Case No. 3:06-cv-0083 (TMB)                    Page 4 of 16

### III.  ARGUMENT

#### A.  The Evidence Is Irrelevant Under Evidence Rule 401.

Evidence of Forsyth's (1) alleged family feud; (2) alleged mistreatment of other residents at CSC; (3) alleged emotional difficulties; (4) 1989 grand theft charge in Florida for which Forsyth was not convicted; and (5) problems at Wickersham House should be excluded under Federal Rule of Evidence Rule 401.  Evidence Rule 401 states that "'[r]elevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Fed. R. Evid. 401.

Here, plaintiff has made allegations that Forsyth was in a domestic dispute involving a member of Forsyth's family.  Exh. A at 9.  However, this case involves nine causes of action asserted by plaintiff against CSC involving CSC's proposed termination of plaintiff's Residential Service Contract and lease.[2]  Allegations that Forsyth was involved in a domestic dispute involving a member of Forsyth's family does not have any tendency to make the existence of any fact that is of consequence to the determination of any of the nine counts asserted by plaintiff more probable or less probable than it would be without the evidence. Fed. R. Evid. 401; *United States v. Hands*, 184 F.3d 1322, 1327 (11th Cir. 1999) (excluding evidence of domestic violence in a drug case because such information is not relevant under Rule 401); Exh. A at 9.  Where the underlying dispute does not

---

[2]  *See generally* Dkt. No. 1, Exh. C (Amended Complaint).

Defendant Chugiak Senior Citizens, Inc.'s Motion *in Limine*
No. 3 to Preclude Admission of Inadmissible Evidence
Involving Theresa Forsyth
<u>Winters v. Chugiak Senior Citizens</u>/Case No. 3:06-cv-0083 (TMB)                Page 5 of 16

implicate a prior instance of domestic violence, the information is not relevant and should be excluded under Evidence Rule 401. Consequently, the evidence of Forsyth's domestic dispute is not relevant to these proceedings and must be excluded under Evidence Rule 401.

Similarly, evidence of Forsyth's 1989 grand theft charge in Florida for which Forsyth was not convicted also does not have any tendency to make the existence of any fact that is of consequence to the determination of any of the nine counts asserted by plaintiff more probable or less probable than it would be without the evidence. Fed. R. Evid. 401. This evidence is not relevant and should therefore be excluded under Evidence Rule 401.

Any allegations that Forsyth has allegedly mistreated other residents at CSC is not relevant to demonstrating Forsyth allegedly mistreated Winters and should be excluded under Rule 401. Similarly any evidence regarding Forsyth's allegedly improper actions involving a resident at Wickersham House is not relevant as it does not have any tendency to make the existence of any fact that is of consequence to the determination of any of the nine counts asserted by plaintiff more probable or less probable than it would be without the evidence as all of the nine counts involve plaintiff's residency at CSC, not at Wickersham House. Moreover, Forsyth's alleged actions at Wickersham House took place just before May 2006, and Winters' claims involves events from October 2004 through January 2006. Exh. D at 1-3 (Wickersham Investigation); Exh. E at 1-2 (attached to Summary Judgment Memorandum). Thus, Forsyth's actions that took place with another employer,

Defendant Chugiak Senior Citizens, Inc.'s Motion *in Limine*
No. 3 to Preclude Admission of Inadmissible Evidence
Involving Theresa Forsyth
Winters v. Chugiak Senior Citizens/Case No. 3:06-cv-0083 (TMB)                    Page 6 of 16

involving a different resident, that took place months after the events preceding this lawsuit, could not be probative of any issue in this case. To the extent plaintiff is attempting to suggest Forsyth has alleged emotional difficulties based on these irrelevant events, evidence of Forsyth's alleged emotional difficulties is also irrelevant because the underlying events demonstrating her alleged emotional difficulties are not relevant. *See* Fed. R. Evid. 401.

### B. The Evidence Is Inadmissible Under Evidence Rule 602.

Evidence of Forsyth's (1) alleged family feud; (2) alleged mistreatment of residents at CSC; (3) alleged emotional difficulties; (4) 1989 grand theft charge in Florida for which Forsyth was not convicted; and (5) alleged problems at Wickersham House should also be excluded under Federal Rule of Evidence 602. Rule 602 states:

> A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may, but need not, consist of the witness' own testimony. This rule is subject to the provisions of rule 703, relating to opinion testimony by expert witnesses.

