Donna M. Meyers
Clay A. Young
Delaney Wiles, Inc.
1007 W. 3rd Avenue, Suite 400
Anchorage, Alaska 99501
PHONE: 907-279-3581
FAX: 907-277-1331
dmm@delaneywiles.com
cay@delaneywiles.com

Attorneys for Defendant
Chugiak Senior Citizens, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| HELEN WINTERS, through her Power of Attorney Carol Winters, <br><br> Plaintiff, <br><br> v. <br><br> CHUGIAK SENIOR CITIZENS, INC., <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )    Case No. 3:06-cv-00083-TMB |

**DEFENDANT CHUGIAK SENIOR CITIZENS, INC.'S MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT NO. 5 RE: COUNT VIII AND IX**

## I.  INTRODUCTION

This motion seeks dismissal of Counts VIII and IX in plaintiff's Amended Complaint. CSC incorporates the Statement of Facts and Standards for Summary Judgment contained in its Motion for Summary Judgment as to Count I herein, and respectfully refers the Court to them.

## II.    ARGUMENT

### Summary Judgment is Warranted on Plaintiff's Counts VIII and IX - Intentional and Negligent Infliction of Emotional Distress.

Both Counts VIII and IX are based upon the alleged violations set forth in Counts I through VII of plaintiff's amended complaint.[1]  To the extent summary judgment is granted on those counts, then there is no basis for plaintiff's intentional and negligent infliction of emotional distress claims.   A party obviously cannot commit intentional or negligent infliction of emotional distress by pursuing a lawful remedy.  *See Sands v. Living Word Fellowship,* 34 P.3d 955, 958-59 (Alaska 2001).

Plaintiff's emotional distress claims are lacking on other grounds as well. Under Alaska law, a claim for intentional infliction of emotional distress has three elements:  (1) the defendant's conduct is extreme and outrageous;[2] (2) the conduct is intentional or reckless;[3] and (3) the conduct causes severe emotional distress. *ACE v. Aetna Life Ins. Co.,* 139 F.3d 241, 1250 n.1226 (9th Cir. 1998).   Under Alaska law, a plaintiff cannot sustain a claim for intentional infliction of emotional distress unless a defendant's conduct rises to the level of outrageousness, which would warrant a punitive damage award.  *Id.* at 1250.

---

[1]     Dkt. No. 1, Ex. C at ¶¶ 39-43 (Amended Complaint).

[2]     *See Chizmar v. Mackie*, 896 P.2d 196, 208 (Alaska 1995) (declaring liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community).

[3]     *Id.* at 209, n.12  (quoting *Teamsters Local 959 v. Wells*, 749 P.2d 349, 357 n.13 (Alaska 1988)) (declaring an actor intends to inflict emotional distress if he desires to inflict severe emotional distress, or where he knew that such distress was certain or substantially certain to result from his conduct).

Serious emotional distress is found where reasonable men, normally constituted, would be unable to adequately cope with the mental stress engendered by the circumstances of the case.  *See Nelson v. Progressive Corp.,* 976 P.2d 859, 868 (Alaska 1999) (declaring level of aggravation and frustration testified to by insured was not "severe" as required to support recovery of emotional distress damages in action as insured testified that his dealings with insurer made him "aggravat[ed]," "angry," "upset," "red in the face" and that he felt as if he were being leveraged by insurer in handling of his claim); *Chizmar v. Mackie*, 896 P.2d 196, 204-05 (Alaska 1995) (declaring serious mental emotional distress may be found where reasonable men, normally constituted, would be unable to adequately cope with the mental stress engendered by the circumstances of the case, and examples of serious emotional distress include neurosis, psychoses, chronic depression, phobia and shock, but that temporary fright, disappointment or regret does not suffice under this standard).

It is also well-established that in an order to establish negligent infliction of emotional distress, a plaintiff must show that the defendant owed her a pre-existing duty, that the defendant breached that duty, and that the breach was a proximate cause of plaintiff's foreseeable and severe emotional distress.  *See Webb ex Rel. v. Anchorage School Dist.*, 2000 WL 34545828, *2 n.9 (Alaska 2000);[4] *Chizmar v. Mackie*, 896 P.2d at 214; *Hinsberger v. State*, 53 P.3d 568, 571 (Alaska 2002).  As

---

[4]    A copy of this decision is attached as Exhibit L.

with intentional infliction of emotional distress, a plaintiff may recover for only severe emotional distress. *Chizmar*, 896 P.2d at 209 n.12. As a threshold matter, the court must determine whether the severity of the emotional distress and the conduct of the offending party warrant an instruction on the emotional distress claims. This threshold determination will not be overturned on appeal absent an abuse of discretion. *Id.* at 208-09.

