**DELANEY, WILES, HAYES, GERETY, ELLIS & YOUNG, INC.**

CLAY A. YOUNG
JAMES B. FRIDERICI
ANDREW GUIDI
HOWARD A. LAZAR
DONALD C. THOMAS
TIMOTHY J. LAMB
CYNTHIA L. DUCEY
DONNA M. MEYERS
KEVIN L. DONLEY

ATTORNEYS AT LAW
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA 99501-1936
TELEPHONE (907) 279-3581
FAX (907) 277-1331
WWW.DELANEYWILES.COM

ERIC A. RINGSMUTH
JONATHAN P. CLEMENT
WILLIAM R. WARNOCK
MARGARET A. PATON-WALSH

OF COUNSEL
DANIEL A. GERETY
STEPHEN M. ELLIS
WILLIAM E. MOSELEY
GREGORY L. YOUNGMUN

January 30, 2006

**VIA FACSIMILE/907-258-6872**
**AND U.S. POSTAL SERVICE**

Timothy M. Twomey
Assistant Attorney General
State of Alaska/Department of Law
1031 West 4th Avenue, Suite 200
Anchorage, Alaska 99501

    Re:    Helen Winters

Dear Mr. Twomey:

    This is a response to the Long Term Care Ombudsman's formal request for Chugiak Senior Center ("CSC") to withdraw its Notice of Eviction of Helen Winters, or alternatively, for a 90-day stay of the eviction. For the reasons discussed below, CSC will not withdraw its Notice of Eviction. However, CSC is willing to allow Ms. Winters a 30-day stay of the eviction to locate an alternative living assisted program.

    The limited stay is granted without waiving CSC's rights to terminate the Residential Services Contract and Lease Agreement, and is based on the understanding and on the condition that Ms. Winters will continue efforts to find an alternative living arrangement. Ms. Winters' Care Coordinator, Kathy Huskey, has informed CSC that she is actively searching for an alternative assisted living program and considering an independent living situation for Ms. Winters, and Ms. Winters is on a waiting list for one or more of the alternative programs. CSC is granting the 30-day time extension because of Ms. Huskey's reported difficulties in finding a suitable assisted living program in the Eagle River/Chugiak area. In the event that Ms. Huskey is unable to find a suitable alternative program, CSC will consider an additional limited time extension, but only under the condition that Ms. Huskey can provide adequate proof she is diligently making efforts to find an alternative assisted living program or other living arrangements.

    CSC's decision to terminate Ms. Winters' Residential Services Contract and Lease was rendered after giving thorough and fair consideration to the history of Ms. Winters' residency at CSC. There is a well-documented history of behavior and conduct by Ms. Winters that is incompatible with the continuation of her residency in the assisted living environment at CSC, and CSC appropriately terminated Ms. Winters' Residential

EXHIBIT F
Page 1 of 4

DELANEY, WILES, HAYES, GERETY, ELLIS & YOUNG, INC.

Timothy M. Twomey
Assistant Attorney General
State of Alaska/Department of Law
January 30, 2006
Page 2 of 4

Services Contract under AS 47.33.360(a)(1), (2), (3) and (6). Ms. Winters' behavior has included numerous instances of verbal abuse of staff, disruptive outbursts in front of and toward other residents that are not explainable by any mental or physical handicap or disease known or disclosed to CSC, and a recent incident involving Ms. Winters' physical aggression toward staff. Even though CSC's investigation revealed Ms. Winters' physical aggression toward the staff member was unjustified, CSC is not claiming that Ms. Winters poses an imminent *physical* threat to staff or other residents. Rather, CSC's position is that Ms. Winters' *pattern* of verbal abuse is a harmful to staff and other residents. See AS 47.33.360(a)(2). Additionally, Ms. Winters' pattern of verbal abuse, as well as her recent episode of physical aggression, violated terms in the Residential Services Contract requiring her to abide by the Resident Policies (House Rules), which prohibit "[p]hysical, verbal or mental abuse or aggression by residents". See AS 47.33.360(a)(3).

