7 Fed.Appx. 687    Page 1

7 Fed.Appx. 687, 2001 WL 311320 (C.A.9 (Nev.))
**(Cite as: 7 Fed.Appx. 687)**

C
Briefs and Other Related Documents
**Hall** v. **Meadowood** Limited PartnershipC.A.9 (Nev.),2001.This case was not selected for publication in the Federal Reporter.Please use FIND to look at the applicable circuit court rule before citing this opinion. (FIND CTA9 Rule 36-3.)
United States Court of Appeals,Ninth Circuit.
Gary **HALL**, Plaintiff-Appellant,
v.
**MEADOWOOD** LIMITED PARTNERSHIP;
Sentinel Real Estate Corporation,
Defendants-Appellees.
No. 99-17122.
D.C. No. CV-99-00084-HDM.

Argued and Submitted March 16, 2001.
Decided March 28, 2001.

Tenant brought action against landlord alleging disability discrimination, sexual harassment, and retaliation under Fair Housing Act (FHA). The United States District Court for the District of Nevada, Howard D. McKibben, J., granted summary judgment for landlord. Tenant appealed. The Court of Appeals held that: (1) tenant failed to establish a prima facie case of disability discrimination under FHA; (2) landlord was not liable for sexual harassment under FHA; and (3) landlord was not liable for alleged retaliation under FHA.

Affirmed.
West Headnotes
**[1] Civil Rights 78 €══1019(3)**

78 Civil Rights
    78I Rights Protected and Discrimination Prohibited in General
        78k1016 Handicap, Disability, or Illness
            78k1019 Who Is Disabled; What Is Disability
                78k1019(3) k. Particular Conditions, Limitations, and Impairments. Most Cited Cases

(Formerly 78k131)

**Civil Rights 78 €══1019(5)**

78 Civil Rights
    78I Rights Protected and Discrimination Prohibited in General
        78k1016 Handicap, Disability, or Illness
            78k1019 Who Is Disabled; What Is Disability
                78k1019(5) k. Perceived Disability; "Regarded As" Claims. Most Cited Cases
(Formerly 78k131)
Tenant failed to establish a prima facie case of disability discrimination under Fair Housing Act (FHA), where tenant failed to present any evidence that his neck injury rendered him disabled under Act or that apartment manager regarded him as disabled. Fair Housing Act, §§ 802(h)(1, 3), 804, 42 U.S.C.A. §§ 3602(h)(1, 3), 3604; 24 C.F.R. § 100.201(b).

**[2] Civil Rights 78 €══1086**

78 Civil Rights
    78I Rights Protected and Discrimination Prohibited in General
        78k1074 Housing
            78k1086 k. Harassment; Hostile Environment. Most Cited Cases
(Formerly 78k131)
In applying Fair Housing Act (FHA) to tenant's claim of sexual harassment, Court of Appeals was guided by interpretations of Title VII, and would determine whether environment was sufficiently hostile or abusive by looking at all circumstances, including frequency of discriminatory conduct, its severity, whether it was physically threatening, or humiliating or a mere offensive utterance, and whether it unreasonably interfered with tenant's living conditions. Civil Rights Act of 1964, § 701 et seq., 42 U.S.C.A. § 2000e et seq.; Fair Housing Act, § 801 et seq., 42 U.S.C.A. § 3601 et seq.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

EXHIBIT G
Page 1 of 4

**[3] Civil Rights 78 ⇌1086**

78 Civil Rights
    78I Rights Protected and Discrimination Prohibited in General
        78k1074 Housing
            78k1086 k. Harassment; Hostile Environment. Most Cited Cases
      (Formerly 78k131)
Apartment manager's alleged gender-based remarks and other conduct, which occurred only occasionally and was not severe, physically threatening, or humiliating, did not rise to level of actionable sexual harassment under Fair Housing Act (FHA), as claimed by tenant, even though conduct arguably might have been crude or inappropriate. Fair Housing Act, § 8012 et seq., 42 U.S.C.A. § 3601 et seq.

**[4] Civil Rights 78 ⇌1085**

78 Civil Rights
    78I Rights Protected and Discrimination Prohibited in General
        78k1074 Housing
            78k1085 k. Interference, Coercion, or Intimidation; Retaliation. Most Cited Cases
      (Formerly 78k131)
To make out a prima facie case of retaliation under Fair Housing Act (FHA), tenant was required to establish (1) that he engaged in a protected activity, (2) an adverse housing consequence casually linked to that activity, and (3) resulting damage. Fair Housing Act, § 8012 et seq., 42 U.S.C.A. § 3601 et seq.

**[5] Civil Rights 78 ⇌1403**

78 Civil Rights
    78III Federal Remedies in General
        78k1400 Presumptions, Inferences, and Burdens of Proof
            78k1403 k. Property and Housing. Most Cited Cases
      (Formerly 78k240(3))

**Federal Civil Procedure 170A ⇌2491.5**

170A Federal Civil Procedure
    170AXVII Judgment
        170AXVII(C) Summary Judgment
            170AXVII(C)2 Particular Cases
                170Ak2491.5 k. Civil Rights Cases in General. Most Cited Cases
Once tenant establishes a prima facie case of retaliation under Fair Housing Act (FHA), burden of production shifts to landlord to articulate some legitimate, nondiscriminatory reason for adverse action, and if landlord is successful, in order to defeat summary judgment, tenant must create a triable issue of fact as to whether landlord's proffered rationales were mere pretexts for discrimination. Fair Housing Act, § 8012 et seq., 42 U.S.C.A. § 3601 et seq.

