Westlaw.

Not Reported in F.Supp.                                                                                                      Page 1

Not Reported in F.Supp., 1995 WL 17137468 (S.D.Ohio)
**(Cite as: Not Reported in F.Supp.)**

Appenfelder by and through Appenfelder v. Deupree St. LukeS.D.Ohio,1995.Only the Westlaw citation is currently available.
United States District Court,S.D. Ohio.
Charlotte K. **APPENFELDER**, Plaintiff,
v.
**DEUPREE** ST. LUKE, et al., Defendants.
No. 1:94-CV-00296-SAS.

Oct. 25, 1995.

Janet Eileen Pecquet, Pro Seniors, Inc., Cincinnati, OH, for Plaintiff.
Anthony Joseph Caruso, Joseph Lee Dilts, Kohnen & Patton, Cincinnati, OH, for Defendants.

### ORDER

SPIEGEL, Senior J.
*1 This matter is before the Court on cross-motions for summary judgment. The Defendant filed a Motion for Summary Judgment (doc. 26) that the Plaintiff opposed and within the opposition the Plaintiff also filed a Cross-Motion for Summary Judgment (doc. 31). The Defendants then filed a Memorandum in Opposition (doc. 33), and the Plaintiffs filed a Reply (doc. 35).

### Background

Plaintiff Charlotte Appenfelder filed this action by and through her next friend and daughter, Jean Appenfelder. Plaintiff seeks to require Defendant, Dupree St. Luke d/b/a St. Luke Center ("St. Luke Center"), to allow her to eat in the main dining room at St. Luke Center, the retirement home where Plaintiff resides.

Charlotte Appenfelder suffers from an advanced stage of Alzheimer's disease and requires spoon feeding. St. Luke Center currently administers a dining policy whereby residents requiring spoon feeding eat in a dependant dining room, rather than in the main dining room with the residents capable of feeding themselves.

St. Luke Center is a one-hundred and sixty-two bed, long term care, nursing facility. All St. Luke Center residents are subject to the dining policy. St. Luke Center determines what dining room to place a patient in, upon admission. It bases this decision upon the resident's capabilities and functional level.

Currently, approximately nineteen residents are fed in the dependant dining room. Since St. Luke Center initiated its dining policy in October of 1992, approximately forty-one residents have been fed in the dependent dining room, while approximately eighty-two have eaten in the main dining room.

Plaintiff alleges that St. Luke Center's dining policy violates section 504 of the Rehabilitation Act, 29 U.S.C. § 794, Title III of the Americans with Disabilities Act, 42 U.S.C. § 12182(a) and (b)(1)-(2), and the Fair Housing Act, 42 U.S.C. § 3604(f)(2). Both parties have now filed motions for summary judgment.

### STANDARD OF REVIEW

The narrow question that we must decide on a motion for summary judgment is whether there exists a "genuine issue as to any material fact and [whether] the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The Supreme Court elaborated upon the appropriate standard in deciding a motion for summary judgment as follows:
[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

EXHIBIT I
Page 1 of 4

Case 3:06-cv-00083-TMB   Document 139-10   Filed 12/19/2006   Page 2 of 4

Not Reported in F.Supp.                                                                                               Page 2
Not Reported in F.Supp., 1995 WL 17137468 (S.D.Ohio)
**(Cite as: Not Reported in F.Supp.)**

proof at trial.

*Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

The moving party has the initial burden of showing the absence of a genuine issue of material fact as to an essential element of the non-movant's case. *Id.* at 321; *Guarino v. Brookfield Township Trustees,* 980 F.2d 399, 405 (6th Cir.1992); *Street v. J.C. Bradford & Co.,* 886 F.2d 1472, 1479 (6th Cir.1989). If the moving party meets this burden, then the non-moving party "must set forth specific facts showing there is a genuine issue for trial." Fed.R.Civ.P. 56(e); *see Guarino,* 980 F.2d at 405.

*2 As the Supreme Court stated in *Celotex,* the non-moving party must "designate" specific facts showing there is a genuine issue for trial. *Celotex,* 477 U.S. at 324; *Guarino,* 980 F.2d at 405. Although the burden might not require the non-moving party to "designate" facts by citing page numbers, " 'the designated portions must be presented with enough specificity that the district court can readily identify the facts upon which the non-moving party relies.' " *Guarino,* 980 F.2d at 405 (quoting *Inter-Royal Corp. v. Sponseller,* 889 F.2d 108, 111 (6th Cir.1989), *cert. denied,* 494 U.S. 1091, 110 S.Ct. 1839, 108 L.Ed.2d 967 (1990)).

