Westlaw.

Not Reported in P.3d                                                                                                  Page 1

Not Reported in P.3d, 2000 WL 34545828 (Alaska)
**(Cite as: Not Reported in P.3d)**

Webb ex rel. Webb v. Anchorage School Dist.Alaska,2000.Only the Westlaw citation is currently available.
NOTICE: UNPUBLISHED OPINIONNOTICEMemorandum decisions of this court do not create legal precedent. See Alaska Appellate Rule 214(d). Accordingly, this memorandum decision may not be cited for any proposition of law or as an example of the proper resolution of any issue.
Supreme Court of Alaska.
Stephanie Levy WEBB, a minor, by her natural guardians and parents, Sharon Levy WEBB and William Webb, Jr., Appellants,
v.
ANCHORAGE SCHOOL DISTRICT, John Schmitz and Matthew Anderson, a minor, by natural parent or guardian, Appellees.
**No. S-9248.**

Sept. 27, 2000.

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, Peter A. Michalski, Judge.

Robert A. Rehbock, Rehbock & Rehbock, Anchorage, for Appellants.
Eric J. Brown, Jermain, Dunnagan & Owens, PC, Anchorage, for Appellees.

Before: MATTHEWS, Chief Justice, EASTAUGH, BRYNER, and CARPENETI, Justices.

*MEMORANDUM OPINION AND JUDGMENT* [FN*]

FN* Entered pursuant to Appellate Rule 214.

*1 1. Stephanie Levy Webb, a third grader at Taku Elementary School, was injured during a gym class on tee-ball taught by John Schmitz. Stephanie and her parents sued Schmitz and the Anchorage School District (collectively, the district) for negligence, requesting recovery for Stephanie's injuries and the parents' emotional distress. The Webbs also requested punitive damages for Schmitz's " egregious and scandalous" behavior in failing to prevent Stephanie's injuries. After presenting the affidavit of an experienced physical education instructor and depositions that indicated that Schmitz's actions fell within the applicable standard of care, the defendants moved for summary judgment on Stephanie's negligence claim, the parents' derivative emotional distress claims, and the claim for punitive damages. Noting that " [n]egligence is usually reserved for trial but here the plaintiff has shown no basis to find negligence," the trial court granted

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

EXHIBIT
Page 1 of 4

Not Reported in P.3d                                                                                             Page 2

Not Reported in P.3d, 2000 WL 34545828 (Alaska)
**(Cite as: Not Reported in P.3d)**

summary judgment on all counts.

2. We review a trial court's grant of summary judgment de novo.[FN1] Drawing all reasonable inferences in favor of the non-moving party, we determine from the record whether any genuine issues of material fact exists and whether the undisputed facts entitle the moving party to judgment as a matter of law.[FN2]

> FN1. *See Arctic Tug & Barge, Inc. v. Raleigh, Schwarz & Powell,* 956 P.2d 1199, 1200 (Alaska 1998).
>
> FN2. *See id.*

3. "As a general rule, issues of negligence ... are not susceptible to summary judgment due to the highly circumstantial judgments required in their determination, but should be resolved by trial in the ordinary manner." [FN3] Summary judgment is particularly unlikely in cases such as the present one where the defendants concede that they owe a duty of care to the plaintiff.[FN4] The district concedes that Schmitz owed Stephanie a duty of due care. The district argues, however, that the record does not support the Webbs' claim that Schmitz breached that duty of care.

> FN3. *Maddox v. River & Sea Marine, Inc.,* 925 P.2d 1033, 1035 (Alaska 1996); *see also Webb v. City & Borough of Sitka,* 561 P.2d 731, 735 (Alaska 1977) ("[I]ssues of negligence are generally not susceptible to summary determination....").
>
> FN4. *See, e.g., Arctic Tug & Barge,* 956 P.2d at 1203 ("In cases where no one disputes the existence of a duty running from one party to another, we have disfavored summary adjudication of the precise scope of that duty, or of whether particular conduct did or did not breach it (i.e., constitute negligence).").

4. Our review of the record indicates that genuine issues of material fact exist as to whether the duty of care was breached. For example, the record reveals that neither Schmitz nor Stephanie can remember whether Schmitz gave safety instructions on the day of the accident. The record also reveals that Schmitz's lesson plan does not include a reference to the safety instructions. In addition, Stephanie testified in her deposition that she ran out from behind the backstop because Schmitz had told the class that if they wanted to be catcher, they needed to "go up to him ... but he didn't say how [to go up to him]." The record also indicates that Schmitz was the only teacher for the entire class of third graders and that he was in charge of telling the students when to swing the bat. When viewed in the light most favorable to the Webbs, these facts suggest a number of negligence theories: a reasonable juror might conclude that Schmitz inadequately instructed the class, that he improperly

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

EXHIBIT L
Page 2 of 4

http://web2.westlaw.com/print/printstream.aspx?sv=Split&destination=atp&prid=B00558...   12/18/2006

Not Reported in P.3d                                                                                       Page 3
Not Reported in P.3d, 2000 WL 34545828 (Alaska)
**(Cite as: Not Reported in P.3d)**

supervised the class, and that he needed additional help to teach the tee-ball class safely. The role of the court on summary judgment is not to weigh conflicting evidence or assess credibility.[FN5] Because genuine issues of material fact remain regarding the defendants' alleged breach of their duty of care to Stephanie, summary judgment on the Webbs' main negligence claim was improper.

