Donna M. Meyers
Clay A. Young
Delaney Wiles, Inc.
1007 W. 3rd Avenue, Suite 400
Anchorage, Alaska  99501
PHONE:  907-279-3581
FAX:  907-277-1331

Attorneys for Defendant Chugiak Senior Citizens, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| HELEN WINTERS, through her Power Of Attorney Carol Winters, ) ) ) Plaintiff, ) ) v. ) ) CHUGIAK SENIOR CITIZENS, INC., ) ) Defendant. ) ) | Case No. 3:06-cv-00083-TMB |

**CHUGIAK SENIOR CITIZENS, INC.'S MOTION *IN LIMINE* NO. 4 RE:  THE LACK OF SERVICE ON THE HOLDER OF THE POWER OF ATTORNEY OF THE TERMINATION LETTER**

**I.     INTRODUCTION**

Chugiak Senior Citizens, Inc. ("CSC"), through counsel, asks the court to preclude plaintiff from presenting any evidence or argument that CSC improperly notified her, instead of her daughter who held a Power of Attorney, that CSC was terminating the Residential Services Contract ("RSC") and Lease Agreement ("lease") with Helen Winters.  CSC was under no legal or contractual obligation to notify Carol Winters, as opposed to Helen Winters.

Chugiak Senior Citizens, Inc.'s Motion *in Limine* No. 4
Re:  Lack of Service on the Holder of the Power of Attorney of the Termination Letter
Winters v. Chugiak Senior Citizens/Case No. 3:06-cv-0083 (TMB)                                   Page 1 of 6

## II.  STATEMENT OF FACTS

Plaintiff became a tenant in CSC's assisted living facility ("ALF") on September 20, 2004 and lives in her own apartment. Among other documents, plaintiff executed a lease, a RSC, and an Acknowledgment of Receipt of Resident's Rights which plaintiff acknowledged receiving CSC's Resident Policies (House Rules). *See* Ex. A at 2; *see also* Ex. B at 1-5 (LA); Ex. C at 1-10 (RSC); Ex. D at 1-6 (Acknowledgment of Receipt of Resident's Rights).

On January 5, 2006, CSC served Helen Winters with a letter notifying her that CSC was terminating its RSC and lease with her. Ex. E at 1-2 (CSC Letter Dated 1/5/06). The letter provided several reasons why CSC was terminating plaintiff's lease and RSC. *Id.* Whether the reasons are valid is not at issue in this motion; only the method of service of the letter. The letter was sent directly to plaintiff as required under the lease and RSC by prepaid, first class mail to the address plaintiff provided in the RSC. *Id.* The letter was also sent to plaintiff consistent with AS 47.33.360(b), which allowed CSC to provide "written notice of the proposed contract termination to the resident *or* the resident's representative. . . ."

## III.  ARGUMENT

There is no requirement under either federal law or the law in Alaska, that prohibits an entity such as CSC from directly notifying a mentally competent resident of an assisted living home or a tenant of its intent to terminate its residential service contract or lease agreement, instead of notifying and serving the resident/tenant's power of attorney of its intentions. The fact that Carol Winters had a Power of Attorney to take certain actions on Helen Winters' behalf is of no import. Ex. F (Power of Attorney; plaintiff's former address and her Social Security number have been redacted from this exhibit). Carol Winters' power of attorney rights did not terminate

Chugiak Senior Citizens, Inc.'s Motion *in Limine* No. 4
Re:  Lack of Service on the Holder of the Power of Attorney of the Termination Letter
<u>Winters v. Chugiak Senior Citizens</u>/Case No. 3:06-cv-0083 (TMB)                    Page 2 of 6

Helen Winters' legal rights or change CSC's obligation to directly provide Helen Winters lawful notice.

Helen Winters signed a general power of attorney that authorized her daughter Carol Winters to conduct certain acts on her behalf. Ex. F. The power of attorney did not expressly address whether Carol Winters was authorized to accept exclusive service of documents on Helen Winters' behalf, such as CSC's letter terminating Helen Winters' RSC and lease. The power of attorney signed by Helen Winters was apparently signed in Maryland and does not comport with the model Alaska statutory power of attorney form regarding acceptance of service of legal documents. Ex. F at 1-4; AS 13.26.344(i)(6). Thus, CSC could not have lawfully discharged its duty to provide Helen Winters notice of the termination of the RSC and lease by simply notifying Carol Winters. However, even if Helen Winters' power of attorney could be interpreted as authorizing service of process or other documents on Carol Winters on Helen Winters' behalf, service in that manner would not be exclusive. It would simply authorize Carol Winters to receive process or other documents on Helen Winters' behalf, but it would not <u>require</u> CSC (or any other entity) to serve Carol Winters if CSC properly served Helen Winters. CSC would be able to effectuate service either on Helen Winters directly or indirectly through Carol Winters.

