Donna M. Meyers
William E. Moseley
Clay A. Young
Delaney Wiles, Inc.
1007 W. 3rd Avenue, Suite 400
Anchorage, Alaska  99501
Phone:  907-279-3581
Fax:  907-277-1331
dmm@delaneywiles.com
wem@delaneywiles.com
cay@delaneywiles.com

Attorneys for Defendant
Chugiak Senior Citizens, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| HELEN WINTERS, through her Power of Attorney Carol Winters,<br><br>                      Plaintiff,<br><br>v.<br><br>CHUGIAK SENIOR CITIZENS, INC.,<br><br>                      Defendant. | <br><br><br><br><br><br><br><br><br><br>Case No. 3:06-cv-00083-TMB |

**DEFENDANT CHUGIAK SENIOR CITIZENS, INC.'S MOTION *IN LIMINE* NO. 6 RE: PLAINTIFF'S ALLEGED DAMAGES ASSOCIATED WITH LITIGATION**

**I.    INTRODUCTION**

The defendant, Chugiak Senior Citizens, Inc. ("CSC"), by and through counsel of record, Delaney Wiles, Inc., files this motion *in limine* to preclude the plaintiff Helen Winters, from presenting evidence either through herself or through any witness or exhibit that the filing and litigation of this case caused the plaintiff

Defendant Chugiak Citizens, Inc.'s Motion *in Limine*
No. 6 Re: Plaintiff's Alleged Damages Associated with Litigation
Winters v. Chugiak Senior Citizens/Case No. 3:06-cv-0083 (TMB)                    Page 1 of 4

emotional distress, mental anguish or any other damages because the law limits the plaintiff's recovery of damages for mental anguish and emotional distress to the injury itself. For the reasons explained below, the Court should grant CSC's motion because such evidence is inadmissible under Evidence Rules 401 and 403.

## II.   ARGUMENT

Litigation-induced mental anguish and emotional distress is not recoverable as a component of the plaintiff's damages for any of plaintiff's claims against CSC.

> Stress and anxiety normally attend the litigation process. For this reason, the majority of courts addressing litigation-induced stress have treated it as a non-compensable component of damages regardless of whose actions necessitate the litigation.

*Picogna v. Board of Educ. of Tp. of Cherry Hill*, 671 A.2d 1035, 1038 (N.J. 1996).

For example, the Oregon Supreme Court has observed:

> The [mental suffering] of which [plaintiff] complains came about principally from the bringing of the legal proceedings and are the normal results of being a litigant . . . . She did not suffer any anxiety or emotional distress for which the law usually allows damages, since these types of stress are inherent in most litigation. It can be argued that she should not have been placed in a position where she had to assert her rights, but the same can be said of the successful plaintiff in any case.

*School Dist. v. Nilsen*, 534 P.2d 1135, 1146 (Or. 1975).

Similarly, federal court decisions are unanimous in holding that litigation-induced stress may not be recovered as damages. *See, e.g.*, *Zimmerman v. Direct Federal Credit Union*, 262 F.3d 70, 79 (1st Cir. 2001) ("Sound policy reasons support this rationale: as a general rule, a putative tortfeasor should have the right to

Defendant Chugiak Senior Citizens, Inc.'s Motion *in Limine*
No. 6 Re: Plaintiff's Alleged Damages Associated with Litigation
<u>Winters v. Chugiak Senior Citizens</u>/Case No. 3:06-cv-0083 (TMB)                    Page 2 of 4

defend himself without risking a more munificent award of damages merely because the strain inherent in an actual or impending courtroom confrontation discomfits the plaintiff."); *Knussman v. Maryland*, 272 F.3d 625, 642 (4th Cir. 2001) ("Generally speaking, litigation-induced emotional distress is never a compensable element of damages."); *Flowers v. First Hawaiian Bank*, 295 F. Supp. 2d 1130, 1140 (D. Hawaii 2003) ("Litigation stress is not recoverable as damages."); *Clark v. United States*, 660 F. Supp. 1164, 1200 (W.D. Wash. 1987), *aff'd*, 856 F.2d 1433 (9th Cir. 1988) (suggesting that although stress of litigation is caused by the underlying harm, pursuit of litigation is a matter of choice). As Judge Posner explained: "It would be strange if stress induced by litigation could be attributed in law to the tortfeasor. An alleged tortfeasor should have the right to defend himself in court without thereby multiplying his damages[.]" *Stoleson v. United States*, 708 F.2d 1217, 1223 (7th Cir. 1983).

Because damages allegedly caused by the stress of litigation are not legally compensable they are not relevant to any of the plaintiff's nine claims. *See* Fed. R. Evid. 401. The Court should also exclude this evidence under Evidence Rule 403. Attempting to attribute the plaintiff's damages to CSC's lawful defense in this litigation is highly prejudicial since the jury could erroneously conclude that the plaintiff's damages arose solely from this litigation, something that is not legally cognizable. For these reasons, the Court should therefore preclude any evidence or argument that the filing and litigation of this case caused the plaintiff emotional distress, mental anguish, or any other damages.

Defendant Chugiak Senior Citizens, Inc.'s Motion *in Limine*
No. 6 Re: Plaintiff's Alleged Damages Associated with Litigation
Winters v. Chugiak Senior Citizens/Case No. 3:06-cv-0083 (TMB)                    Page 3 of 4

## III.   CONCLUSION

For the reasons explained above, the Court should grant CSC's motion in limine to preclude the plaintiff from presenting any evidence or argument that the litigation of this case caused the plaintiff emotional distress, mental anguish or any other damages.

DATED at Anchorage, Alaska, this 19th day of December, 2006.

DELANEY WILES, INC.
Attorneys for Chugiak Senior Citizens, Inc.

/s/Clay A. Young and Donna M. Meyers
1007 W. 3rd Avenue, Suite 400
Anchorage, Alaska  99501
Phone:  907-279-3581
Fax:  907-277-1331
cay@delaneywiles.com
dmm@delaneywiles.com
Alaska Bar No. 7410117 (CAY)
Alaska Bar No. 9006011 (DMM)

**CERTIFICATE OF SERVICE**

I hereby certify that on the 19th
day of December, 2006, a copy of
the above was served electronically on:

Barbara Brink/Nikole Nelson
Jim Davis, Jr./Sonja Kerr
Alaska Legal Services Corporation
1016 West 6th Avenue, Suite 200
Anchorage, Alaska   99501

/s/Clay A. Young and Donna M. Meyers
(125465)

Defendant Chugiak Senior Citizens, Inc.'s Motion *in Limine*
No. 6 Re: Plaintiff's Alleged Damages Associated with Litigation
Winters v. Chugiak Senior Citizens/Case No. 3:06-cv-0083 (TMB)          Page 4 of 4