Donna M. Meyers
Clay A. Young
Delaney Wiles, Inc.
1007 W. 3rd Avenue, Suite 400
Anchorage, Alaska  99501
Phone:  907-279-3581
Fax:  907-277-1331
dmm@delaneywiles.com
cay@delaneywiles.com

Attorneys for Defendant
Chugiak Senior Citizens, Inc.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| HELEN WINTERS, through her Power of Attorney Carol Winters, <br><br> Plaintiff, <br><br> v. <br><br> CHUGIAK SENIOR CITIZENS, INC., <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) |
| | Case No. 3:06-cv-00083-TMB |

**DEFENDANT CHUGIAK SENIOR CITIZENS, INC.'S MOTION *IN LIMINE* NO. 8 RE: EXCLUSION OF EVIDENCE INVOLVING OTHER CSC RESIDENTS AND CSC'S EMPLOYEE'S ACTIONS INVOLVING OTHER RESIDENTS AND EVENTS**

## I.    INTRODUCTION

The defendant, Chugiak Senior Citizens, Inc. ("CSC"), by and through counsel

of record, Delaney Wiles, Inc., files this motion *in limine* to preclude  plaintiff Helen

Winters, from presenting evidence either through herself or through any witness or

exhibit regarding:   (1) a prior lawsuit against CSC filed by Cleo Metcalf; (2) Mary

Defendant Chugiak Senior Citizens, Inc.'s Motion *in Limine*
No. 8 re:  Exclusion of Evidence Involving Other CSC Residents
and CSC's Employee's Actions Involving Other Residents and Events
Winters v. Chugiak Senior Citizens/Case No. 3:06-cv-0083 (TMB)          Page 1 of 12

Coggins' licensure action and licensing status at CSC; and (3) certain CSC employees minor non-consequential medication errors with other residents, discipline for, among other things, absenteeism (not related to plaintiff and not resulting in CSC being understaffed), and allegedly engaged in uncharged conduct involving the diversion of narcotics.

For the reasons explained below, the Court should grant CSC's motion because such evidence is inadmissible under Evidence Rules 401, 404, and 403.

## II.    ARGUMENT

### A.    Evidence Involving Former CSC Resident Cleo Metcalf Is Not Admissible.

CSC seeks to preclude any evidence involving a lawsuit that took place between Cleo Metcalf and CSC under Federal Rules of Evidence 401 and 403. Metcalf was a resident at CSC in 1996 who filed a lawsuit against CSC that was dismissed with prejudice.   *See Metcalf v. CSC*, Case No. 3AN-02-13137 Civil. Metcalf had asserted numerous allegations against CSC:  that CSC did not have a current assisted living plan on file, that she was subjected to humiliating treatment because her request to be assisted by only female staff was disregarded, that her health conditions were not properly documented, that significant trends in her eating, bathing and toileting went unnoticed and that her symptoms of dehydration went unnoticed and untreated.

Defendant Chugiak Senior Citizens, Inc.'s Motion *in Limine*
No. 8 re:  Exclusion of Evidence Involving Other CSC Residents
and CSC's Employee's Actions Involving Other Residents and Events
Winters v. Chugiak Senior Citizens/Case No. 3:06-cv-0083 (TMB)        Page 2 of 12

### 1.    The Metcalf Lawsuit Is Not Relevant And Should Be Excluded Under Evidence Rules 401 And 404.

The Court should exclude the evidence of the Metcalf lawsuit under Evidence Rules 401 and 404.  Evidence Rule 401 states that "'[r]elevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Fed. R. Evid. 401.  Evidence Rule 404(b) states: "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith."  Thus, under Evidence Rule 404, if the sole purpose of presenting a piece of evidence is to show that a person or entity has a propensity for acting in a particular way, then the evidence must be excluded.  Fed. R. Evid. 404(b); *United States v. Brown*, 327 F.3d 867, 867-73 (9th Cir. 2003).  Courts therefore exclude evidence of a party's prior litigation when it is not relevant to the current lawsuit.  *Wilson v. Scripps-Howard Broadcasting Co.*, 642 F.2d 371, 376 (6th Cir. 1981) (concluding in libel action seeking damages arising out of television broadcast reporting "cow deaths" and "starving cattle" on plaintiff's cattle ranch, trial court did not err when it excluded evidence that others had accused plaintiff in lawsuits prior to newscast of mistreating his cattle, elicited during cross-examination of plaintiff, as existence of prior lawsuits did not impeach plaintiff's testimony); *United States v. Davenport*, 449 F.2d 696, 700 (5th Cir. 1971) (holding that evidence concerning a lawsuit between the defendant and an insurance company which tended to indicate that defendant had defrauded

