Donna M. Meyers
Clay A. Young
Delaney Wiles, Inc.
1007 W. 3rd Avenue, Suite 400
Anchorage, Alaska  99501
Phone: 907-279-3581
Fax:  907-277-1331
dmm@delaneywiles.com
cay@delaneywiles.com

Attorneys for Defendant
Chugiak Senior Citizens, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| HELEN WINTERS, through her Power of Attorney Carol Winters,<br><br>               Plaintiff,<br><br>v.<br><br>CHUGIAK SENIOR CITIZENS, INC.,<br><br>               Defendant. | <br><br><br><br><br><br><br>Case No. 3:06-cv-00083-TMB |

**DEFENDANT CHUGIAK SENIOR CITIZENS, INC.'S MOTION *IN LIMINE* NO. 9 RE:  (1) CAROL WINTERS' MEDICAL ISSUES AND (2) CAROL WINTERS' "EXPERT" OPINIONS**

**I.    INTRODUCTION**

Defendant, Chugiak Senior Citizens, Inc. ("CSC"), by and through counsel of record, Delaney Wiles, Inc., files this motion *in limine* to exclude evidence of Carol Winters' medical issues and Carol Winters' "expert opinions".  Such evidence is inadmissible because Carol Winters is not a party to this case and therefore, her

Defendant Chugiak Senior Citizens, Inc.'s Motion *in Limine*
No. 9 Re: (1) Carol Winters' Medical Issues and (2) Carol
Winters' "Expert" Opinions
Winters v. Chugiak Senior Citizens/Case No. 3:06-cv-0083 (TMB)                    Page 1 of 7

medical issues are not relevant to plaintiff's claims against CSC. The Court should also grant CSC's motion to prevent any "expert" testimony from Carol Winters because she is not an expert on any issue relevant to this action, and plaintiff has not disclosed her as a witness who will offer expert testimony at trial.

## II. ARGUMENT

### A. Carol Winters' Medical Issues Are Not Admissible.

Carol Winters may attempt to present inadmissible evidence regarding her own medical condition(s) at trial. For example, in her rebuttal letter to the termination of plaintiff's Residential Service Contract and Lease Agreement, Carol Winters notes:

> In addition to the effect on her health there has been an adverse effect on mine as well. As you are well aware, I started to get irregular heartbeats over a year ago when one of your staff was abusive to my mother. My heart has never regulated and I have been on medication ever since. When I met my mother at the emergency room Friday my heart was out of control and I also had to be treated in the room next to hers in the emergency room. I had never taken high blood pressure medication prior to this.

Exh. A at 2. CSC seeks to preclude any evidence or argument regarding Carol Winters' alleged medical issues because such information is not admissible under Evidence Rules 401 and 403.

The Court should exclude evidence of Carol Winters' medical conditions under Evidence Rule 401. Evidence Rule 401 states that "'[r]elevant evidence' means evidence having any tendency to make the existence of any fact that is of

Defendant Chugiak Senior Citizens, Inc.'s Motion *in Limine*
No. 9 Re: (1) Carol Winters' Medical Issues and (2) Carol
Winters' "Expert" Opinions
Winters v. Chugiak Senior Citizens/Case No. 3:06-cv-0083 (TMB)                    Page 2 of 7

consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Plaintiff has asserted nine causes of action against CSC,[1] and Carol Winters' medical condition has no bearing on any fact or consequence to the claims, and is therefore inadmissible under Fed. R. Evid. 401. Carol Winters has also not filed any claims on her behalf against CSC. Thus, whether or not Carol Winters claims she has suffered medical issues because of CSC's conduct is not probative of any fact at issue in the case. *Id.* Carol Winters' alleged medical conditions do not establish or refute whether CSC was justified in attempting to terminate plaintiff's Residential Service Contract and Lease Agreement, whether CSC failed to provide appropriate services to plaintiff, or whether any of plaintiff's claims have any merit. The Court should therefore exclude evidence of Carol Winters' own medical conditions, problems or issues under Evidence Rule 401.

