Donna M. Meyers
Clay A. Young
Delaney Wiles, Inc.
1007 W. 3rd Avenue, Suite 400
Anchorage, Alaska  99501
Phone:  907-279-3581
Fax:  907-277-1331
dmm@delaneywiles.com
cay@delaneywiles.com

Attorneys for Defendant
Chugiak Senior Citizens, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| HELEN WINTERS, through her Power of Attorney Carol Winters,<br><br>                    Plaintiff,<br><br>    v.<br><br>CHUGIAK SENIOR CITIZENS, INC.,<br><br>                    Defendant.<br>_____ | <br><br><br><br><br><br><br><br><br><br>Case No. 3:06-cv-00083-TMB |

**DEFENDANT CHUGIAK SENIOR CITIZENS, INC.'S MOTION *IN LIMINE* NO. 12 RE: ALLEGED DISCRIMINATORY OR RETALIATORY PRACTICES AGAINST OTHER CSC RESIDENTS**

**I.     INTRODUCTION**

Defendant, Chugiak Senior Citizens, Inc. ("CSC"), through counsel, files this motion in limine to preclude plaintiff, plaintiff's counsel or any witness from presenting any evidence or argument regarding alleged discriminatory, retaliatory or unlawful acts CSC allegedly committed against other CSC residents.  Plaintiff alleges "defendant has allowed a culture of indifference or abuse to develop at CSC especially with regard to

Defendant Chugiak Senior Citizens, Inc.'s Motion *in Limine*
No. 12 Re: Alleged Discriminatory or Other Retaliatory
Practices Against Other CSC Residents
Winters v. Chugiak Senior Citizens/Case No. 3:06-cv-0083 (TMB)                                   Page 1 of 6

elders who insist on having their person and rights respected."[1] Plaintiff also alleges "CSC may have a pattern and practice of evicting, or threatening with eviction, CSC residents who are demanding, i.e., those who insist that their persons and rights be respected, despite their being "old" and infirm."[2] (CSC vigorously disputes plaintiff's unfounded allegations.) Additionally, plaintiff's claim for relief, the plaintiff seeks, among other things, to "enjoin Defendants (sic) from engaging in any further discriminatory or retaliatory practices against her *or other CSC residents*."[3]

Any evidence, argument, testimony or reference to any alleged discriminatory or retaliatory practices or pattern and practice of evicting or threatening with eviction other CSC residents who demand their persons and rights be respected is inadmissible, highly improper, and only intended to inflame the passion of the jury, and should be precluded. Such evidence or arguments are inadmissible under evidence under Evidence Rules 401, 404 and 403.

**II.   ARGUMENT**

The Court should exclude evidence and argument regarding alleged discriminatory, retaliatory or unlawful practices by CSC against other CSC residents under Evidence Rules 401, 404 and 403.

Evidence Rule 401 states that "'[r]elevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.  Evidence Rule 404(b) states:  "Evidence of other crimes, wrongs, or

---

[1] Dkt 1, Exhibit C at ¶ 14, p. 4.
[2] Dkt 1, Exhibit C at ¶ 20, p. 6.
[3] Dkt 103, p. 5. (emphasis added).

Defendant Chugiak Senior Citizens, Inc.'s Motion *in Limine*
No. 12 Re: Alleged Discriminatory or Other Retaliatory
Practices Against Other CSC Residents
Winters v. Chugiak Senior Citizens/Case No. 3:06-cv-0083 (TMB)                    Page 2 of 6

acts is not admissible to prove the character of a person in order to show action in conformity therewith." Thus, under Evidence Rule 404, if the purpose of presenting a piece of evidence is to show that a person or entity has a propensity for acting in a particular way, then the evidence must be excluded. Fed. R. Evid. 404(b); *United States v. Brown*, 327 F.3d 867, 867-73 (9th Cir. 2003).

This lawsuit involves nine causes of action plaintiff Helen Winters filed against CSC: Count I (violation of the Assisted Living Homes Act), Count II (violation of the Alaska Human Rights Act), Count III (violation of Alaska's Uniform Residential Landlord Tenant Act), Count IV (breach of contract), Count V (violation of the Americans with Disabilities Act), Count VI (violation of § 504 of the Rehabilitation Act of 1973), Count VII (violation of the Fair Housing Act of 1988), Count VIII (intentional infliction of emotional distress), and Count IX (negligent infliction of emotional distress). *See generally* Dkt. No. 1, Ex. C (Amended Complaint). This case does not involve any other CSC residents; it is not a class action; and Helen Winters has no authority or standing to bring any claims on behalf of any other CSC resident. *See id.*; *see also Conti v. City of Fremont*, 919 F.2d 1385, 1388-89 (9th Cir. 1990) (concluding that the appellant "has no standing to assert the rights of former Stargaze patrons"). Whether CSC allegedly engaged in discriminatory or retaliatory practices or pattern and practice of evicting or threatening with eviction other CSC residents who demand their persons and rights be respected or allegedly committed any other bad acts against other residents of CSC is not probative of whether CSC acted unlawfully towards plaintiff in attempting to terminate her Residential Service Contract and Lease Agreement. *See* Fed. R. Evid. 401, 404(b). Plaintiff is simply attempting to admit alleged unlawful propensity

