Donna M. Meyers
Clay A. Young
Delaney Wiles, Inc.
1007 W. 3rd Avenue, Suite 400
Anchorage, Alaska 99501
Phone: 907-279-3581
Fax: 907-277-1331
dmm@delaneywiles.com
cay@delaneywiles.com

Attorneys for Defendant
Chugiak Senior Citizens, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| HELEN WINTERS, through her Power of Attorney Carol Winters,<br><br>                Plaintiff,<br><br>v.<br><br>CHUGIAK SENIOR CITIZENS, INC.,<br><br>                Defendant. | Case No. 3:06-cv-00083-TMB |

**DEFENDANT CHUGIAK SENIOR CITIZENS, INC.'S MOTION *IN LIMINE* NO. 10 RE: DR. MICHAEL E. JONES' TESTIMONY**

**I.     INTRODUCTION**

Defendant, Chugiak Senior Citizens, Inc. ("CSC"), through counsel, files this motion *in limine* to preclude Michael E. Jones, MD, from presenting any testimony regarding whether CSC can meet plaintiff's needs or whether plaintiff would suffer transfer trauma if she is transferred from CSC. Because Dr. Jones lacks a factual

Defendant Chugiak Senior Center, Inc.'s Motion *in Limine*
No. 10 Re: Dr. Michael E. Jones' Testimony Regarding
Whether CSC Can Meet Helen Winters' Needs
Winters v. Chugiak Senior Citizens/Case No. 3:06-cv-0083 (TMB)                    Page 1 of 7

basis and any adequate foundation for such opinions, he should not be permitted to testify regarding these issues.

## II. STATEMENT OF FACTS

Dr. Jones began providing medical care and treatment to plaintiff in November 2002 for hypertension, fatigue and severe degenerative arthritis involving her knees. Exh. A at Tr. 8-12, 23-25, 79 (Dr. Jones Deposition). Over the years, he continued to provide medical care to plaintiff mainly for her hypertension, but also for osteoarthritis and anxiety, and currently he is plaintiff's primary care physician. *Id.* at Tr. 24:15-21; 24:22- 25:11; 79: 11-12.

In support of retaining plaintiff at CSC, Dr. Jones has written two letters stating his opinions that plaintiff's difficult behavior results from her anxiety and hearing impairment, which make it difficult to communicate with her, and that transferring plaintiff from CSC will cause her emotional distress and physical harm. Exh. B (Letters from Dr. Jones dated July 18, 2005, and January 11, 2006). However, Dr. Jones has no personal knowledge of the services provided at CSC, and the interactions between CSC's caregivers and plaintiff. Dr. Jones has never visited CSC, and he is not aware of all the services CSC provides to its residents. *Id.* at Tr. 63:21-23; 78:4-10. Dr. Jones has not even observed CSC's staff interact with plaintiff. *Id.* at Tr. 64:4-7. Dr. Jones has also never contacted CSC to determine the circumstances surrounding CSC's decision to terminate plaintiff's residential services contract and lease agreement with CSC. *Id.* at Tr. 71:25-72:6. Dr. Jones does not even recall ever discussing with plaintiff the issue of CSC

Defendant Chugiak Senior Center, Inc.'s Motion *in Limine*
No. 10 Re: Dr. Michael E. Jones' Testimony Regarding
Whether CSC Can Meet Helen Winters' Needs
<u>Winters v. Chugiak Senior Citizens</u>/Case No. 3:06-cv-0083 (TMB)    Page 2 of 7

terminating its services contract and lease with her. *Id.* at Tr. 73:13-20. As to whether CSC's staff has difficulty communicating with plaintiff, Dr. Jones does not know whether CSC's staff has tried communicating with plaintiff by speaking loud enough for her to hear them. Tr. 69:7-10. While Dr. Jones believes that plaintiff's difficult behavior may be related to "her anxiety disorder and is not intentional", he does not have any personal knowledge of whether plaintiff's difficult behavior at CSC is intentional or the result of her anxiety. Tr. 80:24-81:5. Finally, even though Dr. Jones believes plaintiff will suffer emotional distress and physical harm if she is relocated to another facility, he is not familiar with the term "transfer trauma." *Id.* at Tr. 81:25-82:1.

### III.   ARGUMENT

CSC seeks to preclude Dr. Jones from presenting any testimony regarding whether CSC can meet plaintiff's needs or whether plaintiff would suffer transfer trauma if she is transferred from CSC. Such testimony is inadmissible under Evidence Rules 401, 606, and 403.

Evidence Rule 401 states that "'[r]elevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Evidence Rule 602 states that "[a] witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Fed. R. Evid. 602. Dr. Jones' opinions about whether CSC can meet plaintiff's needs are merely personal

Defendant Chugiak Senior Center, Inc.'s Motion *in Limine*
No. 10 Re: Dr. Michael E. Jones' Testimony Regarding
Whether CSC Can Meet Helen Winters' Needs
<u>Winters v. Chugiak Senior Citizens</u>/Case No. 3:06-cv-0083 (TMB)                Page 3 of 7

beliefs that lack any foundation, and are therefore irrelevant and should be excluded. Additionally, to the extent Dr. Jones is asked for an opinion on whether plaintiff will suffer transfer trauma if she is transferred from CSC, his opinion would be inadmissible because it too lacks any foundation.

