Donna M. Meyers
Clay A. Young
Delaney Wiles, Inc.
1007 W. 3rd Avenue, Suite 400
Anchorage, Alaska  99501
Phone:  907-279-3581
Fax:  907-277-1331
dmm@delaneywiles.com
cay@delaneywiles.com

Attorneys for Defendant
Chugiak Senior Citizens, Inc.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| HELEN WINTERS, through her Power of Attorney Carol Winters,<br><br>Plaintiff,<br><br>v.<br><br>CHUGIAK SENIOR CITIZENS, INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Case No. 3:06-cv-00083-TMB

**DEFENDANT CHUGIAK SENIOR CITIZENS, INC.'S MOTION *IN LIMINE* NO. 11 RE:  LINDA HENDRICKSON'S ALLEGED CONFLICT OF INTEREST REGARDING CSC AND WICKERSHAM HOUSE**

## I.    INTRODUCTION

Defendant, Chugiak Senior Citizens, Inc. ("CSC"), through counsel, files this

motion *in limine* to exclude any evidence and argument that Linda Hendrickson had

a conflict of interest by being the Executive Director of CSC and  a co-owner of

Defendant Chugiak Senior Citizens, Inc.'s Motion *in Limine*
No. 11 re:  Linda Hendrickson's Alleged Conflict of Interest
Regarding CSC and Wickersham House
Winters v. Chugiak Senior Citizens/Case No. 3:06-cv-0083 (TMB)                    Page 1 of 7

another assisted living facility, Wickersham House. The Court should grant CSC's motion pursuant to Federal Evidence Rules 401, 403, 602 and 802.

## II.    STATEMENT OF FACTS

Linda Hendrickson is the Executive Director of CSC.[1] She has over twenty years of experience in the assisted living field. *Id.* Ms. Hendrickson is also a co-owner of a private assisted living facility, Wickersham House.[2] The Long Term Care Ombudsman Robert P. Dreyer has implied in his report that Ms. Hendrickson may have had a conflict of interest in her position as Executive Director at CSC and her ownership of Wickersham House: "A conflict of interest may also be perceived by others that the Director (Linda H), Chugiak Senior Citizens', Inc., Assisted Living Home also operates her own private assisted living home in Wasilla, Wickersham House."[3] Carol Winters also implied in her deposition that Ms. Hendrickson may have a conflict of interest through her association with the two assisted living facilities.[4] However, Carol Winters had never been to Wickersham House.[5] The sole basis for Carol Winters' opinion regarding the alleged conflict of interest is the LTCO's report, rather than any personal knowledge Carol Winters might claim.[6]

---

[1]Exh. A at ¶ 1 (Linda Hendrickson Affidavit).
[2]Exh. B at Tr. at 108: 16- 25 (Hendrickson's Deposition).
[3]Exh. C at 14 (Ombudsman's Report of Investigation).
[4]Exh. D at Tr. at 212:16-214:18 (Carol Winters' Deposition).
[5]*Id.* at Tr. 214:17-18.
[6]*Id.* at Tr. 213:18-22.

Defendant Chugiak Senior Citizens, Inc.'s Motion *in Limine*
No. 11 re: Linda Hendrickson's Alleged Conflict of Interest
Regarding CSC and Wickersham House
Winters v. Chugiak Senior Citizens/Case No. 3:06-cv-0083 (TMB)          Page 2 of 7

### III.    ARGUMENT

CSC seeks to exclude any evidence or argument that Ms. Hendrickson had a conflict of interest by being the Executive Director of CSC and a co-owner of Wickersham House.    Any such evidence and argument is inadmissible under Federal Rules of Evidence 401, 602, 802 and 403.

Evidence Rule 401 states that "'[r]elevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.  The plaintiff has asserted nine causes of action against CSC: Count I (violation of the Assisted Living Homes Act), Count II (violation of the Alaska Human Rights Act), Count III (violation of Alaska's Uniform Residential Landlord Tenant Act), Count IV (breach of contract), Count V (violation of the Americans with Disabilities Act), Count VI (violation of § 504 of the Rehabilitation Act of 1973), Count VII (violation of the Fair Housing Act of 1988), Count VIII (intentional infliction of emotional distress), and Count IX (negligent infliction of emotional distress).[7]  Evidence that Ms. Hendrickson worked and continues to work as the Executive Director at CSC and co-owns Wickersham House which allegedly gives rise to a conflict of interest is not relevant to any of the nine counts asserted against CSC.  Fed. R. Evid. 401.  CSC did not own or operate Wickersham House and plaintiff has no connection to Wickersham House.  Plaintiff has not has not sued Ms. Hendrickson individually or Wickersham House; instead, she has sued CSC arising

---

[7] *See generally* Docket No. 1, Ex. C (Amended Complaint).

Defendant Chugiak Senior Citizens, Inc.'s Motion *in Limine*
No. 11 re:  Linda Hendrickson's Alleged Conflict of Interest
Regarding CSC and Wickersham House
<u>Winters v. Chugiak Senior Citizens</u>/Case No. 3:06-cv-0083 (TMB)                    Page 3 of 7

out of the services she received at CSC.  This case is about whether CSC (not Ms. Hendrickson or Wickersham House) acted unlawfully in attempting to terminate its Lease Agreement and Residential Service Contract with plaintiff and whether CSC committed any unlawful acts against plaintiff during her residency at CSC.  Whether one employee of CSC (Ms. Hendrickson) operates another assisted care facility will not make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.  The Court should therefore exclude this evidence under Rule 401.

