Donna M. Meyers
Clay A. Young
Delaney Wiles, Inc.
1007 W. 3rd Avenue, Suite 400
Anchorage, Alaska  99501
Phone:  907-279-3581
Fax:  907-277-1331
dmm@delaneywiles.com
cay@delaneywiles.com

Attorneys for Defendant
Chugiak Senior Citizens, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| HELEN WINTERS, through her Power of Attorney Carol Winters,<br><br>    Plaintiff,<br><br> v.<br><br>CHUGIAK SENIOR CITIZENS, INC.,<br><br>    Defendant. | <br><br><br><br><br><br><br><br><br><br>Case No. 3:06-cv-00083-TMB |

**DEFENDANT CHUGIAK SENIOR CITIZENS, INC.'S MOTION *IN LIMINE*
NO. 7 RE: TEMPORARY RESTRAINING ORDER**

**I. INTRODUCTION**

  Defendant, Chugiak Senior Citizens, Inc. ("CSC"), by and through counsel of record, Delaney Wiles, Inc., files this motion *in limine* to exclude reference to or use in any manner the prior motion, findings, conclusions, and order relating to the temporary restraining order ("TRO") entered at the inception of this case. Prior judgments, including the findings and conclusions of fact and law by a court in TRO

Defendant Chugiak Senior Citizens, Inc.'s Motion *in Limine*
No. 7 Re: Temporary Restraining Order
Winters v. Chugiak Senior Citizens/Case No. 3:06-cv-0083 (TMB)  Page 1 of 13

proceeding, are inadmissible hearsay and do not fall within any exception, and are not binding nor determinative on the finder of fact when the underlying merits of the case are subsequently litigated. Therefore, this Court should grant CSC's motion, prohibiting plaintiffs, plaintiffs' counsel, and any witness from referring to or using in any manner at trial the TRO motion, findings, conclusions, and injunction.

## II.   STATEMENT OF FACTS

On March 14, 2006, plaintiff filed suit in Alaska Superior Court, alleging violations of several State statutes, claims for breach of contract, and intentional and negligent infliction of emotional distress.[1] Before the time expired for CSC to file an answer to the complaint, plaintiff filed an Amended Complaint for Injunctive and Declaratory Relief and Damages on March 31, 2006.[2] Prior to CSC filing an answer to plaintiff's amended complaint, plaintiff filed a motion for a TRO and injunction in the Superior Court on April 12, 2006.[3] Plaintiff purportedly sought the TRO to prevent CSC from instituting a forcible entry and detainer ("FED") action against her before the merits of her underlying lawsuit against CSC could be resolved by a jury.[4] The TRO motion was personally served on CSC's counsel that same day around 3:00 p.m.[5] The next morning, on April 13, 2006, Superior Court Judge Craig Stowers granted plaintiff's TRO motion *ex parte*,

---

[1] Dkt. 1. (Exh. B).
[2] The Amended Complaint added claims alleging violations of several federal statutes, namely the American with Disabilities Act (42 U.S.C. §§ 12101 *et seq*.), § 504 of the Rehabilitation Act of 1973 as amended (29 U.S.C. § 794), and the Fair Housing Act of 1988 (42 U.S.C. §§ 3601 *et. seq*.). *See generally* Dkt. No. 1. (Exh. C -- Amended Complaint).
[3] Exh. A (Plaintiff's Motion for TRO); *see also* Dkt. 1. (Exh. D. – Plaintiff's TRO Motion).
[4] Exh. A at 1.
[5] Affidavit of Donna M. Meyers; Exh. G.

