IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE



HELEN WINTERS,
through her power of attorney
Carol Winters,

     Plaintiff,

vs.

CHUGIAK SENIOR CITIZENS, INC.,

     Defendant.

)
)
)
)
)
)
)
)
)
)
)
)

Case No. 3AN-06-6023CI

## PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND INJUNCTION

     Comes now the plaintiff and moves this Court for a temporary restraining order and injunction against the defendant.    This motion is supported by the accompanying memorandum of points and authorities, the Affidavit of Carol Winters, the Certificate of Nikole M. Nelson., and is filed with a proposed Order.

ALASKA LEGAL SERVICES CORPORATION

DATE: _4/12/06_      _[signature]_

NIKOLE M. NELSON,  BAR NO. 9906033
BARBARA K. BRINK,  BAR NO. 8206009
JAMES J. DAVIS, JR.,  BAR NO. 9412140

LAW OFFICES OF
ALASKA LEGAL SERVICES CORPORATION
ANCHORAGE AND STATEWIDE OFFICE
1016 WEST SIXTH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501-1963
(907) 272-9431

EXHIBIT _A_
Page _1_ of _22_

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

HELEN WINTERS,                          )
through her power of attorney           )
Carol Winters,                          )
                                        )
        Plaintiff,                      )
                                        )
vs.                                     )
                                        )
CHUGIAK SENIOR CITIZENS, INC.,          )
                                        )        Case No. 3AN-06-6023 CI
        Defendant.                      )
                                        )
_____)


RECEIVED
APR 12 2006
DELANEY WILES, INC.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND INJUNCTION**

**I.    PRELIMINARY STATEMENT**

There is a lawsuit before this Court concerning the Chugiak Senior Citizens, Inc. (hereinafter "CSC") threats to evict 90 year old Helen Winters from her home at the CSC. *See* Complaint for Declaratory and Injunctive Relief and for Damages filed March 14, 2006 (hereinafter "Complaint"). In Ms. Winters' lawsuit, she seeks, *inter alia*, an injunction from this Court prohibiting it from moving to evict her from her home.

Ms. Winters recently learned that CSC's counsel might attempt to circumvent this Court's jurisdiction – and her request for an injunction -- by filing a forcible entry and detainer ("FED") action against her in State district court. But the Supreme Court has held that FED actions are not supposed to be used for complex matters, such as the one at hand. And the Court has also acknowledged that FED actions lack many if not most of procedural safeguards of typical litigation (discovery, the right to adequate notice, the right to a jury, the right to adequately prepare for trial, etc.). Finally, district courts are without the statutory

LAW OFFICES OF
ALASKA LEGAL SERVICES CORPORATION
ANCHORAGE AND STATEWIDE OFFICE
1016 WEST SIXTH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501-1963
(907) 272-9431

EXHIBIT A
Page 2 of 22

power to entertain, much less enter, injunctions or any other equitable relief.[1] For all these reasons, CSC should not be allowed to use an FED action against Ms. Winters; Ms. Winters' superior court action should not be effectively transformed into a district court FED case by the legal maneuverings of CSC's counsel. To protect herself from this very real threat Ms. Winters now seeks a temporary restraining order enjoining CSC from attempting to circumvent this Court's authority by filing an FED action in State district court. Because Ms. Winters' meets the relevant criteria for the issuance of a TRO, this Motion should be granted.

## II. FACTS

Ms. Winters is a 90 year old woman who suffers from a number of maladies including but not limited to hypertension, congestive heart failure, severe osteoarthritis, osteoporosis, general anxiety disorder and macular degeneration, she is presently recovering from double pneumonia. *See Amended Complaint* at ¶ 6; *Affidavit of Carol Winters in Support of Motion for Temporary Restraining Order (hereinafter "Winters Aff.")* at ¶ 2 .

In the fall of 2005, Ms. Winters began complaining to both CSC and the State's Long Term Care Ombudsman regarding the poor care and treatment she was receiving at the Chugiak Senior Center. *Id.* at ¶ 3. On January 5, 2006, and in response to these complaints, CSC gave Ms. Winters a letter purporting to terminate her lease and threatening to evict her. *Id.* at ¶ 4. Ms. Winters and the Long Term Care Ombudsman made numerous unsuccessful attempts to fend off the threatened eviction. *Id.* at ¶ 6. On March 14, 2006, Ms. Winters filed the present lawsuit alleging that CSC's actions including its continued threats of eviction violate, *inter alia*, Alaska Assisted Living Homes Act, the Alaska Human Rights Act, the

LAW OFFICES OF
ALASKA LEGAL SERVICES CORPORATION
ANCHORAGE AND STATEWIDE OFFICE
1016 WEST SIXTH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501-1963
(907) 272-9431

---

[1] District courts are courts of limited jurisdiction. AS 22.15.050. "District courts do not have jurisdiction over "an action in which the title to real property is in question" or "actions of an equitable nature, except as otherwise provided by law." *Kopanuk v. AVCP Regional Hous. Auth.*, 902 P.2d 813, 816 (Alaska 1995).

MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT
OF MOTION FOR TEMPORARY RESTRAINING ORDER AND
INJUNCTION
Helen Winters v. Chugiak Senior Citizens, Inc. 3AN-06-6023 CI
Page 2 of 9

EXHIBIT    A
Page    3    of    22

Americans with Disabilities Act, Section 504 of the Rehabilitation Act of 1973, and the Fair Housing Act of 1988, as well as the Alaska Residential Landlord Tenant Act. *See Complaint.*

Soon after she filed this lawsuit, CSC refused to accept Ms. Winter's rent. *See Winters' Aff.* at ¶ 5. This is typical behavior for a landlord moving to file an FED. After learning of this new and worrisome development, Ms. Winters' counsel contacted CSC's counsel and attempted to secure a commitment from CSC that it would not attempt to circumvent this Court's authority by filing an FED action in State district court. *See Certificate of Counsel in Support of Motion for Temporary Restraining Order (hereinafter "Nelson Cert.")* at ¶ 3. Shockingly, CSC's counsel refused to make this basic commitment and indicated that CSC was contemplating just such an action. *Id.*

Using an FED action to try to route Ms. Winters from her home would be grossly unfair. As the Supreme Court of Alaska stated "FED hearings exist to protect a landlord's right to possession and to prevent the use of self-help. They are designed to be uniquely expedited processes that ensure a fair hearing on the issue of possession. But they often lack many of the procedural aspects, such as the right to a jury, discovery, preparation time, and procedural continuances, that are needed for a "full and fair" trial on issues other than possession." *Chilton-Wren v. Olds,* 1 P.3d 693, 698 (Alaska 2000).

This Court should enjoin CSC from trying to use an FED in State district court as a tool to evict Ms. Winters and avoid this Court's jurisdiction over this matter.

## III. LEGAL ARGUMENT AND AUTHORITIES

### A.    A TRO and Injunction Should Issue.

In considering a party's request for a temporary restraining order and injunction, the Alaska Supreme Court has identified two applicable standards. The first, called the "balance

LAW OFFICES OF
ALASKA LEGAL SERVICES CORPORATION
ANCHORAGE AND STATEWIDE OFFICE
1016 WEST SIXTH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501-1963
(907) 272-9431

MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTION FOR TEMPORARY RESTRAINING ORDER AND INJUNCTION
Helen Winters v. Chugiak Senior Citizens, Inc. 3AN-06-6023 CI
Page 3 of 9

EXHIBIT  A
Page  4  of  22

of hardships" approach, applies where the moving party faces the danger of "irreparable harm" unless immediate injunctive relief is granted, and the opposing party is "adequately protected." *See State v. Metcalfe*, 110 P.3d 976, 978 (Alaska 2005). Under this standard, an injunction is appropriate if the plaintiff has raised "serious and substantial questions going to the merits of the case" and the issues raised are not "frivolous or obviously without merit." *Id.* (quoting *State v. Kluti Kaah Native Village*, 831 P.2d 1270, 1273 (Alaska 1992)).

Under the second standard, which applies if the threatened harm is less than irreparable, or if the opposing party cannot be adequately protected, the plaintiff must make a "clear showing of probable success on the merits." *See id.*

As discussed below, Ms. Winters is entitled to the requested restraining order and injunction under either of these standards.

### 1. Ms. Winters Faces Irreparable Harm Unless an Injunction Is Granted.

The Alaska Supreme Court has defined "irreparable harm" as "an injury, whether great or small, which ought not to be submitted to, on the one hand, or inflicted, on the other; and which, because it is so large or so small, or is of such constant and frequent occurrence, or because no certain pecuniary standard exists for the measurement of damages, cannot receive reasonable redress in a court of law." *Kluti Kaah*, 831 P.2d at 1273.

