IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

HELEN WINTERS, )
through her power of attorney )
Carol Winters, )
                               )
      Plaintiff, )
                               )
vs. )
                               )
CHUGIAK SENIOR CITIZENS, INC., )
                               )  Case No. 3:06-cv-00083-TMB
      Defendant. )
                               )

## PLAINTIFF'S PROPOSED UNCONTROVERTED FACTS

1. Chugiak Senior Citizens, Inc., ("CSC") is an assisted living home owned by the Municipality of Anchorage, licensed by the State of Alaska, and located in Anchorage, Alaska.

2. Helen Winters is 91 years old (DOB 10-15-15).

3. Carol Winters is Helen Winters' natural daughter and became her Power of Attorney prior to her move to Alaska in 2000. (INSERT)

4. On July 13, 2004, Carol Winters completed a functional assessment and health questionnaire concerning her mother. (30009)

5. On August 15, 2004, Helen Winters suffered a fall in her home that sent her to the hospital for several days. She fractured her right arm and damaged her rotator cuff.

6. On September 7, 2004, Helen Winters and Carol Winters completed a CSC Program Application. (30013)

7. On September 9, 2004, before Helen Winters' admission to CSC, Lynn Moser Program Director for CSC's Assisted Living Program ("ALP") conducted a pre-admission assessment of Helen Winters. (30003)

8. On September 11, 2004, a Choice Program Care Plan was created which states that "Helen Winters requires 24 hour supervision and substantial assistance with all of her activities of daily living and IADLs."

9. On September 15, 2004, an initial CSC Service Plan was created for Helen Winters by Lynn Moster. (30025)

10. Helen Winters was admitted into CSC on or about September 20, 2004.

11. Helen Winters disclosed her conditions of hypertension/high blood pressure, congestive heart failure, severe osteoarthritis in her knees and spine causing her chronic pain, incontinence, macular degeneration, need for special diet, a bilateral hearing loss, and an anxiety disorder to CSC prior to admission.

12. On or about September 22, 2004, Carol Winters as POA for Helen Winters signed a Release of Information for CSC to permit CSC to obtain records about Helen Winters from the Division of Seniors and Disabilities Services ("DSDS"). (30328)

13. On September 24, 2004, Carol Winters as POA for Helen Winters signed a CSC Assisted Living Program Lease Agreement. (30330)

14. On September 24, 2004, Carol Winters as POA for Helen Winters signed an ALP CSC Resident Services Contract. (30336)

15. On September 22, 2004, Carol Winters as POA for Helen Winters provided CSC's ALP a detailed summary of Helen Winters conditions and disabilities. (30018-20).

16. In October of 2004, Lynn Freels, as Program Director of CSC's ALP had a conversation with Carol Winters, POA for Helen Winters. In that conversation, Ms. Freels proposed that Ms. Winters should move to a smaller facility. (INSERT)

17. On October 4, 2004, CSC completed a revised Service Plan for Helen Winters. This referenced that CSC had releases of information. (30027)

18. On October 26, 2004, the State of Alaska approved a plan of care for Helen Winters. (30039) This plan reiterated that Helen Winters needed maximum assistance for her activities of daily living and IADLs. (30040)

19. On December 20, 2004, Lynn Moser and Carol Winters communicate. Lynn suggests a smaller facility for Helen Winters after Carol Winters complained about staff. (30377)

20. On December 21, 2004, Linda Hendrickson, as Program Director of CSC's ALP wrote Carol Winters as POA for Helen Winters indicating her intent to have the placement work for Helen.

21. A Care Conference is held on June 27, 2005. Attending are Marla Nelson, Carol Winters and Kathy Huskey. (30379) Discussion is held about Helen Winters' hearing becoming worse. A dry erase board is discussed as an alternative means of communication.

22. On July 5, 2005, a meeting is held. Attending are Marla Nelson, Helen Winters, Carol Winters, Kathy Huskey and Linda Hendrickson. (30380) Discussion is held about Helen allegedly calling staff trailer trash. Helen Winters disputes the allegation.

23. On or about July 7, 2005, Carol Winters contacts the Disability Law Center for assistance. (INSERT)

24. The Alaska Long Term Care Ombudsman's Office is a state agency charged with ensuring the well-being of seniors in assisted living homes in Alaska.

25. On or about July 7, 2005, Carol Winters meets with Robert Dryer of the Alaska Long Term Care Ombudsman's Office (LTCO).

