IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

HELEN WINTERS, )
through her power of attorney )
Carol Winters, )
                                          )
     Plaintiff, )
                                          )
vs. )
                                          )
CHUGIAK SENIOR CITIZENS, INC., )
                                          ) Case No. 3:06-cv-00083-TMB
     Defendant. )
_____ )

**Plaintiff's Memorandum in Support of Motion in Limine and to Exclude Certain Evidence Created After January 31, 2006.**

Defendant Chugiak Senior Citizens ("CSC") attempted to evict Ms. Winters on January 5, 2006 with delivery of a letter that reached Ms. Winters on January 6, 2006 and its refusal to withdraw that notice of eviction by letter of January 25, 2006. CSC has, however, proferred a great deal of documentation about Ms. Winters, her condition, notes from CSC staff about her condition and acts and actions after the end of January, 2006. There is simply no legitimate basis to permit the introduction of evidence after the effort to evict Ms. Winters for the purpose of the jury determining whether the attempt to evict was lawful.

FRE Rule 401, 402, 403 provide that evidence must be relevant to be admissible. FRE 401 provides:

> "Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

and

FRE 402 provides:

"All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority. Evidence which is not relevant is not admissible."

and

FRE 403 provides:

"Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

CSC gives no reason to the Court for submission of evidence past the end of January, 1006. CSC submitted to the Court its view of the case in the parties joint submission. Dkt. 103. Nothing within that submission suggests that CSC will be prejudiced by exclusion of such evidence. Similarly, nothing in CSC's answer to the amended complaint suggests the need to try facts that occurred after January 2006. However, allowing CSC to submit page after page of progress notes or other documents created by its employees after this suit was filed, is prejudicial to Ms. Winters. *Jinro Am., Inc. v. Secure Invs., Inc.*, 266 F. 3d 993, 2001 U.S. App. LEXIS 20421 (9th Cir. 2001), 2001 U.S. App. LEXIS 25987 (9th Cir. 2001). There is simply no reason to waste the Court's and Jury's time, risk confusion of the jury as to the reason for submission of progress notes after the end of January or letters to and from the parties past that point.

Relevance is the basic worth of evidence and the minimal test that all evidence must pass before it can be considered by the jury. There must be logical relevance, that is basic probative worth for the jury to consider the information. There is simply no relationship between post-January 2006 progress notes, and other documents cited by

LAW OFFICES OF
ALASKA LEGAL SERVICES CORPORATION
ANCHORAGE AND STATEWIDE OFFICE
1016 WEST SIXTH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501-1963
(907) 272-9431

CSC to the actions of CSC to attempt to evict Ms. Winters on January 5, 2006. What matters is what the information was that CSC had prior to January 5, 2006 and for the short period of the rest of January.

Thus, the Court should grant this motion in limine and specifically deny admissibility to the following documents proposed by the CSC:

D. Ex. R; Marla Nelson "E-File" as to documents after January 31, 2006.

D. Ex. S; Critical Incident Forms, as to documents after January 31, 2006.

D. Ex. T; Plans of Care, as to documents after January 31, 2006.

D. Ex. U; Consumer Assessment Tool and Care Assessments, as to documents after January 31, 2006.

D. Ex. V; Care Conference Summaries, as to documents after January 31, 2006.

D. Ex. X; APD Report, as to incident after January 31, 2006[1].

D. Ex. DN; Resident Book, as to any documents after January 31, 2006.

## CONCLUSION

For all of the foregoing reasons, the Court should limit the evidence in the case to information existing prior to or as of January 31, 2006.

DATED: December 19, 2006.   ALASKA LEGAL SERVICES CORPORATION
Attorneys for Plaintiff Helen Winters
through her power of attorney Carol Winters

s/Sonja D. Kerr
ALASKA LEGAL SERVICES
1016 West 6th Avenue, Suite 200
Anchorage, Alaska 99501
PHONE: (907) 274-9431
FAX: (907) 279-7417
E-mail:skerr@alsc-law.org
Alaska Bar No. 0409051

---

[1] The document is also hearsay within hearsay and not admissible for other reasons.
Memorandum of Points and Authorities in Support of Plaintiff's Motion to Exclude Documents After January 2006
Case No. 3:06-cv-00083-TMB
Page 3 of 4

CERTIFICATE OF SERVICE

I, Sonja D. Kerr, certify that on December 19, 2006, a copy of the foregoing document was served electronically on Donna Meyers, at Delaney, Wiles, Hayes, Gerety, Ellis & Young, Inc.

s/Sonja D. Kerr

LAW OFFICES OF
ALASKA LEGAL SERVICES CORPORATION
ANCHORAGE AND STATEWIDE OFFICE
1016 WEST SIXTH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501-1963
(907) 272-9431