IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| HELEN WINTERS, through her power of attorney Carol Winters,<br><br>Plaintiff,<br><br>vs.<br><br>CHUGIAK SENIOR CITIZENS, INC.,<br><br>Defendant. | Case No. 3:06-cv-00083-TMB |

**Plaintiff's Memorandum to Exclude Expert Witness Testimony and Reports.**

Defendant Chugiak Senior Citizens ("CSC") wants to put forth the testimony of three expert witnesses. These witnesses are Dr. Deborah Geeseman, M.D. (Psychiatrist), Dr. Sabine von Preyss-Friedman, M.D. (Internal Medicine, Geriatric Medicine and Long Term Care); and Theresa A. Panchot (R.N.) According to the witness list submitted on December 5, 2006 all three experts as essentially going to testify about Helen Winter's condition today.

Dr. Geeseman is "expected to testify consistent with the results of her mental health examination conducted pursuant to Fed. Rule Civ. Procedure 35, which is presently scheduled to occur at 10:00 a.m. on December 8, 2006." CSC Final Witness List, Dkt. 104, pg. 5. Dr. von Preyss-Friedman "is expected to testify about Helen Winters' needs for assistance with ADLS, and the services CSC has and is or is not able to provide to Helen Winters' based on her review of the documents, including the Helen Winter's Resident File, other CSC records, including but not limited to its operational and financials records and Dr. Geeseman's Rule 35 examination." CSC Final Witness

LAW OFFICES OF
ALASKA LEGAL SERVICES CORPORATION
ANCHORAGE AND STATEWIDE OFFICE
1016 WEST SIXTH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501-1963
(907) 272-9431

List, Dkt. 104, pg. 5. Finally, Ms. Panchot is expected to testify "about the standards, customs and practices of assisted living homes in Alaska as they relate to the hiring, training, and retention of program aides or assistants (direct caregivers) as well as the wide variety of services offered by assisted living homes in Alaska. Ms. Panchot will rely on Dr. Geeseman's Rule 35 examination as well as other records, including but not limited to Helen Winters' resident file and CSC training and personnel records to offer opinions about the services CSC provided and continues to provide Helen Winters and opnions about whether CSC can reasonably and safely continue to accommodate Helen Winters' needs." Def. Final Witness List, Dkt. 104, pg. 5-6.

The Court must exclude all three expert witnesses. The Court should not permit CSC to completely obfuscate the requirements of the Court's prehearing order which required experts to be disclosed November 28, 2006. Although the Court orally indicated its willingness to give CSC some leeway given the disputed IME, the Court did not modify the required expert date of November 28, 2006 for any other experts and thus, that date holds and Ms. Panchot and Dr. von Preyss-Friedman should be excluded.

Further, none of the expert testimony is relevant to the claims before the Court that arose prior to January 6, 2006. Nor are any of the expert witnesses able to offer testimony that would be consistent with the *Daubert* standard as to admissibility.

### I. Panchot and Dr. von Preyss-Friedman Were Not Timely and Properly Disclosed.

CSC has unilaterally and without permission of the Court failed to timely disclose experts that it now seeks to call at the trial. The parties stipulated to the date of November 28, 2006 as the date for disclosure of experts. Dkt. 60-1. Without consulting with opposing counsel and as if such a stipulation did not exist, Defendants casually

disclosed Dr. von Preyss-Friedman and Theresa Panchot on December 12, 2006. Letter Meyers December 12, 2006, Ex. 1. Plaintiffs' counsel immediately wrote back and objected to any such late disclosures of experts. Letter of Sonja Kerr, December 12, 2006, Ex. 2.

Further, this Court issued a prehearing order on September 21, 2006. Dkt. 64. That order states and requires that statement of each expert's qualifications are to be appended to the witness list. CSC did not comply with that requirement either.

As of today, the date that motions are due as to evidentiary issues, Plaintiffs do not have Dr. Geeseman's report, nor any report from the other two late disclosed experts, Dr. von Preyss-Friedman and Theresa Panchot. The Court must grant Plaintiffs' motion in limine to exclude the expert testimony on this basis alone.

## II.   Expert Witness Testimony as to Helen's Condition Today is Not Relevant to CSC's Actions as of January 2006.

Plaintiffs do not have the reports of the three experts, but only one of those experts, Dr. Geeseman, has interviewed Ms. Winters and that interview took place December 8, 2006 almost a full year from the date CSC attempted to evict Ms. Winters and this suit ensued. FRE Rule 401, 402 provide that evidence must be relevant to be admissible. Ms. Winters condition on December 8, 2006 is clearly not relevant to her condition <u>prior</u> to January 6, 2006 for purposes of what, where, and how CSC treated her prior to January 2006.[1] *Jinro Am., Inc. v. Secure Invs., Inc.*, 266 F.3d 993, 2001 U.S. App. LEXIS 20421 (9th Cir. 2001); 2001 U.S. App. LEXIS 25987 (9th Cir. 2001). (court must determine reliability in light of the particular facts and circumstances of the case to ensure the relevance of expert testimony). Relevance is the basic worth of

