IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| HELEN WINTERS, ) <br> through her power of attorney ) <br> Carol Winters, ) <br> ) <br>     Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> CHUGIAK SENIOR CITIZENS, INC., ) <br> ) <br>     Defendant. ) <br> _____) | Case No. 3:06-cv-00083-TMB |

### Memorandum in Support of Plaintiff's Motion to Stay Plaintiff's Response To Defendant's Twelve Motions in Limine

On December 19, 2006, Defendant Chugiak Senior Citizen Center ("CSC") filed a Motion to File Twelve Motions In Limine. (Dkt. 123). Because it is not possible to know whether the Court will grant the motion, and if not, which motions Plaintiffs need to respond to, the Court should deny the Motion and stay Plaintiffs' response to any of the twelve motions until it decides the Motion.

### FACTS

The Court's Pretrial Order, issued on September 21, 2006 provides that any evidentiary issues would be due on December 19, 2006. (Dkt. 64). The Court stated that:

"Motions as to known, difficulty evidentiary matters will be served and filed not later than December 19, 2006. Each motion should be presented in a separate memo and numbered as in, for example, "Plaintiff's Motion in Limine No. 1 to Exclude…." Please limit motions in limine to circumstances that really need a ruling in advance. Usually five or fewer motions per side is sufficient. Each motion should address a single topic, be separate, and contain no more than seven pages of briefing per side. Advance permission will be needed for more or longer motions." (Dkt. 64, pg. 4, Par. 4).

Despite the Court's order, CSC filed the instant motion for permission to file more than five motions in limine and for permission to file longer motions. The instant motion was not filed in "advance" of the motions filed. CSC then filed twelve motions in limine, specifically:

1. Motion in Limine No. 1 to Exclude Evidence of Liability Insurance

2. Motion in Limine No. 2 re Plaintiffs' Religious Beliefs

3. Motion in Limine No. 3 re: Inadmissible Evidence Involving Theresa Forsyth

4. Motion in Limine No. 4 re: The Lack of Service on the Power of Attorney.

5. Motion in Limine No. 5 to Exclude August 30, 2006 Report of Robert P. Dryer, His Files, and His Testimony at Trial.

6. Motion in Limine No. 6 re: Plaintiff's Alleged Damages Associated with Litigation.

7. Motion in Limine No. 7 re: Temporary Restraining Order

8. Motion in Limine No. 8 re: Exclusion of Evidence Involving Other CSC Residents and CSC's Employee's Actions Involving Other Residents and Events.

9. Motion in Limine No. 9 re: (1) Carol Winters' Medical Issues and (2) Carol Winters' Expert Opinions

10. Motion in Limine No. 10 re: Dr. Jones' Opinions

11. Motion in Limine No. 11 re: Alleged Conflict of Interest Between Linda Hendrickson's Role at CSC and Wickersham House

    12.    Motion in Limine No. 12 re: Alleged Discriminatory Acts against Other CSC Residents.

CSC also sought to file and did file overlength briefs regarding Motion in Limine No. 3 (Theresa Forsyth information) and Motion in Limine No. 5 (Dryer).

Further, CSC filed its twelve motions in limine on the eve of the holiday season. Three of the four attorneys for Ms. Winters will not be available until early January. See, Affidavit of Sonja D. Kerr, Ex. A.

**ARGUMENT**

Defendant CSC has deliberately violated the Court's order by not seeking <u>advance permission</u> for "more or longer motions." CSC had months to file a motion indicating that it would need "more or longer motions" and chose not to do so. To do so now, at the eleventh hour is consistent with CSC's pattern of ignoring the procedures set forth by the Court for an orderly handling of this case.

Further, the motions are somewhat unnecessary or duplicative and better planning could have avoided the necessity of filing the twelve motions as well as the motion for permission to file the twelve motions. Some could have been obviated by simply having a discussion with counsel. For example, Motion in Limine No. 1 to Exclude Evidence of Liability Insurance (Dkt. 124) is unnecessary. Plaintiffs will stipulate that they do not intend to submit same as to do so would cause a mistrial.

Other motions are redundant or could have been combined with prior motions. For example, Motion in Limine No. 4 re: The Lack of Service on the Power of Attorney (Dkt. 140) is essentially related to CSC's prior motion (Dkt. 118) erroneously suggesting the power of attorney is invalid and that the Court lacks jurisdiction.

Given that the motions were served on December 19th, and that three of four plaintiffs' counsel will be gone for the holiday season (until January 2, 2006), Ms. Winters request that the Court stay any response to any of the motions in limine. The Court should stay any response by Plaintiffs until after the Court decides whether CSC has properly sought "advance permission" to file "more or long motions."

## CONCLUSION

The Court should GRANT Plaintiffs a stay in their responses until it decides the Defendant's Motion for Leave to File Twelve Motions in Limine.

DATED: December 21, 2006	ALASKA LEGAL SERVICES CORPORATION
	Attorneys for Plaintiff Helen Winters
	through her power of attorney Carol Winters

	s/Sonja D. Kerr
	ALASKA LEGAL SERVICES
	1016 West 6th Avenue, Suite 200
	Anchorage, Alaska 99501
	PHONE: (907) 274-9431
	FAX: (907) 279-7417
	E-mail: skerr@alsc-law.org
	Alaska Bar No. 0409051

### Certificate of Service

I hereby certify that on the 21st of December, 2006, a copy of this document was served electronically:

Donna M. Meyers
Delaney, Wiles
1007 W. Third Avenue, Suite 400
Anchorage, AK 99501.

S/Sonja D. Kerr (0409051)