Donna M. Meyers
Clay A. Young
Delaney Wiles, Inc.
1007 W. 3rd Avenue, Suite 400
Anchorage, Alaska  99501
Phone:  907-279-3581
Fax:  907-277-1331
dmm@delaneywiles.com
cay@delaneywiles.com

Attorneys for Defendant
Chugiak Senior Citizens, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| HELEN WINTERS, through her Power of Attorney Carol Winters, <br><br> Plaintiff, <br><br> v. <br><br> CHUGIAK SENIOR CITIZENS, INC., <br><br> Defendant. <br> _____ | ) <br> ) <br> ) <br> ) <br> ) **OPPOSITION TO PLAINTIFF'S** <br> ) **MOTION FOR EXTENSION OF TIME** <br> ) <br> ) <br> ) <br> )   Case No. 3:06-cv-00083-TMB |

Plaintiff's motion for extension of time is not well-taken since there is no good cause for granting the time extension.  Plaintiff has known for several months Defendant planned to file a dispositive motion, the due date for filing dispositive motions, and the holidays that would fall within the time period for plaintiff's responses.  Thus, plaintiff's four attorneys should have planned their schedules so they would be available to timely respond to defendant's motion or they should have requested adjustments in the briefing schedule well in advance of the due date for dispositive motions.

On September 15, 2006, the parties entered into a stipulation to set certain deadlines, including the deadline for filing dispositive motions, which was December 19, 2006.[1] Before the parties even agreed to the December 19th deadline, plaintiff's counsel was on notice as early as April 19, 2006 that defendant intended to file a dispositive motion, on at least the discrimination claims asserted in Counts II, V, VI and VII.[2] Defendant's counsel also reaffirmed defendant's intent to file a dispositive motion at the Status Conference held on December 12, 2006. Thus, plaintiff has known for several months there was a possibility defendant would file a dispositive motion on the date such motions were due. As time passed and the deadline approached, the possibility Defendant would file the dispositive motion on the due date became more of a probability.[3] Yet, plaintiff's counsel waited until the third day following the due date for filing dispositive motions and receiving defendant's motions to seek the time extension.[4] Given plaintiff's notice of defendant's impending dispositive motion, the delay in seeking the time extension is unexplainable since there is nothing in plaintiff's motion to suggest there was an unexpected or unplanned event that precluded plaintiff's counsel from knowing three of the four attorneys representing plaintiff would be unavailable after December 23, 2006 through January 2, 2007.[5]

Plaintiff's motion should be denied for the additional reason that the requested time extension would only unnecessarily delay the Court's rulings on the dispositive

---

[1] Dkt. 61.
[2] *See e.g.* Dkt 20.
[3] Plaintiff attempts to justify the need for a time extension, in part, by describing defendant's filing as a "last minute" filing. Dkt.183. By plaintiff's description then, every document filed on the due date is a "last minute" filing.
[4] *See* Affidavit of Donna M. Meyers.
[5] Dkt. 186 at ¶ 2 ("The only counsel in this matter who be in the [ALSC] office after December 22, 2006 and before January 2, 2006 will be Barbara Brink.")

Opposition to Plaintiff's Motion
For Extension of Time
*Winters v. CSC/*Case No. 3:06-cv-00083-TMB                                    Page 2 of 4

motions, and potentially prolong the *status quo* with plaintiff remaining at CSC. While defendant does not concede the existing Order (Dkt 22) regarding plaintiff's residency at CSC means plaintiff may remain at CSC pending the resolution of the summary judgment motions or even the trial given that the Court has now vacated the expedited trial date, defendant anticipates plaintiff will make such an argument.[6] The Court's Order states:

> Defendant is hereby precluded from filing a forceable entry and detainer action (FED) as long as the above-captioned case remains in federal court and until either the court enters summary judgment on plaintiff's discrimination claims (Counts II, V, VI and VII) or if summary judgment is not entered, until a trial on the merits, and the trial of the actions on the merits shall be advanced to occur within eight (8) months.

Dkt 22.

By delaying the resolution of the summary judgment motions now that there is no trial date, plaintiff seeks to further extend her residency at CSC by contending she is entitled to remain at CSC until the Court has decided CSC's summary judgment motions. Plaintiff should not be permitted to prolong her residency by manipulating the date when the motions will be ripe for the Court's consideration. Neither the timing of defendant's summary judgment motions nor the subject matters were any surprise to plaintiff, so there is no good cause to grant the requested time extension.

The Court should deny Plaintiff's Motion for Extension to respond to defendant's motions for summary judgment, and require plaintiff to file any responses according to the normal shall time standards set forth in D. Ak. LR 7.1 (e).

---

[6]Defendant intends to request a hearing on whether the conditions in the Court's Order continue to apply. *See* Dkt 22.

Opposition to Plaintiff's Motion
For Extension of Time
*Winters v. CSC/*Case No. 3:06-cv-00083-TMB    Page 3 of 4

DATED at Anchorage, Alaska, this 26th day of December, 2006.

DELANEY WILES, INC.
Attorneys for Chugiak Senior Citizens, Inc.

s/Donna M. Meyers and Clay A. Young
Delaney Wiles, Inc.
1007 W. Third Avenue, Suite 400
Anchorage, Alaska  99501
Phone:  907-279-3581/Fax:  907-277-1331
AK Bar Nos.: 9006011 (DMM)/7410117 (CAY)
E-mail:      dmm@delaneywiles.com
E-mail:      cay@delaneywiles.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 19th day of April, 2006, a copy of **OPPOSITION TO PLAINTIFF'S MOTION TO EXPEDITE MOTION TO REMAND TO STATE COURT** was served electronically on:

Jim Davis/Barbara Brink/
Nikole Nelson/Sonja Kerr
Alaska Legal Services Corporation
1016 West 6th Avenue, Suite 200
Anchorage, Alaska   99501


s/Donna M. Meyers and Clay A. Young
(125844)

Opposition to Plaintiff's Motion
For Extension of Time
*Winters v. CSC/*Case No. 3:06-cv-00083-TMB                                                                                                           Page 4 of 4