IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

HELEN WINTERS, )
through her power of attorney )
Carol Winters, )
                                            )
        Plaintiff,                          )
                                            )
vs.                                         )
                                            )
CHUGIAK SENIOR CITIZENS, INC.,              )
                                            )   Case No. 3:06-cv-00083-TMB
        Defendant.                          )
_____)

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS FOR LACK OF
STANDING/SUBJECT MATTER JURISDICTION**

Comes now the Plaintiff, by and through counsel Alaska Legal Services Corporation, and hereby responds to the Defendant's Motion to Dismiss for Lack of Standing/Subject Matter Jurisdiction (Dkt. 118, 119).

**FACTS**

On May 25, 1999 Helen Winters signed a 4 page document purporting to be a "General Power of Attorney" before a Notary Public designating her daughter Carol Winters to be her "true and lawful attorney-in-fact." It is undisputed that CSC has repeatedly recognized this document as Carol Winters' authority as the Power of Attorney for Helen Winters.

Throughout the course of CSC's history with the Winters family, that is for the last two and one-half years, CSC has relied upon and honored this Power of Attorney. Carol negotiated for Helen to live at CSC, and CSC accepted Carol's

Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss for           1
Lack of Standing/Subject Matter Jurisdiction
H.W. v. CSC
3:06-cv-00083

signature on the Functional Assessment (Plaintiff Ex. 3[1]) and Program Application (Plaintiff Ex. 4) and Financial Information dated September 7, 2004 as well as several Releases of Medical Information dated September 3, 2004. (Plaintiff Ex. 9) CSC consented and waived this issue by accepting Carol's signature for both the Lease Agreement (Plaintiff Ex.11), Resident Services Agreement (Plaintiff Ex. 12), Consent to Risks Inherent & Release from Liability form, Acknowledgement of Receipt of Resident Rights form (Plaintiff Ex. 24), Resuscitation Policies, Safety Check Release form, Telephone Visitor Consent form, Confidentiality Agreement form, Medication Administration Protocol, Resident Interest Survey, and Meal Plan Agreement, all signed on September 24, 2004 as well as the Assisted Living Service Plan dated October 4, 2004 (Plaintiff Ex. 14).

Defendants removed this case to Federal Court. (Dkt. 1) asserting that this Court has jurisdiction of the matter on the basis of a federal question. In their removal, CSC did not preserve any claim as to personal jurisdiction. (Dkt. 1) Additionally, CSC affirmatively waived any such argument, as their Answer to Plaintiff's Amended Complaint, states: "Defendant admits plaintiff Helen Winters is a 90 year old resident of Chugiak, Alaska, and her adult daughter, Carol Winters, is plaintiff's power of attorney." (Answer to Am. Complaint, Dkt. 19, Par. 2). CSC is factually estopped from arguing that Carol has no power to enforce the statutory and contractual rights that inured because CSC has conceded that Carol Winters had a right to enter into the contracts on behalf of Helen. Further, before this Court CSC

---

[1] Counsel have already submitted all of their exhibits in preparation for trial and the exhibits referenced herein are found within those documents. If the court prefers additional copies with this submission, please advise.

Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss for    2
Lack of Standing/Subject Matter Jurisdiction
H.W. v. CSC
3:06-cv-00083

has repeatedly asserted that Carol Winters has the authority to take or not take action in connection with this proceeding.

### ARGUMENT

**I.  The Power of Attorney Expressly Gives This Court Jurisdiction.**

The Court raised a procedural question to counsel during the status conference on December 12, 2006 and requested a copy of the Power of Attorney (hereinafter, "POA"). CSC has jumped on this procedural comment by the Court and is now inappropriately attempting to tie the POA issue to a broader jurisdictional argument. The argument is without merit. A cursory review of that Power of Attorney demonstrates that Helen Winters has given Carol Winters authority to act on her behalf, including the right to bring this lawsuit. In determining the intention of the grantor of a power of attorney, the instrument creating the power of attorney relationship must be taken as prima facie evidence of its nature. *Aiello v. Clark, 680 P.2d 1162, 1165 (Alaska 1984).* Intention of the grantor "is to be gathered from the instrument of creation." (*Id. at 1165*) The meaning of general words in the instrument will be restricted by the context, and the authority will be construed to exclude those powers not warranted by the actual terms used or as a necessary means of executing the authority with effect. (*Id.* at 1166)

Specifically, on May 25, 1999 Helen Winters signed a 4 page document purporting to be a "General Power of Attorney" before a Notary Public designating her daughter Carol Winters to be her "true and lawful attorney-in-fact." In seven numbered paragraphs Helen Winters specifically described some granted

Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss for   3
Lack of Standing/Subject Matter Jurisdiction
H.W. v. CSC
3:06-cv-00083

authorities, but provided that the specifics did **not** limit "the generality of the foregoing." In other words, a specific delegation of power did not have to be listed to exist, and not listing a specific power did not exclude it from the delegation.

