Donna M. Meyers
Clay A. Young
Delaney Wiles, Inc.
1007 W. 3rd Avenue, Suite 400
Anchorage, Alaska  99501
PHONE:  907-279-3581
FAX:  907-277-1331
dmm@delaneywiles.com
cay@delaneywiles.com

Attorneys for Defendant
Chugiak Senior Citizens, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| HELEN WINTERS, through her Power of Attorney Carol Winters,<br><br>      Plaintiff,<br><br> v.<br><br>CHUGIAK SENIOR CITIZENS, INC.,<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br> Case No. 3:06-cv-00083-TMB |

### REPLY TO OPPOSITION TO MOTION TO STRIKE PLAINTIFF'S FINAL WITNESS LIST

  Defendant asked the court to strike plaintiff's Final Witness List because it was not in compliance with the court's Pretrial Order and to order the plaintiff to immediately file another one in full compliance with the Pretrial Order. Twenty calendar days later, plaintiff submitted an opposition to the motion, instead of

complying with the Pretrial Order and filing an appropriate final witness list. Plaintiff's opposition advances essentially three points: defendant cited no authority for the motion; the witness list does identify the witnesses in the order they are to be called at trial; and the disclosures are acceptable. These points, all irrelevant, are addressed in order below. The real defects in the witness list are then summarized again.

1. **Authority for the motion.**

Plaintiff asserts that the motion is not justified under Fed. R. Civ. P. 12(f). She is right. The motion is not brought under Rule 12(f). Rule 12(f) is designed for motions to strike <u>pleadings</u>, such as complaints, answers, etc. *See* Rule 7(a), Pleadings.

Instead, the motion is brought under the authority of Rule 7(b) and Local Rule 7.1. Defendant's motion is an "application to the court for an order . . ." Fed. R. Civ. P. 7(b).

2. **Order of witnesses.**

Plaintiff asserts that her Final Witness List does list the order in which she wishes to call her witnesses. It was not clear from her Final Witness List that this was the case. She does not, in fact, list all of the specific witnesses she wishes to call, however. She lists, for example, "Defendants Party Representatives and

Administrators, including but not limited to: Linda Hendrickson, Lynn Moser, Jan Freels, and Marla Nelson." Who else? What order will they be in?

The secondary witnesses are even more ambiguously listed. Plaintiff says she ". . . may find it necessary to call additional witnesses . . ." She then lists 16 specifically named witnesses (at designations II. 1-10) and then "current and past employees of CSC, including but not limited to" and lists 68 named possible witnesses, plus ". . . those employees and former employees as yet unidentified . . ." (at II. 11.); "former or current residents of CSC . . ."; and then she names 26 specifically named people, nine families (not otherwise specifically specified), and ". . . other current and former residents of CSC not yet identified . . ."

She may have listed these witnesses in the order she intends to call them, but she has not identified <u>whether</u> she intends to call them, only that she <u>might</u> call them. The Pretrial Order requires that she list the witnesses she <u>will</u> call. Plaintiff has carefully avoided responding to the real defects in her Final Witness List.

   3.   **Testimony designations.**

Plaintiff has given the designation of the subject matter of the testimony for many of the named witnesses. However, the Pretrial Order does say, that the disclosure is to be specific and not general. The description is clearly general, especially as to the "may call" witnesses and the witnesses identified by designation only.

### 4. Plaintiff's Final Witness List is defective.

Plaintiff's Final Witness List is defective because it does not list the witnesses who she will call at trial. It is basically an omnibus "I might call any or all of these" at trial witness list and does not give defendant sufficient notice of how to plan for its part of the trial. Is it supposed to plan to cross examine 5, 10, or 100 witnesses? When is defendant supposed to have its witnesses ready to testify? One week into the trial, or four?

For all of these reasons, defendant's Motion to Strike Plaintiff's Final Witness List should be granted, and plaintiff should be ordered to immediately file a new witness list that specifically identifies the witnesses she will call at trial, and provides a sufficient description of what they are going to say to comply with the Pretrial Order requirements. This will allow the court to determine an appropriate amount of time for the trial, and allow the defendant to make appropriate trial plans.

/
/
/
/
/
/
/

DATED at Anchorage, Alaska, this 5th day of January, 2007.

DELANEY WILES, INC.
Attorneys for Chugiak Senior Citizens, Inc.

s/Clay A. Young
Donna M. Meyers
Delaney Wiles, Inc.
1007 W. Third Avenue, Suite 400
Anchorage, Alaska  99501
Phone:       907-279-3581
Fax:           907-277-1331
E-mail:       dmm@delaneywiles.com
E-mail:       cay@delaneywiles.com
Alaska Bar Assoc. No. 9006011 (DMM)
Alaska Bar Assoc. No. 7410117 (CAY)

**CERTIFICATE OF SERVICE**

I hereby certify that on the 5th day
of January, 2007, a copy of the foregoing
**REPLY TO OPPOSITION TO MOTION TO
STRIKE PLAINTIFF'S FINAL WITNESS LIST**
was served electronically on:

Jim Davis/Jr./Barbara Brink/
Nikole M. Nelson/Sonja Kerr
Alaska Legal Services Corporation
1016 West 6th Avenue, Suite 200
Anchorage, AK  99501

s/Clay A. Young
126087