Donna M. Meyers
Clay A. Young
Delaney Wiles, Inc.
1007 W. 3rd Avenue, Suite 400
Anchorage, Alaska  99501
Phone:  907-279-3581
Fax:  907-277-1331
dmm@delaneywiles.com
cay@delaneywiles.com

Attorneys for Defendant
Chugiak Senior Citizens, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| HELEN WINTERS, through her Power of Attorney Carol Winters, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CHUGIAK SENIOR CITIZENS, INC., )<br>)<br>Defendant. )<br>_____ ) | Case No. 3:06-cv-00083-TMB |

**OPPOSITION TO PLAINTIFF'S MOTION TO EXCLUDE
EVIDENCE AFTER JANUARY 31, 2006**

**Introduction and Summary of Argument**

Plaintiff has moved to preclude the defendant from offering certain exhibits at trial dated after January 31, 2006 on the grounds of relevance.  She claims that because defendant's Notice of Termination of plaintiff's Residential Services Contract is dated January 6, 2006, and because it relied upon evidence and information gathered up to that point, that nothing that occurred after the end of January 2006 is pertinent to

support that letter, and therefore, no evidence after that date is admissible at the trial of this case.

While plaintiff's argument has a certain superficial appeal, the fact is that there is much in this case that occurred after January 6, 2006 which is directly at issue, because of the way the issues are framed by plaintiff in her Amended Complaint and by defendant in its Answer, and by both parties in the Notice of Submission dated December 5, 2006 (Dkt. 103).  For that reason alone, plaintiff's motion must be denied.

Also, plaintiff's motion only deals with documents identified on defendant's witness list.  If plaintiff's motion were to be granted, it would require that the court dismiss or strike some of plaintiff's claims and/or relief sought, and in addition exclude numerous documents and perhaps anticipated testimony which plaintiff may seek to offer at trial.

Plaintiff cites to no relevant case authority for her argument.  The case she does cite deals with irrelevant and prejudicial racial stereotyping by an expert witness in a commercial breach of contract case, and has nothing to do with assisted living homes.

Finally, if evidence is offered by either party at trial which is relevant to one issue but not another, the court can issue limiting instructions, if necessary.  It would be premature, at this point in the case, without knowing precisely what evidence will be offered at trial, what issues remain after dispositive motions are decided, etc., to simply rule certain evidence inadmissible.

### I. Plaintiff Has Not Limited Her Claims or Relief Sought to Events Occurring Before January 31, 2006.

Plaintiff contends evidence created after January 31, 2006 is irrelevant to whether CSC's attempt to terminate her Residential Services Contract was lawful.[1] The argument is without merit on several fronts. First, plaintiff has not limited her claims or requested relief to evidence or events occurring before January 31, 2006. For example, in the joint submission to the Court, plaintiff's statement of her claims states in pertinent part:

> **CLAIMS**
>
> Pursuant to the pretrial order, Plaintiff's propose that the draft pre-trial order reflect, the claims as set forth in Plaintiff's Amended Complaint.
>
> . . . .
>
> CSC Violated the **Rehabilitation Act of 1973**, Section 504. Plaintiff Helen Winters is a qualified individual with disabilities within the meaning of Section 504. CSC is prohibited from discriminating against Ms. Winters on the basis of her disabilities and thus reducing her full enjoyment and benefit of the programs and activities of the CSC. *CSC has failed to accommodate Ms. Winters as to her anxiety and hearing loss, subjecting her to remain basically secluded within her own room and increasing her anxiety by the lack of trained staff to meet her needs.* CSC's attempted eviction of Ms. Winters due to her disabilities violations the Section 504 of the Rehabilitation Act.[2]

It is undisputed plaintiff stopped leaving her apartment after the lawsuit was filed, and therefore to the extent plaintiff is contending CSC's actions have caused her seclusion, plaintiff is primarily relying on alleged conduct occurring after January 31, 2006. Thus, evidence created, developed, or dated after January 31, 2006 is directly

---

[1] Dkt 155 at 1.
[2] Dkt 103 at 3.

relevant to plaintiff's claim that CSC has failed to accommodate her anxiety and hearing loss.

Moreover, evidence created after January 31, 2006 is directly relevant to some of the relief Plaintiff is seeking. For example, plaintiff's seeks to "enjoin Defendant from engaging in any further eviction proceedings against Plaintiff", which is clearly relief that would enjoin CSC's conduct after January 31, 2006. Whether or not there are grounds to enjoin CSC from attempting to terminate plaintiff's residency in the future, *i.e.*, to issue another termination letter, would require the Court or fact finder to consider evidence created after January 31, 2006. Plaintiff is not simply seeking redress for conduct CSC engaged in prior to January 31, 2006 because such conduct would not be determinative of whether any grounds for terminating plaintiff's residency arose after January 31, 2006. For example, if plaintiff suddenly deteriorated to the point where she was placed on a respirator full time, under plaintiff's theory such evidence would be irrelevant to whether CSC should be enjoined from "engaging in any further eviction proceedings against Plaintiff".[3] Additionally, if plaintiff stopped paying her rent or physically assaulted a staff member again or other resident, plaintiff's theory would preclude admission of such evidence for purposes of determining whether CSC should be enjoined from taking any further action to terminate plaintiff's residency.

