IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| HELEN WINTERS,<br>through her power of attorney<br>Carol Winters,<br><br>    Plaintiff,<br><br>vs.<br><br>CHUGIAK SENIOR CITIZENS, INC.,<br><br>    Defendant. | Case No. 3:06-cv-00083-TMB |

**PLAINTIFF'S REPONSE TO DEFENDANT'S FIRST MOTION IN LIMINE TO EXCLUDE EVIDENCE OF INSURANCE LIABILITY**

Without any good faith basis suggesting that Plaintiff intend to introduce evidence of insurance liability, Defendant has moved to exclude evidence of insurance liability. (Doc. 124) Plaintiff concurs that Fed. R. Evid. Rule 411 generally prohibits the introduction of evidence of insurance liability except in very limited circumstances. The rule does not, however, require the exclusion of evidence of insurance against liability when offered for another purpose, such as proof of agency, ownership, or control, or bias or prejudice of a witness. Fed. R. Evid. Rule 411. Plaintiff does not intend to introduce evidence of insurance liability; however, it should be noted that such introduction has been permitted at times, particularly when it relates to the ability of the defendant to pay an award (i.e. punitive damages) and its introduction has also, at times, been held to be harmless error. *Shane v. Rhines*, 672 P.2d 895 (Alaska 1983); *Fleegel v. Estate of Boyles*, 61 P.3d 1267 (Alaska 2002); an erroneous mention of insurance was not intentional and the context made it unlikely that the jury would conclude the defendant had liability

insurance. *Motorola Inv. v. J.B. Rogers Mech. Contrs., Inc.*, 2006 U.S. App. LEXIS 11118 (9th Cir. 2006).

There are some circumstances where insurance may be mentioned, though it is very limited. In a case where tugboat owners sued a shipyard for negligence resulting in near destruction by fire of ship being converted to fish-processing vessel, a shipyard was allowed to introduce evidence of the owners' risk coverage for limited purpose of proving owners deemed themselves bound by contract since jury is entitled to consider evidence relevant to existence and binding effect of contract. *Morton v. Zidell Explorations, Inc.*, 695 F.2d 347 (9th Cir. 1972), *cert denied*, 460 U.S. 1039, 75 L.Ed. 2d 791, 103 S. Ct. 1431. Another court allowed reference to the insurance of a defendant where the defendant placed the matter in issue by its suggestion of facts as to the defendant's ability to pay any damages. CSC (Chugiak Senior Citizens, Inc.) may heavily emphasize the "non-profit" nature of CSC in the trial thus permitting the jury to improperly infer that CSC could not pay a judgment, so the fact that CSC has liability insurance may become admissible as an exception to the general prohibition in Rule 411. *Bernier v. Board of County Rd. Comm'rs*, 581 F. Supp. 71 (W.D. Mich., 1983).

Thus, under the circumstances, and without any suggestion by Plaintiff that they intend to introduce evidence of insurance liability, and depending on what facts are suggested by Defendant at trial, i.e. the non-profit nature of CSC, as repeatedly suggested in their briefing, it would be premature for the Court to grant the Defendant's motion as requested prior to trial. However, Plaintiff concurs that the Court could apply the general rule of Fed. R. Evid. Rule 411, that is: "Evidence that a person was or was not insured

against liability is not admissible upon the issue whether the person acted negligently or otherwise wrongfully."

DATED: January 31, 2007         ALASKA LEGAL SERVICES CORPORATION
                                Attorneys for Plaintiff Helen Winters
                                through her power of attorney Carol Winters

                                s/Sonja Kerr_____
                                ALASKA LEGAL SERVICES
                                1016 West 6th Avenue, Suite 200
                                Anchorage, Alaska 99501
                                PHONE: (907) 274-9431
                                FAX: (907) 279-7417
                                E-mail: skerr@alsc-law.org
                                Alaska Bar No. 0409051


Certificate of Service

I hereby certify that on the 31st day of January, 2007, a copy of this document was served electronically:

Donna M. Meyers
Delaney, Wiles
1007 W. Third Avenue, Suite 400
Anchorage, AK 99501.

S/Sonja D. Kerr (0409051)