IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

HELEN WINTERS,                              )
through her power of attorney               )
Carol Winters,                             )
                                           )
          Plaintiff,                       )
                                           )
vs.                                        )
                                           )
CHUGIAK SENIOR CITIZENS, INC.,             )
                                           )     Case No. 3:06-cv-00083-TMB
          Defendant.                       )
_____)

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION *IN LIMINE* NO. 2 RE:  PLAINTIFF'S RELIGIOUS BELIEFS**

## I.        Introduction

Defendant has moved to exclude "any evidence or argument" regarding the plaintiff Helen Winters' alleged religious beliefs, claiming that to allow such evidence would violate Federal Evidence Rules 610 and 403.  While the defendant does not state all of the particular facts, evidence and argument it is seeking to exclude, this Court should deny this overbroad motion in its entirety.

## II.       Argument

### Evidence of Helen Winters' Religious Beliefs and Practices Is Relevant, Admissible and Not Overly Prejudicial

Federal Evidence Rule 610 reads:

> **Religious Beliefs or Opinions**
>
> Evidence of the religious beliefs or opinions of a witness on matters of religion is not admissible for the purpose of showing that by reason of their nature the witness' credibility is impaired or enhanced.

In other words, if Helen Winters testifies in this trial, neither party can introduce evidence of her religious beliefs to either impeach or rehabilitate her credibility.

However, Evidence Rule 610 does not stand for the overbroad proposition that there can exist no relevant purpose for such evidence. As the Advisory Committee noted, "While the rule forecloses inquiry into the religious beliefs or opinions of a witness for the purpose of showing that his character for truthfulness is affected by their nature, an inquiry for the purpose of showing interest or bias because of them is not within the prohibition." Other relevant purposes are noted, such as showing an affiliation to the party involved in the litigation.

In this case, the evidence of Ms. Winters' religious faith is an essential part of the case. Ms. Winters has complained of Chugiak Senior Citizens, Inc. ("CSC") interference with her ability to exercise her religious beliefs to CSC, to the Long-Term Care Ombudsman's Office, as well as in her lawsuit. (Am. Compl. Par. 13) Defendant has expressly denied these complaints in its Answer, and further expressly denied that it ignored her complaints or whitewashed them. (Answer Par.13)

Federal Evidence Rule 401 reads:

> **Definition of "Relevant Evidence"**
>
> "Relevant Evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

The Alaska Assisted Living Homes Act (AS 47.33.300(11)) provides all residents of assisted living homes the right to exercise civil and religious liberties. The Alaska Human Rights Act (AS 18.80.200) prohibits discrimination against any Alaskan because of religion. Where, as here, the plaintiff alleges that the defendant interfered with the

exercise of her religious beliefs, alleges that the defendant ignored and whitewashed her complaints of religious interference, alleges the defendant is evicting her because of these complaints, and alleges the defendant is violating these statutes, the evidence is clearly relevant. Where, as here, the evidence is relevant and probative of the very issues in the complaint, it is admissible.

"Rule 401… contains a very expansive definition of relevant evidence." *United States v. Curtis*, 568 F.2d 643 (9th Cir. 1978).

> The important thing for the Judge and counsel to remember is that the evidence does not by itself have to prove the ultimate proposition for which it is offered; nor does it have to make the ultimate proposition more probable than not. To be relevant it is enough that the evidence has a *tendency* to make a consequential fact even the least bit more probable or less probable than it would be without the evidence.

Federal Rules of Evidence Manual, S. Saltzburg, M. Martin and D. Capra, Vol.1 at 166.

The cases cited by the Defendant are not dispositive of the question before this Court. In *Government of Virgin Islands v. Peterson*, 553 F. 2d 324 (3d Cir. 1977), the appellate court upheld exclusion of evidence of religious affiliation in a criminal trial. There the defendant argued that because he was a Rastafarian, and Rastafarians believe in non-violence, he was less likely to have committed the assault with which he was charged. The Court explained that while a person may or may not act in accordance with a professed belief, it is the observation of the defendant's behavior over a length of time which is the recognized basis for both reputation and opinion testimony. *See*, e.g., 5 J. Wigmore, Evidence § 1610 (Chadbourn rev. ed. 1974); Ladd, "Credibility Tests - Current Trends," 89 U. Pa. L. Rev. 166, 173-74 (1940). This was a ruling on the inadmissibility of character evidence to show behavior in conformity with that character.

The defendant next argues that somehow the prejudicial effect of such evidence outweighs its probative value and requires its exclusion under Federal Evidence Rule 403. Rule 403 reads:

> **Exclusion of relevant Evidence on Grounds of Prejudice, Confusion, or Waste of Time**
>
> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

The defendant can only reach this conclusion because it claims the evidence has absolutely no probative value. Admitting the evidence to prove CSC's interference with her religious rights carries no danger of unfair prejudice, does not confuse the issues and certainly does nothing to mislead the jury. It may evoke an emotional response in the jury or otherwise adversely affect the jury's attitude toward the defendant, but this will not be **apart** from the Defendant's liability. It will be the heart of Helen Winters' claims.

## III.    Conclusion

The evidence of CSC's interference with Helen Winters' exercise of her religious rights is relevant and admissible. The defendant's Motion *in Limine* No.2 should be denied.

DATED: January 31, 2007        ALASKA LEGAL SERVICES CORPORATION
                               Attorneys for Plaintiff
                               Helen Winters
                               through her power of attorney Carol Winters

s/Sonja Kerr_____
ALASKA LEGAL SERVICES
1016 West 6th Avenue, Suite 200
Anchorage, Alaska 99501
PHONE: (907) 274-9431
FAX: (907) 279-7417
E-mail: skerr@alsc-law.org
Alaska Bar No. 0409051

Certificate of Service

I hereby certify that on the 31st day of January, 2007, a copy of this document was
served electronically:

Donna M. Meyers
Delaney, Wiles
1007 W. Third Avenue, Suite 400
Anchorage, AK 99501.

S/Sonja D. Kerr (0409051)