IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| HELEN WINTERS, )<br>through her power of attorney )<br>Carol Winters, )<br>　　　　　　　　　　　　　　　　) <br>　　　Plaintiff, )<br>　　　　　　　　　　　　　　　　) <br>vs. )<br>　　　　　　　　　　　　　　　　) <br>CHUGIAK SENIOR CITIZENS, INC., )<br>　　　　　　　　　　　　　　　　) <br>　　　Defendant. )<br>_____) | Case No. 3:06-cv-00083-TMB |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION *IN LIMINE* No. 3
RE: EVIDENCE ABOUT THERESA FORSYTH**

　　　Chugiak Senior Citizens, Inc. ("CSC") has moved to preclude plaintiff from presenting evidence involving CSC and Wickersham aide Theresa Forsyth ("Forsyth") at trial (Doc. 131, pg. 1-2). CSC characterizes this as evidence of: "(1) alleged family feud; (2) alleged mistreatment of residents at CSC; (3) alleged emotional difficulties; (4) 1989 grand theft charge in Florida for which Forsyth was not convicted; and (5) problems at Wickersham House." CSC claims that the above evidence is precluded by Fed. Rules Evid. 401, 402, 404, 602, 802 and 403. (Doc. 131, pg. 2). After a careful review of the facts and case law, this Court will find the evidence admissible.

## FACTS

　　　Forsyth worked as a Program Assistant[1] at CSC from November 22, 2004 until May 3, 2006. At all times Helen Winters was a resident of CSC' center. When working the day shift, Forsyth and two other assistants were responsible for the care of all 21 of CSC's Assisted Living residents under the in-house supervision of Administrative staff and a

---

[1] She is not a Certified Nursing Assistance under Alaska law.

Plaintiff's Response to Defendant's Motion in Limine No. 3: Evidence Re: Forsyth
H.W. v. CSC, Case No. 3:06-cv-00083-TMB
Page 1 of 7

Registered Nurse. And at night, she and one other assistant were responsible for the care of all 21 Assisted Living residents with no supervision.

The evidence CSC seeks to exclude is relevant, admissible and more probative than prejudicial. What CSC characterizes as a "family feud" involves Forsyth's physical attack of her own 16 year old daughter; including hitting her in the mouth, and shoving her several times. After further verbal threats against the daughter and another family member, an Alaska State Court granted a Long Term Domestic Violence Protective Order. Forsyth lost custody of her own daughter.

What CSC characterizes as "alleged mistreatment of residents at CSC" and "problems at Wickersham House" is abusive and potentially criminal behavior by this "caregiver", directed at Ms. Winters and others. Asked to adjust Ms. Winters' pillows to keep her legs elevated, Forsythe throws the pillows aside, and yells at Ms. Winters to "Do it yourself." Forsyth walks out of Ms. Winters' room several times, refusing to provide assistance with routine activities of daily living, and verbally abuses Ms. Winters as she leaves. She publicly humiliates Ms. Winters by saying to her, on more than one occasion, in front of others, "You are not a nice person!" When Ms. Winters has asked her to please speak nicely to her she responds "Not to you." Forsyth delays responding to Ms. Winter's requests for assistance to the point of pain.

"Problems at Wickersham" is a euphemism for the Office of Long-Term Care Ombudsman ("OLTCO")'s investigation to a complaint accusing Forsyth of inappropriate actions there. Forsyth responds to a resident's request for assistance by saying loudly, "Oh no, not again!" In another instance, Forsyth grabs a resident's testicles after "pestering" him as

Plaintiff's Response to Defendant's Motion in Limine No. 3: Evidence Re: Forsyth
H.W. v. CSC, Case No. 3:06-cv-00083-TMB
Page 2 of 7

he preparing to toilet. The OLTCO recommended Forsyth be terminated and prohibited from providing care to residents in a long term care setting.

