IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| HELEN WINTERS,<br>through her power of attorney<br>Carol Winters,<br><br>  Plaintiff,<br><br>vs.<br><br>CHUGIAK SENIOR CITIZENS, INC.,<br><br>  Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. 3:06-cv-00083-TMB<br>)<br>) |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S  
MOTION *INLIMINE* No. 6  
RE: PLAINTIFF'S ALLEGED DAMAGES ASSOCIATED WITH  
LITIGATION**

  Defendant has moved to preclude plaintiff Helen Winters from presenting evidence that the filing and litigation of this case caused the plaintiff emotional distress, mental anguish or any other damages (Doc. 141).

  Plaintiff agrees that generally litigation induced stress is not recoverable as a separate component of damages. *Buoy v. ERA Helicopters, Inc.,* 771 P.2d 439, 445 (Alaska 1989). Most of the cases cited by defendant involved clear efforts to elicit testimony and argument to that effect.

  For example, in *Knussman v. Maryland*, 272 F.3d 625 (4th Cir. 2001), a doctor testified that the plaintiff began experiencing physical symptoms related to anxiety as a result of the tensions that were building between himself and his employer over a denied request for family medical leave. The doctor opined that following the original leave denial, plaintiff began feeling anxiety and stress that increased at every stage of the internal grievance

procedure and the litigation process. The doctor testified that plaintiff's symptoms of anxiety elevated during periods of more activity in the litigation and dissipated during periods of low activity in the litigation. The doctor's treatment plan included a recommendation that the plaintiff resolve the litigation.

In *Stoleson v. United States*, 708 F.2d 1217, 1223 (7th Cir. 1983) a doctor ascribed the plaintiff's symptoms of anxiety and emotional distress in part to the difficulties that she was encountering pursuing her lawsuit against the United States. The doctor predicted that winning the lawsuit could lead to a big improvement in her health.

However, these Courts also noted that severe emotional distress proximately caused by defendants' conduct separate from the litigation, is recoverable. And in *Buoy v. ERA Helicopters, Inc.,* 771 P.2d 439, 445 (Alaska 1989) the court noted that it may become necessary to introduce such evidence to differentiate what is litigation-induced and what is not.

Here, plaintiff is not seeking recovery for severe emotional distress caused by the litigation. Rather, she is seeking recovery for the severe emotional distress she suffered as a result of defendants' intentional and negligent conduct.

Chugiak Senior Citizens, Inc. ("CSC") violated its statutory and contractual obligations related to resident care; discriminated against Helen Winters due to her disabilities; ignored her legitimate complaints about those violations; retaliated against her for taking her complaints to the Office of the Long Term Care Ombudsman; fabricated claims of her need for excessive medical care in order to justify its conduct; exaggerated her behaviors to claim abuse; attempted to throw Helen Winters out of her home; and deliberately ignored the fragile state of her health by engaging in conduct that had an absolute certainty of

aggravating a serious medical condition after being warned about the consequences twice by her treating physician. Simply put, the evidence to be submitted by plaintiff at trial will prove intentional and reckless outrageous behavior on the part of CSC that caused personal humiliation, mental anguish and suffering, infliction of emotional distress and aggravation of her medical condition, completely apart from this litigation.

DATED: January 31, 2007     ALASKA LEGAL SERVICES CORPORATION
Attorneys for Plaintiff
Helen Winters
through her power of attorney Carol Winters

s/Sonja Kerr_____
ALASKA LEGAL SERVICES
1016 West 6th Avenue, Suite 200
Anchorage, Alaska 99501
PHONE: (907) 274-9431
FAX: (907) 279-7417
E-mail: skerr@alsc-law.org
Alaska Bar No. 0409051

**Certificate of Service**

I hereby certify that on the 31st day of January, 2007,
a copy of this document was served electronically:

Donna M. Meyers
Delaney, Wiles
1007 W. Third Avenue, Suite 400
Anchorage, AK 99501.

S/Sonja D. Kerr (0409051)