IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| HELEN WINTERS,<br>through her power of attorney<br>Carol Winters,<br><br>    Plaintiff,<br><br>vs.<br><br>CHUGIAK SENIOR CITIZENS, INC.,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 3:06-cv-00083-TMB<br>)<br>) |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION *IN LIMINE* No. 8
RE: EXCLUSION OF EVIDENCE INVOLVING OTHER CSC RESIDENTS AND
CSC EMPLOYEES**

Defendant Chugiak Senior Citizens, Inc. ("CSC") has moved to preclude plaintiff or any witnesses from presenting evidence regarding 1) a prior lawsuit against filed by Cleo Metcalf ; 2) Staff Nurse Mary Coggins' licensure action and licensing status at CSC; and 3) poor performance by CSC staff including what CSC calls "minor non-consequential" medication errors, absenteeism and the diversion of narcotics. (Doc. 142) CSC argues initially that the evidence is not relevant under Rule 401, then argues that if relevant it is too relevant and must be excluded as prejudicial under Rule 404 and 403. After a careful review of the facts and case law, this Court will deny the motion.

**I.     Facts**

The plaintiff does not disagree with the facts as presented n Defendant's Motion *in limine* No. 8. (Doc. 142) The plaintiff agrees that the lawsuit by Cleo Metcalf alleged humiliating treatment to a CSC resident by staff, lack of care by staff, failures to adequately supervise the care of a resident and other failures to comply with the Alaska Assisted Living Homes Act by CSC. The lawsuit was dismissed with prejudice because a

Plaintiff's Response to Defendant's Motion in Limine No. 8
Re: Exclusion Of Evidence Involving Other CSC Residents And CSC Employees
H.W. v. CSC, Case No. 3:06-cv-00083-TMB
Page 1 of 8

settlement was reached. Similarly, the plaintiff agrees that Mary Coggins began working as Licensed Practical Nurse at CSC after her license was placed on probation and after she was publicly reprimanded for acting negligently towards her patients, for intentionally or negligently engaging in conduct that placed patients at risk for health and safety, and for falsifying elderly patient health records. (Doc. 142, Exh. A) Plaintiff likewise is in agreement that many of the Program Assistants at CSC, those directly responsible for patient care, have been disciplined for work related issues. Plaintiff is unsure what constitutes a "minor non-consequential" medication error, but does know that at least one program assistant was not terminated until after building up a record of **17** medication errors. The employee personnel files are replete with terminations for absenteeism, problems with (unnamed) residents, medication errors, and even an alleged diversion of narcotics. What is present also in the files is a slipshod method of hiring, supervision, performance evaluations, and training.

## II.   The Evidence is Relevant, Admissible, and the Probative Value Outweighs any Prejudicial Affect

Federal Evidence Rule 401 **Definition of "Relevant Evidence"** reads:

> "Relevant Evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

The Alaska Assisted Living Homes Act (AS 47.33.300(1) and (2)) provides all residents of assisted living homes the rights to live in a safe environment and to be treated with consideration and respect for personal dignity. The Alaska Human Rights Act, the ADA, the Uniform Landlord Tenant Act, the Fair Housing Act and the Rehabilitation Act of 1973 all prohibit discrimination because of disability. Where, as here, Ms. Winters

Plaintiff's Response to Defendant's Motion in Limine No. 8
Re: Exclusion Of Evidence Involving Other CSC Residents And CSC Employees
H.W. v. CSC, Case No. 3:06-cv-00083-TMB
Page 2 of 8

alleges that CSC interfered with these rights, the evidence of CSC's employee conduct is clearly relevant. *Glanz v. Vernick*, 756 F. Supp. 632 (D. Ma. 1991) (misconduct of employer doctor within liability of defendant hospital on Sec. 504 claim.) The evidence is extrinsically tied to the very issues in the complaint. "Rule 401… contains a very expansive definition of relevant evidence." *United States v. Curtis*, 568 F.2d 643 (9th Cir. 1978). " … [t]he evidence does not by itself have to prove the ultimate proposition for which it is offered; nor does it have to make the ultimate proposition more probable than not. To be relevant it is enough that the evidence has a *tendency* to make a consequential fact even the least bit more probable or less probable than it would be without the evidence." <u>Federal Rules of Evidence Manual</u>, S. Saltzburg, M. Martin and D. Capra, V. 1 at 166.

