IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| HELEN WINTERS,<br>through her power of attorney<br>Carol Winters,<br><br>    Plaintiff,<br><br>vs.<br><br>CHUGIAK SENIOR CITIZENS, INC.,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Case No. 3:06-cv-00083-TMB |

**PLAINTIFF'S OPPOSITION TO MOTION IN LIMINE NO. 9 RE: CAROL WINTERS' MEDICAL ISSUES AND CAROL WINTERS' EXPERT OPINIONS**

Defendant Chugiak Senior Citizens, Inc. ("CSC") has filed a motion in limine (Doc. 143) seeking to prohibit Plaintiff from introducing any evidence concerning Carol Winters' own medical issues and what CSC dubs as Carol Winters' "Expert" opinions. CSC's motion must be denied.

**FACTS**

Plaintiff agrees that Carol Winters is not a party to this case; she is involved as Helen's daughter, as Power of Attorney for Helen, and as an advocate for Helen. (Am. Compl. Par. 2, 7)  Carol's own medical issues and her basis of knowledge for her opinion of the manner in which Helen Winters has been treated are relevant to this case because they bear directly on the elderly Ms. Winters' claims.

## ARGUMENT

I.   **Carol Winters' Medical Issues are Admissible as Comparative Information Related to Helen Winters' Treatment.**

Defendant CSC relies upon FRE 401 to exclude evidence of Carol Winters' medical issues. However, FRE 401 does not preclude the information. CSC points to the January 9, 2006 rebuttal as the basis for its view that Carol Winters intends to confuse the jury about her own medical needs. That is not the situation. In fact, that letter makes clear the purpose for which Carol is referencing her own medical problems:

> "What you have caused, through the unexpected eviction notice is a great deal of pain and sorrow for my mother and possibly this will have serious permanent repercussions in relation to her physical condition. The same applies to my physical condition. My mom is less able to cope with that because of her age and serous medical conditions….(D. Ex. A to motion, pg. 13)

Carol Winters is not making any claim on her own behalf. But, given that both she and her mother experienced the "shock" in response to the unexpected eviction, Ms. Winters' reference to her own condition as comparative is certainly evidence that the jury should have, particularly when considering the emotional distress and negligence claims.

II.   **Carol Winters' Hearing Condition is Relevant to the Claims.**

Throughout its pleadings, CSC has asserted that Helen Winters and Carol Winters "yell" or speak loudly and claim that through such "yelling" they are disturbing the other residents and are being abusive to CSC staff. Carol Winters' has her own severe bilateral hearing impairment. (P. 93)  This is clearly relevant to refute the claims that the Helen and Carol are acting abusively when they speak loudly with each other and to staff. First, Carol Winters can speak as a factual witness as to the necessity of her mother speaking loudly when calling her or speaking to her. Second, Carol Winters can speak as a factual witness as to the

lack of accommodations for a person with a bilateral hearing impairment at CSC. Thus, this condition is relevant to the claims of discrimination, failure to accommodate and failure to follow the Assisted Living Home Act requirements as to people with disabilities. Finally, Carol Winters is Helen Winters' daughter, advocate, and legal representative. As such she is placed in the position of an associated person whose rights are also protected pursuant to the Americans with Disabilities Act. *See* 42 U.S.C. Sec. 12182. Under 42 U.S.C. Sec. 12182 (b)(1)(E) of Title III of the Americans with Disabilities Act (ADA), it is discriminatory to exclude or otherwise deny equal goods, services, facilities, privileges, advantages, accommodations, or other opportunities to an individual or entity because of the known disability of an individual with whom the individual or entity is known to have a relationship or association. Carol Winters has not brought a specific claim pursuant to the Americans with Disabilities Act, but her actions as advocate for Helen Winters are clearly relevant to this case. After the attempted eviction failed, in March of 2006, CSC attempted to paint Carol Winters in a negative light by reporting her to the police, when she complained about Helen Winters' care. (D. Ex. X) It is likely that CSC will attempt to use this inappropriate report at trial in an effort to erode Carol's credibility. As such, information about Carol Winters' own serious hearing impairment is relevant as to the circumstances surrounding that incident, what she heard, what she said and what she did. Finally, Ms. Winters' hearing impairment is relevant if CSC attempts to impeach her at trial with her deposition; at her deposition she was not able to always hear the question even in the quiet of a deposition proceeding. (Dep. Carol Winters, at 79, 153, 165, 180, 202, 203, 241).[1]

---

[1] CSC has lodged the entire deposition of Carol Winters. *See*, Doc. 111, and the Court has marked it as Exhibit A. See, Docket Entry for December 12, 2006.

### III. Carol Winters' Testimony is as a Lay, Fact Witness

CSC claims that Ms. Winters is attempting to be an "expert" witness and is even diagnosing her own mother. That is not the case. Ms. Winters is not offered as an expert witness. She does, however, have a background as a Rehabilitation Counselor who advocates on behalf of her clients. She does understand what various disabilities are. Consequently, her knowledge in this context is relevant as a lay person.

FRE 701 permits a person to testify as a lay person as to factual matters. Hence, Ms. Winters can testify about the appearance of her mother, the manner of conduct of her mother or staff at CSC, the competency of a person, and other factual items. Because Ms. Winters has a background as a Rehabilitation Counsel she is going to describe the factual information in that context. But Ms. Carol Winters is not intent on serving as an expert in this case. Fact witnesses speak from their own experiences, and the Court can recognize that Ms. Carol Winters is doing so. That does not make her testimony that of an expert witness. It does make her testimony extremely relevant.

### CONCLUSION

The Court must deny the CSC's Motion in Limine No. 9.

DATED: January 31, 2007         ALASKA LEGAL SERVICES CORPORATION
                                Attorneys for Plaintiff Helen Winters
                                through her power of attorney Carol Winters

                                s/Sonja Kerr_____
                                ALASKA LEGAL SERVICES
                                1016 West 6th Avenue, Suite 200
                                Anchorage, Alaska 99501
                                PHONE: (907) 274-9431
                                FAX: (907) 279-7417
                                E-mail: skerr@alsc-law.org
                                Alaska Bar No. 0409051

**Certificate of Service**

I hereby certify that on the 31st day of January, 2007,
a copy of this document was
served electronically on:

Donna M. Meyers
Delaney, Wiles
1007 W. Third Avenue, Suite 400
Anchorage, AK 99501.

S/Sonja D. Kerr (0409051)