IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| HELEN WINTERS,<br>through her power of attorney<br>Carol Winters,<br><br>    Plaintiff,<br><br>vs.<br><br>CHUGIAK SENIOR CITIZENS, INC.,<br><br>    Defendant. | Case No. 3:06-cv-00083-TMB |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S
MOTION *INLIMINE* No. 10
RE: DR. MICHAEL E. JONES TESTIMONY**

Defendant Chugiak Senior Citizens, Inc. ("CSC") has moved to preclude Helen Winters' treating physician, Dr. Michael Jones, from presenting any testimony regarding whether CSC can meet plaintiff's needs or whether plaintiff would suffer transfer trauma if she is transferred from CSC." Defendant argues that Dr. Jones "lacks a factual basis and any adequate foundation for such opinions" and without citing a single case also attempts to argue that because these are his personal beliefs they are therefore irrelevant. (Doc.145 at pp. 3-4). These claims are specious and the motion should be denied.

**I.    FACTS**

Dr. Jones is Helen Winters primary care physician and has been so for the last 5 years. (Plaintiff's exhibit 54, Deposition transcript of Dr. Michael Jones at p.8, 79). He originally saw her in his capacity as an internist at the Anchorage Medical and Surgical Clinic where he has worked as a doctor of internal medicine for the last nine years. (Tr. P.7) Helen Winters' first visit was related to her hypertension, but Dr. Jones has seen her for other medical

conditions including her severe osteoarthritis, heart murmur, and incontinence. (Tr. 22-25) In treating Helen Winters, he personally examined her (Tr. 30), listened to her self-reports (Tr. 41, 74), received information from Helen Winters through telephone calls to his assistant (Tr. 52-53), received information from her daughter Carol Winters (Tr. 56, 75), and spoke to staff at the CSC Assisted Living Facility (Tr.12, 72). Dr. Jones further testified that he often had patients in skilled nursing facilities and was experienced in making Recommendations as to whether his patients would be more appropriate for a skilled nursing facility versus an assisted living facility. (Tr.76) He noted that often those decisions are made in conjunction with other care providers. (Tr. 76) His opinion was that a small assisted living facility would not be appropriate to handle Helen Winters physically (Tr.77). He further was of the opinion that while a skilled nursing facility would appropriately meet her needs, that Helen Winters could get all of her needs met at Chugiak because she does not currently need skilled nursing care, only physical help and assistance with transfers. (Tr.77-78)

Dr. Jones has twice previously placed in writing his belief that moving Helen Winters out of CSC would be detrimental to her physical and mental health, and result in emotional distress and consequent physical harm (P. Ex. 54, Dep. Jones, Ex. F, and G. ). He repeated this opinion at his deposition. (Tr. 65-68)

**II.   ARGUMENT**

**Dr. Jones Has Sufficient Personal Knowledge to Testify**

Federal Evidence Rule 602 reads as follows:

> **Lack of Personal Knowledge**
>
> A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may, but need not, consist of the

> witness' own testimony. This rule is subject to the provisions of Rule 703, relating to opinion testimony by expert witnesses.

A witness must have personal knowledge about an event to testify about it. For example, in *McCrary-El v. Shaw*, 992 F.2d 809 (8th Cir.1993) in a case concerning the alleged use of excessive force against an inmate, testimony by a fellow inmate was properly excluded when he was not able to see anything of relevance about the incident. However, the threshold is low. As long as there is some evidence that the witness has personal knowledge, the trial judge should allow it in trial and let the jury determine its weight and believability. In *United State v. Hickey*, 917 F.2d 901) (6th Cir.1990) the Court of Appeals for the 6th Circuit summarized the rule:

> "Testimony should not be excluded for lack of personal knowledge unless no reasonable juror could believe that the witness had the ability and opportunity to perceive the event that he testifies about." "A witness' testimony is admissible even if it may have been "in large part unbelievable to some and in spite of the possibility that his perception was sometimes impaired." *Id.*

Under Federal Evidence Rule 602, personal knowledge includes "inferences and opinions as long as they are grounded in personal observation and experience." *United States v. Doe,* 960 F.2d 221 (1st Cir. 1992). In *Doe*, in a trial for firearm possession, the owner of a sporting goods store was allowed to testify that Taurus pistols are made in Brazil even though he had never personally been to Brazil. The court found that a reasonable juror could infer that the witness had firsthand experience and knowledge from which he could infer that the pistol was made outside of Massachusetts. Inferences and opinions must be grounded in personal knowledge and experience and cannot be "flights of fancy, speculations, intuitions or rumors about matters remote from that experience." *Visser v. Packer Engineering Association,* 924 F.2d 655 (7th Cir. 1991)

### III. CONCLUSION

Dr. Jones' opinions are not "flights of fancy". They are based upon his personal experiences as an internist in recommending patient placement in nursing homes and assisted living facilities and his personal experience as Helen Winters' treating physician for the last five years with intimate knowledge regarding her current medical conditions. As such, his opinions are admissible and relevant.

DATED: January 31, 2007          ALASKA LEGAL SERVICES CORPORATION
                                                        Attorneys for Plaintiff Helen Winters
                                                        through her power of attorney Carol Winters

                                                        s/Sonja Kerr_____
                                                        ALASKA LEGAL SERVICES
                                                        1016 West 6th Avenue, Suite 200
                                                        Anchorage, Alaska 99501
                                                        PHONE: (907) 274-9431
                                                        FAX: (907) 279-7417
                                                        E-mail: skerr@alsc-law.org
                                                        Alaska Bar No. 0409051

**Certificate of Service**

I hereby certify that on the 31st day of January, 2007,
a copy of this document was served electronically:

Donna M. Meyers
Delaney, Wiles
1007 W. Third Avenue, Suite 400
Anchorage, AK 99501.

S/Sonja D. Kerr (0409051)