IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

HELEN WINTERS, )
through her power of attorney )
Carol Winters, )
 )
    Plaintiff, )
 )
vs. )
 )
CHUGIAK SENIOR CITIZENS, INC., )
 )  Case No. 3:06-cv-00083-TMB
    Defendant. )
_____)

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION *IN LIMINE* No. 12
RE: ALLEGED DISCRIMINATORY OR RETALIATORY PRACTICES AGAINST
OTHER CSC RESIDENTS**

Chugiak Senior Citizens, Inc. ("CSC") has moved to preclude plaintiff or any witnesses from presenting evidence regarding alleged discriminatory, retaliatory or unlawful acts CSC allegedly committed against other CSC residents. CSC argues initially that the evidence is not relevant under Rule 401, and then argues that if relevant it is too relevant and must be excluded as prejudicial under Rule 404 and 403. After a careful review of the facts and case law, this Court will find the evidence admissible.

**I.  Facts**

Plaintiff agrees with defendant that plaintiff alleges discriminatory and retaliatory practices by defendant. (Doc.1, Pl. Amended Complaint Par.20) CSC evicts or threatens to evict residents who are demanding that their persons or rights be respected. CSC evicts or threatens to evict residents who complain to the appropriate authorities. The evidence will show that CSC labels these residents as "difficult" and "heavy care". The evidence will show that Jan Freels, the Director of the Assisted Living Program at CSC, admitted in an off-hand

Plaintiff's Response to Defendant's Motion in Limine No. 12
Re: Alleged Discriminatory Or Retaliatory Practices Against Other CSC Residents
H.W. v. CSC, Case No. 3:06-cv-00083-TMB
Page 1 of 6

comment to Robert Dryer, the Long Term Care Ombudsman, that prior to January 2006 CSC had been able to "get rid of" residents CSC considered "heavy care". (Pl. Ex. 35(c) at p. 5)

## II.    The Evidence is Relevant, Admissible, and the Probative Value Outweighs any Prejudicial Affect

Federal Evidence Rule 401 **Definition of "Relevant Evidence"** reads:

> "Relevant Evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

The Alaska Assisted Living Homes Act (AS 47.33.300(1) and (2)) provides all residents of assisted living homes the rights to live in a safe environment and to be treated with consideration and respect for personal dignity. The Alaska Human Rights Act, the ADA, the Uniform Landlord Tenant Act, the Fair Housing Act and the Rehabilitation Act of 1973 all prohibit discrimination because of disability. Where, as here, Ms. Winters alleges that CSC interfered with these rights; the evidence of CSC's conduct is clearly relevant. *Glanz v. Vernick*, 756 F. Supp. 632 (D. Ma. 1991) (misconduct of employer doctor within liability of defendant hospital on Sec. 504 claim.) The evidence is extrinsically tied to the very issues in the complaint. "Rule 401… contains a very expansive definition of relevant evidence." *United States v. Curtis*, 568 F.2d 643 (9th Cir. 1978). " … [t]he evidence does not by itself have to prove the ultimate proposition for which it is offered; nor does it have to make the ultimate proposition more probable than not. To be relevant it is enough that the evidence has a *tendency* to make a consequential fact even the least bit more probable or less probable than it would be without the evidence". Federal Rules of Evidence Manual, S. Saltzburg, M. Martin and D. Capra, V. 1 at 166.

Plaintiff's Response to Defendant's Motion in Limine No. 12
Re: Alleged Discriminatory Or Retaliatory Practices Against Other CSC Residents
H.W. v. CSC, Case No. 3:06-cv-00083-TMB
Page 2 of 6

Ms. Winters has alleged poor hiring and poor or non-existent training process for new staff, inadequate oversight of staff by CSC administration, and allowing a culture of indifference or abuse to develop at CSC, particularly with regard to elders who insist on having their persons or rights respected. (Am. Compl. Par. 14). Ms. Winters alleges she is being evicted in retaliation for her complaints regarding staff and her efforts to improve the quality of care to an appropriate level. (Am. Compl. Par 20) CSC denies these facts. These issues of fact are at the heart of this lawsuit; facts proving allegations of eviction and retaliation against any resident, but especially as to residents deemed "heavy care" or who have a history of complaining, and facts proving CSC's lack of appropriate response to such allegations other than evicting will be evidence offered at trial. Such facts are relevant to CSC's liability.[1]

Although character evidence is not generally admissible in the form of other bad acts to prove behavior in conformity with that character, Fed. Rule Evid. 404(b) permits admissibility of these violent and abusive behaviors on the part employees.

> Fed. Evid. Rule 404(b) **Other Crimes, Wrongs, or Acts** reads:
>
> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident

The 9th Circuit has articulated a four-part test to determine the admissibility of evidence pursuant to Rule 404(b). Such evidence "may be admitted if: (1) the evidence tends

---

[1] CSC is required by law to conduct criminal background checks of new hires. Yet, management was unaware of Forsyth's involvement in a 1989 felony theft charge. Specific information was given to CSC by Carol Winters about the issuance of a long-term domestic violence protective order against Forsyth in 2005. CSC apparently did no inquiry or assessment of risk to residents of this confirmed violent behavior.

