READS: IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

HELEN WINTERS,                          )
through her power of attorney           )
Carol Winters,                          )
                                        )
          Plaintiff,                    )
                                        )
vs.                                     )
                                        )
CHUGIAK SENIOR CITIZENS, INC.,          )
                                        )     Case No. 3:06-cv-00083-TMB
          Defendant.                    )
_____ )

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE NO. 7
REGARDING STATE COURT TRO**

Defendant Chugiak Senior Citizens, Inc.  ("CSC") has moved to exclude entirely the

Temporary Restraining Order ("TRO") issued by Judge Stowers on April 13, 2006.  CSC

asserts that the Court must exclude the TRO because it is irrelevant, inadmissible hearsay and

the jury will be confused by it.  However, CSC is simply off base.

I.        **ARGUMENT AND AUTHORITIES**

          **A.  There can be little doubt that the TRO issued by Judge Stowers is relevant to
               Ms. Winters' case.**

          Fed. Rule Evid. Rule 401 states:

          Relevant evidence means evidence having any tendency to make the existence
          of any fact that is of consequence to the determination of the action more
          probable or less probable than it would be without this evidence.

Unless otherwise prohibited all relevant evidence is admissible.  FRE 402.

          That the TRO was issued is important as it is the law of the instant case (as opposed to

the situation in the plethora of cases cited by CSC in which parties sought to introduce

evidence of unrelated proceedings) as it demonstrates how procedurally this parties got to this

point, as well as the lengths that Ms. Winters' had to go to thwart off being evicted by CSC. Furthermore, it explains how it is that Ms. Winters' remains at CSC's facility despite the January 5, 2006 notice of eviction. Thus, it is relevant under Fed. Evid. Rule 401 and 402.

### B. FRE 403 Does Not Preclude the TRO's Admission.

Fed. Rule Evid. Rule 403 allows relevant evidence to:

> be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

CSC contends that Fed.Evid. Rule 403 precludes admission of the TRO because it would prejudice the jury in favor of Ms. Winters. In making this argument CSC cites to several cases wherein the parties' sought to introduce evidence of the factual findings of courts in unrelated proceedings. Those cases are distinguishable for two reasons: here Judge Stowers did not make such prejudicial factual findings; and here the TRO proceeding and the present case are not unrelated – that are part of the same case.

As to the first issue, here Judge Stowers did not make a finding that CSC had violated the law or that would otherwise prejudice CSC. Unlike the cases cited by CSC, does not make judicial findings of fact that would prejudice CSC. Judge Stowers merely indicated that there was a need to look at the issue, stayed the matter and set it for an evidentiary hearing five days later at which the facts would have been determined. (P. Ex. 49). The Court ordered to cease and desist from actions to evict "until and unless the serious issues raised in this case are fairly litigated." (P. Ex. 49). The Court issued this TRO for just 5 days. Significantly, the Court set a very fast evidentiary hearing for April 18, 2006. (P. Ex. 49) CSC chose not to exercise its right to a hearing and the stipulation occurred after CSC removed the case to federal court. (Doc. 12, Doc. 20).

The existence of the TRO is necessary for the jury to know; otherwise, the jury might believe that that CSC wholly volunteered to allow Ms. Winters to remain at CSC notwithstanding the January 2006 attempt to evict her.  This might prejudice Ms. Winters' case.

Thus, in this particular instance, this case is much like when EEOC issues a letter of probable cause versus a letter of violation.  In *Gilchrist v. Jim Slemons Imports, Inc*., 803 F. 2d 1488, 1500 (9th Cir. 1986), the Ninth Circuit addressed the difference between the two.  In a situation of probable cause, the EEOC only finds that probable cause exists that a violation occurred.  Such a finding does not suggest to the jury that the EEOC has already determined that there has been a violation.

Similarly, here, Judge Stowers did not make a finding that CSC had violated all of the laws alleged in Ms. Winters' complaint.  He merely ordered a five day stay, and set an evidentiary trial date to find out if that was the case.  This difference can be explained to the jury to avoid prejudice to CSC.

Because the jury can be informed that Ms. Winters simply obtained a 5 day TRO and that the parties then stipulated to her remaining at CSC under certain conditions, there is no prejudice to CSC to permit the TRO into evidence.[1]

**B.     The TRO entered by Judge Stowers is Not Hearsay, thus it cannot be excluded via FRE 802.**

Fed. R. Evid. 802 deems "hearsay" evidence as inadmissible unless provided by rule or law.  Fed R. Evid. 801 (c) defines "hearsay" as:

> a statement, other than one made by the declarant while testifying at trial or a hearing, offered into evidence to prove the truth of the matter asserted.

---

[1] Ms. Winters is not asserting that the TRO constitutes res judicata or has collateral estoppel effect.

Thus, whether or not a statement (which can be either a written or oral assertion) fits the definition of hearsay depends on what the evidence is being offered to prove. Here, CSC complains that Ms. Winters is attempting to cast the TRO as a determination on the merits of the case, *i.e.* to prove the truth that CSC violated the laws at issue in this proceeding, and that it is hearsay for that purpose. Perhaps this TRO would be properly excluded under such circumstances, but Ms. Winters' does not seek to introduce the TRO for this purpose.

Ms. Winters' seeks to introduce evidence of the TRO to demonstrate that it was the issuance of the TRO that halted CSC from evicting Ms. Winters' and not the good graces of CSC. In such a circumstance, it is a legally operative document thus not hearsay for the purpose of demonstrating how it is that Ms. Winters' remains at CSC's facility. Out-of-court statements that are offered as evidence of legally operative verbal conduct are not hearsay. They are considered "verbal acts" and are not barred by the hearsay rule. *See, e.g. United States v. Pang,* 362 F.3d 1187 (9th Cir. 2004)(holding that a check is a negotiable instrument, a legally operative document**,** and falls within the category of "verbal acts" which are excludable from the hearsay rule. Checks themselves, together with the tellers' markings and routing stamps, are commercial events which create legal rights and obligations, and therefore no exception to hearsay need be found to admit checks into evidence.) The TRO did issue of that there is no doubt. Doc. 147, Par. 47. Clearly, the TRO did legally prevent the eviction, at least as a *temporary* measure. Doc. 147, Par. 48. Judge Stowers' TRO is a self-authenticating document not otherwise barred by the evidentiary rules and thus should be admitted.

## CONCLUSION

The fact that a TRO was issued and a stipulation reached between the parties is necessary to avoid confusing the jury as to why Ms. Winters remains at CSC today and is not barred by FRE 403 or 802.  Thus, CSC's motion should be denied.


DATED: January 31, 2007          ALASKA LEGAL SERVICES CORPORATION
                                 Attorneys for Plaintiff Helen Winters
                                 through her power of attorney Carol Winters

                                 s/Sonja Kerr_____
                                 ALASKA LEGAL SERVICES
                                 1016 West 6th Avenue, Suite 200
                                 Anchorage, Alaska 99501
                                 PHONE: (907) 274-9431
                                 FAX: (907) 279-7417
                                 E-mail: skerr@alsc-law.org
                                 Alaska Bar No. 0409051

**Certificate of Service**

I hereby certify that on the 31st day of January, 2007,
a copy of this document was
served electronically:


Donna M. Meyers
Delaney, Wiles
1007 W. Third Avenue, Suite 400
Anchorage, AK 99501.


S/Sonja D. Kerr (0409051)