

**ALASKA LEGAL SERVICES CORPORATION**
ANCHORAGE AND STATEWIDE OFFICE

1016 WEST SIXTH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501-1963
TELEPHONE (907) 272-9431
FAX (907) 279-7417
www.AlaskaLawHelp.org

November 13, 2006

Donna Meyers
Delaney Wiles
1007 West 3rd Ave., Suite 400
Anchorage, AK 99501

VIA FAX and MAIL

RE: Winters v. CSC, Case No. 06-0083

Dear Donna:

We are in receipt of your letter of November 10, 2006 (which arrived at 5:07 p.m. on a day you knew we were closed for the Veterans' Day Holiday) requesting that Helen undergo what we presume is a second Rule 35 IME, this time by Dr. Sabine von Preyss-Friedman. At this time, Ms. Winters declines to undergo a second Rule 35 IME.

Defendants chose Dr. Geeseman to conduct the Rule 35 IME, over Plaintiffs' objections and even filed a motion to compel that examination. The Court granted that motion on November 1, 2006, without naming of the physician, but clearly based upon the Defendants' representation that the Defendants had proposed and desired Dr. Geeseman. Defendants cannot now change horses mid-stream and select Dr. von Preyss-Friedman instead of Dr. Geeseman. No good cause exists for this second examination. *Burlington Northern R.R. Co.*, 162 F.R.D. 349 (D.C. Minn. 1995).

Moreover, it is simply far too late for your clients to propose a new expert, and particularly one that is intended to conduct a Rule 35 IME that is of a totally different nature[1] than the initial proposed Rule 35 IME. *Shumaker v. West*, 196 F.R.D. 454 (D.C.W. Va. 2000). The date for expert disclosures in this case was October 16, 2006, and it is now nearly a month past that. You have offered no sound reason for delay. While the Court informally advised that Defendants could have some additional time, if necessary, to submit Dr. Geeseman's report based upon representations by Defendants about Dr. Geeseman's availability, and the fact that the Court needed time to decide the motion to compel about Dr. Geeseman, that informal suggestion was limited only to Dr. Geeseman. Defendants have since noticed Dr. Geeseman's evaluation for November 8, 2006, (which conflicted with a previous existing medical appointment for Helen) and despite inquiry have not proposed any new date. Also know that Helen will insist on her right to have counsel present at any Rule 35 examination

---

[1] We are also very troubled that Defendants now appear to be taking advantage of the informal settlement conversations with the Court about the potential use of a geriatric consultant in some type of effort to improve their case for trial. This is wholly inappropriate. See, FRE 408.

H.W. v. CSC
Letter Reg 2nd IME

EXHIBIT K 1
Page 1 of 2

consistent with *Langfeldt-Haaland by Saupe Enterprises, Inc.*, 768 P.2d 1144 (AK 1989); *State v. Johnson*, 2 P.3d 56 (AK 2000).

If we cannot resolve this situation, we will seek a protective order from the Court as to any additional Rule 35 IME. Hopefully, such a motion will not be necessary after you have reviewed the applicable law.

Very truly yours,

Sonja D. Kerr
C:     CWinters

H.W. v. CSC
Letter Reg 2nd IME

EXHIBIT K
Page 2 of 2