# DELANEY WILES, INC.
ATTORNEYS AT LAW
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 279-3581
FAX (907) 277-1331
WWW.DELANEYWILES.COM

CLAY A. YOUNG
JAMES B. FRIDERICI
ANDREW GUIDI
HOWARD A. LAZAR
DONALD C. THOMAS
TIMOTHY J. LAMB
CYNTHIA L. DUCEY
DONNA M. MEYERS

KEVIN L. DONLEY
ERIC A. RINGSMUTH
JONATHAN P. CLEMENT
WILLIAM R. WARNOCK

OF COUNSEL
DANIEL A. GERETY
STEPHEN M. ELLIS
WILLIAM E. MOSELEY

November 16, 2006

**VIA FACSIMILE AND
U.S. POSTAL SERVICE**

Sonja Kerr
Barbara Brink
Alaska Legal Services Corporation
1016 West 6th Avenue, Suite 200
Anchorage, Alaska 99501

    Re:    <u>Winters v. Chugiak Senior Citizens, Inc.</u>/Case No. A06-0083 Civil (TMB)

Dear Ms. Kerr & Ms. Brink:

    This is a response to Ms. Kerr's first letter of November 13, 2006. First, I have some general comments about the tone of your letter and your misunderstanding of the status of the time period for disclosing experts and expert reports. I will then address your substantive objections concerning Dr. von Preyss-Friedman.

    The tone of your letter is quite snippy, and unjustifiably so. I was well aware that your office was closed for the Veterans' Day Holiday. However, just because your office is closed does not mean our office is closed and/or that I am not working on this case. When I sent the letter I knew you would probably not personally receive it until the weekend or Monday morning, at the latest. I knew there was a possibility you would personally receive it that Sunday because you had informed me you would probably be in the office on Sunday preparing for the depositions scheduled this week. Even if you did not work over the weekend, as you stated you were planning to do, I expected you to receive the letter early Monday morning, and therefore I asked for a response to the letter no later than close of business on Tuesday, November 14. I thought two business days would be sufficient time for you and your client to decide whether you would permit Dr. von Preyss-Friedman to interview and conduct a brief physical examination of your client, Helen Winters. In fact, you and your client did respond within the time period I requested a response, albeit it was not the response that was desired.

    I also want to correct your misunderstanding about the deadline for expert disclosures. There were never any separate deadlines for identifying experts and serving expert disclosures, and neither party has ever filed or served a list of retained experts. When the Court took defendant's motion for a Rule 35 examination under advisement, the combined deadline for identifying retained experts and serving expert

EXHIBIT 1
Page 1 of 3

DELANEY WILES, INC.

Sonja Kerr/Barbara Brink
Alaska Legal Services Corp.
November 16, 2006
Page 2 of 3

disclosures was continued, and there was no extended deadline established by the Court or agreed upon by the parties. The Court did not require either party to submit a list of retained experts while only delaying the deadline for Dr. Geeseman's expert report, as you suggest in your letter. Nor did the Court only adjust the expert disclosure deadline for Dr. Geeseman. Instead, the Court suggested that the parties confer and work out an agreeable time extension for expert disclosures, and *neither* party has yet proposed any new deadline.

The expert deadline will have to be set for a date after Dr. Geeseman has an opportunity to conduct the Rule 35 exam the Court has compelled plaintiff to undergo. Contrary to representations in your letter, I did give you a proposed time period for the Rule 35 examination when I informed you Dr. Geeseman could perform the examination during the first week in December. I fully intended to give you a more specific date and time when I obtained it from Dr. Geeseman, but it is not accurate for you to suggest you did not have any information about when Dr. Geeseman was proposing to conduct the examination. Since you have not informed me that Helen is unavailable for the IME during the first week in December or otherwise responded in way to the proposed time period, Dr. Geeseman has scheduled the IME for December 8 at 10 a.m. As we have always told you, Dr. Geeseman will conduct the IME at CSC in Helen's unit.

As to your specific comments about Dr. von Preyss-Friedman, CSC has never represented that Dr. Geeseman is its only retained expert.[1] CSC has retained experts other than Dr. Geeseman, including Dr. von Preyss-Friedman. Dr. von Preyss-Friedman subsequently requested to interview and examine your client after your client declined the Court's suggestion that the parties engage a geriatric care consultant. Her request to interview and examine Helen was extended in the spirit of fulfilling the role of a geriatric care consultant, even though she is not an expert being jointly retained by the parties. You stated your client declined to engage a geriatric case consultant largely due to the lack of funds, but your client's objections to Dr. von Preyss-Friedman's interview and examination suggests the lack of funds is not the real reason your client has declined the Court's suggestion for the parties to retain an independent geriatric care consultant. Nonetheless, if you view Dr. von Preyss-Friedman's examination and interview as a second Rule 35 IME that was not encompassed in defendant's motion to compel and your client refuses to agree to the request, then Dr. von Preyss-Friedman will not go forward with the interview and examination during her planned trip to Alaska. Dr. von Preyss-Friedman can review documents, including medical records, and when she testifies at trial about why she did not interview or examine plaintiff she will explain your client refused both.

---

[1] There is only one defendant in this case, Chugiak Senior Citizens, Inc. Thus, I do not know why your letter refers to defendants in the plural.


EXHIBIT L
Page 2 of 3

DELANEY WILES, INC.

Sonja Kerr/Barbara Brink
Alaska Legal Services Corp.
November 16, 2006
Page 3 of 3

     Regarding your statement about your client insisting on her right to have counsel present at Dr. Geeseman's Rule 35 examination, this is the first notice that we have received that she intends to have counsel present. We will convey the information to Dr. Geeseman to see if she has any objections, and let you know her response. We do object to any video taping or recording of the examination. Please let us know by November 21st whether you intend to record the IME, so we will know whether to bring the issue to the attention of the Court.

                Sincerely,

                DELANEY WILES, INC.

                Donna M. Meyers

DMM:dkd/124367

EXHIBIT L
Page 3 of 3