## DELANEY WILES, INC.
ATTORNEYS AT LAW
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 279-3581
FAX (907) 277-1331
WWW.DELANEYWILES.COM

CLAY A. YOUNG
JAMES B. FRIDERICI
ANDREW GUIDI
HOWARD A. LAZAR
DONALD C. THOMAS
TIMOTHY J. LAMB
CYNTHIA L. DUCEY
DONNA M. MEYERS

KEVIN L. DONLEY
ERIC A. RINGSMUTH
JONATHAN P. CLEMENT
WILLIAM R. WARNOCK

OF COUNSEL
DANIEL A. GERETY
STEPHEN M. ELLIS
WILLIAM E. MOSELEY

November 21, 2006

**VIA FACSIMILE AND
U.S. POSTAL SERVICE**

Barbara Brink
Sonja Kerr
Alaska Legal Services Corporation
1016 West 6th Avenue, Suite 200
Anchorage, Alaska  99501

      Re:    <u>Winters v. Chugiak Senior Citizens, Inc.</u>/Case No. A06-0083 Civil (TMB)

Dear Ms. Brink & Ms. Kerr:

      This is an additional response to Ms. Kerr's letter dated November 13, 2006. As stated in my letter of November 16, 2006, when CSC was forced to file the motion to compel plaintiff to submit to the IME the issue of whether plaintiff's counsel could attend the IME was never raised. Thus, the order compelling the IME does not expressly or impliedly permit plaintiff's counsel to attend. Even though a plaintiff has a right to have counsel attend IMEs conducted under Alaska Rule of Civil Procedure 35(a), the same is not true for examinations under Federal Rule of Civil Procedure 35(a). *See Langfeldt-Haaland v. Saupe Enterprises, Inc.*, 768 P.2d 1144, 1146 (Alaska 1989) (noting the "federal rule, followed by several states, is that the plaintiff's attorney may not attend an examination"). The majority rule in federal courts is that counsel is generally not entitled to be present at an IME. *See generally* 8A Wright and Miller, *Federal Practice and Procedure* § 2236 at 501 (1994 Ed.) ("Even where a state statute creates a right of counsel to attend in state court, federal judges refuse it. Thus, the norm in federal court is that counsel will not be allowed to attend unless good cause is presented to justify that."). *See, e.g., E.E.O.C. v. Grief Bros. Corp.*, 218 F.R.D. 59, 63-64 (W.D.N.Y. 2003); *Tomlin v. Holecek*, 150 F.R.D. 628, 630-31 (D. Minn. 1993); *Cline v. Firestone Tire & Rubber Co.*, 118 F.R.D. 588, 589 (S.D. W.Va. 1988); *Neumerski v. Califano*, 513 F. Supp. 1011, 1016-1017 (E.D. Pa. 1981); *Brandenberg v. El Al Israel Airlines*, 79 F.R.D. 543, 546 (S.D.N.Y. 1978); *Swift v. Swift*, 64 F.R.D. 440, 443 (E.D.N.Y.1974).

      A plaintiff needs to show good cause to justify an exception to the norm in federal court which does not disallow counsel's presence at a Rule 35 examination. *See, e.g., E.E.O.C. v. Grief Bros. Corp.*, 218 F.R.D. 59, 63-64 (W.D.N.Y. 2003). We are not aware of any showing of good cause to justify such an exception in this case; instead, plaintiff's counsel has simply stated there is a right to have counsel present, which is not



EXHIBIT M
Page 1 of 2

DELANEY, WILES, HAYES, GERETY, ELLIS & YOUNG, INC.

Barbara Brink/ Sonja Kerr
Alaska Legal Services Corp.
November 21, 2006
Page 2 of 2

the case under FRCP 35(a). Thus, we object to counsel's attendance at the IME which Dr. Geeseman plans to conduct at 10 a.m. on December 8th. If plaintiff insists on counsel attending the IME, she must make a showing of good cause for such an exception. In the absence of such a showing or a protective order from the Court allowing counsel to attend, we will expect the IME to go forward on December 8th without counsel in attendance.

                Sincerely,

                DELANEY WILES, INC.

                Donna M. Meyers

DMM/124699

EXHIBIT M
Page 2 of 2