Donna M. Meyers
Clay A. Young
Delaney Wiles, Inc.
1007 W. 3rd Avenue, Suite 400
Anchorage, Alaska  99501
PHONE:  907-279-3581
FAX:  907-277-1331
dmm@delaneywiles.com
cay@delaneywiles.com

Attorneys for Defendant
Chugiak Senior Citizens, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| HELEN WINTERS, through her Power of Attorney Carol Winters,<br><br>                    Plaintiff,<br><br>     v.<br><br>CHUGIAK SENIOR CITIZENS, INC.,<br><br>                    Defendant.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Case No. 3:06-cv-00083-TMB |

**CHUGIAK SENIOR CITIZENS, INC.'S REPLY TO PLAINTIFF'S RESPONSE TO MOTION IN LIMINE #1 TO EXCLUDE EVIDENCE OF LIABILITY INSURANCE**

Defendant CSC asked the court to issue an order precluding the introduction into evidence of the fact that defendant CSC had liability insurance.  Plaintiff, in her response, said she did not intend to introduce evidence of liability insurance:  "Plaintiff does not intend to introduce evidence of insurance liability [sic] . . ."  Plaintiff's

response, at 1.  Plaintiff explicitly agreed:  ". . . the Court could apply the general rule of Fed. R. Evid. Rule 411 . . ." and exclude evidence of liability insurance.

However, the rest of plaintiff's response raises some alarm bells, and therefore, justifies the issuance of an order by the court precluding any evidence of liability insurance unless the purpose for it is explained in detail and outside the presence of the jury.  Plaintiff said, for example, that the introduction of evidence of liability insurance can be harmless error.  This suggests she might not be all that careful about the evidence she introduces, and is attempting to justify in advance a "harmless" mention of liability insurance.

Plaintiff also says that liability insurance might be admissible as it relates to the ability of the defendant to pay an award of punitive damages.  Later in her memorandum, she says that evidence of liability insurance may be admissible depending upon whether the defendant argues that because it is a non-profit corporation, it cannot pay damages.

Plaintiff does not develop these arguments, however, and does not say that she intends to introduce this evidence of lability insurance for these or any other purposes.  The cases she cites and the mention of this argument raise issues substantially beyond the limited argument that she makes and, frankly, should have been developed in her brief.

Defendant CSC conceded in its opening memorandum and concedes now that there may be circumstances under which evidence of liability insurance may be admissible. Federal Rule of Evidence 411 so holds. However, plaintiff's speculative assertions in her brief that there might be circumstances under which such evidence might be admissible in this case are not enough for the court to hold that it is admissible. Such speculative assertions are, rather, explicit justification for the granting of this motion by the court to preclude the introduction of all such evidence, unless the plaintiff makes a specific application to the court outside the presence of the jury prior to the introduction of such evidence such that the court can determine whether grounds exist for the introduction of it.

For example, the Alaska Supreme Court has explicitly held that evidence of liability insurance is not admissible to establish <u>liability</u> for punitive damages. *See Shane v. Rhines,* 672 P.2d 895 (Alaska 1983). It might be admissible on the <u>amount</u> of punitive damages, but this of course depends upon what the insurance covers, what arguments the defendant may make, what arguments the plaintiff might make, whether there is a separate trial on the issue of the amount of punitive damages, etc. Both the *Shane* decision and the other case cited by plaintiff on this point, *Fleegel v. Estate of Boyles*, were three to two decisions by the Supreme Court in which the majority and the dissent forcefully and cogently argued the myriad problems encountered in determining whether and how to admit evidence of liability insurance

on questions regarding punitive damages. These questions deserve more consideration and more argument then plaintiff gave them in her opposing brief, and the court should not consider them now unless and until the plaintiff brings the matter up again.

Plaintiff makes no argument at all that evidence of liability insurance is admissible for any other purpose in this case.

In the meantime, it is respectfully submitted that the best course for the court to follow would be to issue an order prohibiting the introduction into evidence of mention of liability insurance for any purpose whatsoever unless and until the matter is brought to the attention of the court outside the presence of the jury so that the parties and the court have an opportunity to determine the specifics of whatever argument the plaintiff might make.

DATED at Anchorage, Alaska, this 7th day of February, 2007.

DELANEY WILES, INC.
Attorneys for Chugiak Senior Citizens, Inc.

s/Clay A. Young
Donna M. Meyers
1007 W. Third Avenue, Suite 400
Anchorage, Alaska  99501
Phone:    907-279-3581
Fax:      907-277-1331
E-mail:   dmm@delaneywiles.com
E-mail:   cay@delaneywiles.com
Alaska Bar Assoc. No. 9006011 (DMM)
Alaska Bar Assoc. No. 7410117 (CAY)

**CERTIFICATE OF SERVICE**

I hereby certify that on the 7th day
of February, 2007, a copy of the foregoing
**CHUGIAK SENIOR CITIZENS, INC.'S REPLY
TO PLAINTIFF'S RESPONSE TO MOTION IN
LIMINE #1 TO EXCLUDE EVIDENCE OF
LIABILITY INSURANCE**
was served electronically on:

Jim Davis/Jr./Barbara Brink/
Nikole M. Nelson/Sonja Kerr
Alaska Legal Services Corporation
1016 West 6th Avenue, Suite 200
Anchorage, AK  99501

s/Clay A. Young
127260