Donna M. Meyers
Clay A. Young
Delaney Wiles, Inc.
1007 W. 3rd Avenue, Suite 400
Anchorage, Alaska  99501
Phone:  907-279-3581
Fax:  907-277-1331
dmm@delaneywiles.com
cay@delaneywiles.com

Attorneys for Defendant
Chugiak Senior Citizens, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| HELEN WINTERS, through her Power of Attorney Carol Winters,<br><br>      Plaintiff,<br><br>v.<br><br>CHUGIAK SENIOR CITIZENS, INC.,<br><br>      Defendant.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 3:06-cv-00083-TMB |

**CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT ON ALLEGED
VIOLATIONS OF THE ASSISTED LIVING HOMES ACT**

Defendant Chugiak Senior Citizens, Inc. ("CSC") has opposed plaintiff Helen Winters' motion for partial summary judgment, which alleges in part that CSC violated two provisions of the Assisted Living Homes Act ("ALH Act").  Specifically, plaintiff has moved for partial summary judgment claiming CSC violated the ALH Act because it failed to comply with AS 47.33.360(a) and AS 47.33.340.  AS 47.33.360(a) identifies the

Cross-Motion for Partial Summary Judgment on Alleged
Violations of the Assisted Living Homes Act
Winters v. CSC/Case No. 3:06-cv-00083 (TMB)                Page 1 of 4

reasons an assisted living home may involuntarily terminate a Residential Service Contract ("RSC") and AS 47.33.340 requires a home to "establish a written grievance procedure for handling complaints of residents."  For the reasons stated in CSC's opposition to plaintiff's motion for partial summary judgment, the Court should deny plaintiff summary judgment based on those alleged violations, and instead should enter judgment for CSC dismissing Count I in its entirety.

Aside from the fact that plaintiff's substantive arguments lack merit because CSC did have one or more of the reasons listed in AS 47.33.360(a) for involuntarily terminating plaintiff's RSC and CSC complied with AS 47.33.340,[1] plaintiff has no private cause of action arising from any alleged violations of AS 47.33 *et seq*.  As explained in CSC's opposition to plaintiff's motion for partial summary judgment, which is expressly incorporated herein,[2] AS 47.33 *et seq*. is health and safety legislation and there is no explicit language in AS 47.33 *et seq.* creating a private right of action.  Given the absence of such explicit language, plaintiff has no private right of action for any alleged violations of AS 47.33 *et seq*.  *Reed v. Municipality of Anchorage*, 782 P.2d 1155, 1157-58 (Alaska 1989)(where the Alaska Supreme Court declared that courts uniformly hold that health and safety legislation does not create a private cause of action in the absence of explicit language to that effect); *see also Farr v. Alternative Living Services, Inc.*, 643 N.W.2d 841 (Wis. App. 2002)(dismissing a resident's claim based upon alleged violations of applicable statutes and regulations governing

---

[1] *See* Dkt. 121 and 122 (CSC's Motion and Memorandum Re: Summary Judgment on Count I).
[2] *See* Dkt. 246.

Cross-Motion for Partial Summary Judgment on Alleged
Violations of the Assisted Living Homes Act
Winters v. CSC/Case No. 3:06-cv-00083 (TMB)                                    Page 2 of 4

Community Based Residential Facilities where the statutes did not clearly evince legislative intent to create a private right of action). Moreover, even if AS 47.33 *et seq.* is not health and safety legislation, it would be inappropriate to imply a private cause of action in light of the elaborate enforcement system regulating assisted living homes. Dkt. 246 at § III, pp. 14-24 (describing the enforcement system applicable to assisted living homes); *see also OK Lumber Co., Inc. v. Providence Washington Ins. Co.*, 759 P.2d 523 (Alaska 1988)(holding it would be inappropriate to imply a private right of action even if the legislation was not health and safety legislation where there is an elaborate enforcement system giving rise to an implication of exclusivity).

For the reasons stated above and in CSC's opposition to plaintiff's motion for partial summary judgment, CSC respectfully request summary judgment dismissing Count I in plaintiff's First Amended Complaint because plaintiff has no private right of action for the alleged violations of the ALH Act.[3]

DATED at Anchorage, Alaska, this 7th day of February, 2007.

        DELANEY WILES, INC.
        Attorneys for Chugiak Senior Citizens, Inc.

        s/Donna M. Meyers and Clay A. Young
        Delaney Wiles, Inc.
        1007 W. Third Avenue, Suite 400
        Anchorage, Alaska 99501
        Phone: 907-279-3581/Fax: 907-277-1331
        E-mail:    dmm@delaneywiles.com
        E-mail:    cay@delaneywiles.com
        Alaska Bar Assoc. No. 9006011 (DMM)
        Alaska Bar Assoc. No. 7410117 (CAY)

---

[3]CSC has also moved for summary judgment on Count I on alternative grounds. Dkt. 121 and 122.

Cross-Motion for Partial Summary Judgment on Alleged
Violations of the Assisted Living Homes Act
Winters v. CSC/Case No. 3:06-cv-00083 (TMB)        Page 3 of 4

**CERTIFICATE OF SERVICE**

I hereby certify that on the 7th day
of February, 2007, a copy of this document
was served electronically on:

Jim Davis, Jr./Sonja Kerr
Barbara Brink/Nikole Nelson
Alaska Legal Services Corporation
1016 West 6th Avenue, Suite 200
Anchorage, Alaska   99501

s/Donna M. Meyers and Clay A. Young
(127319)

Cross-Motion for Partial Summary Judgment on Alleged
Violations of the Assisted Living Homes Act
Winters v. CSC/Case No. 3:06-cv-00083 (TMB)                                    Page 4 of 4