Donna M. Meyers
Clay A. Young
Delaney Wiles, Inc.
1007 W. 3rd Avenue, Suite 400
Anchorage, Alaska  99501
PHONE: 907-279-3581
FAX:  907-277-1331
dmm@delaneywiles.com
cay@delaneywiles.com

Attorneys for Defendant
Chugiak Senior Citizens, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| HELEN WINTERS, through her Power of Attorney Carol Winters,<br><br>     Plaintiff,<br><br> v.<br><br>CHUGIAK SENIOR CITIZENS, INC.,<br><br>     Defendant.<br>_____ | <br><br><br><br><br><br><br><br><br><br><br>Case No. 3:06-cv-00083-TMB |

**REPLY TO WINTERS' OPPOSITION TO CHUGIAK SENIOR CITIZEN, INC.'S FIFTH MOTION *IN LIMINE* RE: OLTCO REPORT**

**I.    INTRODUCTION**

Plaintiff Helen Winters, in opposing Chugiak Senior Citizen, Inc.'s ("CSC") motion to exclude the report, investigative log and opinion testimony (collectively the "Dreyer Report") of Robert P. Dreyer, sidesteps defendant's well-founded objections to this proffered evidence by either tendentiously reframing the issue or simply ignoring the authorities presented by defendant.  Given the brevity of plaintiff's opposition, CSC will

Reply to Winters' Opposition to Chugiak Senior
Citizens, Inc.'s Fifth Motion *in Limine* Re:  OLTCO Report
*Winters v. CSC*/3:06-cv-00083 (TMB)                  Page 1 of 7

briefly summarize its arguments by way of demonstrating that Dreyer's improper hearsay testimony and report must be excluded in this case.

## II.  Argument

### A.  Dreyer's Report is Hearsay.

Winters has not contested that Dreyer's report is hearsay under Fed. R. Evid. 801(C).  The bulk of the report is devoted to a recitation of the allegations made by Helen and Carol Winters, followed by "substantiation" by way of repetition of those allegations from Helen or Carol Winters.  *See* Memo in support at 4-5.

### B.  The Report is Not "Fact-Based".

Winters perfunctorily assumes that Dreyer's report is "fact-based".  This is simply incorrect.  The report relies wholly on the statements and opinions of Helen and Carol Winters.  Winters has not distinguished or countered the authorities produced by CSC questioning the admissibility of hearsay statements made by interested parties.  *See Stolarczyk ex rel. Estate of Stolarczyk v. Senator Intern. Freight Forwarding, LLC.*, 376 F. Supp. 2d 834, 839 (N.D. Ill. 2005)(excluding testimony of investigator relating statements made by an interested party in anticipation of litigation); *Flannery Properties v. Ron Byrne*, 2000 WL 781964 at 3, Exhibit G to CSC's Memo In Support.

Further, Winters has not disputed that Dreyer was acting as an advocate for Helen Winters, rather than as an impartial investigator.  *See* Memo in Support at 6-8. Dreyer's dismissal of the concerns of Linda Hendrickson, with no reference to any grounding in fact or legal authority,[1] does not suggest that he approached his task with any degree of dispassion.

---

[1] *See, e.g.,* Dreyer e-mail of October 18, 2005, Exh. E to CSC's Memo in Support, at 7.

Reply to Winters' Opposition to Chugiak Senior
Citizens, Inc.'s Fifth Motion *in Limine* Re:  OLTCO Report
*Winters v. CSC*/3:06-cv-00083 (TMB)                                               Page 2 of 7

### C. The Report Does not Contain Sufficient Indicia Of Trustworthiness to Be Admissible Under Fed. R. Evid. 803(8)(C).

Plaintiff contends that CSC has spent "nearly all of its brief distinguishing the Supreme Court precedent which is squarely on point". This is hardly the case, as the majority of CSC's memorandum was devoted to demonstrating that the Dreyer Report is properly excludable <u>within</u> the analytical framework provided by the on-point United States Supreme Court precedent, *Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 169, 109 S. Ct. 439, 448 (1988).

#### 1. The *Beech* Decision

To the extent that Winters recognizes that *Beech* is the ideal starting point for analysis of the Rule 803(8)(C) portion of the matter,[2] CSC largely agrees. However, Winters simply assumes, without analysis, that the *Beech* framework requires admissibility of the report. Winters does not even address the openly adversarial stance adopted by Dreyer with respect to CSC as indicative of bias. *Cf. Palmer v. Hoffman*, 318 U.S. 109, 113, 63 S. Ct. 477, 480 (1943)(reports prepared in anticipation of litigation could not be considered to have been generated "in the ordinary course of business"). Nor does Winters discuss or even acknowledge the degree to which the lack of any formal process in Dreyer's investigation further reduces the trustworthiness of his report. *See Beech*, 488 U.S. at 167, 109 S.Ct. at 449 (trustworthiness turns in part on "whether a hearing was held and the level at which conducted").