Fed. R. Evid. 602.

Here, Carol Winters admits she lacks personal knowledge of Forsyth's alleged "family feud." Exh. A at 9 (Rebuttal Letter). She acknowledges she received her information from somebody else who told her Forsyth was issued a restraining order against her in a family feud. *Id.* She further acknowledges Forsyth was reportedly asked to leave a family member's home because Forsyth "had severe

Defendant Chugiak Senior Citizens, Inc.'s Motion *in Limine*
No. 3 to Preclude Admission of Inadmissible Evidence
Involving Theresa Forsyth
Winters v. Chugiak Senior Citizens/Case No. 3:06-cv-0083 (TMB)   Page 7 of 16

acting out emotional difficulties." *Id.* As Carol Winters does not have any personal knowledge of Forsyth's "family feud," or Forsyth's alleged emotional difficulties, plaintiff is precluded from introducing this information at trial under Evidence Rule 602. Similarly, any information from Carol Winters regarding what Forsyth did or did not do to plaintiff or any other CSC resident is not admissible unless Carol Winters witnessed the incident and has personal knowledge of the incident. Additionally, Carol Winters is precluded under Rule 602 from testifying regarding Forsyth's 1989 grand theft charge in Florida for which Forsyth was not convicted and any alleged problems involving Forsyth's actions with a resident at Wickersham House because Carol Winters lacks personal knowledge regarding these matters.

### C. The Evidence Is Inadmissible Hearsay.

It appears that much of Carol Winters' statement regarding Forsyth is simply based on what her mother or other person(s) have told Carol Winters regarding Forsyth's alleged family feud and Forsyth's care of Helen Winters. *See* Exh. A at 9. To the extent Carol Winters is simply repeating what other people may have told her about Forsyth's alleged family feud and Forsyth's care of Helen Winters, such evidence is inadmissible hearsay. A.R.E. 802. "Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." A.R.E. 801(c). "Hearsay is not admissible except as provided by these rules or by other rules prescribed by the Supreme Court pursuant to statutory authority or by Act of Congress." Fed. R. Evid. 802. As reflected in Carol Winters' statement, Carol Winters not only does not have any

Defendant Chugiak Senior Citizens, Inc.'s Motion *in Limine*
No. 3 to Preclude Admission of Inadmissible Evidence
Involving Theresa Forsyth
<u>Winters v. Chugiak Senior Citizens</u>/Case No. 3:06-cv-0083 (TMB)                Page 8 of 16

personal knowledge of Forsyth's alleged family feud and Forsyth's care of Helen Winters, Carol Winters was simply repeating what her mother told her regarding Forsyth's care and what someone else told her about Forsyth's alleged family feud.

For example, Carol Winters states:

> On one occasion, <u>mom said</u> Teresa threw her incontinence pads on the floor in front of her while she was on the toilet and said sarcastically in response, "not to you" when Mom asked her why she couldn't talk nice to her. . . . My <u>mother states</u> that when Teresa is in the dining room she will ask for things like her water or juice and Teresa will say she will get it and then does not for a very long period of time. . . .
>
> Another issue in relation to Teresa comes from information I received from somebody close to Teresa outside of the work environment. <u>They say</u> that Teresa was issued a restraining order against her about six months ago in a family feud. <u>Reportedly</u>, Teresa had been asked to leave a family member's home because she had severe acting out emotional difficulties.

Exh. A at 9 (emphasis added). Because Carol Winters is using out of court statements to prove as truth Forsyth's alleged family feud and Forsyth's care of Helen Winters,[3] the Court should exclude this evidence as inadmissible hearsay. *See* Fed. R. Evid. 802.

Similarly, to the extent Carol Winters, Ellen Dingus or any other witness seeks to testify about Forsyth's 1989 grand theft charge in Florida for which Forsyth was not convicted and Forsyth's alleged problems at Wickersham House by repeating

---

[3] Fed. R. Evid. 801(c).