Plaintiff's IIED and NEID claims should be dismissed because: (1) there plainly was no intentional or extreme and outrageous behavior to justify an IIED; and (2) there was no breach of a pre-existing duty or foreseeable severe emotional distress to support a NIED claim. Plaintiff appears to base her claims on the fact that CSC served plaintiff an eviction notice when she was alone and without the benefit of support of her daughter and power-of-attorney.[5] These claims lack merit for the reasons set forth above. CSC cannot be found liable for serving plaintiff with an eviction notice which it was not only legally entitled to serve, but legally obligated to serve under AS 47.33.360(b). CSC did not breach any duty to plaintiff. Rather, CSC was merely pursuing a right set forth in the Alaska Assisted Living Homes Act and the Uniform Landlord Tenant Act. Defendant followed the procedure set forth in both acts.

Plaintiff's claim is meritless for the additional reason that plaintiff's Residential Service Contract and Lease Agreement contain express notice provisions requiring

---

[5]     Dkt. No. 1, Exh. C at ¶¶ 40-43 (Amended Complaint).

CSC to serve notice on plaintiff.   Section 31 of the plaintiff's Residential Service Contract provides in part:

### Section 31.  Notices

Any notices provided for herein shall be given in writing and transmitted by personal delivery or prepaid first class mail and addressed as follows:

| Manager: Chugiak Senior Citizens, Inc. Assisted Living Program 22424 N. Birchwood Loop Chugiak, AK  99567 | Tenant:  Helen Winters Chugiak Senior Citizens, Inc. Assisted Living Program 22424 North Birchwood Loop Apt. No. 234 Chugiak, AK  99567 |
|---|---|

or to such other persons or addresses as Manager or Resident may from time to time designate in writing.[6]

Similarly, the lease agreement expressly provides as follows:

### Section 9.  Notices

Any notices provided for herein shall be given in writing and transmitted by personal delivery or prepaid first class mail and addressed as follows:

| Manager: Chugiak Senior Citizens, Inc. Assisted Living Program 22424 N. Birchwood Loop Chugiak, AK  99567 | Tenant:  Helen Winters Chugiak Senior Citizens, Inc. Assisted Living Program 22424 North Birchwood Loop Apt. No. #234 Chugiak, AK  99567 |
|---|---|

Or to such other persons or addresses as Manager or Tenant may from time to time designate in writing.[7]

---

[6]     Ex. C at pg. 9, § 31.

[7]     Ex. B at pg. 3, § 9.

Significantly, Carol Winters executed both agreements on behalf of Helen Winters. Neither she nor Helen Winters ever advised defendant to amend the notice provisions of the contracts, or requested that Carol Winters be substituted under the notice provisions. Both the Residential Service Contract and Lease Agreement required plaintiff to designate in writing any other persons who should receive the required notices.[8] Carol Winters admits she never requested CSC to provide her with any notices rather than her mother.[9] Instead, Carol Winters expressly authorized CSC's ALP's Program Director to deal directly with plaintiff concerning important matters involving plaintiff's services at CSC.[10] In sending the eviction notice to Helen Winters, CSC was merely complying its contractual obligation and its obligation under AS 47.33.360. Plaintiff cannot argue defendant committed intentional or negligent infliction of emotional distress by doing so. Summary judgment is warranted on these claims.

Even assuming for purposes of argument only that CSC breached some duty owing to plaintiff, there was no foreseeable or severe emotional distress. There is no question but that a reasonable person, normally constituted, would be able to adequately cope with any mental stress engendered by receipt of an eviction letter such as the one plaintiff received in this case. Accordingly, summary judgment is warranted on both the IIED and NEID claims.

---

[8]     Ex. B at pg. 3, § 9; Ex. C at pg. 9, § 31.
[9]     Ex. M at Tr. 132:2-134:23 (Carol Winters Deposition).
[10]    Ex. K (Affidavit of Linda Hendrickson, dated December 19, 2006).

DEFENDANT CHUGIAK SENIOR CITIZENS, INC.'S MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT NO. 5 RE:  COUNT VIII AND IX

## III.  CONCLUSION

CSC requests the court to enter partial summary judgment on the claims in

Counts VIII and IX of the Amended Complaint, with prejudice.

DATED at Anchorage, Alaska, this 19th day of December, 2006.

DELANEY WILES, INC.
Attorneys for Chugiak Senior Citizens, Inc.

s/Donna M. Meyers
Clay A. Young
Delaney Wiles, Inc.
1007 W. Third Avenue, Suite 400
Anchorage, Alaska  99501
Phone:     907-279-3581
Fax:          907-277-1331
E-mail:      dmm@delaneywiles.com
E-mail:      cay@delaneywiles.com
Alaska Bar Assoc. No. 9006011 (DMM)
Alaska Bar Assoc. No. 7410117 (CAY)

**CERTIFICATE OF SERVICE**

I hereby certify that on 19th day
of December, 2006, a copy of foregoing
**Defendant's Memorandum in Support of**
**Motion for Summary Judgment No. 5 Re:**
**Counts VIII and IX** was served electronically on:

Jim Davis/Jr./Barbara Brink/
Nikole M. Nelson/Sonja Kerr
Alaska Legal Services Corporation
1016 West 6th Avenue, Suite 200
Anchorage, AK  99501

s/Donna M. Meyers
125557