CSC also appropriately terminated Ms. Winters' contract for medical reasons that CSC cannot accommodate. See AS 47.33.360(a)(1) and (6). Ms. Winters' behavior consisting of a pattern of verbal abuse and the recent hand hitting incident suggests Ms. Winters may require mental health services, but Ms. Winters and her daughter have refused to address this possibility. Even Ms. Winters' Care Coordinator has previously suggested a neuropsychological evaluation might be appropriate for Ms. Winters, and Ms. Huskey voluntered to inquire into the possibility of scheduling it. However, Ms. Huskey has never followed up with CSC on any efforts she undertook to schedule an evaluation, and to CSC's knowledge nothing was ever done to accomplish the evaluation. While CSC is aware Ms. Winters has a severe generalized anxiety disorder (GAD), Ms. Winters has refused to take medication for this condition. Thus, to the extent Ms. Winters' verbal abuse and recent physical aggression are behavioral manifestations of her GAD, Ms. Winters' noncompliance with her physician's medication recommendations provides a medical reason for terminating her Residential Services Contract. See AS 47.33.360(a)(1). However, Ms. Winters' contract is not being terminated because she has GAD, but rather because her noncompliance with her physician's treatment recommendation for the GAD has apparently resulted in behavioral manifestations requiring services that are beyond the services that CSC can provide. In summary, Ms. Winters' behavior and conduct justify a level of staffing that CSC is not able to meet, and the accommodations required to meet Ms. Winters' needs would fundamentally alter the nature of assisted living services offered at CSC.

We realize you did have not the benefit of reviewing Ms. Winters' entire Resident File or other information CSC considered in its evaluation of Ms. Winters' residency at CSC over the last fifteen months. Given your lack of access to information available to CSC, we view your conclusion that "the proposed termination of Ms. Winters'

EXHIBIT F
Page 2 of 4

DELANEY, WILES, HAYES, GERETY, ELLIS & YOUNG, INC.

Timothy M. Twomey
Assistant Attorney General
State of Alaska/Department of Law
January 30, 2006
Page 3 of 4

Residential Services Contract is retaliatory" as unsubstantiated posturing based on a woefully inadequate investigation. If you do have any factual basis for accusing CSC of taking retaliatory action, please provide it. You also have not provided any factual support for your assertion that Ms. Winters' rights have been violated. Again, please provide the basis for your assertion to allow CSC to respond.

As to your claim that terminating Ms. Winters' Residential Services Contract and Lease Agreement "will likely result in harm to Ms. Winters", you are apparently uninformed about the claims by Ms. Winters' that her residency at CSC has and will continue to cause her emotional harm. In light of Ms. Winters' behavioral needs for more constant personal care and attention, which are not available at CSC, if there is any resulting harm to Ms. Winters, it will result from the failure of the Ombudsman and Ms. Winters' advocates to use their efforts to seek an alternative living arrangement consistent with Ms. Winters' needs. Ms. Winters requires more one-on-one personal care services than CSC is capable of providing. CSC has historically worked with residents and their families when the residents' behavior and/or medical needs warranted a transfer or discharge from the assisted living program for safety reasons or because the residents' continued stay was not in the bests interests of the residents.

You are also probably unaware that CSC has already advised Adult Protective Services ("APS") of CSC's decision to terminate Ms. Winters' Residential Services Contract and Lease Agreement. CSC also informed APS that the Ombudsman does not agree with its decision. Indeed, if APS wishes to investigate this matter, CSC would welcome such an investigation because to date, there has been no impartial investigation by the Ombudsman. To the contrary, the Ombudsman has completely abdicated his role as a mediator in this situation.

For your consideration, we will provide a detailed response to Ms. Carol Winters' allegations in her "Rebuttal to Eviction Notice" in the near future. As to your threat to commence legal action, please be advised CSC will not back down to such threats. If this situation must be resolved in a court of law, then CSC is prepared to defend its rights and position in that forum.

To be clear, CSC does not intend to withdraw the eviction notice, and the 30-day stay should not be interpreted as a waiver of CSC's right to terminate Ms. Winters' Residential Services Contract and Lease Agreement. At the expiration of any time extension for Ms. Winters to vacate her apartment, CSC reserves the right to take appropriate legal action to enforce the termination of the Lease Agreement and Residential Services Contract.

EXHIBIT F
Page 3 of 4

DELANEY, WILES, HAYES, GERETY, ELLIS & YOUNG, INC.

Timothy M. Twomey
Assistant Attorney General
State of Alaska/Department of Law
January 30, 2006
Page 4 of 4

Thank you for your attention to this matter.

      Sincerely,

      DELANEY, WILES, HAYES,
      GERETY, ELLIS & YOUNG, INC.

      *[signature]*
      Donna M. Meyers

DMM:dkd/113203
cc: Linda Hendrickson
   Executive Director

EXHIBIT  F
Page  4  of  4