**[6] Civil Rights 78 ⇌1085**

78 Civil Rights
    78I Rights Protected and Discrimination Prohibited in General
        78k1074 Housing
            78k1085 k. Interference, Coercion, or Intimidation; Retaliation. Most Cited Cases
      (Formerly 78k131)
Assuming that tenant established a prima facie case of retaliation under Fair Housing Act (FHA), landlord proffered a legitimate, nondiscriminatory reason for declining to offer tenant continued living arrangements, namely, his rude, disruptive behavior in apartment complex and his documented "outbursts of anger" in rental offices. Fair Housing Act, § 8012 et seq., 42 U.S.C.A. § 3601 et seq.

*688 Appeal from the United States District Court District of Nevada Howard D. McKibben, District Judge, Presiding.

Before REINHARDT, RYMER and FISHER, Circuit Judges.

MEMORANDUM [FN*]

FN* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36-3.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

EXHIBIT G
Page 2 of 4

**\*1** Gary **Hall** appeals the district court's grant of summary judgment in favor of **\*689 Meadowood** Limited Partnership on claims of disability discrimination, sexual harassment and retaliation under the Fair Housing Act, 42 U.S.C. § 3601, et seq. We have jurisdiction under 28 U.S.C. § 1291, and review de novo. *Lopez v. Smith,* 203 F.3d 1122, 1131 (9th Cir.2000). Viewing the evidence in the light most favorable to the nonmoving party, we must determine whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. *Id.* We affirm.

A. *Disability Discrimination*

[1] **Hall** alleges that his apartment manager, Shannon Herrera-Spaulding, discriminated against him because of his disability in violation of the Fair Housing Act. § 3604(c), (f)(2)(A). The FHA defines a "handicapped" person as one who has a " physical or mental impairment which substantially limits one or more of such person's major life activities," as well as someone who is "regarded as having such an impairment." 42 U.S.C. § 3602(h)(1),(3). "Major life activities" mean functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning and working. 24 C.F.R. § 100.201(b).

**Hall** has not presented any evidence that his neck injury rendered him disabled ("handicapped") under the FHA or that Herrera-Spaulding regarded him as disabled. Accordingly, he cannot establish a prima facie case of disability discrimination under the FHA and the district court properly granted summary judgment on this claim. Moreover, the question asked by Herrera-Spaulding while renting the apartment to **Hall** does not raise a genuine issue of material fact as to any preference, limitation or discrimination based on handicap under 42 U.S.C. § 3604.

B. *Sexual Harassment*

[2][3] **Hall** contends that Herrera-Spaulding's gender-based remarks and conduct constituted sexual harassment in violation of the FHA. In applying the FHA, we are guided by interpretations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq. See Gamble v. City of Escondido,* 104 F.3d 300, 304 (9th Cir.1997). We determine whether an environment is sufficiently hostile or abusive by "looking at all the circumstances, including the frequency of the discriminatory conduct; its severity; whether it is physically threatening, or humiliating or a mere offensive utterance; and whether it unreasonably interferes with work performance" or, as here, a tenant's living conditions. *Kortan v. California Youth Authority,* 217 F.3d 1104, 1110 (9th Cir.2000). A review of the record establishes that the conduct at issue occurred only occasionally and was not severe, physically threatening or humiliating. While the conduct arguably may have been crude or inappropriate, it did not rise to the level of actionable sexual harassment. The district court properly granted summary judgment to **Meadowood** on **Hall's** claim of sexual harassment under the FHA.

C. *Retaliation*

**\*2** [4][5] To make out a prima facie case of retaliation under the FHA, **Hall** must establish (1) that he engaged in a protected activity, (2) an adverse housing consequence casually linked to that activity and (3) resulting damage. *San Pedro Hotel Co., Inc. v. City of Los Angeles,* 159 F.3d 470, 477 (9th Cir.1998). Once **Hall** has established a prima facie case of retaliation, the burden of production shifts to **Meadowood** to articulate some legitimate, nondiscriminatory reason for the adverse action. *Tarin v. County of Los Angeles,* 123 F.3d 1259, 1264 (9th Cir.1997). If **\*690 Meadowood** is successful, in order to defeat summary judgment, **Hall** must create a triable issue of fact as to whether **Meadowood's** proffered rationales were mere pretexts for discrimination. *Id.*

[6] Assuming that **Hall** established a prima facie case of retaliation, **Meadowood** has proffered a legitimate, nondiscriminatory reason for declining to offer **Hall** continued living arrangements,

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

EXHIBIT G
Page 3 of 4

namely, his rude, disruptive behavior in the **Meadowood** complex and his documented " outbursts of anger" in the rental offices. Because **Hall** points to nothing in the record, other than his own conclusory statements, to refute **Meadowood's** explanations for its decisions, we affirm the district court's grant of summary judgment with respect to **Hall's** claim for unlawful retaliation.

AFFIRMED.

C.A.9 (Nev.),2001.
Hall v. Meadowood Limited Partnership
7 Fed.Appx. 687, 2001 WL 311320 (C.A.9 (Nev.))

Briefs and Other Related Documents (Back to top)

• 2000 WL 33999095 (Appellate Brief) Appellant's Reply Brief (Mar. 23, 2000) Original Image of this Document (PDF)
• 2000 WL 33999096 (Appellate Brief) Brief for Appellees (Mar. 07, 2000) Original Image of this Document (PDF)
• 2000 WL 33999097 (Appellate Brief) Appellant's Opening Brief (Jan. 24, 2000) Original Image of this Document (PDF)
• 99-17122 (Docket) (Oct. 06, 1999)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

EXHIBIT G
Page 4 of 4