Summary judgment is not appropriate if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Conclusory allegations, however, are not sufficient to defeat a motion for summary judgment. *McDonald v. Union Camp Corp.,* 898 F.2d 1155, 1162 (6th Cir.1990).

DISCUSSION

I. Rehabilitation Act § 504

Plaintiff first seeks relief under section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794. Section 504 prohibits a federally funded state program from discriminating against a handicapped individual solely by reason of her handicap. Section 504 provides in pertinent part:
No otherwise qualified handicapped individual ... shall, solely by reason of his handicap, be excluded from participation in, be denied the benefits of or be subjected to discrimination under any program or activity receiving Federal financial assistance....

29 U.S.C. § 794. Thus, the elements of a Rehabilitation Act claim are as follows:1. Plaintiff is a "handicapped individual" as defined in the statute;
2. Plaintiff is "otherwise qualified" to participate in the program or activity;
3. Plaintiff has been excluded from the program or activity solely because of her handicap;
4. the program or activity received federal financial assistance.

*Doherty v. Southern College of Optometry,* 862 F.2d 570, 573 (6th Cir.1988). *Martin v. Voinovich,* 840 F.Supp. 1175, 1190 (S.D.Ohio 1993); *Wagner v. Fair Acres Geriatric Center,* 49 F.3d 1002, 1009 (3d Cir.1995). The Defendants do not dispute that Ms. Appenfelder is a "handicapped individual" nor do they dispute that they receive financial assistance.

A. "Otherwise Qualified"

The Defendants argue that Ms. Appenfelder is not an "otherwise qualified" individual. An "otherwise qualified" individual is one who is able to meet all of a program's requirements in spite of her handicap. *Southeastern Community College v. Davis,* 442 U.S. 397, 406, 99 S.Ct. 2361, 60 L.Ed.2d 980 (1979). An individual can be " otherwise qualified" in some instances even if she cannot meet all of a program's requirements. *Wagner,* 49 F.3d at 1009; *Doherty,* 862 F.2d at 570. This is so when refusal to modify an existing program to accommodate an individual would be unreasonable and thereby discriminatory. *Wagner,* 49 F.3d at 1009.

*3 Consequently, the Rehabilitation Act requires that federal grantees make reasonable accomodations for their handicapped residents. Requiring accommodation is unreasonable in two

EXHIBIT I
Page 2 of 4

Not Reported in F.Supp. Page 3
Not Reported in F.Supp., 1995 WL 17137468 (S.D.Ohio)
**(Cite as: Not Reported in F.Supp.)**

instances: (1) if it would necessitate modification of the essential nature of the program; or (2) if it would place undue burdens, such as extensive costs, on the recipient of federal funds. *Id.* "Thus, in looking at whether an individual is otherwise qualified, [the Court] must analyze whether the person would be otherwise qualified if reasonable accommodations are made for his/her handicap." *Id.*

In this case, to qualify for dining in the main dining room, an individual must meet the following four requirements:
(1) The resident should be alert enough to communicate with others; (2) The resident should be able to feed himself/herself with little or no tray set-up; (3) The resident should indicate a choice to be in the dining room; (4) The resident should have social behavior patterns which will not disrupt the dining experience for other residents.

Resident Dining Policy, section IV(D). St. Luke Center may waive the criteria if it would have significant benefit to the resident and no detrimental effect on the dining experience of other residents. *Id.* at section V(B).

Ms. Appenfelder does not meet St. Luke's established criteria. First, Ms. Appenfelder does not communicate with others. Second, Ms. Appenfelder is unable to feed herself and must be spoon fed. Third, Ms. Appenfelder has not indicated where she would like to eat in the main dining room, although her daughter has stated that she prefers the main dining room. Finally, Ms. Appenfelder could be disruptive to other residents. Ms. Appenfelder's daughter, who filed this lawsuit on her behalf, admits that Ms. Appenfelder does not meet any of these criteria. Deposition of Jean Appenfelder at pgs. 291-92.

Ms. Appenfelder also fails to qualify under the exceptions established in St. Luke's dining policy. She would not get a significant benefit from eating in the dining room, and she could cause a disruption or have a detrimental effect on the dining of other residents. Depo. of Jean Appenfelder at pgs. 295-96.

Consequently, Ms. Appenfelder is not able to meet the requirements of dining in the main dining room in spite of her handicap. Therefore, we must look to see if making an accommodation would be reasonable, so that she could eat in the main dining room.