> FN5. *Meyer v. State, Dep't of Revenue, Child Support Enforcement Div., ex rel. N.G.T.,* 994 P.2d 365, 367 (Alaska 1999).

*2 5. We conclude, however, that summary judgment on the Webbs' other claims-for negligent infliction of emotional distress and punitive damages-was appropriate. In *Tommy's Elbow Room, Inc. v. Kavorkian,*[FN6] we established general guidelines for determining whether a family member should recover for his/her emotional distress after witnessing the injury or death of another family member. These guidelines include how close the family member was to the scene of accident and whether the shock resulted from the direct emotional impact of a contemporaneous or near contemporaneous observance of the accident and its aftermath.[FN7] Here, neither parent witnessed Stephanie's accident nor did they experience the direct shock of a nearly contemporaneous viewing of her injuries. Sharon arrived at the school more than twenty minutes after the accident had occurred, and Stephanie had already been taken to the nurse's office and provided with first aid. Bill did not see Stephanie until even later, after she arrived at the hospital. Both parents therefore had sufficient time to "steel themselves" before witnessing the injury.[FN8] Therefore neither parent can sustain a cause of action for derivative emotional distress claims.[FN9]

> FN6. 727 P.2d 1038 (Alaska 1986).
>
> FN7. *See id.* at 1041.
>
> FN8. *Compare Mattingly v. Sheldon Jackson College,* 743 P.2d 356, 365-66 (Alaska 1987) (father had adequate opportunity to steel himself during 150-mile flight to accident site) *with Beck v. State, Dep't of Transp. and Pub. Facilities,* 837 P.2d 105, 111 (Alaska 1992) (mother had no time to "steel herself" when she drove from chaotic accident scene-where she was prevented from seeing her daughter-directly to hospital where she saw her daughter on a hospital gurney, suffering from ultimately fatal injuries).
>
> FN9. We further note that insofar as Count II of the Webbs' complaint also alleges a direct negligent infliction of emotional distress claim for Sharon Webb based on a school staff member's alleged mistreatment of Sharon,

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

EXHIBIT L
Page 3 of 4

Not Reported in P.3d                                                                                             Page 4
Not Reported in P.3d, 2000 WL 34545828 (Alaska)
**(Cite as: Not Reported in P.3d)**

such a claim is also unsustainable. In order to establish a negligent infliction of emotional distress claim, a plaintiff must show that the defendant owed her a preexisting duty, that the defendant breached that duty, and that the breach was a proximate cause of plaintiff's foreseeable and severe emotional distress. *See Chizmar v. Mackie,* 896 P.2d 196, 214 (Alaska 1995) The Webbs have produced no evidence establishing that the staff member owed Sharon a preexisting duty of care, let alone that she breached that duty of care.

6. The claim for punitive damages is similarly unsustainable. We have long held that "[m]ere negligence is insufficient to justify an award of punitive damages" and that, in order to survive a summary judgment motion, a plaintiff must provide some evidence from which a reasonable juror could conclude that the defendants acted with malice, bad motives, or a reckless indifference to the interests of others.[FN10] The Webbs have failed to meet this burden. There is nothing in the record to suggest that Schmitz or the district acted with anything remotely close to malice, bad motives, or reckless indifference.

FN10. *Johnson & Higgins of Alaska Inc. v. Blomfield,* 907 P.2d 1371, 1376 (Alaska 1995)

7. Thus, because triable issues of fact remain regarding whether the defendants breached their duty of care to Stephanie, we REVERSE and REMAND the superior court's grant of summary judgment on the Webbs' main negligence claim. However, because the Webbs' negligent infliction of emotional distress and punitive damages claims fail as a matter of law, we AFFIRM the superior court's grant of summary judgment on these two claims. Because we are reversing and remanding the main negligence claim, we also VACATE the award of attorney's fees.

FABE, Justice, not participating.
Alaska,2000.
Webb ex rel. Webb v. Anchorage School Dist.
Not Reported in P.3d, 2000 WL 34545828 (Alaska)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

EXHIBIT L
Page 4 of 4