A "power of attorney" is simply "[a]n instrument in writing whereby one person, as principal, appoints another as his agent and confers authority to perform certain specified acts or kinds of acts on behalf of principal." Black's Law Dictionary 1171 (6th ed. 1990); *see also* 3 Am. Jur. 2d Agency § 21 (2006). )."). Alaska permits the agent to accept process, if the power of attorney is a statutory form power of attorney. However, because the general power of attorney executed by Helen Winters in favor of Carol Winters does not conform to the Alaska

Chugiak Senior Citizens, Inc.'s Motion *in Limine* No. 4
Re: Lack of Service on the Holder of the Power of Attorney of the Termination Letter
<u>Winters v. Chugiak Senior Citizens</u>/Case No. 3:06-cv-0083 (TMB)                    Page 3 of 6

statutory power of attorney form, and because it is not specific about requiring only service of process or other legal documents upon Carol Winters, it cannot be read to imply that requirement, and the general rules of construction must be examined. Alaska has adopted the general rule of construction concerning powers of attorney set out in *Brown v. Laird*, 291 P. 352 (Or. 1930), which itself cited a 19th century Texas case. In *Aiello v. Clark*, 680 P.2d 1162 (Alaska 1984), the court quoted with approval the Texas court as follows:

> When an authority is conferred upon an agent by a formal instrument, as by a power of attorney, there are two rules of construction to be carefully attended to: (1) the meaning of general words in the instrument will be restricted by the context, and construed accordingly. (2) the authority will be construed strictly, so as to exclude the exercise of any power which is not warranted either by the actual terms used, or as a necessary means of executing the authority with effect.

*Aiello*, supra, quoting *Goldie v. Metcalf*, 12 S.W. 830, 831 (Tex. 1889).

Other courts agree that the holder of a power of attorney is not authorized to accept service of process of legal documents. *See, e.g.*, *Scott v. Goldman*, 917 P.2d 131, 134-35 (Wash. App. 1996) (general power of attorney did not authorize son to accept service of process on behalf of defendant); *Schultz v. Schultz*, 436 F.2d 635, 639-40 (7th Cir. 1971) (attorney represented defendant in Wisconsin divorce action and defendant had given attorney power of attorney in broad and sweeping terms and great particularity, but not mentioning authority to receive service, this did not render attorney defendant's agent to receive service in wife's action agent to receive recovery of property); Wright & Miller, 4A *Federal Practice and Procedure* § 1097 (2006) ("Consistent with this judicial construction of "appointment," the federal courts have held that claims by an agent of having authority to receive process or the fact that an agent actually accepts process is not enough to bind the defendant to the court's jurisdiction; there must

Chugiak Senior Citizens, Inc.'s Motion *in Limine* No. 4
Re: Lack of Service on the Holder of the Power of Attorney of the Termination Letter
<u>Winters v. Chugiak Senior Citizens</u>/Case No. 3:06-cv-0083 (TMB)                                Page 4 of 6

be evidence that the defendant intended to confer that authority upon the agent in order to satisfy the terms of Rule 4(e)(2).

CSC properly served Helen Winters with its notice of termination; Helen Winters' power of attorney did not require service of the notice only on Carol Winters; and there is no legal requirement under Alaska or federal law that requires service on the holder of a power of attorney when the principal is served with either a notice of lease terminations or of involuntarily termination of a residential service contract. *See* AS 47.33 *et seq*.

## IV.   CONCLUSION

For the reasons explained above, the Court should grant CSC's motion *in limine* to preclude plaintiff from presenting any evidence or argument that CSC improperly notified her that CSC was going to terminate the RSC and lease with Helen Winters because CSC did not instead notify Carol Winters.

DATED at Anchorage, Alaska, this 19th of December, 2006.

DELANEY WILES, INC.
Attorneys for Chugiak Senior Citizens, Inc.

s/Donna M. Meyers and Clay A. Young
Delaney Wiles, Inc.
1007 W. Third Avenue, Suite 400
Anchorage, Alaska 99501
Phone: 907-279-3581/Fax:   907-277-1331
E-mail:dmm@delaneywiles.com
E-mail:cay@delaneywiles.com
AK Bar No. 9006011/AK Bar. No. 7410117

Chugiak Senior Citizens, Inc.'s Motion *in Limine* No. 4
Re:  Lack of Service on the Holder of the Power of Attorney of the Termination Letter
Winters v. Chugiak Senior Citizens/Case No. 3:06-cv-0083 (TMB)                          Page 5 of 6

**CERTIFICATE OF SERVICE**

I hereby certify that on the 19th day of December 2006, a copy of this document was served electronically on:

Barbara Brink/Nikole Nelson
Jim Davis, Jr./Sonja Kerr
Alaska Legal Services Corporation
1016 West 6th Avenue, Suite 200
Anchorage, Alaska   99501

s/Donna M. Meyers and Clay A. Young (125549)

Chugiak Senior Citizens, Inc.'s Motion *in Limine* No. 4
Re:  Lack of Service on the Holder of the Power of Attorney of the Termination Letter
<u>Winters v. Chugiak Senior Citizens</u>/Case No. 3:06-cv-0083 (TMB)                               Page 6 of 6