Defendant Chugiak Senior Citizens, Inc.'s Motion *in Limine*
No. 8 re:  Exclusion of Evidence Involving Other CSC Residents
and CSC's Employee's Actions Involving Other Residents and Events
<u>Winters v. Chugiak Senior Citizens</u>/Case No. 3:06-cv-0083 (TMB)                    Page 3 of 12

the insurance company was inadmissible for purpose of rebutting defendant's good character evidence, in prosecution for interstate receiving of stolen merchandise); *Anderson v. First Commodity Corp. of Boston*, 618 F. Supp. 262, 269 (W.D. Wis. 1985) (granting firm's motion in limine to exclude evidence of civil judgments against the firm and the testimony of other litigants who had filed complaints similar to the complaint at issue because this evidence was inadmissible under Rule 404(b) and unfairly prejudicial); *Tavoulareas v. Piro*, 93 F.R.D. 35, 44 (D. D.C. 1981) (evidence of prior libel suits inadmissible in defamation action).

Plaintiff has filed nine causes of action against CSC. *See generally* Docket No. 1, Exh. C (Amended Complaint). Evidence of Metcalf's residence at CSC in 1996 and subsequent lawsuit is not relevant to any claim at issue in this case as it has no tendency to make the existence of any fact that is of consequence to the determination of plaintiff's nine cause of action more probable or less probable than it would be without the evidence. Fed. R. Evid. 401. Plaintiff is simply attempting to use the fact that a prior resident of CSC filed suit against CSC to establish that CSC must have also violated that plaintiff's rights in this lawsuit. Such propensity evidence is not relevant to these proceedings and is barred by Evidence Rule 404(b). This case is about whether CSC violated plaintiff's rights or whether CSC was justified in attempting to terminated plaintiff's lease. Because the Metcalf lawsuit is not probative of the claims and defense at issue in this case, the Court should exclude any evidence and argument regarding the Metcalf lawsuit under Evidence Rules 401 and 404.

Defendant Chugiak Senior Citizens, Inc.'s Motion *in Limine*
No. 8 re: Exclusion of Evidence Involving Other CSC Residents
and CSC's Employee's Actions Involving Other Residents and Events
Winters v. Chugiak Senior Citizens/Case No. 3:06-cv-0083 (TMB)    Page 4 of 12

2.     **The Metcalf Lawsuit Should Be Excluded Under Evidence Rule 403.**

Evidence of the Metcalf lawsuit against CSC should also be excluded under Evidence Rule 403.  Evidence Rule 403 states that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.  Evidence is unfairly prejudicial if it makes a finding of liability more likely because it provokes an emotional response in the jury or otherwise tends to affect adversely the jury's attitude toward the defendant wholly apart from its judgment as to the defendant's liability.  *See United States v. Johnson*, 820 F.2d 1065, 1069 (9th Cir. 1987).  Courts will measure unfair prejudice "by the degree to which a jury responds negatively to some aspect of the evidence unrelated to its tendency to make a fact in issue more or less probable[.]"  *Id.*  Courts may therefore exclude evidence or prior lawsuits under Rule 403, since these lawsuits may unfairly prejudice the jury against the defendant, simply because the defendant had previously been involved in litigation.  *See Outley v. City of New York*, 837 F.2d 587, 595 (2d Cir. 1988) (holding that evidence of previous lawsuits was not admissible and such evidence was unfairly prejudicial); *Wilson*, 642 F.2d at 376 (affirming trial court's exclusion of evidence of prior lawsuits as unfairly prejudicial under Rule 403); *Transclean Corp. v. Bridgewood Services, Inc.*, 101 F. Supp. 2d 788, 794 (D. Minn. 2000) (excluding evidence of prior lawsuits because of the potential prejudice);

Defendant Chugiak Senior Citizens, Inc.'s Motion *in Limine*
No. 8 re:  Exclusion of Evidence Involving Other CSC Residents
and CSC's Employee's Actions Involving Other Residents and Events
Winters v. Chugiak Senior Citizens/Case No. 3:06-cv-0083 (TMB)                    Page 5 of 12

*Anderson v. First Commodity Corp. of Boston*, 618 F. Supp. 262, 269 (W.D. Wis. 1985) (granting firm's motion in limine to exclude evidence of prior judgments in other cases as it would be unfairly prejudicial).