Evidence of Carol Winters' alleged medical condition(s) should also be excluded under Evidence Rule 403. Evidence Rule 403 states that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of

---

[1]They are: Count I (violation of the Assisted Living Homes Act), Count II (violation of the Alaska Human Rights Act), Count III (violation of Alaska's Uniform Residential Landlord Tenant Act), Count IV (breach of contract), Count V (violation of the Americans with Disabilities Act), Count VI (violation of § 504 of the Rehabilitation Act of 1973), Count VII (violation of the Fair Housing Act of 1988), Count VIII (intentional infliction of emotional distress), and Count IX (negligent infliction of emotional distress). *See generally* Docket No. 1, Ex. C (Amended Complaint).

Defendant Chugiak Senior Citizens, Inc.'s Motion *in Limine*
No. 9 Re: (1) Carol Winters' Medical Issues and (2) Carol
Winters' "Expert" Opinions
Winters v. Chugiak Senior Citizens/Case No. 3:06-cv-0083 (TMB)                Page 3 of 7

cumulative evidence." Fed. R. Evid. 403. Evidence is unfairly prejudicial if it makes a finding of liability more likely because it provokes an emotional response in the jury or otherwise tends to affect adversely the jury's attitude toward the defendant wholly apart from its judgment as to the defendant's liability. *See United States v. Johnson*, 820 F.2d 1065, 1069 (9th Cir. 1987). If a jury hears that Carol Winters allegedly suffered physical or emotional problems allegedly because of CSC's care of and actions involving plaintiff, the jury may erroneously conclude CSC acted inappropriately towards plaintiff or caused plaintiff's alleged problems. Admission of Carol Winters' medical problems would also create a mini-trial regarding what conditions Carol Winters has, and who or what caused these conditions, etc. Focusing on Carol Winters' alleged medical problems would cause the jury to lose focus on the important issues in the case, *i.e.*, whether plaintiff's nine causes of action against CSC have any merit and whether CSC was justified in involuntarily terminating plaintiff's Residential Service Contract and Lease Agreement. Because the probative value of Carol Winters' alleged medical condition(s) is nonexistent, and the potential for unfair prejudice to CSC is substantial, the Court should exclude evidence of Carol Winters' alleged medical conditions under Evidence Rule 403.

**B.    Carol Winters May Not Provide Expert Testimony.**

CSC seeks to also prevent Carol Winters from providing any "expert" testimony regarding her mother's medical condition, whether CSC met the standard of care for an assisted living facility or any other topic requiring expert testimony. Like any lay fact witness, Carol Winters may provide testimony based on her

Defendant Chugiak Senior Citizens, Inc.'s Motion *in Limine*
No. 9 Re: (1) Carol Winters' Medical Issues and (2) Carol
Winters' "Expert" Opinions
<u>Winters v. Chugiak Senior Citizens</u>/Case No. 3:06-cv-0083 (TMB)                                          Page 4 of 7

personal knowledge or opinions rationally based on her perceptions, if those opinions would be helpful to the trier of fact and do not involve scientific, technical, or other specialized knowledge. Fed. R. Evid. 602; Fed. R. Evid. 701. As explained in Evidence Rule 701:

> If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Fed. R. Evid. 701.

> Rule 701 has been amended to eliminate the risk that the reliability requirements set forth in Rule 702 will be evaded through the simple expedient of proffering an expert in lay witness clothing. [A] witness' testimony must be scrutinized under the rules regulating expert opinion to the extent that the witness is providing testimony based on scientific, technical, or other specialized knowledge within the scope of Rule 702. By channeling testimony that is actually expert testimony to Rule 702, the amendment also ensures that a party will not evade the expert witness disclosure requirements set forth in Fed. R. Civ. P. 26 . . . by simply calling an expert witness in the guise of a layperson.