Defendant Chugiak Senior Citizens, Inc.'s Motion *in Limine*
No. 12 Re: Alleged Discriminatory or Other Retaliatory
Practices Against Other CSC Residents
Winters v. Chugiak Senior Citizens/Case No. 3:06-cv-0083 (TMB)                Page 3 of 6

evidence, *i.e.*, by implying that because CSC allegedly committed bad acts against other CSC residents, it had a propensity to commit such acts, and therefore it must also have committed unlawful bad acts against plaintiff. The Court should therefore exclude this evidence under Evidence Rules 401 and 404.

Rule 403 also mandates exclusion of this evidence. Fed. R. Evid. 403. Evidence Rule 403 states that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. As explained above, there is no probative value to this evidence because whether CSC allegedly acted unlawfully towards other CSC residents does not establish (and could not establish) that CSC acted unlawfully towards plaintiff. However, the potential for unfair prejudice is great. *Id.* The jury may erroneously conclude that plaintiff's claims have merit based on evidence that is completely legally irrelevant to plaintiff's claims, *i.e.*, that CSC allegedly acted unlawfully or improperly towards plaintiff because CSC allegedly did so with other CSC residents.

The potential unfair prejudice is also substantial because the factual situations involving the other residents may be dissimilar to plaintiff's situation. The jury may then find CSC liable for conduct that allegedly took place between CSC and other residents, and not for conduct that occurred between plaintiff and CSC. Because there is the real potential for confusion of the issues and misleading the jury, the evidence should be excluded. Fed. R. Evid. 403.

Defendant Chugiak Senior Citizens, Inc.'s Motion *in Limine*
No. 12 Re: Alleged Discriminatory or Other Retaliatory
Practices Against Other CSC Residents
Winters v. Chugiak Senior Citizens/Case No. 3:06-cv-0083 (TMB)                    Page 4 of 6

Allowing admission of CSC's alleged bad acts towards other residents will also unduly delay the trial. Fed. R. Evid. 403. Due process, fundamental fairness, and the interests of justice require CSC to be able to present evidence to refute any evidence, suggestion or innuendo of impropriety involving other residents. *See Fasanaro v. Mooney Aircraft Corp.*, 687 F. Supp. 482, 485-86 (N.D. Cal. 1988). This will cause a mini-trial on tangential issues. *See Tennison v. Circus Circus Enterprises, Inc.*, 244 F.3d 684, 690 (9th Cir. 2001). Allowing a mini-trial is an inefficient use of the Court's, counsels' and the jury's time, and it may confuse the jury and cause the jury to base liability on events other than those giving rise to plaintiff's underlying claims. *Id.*; *see also Fasanaro*, 687 F. Supp. at 485-86.

In sum, because any probative value is outweighed by the potential unfair prejudice, confusion of the issues, and will cause undue delay, the Court should exclude this evidence under Evidence Rule 403.

### III. CONCLUSION

For the reasons explained above, the Court should grant CSC's motion *in limine* to preclude plaintiff from presenting any evidence or argument regarding CSC's alleged discriminatory, retaliatory or unlawful acts against other CSC residents.

DATED at Anchorage, Alaska, this 19th of December, 2006.

> DELANEY WILES, INC.
> Attorneys for Chugiak Senior Citizens, Inc.
>
> s/Donna M. Meyers and Clay A. Young
> Delaney Wiles, Inc.
> 1007 W. Third Avenue, Suite 400
> Anchorage, Alaska 99501
> Phone:    907-279-3581
> Fax:    907-277-1331

Defendant Chugiak Senior Citizens, Inc.'s Motion *in Limine*
No. 12 Re: Alleged Discriminatory or Other Retaliatory
Practices Against Other CSC Residents
Winters v. Chugiak Senior Citizens/Case No. 3:06-cv-0083 (TMB)    Page 5 of 6

E-mail: dmm@delaneywiles.com
E-mail: cay@delaneywiles.com
Alaska Bar Assoc. No. 9006011 (DMM)
Alaska Bar Assoc. No. 7410117 (CAY)

**CERTIFICATE OF SERVICE**

I hereby certify that on the 19th day
of December, 2006, a copy of this document
was served electronically on:

Barbara Brink/Nikole Nelson
Jim Davis, Jr./Sonja Kerr
Alaska Legal Services Corporation
1016 West 6th Avenue, Suite 200
Anchorage, Alaska   99501

s/Donna M. Meyers and Clay A. Young
(125548)

Defendant Chugiak Senior Citizens, Inc.'s Motion *in Limine*
No. 12 Re: Alleged Discriminatory or Other Retaliatory
Practices Against Other CSC Residents
<u>Winters v. Chugiak Senior Citizens</u>/Case No. 3:06-cv-0083 (TMB)          Page 6 of 6