Dr. Jones' deposition testimony reveals the complete absence of any foundation for his opinions on whether CSC can meet plaintiff's needs or whether plaintiff will suffer transfer trauma if she is transferred from CSC. As noted above, Dr. Jones has no personal knowledge of the services provided at CSC, and the interactions between CSC's caregivers and plaintiff. He has never visited CSC, and he is not aware the services CSC provides to its residents. *Id.* at Tr. 63:21-23; 78:4-10. Dr. Jones has not even observed CSC's staff interact with plaintiff. *Id.* at Tr. 64:4-7. Dr. Jones has also never contacted CSC to determine the circumstances surrounding CSC's decision to terminate plaintiff's residential services contract and lease agreement with CSC. *Id.* at Tr. 71:25-72:6. For example, Dr. Jones does not know whether CSC's staff communicated effectively with plaintiff by speaking loud enough for her to hear them. Tr. 69:7-10. Thus, Dr. Jones does not have any personal knowledge or reliable basis to form an opinion about whether CSC's decision to terminate plaintiff's Residential Service Contract and Lease Agreement is related to any purported problems the staff has communicating with plaintiff. While Dr. Jones believes that plaintiff's difficult behavior may be related to "her anxiety disorder and is not intentional", he does not have any personal knowledge of whether plaintiff's difficult behavior at CSC is intentional or the result of her anxiety.

Defendant Chugiak Senior Center, Inc.'s Motion *in Limine*
No. 10 Re: Dr. Michael E. Jones' Testimony Regarding
Whether CSC Can Meet Helen Winters' Needs
<u>Winters v. Chugiak Senior Citizens</u>/Case No. 3:06-cv-0083 (TMB)                Page 4 of 7

Tr. 80:24-81:5. Finally, even though Dr. Jones believes plaintiff will suffer emotional distress and physical harm if she is relocated to another facility, he is not familiar with the term "transfer trauma." *Id.* at Tr. 81:25-82:1.

Because Dr. Jones lacks personal knowledge regarding whether CSC can meet plaintiff's needs or is not qualified to give an opinion on whether plaintiff would suffer "transfer trauma", his testimony would not be probative on these issues. Fed. R. Evid. 401, 602. The Court should therefore preclude Dr. Jones from testifying on these issues.

The Court should also exclude Dr. Jones' testimony regarding whether CSC can meet plaintiff's needs or whether plaintiff would suffer transfer trauma under Evidence Rule 403. Evidence Rule 403 states that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. Evidence is unfairly prejudicial if it makes a finding of liability more likely because it provokes an emotional response in the jury or otherwise tends to affect adversely the jury's attitude toward the defendant wholly apart from its judgment as to the defendant's liability. *United States v. Johnson*, 820 F.2d 1065, 1069 (9th Cir. 1987). Allowing a physician to testify about matters which he lacks knowledge on would be unduly prejudicial to CSC. Fed. R. Evid. 403. The jury might give undue weight to Dr. Jones' testimony simply because he is a physician, even though he has no basis for or personal knowledge regarding whether CSC can

Defendant Chugiak Senior Center, Inc.'s Motion *in Limine*
No. 10 Re: Dr. Michael E. Jones' Testimony Regarding
Whether CSC Can Meet Helen Winters' Needs
<u>Winters v. Chugiak Senior Citizens</u>/Case No. 3:06-cv-0083 (TMB)          Page 5 of 7

meet plaintiff's needs or whether plaintiff would suffer "transfer trauma" if she is transferred from CSC. Given the non-existent probative value, *see* Fed. R. Evid. 401, 602, and the real danger of unfair prejudice, the evidence should be excluded under Evidence Rule 403.

## IV.  CONCLUSION

For the reasons explained above, the Court should grant CSC's motion *in limine* to preclude Dr. Jones from presenting any testimony regarding whether CSC can meet plaintiff's needs or whether plaintiff would suffer transfer trauma if she is transferred from CSC.

DATED at Anchorage, Alaska, this 19th of December, 2006.

>DELANEY WILES, INC.
>Attorneys for Chugiak Senior Citizens, Inc.
>
>s/Donna M. Meyers and Clay A. Young
>Delaney Wiles, Inc.
>1007 W. Third Avenue, Suite 400
>Anchorage, Alaska  99501
>Phone:     907-279-3581
>Fax:       907-277-1331
>E-mail:    dmm@delaneywiles.com
>E-mail:    cay@delaneywiles.com
>Alaska Bar Assoc. No. 9006011 (DMM)
>Alaska Bar Assoc. No. 7410117 (CAY)

Defendant Chugiak Senior Center, Inc.'s Motion *in Limine*
No. 10 Re: Dr. Michael E. Jones' Testimony Regarding
Whether CSC Can Meet Helen Winters' Needs
Winters v. Chugiak Senior Citizens/Case No. 3:06-cv-0083 (TMB)                Page 6 of 7

**CERTIFICATE OF SERVICE**

I hereby certify that on the 19th day of December, 2006, a copy of this document was served electronically on:

Barbara Brink/Nikole Nelson
Jim Davis, Jr./Sonja Kerr
Alaska Legal Services Corporation
1016 West 6th Avenue, Suite 200
Anchorage, Alaska  99501

s/Donna M. Meyers and Clay A. Young
(125583)

Defendant Chugiak Senior Center, Inc.'s Motion *in Limine*
No. 10 Re: Dr. Michael E. Jones' Testimony Regarding
Whether CSC Can Meet Helen Winters' Needs
Winters v. Chugiak Senior Citizens/Case No. 3:06-cv-0083 (TMB)                    Page 7 of 7