The evidence of the alleged conflict of interest should also be excluded since it originates from the LTCO report, which itself is inadmissible.   For reasons explained in detail in the motion *in limine* to exclude Dreyer's report, which are expressly incorporated herein, the report in its entirety, including any references to any conflict of interest by Ms. Hendrickson are not admissible.  *See* Motion *in Limine* to Exclude Dreyer's Report at 1-25.

Carol Winters should also be precluded from testifying about any alleged conflict of interest because she lacks any personal knowledge regarding Wickersham House and Ms. Hendrickson's work at Wickersham House.  *See* Fed. R. Evid. 602 ("A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter.").  Carol Winters has never been to Wickersham House,[8] and the sole basis for her opinion regarding the alleged conflict of interest is based solely on the

---

[8] Exh. D at Tr. 214:17-18.

Defendant Chugiak Senior Citizens, Inc.'s Motion *in Limine*
No. 11 re:  Linda Hendrickson's Alleged Conflict of Interest
Regarding CSC and Wickersham House
Winters v. Chugiak Senior Citizens/Case No. 3:06-cv-0083 (TMB)                    Page 4 of 7

LTCO's report.[9]  Thus, Carol Winters' knowledge, and any testimony she might offer on the alleged conflict of interest is based on inadmissible hearsay.  Fed. R. Evid. 802.

It also appears that the LTCO (Dreyer) lacks any personal knowledge regarding any alleged conflict of interest by Ms. Hendrickson. [10]  Dreyer only summarily and conclusorly states "[a] conflict of interest may also be perceived" and he does not provide any underlying facts to reach that conclusion, as opposed to simply repeating hearsay statements he obtained during his investigation.  Thus, Dreyer's statement and belief is inadmissible under Fed. R. Evid. 602 and Fed. R. Evid. 802.

Assuming *arguendo* that the evidence regarding Ms. Hendrickson's alleged conflict of interest is marginally relevant, the Court should nonetheless exclude the evidence under Evidence Rule 403.  Hearing evidence about another assisted living facility and one CSC employee's alleged conflict of interest will unfairly prejudice CSC.  Fed. R. Evid. 403.  While CSC did not own or operate Wickersham House, the jury might erroneously conclude that CSC is nonetheless responsible for acting unlawfully towards plaintiff simply because one of CSC's employees (Ms. Hendrickson) allegedly had a conflict of interest by owning and operating another facility.

---

[9] *Id.* at Tr. 213:18-22.
[10] Exh. C at 14.

Defendant Chugiak Senior Citizens, Inc.'s Motion *in Limine*
No. 11 re:  Linda Hendrickson's Alleged Conflict of Interest
Regarding CSC and Wickersham House
Winters v. Chugiak Senior Citizens/Case No. 3:06-cv-0083 (TMB)                    Page 5 of 7

The Court should also exclude the allegations of a conflict of interest because allowing admission of this evidence will create a mini-trial regarding this tangential evidence, resulting in a much longer and more confusing trial. *See* Fed. R. Evid. 403; *Tennison v. Circus Circus Enterprises, Inc.*, 244 F.3d 684, 690 (9th Cir. 2001). Allowing a mini-trial is an inefficient use of the Court's, counsels' and the jury's time, and it may confuse the jury and cause the jury to base liability on events other than those giving rise to the underlying claim. *Tennison*, 244 F.3d at 690; *see also Fasanaro v. Mooney Aircraft Corp.*, 687 F. Supp. 482, 485-86 (N.D. Cal. 1988) (explaining that confusion and delay may result if courts allow some tangential evidence in because the opposing party must have opportunity to rebut that evidence).  For the above reasons, the Court should also exclude the evidence under Rule 403.

## IV.    CONCLUSION

For the reasons explained above, the Court should grant CSC's motion *in limine* to exclude any evidence and argument that Linda Hendrickson had a conflict of interest by being the Executive Director of CSC and a co-owner of Wickersham House.

Defendant Chugiak Senior Citizens, Inc.'s Motion *in Limine*
No. 11 re:  Linda Hendrickson's Alleged Conflict of Interest
Regarding CSC and Wickersham House
Winters v. Chugiak Senior Citizens/Case No. 3:06-cv-0083 (TMB)                    Page 6 of 7

DATED at Anchorage, Alaska, this 19th of December, 2006.

DELANEY WILES, INC.
Attorneys for Chugiak Senior Citizens, Inc.
s/Donna M. Meyers and Clay A. Young
Delaney Wiles, Inc.
1007 W. Third Avenue, Suite 400
Anchorage, Alaska  99501
Phone:        907-279-3581
Fax:          907-277-1331
E-mail:       dmm@delaneywiles.com
E-mail:       cay@delaneywiles.com
Alaska Bar Assoc. No. 9006011 (DMM)
Alaska Bar Assoc. No. 7410117 (CAY)

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day
of December, 2006, a copy of this
document was served electronically on:

Barbara Brink/Nikole Nelson
Jim Davis, Jr./Sonja Kerr
Alaska Legal Services Corporation
1016 West 6th Avenue, Suite 200
Anchorage, Alaska   99501

s/Donna M. Meyers and Clay A. Young
(125692)

Defendant Chugiak Senior Citizens, Inc.'s Motion *in Limine*
No. 11 re:  Linda Hendrickson's Alleged Conflict of Interest
Regarding CSC and Wickersham House
Winters v. Chugiak Senior Citizens/Case No. 3:06-cv-0083 (TMB)          Page 7 of 7