Defendant Chugiak Senior Citizens, Inc.'s Motion *in Limine*
No. 7 Re: Temporary Restraining Order
Winters v. Chugiak Senior Citizens/Case No. 3:06-cv-0083 (TMB)                Page 2 of 13

which became effective on April 13, 2006, at 8:00 a.m.[6] CSC had not filed any response to plaintiff's TRO motion when Judge Stowers issued the TRO.[7] Instead, the terms of the TRO allowed CSC to file a responsive brief by noon on April 17, 2006, and the Court scheduled a preliminary injunction hearing for April 18.[8] The same day the TRO issued, CSC removed the action to federal court based on federal question jurisdiction.[9]

Noting the Alaska Superior Court had issued the TRO on April 14, 2006 (sic)[10] and the TRO was to expire on April 23, 2006, this Court scheduled a preliminary injunction hearing for April 20, 2006.[11] The day before the scheduled hearing, CSC filed a qualified opposition to plaintiff's motion for a TRO, which noted the parties had reached an agreement whereby CSC would forgo an FED action on certain conditions.[12] CSC and plaintiff then entered into a stipulation in which the parties agreed, among things, that:

> "Defendant will forego filing an action for forcible entry and detainer (FED) as long as the above-captioned case remains in federal court and until either the court enters summary judgment on plaintiff's discrimination claims (Counts II, V, VI, and VII) or, if summary judgment is not entered, until a trial on the merits, and further agree that the trial of the action on the merits shall be advanced to occur within eight (8) months."[13]

---

[6] Exh. B (Order Granting TRO); *see also* Dkt 1 (Exh. E – TRO).
[7] Affidavit of Donna M. Meyers, ¶ 2; Exh. G.
[8] Exh. B at 2.
[9] Dkt. 1.
[10] The TRO was actually issued on April 13, 2006. Dkt. 1 (Exh. E).
[11] Dkt. 6.
[12] Exh. C at 2 (CSC's Qualified Opposition).
[13] Exh. D at 1-2 (Stipulation); Dkt. 20.

Defendant Chugiak Senior Citizens, Inc.'s Motion *in Limine*
No. 7 Re: Temporary Restraining Order
Winters v. Chugiak Senior Citizens/Case No. 3:06-cv-0083 (TMB)    Page 3 of 13

This Court approved the parties' stipulation.[14]

In preparation for trial, plaintiff has offered "proposed uncontroverted facts" suggesting she intends to present evidence or argument to the jury regarding her TRO motion, and the Alaska Superior Court's ruling on the TRO.[15] For the reasons set forth below, the Court should exclude this information at trial.

### III.  ARGUMENT

Despite the fact that the TRO was not a final determination of the merits of the plaintiff's nine causes of action, plaintiff intends to characterize and use the TRO as a determination of the merits by, among other things, representing the Court's findings and conclusions as adjudicated facts and conclusions of law that support plaintiff's liability and damage claims on her nine causes of action.[16] However, evidence of the TRO, including the motion, findings and any conclusions in the TRO, are irrelevant, hearsay and are inadmissible under Federal Rules of Evidence 402, 802, 805 and 403.

#### A.  That Plaintiff Sought A TRO Is Irrelevant.

A TRO or preliminary injunction restraining a defendant from doing or continuing some act is a provisional remedy to preserve the subject matter of the controversy pending trial. By its terms, an injunction may be discharged or made perpetual according to the final judgment. Fed. R. Civ. P. 65 (preliminary injunction "shall be so construed and applied as to save the parties any rights they may have to trial by jury"). A TRO or preliminary injunction "is not a preliminary adjudication on the merits, but a device for preserving the status quo and preventing the irreparable loss of rights before

---

[14] Exh. E (Court Order Approving Stipulation); Dkt. 22.
[15] Exh. F at 6-7 (Plaintiff's Proposed Uncontroverted Facts).
[16] *See, e.g.*, Exh. F at 6, ¶¶ 47, 48.