Ms. Winters is a severely disabled 90 year old woman who, if evicted, faces the specter of homelessness. *Winters' Aff.* at ¶ 7. Ms. Winters wants nothing more than to remain in her home and to receive the care, dignity and services that CSC is legally obligated to provide. *Id.* at ¶ 8. Ms. Winters' care providers, her physician and the Long Term Care Ombudsman all believe that it would be extremely detrimental to plaintiff's health, both

MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT
OF MOTION FOR TEMPORARY RESTRAINING ORDER AND
INJUNCTION
Helen Winters v. Chugiak Senior Citizens, Inc. 3AN-06-6023 CI
Page 4 of 9

EXHIBIT A
Page 5 of 22

LAW OFFICES OF
ALASKA LEGAL SERVICES CORPORATION
ANCHORAGE AND STATEWIDE OFFICE
1016 WEST SIXTH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501-1963
(907) 272-9431

emotional and physical to require her to move. *See Winters' Aff.* at ¶ 9; *Exhibit 1 attached to Nelson Cert.* ¶ 2. Given Ms. Winters' advanced age and medical condition there can be little doubt that wrongful ouster from her home would constitute "irreparable harm." The likelihood that Ms. Winters will be wrongfully evicted is increased exponentially if she is routed into district court and her defenses limited to those available in a summary FED proceeding. FED proceedings are not designed to address the complex issues involving the intricate federal and state laws that govern the relationship between those operating and those living in an assisted living facility. *See Kopanuk v. AVCP Regional Hous. Auth.,* 902 P.2d 813, 816 (Alaska 1995) ("FED actions are unsuited for resolution of more complex inquires …").

**2.     CSC Would Be At Risk Of No Legally Cognizable Harm As A Result Of An Injunction Preventing CSC From Filing A District Court FED Action.**

"Adequate protection" exists where "the injury that will result from the injunction can be indemnified by a bond or where it is relatively slight in comparison to the injury which the person seeking the injunction will suffer if the injunction is not granted." *Metcalfe,* 110 P.3d at 978. Here, CSC faces no harm monetarily or otherwise.

Ms. Winters has lived in Chugiak Senior Center for the last 19 months until CSC refused her April rent she had always paid in rent in full and in a timely manner. *Winters' Aff.* at ¶ 10. Ms. Winters stands ready and willing to pay rent under her lease as the present case progresses. *Id.* at ¶ 11.

Here, Ms. Winters seeks only to prevent CSC from circumventing this Court's authority to fully hear and adjudicate her claims against CSC by filing a summary District Court FED action wherein Ms. Winters' ability to properly defend herself would be severely

LAW OFFICES OF
ALASKA LEGAL SERVICES CORPORATION
ANCHORAGE AND STATEWIDE OFFICE
1016 WEST SIXTH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501-1963
(907) 272-9431

EXHIBIT  A
Page  6  of  22

LAW OFFICES OF
ALASKA LEGAL SERVICES CORPORATION
ANCHORAGE AND STATEWIDE OFFICE
1016 WEST SIXTH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501-1963
(907) 272-9431

curtailed.   CSC cannot realistically claim any legally cognizable harm by being enjoined from filing a district court FED action. Indeed, if CSC feels the facts of this case necessitate the immediate ouster of Ms. Winters, CSC could and should seek to evict her within the context of the case presently before this Court.  The only plausible reason CSC would do otherwise would be to gain a strategic advantage by limiting Ms. Winters' rights.  FED actions are summary proceedings, and the district court does not have equitable jurisdiction to consider Ms. Winters' claims for declaratory and injunctive relief regarding the CSC's violations of various federal and state laws.

In sum, because Ms. Winters faces irreparable harm unless a restraining order and injunction are immediately entered, and because CSC is at risk of no legally cognizable harm, this Court should find that the balance of hardships in this case tips decidedly in the Ms. Winters' favor.

3. **Because Ms. Winters Would Be Virtually Certain To Prevail On A Motion To Dismiss Any FED Filed Against Her or, Alternatively, on a Motion to Consolidate A District Court FED Action With The Present Case, She Has Raised "Serious And Substantial Questions" As To The Merits of This Dispute.**

The Alaska Supreme Court has stated unequivocally that FED actions are "unsuited for resolution of more complex inquires." *Kopanuk v. AVCP Regional Hous. Auth.*, 902 P.2d 813, 816 (Alaska 1995).  The parties' dispute in the case *sub judice* is, undoubtedly "more complex."  Just the contracts running between the parties run twenty something pages. *Nelson Cert.* at ¶ 4. Then there is the LTCO and the Attorney General's involvement with the LTCO's outstanding subpoena.  The long and short of it is that an FED is the most *unsuitable* litigation devise imaginable for fairly resolving the disagreements between the immediate

MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT
OF MOTION FOR TEMPORARY RESTRAINING ORDER AND
INJUNCTION
Helen Winters v. Chugiak Senior Citizens, Inc. 3AN-06-6023 CI
Page 6 of 9

EXHIBIT ___A___
Page ___7___ of ___22___

litigants. Thus, and in accord with *Kopanuk*, Ms. Winters is likely to prevail on an argument that a district court is without jurisdiction to effectively adjudicate the parties' dispute.