26. On July 15, 2005, a meeting is held. Attending are Helen Winters, Carol Winters, Linda Hendrickson, Kathy Huskey and Robert Dryer. (30381) It is agreed that matters have improved.

27. On July 18, 2005, Dr. Michael Jones, Helen Winters' primary care physician wrote CSC concerning her care. (30093) In the letter he describes Helen as having generalized anxiety disorder and being hard of hearing.

28. On July 29, 2005, a care conference held at CSC reported that Helen Winters was doing well at CSC. (40206)

29. On August 11, 2005, a meeting is held with Robert Dryer, Helen Winters and Carol Winters. (30382)

30. In September 2005, Dr. Peter Schabb wrote CSC concerning Helen Winters' ambulation needs. (30097)

31. On September 11, 2005, a new plan of care for Helen Winters at CSC was approved by Marla Nelson. (30050) Helen Winters assistance remained unchanged from the prior plan.

32. On September 29, 2005, the State of Alaska Choice Program reauthorized the plan of care for Helen Winters at CSC. (30057).

33. On October 5, 2005, CSC revised Helen Winters' service plan. (30058). This plan states medical information has been received, that Helen is at risk for falls, will request assistance, will need medication prompting, will need weight monitored, will require 2 hour wellness checks, will need assistance with meals, bathroom, showers, daily housekeeping.

34. On December 12, 2005, Marla Nelson wrote Richard Saville of DSDS Licensing concerning employee training, and resident rights information making certain representations as to same. (40511), 40494

35. On January 5, 2006, Jan Freels, as Administrator of CSC wrote Helen Winters notifying her of eviction from CSC's ALP. (40209)

36. On January 6, 2006, Helen Winters received the letter from CSC notifying her of eviction.

37. Helen Winters was hospitalized on January 6, 2006 for elevated blood pressure. She returned to CSC the next day.

38. On January 8, 2006, Carol Winters, as POA for Helen Winters, responded to the eviction notice. (10074)

39. On January __, 2006, Robert Dreyer on behalf of the LTCO requested that CSC withdraw the eviction letter. (Insert)

40. On January 26, 2006, Kathy Huskey referred the matter to Adult Protective Services. (Insert)

41. On January 9, 2006, a meeting was held attended by Linda Hendrickson, Jan Freels, Marla Nelson, Robert Dreyer, Kathy Huskey, Carol Winters and Helen Winters, and counsel Donna Meyers. (40211)

42. On January 11, 2006, Dr. Michael Jones wrote CSC on behalf of Helen Winters. (30106)

43. On January 20, 2006, another meeting is held. Attending are Linda Hendrickson, Jan Freels, Robert Dreyer, Kathy Huskey, Carol Winters and Helen Winters.

44. On January 23, 2006, CSC by Marla Nelson wrote the State of Alaska Department of Health and Social Services Licensing Specialist to advise there were no specific documented written complaints concerning this matter and to address other related matters. (40215), (40431-30536)

45. On January 26, 2006, Jan Freels, as Administrator of CSC wrote Carol Winters as POA of Helen Winters refusing to retract the notice of eviction. (40212)

46. On March 14, 2006, Helen Winters filed suit in Superior Court, 3-AN-06-6023.

47. On April 12, 2006, Helen Winters sought a Temporary Restraining Order after unsuccessful efforts to obtain agreement from CSC for same.

48. On April 13, 2006, Superior Court Judge issued a temporary restraining order preventing CSC from evicting Helen Winters from CSC.

49. On April 13, 2006, CSC removed the case to United States Federal District Court.

50. On April 26, 2006, CSC agreed to continue to allow Helen Winters to stay at CSC pending the trial of this case. (Dkt. __)

51. On August 31, 2006, the LTCO issued its report concerning an investigation it completed regarding Helen Winters' care at CSC. (INSERT) The LTCO found CSC in violation of certain Alaska statutes and regulations. CSC disputed this report. (INSERT)

Dated: December 4, 2006

ALASKA LEGAL SERVICES CORPORATION
Attorneys for Plaintiff Helen Winters
through her power of attorney Carol Winters

s/Nikole Nelson
ALASKA LEGAL SERVICES
1016 West 6th Avenue, Suite 200
Anchorage, Alaska 99501
PHONE: (907) 222-9431
FAX: (907) 279-7417
E-mail: nnelson@alsc-law.org
Alaska Bar No. 9906033