---

[1]    Ms. Winters' current condition may only be relevant as to any potential damages.
Memorandum of Points and Authorities in Support of Plaintiff's Motion to Exclude Testimony and Reports of CSC's Experts
Case No. 3:06-cv-00083-TMB
Page 3 of 6

evidence and the minimal test that <u>all</u> evidence must pass before it can be considered by the jury. There must be logical relevance, that is basic probative worth for the jury to consider the information. There is simply no relationship between Dr. Geeseman's report and the actions of CSC. CSC did not have Dr. Geeseman evaluate Ms. Winters and then, based upon that evaluation change her care plan or suggest she move. No such effort was made. Moreover, buttressing the other expert reports on Dr. Geeseman's makes the evidence even less relevant. What matters is what the information was that CSC had <u>prior</u> to January 5, 2006 and for the short period of the rest of January. Thus, the Court should grant this motion in limine and specifically deny admissibility to the following documents proposed by the CSC:

### III. The Expert Testimony Should Be Excluded on the Basis of *Daubert*.

Plaintiffs' counsel is still without the benefit of any report from <u>any</u> of CSC's experts. However, based upon CSC's description of the planned evaluation by Dr. Geeseman, Plaintiff anticipates such reports may fail to meet the *Daubert v. Merrell Dow Pharmaceuticals, 951 F. 2d 1128 (9th Cir. 1991)* standards as reliable based on credentials of expert and nature of this case. Plaintiffs object on basis of FRE 702, 703, 704, 705. There must be some scientific basis behind the testimony of such an expert because otherwise, there will be a prejudicial effect on the jury who will give undue credence. CSC must establish some credible scientific link between the evaluation conducted by Dr. Geeseman on December 8, 2006 and Ms. Winter's needs and conditions prior to January of 2006. *U.S. v. Solomon*, 753 F.2d 1522 (9th Cir. 1985). Without the reports it is difficult for counsel to guess, but it seems a huge leap to surmise that Dr. Geeseman can provide any information to the jury or the Court that

will be of assistance. Dr. Geeseman has not been represented as any expert in the treatment of geriatric patients who are multiply disabled and hearing impaired.

Expert psychiatric testimony must be relevant to the situation at hand and any information from Dr. Geeseman is simply not relevant to the case at hand as to the facts and manner in which CSC cared for Ms. Winters prior to January of 2006. *U.S. v. Marsh*, 26 F.3d 1496 (9th Cir. 1994) (expert psychiatric testimony regarding victim's personality disorder properly excluded as victim's state of mind not relevant to attempted extortion and nature of relationship between victim and defendant before the jury); *Nichols v. American Nat'l. Ins. Co.,* 154 F. 3d 875 (8th Cir. 1998) (psychiatric expert's testimony that plaintiff exhibited poor psychiatric credibility was not subject of expert testimony and record did not show expert's theories met *Daubert* criteria and witness sought to answer the key factual question before the jury).

Expert testimony must be based on evidence which is scientifically based. To counsel's knowledge, no objective testing of Ms. Winters has occurred by any expert. Dr. Geeseman was going to conduct a "general psychiatric examination for the purpose of determining whether Helen Winters has a diagnosable mental health condition, and if so, what if any treatment is available." Dkt. 79, Ex. D. CSC has put forth no evidence or proof that such a "clinical interview" meets the objective standards required by *Daubert* or that it can be linked to the claims at issue. As the additional two experts are basing their reports, at least in part, on Dr. Geeseman's report, then those reports will suffer from the same impairment and lack of objectiveness.

This is particularly troublesome since Dr. Geeseman lacks any particularized qualifications as to evaluations of individuals like Ms. Winters with multiple disabilities

LAW OFFICES OF
ALASKA LEGAL SERVICES CORPORATION
ANCHORAGE AND STATEWIDE OFFICE
1016 WEST SIXTH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501-1963
(907) 272-9431

and who have serious hearing problems and are of a geriatric age. In fact, CSC has somewhat admitted this deficiency in Geeseman by its attempt to include the other two experts.

## CONCLUSION

For all of the foregoing reasons, the Court should exclude the expert testimony and reports of Dr. Geeseman, Dr. von Preyss, and Ms. Panchot.

DATED: December 19, 2006     ALASKA LEGAL SERVICES CORPORATION
Attorneys for Plaintiff Helen Winters
through her power of attorney Carol Winters

s/Sonja D. Kerr
ALASKA LEGAL SERVICES
1016 West 6th Avenue, Suite 200
Anchorage, Alaska 99501
PHONE: (907) 274-9431
FAX: (907) 279-7417
E-mail: skerr@alsc-law.org
Alaska Bar No. 0409051

### CERTIFICATE OF SERVICE

I, Sonja D. Kerr, certify that on December 19, 2006, a copy of the foregoing document was served electronically on Donna Meyers, at Delaney, Wiles, Hayes, Gerety, Ellis & Young, Inc.

s/Sonja D. Kerr

LAW OFFICES OF
ALASKA LEGAL SERVICES CORPORATION
ANCHORAGE AND STATEWIDE OFFICE
1016 WEST SIXTH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501-1963
(907) 272-9431