The power for Carol Winters to sue on Helen Winter's behalf is contained in the general grant, as well as in many of the specific enumerations. The general grant says that Carol Winters is "**fully authorized and empowered**…to do **all** things that I could myself personally…" (emphasis added). Paragraph 1 authorizes Carol Winters "to exercise or perform **any** act, power duty, right or obligation **whatsoever**"…relating to **any** person, item, transaction, thing, business, **property (real or personal**, tangible or intangible), or matter whatsoever…"(emphasis added). Paragraph 2 authorizes Carol Winters to "**sue for**, recover, collect, receive…**any and all** sums of money…and property rights and **demands whatsoever**…as are now or shall become, owned by me, or due, owing, payable or belonging, to me…and to have, use, and take **all lawful means and remedies** (legal, equitable or otherwise) procedures and writs in my name for the collection and recovery of the same…"(emphasis added). Paragraph 3 authorizes Carol Winters to "**lease,** purchase…and acquire, and to agree, **bargain and contract for the lease**, purchase, exchange and acquisition of, and to accept, take, receive and possess **any real or personal property whatsoever**…"(emphasis added). Paragraph 4 authorizes Carol Winters to "maintain, improve, manage, insure, rent, **lease**, sell…and **in any way or manner** deal with all or any part of **any real or personal property whatsoever**, tangible or intangible, or **any interest therein**…for me in my behalf, and in my name and under such terms and

Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss for   4
Lack of Standing/Subject Matter Jurisdiction
H.W. v. CSC
3:06-cv-00083

conditions, **subject to such promises, covenants, and undertakings**, as my said attorney-in-fact shall deem proper..." (emphasis added).  Paragraph 6 authorizes Carol Winters to "**make**, receive, **sign**, indorse, **execute**, acknowledge, deliver and possess such applications, **contracts, agreements**, options, covenants, conveyances, deeds, trust deeds, security agreements , bills of sale, **leases**, mortgages, ...and the debts and obligations of **any type and kind whatsoever**..." (emphasis added). Paragraph 7 authorizes Carol Winters to "conduct, transact and engage in **any and all lawful business of whatever nature of kind for me, on my behalf or in my name**."(emphasis added).  (Exhibit 1 attached to Defense Motion)

The General Power of Attorney is devoid of any words of limitation in this grant of General Power of Attorney that might prevent Carol Winters from bringing this lawsuit on behalf of Helen Winters.  In fact, it would be difficult to draft a broader grant of authority than this one drafted by an attorney for Helen Winters. Carol Winter's authority to sue on behalf of her mother, in particular with respect to her lease and residential services contract as well as the statutory rights accompanying these contracts is explicitly granted.  The authority to enforce Helen Winter's statutory and contractual rights arising from these explicitly authorized contracts is a necessary means of executing the authority with any effect.  The power to enter into contracts with no power to enforce them is no grant of authority at all.

## II.   CSC Waived the POA Issue.

CSC did not raise the POA issue as an affirmative defense either at the time of removal (Dkt. 1) or in its Answer to Plaintiff's Amended Complaint (Dkt. 19). In

Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss for    5
Lack of Standing/Subject Matter Jurisdiction
H.W. v. CSC
3:06-cv-00083

fact, CSC has affirmatively factually waived any such argument, as their Answer to Plaintiff's Amended Complaint, Doc. 19, at Par. 2 states: "Defendant admits plaintiff Helen Winters is a 90 year old resident of Chugiak, Alaska, and her adult daughter, Carol Winters, is plaintiff's power of attorney." Throughout the course of CSC's history with the Winters family, that is for the last two and one-half years, CSC has relied upon and honored the power of attorney[2][1]. Carol Winters negotiated for Helen Winters to live at CSC. Carol Winters signed the releases of medical information on behalf of Helen Winters. CSC consented and waived this issue by accepting Carol Winter's signature for both the Lease Agreement and Resident Services Agreement on September 24, 2004, as well as at least ten other forms. Plaintiff Ex. 11 and Plaintiff Ex. 12. CSC is now estopped from arguing that Carol Winters lacks the power to enforce the statutory and contractual rights that inured because CSC conceded she had a right to enter into the contracts on behalf of Helen Winters.

### III.   Alaska Law Confers Authority to Prosecute a Claim.

Finally, in interpreting general powers of attorney, the Alaska Statutes provide that if a general power of attorney confers authority with respect to real estate transactions (such as the lease in this instance) the general power also confers the power to prosecute a claim existing in favor of the principal based upon the real estate transaction. AS 13.26.344 (a)(10). Once again, it makes no sense to allow Carol Winters the authority to enter into the Lease Agreement and Resident Services

---

[2][1]   The only time that CSC ignored the Power of Attorney was when it attempted to evict Helen Winters, at which time it sent the notice directly to Helen Winters, even though Carol Winters had signed the lease as POA.

Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss for   6
Lack of Standing/Subject Matter Jurisdiction
H.W. v. CSC
3:06-cv-00083

Contract on behalf of Helen Winters with CSC, without also allowing her the concomitant power to enforce Helen Winter's rights under that same lease and contract. The burden is on the Defendants, as those contesting the breadth of the power of attorney, to show that it was **not** Helen Winters' intention to delegate this authority to Carol Winters. *(Id. at 1165)* This burden cannot be met, as it is not in fact true.[3][2]

## CONCLUSION

This Court has jurisdiction, Carol Winters retains Power of Attorney for Helen Winters.

DATED: January 3, 2007    ALASKA LEGAL SERVICES CORPORATION
Attorneys for Plaintiff Helen Winters
through her power of attorney Carol Winters

s/Sonja D. Kerr
ALASKA LEGAL SERVICES
1016 West 6th Avenue, Suite 200
Anchorage, Alaska 99501
PHONE: (907) 272-9431
FAX: (907) 279-7417
E-mail: skerr@alsc-law.org
Alaska Bar No. 0409051

### Certificate of Service

I hereby certify that on the 3rd day of January, 2007, a copy of this document was served electronically on Donna M. Meyers, Delaney, Wiles, 1007 W. Third Avenue, Suite 400, Anchorage, AK 99501.

s/Sonja D. Kerr (0409051)

---

[3][2] Even if the Court were to determine that the Power of Attorney is somehow lacking, the Court should not dismiss the case, but rather permit curative measures such as a new Power of Attorney signed by Ms. Winters, or an amendment of the complaint.

Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss for    7
Lack of Standing/Subject Matter Jurisdiction
H.W. v. CSC
3:06-cv-00083