Taking plaintiff's argument to its illogical conclusion would mean no matter what happened after January 31, 2006 such evidence would be irrelevant to whether CSC would have to retain plaintiff as a resident. By seeking the exclusion of all evidence created after January 31, 2006, plaintiff is effectively asking for a permanent injunction requiring CSC to retain her under any and all circumstances without consideration of

---

[3] Dkt 103 at 5.

whether plaintiff continues to meet either the criteria for assisted living care or CSC's criteria for remaining at CSC. The net result defies logic and is inconsistent with the statutory scheme governing assisted living homes, which requires homes like CSC to discharge residents when the home can no longer provide for the resident's needs or when the resident fails to meet other conditions. See AS 47.33.360.

## II. If Evidence Created After January 31, 2006 Is Irrelevant Then The Argument Applies to All Evidence, Not Just Evidence Offered By Defendant.

According to plaintiff, only information "CSC had prior to January 5, 2006 and for the short period of the rest of January" is relevant. She specifically lists only documents from CSC's exhibit list she claims are inadmissible because they were created after January 31, 2006.[4] However, plaintiff does not acknowledge her argument would also make numerous plaintiff exhibits inadmissible because they were created after January 31, 2006. Thus, plaintiff apparently only seeks to exclude CSC's exhibits created after January 31, 2006. Such inconsistent treatment is irreconcilable with plaintiff's argument. If documents created after January 31, 2006 are irrelevant, the same rationale applies to plaintiff's exhibits as well as CSC's exhibits.

Adopting plaintiff's rational would mean the following plaintiff exhibits created after January 31, 2006 are also inadmissible:[5]

| Exhibit Number | Bates Number | Description |
| --- | --- | --- |
| 29 | 40204-40205 | Care Conference Records, July 5, 2006 and July 15, 2006 |
| 35 | LTCO1-1233 | LCTO (Dreyer) File [after 1/31/06], including the LTCO Report, dtd 8/30/06 [in its entirety] |
| 46 | | Portions of Dr. Jones Medical Records [after 1/31/06] |
| 47 | 40609-40639 | Sept. 2006 letter to Ken Takakawa from CSC |
| 49 | | 4/13/06 Superior Court Restraining Order |

---

[4] *Id.*
[5] This is not an exclusive list.

| 64 |             | File of Kathy Huskey [after 1/31/06] |
|----|-------------|---------------------------------------|
| 85 | 30396       | CSC Service Plan Review, 3/1/06 |
| 86 | 40218       | CSC Service Plan Review 6/23/06 |
| 87 | 50916-50920 | DSD [sic] Choice Program Service Plan, 9/11/06 |
| 92 | 1244-1245   | Audiological Assessment re Helen Winters, 5/2006 |
| 93 | 1304-1305   | Carol Winters to CSC, 11/28/06, hearing loss/audiological |
|    |             | All Information from Personnel Files and Background Checks on CSC Employees created after 1/31/2006 |

### III.   It Is Premature to Issue Such A Sweeping Order.

The shape and structure of the case that will be presented at trial is not yet known. There are a number of substantive motions which, when decided, will certainly narrow the issues to be decided at trial, and once that is done, and the parties can determine what evidence will be offered at trial, the court can determine evidence-specific motions *in limine*. It may, in fact, be appropriate to defer ruling on this motion until evidence is actually offered at trial. If evidence is offered which is relevant to one issue but not to another, it cannot be excluded, but limiting instructions could be given.

### Conclusion

Plaintiff cannot have her cake and eat it too. She cannot maintain claims based on CSC's alleged conduct after January 31, 2006 and seek relief requiring future specific performance by CSC, *i.e.*, to retain her, and exclude all CSC evidence created after January 31, 2006, while at the same time allowing her to offer post January 2006 evidence. The evidence plaintiff seeks to exclude does not fail the basic relevancy test by reason of date alone.[6]

---

[6] Specific evidence created after January 31, 2006 should be excluded on other grounds, though not related to the date. For example, CSC has filed motions in limine to exclude certain evidence created after 1/31/06 on numerous grounds, including but not limited to lack of relevancy for different reasons other than Plaintiff's relevancy argument, hearsay, inadmissible character evidence, and undue prejudice. *See* Dkt 124, 126, 131, 140, 141, 142, 143, 144, 145, 146, 147, and 148.

DATED at Anchorage, Alaska, this 31st day of January, 2007.

    DELANEY WILES, INC.
    Attorneys for Chugiak Senior Citizens, Inc.

    s/Clay A. Young
    Donna M. Meyers
    Delaney Wiles, Inc.
    1007 W. Third Avenue, Suite 400
    Anchorage, Alaska 99501
    Phone: 907-279-3581/Fax: 907-277-1331
    AK Bar Nos.: 9006011 (DMM)/7410117 (CAY)
    E-mail:    dmm@delaneywiles.com
    E-mail:    cay@delaneywiles.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 31st day of January, 2007, a copy of **OPPOSITION TO PLAINTIFF'S MOTION TO EXCLUDE EVIDENCE AFTER JANUARY 31, 2006** was served electronically on:

Jim Davis/Barbara Brink/
Nikole Nelson/Sonja Kerr
Alaska Legal Services Corporation
1016 West 6th Avenue, Suite 200
Anchorage, Alaska 99501

s/Clay A. Young
Donna M. Meyers
125905