## ARGUMENT

**I.    The Evidence is Relevant, Admissible, and the Probative Value Outweighs any Prejudicial Affect**

Federal Evidence Rule 401 **Definition of "Relevant Evidence"** reads:

> "Relevant Evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

The Alaska Assisted Living Homes Act (AS 47.33.300(1) and (2)) provides all residents of assisted living homes the rights to live in a safe environment and to be treated with consideration and respect for personal dignity. The Alaska Human Rights Act, the ADA, the Uniform Landlord Tenant Act, the Fair Housing Act and the Rehabilitation Act of 1973 all prohibit discrimination because of disability. Where, as here, Ms. Winters alleges that CSC interfered with these rights; the evidence of CSC's employee Forsyth's conduct is clearly relevant. *Glanz v. Vernick*, 756 F. Supp. 632 (D. Ma. 1991) (misconduct of employer doctor within liability of defendant hospital on Sec. 504 claim.) The evidence is extrinsically tied to the very issues in the complaint and is admissible.

Ms. Winters complained of Forsyth's abusive and rough handling, to CSC, to the OLTCO and alleges it in the lawsuit. (Am. Compl. Par. 13) Ms. Winters has further alleged a poor or non-existent training process for new staff, inadequate oversight of staff by CSC administration, and allowing a culture of indifference or abuse to develop at CSC, particularly with regard to elders who insist on having their persons or rights respected. (Am. Compl. Par. 14). Ms. Winters alleges she is being evicted in retaliation for these complaints regarding

Plaintiff's Response to Defendant's Motion in Limine No. 3: Evidence Re: Forsyth
H.W. v. CSC, Case No. 3:06-cv-00083-TMB
Page 3 of 7

staff and her efforts to improve the quality of care to an appropriate level. (Am. Compl. Par 20) CSC denies these facts. These issues of fact are at the heart of this lawsuit; facts proving allegations against any staff member of inappropriate behavior, especially as to residents deemed "heavy care" or who have a history of complaining, and facts proving CSC's lack of appropriate response to such allegations other than evicting will be evidence offered at trial. Whether CSC ever took any steps to discipline, or remove Forsythe from caring for vulnerable elderly residents once specific complaints were made about her, is relevant to CSC's liability.[2]

Evidence of Forsyth's violent and abusive behavior is available from first-hand witnesses, and court documents subject to Judicial Notice under Fed. Evid. Rule 201. Additionally, exceptions to the hearsay rule such as Fed. Evid. Rule 803(6) Records of Regularly Conducted Activity are available in the form of Progress Reports, Personnel Files. Rule 803(8) Public Records and Reports and Rule 803(21) Reputation as to Character exceptions exist to admit evidence of CSC's knowledge and response.

Although character evidence is not generally admissible in the form of other bad acts to prove behavior in conformity with that character, Fed. Rule Evid. 404(b) permits admissibility of these violent and abusive behaviors on the part of Forsyth. Fed. Evid. Rule 404(b) **Other Crimes, Wrongs, or Acts** reads:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive,

---

[2] CSC is required by law to conduct criminal background checks of new hires. Yet, management was unaware of Forsyth's involvement in a 1989 felony theft charge. Specific information was given to CSC by Carol Winters about the issuance of a long-term domestic violence protective order against Forsyth in 2005. CSC apparently did no inquiry or assessment of risk to residents of this confirmed violent behavior.

Plaintiff's Response to Defendant's Motion in Limine No. 3: Evidence Re: Forsyth
H.W. v. CSC, Case No. 3:06-cv-00083-TMB
Page 4 of 7

opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident …

In this case, such evidence is admissible to show that Forsyth violated Ms. Winters' rights by her abusive conduct; that such behavior was not a mistake or accident on her behalf but rather a routine practice, especially directed against what she considered to be "heavy care residents;" that complaints were made to the administration of CSC regarding this behavior such that CSC had knowledge of Forsyth's violent behavior, mistreatment of residents, and emotional instability; that CSC intentionally failed to investigate this information; and that CSC had a motive to fail to investigate because it preferred retaining employees over providing appropriate care for residents.[3]

Fed. Rule Evid. Rule 406 **Habit; Routine Practice** also allows this information:

Evidence of the habit of a person or of the routine practice of an organization, whether corroborated or not and regardless of the presence of eyewitnesses, is relevant to prove that the conduct of the person or organization on a particular occasion was in conformity with the habit or routine practice.