    Ms. Winters complained of humiliation and abusive and rough handling by the program assistants, to CSC, to the OLTCO and alleges it in this lawsuit. (Am. Compl. Par. 13) Ms. Winters has further alleged poor hiring practices, a poor or non-existent training process for new staff, inadequate oversight of staff by CSC administration, and allowing a culture of indifference or abuse to develop at CSC, particularly with regard to elders who insist on having their persons or rights respected. (Am. Compl. Par. 14). Ms. Winters alleges she is being evicted in retaliation for her complaints regarding staff and her efforts to improve the quality of care to an appropriate level. (Am. Compl. Par 20) CSC denies these facts. These issues of fact are at the heart of this lawsuit; facts proving allegations against any staff member of inappropriate behavior, especially as to residents deemed "heavy care" or who have a history of complaining, and facts proving CSC's lack of appropriate response to such allegations other than evicting will be evidence offered at

Plaintiff's Response to Defendant's Motion in Limine No. 8
Re: Exclusion Of Evidence Involving Other CSC Residents And CSC Employees
H.W. v. CSC, Case No. 3:06-cv-00083-TMB
Page 3 of 8

trial. Whether CSC ever took any steps to carefully hire, train, evaluate, discipline, or remove poor employees from caring for vulnerable elderly residents once specific complaints were made about them, is relevant to CSC's liability.[1]

Although character evidence is not generally admissible in the form of other bad acts to prove behavior in conformity with that character, Fed. Rule Evid. 404(b) permits admissibility of these violent and abusive behaviors on the part employees. Fed. Evidence Rule 404(b) **Other Crimes, Wrongs, or Acts** reads:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

The 9th Circuit has articulated a four-part test to determine the admissibility of evidence pursuant to Rule 404(b). Such evidence "may be admitted if: (1) the evidence tends to prove a material point; (2) the other act is not too remote in time; (3) the evidence is sufficient to support a finding that defendant committed the other act; and (4) (in certain cases) the act is similar to the offense charged. *United States v. Romero*, 282 F.2d 683, 688 (9th Cir. 2002) *cert. denied*, 537 U.S. 858, 154 L. Ed. 2d 96, 123 S. Ct. 228 (2002)

In this case, such evidence is admissible to show that CSC employees violated residents' rights by their abusive and neglectful conduct; that such behavior was not a mistake or accident on their behalf but rather an intentional practice, especially directed against what were considered to be "heavy care residents;" that complaints were made to

---

1 CSC is required by law to conduct criminal background checks of new hires. Yet, management was unaware of Forsyth's involvement in a 1989 felony theft charge. Specific information was given to CSC by Carol Winters about the issuance of a long-term domestic violence protective order against Forsyth in 2005. CSC apparently did no inquiry or assessment of risk to residents of this confirmed violent behavior.

Plaintiff's Response to Defendant's Motion in Limine No. 8
Re: Exclusion Of Evidence Involving Other CSC Residents And CSC Employees
H.W. v. CSC, Case No. 3:06-cv-00083-TMB
Page 4 of 8

the administration of CSC regarding this behavior such that CSC had knowledge of its employees' violent behavior, mistreatment of residents, and other neglectful care; that CSC is responsible because it consistently failed to exercise care in the hiring, evaluation and training of its staff; that CSC had knowledge of and intentionally failed to investigate information concerning resident complaints; and that CSC had a motive to fail to investigate because it preferred retaining even substandard employees over providing appropriate care for residents.

This type of evidence has been allowed in factually similar situations. In *Brown v. Trustees of Boston University*, 891 F.2d 337 (1st. Cir. 1989), derogatory remarks to women by the University president were admissible to show discriminatory animus. In *Phillips v. Smalley Maint. Srvs.*, 711 F.2d 1524 (11th Cir. 1983) another discrimination case, similar conduct against a former employee was admissible in an action by plaintiff to show intent, motive or plan by employer. In *Carson v. Polley*, 689 F.2d 562 (5th Cir. 1982) it was error to exclude a performance evaluation indicating that the deputy had a temper in excessive use of force action. In *Parrish v. Luckie*, 963 F.2d 201 (8th Cir.1992) a civil rights action for false arrest and sexual assault by a police officer, the officer's prior violent behavior was properly admitted to show the supervisor's knowledge of the officer's violent tendencies.

A court can eliminate any possible prejudicial impact of the testimony by the giving of a limiting instruction. *See Dubria v. Smith,* 224 F.3d 995, 1002 (9th cir. 2000) cert. denied, 531 U.S. 1148, 148 L.Ed.2d 963, 121 S. Ct. 1089 (2001) (holding a cautionary instruction to the jury is ordinarily presumed to have cured prejudicial impact).