Plaintiff's Response to Defendant's Motion in Limine No. 12
Re: Alleged Discriminatory Or Retaliatory Practices Against Other CSC Residents
H.W. v. CSC, Case No. 3:06-cv-00083-TMB
Page 3 of 6

to prove a material point; (2) the other act is not too remote in time; (3) the evidence is sufficient to support a finding that defendant committed the other act; and (4) (in certain cases) the act is similar to the offense charged. *United States v. Romero*, 282 F.2d 683, 688 (9th Cir. 2002) (describing four-part test), *cert. denied*, 537 U.S. 858, 154 L. Ed. 2d 96, 123 S. Ct. 228 (2002)

This type of evidence has been allowed in factually similar situations. In *Brown v. Trustees of Boston University*, 891 F.2d 337 (1st. Cir. 1989), derogatory remarks to women by the University president were admissible to show discriminatory animus. In *Phillips v. Smalley Maint. Srvs.*, 711 F.2d 1524 (11th Cir. 1983) another discrimination case, similar conduct against a former employee was admissible in an action by plaintiff to show intent, motive or plan by employer. In *Carson v. Polley*, 689 F.2d 562 (5th Cir. 1982), it was error to exclude a performance evaluation indicating that the deputy had a temper in excessive use of force action. In *Parrish v. Luckie*, 963 F.2d 201 (8th Cir.1992) a civil rights action for false arrest and sexual assault by a police officer, the officer's prior violent behavior was properly admitted to show the supervisor's knowledge of the officer's violent tendencies.

In this case, such evidence is admissible to show that CSC violated residents' rights by labeling such residents as "difficult" or "heavy care;" that such labeling was not a good faith belief or mistake or accident on CSC's behalf but rather an intentional practice, especially directed against what were considered to be complainers; that CSC had knowledge of its employees' violent behavior, mistreatment of residents, and other neglectful care; that CSC is responsible because it consistently failed to exercise care in the hiring, evaluation and training of its staff; that CSC had knowledge of and intentionally failed to investigate

Plaintiff's Response to Defendant's Motion in Limine No. 12
Re: Alleged Discriminatory Or Retaliatory Practices Against Other CSC Residents
H.W. v. CSC, Case No. 3:06-cv-00083-TMB
Page 4 of 6

information concerning resident complaints; and that CSC had a motive to fail to investigate because it preferred retaining employees over providing appropriate care for residents.

CSC's routine practice of retaliation against complaining and assertive residents is also admissible under Federal Evidence Rule 406 to prove that its conduct with regard to Ms. Winters was the same.

Rule 406 **Habit; Routine Practice** reads:

> Evidence of the habit of a person or of the routine practice of an organization, whether corroborated or not and regardless of the presence of eyewitnesses, is relevant to prove that the conduct of the person or organization on a particular occasion was in conformity with the habit or the routine practice.

In *Garvey v. Dickinson College*, 763 F. Supp. (M.D.PA 1991) evidence of college procedures for screening faculty and processing applicants was admissible to prove the college's conduct in conformity with its routine practice. Similarly, evidence of CSC's routine practice of failing to investigate resident complaints and threatening to evict and evicting residents in retaliation for complaints or because they are "difficult" or "heavy care" is admissible to prove CSC's conduct with regard to Ms.Winters was the same.

Finally, the probative value of this evidence is not "substantially" outweighed by any prejudicial effect. Evidence is not prejudicial because it is adverse to CSC. If it was not adverse, it would not be relevant. *Ballou v. Henri Studios,* 656 F.2d 1147 (5th Cir. 1981). The question is, is it *unfairly* prejudicial. The evidence all relates logically to the issues of CSC's violations of their statutory and contractual duties. Exclusion of highly probative but only minimally and speculatively prejudicial evidence is not appropriate. Exclusion of evidence must be done sparingly. *Herrington v. Hiller*, 883 F.2d 411 (5th Cir.1989).

Plaintiff's Response to Defendant's Motion in Limine No. 12
Re: Alleged Discriminatory Or Retaliatory Practices Against Other CSC Residents
H.W. v. CSC, Case No. 3:06-cv-00083-TMB
Page 5 of 6

### III. Conclusion

The evidence sought to be excluded is relevant, admissible, and the probative value outweighs any prejudicial affect.

DATED: January 31, 2007    ALASKA LEGAL SERVICES CORPORATION
Attorneys for Plaintiff Helen Winters
through her power of attorney Carol Winters

s/Sonja Kerr_____
ALASKA LEGAL SERVICES
1016 West 6th Avenue, Suite 200
Anchorage, Alaska 99501
PHONE: (907) 274-9431
FAX: (907) 279-7417
E-mail: skerr@alsc-law.org; Alaska Bar No. 0409051

**Certificate of Service**

I hereby certify that on the 31st day of January, 2007,
a copy of this document was served electronically:

Donna M. Meyers
Delaney, Wiles
1007 W. Third Avenue, Suite 400
Anchorage, AK 99501.

S/Sonja D. Kerr (0409051)

Plaintiff's Response to Defendant's Motion in Limine No. 12
Re: Alleged Discriminatory Or Retaliatory Practices Against Other CSC Residents
H.W. v. CSC, Case No. 3:06-cv-00083-TMB
Page 6 of 6