---

[2]CSC maintains that as Dreyer's report is not even within the category of investigative reports contemplated by Fed. R. Evid. 803(8)(C) for the reasons set forth in CSC's Memo in Support at 5-8, the Court has no need to examine the trustworthiness of the report.

Reply to Winters' Opposition to Chugiak Senior
Citizens, Inc.'s Fifth Motion *in Limine* Re: OLTCO Report
*Winters v. CSC*/3:06-cv-00083 (TMB)                                          Page 3 of 7

The cases cited by Winters in support of admissibility are unavailing. The first, *Sana v. Hawaiian Cruises Ltd.*, 181 F.3d 1041 (9th Cir. 1999) is readily distinguishable on the grounds that the evidentiary issue in question did not concern a governmental investigative report. Rather, *Sana* concerned the admissibility of an accident report prepared by a business under Fed. R. Evid. 803(6) rather than 803(8). 181 F.3d at 1046-1048.

Similarly, *Abdel v. U.S.* 670 F.2d 73, 75-76 (7th Cir. 1982), involves Rule 803 (6). To the extent that the rules are analogous, the investigation in *Abdel* followed a defined set of investigative procedures, which ensured trustworthiness. 670 F.2d at 75. Further, the relatively simple food stamp investigation in *Abdel* is distinguishable on its face from the more involved proceeding at issue here.[3]

### 2. Dreyer's Lack of Experience

Winters simply assumes that Dreyer's lack of any specialized training or experience in health-care, assisted living, or elder law is irrelevant when considering the quality and trustworthiness of the report produced. *See* Opposition at 3-4.[4] This contention is contrary to the essential holding of *Beech*, where the Court found that, amongst other factors, "the special skill or experience of the official" performing the investigation must be considered when evaluating the trustworthiness of a governmental report under Rule 803(8)(C). 488 U.S. at 167, 109 S. Ct. at 449. CSC has amply demonstrated that Dreyer lacked <u>any</u> experience or training relevant to this

---

[3]The third case cited by Winters, *Keith v. Volpe*, 858 F.2d 467, 481-482 (9th Cir. 1988), merely stands for the proposition that there is a presumption of trustworthiness which must be overcome by the party seeking exclusion. CSC has more than overcome this presumption.

[4]The assertion that CSC's "argument is not supported by any case citations" is demonstrably false. *See, e.g., Beech*, 488 U.S. at 167, 109 S. Ct. at 449.

Reply to Winters' Opposition to Chugiak Senior
Citizens, Inc.'s Fifth Motion *in Limine* Re: OLTCO Report
*Winters v. CSC*/3:06-cv-00083 (TMB)                                        Page 4 of 7

investigation. *See* Memo in Support at 2-3. Winters cannot dismiss this concern with a breezy assertion that Dreyer holds a "bachelor's and master [sic] degree." Winters has completely failed to demonstrate that his previous work history prepared Dreyer in any way to perform LTCO investigations.

### 3.   Dreyer's Lack of Skill

Contrary to Winters' assertion, CSC does not argue the untrustworthiness of Dreyer's report is "due solely to the credentials of Mr. Dreyer." Opposition at 3. CSC has also raised legitimate objections as to Dreyer's conduct in performing this specific investigation. *See* Memo in Support at 3, 5, 7-8, 11-13, and footnote 20. Dreyer did not follow the OLTCO's internal investigative guidelines. He did not seek independent verification to substantiate the claims of Helen and Carol Winters. He was not familiar with the legal standards under which the actions of CSC were to be judged.[5]

### 4.   Dreyer's Bias

Winters makes no attempt to defend Dreyer's clear bias against CSC. This bias is demonstrated both by the responsibilities of his position and by his conduct in the investigation. Generally, an LTCO's mandate is to "advocate for older Alaskans". *See* 42 U.S.C. § 3058, (a)(3)(E) and (a)(5)(B)(iv). More specifically, during his investigation, Dreyer summarily dismissed concerns raised by Linda Hendrickson while "validating" the allegations of Helen and Carol Winters in a demonstrably circular fashion.[6] Given

---

[5]For example, Dreyer found fault with CSC's refusal to disclose records of other CSC residents (*see* Exh. A at 12) despite the fact that he had no authority to demand those records. *See* AS 47.62.025(b) ("the ombudsman may obtain medical or other records of an older Alaskan who resides in a long term care facility in the state **only with the consent of the older Alaskan** or the older Alaskan's legal guardian") (emphasis added).