Defendant Chugiak Senior Citizens, Inc.'s Motion *in Limine*
No. 3 to Preclude Admission of Inadmissible Evidence
Involving Theresa Forsyth
<u>Winters v. Chugiak Senior Citizens</u>/Case No. 3:06-cv-0083 (TMB)                Page 9 of 16

hearsay statements, the Court should also exclude this evidence as inadmissible hearsay.

### D.   The Evidence Is Inadmissible Character Evidence.

The Court should exclude any evidence of Forsyth's alleged family feud, alleged mistreatment of other residents at CSC, alleged emotional difficulties, 1989 grand theft charge in Florida for which Forsyth was not convicted, and alleged problems at Wickersham House pursuant to Federal Rule of Evidence 404(b). Rule 404(b) states: "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith."

Forsyth's alleged family feud, alleged mistreatment of other residents at CSC, alleged emotional difficulties, 1989 grand theft charge in Florida for which Forsyth was not convicted, and alleged problems at Wickersham House are not admissible under Evidence Rule 404(b). For example, plaintiff would only be seeking to use the evidence of the alleged family feud as impermissible character evidence, *i.e.*, to demonstrate that because Forsyth allegedly had a family feud in her personal life, she must also have acted in conformity with her character and feuded with plaintiff in this case while she was working at CSC. Similarly, plaintiff would only be seeking to admit evidence of Forsyth's alleged mistreatment of a resident at Wickersham House as evidence that Forsyth must have mistreated plaintiff as well. Plaintiff may also impermissibly seek to use Forsyth's old 1989 grand theft charge in Florida for which Forsyth was not convicted, as impermissible character evidence, *i.e.*, to show

Defendant Chugiak Senior Citizens, Inc.'s Motion *in Limine*
No. 3 to Preclude Admission of Inadmissible Evidence
Involving Theresa Forsyth
Winters v. Chugiak Senior Citizens/Case No. 3:06-cv-0083 (TMB)          Page 10 of 16

that because Forsyth was charged with grand theft in 1989, Forsyth must also have mistreated plaintiff in 2006 because she has an unsavory character.

In sum, the Court should exclude evidence of Forsyth's alleged family feud, alleged mistreatment of other residents at CSC, alleged emotional difficulties, 1989 grand theft charge in Florida for which Forsyth was not convicted, and alleged problems at Wickersham House under Evidence Rule 404.

### E.   The Court Should Exclude The Evidence Under Rule 403.

Evidence of Forsyth's alleged family feud, alleged mistreatment of residents at CSC, alleged emotional difficulties, 1989 grand theft charge in Florida for which Forsyth was not convicted, and alleged problems at Wickersham House should be excluded under Evidence Rule 403. Evidence Rule 403 states that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. Evidence is unfairly prejudicial if it makes a finding of liability more likely because it provokes an emotional response in the jury or otherwise tends to affect adversely the jury's attitude toward the defendant wholly apart from its judgment as to the defendant's liability. *See United States v. Johnson*, 820 F.2d 1065, 1069 (9th Cir. 1987). Courts will measure unfair prejudice "by the degree to which a jury responds negatively to some aspect of the evidence unrelated to its tendency to make a fact in issue more or less probable[.]" *Id.* "Prejudice will always arise upon the admission of evidence of a defendant's criminal

Defendant Chugiak Senior Citizens, Inc.'s Motion *in Limine*
No. 3 to Preclude Admission of Inadmissible Evidence
Involving Theresa Forsyth
Winters v. Chugiak Senior Citizens/Case No. 3:06-cv-0083 (TMB)   Page 11 of 16

conduct. This prejudice must be included in the calculation together with the prejudice arising from the specific nature of the conduct." *Id.* Courts may therefore exclude evidence under Rule 403 if a person has a prior criminal conviction that is unrelated to the current civil action. *See Tussel v. Witco Chemical Corp.*, 555 F. Supp. 979, 984-85 (W.D. Pa. 1983) (applying Evidence Rule 403 and excluding evidence that the plaintiff has a prior felony conviction for a narcotics violation from the underlying personal injury civil action).