In this case, forcing St. Luke Center, a federal grantee, to accommodate Ms. Appenfelder would be unreasonable. Accommodation is unreasonable when it forces a federal grantee to change the essential nature of the program or imposes an undue burden on the federal grantee. *Wagner,* 49 F.3d at 1009; *see also Alexander v. Choate,* 469 U.S. 287, 300, 105 S.Ct. 712, 83 L.Ed.2d 661 (1985) ("[w]hile a [federal] grantee need not be required to make 'fundamental' or 'substantial' modifications to accommodate the handicapped, it may be required to make 'reasonable' ones."). Thus, the question after *Alexander* is whether some "reasonable accommodation" exists that will satisfy the legitimate interests of both the grantee and the handicapped person. *Brennan v. Stewart,* 834 F.2d 1248, 1262 (5th Cir.1988).

*4 In this case, a reasonable accommodation is not available that will satisfy both the interests of St. Luke Center and Ms. Appenfelder. Ms. Appenfelder must be spoon fed, and it takes her between thirty and sixty minutes to eat a meal. Additionally, the Plaintiff's daughter concedes that Ms. Appenfelder's behavior patterns could be disruptive of other residents' dining experience. Finally, everyone agrees that it is best if Ms. Appenfelder has a nurse to supervise her while she is eating.

St. Luke Center has found that the best way to allow everyone to have a peaceful and enjoyable dining experience was to serve food in separate dining rooms. Previously, St. Luke Center attempted to serve the residents in two shifts in the main dining room. Such a system, however, proved to be noisy and chaotic. St. Luke Center found that many residents felt rushed to complete their meals and showed signs of physical agitation. Moreover, some residents refrained from eating in the main dining room, thus reducing their socialization with other residents.

Accordingly, forcing St. Luke Center to go back to a two shift system would be very disruptive and

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

EXHIBIT I
Page 3 of 4

Case 3:06-cv-00083-TMB    Document 139-10    Filed 12/19/2006    Page 4 of 4

Not Reported in F.Supp.                                              Page 4
Not Reported in F.Supp., 1995 WL 17137468 (S.D.Ohio)
**(Cite as: Not Reported in F.Supp.)**

would change the "essential nature" of the dining program. The only remaining alternative is to have everyone eat in the dining room at once. Ms. Appenfelder's daughter, however, concedes that the Plaintiff needs to be spoonfed, can be disruptive, and should have supervision while eating. Providing for this in the main dining room would produce an unmanageable environment, whereby the other residents would be substantially affected. Finally, the Defendants proposed that if Ms. Appenfelder's daughter wanted to have the Plaintiff fed in the main dining room, she could do so as long the daughter or another responsible party was present at the time. This accommodation, however, did not satisfy the Plaintiff, even though it appears to be the only "reasonable accommodation" available. Consequently, no reasonable accommodation exists that will satisfy both the Plaintiff and St. Luke Center.

In this instance, St. Luke Center must also take into consideration the other residents at their institution. St. Luke Center has made the best accommodations it can in this instance. Although we sympathize with Ms. Appenfelder's daughter's attempts to have her mother fed in the main dining room, we find that the Defendant's denial of her wishes is not actionable under the Rehabilitation Act because the Plaintiff is not "otherwise qualified."

II. American With Disabilities Act

The Plaintiff also claims that the Defendants violated Title III of the American with Disabilities Act ("ADA"), 42 U.S.C. §§ 12131-12150. Similar to section 504 of the Rehabilitation Act, the ADA provides:
No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

*5 42 U.S.C. § 12182(a). The Plaintiff concedes that the ADA is to be interpreted consistently with section 504 of the Rehabilitation Act. See Plaintiff's Cross-Motion for Summary Judgment, Document 31, at page 37; *Helen L. v. DiDario,* 46 F.3d 325, 332 (3d Cir.1995); *Martin v. Voinovich,* 840 F.Supp. 1175, 1192 (S.D.Ohio 1993). The ADA, like the Rehabilitation Act, does not require St. Luke Center to fundamentally alter its program. *Helen L.,* 46 F.3d at 336; *see also* 28 C.F.R. § 35.130(b)(7) ("A public entity shall make reasonable modifications ... unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program or activity."). As demonstrated above, St. Luke Center would have to fundamentally alter its dining program in order to accommodate Ms. Appenfelder.

CONCLUSION

Accordingly, we hereby GRANT the Defendants' Motion for Summary Judgment and DISMISS this action.

SO ORDERED.

S.D.Ohio,1995.
Appenfelder by and through Appenfelder v. Deupree St. Luke
Not Reported in F.Supp., 1995 WL 17137468 (S.D.Ohio)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

EXHIBIT I
Page 4 of 4