The Court should exclude evidence of the Metcalf lawsuit because, as previously explained, this evidence is not relevant to this case. Assuming *arguendo* that this evidence has some minimal relevance, the evidence should nonetheless be excluded because any probative value is substantially outweighed by the danger of unfair prejudice. *See* Fed. R. Evid. 403. For the reasons previously stated, the relevance and probative value of the Metcalf lawsuit is nonexistent or minimal at best because this evidence does not establish that CSC's attempted eviction of plaintiff is unlawful. Nor does the information regarding the Metcalf lawsuit establish that plaintiff has been abused or retaliated against by CSC. The probative value is similarly lessened as Metcalf is not a party to this action and the evidence of Metcalf's lawsuit is not related to any of the acts giving rise to plaintiff's nine causes of action against CSC. *See Tussel*, 555 F. Supp. at 984-85.

However, the prejudice of introducing evidence of the Metcalf lawsuit is substantial. The jury may erroneously conclude that because more than one person has filed a lawsuit against CSC, the claims plaintiff has filed against CSC "must" some how be valid. Because the evidence has no probative value and there would be substantial prejudice to CSC if the evidence is admitted, the Court should exclude evidence of the Metcalf incident under Evidence Rule 403.

Defendant Chugiak Senior Citizens, Inc.'s Motion *in Limine*
No. 8 re: Exclusion of Evidence Involving Other CSC Residents
and CSC's Employee's Actions Involving Other Residents and Events
Winters v. Chugiak Senior Citizens/Case No. 3:06-cv-0083 (TMB)          Page 6 of 12

A court should also exclude evidence under Evidence Rule 403 if its introduction may result in a mini-trial on tangential issues. *See Tennison v. Circus Circus Enterprises, Inc.*, 244 F.3d 684, 690 (9th Cir. 2001). Allowing a mini-trial is an inefficient use of the Court's, counsels' and the jury's time, and it may confuse the jury and cause the jury to base liability on events other than those giving rise to the underlying claim. *Id.*; *see also Fasanaro v. Mooney Aircraft Corp.*, 687 F. Supp. 482, 485-86 (N.D. Cal. 1988) (explaining that confusion and delay may result if courts allow some tangential evidence in because the opposing party must have opportunity to rebut that evidence).

Evidence of the Metcalf lawsuit should also be excluded under Rule 403 because the presentation of the evidence would be a waste of the Court's and the jury's time. *See* F.R.E. 403. If the plaintiff presented this evidence at trial, CSC would have the right to explain the circumstances surrounding the Metcalf lawsuit, and present evidence regarding Metcalf's case. *See Fasanaro*, 687 F. Supp. at 485-86. This would obviously create a much more lengthy trial and be a waste of the Court's and the jury's time over irrelevant and tangential issues. *See* A.R.E. 403. This "mini-trial" will result in making the trial substantially longer and further risks confusing the jury about the critical issues in the case. *See Tennison*, 244 F.3d at 690. Because the issue in this case is whether CSC acted unlawfully in attempting to evict plaintiff, having a mini-trial regarding prior litigation involving a

Defendant Chugiak Senior Citizens, Inc.'s Motion *in Limine*
No. 8 re: Exclusion of Evidence Involving Other CSC Residents
and CSC's Employee's Actions Involving Other Residents and Events
Winters v. Chugiak Senior Citizens/Case No. 3:06-cv-0083 (TMB)                    Page 7 of 12

different resident that took place years before the plaintiff even moved into CSC,[1] would take time away from the important and substantial underlying issues in the case. Not only will this waste the Court's and jury's time on tangential and irrelevant issues, the jury may give undue weight to the Metcalf lawsuit and erroneously conclude that CSC must have abused and/or discriminated and retaliated against plaintiff because CSC allegedly acted inappropriately years earlier with another resident.