Fed. R. Evid. 701 Commentary to 2002 Amendments; *see also United States v. Figueroa-Lopez*, 125 F.3d 1241, 1246 (9th Cir. 1997) (law enforcement agents testifying that the defendant's conduct was consistent with that of a drug trafficker could not testify as lay witnesses; to permit such testimony under Rule 701 "subverts the requirements of Federal Rule of Criminal Procedure 16(a)(1)(E)). Under Rule

Defendant Chugiak Senior Citizens, Inc.'s Motion *in Limine*
No. 9 Re: (1) Carol Winters' Medical Issues and (2) Carol
Winters' "Expert" Opinions
Winters v. Chugiak Senior Citizens/Case No. 3:06-cv-0083 (TMB)   Page 5 of 7

701, a lay witness would still be permitted to testify "to the appearance of persons or things, identity, the manner of conduct, competency of a person, degrees of light or darkness, sound, size, weight, distance, and an endless number of items that cannot be described factually in words apart from inferences." Fed. R. Evid. 701 Commentary to 2002 Amendments.

Here, Carol Winters may testify regarding her observations of plaintiff, the conditions at CSC, and CSC's employee's care of her mother that she actually observed. *Id.* However, Carol Winters may not provide any opinions diagnosing any medical condition her mother has or that Carol believes her mother might have, or any opinions on whether CSC has complied with any standards she might claim is applicable to assisted living facilities, such as staffing ratios or training requirements. Fed. R. Evid. 701; Fed. R. Evid. 702. Carol Winters may not testify regarding these topics because she is not an expert regarding these matters. Fed. R. Evid. 702. She is not a medical doctor, and she is not an expert on the standards applicable to assisted living homes.[2]

Assuming *arguendo* that Carol Winters is qualified as an expert on some issue relevant to plaintiff's claims, the Court should nonetheless prevent Carol Winters from providing expert testimony or opinions because plaintiff did not

---

[2] Carol Winters has a Masters Degree in rehabilitation counseling and a Bachelor's Degree in correctional administration. Exh. A at 2 (Rebuttal Letter). She holds herself out as a licensed Certified Rehabilitation Counselor and a licensed clinical professional counselor. *Id.* However, Carol Winters is not and never was plaintiff's treating physician, as she is not a medical doctor. Nor is she plaintiff's rehabilitation counselor or an expert regarding geriatric care for a 91-year-old woman. Furthermore, she is not an expert on standards applicable to assisted living facilities.

Defendant Chugiak Senior Citizens, Inc.'s Motion *in Limine*
No. 9 Re: (1) Carol Winters' Medical Issues and (2) Carol
Winters' "Expert" Opinions
Winters v. Chugiak Senior Citizens/Case No. 3:06-cv-0083 (TMB)                    Page 6 of 7

disclose Carol Winters as an expert witness.[3]  Thus, it does not appear that plaintiff intends to disclose any expert report and other materials from Carol Winters that are required by Federal Rule of Civil Procedure 26(a)(2).

### III.  CONCLUSION

For the reasons provided above, the Court should grant CSC's motion to exclude Carol Winters' medical issues because Carol Winters has not asserted any claims on her own behalf, and her medical issues are not relevant to plaintiff's claims against CSC.  The Court should also grant CSC's motion to prevent any "expert" testimony from Carol Winters because she is not an expert on any relevant issue, and has not been identified as an expert witness.

DATED at Anchorage, Alaska, this 19th of December, 2006.

DELANEY WILES, INC.
Attorneys for Chugiak Senior Citizens, Inc.

s/Donna M. Meyers and Clay A. Young
Delaney Wiles, Inc.
1007 W. Third Avenue, Suite 400
Anchorage, Alaska  99501
Phone:     907-279-3581
Fax:         907-277-1331
E-mail:    dmm@delaneywiles.com
E-mail:    cay@delaneywiles.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 19th day
of December, 2006, a copy of this document
was served electronically on:

Barbara Brink/Nikole Nelson
Jim Davis, Jr./Sonja Kerr
Alaska Legal Services Corporation
1016 West 6th Avenue, Suite 200
Anchorage, Alaska  99501

s/Donna M. Meyers and Clay A. Young (125674)

---

[3] *See* Docket No. 63 (Court Order) (requiring the parties to disclose all expert witnesses).

Defendant Chugiak Senior Citizens, Inc.'s Motion *in Limine*
No. 9 Re: (1) Carol Winters' Medical Issues and (2) Carol
Winters' "Expert" Opinions
Winters v. Chugiak Senior Citizens/Case No. 3:06-cv-0083 (TMB)                    Page 7 of 7