Defendant Chugiak Senior Citizens, Inc.'s Motion *in Limine*
No. 7 Re: Temporary Restraining Order
Winters v. Chugiak Senior Citizens/Case No. 3:06-cv-0083 (TMB)                    Page 4 of 13

judgment." *Textile Unlimited, Inc. v. A..BMH and Co., Inc.*, 240 F.3d 781, 786 (9th Cir. 2001); *see also B. W. Photo Utilities v. Republic Molding Corp.*, 280 F.2d 806, 807 (9th Cir. 1960) (explaining that "[i]t is not the function of a preliminary injunction to decide the case on the merits, and the possibility that the party obtaining a preliminary injunction may not win on the merits at trial is not determinative of the propriety or validity of the trial court's granting the preliminary injunction"); *Snyder v. Sullivan*, 705 P.2d 510, 513 (Colo. 1985) ("an injunction is generally a preventive and protective remedy, aimed at future acts; it is not intended to redress past wrongs"); *3 Electronic Data Systems Corp. v. Powell*, 508 S.W.2d 137, 139 (Tex. 1980) ("a temporary injunction is merely a provisional remedy to preserve the subject matter of the controversy pending trial"). Thus, the purpose of a TRO is to preserve the status quo until there is a more complete hearing on the merits.

Fed. Evid. Rule 401 states that "[R]elevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Consequently, "[e]vidence which is not relevant is not admissible." Fed. Evid. Rule 402.

The mere fact plaintiff sought a TRO is not relevant to any claim at issue. The filing of the motion for the TRO does not make the existence of any fact of consequence to plaintiff's nine causes of action more or less probable. Accordingly, the mere filing of the motion for a TRO is irrelevant and should be excluded under Evidence Rule 402.

Defendant Chugiak Senior Citizens, Inc.'s Motion *in Limine*
No. 7 Re: Temporary Restraining Order
Winters v. Chugiak Senior Citizens/Case No. 3:06-cv-0083 (TMB)                Page 5 of 13

### B. The TRO Is Inadmissible Because It Does Not Have *Res Judicata* Or Collateral Estoppel Effect, And Is Hearsay.

Since preliminary injunctions are temporary pending the outcome of the case, they do not have *res judicata* or collateral estoppel effect. *See Jackinsky v. Jackinsky*, 894 P.2d 650, 654-57 (Alaska 1995). *Res judicata* does not apply when the litigation does not determine any issues relevant to the present litigation. *Clark v. Bear Stearns & Co., Inc.*, 966 F.2d 1318, 1321 (9th Cir. 1992). Collateral estoppel, or issue preclusion, bars the re-litigation of an issue where the party against whom the preclusion is employed was a party to or in privy with a party to the first action; the issue precluded from re-litigation is identical to the issue decided in the first action; the issue was resolved in the first action by a final judgment on the merits; and the determination of the issue was essential to the final judgment. *See Kourtis v. Cameron*, 419 F.3d 989, 995-95 (9th Cir. 2005); *Sekaquaptewa v. MacDonald*, 575 F.2d 239, 247 (9th Cir. 1978). However, a TRO or preliminary injunction is not a final judgment for collateral estoppel or *res judicata* purposes. *See Starbuck v. City and County of San Francisco*, 556 F.2d 450, 457 n.13 (9th Cir. 1977).

"Findings made in a preliminary hearing are given preclusive effect only if the parties were fully heard on the issue in question. . . .Generally, such findings are not entitled to preclusive effect since they are not a final judgment on the issue in question, but instead represent only a prediction as to the likelihood of how that question will be resolved." *Hunter Douglas Inc. v. Sheet Metal Workers Intern. Ass'n, Local 159*, 714 F.2d 342, 346 (4th Cir. 1983) (citing Restatement (Second) of Judgments, § 13, comment g and Reporter's Note).