Moreover, if CSC were to file an FED in district court, Ms. Winters would simply move to consolidate that action with this one. And she would likely prevail on that request. Every issue of law and fact that would need to be resolved by a district court in CSC's proposed FED action would also need to be resolved by this Court in the present case. Civil Rule 42(a) empowers the Court to consolidate actions involving a common issue of law or fact when doing so is in the interests of justice and efficiency. *See also Pipeliners Union v. Alaska State Commission for Human Rights*, 681 P.2d 330, 333 (Alaska 1984).

Ms. Winters is likely to prevail on her *Kopanuk*-based argument and on her Rule 42(a) argument and/but, at a minimum, she has raised serious and substantial questions regarding these questions. When combined with the balance of hardships tipping sharply in her favor, it is clear that the entry of a temporary restraining order and injunction is appropriate here, under either standard enunciated by the Alaska Supreme Court.

4. **The Security Requirement of Civil Rule 65(c) Can and Should Be Waived Because Plaintiff Is Indigent**

To anticipate CSC's argument, despite the seemingly mandatory language in Alaska Civil Rule 65(c), the posting of security as a condition for entering injunctive relief is in the discretion of this Court; the Court has the discretion to set the amount of security at zero. *See* Alaska R. Civ. P. 65(c) ("No restraining order or preliminary injunction shall issue except upon the giving of security by the applicant, in such sum as the court deems proper . . . . " (emphasis added)); *see also* 11A CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 2954, at 291 (2d ed. 1995) ("The mandatory nature of the security requirement

MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTION FOR TEMPORARY RESTRAINING ORDER AND INJUNCTION
Helen Winters v. Chugiak Senior Citizens, Inc. 3AN-06-6023 CI
Page 7 of 9

LAW OFFICES OF
ALASKA LEGAL SERVICES CORPORATION
ANCHORAGE AND STATEWIDE OFFICE
1016 WEST SIXTH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501-1963
(907) 272-9431

EXHIBIT A
Page 8 of 22

is ameliorated by the remaining portion of the first sentence of Rule 65(c), which states that the security required shall be 'in such sum as the court deems proper . . . '"). This Court should exercise its discretion and not require the posting of security in this case.

Courts frequently waive the security requirement for indigent plaintiffs. *See, e.g., People ex rel. Van de Kamp v. Tahoe Reg'l Planning Agency,* 766 F.2d 1319, 1325-26, *modified,* 775 F.2d 998 (9th Cir. 1985); *Pharmaceutical Soc'y of N.Y. v. New York State Dep't of Soc. Serv.,* 50 F.3d 1168, 1174 (2d Cir. 1995); *Orantes-Hernandez v. Smith,* 541 F. Supp. 351, 385 n.42 (C.D Cal. 1982); *Bass v. Richardson,* 338 F. Supp. 478, 490 (E.D.N.Y. 1971) ("It is clear ... that indigents, suing individually or as class plaintiffs, ordinarily should not be required to post a bond under Rule 65(c)."); *Denny v. Health and Social Services Board of State Wisconsin,* 285 F. Supp. 526, 527 (E.D. Wis. 1968) ("[P]oor persons . . . are by hypothesis unable to furnish security as contemplated in Rule 65(c)), and the court should order no security in connection with this preliminary injunction."); *Wayne Chemical, Inc. v. Columbus Agency Servs. Corp.,* 567 F.2d 692, 701 (7th Cir. 1977); *Bass v. Richardson,* 338 F. Supp. 478, 490 (S.D.N.Y. 1971); *see also* 11A CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 2954, at 298-300 (2d ed. 1995).

Ms. Winters is low-income, is represented free of charge by Alaska Legal Services Corporation, and is disabled. She does not have the financial wherewithal to post a bond under Rule 65(c). The bond requirement should therefore be waived.