Forsyth's mistreatment of other residents and "problems at Wickersham House" is evidence of her habits of rudeness and verbal abuse, physical abuse and rough handling of residents, in particular with residents she considered "heavy care" to prove that her conduct with regard to Ms. Winters was the same. In *Garvey v. Dickinson College*, 763 F. Supp. (M.D.PA 1991) evidence of college procedures for screening faculty and processing applicants was admissible to prove the college's conduct in conformity with its routine

---

[3] *See also*, *Brown v. Trustees of Boston University*, 891 F.2d 337 (1st. Cir. 1989) (remarks derogatory to women by University president admissible to show discriminatory animus); *Phillips v. Smalley Maint. Srvs.*, 711 F.2d 1524 (11th Cir. 1983) (in discrimination case, similar conduct against former employee admissible in action by plaintiff to show intent, motive or plan by employer); *Carson v. Polley*, 689 F.2d 562(5th Cir. 1982) (error to exclude performance evaluation indicating deputy with temper in excessive use of force action); *Parrish v. Luckie*, 963 F.2d 201 (8th Cir.1992) (in civil rights action for false arrest and sexual assault by a police officer, officer's prior violent behavior was properly admitted to show supervisor's knowledge of officer's violent tendencies).

Plaintiff's Response to Defendant's Motion in Limine No. 3: Evidence Re: Forsyth
H.W. v. CSC, Case No. 3:06-cv-00083-TMB
Page 5 of 7

practice. Similarly, evidence of CSC's routine practice of failing to conduct background checks, failing to investigate resident complaints, ignoring reports of abuse, failing to train new staff, allowing a culture of abuse and indifference to develop, and threatening to evict and evicting residents in retaliation for complaints or because they are "heavy care" is admissible to prove CSC's conduct with regard to Ms.Winters was the same.

Should Forsyth testify at trial, her credibility may be impeached by opinion and reputation evidence of her character for truthfulness, as well as inquiries on cross examination into specific instances of conduct (including her involvement in felony criminal theft conduct) under Federal Evidence Rule 608.

Finally, the probative value of this evidence is not "substantially" outweighed by any prejudicial effect. Evidence is not prejudicial because it is adverse to CSC. If it was not adverse, it would not be relevant. *Ballou v. Henri Studios,* 656 F.2d 1147 (5th Cir. 1981). The question is, is it *unfairly* prejudicial. The evidence all relates logically to the issues of CSC's violations of their duties. In fact, the only potentially unfairly prejudicial effect CSC argues is that evidence of domestic violence carries a stigma. Ms. Winters agrees that evidence of domestic violence is not relevant in a criminal drug case; but engaging in violent behavior while employed as a care-giver has far greater probative value. A DV Protective Order does not carry the same stigma as a criminal conviction. The CSC could minimize any prejudicial impact by stipulating that it was made aware of the domestic violence protective order, or this Court could minimize any prejudicial impact with a limiting instruction. Exclusion of highly probative but only minimally and speculatively prejudicial evidence is not appropriate. Exclusion of evidence must be done sparingly. *Herrington v. Hiller*, 883 F.2d 411 (5th Cir.1989).

Plaintiff's Response to Defendant's Motion in Limine No. 3: Evidence Re: Forsyth
H.W. v. CSC, Case No. 3:06-cv-00083-TMB
Page 6 of 7

## CONCLUSION

The evidence sought to be excluded is relevant, admissible, and the probative value outweighs any prejudicial affect.

DATED: January 31, 2007         ALASKA LEGAL SERVICES CORPORATION
                                Attorneys for Plaintiff Helen Winters
                                through her power of attorney Carol Winters

                                s/Sonja Kerr
                                ALASKA LEGAL SERVICES
                                1016 West 6th Avenue, Suite 200
                                Anchorage, Alaska 99501
                                PHONE: (907) 274-9431
                                FAX: (907) 279-7417
                                E-mail: skerr@alsc-law.org; Alaska Bar No. 0409051

**Certificate of Service**

I hereby certify that on the 31st day of January, 2007,
a copy of this document was served electronically:

Donna M. Meyers
Delaney, Wiles
1007 W. Third Avenue, Suite 400
Anchorage, AK 99501.

S/Sonja D. Kerr (0409051)

Plaintiff's Response to Defendant's Motion in Limine No. 3: Evidence Re: Forsyth
H.W. v. CSC, Case No. 3:06-cv-00083-TMB
Page 7 of 7