Plaintiff's Response to Defendant's Motion in Limine No. 8
Re: Exclusion Of Evidence Involving Other CSC Residents And CSC Employees
H.W. v. CSC, Case No. 3:06-cv-00083-TMB
Page 5 of 8

In *United States v. Brown,* 327 F.3d 867 (9th Cir. 2003), the Defendant was charged with illegally charging 2% too much in its wood chip business. The prosecutor offered other evidence concerning various methods by which Defendant manipulated his wood-chip inventory: underpaying suppliers by 5 percent; tampering with the sampling process by undercooking the green-wood samples; misrepresenting chip sizes in loads of wood chips; falsifying reports stating the overall amount of chips in inventory. The introduction of this evidence was not error as it was all intertwined. The error arose during the prosecutor's closing argument when he said to the jury, "And my question to you is, if a man is willing to cheat a little bit over here, wouldn't he be willing to cheat just a little bit over here?" The trial court failed "[to admonish] counsel to refrain from such remarks or [to give] appropriate curative instructions to the jury." The reversal was required because the prosecutor's arguments suggested that Brown had a criminal propensity, which was an improper purpose.

Any employees' mistreatment of other residents, including a lawsuit alleging the same, is evidence of CSC's knowledge of and intent to ignore such mistreatment of residents. Additionally, it is evidence of routine practice under Evidence Rule 407. In *Garvey v. Dickinson College*, 763 F. Supp. (M.D.PA 1991), evidence of a college's procedures for screening faculty and processing applicants was admissible to prove the college's conduct in conformity with its routine practice. Similarly, evidence of CSC's routine practice of failing to investigate resident complaints, ignoring reports of abuse, failing to train new staff, allowing a culture of abuse and indifference to develop, and threatening to evict and evicting residents in retaliation for complaints or because they are

Plaintiff's Response to Defendant's Motion in Limine No. 8
Re: Exclusion Of Evidence Involving Other CSC Residents And CSC Employees
H.W. v. CSC, Case No. 3:06-cv-00083-TMB
Page 6 of 8

"heavy care" is admissible to prove CSC's conduct with regard to Ms.Winters was the same.

Finally, the probative value of this evidence is not "substantially" outweighed by any prejudicial effect. Evidence is not prejudicial because it is adverse to CSC. If it was not adverse, it would not be relevant. *Ballou v. Henri Studios,* 656 F.2d 1147 (5th Cir. 1981). The question is, is it *unfairly* prejudicial. The evidence all relates logically to the issues of CSC's violations of statutory and contractual duties. CSC could minimize any prejudicial impact by stipulating that it was made aware of the allegation in the lawsuit, or this Court could minimize any prejudicial impact with a limiting instruction. Exclusion of highly probative but only minimally and speculatively prejudicial evidence is not appropriate. Exclusion of evidence must be done sparingly. *Herrington v. Hiller*, 883 F.2d 411 (5th Cir.1989).

**III.   Conclusion**

The evidence sought to be excluded is relevant, admissible, and the probative value outweighs any prejudicial affect.

DATED: January 31, 2007   ALASKA LEGAL SERVICES CORPORATION
Attorneys for Plaintiff Helen Winters
through her power of attorney Carol Winters

s/Sonja Kerr
ALASKA LEGAL SERVICES
1016 West 6th Avenue, Suite 200
Anchorage, Alaska 99501
PHONE: (907) 274-9431
FAX: (907) 279-7417
E-mail: skerr@alsc-law.org; Alaska Bar No. 0409051

Plaintiff's Response to Defendant's Motion in Limine No. 8
Re: Exclusion Of Evidence Involving Other CSC Residents And CSC Employees
H.W. v. CSC, Case No. 3:06-cv-00083-TMB
Page 7 of 8

**Certificate of Service**

I hereby certify that on the 31st day of January, 2007,
a copy of this document was served electronically:

Donna M. Meyers
Delaney, Wiles
1007 W. Third Avenue, Suite 400
Anchorage, AK 99501.

S/Sonja D. Kerr (0409051)

Plaintiff's Response to Defendant's Motion in Limine No. 8
Re: Exclusion Of Evidence Involving Other CSC Residents And CSC Employees
H.W. v. CSC, Case No. 3:06-cv-00083-TMB
Page 8 of 8