[6]*See* Memo in Support at 7 and at fn. 18.

Reply to Winters' Opposition to Chugiak Senior
Citizens, Inc.'s Fifth Motion *in Limine* Re:  OLTCO Report
*Winters v. CSC*/3:06-cv-00083 (TMB)                                                                 Page 5 of 7

that his role was as an advocate, and his awareness that this matter was in litigation, this certainly points toward a further indication of untrustworthiness under *Beech*. *See* 488 U.S. at 167, 109 S. Ct. at 449 (trustworthiness determined in part with respect to "motivation problems suggested by [*Palmer*]").

### D. Winters Does Not Address CSC's Arguments With Regards to Relevance and Prejudice.

Though Winters is correct that Fed. R. Evid. 701 permits lay testimony regarding opinions in some circumstances, this does not address CSC's central point: Dreyer's opinions and conclusions are in no way "rationally based on the perception of the witness." *See* Memo in Support at 13-14. Dreyer's opinion is that Winters was mistreated by CSC staff, yet he "validated" this opinion with reference to Winters' own statements, never having witnessed any mistreatment.[7]

Further, given Dreyer's position as a governmental employee, a jury is likely to give greater weight to his testimony than is warranted. The danger of undue weight is especially present considering the questionable factual or legal basis for the conclusions drawn in his report. As detailed above and in CSC's original Memorandum in Support of the instant motion,[8] Dreyer repeatedly makes factual assertions with no support in his investigative log. Further, to the extent he draws conclusions of law, he is both unqualified to do so,[9] and the pronouncements made are simply inaccurate.[10]

---

[7] *See* Exhibit C at 90:
"Q: Okay. Did you ever witness, yourself, any physical abuse of Helen Winters?
Dreyer: Unh-unh. (Negative).
Q: Did you ever witness any verbal abuse of Helen Winters?
Dreyer: No, [I] would say not. I wouldn't call it abuse, no."
[8] *See, e.g.,* Memo in Support at 6-7.
[9] *See* Exh. C at 24-32; Exh. D.

Reply to Winters' Opposition to Chugiak Senior
Citizens, Inc.'s Fifth Motion *in Limine* Re: OLTCO Report
*Winters v. CSC*/3:06-cv-00083 (TMB)    Page 6 of 7

Given these issues, his testimony cannot possibly be "helpful to a clear understanding of [his] testimony or the determination of a fact in issue." Fed. R. Evid. 701.

### III.  CONCLUSION

For the reasons discussed above, and in CSC's Memorandum in Support, the Court should grant the motion *in limine* and exclude the report, investigative log and opinion testimony of Robert P. Dreyer.

DATED this 9th day of February, 2007, at Anchorage, Alaska.

> DELANEY WILES, INC.
> Attorneys for Chugiak Senior Citizens, Inc.
>
> s/Donna M. Meyers
> Clay A. Young
> Delaney Wiles, Inc.
> 1007 W. Third Avenue, Suite 400
> Anchorage, Alaska  99501
> Phone:  907-279-3581/Fax:  907-277-1331
> E-mail:     dmm@delaneywiles.com
> E-mail:     cay@delaneywiles.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 9th day of February, 2007, a copy of **Reply to Opposition to CSC's Motion in Limine #5 Regarding the Report of Robert P. Dreyer** was served electronically on:

Jim Davis, Jr./Barbara Brink
Nikole Nelson/Sonja Kerr
Alaska Legal Services Corporation
1016 West 6th Avenue, Suite 200
Anchorage, Alaska  99501

s/Donna M. Meyers and Clay A. Young
(127087)

---

[10] *See* fn 4, *supra*. *See also* Dreyer's opinion that the case conference of January 20, 2006 was evidence of verbal and mental abuse against Helen Winters by CSC. Exh. A at 5-6. To the extent that the "indications" of abuse are simply Helen and Carol Winters repeating their allegations of abuse at that meeting, this represents the same circular logic which pervades the bulk of the report. To the extent that Dreyer viewed the meeting itself as abusive, this is clearly an error on his part. CSC was <u>statutorily compelled</u> to participate in this meeting. *See* AS 47.33.360(c).

Reply to Winters' Opposition to Chugiak Senior
Citizens, Inc.'s Fifth Motion *in Limine* Re:  OLTCO Report
*Winters v. CSC*/3:06-cv-00083 (TMB)                                                                 Page 7 of 7