The Court should exclude evidence of Forsyth's alleged family feud, alleged mistreatment of other residents at CSC, alleged emotional difficulties, 1989 grand theft charge in Florida for which Forsyth was not convicted, and alleged problems at Wickersham House because, as previously explained, this evidence is not relevant to this case. Assuming *arguendo* that this evidence has some minimal relevance, the evidence should nonetheless be excluded because any probative value is substantially outweighed by the danger of unfair prejudice. *See* Fed. R. Evid. 403. For the reasons previously stated, the relevance and probative value of Forsyth's alleged family feud, alleged mistreatment of other residents at CSC, alleged emotional difficulties, 1989 grand theft charge in Florida for which Forsyth was not convicted, and alleged problems at Wickersham House is nonexistent or minimal at best because this evidence does not establish that CSC's attempted eviction of plaintiff is unlawful. Nor does the information regarding Forsyth establish that plaintiff has been abused or retaliated against by CSC. The probative value is similarly lessened as Forsyth is not even a party to this action and the evidence of

Defendant Chugiak Senior Citizens, Inc.'s Motion *in Limine*
No. 3 to Preclude Admission of Inadmissible Evidence
Involving Theresa Forsyth
Winters v. Chugiak Senior Citizens/Case No. 3:06-cv-0083 (TMB)   Page 12 of 16

Forsyth's alleged family feud, alleged mistreatment of other residents at CSC, alleged emotional difficulties, 1989 grand theft charge in Florida for which Forsyth was not convicted, and alleged problems at Wickersham House is not related to any of the acts giving rise to plaintiff's nine causes of action against CSC. *See Tussel*, 555 F. Supp. at 984-85.

Moreover, the prejudice of introducing this evidence, including the evidence involving a domestic dispute with a family member, is substantial given the social stigma attached to such conduct. *See Fletcher v. Town of Clinton*, 196 F.3d 41, 50 (1st Cir. 1999) (noting stigma attached to domestic violence); *Brown v. Guy*, 476 F. Supp. 771, 773 (D. Nev. 1979) (noting the inherent stigma attached to child abuse); *Smith ex rel. Smith v. Smith*, 549 S.E.2d 912, 914 (N.C. App. 2001) (noting the "stigma that is likely to attach to a person judicially determined to have committed domestic abuse"); *State v. O.P.*, 13 P.3d 1111, 1112 (Wash. App. 2000) (noting stigma attached to domestic violence). Courts have therefore excluded evidence of domestic disputes under Evidence Rule 403. *See United States v. Hands*, 184 F.3d 1322, 1328-29 (11th Cir. 1999) (noting that evidence of "spousal abuse" is particularly likely to incite a jury to an irrational decision, and that that the prejudicial effect of the domestic violence evidence offered against the defendant in a drug possession case heavily outweighed its minimal probative value, if any). In this case, if the jury is presented with this evidence, the jury's passions and prejudices might be aroused and it could find CSC liable simply because one of its employees was involved in a domestic dispute with a minor child. Because the evidence has no

Defendant Chugiak Senior Citizens, Inc.'s Motion *in Limine*
No. 3 to Preclude Admission of Inadmissible Evidence
Involving Theresa Forsyth
Winters v. Chugiak Senior Citizens/Case No. 3:06-cv-0083 (TMB)   Page 13 of 16

probative value and there would be substantial prejudice to CSC if the evidence is admitted, the Court should exclude evidence of Forsyth's domestic dispute under Evidence Rule 403.

A court should also exclude evidence under Evidence Rule 403 if its introduction may result in a mini-trial on tangential issues. *See Tennison v. Circus Circus Enterprises, Inc.*, 244 F.3d 684, 690 (9th Cir. 2001). Allowing a mini-trial is an inefficient use of the Court's, counsels' and the jury's time, and it may confuse the jury and cause the jury to base liability on events other than those giving rise to the underlying claim. *Id.*; *see also Fasanaro v. Mooney Aircraft Corp.*, 687 F. Supp. 482, 485-86 (N.D. Cal. 1988) (explaining that confusion and delay may result if courts allow some tangential evidence in because the opposing party must have opportunity to rebut that evidence).