The Court should therefore exclude evidence of Metcalf's lawsuit against CSC under Evidence Rule 403.

### B.    Evidence Involving Mary Coggins' Licensure Action And Licensing Status At CSC.

Evidence involving and the circumstances surrounding the prior suspension of Mary Coggins' nursing license should be excluded under Evidence Rules 401, 404 and 403.

On July 10, 2003, at the Mary Conrad Center in Anchorage, Coggins allegedly "charted completion of stoma care for five residents that had not been completed." Exh. A at 1 (Memorandum of Agreement). As a result, the State of Alaska, Division of Occupational Licensing undertook a licensure action against Coggins. *Id.* at 1-6. As a result of the action, Coggins' license was placed on

---

[1] The evidence is also unfairly prejudicial because it is too remote in time. *See Stair v. Lehigh Valley Carpenters Local Union No. 600 of United Broth*, 813 F. Supp. 1116, 1120 (E.D. Pa. 1993) (excluding evidence of prior lawsuits under Rule 403 because they were too remote in time as they were four years before the prior lawsuit).

Defendant Chugiak Senior Citizens, Inc.'s Motion *in Limine*
No. 8 re: Exclusion of Evidence Involving Other CSC Residents
and CSC's Employee's Actions Involving Other Residents and Events
Winters v. Chugiak Senior Citizens/Case No. 3:06-cv-0083 (TMB)    Page 8 of 12

probation. *Id.* at 3. The agreement did not prohibit Coggins from practicing. *Id.* at 4. Coggins began working at CSC in April 2006. Exh. B (Coggins Employment Information).

Plaintiff became a tenant in CSC's assisted living facility ("ALF") on September 20, 2004. *See* Amended Complaint at ¶ 11. On January 5, 2006, CSC served Helen Winters with a letter notifying her that CSC was terminating its contract and lease with her. *See* Amended Complaint at ¶ 17. On March 13, 2006, the plaintiff filed suit against CSC. *See* Complaint at 1.

The Court should exclude evidence surrounding Coggins' licensing problems under Evidence Rules 401 and 403. The Court should exclude evidence of Coggins' licensing problems under Evidence Rule 401 for multiple reasons. First, the facts surrounding Coggins' licensing problems did not involve plaintiff, nor CSC, nor Coggins' employment at CSC. Exh. A at 1. Rather, the acts giving rise to Coggins' licensing problems involved her care of a patient in 2003 while working at the Mary Conrad Center.[2]  *Id.* Second, the acts giving rise to this lawsuit involve CSC's care of plaintiff from September 2004, through the filing of her suit on March 13, 2006, and CSC's attempted termination of the residential lease agreement on January 5, 2006. *See* Amended Complaint at 1, and ¶¶ 11, 17. However, Coggins did not begin her employment with CSC until after plaintiff filed this case. *See* Exh. B at 2, 4. The events surrounding Coggins licensing problems and subsequent

---

[2]To the extent the plaintiff is attempting to use this evidence to establish Coggins' character, the evidence would also be inadmissible propensity evidence under Evidence Rule 404(b).

Defendant Chugiak Senior Citizens, Inc.'s Motion *in Limine*
No. 8 re: Exclusion of Evidence Involving Other CSC Residents
and CSC's Employee's Actions Involving Other Residents and Events
Winters v. Chugiak Senior Citizens/Case No. 3:06-cv-0083 (TMB)        Page 9 of 12

employment by CSC is thus not relevant to any of plaintiff's claims against CSC. The Court should therefore exclude this evidence under Rule 401.

The Court should also exclude this evidence under Evidence Rule 403. Fed. R. Evid. 403. CSC will be face substantial unfair prejudice by introducing the evidence surrounding Coggins' past licensure problems. Fed. R. Evid. 403. The jury might erroneously conclude that simply because Coggins had allegedly engaged in improper actions in the past with a different resident at a different institution, she must also have engaged in improper actions while working at CSC (even though she was not employed by CSC before this lawsuit was even filed). The evidence should also be excluded to avoid a mini-trial regarding an irrelevant and tangential issue that is not related to plaintiff's claims. As there is no relevance of Coggins' licensure to plaintiff's claims, and there is the potential for substantial unfair prejudice, the Court should exclude this evidence under Evidence Rule 403.