The United States Supreme Court has explained:

Defendant Chugiak Senior Citizens, Inc.'s Motion *in Limine*
No. 7 Re: Temporary Restraining Order
Winters v. Chugiak Senior Citizens/Case No. 3:06-cv-0083 (TMB)                Page 6 of 13

> The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held. Given this limited purpose, and given the haste that is often necessary if those positions are to be preserved, a preliminary injunction is customarily granted on the basis of procedures that are less formal and evidence that is less complete than in a trial on the merits. A party thus is not required to prove his case in full at a preliminary injunction hearing . . . and the findings of fact and conclusions of law made by a court granting a preliminary injunction are not binding at trial on the merits.

*University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981) (citations omitted); *see also Kuzinich v. County of Santa Clara*, 689 F.2d 1345, 1350-51 (9th Cir. 1982) ("issues litigated in a preliminary injunction action are not res judicata and do not form a basis for collateral estoppel"); *Wyatt v. Terhune*, 315 F.3d 1108, 1114 n.5 (9th Cir. 2003) ("Factual findings in one case ordinarily are not admissible for their truth in another case through judicial notice.").

When *res judicata* or collateral estoppel does not apply to a court order or judgment, courts generally find such orders or judgments inadmissible in subsequent litigation, and the judgment itself is inadmissible hearsay not within any exception to the hearsay rule for multiple reasons.

Defendant Chugiak Senior Citizens, Inc.'s Motion *in Limine*
No. 7 Re: Temporary Restraining Order
<u>Winters v. Chugiak Senior Citizens</u>/Case No. 3:06-cv-0083 (TMB)                Page 7 of 13

> First, the plain language of Rule 803(8)(C)[17] does not apply to judicial findings of fact. It applies to "factual findings resulting from an investigation made pursuant to authority granted by law." Fed. R. Evid. 803(8)(C).  Indeed, a review of the advisory committee note to Rule 803 reveals that the drafters intended this portion of the rule to apply to findings of agencies and offices of the executive branch. *See Snipes*, 7 F.3d at 417 (citations omitted); *Zenith Radio Corp. v. Matsushita Elec. Indus. Co.*, 505 F. Supp. 1125, 1185 (E.D Pa. 1980) ("[A] review of the advisory committee note makes it clear that judicial findings are not encompassed; not only is there not the remotest reference to judicial findings, but there is a specific focus on the findings of officials and agencies within the executive branch."); Advisory Committee's Note, 56 F.R.D. 183, 311-13.
>
> Next, it is clear that when the drafters of the Federal Rules of Evidence wanted to allow the admission of judgments or their underlying facts, they did so expressly. See Fed. R. Evid. 803(22) (previous conviction); Fed. R. Evid. 803(23) (personal, family or general history and boundaries).
>
> Finally, we note that at common law a judgment from another case would not be admissible. *Nipper*, 7 F.3d at 417 (citing 5 John H. Wigmore, Wigmore on Evidence § 1671a (James H. Chadbourn rev. 1974); 1 McCormick on Evidence § 298 (John W. Strong ed., 4th ed. 1992); 4 Jack B. Weinstein & Margaret A. Berger, Weinstein's Evidence ¶ 803(22)[01] (1993)).

*United States v. Jones*, 29 F.3d 1549, 1554 (11th Cir. 1994).  Consequently, various federal and state courts have excluded such judicial findings. *See United States v.*

---

[17]Federal Rule of Evidence 803(8)(C) states:

> (8) Public Records and Reports. Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth. . .(C) in civil actions and proceedings. . .factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness.

Fed. R. Evid. 803(8)(C).