///

///

///

///

LAW OFFICES OF
ALASKA LEGAL SERVICES CORPORATION
ANCHORAGE AND STATEWIDE OFFICE
1016 WEST SIXTH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501-1963
(907) 272-9431

MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTION FOR TEMPORARY RESTRAINING ORDER AND INJUNCTION
Helen Winters v. Chugiak Senior Citizens, Inc. 3AN-06-6023 CI
Page 8 of 9

EXHIBIT A
Page 9 of 22

## IV. CONCLUSION

For the forgoing reasons, the plaintiff respectfully requests that this Court enter a temporary restraining order and injunction against CSC enjoining CSC from filing an FED action against Ms. Winters while this action is pending.

ALASKA LEGAL SERVICES CORPORATION

DATE: _4/11/06_

NIKOLE M. NELSON, BAR NO. 9906033
BARBARA K. BRINK, BAR NO. 8206009
JAMES J. DAVIS, JR., BAR NO. 9412140

LAW OFFICES OF
ALASKA LEGAL SERVICES CORPORATION
ANCHORAGE AND STATEWIDE OFFICE
1016 WEST SIXTH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501-1963
(907) 272-9431

MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT
OF MOTION FOR TEMPORARY RESTRAINING ORDER AND
INJUNCTION
Helen Winters v. Chugiak Senior Citizens, Inc. 3AN-06-6023 CI
Page 9 of 9

EXHIBIT _A_
Page _10_ of _22_

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE



HELEN WINTERS,
through her power of attorney
Carol Winters,

     Plaintiff,

vs.

CHUGIAK SENIOR CITIZENS, INC.,

     Defendant.

Case No. 3AN-06-6023 CI

## CERTIFICATE OF NIKOLE M. NELSON IN SUPPORT OF PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

I, Nikole M. Nelson, state the following:

    1. I am one of the counsel for plaintiff. The facts below are true and correct to the best of my knowledge.

    2. Attached hereto as Exhibit 1 are true and correct copies of letters from Ms. Winters' care providers attesting to the distress an eviction would have on Ms. Winters.

    3. After learning that CSC had refused Ms. Winters' tender of April's rent, James J. Davis, Jr. Barbara Brink and myself, as counsel for Ms. Winters, contacted CSC's counsel, Donna Meyers in attempt to secure a commitment from CSC that it would not attempt to circumvent this Court's authority by filing an FED action in State district court. Ms. Meyers refused to so commit and indicated that she and her co-counsel were contemplating just such an action.

LAW OFFICES OF
ALASKA LEGAL SERVICES CORPORATION
ANCHORAGE AND STATEWIDE OFFICE
1016 WEST SIXTH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501-1963
(907) 272-9431

EXHIBIT A
Page 11 of 22

4.  The relationship between the parties too this case is governed by among other documents two extensive contracts over 20 pages in length.


FURTHER YOUR AFFIANT SAYETH NAUGHT.

DATED this 17 day of April at Anchorage, Alaska.


NIKOLE M. NELSON, BAR NO. 9906033

LAW OFFICES OF
ALASKA LEGAL SERVICES CORPORATION
ANCHORAGE AND STATEWIDE OFFICE
1016 WEST SIXTH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501-1963
(907) 272-9431

EXHIBIT A
Page 12 of 22

# ANCHORAGE MEDICAL & SURGICAL CLINIC, LLC

716 K Street, Anchorage, AK 99501 (907)272-2571 FAX 272-6751

February 14, 2006

To: The Court

Re:   Helen Winters (DOB 10-15-15, SSN 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)

Dear Sir or Madam:

I've been asked to write a letter to the court regarding Ms. Winters' threatened eviction from Chugiak Senior Center Assisted Living Facility. Ms. Winters has a number of medical problems, including hypertension, severe degenerative arthritis (affecting her spine and both knees), chronic urinary incontinence, a chronic anxiety disorder, and a benign brain tumor (left posterior fossa meningioma). Her arthritis causes her to have great difficulty with ambulation and standing. Her urinary incontinence necessitates frequent trips to the bathroom, all requiring assistance, since she is unable to walk without help. Her behavior can sometimes be difficult but is not, to my knowledge, violent or abusive; I think that this is related to her anxiety disorder and is not intentional. I believe that she needs to live in a facility in which skilled help is available, and I think that relocating her to another residence could result in emotional distress and consequent physical harm to her.

Please call me at 272-2571 if you have any questions about this.