Evidence of Forsyth's alleged family feud, alleged mistreatment of other residents at CSC, alleged emotional difficulties, 1989 grand theft charge in Florida for which Forsyth was not convicted, and alleged problems at Wickersham House should also be excluded under Rule 403 because the presentation of the evidence would be a waste of the Court's and the jury's time. *See* F.R.E. 403. If plaintiff presented this evidence at trial, CSC would have the right to explain the circumstances surrounding Forsyth's alleged family feud, alleged mistreatment of other residents at CSC, alleged emotional difficulties, 1989 grand theft charge in Florida for which Forsyth was not convicted, and alleged problems at Wickersham House and present evidence placing this evidence in context. *See Fasanaro*, 687 F.

Defendant Chugiak Senior Citizens, Inc.'s Motion *in Limine*
No. 3 to Preclude Admission of Inadmissible Evidence
Involving Theresa Forsyth
Winters v. Chugiak Senior Citizens/Case No. 3:06-cv-0083 (TMB)          Page 14 of 16

Supp. at 485-86. This would obviously create a much more lengthy trial and be a waste of the Court's and the jury's time over irrelevant and tangential issues. *See* A.R.E. 403. This "mini-trial" will result in making the trial substantially longer and further risks confusing the jury about the critical issues in the case. *See Tennison*, 244 F.3d at 690. Because the issue in this case is whether CSC acted unlawfully in attempting to evict plaintiff, having a mini-trial on one witness' (*i.e.*, Forsyth's) alleged family feud, alleged mistreatment of other residents at CSC, alleged emotional difficulties, 1989 grand theft charge in Florida for which Forsyth was not convicted, and alleged problems at Wickersham House would take time away from the important and substantial underlying issues in the case. Not only will this waste the Court's and jury's time on tangential and irrelevant issues, the jury may give undue weight to Forsyth's alleged bad acts and erroneously conclude that CSC must have abused and/or discriminated and retaliated against plaintiff because Forsyth allegedly committed prior or subsequent bad acts.

The Court should therefore exclude this evidence under Evidence Rule 403.

## IV.   CONCLUSION

For the reasons explained above, the Court should grant CSC's motion *in limine* to preclude plaintiff, Helen Winters, Carol Winters, and any other witness, from offering and admitting evidence of Forsyth's (1) alleged family feud; (2) alleged mistreatment of residents at CSC; (3) alleged emotional difficulties; (4) 1989 grand theft charge in Florida for which Forsyth was not convicted; and (5) problems at Wickersham House. The Court should rule that plaintiff and plaintiff's counsel are

Defendant Chugiak Senior Citizens, Inc.'s Motion *in Limine*
No. 3 to Preclude Admission of Inadmissible Evidence
Involving Theresa Forsyth
<u>Winters v. Chugiak Senior Citizens</u>/Case No. 3:06-cv-0083 (TMB)                    Page 15 of 16

precluded from asking questions, allowing the witnesses they call to testify, or making any arguments in front of the jury regarding these matters.

DATED at Anchorage, Alaska, this 19th of December, 2006.

DELANEY WILES, INC.
Attorneys for Chugiak Senior Citizens, Inc.

s/Donna M. Meyers and Clay A. Young
Delaney Wiles, Inc.
1007 W. Third Avenue, Suite 400
Anchorage, Alaska 99501
Phone: 907-279-3581
Fax: 907-277-1331
E-mail: =
E-mail: cay@delaneywiles.com
Alaska Bar Assoc. No. 9006011 (DMM)
Alaska Bar Assoc. No. 7410117 (CAY)

**CERTIFICATE OF SERVICE**

I hereby certify that on the 19th day of December, 2006, a copy of this document **was** served electronically on:

Barbara Brink/Nikole Nelson
Jim Davis, Jr./Sonja Kerr
Alaska Legal Services Corporation
1016 West 6th Avenue, Suite 200
Anchorage, Alaska 99501

s/Donna M. Meyers and Clay A. Young
(125628)

Defendant Chugiak Senior Citizens, Inc.'s Motion *in Limine*
No. 3 to Preclude Admission of Inadmissible Evidence
Involving Theresa Forsyth
Winters v. Chugiak Senior Citizens/Case No. 3:06-cv-0083 (TMB)   Page 16 of 16