For these reasons, the Court should exclude evidence and argument regarding Coggins' licensure.

### C.    Evidence Involving CSC Employees Being Disciplined For Conduct Unrelated To The Plaintiff Is Not Admissible.

Evidence involving CSC employees being disciplined for conduct unrelated to plaintiff should be excluded under Evidence Rules 401, 404 and 403. For example, there is evidence that CSC employees made minor non-consequential medication errors with other residents; were disciplined for, among other things, absenteeism (not related to plaintiff and not resulting in CSC being understaffed); and allegedly

Defendant Chugiak Senior Citizens, Inc.'s Motion *in Limine*
No. 8 re:  Exclusion of Evidence Involving Other CSC Residents
and CSC's Employee's Actions Involving Other Residents and Events
Winters v. Chugiak Senior Citizens/Case No. 3:06-cv-0083 (TMB)          Page 10 of 12

engaged in uncharged conduct involving the diversion of narcotics. However, as none of this evidence involves CSC's actions towards plaintiff or implicates any of the nine causes of action plaintiff has asserted against CSC, the evidence is not relevant to this case and should therefore be excluded under Evidence Rule 401. *See* Fed. R. Evid. 401.

The evidence should also be excluded under Evidence Rule 404(b). *See* Fed. R. Evid. 404(b). Whether certain CSC employees engaged in improper conduct involving medication errors, absenteeism, or diversion of narcotics or were disciplined for conduct that did not involve plaintiff would simply be improper character propensity evidence, *i.e.*, attempting to establish certain CSC employees engaged in improper conduct with plaintiff, simply because certain CSC employees engaged in improper conduct while working at CSC.

Rule 403 also mandates exclusion of this evidence. Fed. R. Evid. 403. As explained above, there is little or no relevance for this evidence. However, the potential for unfair prejudice is great. The jury may erroneously conclude that plaintiff's claims have merit based on evidence that is completely legally irrelevant to plaintiff's claims, *i.e.*, certain CSC's employee's actions involving other residents and other conduct not involving plaintiff. The Court should therefore find that any probative value of this evidence is outweighed by the potential for unfair prejudice and exclude this evidence under Evidence Rule 403.

Defendant Chugiak Senior Citizens, Inc.'s Motion *in Limine*
No. 8 re: Exclusion of Evidence Involving Other CSC Residents
and CSC's Employee's Actions Involving Other Residents and Events
Winters v. Chugiak Senior Citizens/Case No. 3:06-cv-0083 (TMB)          Page 11 of 12

III.     **CONCLUSION**

For the reasons explained above, the Court should grant CSC's motion *in limine* to preclude plaintiff from presenting any evidence or argument regarding: (1) a prior lawsuit against CSC filed by Cleo Metcalf; (2) Mary Coggins' licensure action and licensing status at CSC; and (3) certain CSC employees minor non-consequential medication errors with other residents, discipline for, among other things, absenteeism (not related to plaintiff and not resulting in CSC being understaffed), and allegedly engaged in uncharged conduct involving the diversion of narcotics.

DATED at Anchorage, Alaska, this 19th of December, 2006.

DELANEY WILES, INC.
Attorneys for Chugiak Senior Citizens, Inc.

s/Donna M. Meyers and Clay A. Young
Delaney Wiles, Inc.
1007 W. Third Avenue, Suite 400
Anchorage, Alaska  99501
Phone:       907-279-3581
Fax:          907-277-1331
E-mail:       dmm@delaneywiles.com
E-mail:       cay@delaneywiles.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 19th day
of December, 2006, a copy of this document
was served electronically on:

Barbara Brink/Nikole Nelson
Jim Davis, Jr./Sonja Kerr
Alaska Legal Services Corporation
1016 West 6th Avenue, Suite 200
Anchorage, Alaska   99501

s/Donna M. Meyers and Clay A. Young
(125691)

Defendant Chugiak Senior Citizens, Inc.'s Motion *in Limine*
No. 8 re:  Exclusion of Evidence Involving Other CSC Residents
and CSC's Employee's Actions Involving Other Residents and Events