Defendant Chugiak Senior Citizens, Inc.'s Motion *in Limine*
No. 7 Re: Temporary Restraining Order
<u>Winters v. Chugiak Senior Citizens</u>/Case No. 3:06-cv-0083 (TMB)                Page 8 of 13

*Jones*, 29 F.3d 1549, 1554 (11th Cir. 1994) (concluding that judicial findings of fact in a court's order in a previous case are not admissible in another case under Rule 803(8)(C)); *Nipper v. Snipes*, 7 F.3d 415, 417-18 (4th Cir. 1993); (concluding that judicial findings of fact were not "public records" within meaning of public record exception to the hearsay rule, and that admission of judicial findings of fact was reversible error); *Taylor v. Washington Metropolitan Area Transit Authority*, 922 F. Supp. 665, 675-76 (D. D.C. 1996) ("the Court cannot transpose the factual findings of another judge or jury into the framework of this case"); *Krischbaum v. Dillon*, 567 N.E.2d 1291, 1300 (Ohio 1991) (concluding it would be improper to make prior findings and conclusions known to the jury and would have invaded the province of the jury, which alone had the duty and power to resolve disputed issues of fact in this case); *Johnson v. American Family Mut. Ins. Co.*, 287 N.W.2d 729, 737 (Wis. 1991) (court did not err in excluding portions of a decision by a trial judge on adequacy of evidence to sustain damages set forth in verdict).

In *Snyder v. Foote*, 822 P.2d 1353, 1360 (Alaska 1991), the Alaska Supreme Court addressed the admissibility of prior factual findings. In *Snyder*, the Alaska Supreme Court reversed the trial court after allowing the defendant to impeach the plaintiff's expert witness with a finding from another case that the witness had misstated his credentials. *Snyder*, 822 P.2d at 1356. The Alaska Supreme Court held that "the factual findings of Judge Wolf constitute inadmissible hearsay," were not within an exception, and admission was reversible error. *Id*. at 1359-61. The Alaska Supreme Court rejected the defendant's argument that the factual findings of Judge Wolf are admissible under either Evidence Rule 803(8) (public records exception) or 803(23)

Defendant Chugiak Senior Citizens, Inc.'s Motion *in Limine*
No. 7 Re: Temporary Restraining Order
<u>Winters v. Chugiak Senior Citizens</u>/Case No. 3:06-cv-0083 (TMB)          Page 9 of 13

(general catch all hearsay exception). *Snyder*, 822 P.2d at 1359-60. Additionally, the Alaska Supreme Court in *Snyder* held findings of fact by another court are unreliable as they include multiple layers of hearsay, relying on the testimony and credibility of witnesses in the other proceeding. *Snyder*, 822 P.2d at 1360. Alaska Rule of Evidence 805, just like Federal Rule of Evidence 805, requires that "hearsay within hearsay" be admissible before evidence can be admitted, even if the first layer of hearsay is within an exception. *Id.* In the case of prior judgments, the conclusions rely on the former testimony of witnesses, which is not admissible if the party against whom it is offered did not have a similar opportunity and motive to develop the testimony in the prior action. *Id.* at 1360, n.11. The conclusions based on this inadmissible hearsay are "not admissible for the same reasons lack of opportunity for the party in interest . . . to defend against the testimony." *Id.* Thus, prior judgments offered against one who was not a party to those proceedings are inadmissible. *Id.* at 1360.

Courts have explicitly held injunctions are not conclusive against a party. *See Snyder*, 705 P.2d at 513 ("an injunction is generally a preventive and protective remedy, aimed at future acts; it is not intended to redress past wrongs"); *Electronic Data Systems*, 508 S.W.2d at 139 ("a temporary injunction is merely a provisional remedy to preserve the subject matter of the controversy pending trial").

In this case, plaintiff seeks to offer a TRO against CSC that was entered *ex parte* before the case was removed. The authority and rationale for excluding the TRO is the same for excluding judgments and findings in prior actions. First, no colorable argument can be made that either res judicata or collateral estoppel applies to the TRO, or the findings or conclusions therein, as the TRO was not a final judgment and the