Sincerely,

Michael Jones

Michael Jones, MD

EXHIBIT A
Page 13 of 22

William Ragle, M.D.
Internal Medicine

Neil E. Loftin, M.D.
Internal Medicine

Douglas G. Smith, M.D.
Orthopedic Consultation

Michael F. Jones, M.D.
Internal Medicine

Lorelia I. Lee, M.D.
Internal Medicine

Sanjit S. Bindra, M.D.
Internal Medicine & Endocrinology

K. C. Khilnani, M.D.
Internal Medicine & Endocrinology

Jana I. Cranberg, M.D.
Internal Medicine

Peggy A. Humpelmann, NP-C
Family Nurse Practitioner

Lee Anne Hedlesio, NP-C
Family Nurse Practitioner

Mary M. Bryner
Administrator

EXHIBIT 1
Page 1 of 3

February 8, 2006

To:    The Court

RE:    **EFFECTS OF EVICTION ON HELEN H. WINTERS**

My name is Kathy A. Huskey, a Care Coordinator with CARE PLANS, INC. for the Medicaid Waiver Program, CHOICES. I have been Helen Winters' Care Coordinator since 9-11-2001. This program, CHOICES, requires that a client met the requirements for nursing home eligibility, but "choose" to live and remain in their home or community. At the time of meeting with Helen, she was requiring community base services such as chores services, PCA, lifeline, transportation, etc., to remain independently in her home. Her daughter, Carol Winters, was in daily contact with her mother providing all assistance with her daily living skills, while working over 40 hours per week.

Helen remained in her home, living independently, until a fall on 8-15-04 that required 24 hour supervision, at an assisted living home. She was admitted to Chugiak senior Center Assisted Living Home on 9-20-04. This assisted living home signed a Plan of Care contract that will provide Helen with assistance with meals, transfers, skin care, bathing, dressing, grooming, toileting needs, housekeeping, laundry, medication reminders, vital signs, and safety assessments related to extreme high level of falls,

I am requesting a stay on her eviction by the Chugiak Assisted Living Home until the investigation by the Ombudsman, Bob Dreyer and Adult Protective Services has been completed. Helen's complex medical history of congestive heart failure, uncontrolled hypertension, pulmonary embolism and recurrent blood clots are very serious and could possibly be aggravated by the eviction. Dr. Jones, Helen's internist has stated in writing on two occasions, Helen's mental and physical health could be seriously impacted by the stress of a move in her condition. Helen's general anxiety disorder has been extremely exacerbated by the eviction letter given by the Chugiak Senior Assisted Living Home.

Helen chooses to remain in her community, near her daughter, at the Chugiak Senior Center. I fear that another move would possibly affect her complex medical issues. I am requesting a stay on her eviction until the investigation by the Ombudsman, Bob Dreyer and Adult Protective Services has been completed.

Respectfully,


Kathy A. Huskey
CARE PLANS, INC.
OFFICE & FAX: 907-696-3387

EXHIBIT _A_
Page _14_ of _22_

EXHIBIT 1
Page 2 of 3

February 7, 2006

To:    The Court

RE:    **EFFECTS OF EVICTION ON MY MOTHER, HELEN H. WINTERS**

I am gravely concerned about my mother's health at this point in time. She is 90 years old
and in frail health. She has had congestive heart failure, uncontrolled hypertension,
pulmonary embolism and recurrent blood clots. Walking with her walker back from the
bathroom causes her to breath heavily just in itself. Her cardiovascular system has been
affected greatly by stress. The day my mother received the unexpected Letter of Eviction
that was sent to her via Certified Mail, the Assisted Living called 911 to take her to the
ER because her blood pressure rose to 190 over 119. Her internist had to add another
blood pressure medication to bring it down, but even with the additional medication, she
still has spikes in her blood pressure. I love my mother and I do not want her to have a
heart attack or stroke caused by the stress of an eviction. My mother has told me a
number of times that she may have a heart attack or stroke from the mental stress that the
threat of the impending eviction is causing. She does not feel that she can cope with a
move at her age.. She also suffers from Generalized Anxiety Disorder, so that she
becomes even more upset than what a person without this disorder might be. Chugiak
Assisted Living is home to my mother. The very large suite accommodates the furniture
that she needs and this cannot be found in most other assisted living situation. She needs
a special chair that allows her to rise more easily and she sleeps on a special sofa. I hope
that there can be a stay put on her eviction until the investigation by the Ombudsman,
Bob Dreyer and Adult Protective Services has been completed.

Respectfully,

Carol L. Winters
Daughter of Helen H. Winters / POA

EXHIBIT____A____
Page __15__ of __22__

EXHIBIT    1
Page  3  of  3

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

HELEN WINTERS,           )
through her power of attorney )
Carol Winters,           )
                         )
        Plaintiff,       )
                         )
vs.                      )
                         )
CHUGIAK SENIOR CITIZENS, INC.,  )
                         )       Case No. 3AN-06-6023 CI
        Defendant.       )

RECEIVED
APR 12 2006
DELANEY WILES, INC.