Defendant Chugiak Senior Citizens, Inc.'s Motion *in Limine*
No. 7 Re: Temporary Restraining Order
<u>Winters v. Chugiak Senior Citizens</u>/Case No. 3:06-cv-0083 (TMB)    Page 10 of 13

various issues in this case had not been litigated on their merits. In fact, the Superior Court granted the TRO before CSC even had an opportunity to be heard on the issue. Thus, the Superior Court only applied a balancing of hardships test based solely on plaintiff's representations without the benefit of any response from CSC. The Superior Court did not (and could not) make any final determination on the merits of the case, as the only issue before it was whether a TRO should issue based only on plaintiff's motion.[18] CSC did not have an adequate opportunity to respond before the TRO issued, and the parties had not yet engaged in discovery. Secondly, as held in *Snyder*, the factual findings contained in the injunction are inadmissible hearsay and are not within any exception. Therefore, Federal Rule of Evidence 802 requires this evidence be excluded.

###   C.    The TRO Evidence Should Be Excluded Under Evid. R. 403.

Furthermore, testimony of a TRO will confuse or mislead the jury into believing the injunction's subject matter had previously been decided by a court, if not this Court, making the evidence of the TRO inadmissible under Federal Rule of Evidence 403. *Cf. Snyder*, 822 P.2d at 1361 n.14 (findings at a prior unrelated trial regarding a witness' credibility were inadmissible at later trial under the Rule 403 balancing test). CSC will be unfairly prejudiced if evidence of the TRO is submitted because the jury may give deference to Judge Stowers' order, and may not be able to recognize or understand the distinction between the legal standard for the granting of a TRO and the fact that the granting of the TRO has no legal import on whether plaintiff is entitled to prevail on the

---

[18] Exh. B at 1-2 (TRO).

Defendant Chugiak Senior Citizens, Inc.'s Motion *in Limine*
No. 7 Re: Temporary Restraining Order
Winters v. Chugiak Senior Citizens/Case No. 3:06-cv-0083 (TMB)          Page 11 of 13

merits of her nine causes of action. The Court should therefore exclude this evidence under Rule 403.

## IV.   CONCLUSION

Temporary restraining orders do not have *res judicata* or collateral estoppel effect and are inadmissible hearsay that does not fall within any hearsay exception. Furthermore, evidence of a temporary restraining order fails the balancing test of Rule 403 because it is likely to confuse or mislead the jury, and is unduly prejudicial, particularly in this case where CSC had no opportunity to challenge the alleged basis for the TRO before it was issued. Accordingly, the Court should grant this motion and order plaintiff, plaintiff's counsel, and any witness to refrain from referring to or using in any manner the temporary restraining order, and any findings or conclusions stated therein.

DATED at Anchorage, Alaska, this 19th of December, 2006.

DELANEY WILES, INC.
Attorneys for Chugiak Senior Citizens, Inc.

s/Donna M. Meyers and Clay A. Young
Delaney Wiles, Inc.
1007 W. Third Avenue, Suite 400
Anchorage, Alaska  99501
Phone:      907-279-3581
Fax:         907-277-1331
E-mail:      dmm@delaneywiles.com
E-mail:      cay@delaneywiles.com
AK Bar No.: 9006011 (DMM)
AK Bar No.: 7410117 (CAY)

Defendant Chugiak Senior Citizens, Inc.'s Motion *in Limine*
No. 7 Re: Temporary Restraining Order
<u>Winters v. Chugiak Senior Citizens</u>/Case No. 3:06-cv-0083 (TMB)          Page 12 of 13

**CERTIFICATE OF SERVICE**

I hereby certify that on the 19th day of December, 2006, a copy of this document was served electronically on:

Barbara Brink/Nikole Nelson
Jim Davis, Jr./Sonja Kerr
Alaska Legal Services Corporation
1016 West 6th Avenue, Suite 200
Anchorage, Alaska   99501

s/Donna M. Meyers and Clay A. Young
(125526)

Defendant Chugiak Senior Citizens, Inc.'s Motion *in Limine*
No. 7 Re: Temporary Restraining Order
Winters v. Chugiak Senior Citizens/Case No. 3:06-cv-0083 (TMB)                    Page 13 of 13