**AFFIDAVIT OF CAROL WINTERS IN SUPPORT OF PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND INJUNCTION**

I, Carol Winters, being first duly sworn upon oath, depose and state that:

1.     I am the daughter and the power of attorney for plaintiff Helen Winters in this proceeding.

2      Ms. Winters is a 90 year old woman who suffers from a number of maladies including but not limited to congestive heart failure, hypertension, deep vein thrombosis, severe osteoarthritis, osteoporosis, general anxiety disorder and macular degeneration.   She is presently recovering from double pneumonia.

3.     Ms. Winters and I have made numerous complaints to both CSC and the State's Long Term Care Ombudsman regarding the care she was receiving at the Chugiak Senior Center since her admission in September of 2004.

4.     On January 5, 2006, and in direct response to these complaints, CSC gave Ms. Winters a letter purporting to terminate her lease and threatening to evict her.

LAW OFFICES OF
ALASKA LEGAL SERVICES CORPORATION
ANCHORAGE AND STATEWIDE OFFICE
1016 WEST SIXTH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501-1963
(907) 272-9431

AFFIDAVIT OF Carol Winters
Page 1 of 3

EXHIBIT  A
Page  16  of  22

5.   I sought help for Ms. Winters through the Alaska Legal Services Corporation and after the present lawsuit was filed, CSC refused to accept Ms. Winter's tender of April rent.

6.      Ms. Winters and I and the Long Term Care State Ombudsman made numerous unsuccessful attempts to fend off this threatened eviction including requesting and attending a conference asking for CSC revoke the eviction and inviting them to work with us on resolving ongoing issues with the staff and facility.

7.      Ms. Winters is a severely disabled 90 year old woman who, if evicted, faces the specter of homelessness.  CSC is the ideal location for both of us.  I am her sole caregiver and family member.  I work only five minutes away and live only ten minutes away in case of an emergency.

8.      Ms. Winters wants nothing more than to remain in her home that she loves dearly and to receive the care, dignity and services that CSC is legally obligated to provide. The spaciousness of her suite is necessary for her physical needs and equipment and the large beautiful gardens and lawns promote a peaceful atmosphere soothing for her generalized anxiety disorder.

9.      Ms. Winters' care coordinator, her physician and the Long Term Care Ombudsman all believe that it would be extremely detrimental to plaintiff's health, both emotional and physical to require her to move.  Her physician has written 3 separate letters of this nature since July of 2005 but CSC has not heeded them.

10.    Ms. Winters has lived in Chugiak Senior Center for the last 19 months.  Until CSC refused her April rent she had always paid in rent in full and in a timely manner. She is an extremely neat, clean and tidy and safe tenant who keeps her apartment spotless.

LAW OFFICES OF
ALASKA LEGAL SERVICES CORPORATION
ANCHORAGE AND STATEWIDE OFFICE
1016 WEST SIXTH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501-1963
(907) 272-9431

AFFIDAVIT OF Carol Winters
Page 2 of 3



11.  Ms. Winters stands ready and willing to pay rent under her lease as the present case progresses.

FURTHER AFFIANT SAYS NOT.

_____
CAROL WINTERS

SUBSCRIBED AND SWORN to before me this *12* day of April 2006, at Anchorage, Alaska.



_____
Notary Public in and for Alaska.
My Commission expires: *1·29·08*

LAW OFFICES OF
ALASKA LEGAL SERVICES CORPORATION
ANCHORAGE AND STATEWIDE OFFICE
1016 WEST SIXTH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501-1963
(907) 272-9431

AFFIDAVIT OF Carol Winters
Page 3 of 3

EXHIBIT *A*
Page *18* of *22*

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE



HELEN WINTERS,
through her power of attorney
Carol Winters,

     Plaintiff,

vs.

CHUGIAK SENIOR CITIZENS, INC.,

     Defendant.

)
)
)
)
)
)
)
)
)
)
)
)

Case No. 3AN-06-6023 CI

**TEMPORARY RESTRAINING ORDER**

     Pursuant to Alaska Civil Rule 65(b), plaintiff has moved this Court for the immediate entry of a temporary restraining order requiring defendant to cease and desist from taking any actions to evict plaintiff, including but not limited to filing a District Court FED action.

     This Court **FINDS** that the defendant has been notified of this action and the Court has considered any response defendant has made and is otherwise fully advised.

     This Court further **FINDS** that the plaintiff will suffer an irreparable injury, namely the violation of her civil rights, and possible violations of the Alaska Assisted Living Homes Act (AS 47.33.005 *et seq.*), the Alaska Human Rights Act (AS 18.80.200 *et seq.*), the Alaska Uniform Landlord and Tenant Act (AS 34.03.010 *et seq.*), the Americans with Disabilities Act (42 U.S.C. §§ 12101 *et seq.*), Section 504 of the Rehabilitation Act of 1973 as amended (29 U.S.C. § 794), and the Fair Housing Act of 1988 (42 U.S.C. §§ 3601 *et seq.*) unless a temporary restraining order is entered. This Court **FINDS** that forcing plaintiff to litigate these issues in a summary district court proceeding, when defendant has yet to answer

LAW OFFICES OF
ALASKA LEGAL SERVICES CORPORATION
ANCHORAGE AND STATEWIDE OFFICE
1016 WEST SIXTH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501-1963
(907) 272-9431

EXHIBIT __A__
Page _19_ of _22_

plaintiff's Superior Court Complaint alleging such violations and forcing the 90 year old plaintiff to leave her home when disabled and suffering from double pneumonia amounts to an irreparable injury. On the other hand, this Court **FINDS** that any injury to the defendant would be slight if any and, in any event, would be *de minimis*. Thus, this Court **FINDS** that the balance of hardships tips in favor of issuing a temporary restraining order. Finally, this Court **FINDS** that the plaintiff has raised serious and substantial questions going to the merits of her case.

Accordingly, the motion for a temporary restraining order is **GRANTED.**

Effective April___, 2006, at ___ a.m./p.m., defendant is **HEREBY ORDERED** to cease and desist from taking any actions to evict plaintiff from the Chugiak Senior Center, including but not limited to filing a District Court FED proceeding, until and unless the serious issues raised in this case are fairly litigated.

This order will be in effect for ten days or until the Court modifies it, whichever happens first. The Court anticipates holding a hearing on whether or not the order should be extended (or a preliminary injunction should issue) on April___, 2006, at ___ a.m./p.m.

DATED this ____ day of April, 2006, at Anchorage, Alaska.

_____
CRAIG F. STOWERS
SUPERIOR COURT JUDGE

LAW OFFICES OF
ALASKA LEGAL SERVICES CORPORATION
ANCHORAGE AND STATEWIDE OFFICE
1016 WEST SIXTH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501-1963
(907) 272-9431

EXHIBIT___A___
Page __20__ of __22__

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE



HELEN WINTERS,                          )
through her power of attorney           )
Carol Winters,                          )
                                        )
        Plaintiff,                      )
                                        )
vs.                                     )
                                        )
CHUGIAK SENIOR CITIZENS, INC.,          )
                                        )       Case No. 3AN-06-6023 CI
        Defendant.                      )
                                        )

## CERTIFICATE OF SERVICE

I, Terri Floyd, state the following:

1.    I am a paralegal with Alaska Legal Services Corporation, attorneys for the plaintiff in this action.

2.  On April 12, 2006, I served Donna Meyers, Delaney Wiles, Hayes, Gerety, Ellis & Young, Inc., counsel for the defendant, (by hand delivery), and Margaret C. Ingmanson, Chugiak Senior Citizens, (by certified mail) with the following documents:

    a)    Plaintiff's Motion for Temporary Restraining Order and Injunction;

    b)    Memorandum of Points and Authorities in Support of Plaintiff's Motion for Temporary Restraining Order and Injunction;

    c)    Certificate of Nikole M. Nelson in Support of Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction;

    d)    Affidavit of Carol Winters in Support of Plaintiff's Motion for Temporary Restraining Order and Injunction;

LAW OFFICES OF
ALASKA LEGAL SERVICES CORPORATION
ANCHORAGE AND STATEWIDE OFFICE
1016 WEST SIXTH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501-1963
(907) 272-9431

EXHIBIT  A
Page 21 of 22

e)    proposed Temporary Restraining Order; and

f)    this Certificate of Service.

ALASKA LEGAL SERVICES CORPORATION

DATE _4-12-06_          _Terri Floyd_
                         Terri Floyd

LAW OFFICES OF
ALASKA LEGAL SERVICES CORPORATION
ANCHORAGE AND STATEWIDE OFFICE
1016 WEST SIXTH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501-1963
(907) 272-9431

EXHIBIT _A_
Page _22_ of _22_