Donna M. Meyers
Clay A. Young
Delaney Wiles, Inc.
1007 W. 3rd Avenue, Suite 400
Anchorage, Alaska  99501
PHONE: 907-279-3581
FAX:  907-277-1331
dmm@delaneywiles.com
cay@delaneywiles.com

Attorneys for Defendant
Chugiak Senior Citizens, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| HELEN WINTERS, through her Power of Attorney Carol Winters,<br><br>      Plaintiff,<br><br> v.<br><br>CHUGIAK SENIOR CITIZENS, INC.,<br><br>      Defendant.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. 3:06-cv-00083-TMB |

**CHUGIAK SENIOR CITIZENS, INC.'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION *IN LIMINE* #4 REGARDING LACK OF SERVICE ON THE HOLDER OF THE POWER OF ATTORNEY OF THE TERMINATION LETTER**

Plaintiff should not be permitted to argue that CSC improperly notified Helen Winters of the termination of her Residential Services Contract.  The process of the notification was clearly proper, complied with the contract, and complied with the statute. Plaintiff does not argue otherwise, although she makes a number of unsupported, colorful, and inflammatory assertions.  She, however, fails to rebut the central thesis of CSC's motion:  regardless of what else went on, regardless of what the circumstances

were, CSC was <u>required</u> to notify Helen Winters that it intended to terminate her Residential Services Contract.  No other method of notice would have been effective.[1]

The Residential Services Contract required that "any notices provided for herein shall be given in writing and transmitted by personal delivery or prepaid first class mail and address as follows:

|  |  |
|---|---|
| Manager:  Chugiak Senior Citizens, Inc.<br>Assisted Living Program<br>22424 North Birchwood Loop<br>Chugiak, Alaska 99567 | Tenant:  Helen Winters<br>Chugiak Senior Citizens, Inc.<br>Assisted Living Program<br>22424 North Birchwood Loop<br># 234<br>Chugiak, Alaska 99567 |

or to such other persons or addresses as manager or resident may from time to time designate in writing."

Exhibit C to original motion, at § 31.[2]

Simply because the fact Carol Winters held an out-of-state Power of Attorney (that does not conform to Alaska's general Power of Attorney statute) was well known to Chugiak Senior Citizens, Inc., does not relieve Chugiak Senior Citizens, Inc. from the obligation to follow the contract.  Although it is not pertinent to the argument here, contrary to the assertions of plaintiff, CSC <u>did</u> communicate directly with Helen Winters on a number of matters.  They communicated with Carol Winters on a number of matters.  They communicated with both on a number of matters.  The Power of Attorney granted

---

[1]If CSC had only notified Carol Winters, and not notified Helen Winters, plaintiff would be asserting that the Notice was ineffective.  Of that, CSC has no doubt.
[2]Section 32 contains a non-waiver provision.

Chugiak Senior Citizens, Inc.'s Reply to Plaintiff's Opposition
to Motion *in Limine* #4 re:  Lack of Service on the Holder of
the Power of Attorney of the Termination Letter
*Winters v. CSC*/Case No. 3:06-cv-00083-TMB                                                                 Page 2 of 5

by Helen Winters to Carol Winters is the subject of another motion (*see* Dkt. 118), but it is important to note that while it does a number of things, it does not do a number of other things. In it, Helen Winters gives Carol Winters authority to do certain things. It does not, however, direct CSC to do anything, and could not. It is not a guardianship document. It does not make Helen Winters a ward of the court, for example. It does not declare Helen Winters incompetent. It merely gives Carol Winters certain powers to do things that Helen Winters could also do.

One of the things that it probably did was give Carol Winters the power to notify CSC that all further communications should go only to Carol Winters and not to Helen Winters. However, she did not do so. *See* Carol Winters deposition, at page 130, line 10 through page 132, line 1, attached as Exhibit G. Had she done so, then she could make a better argument that CSC should not have notified Helen Winters, but should only have notified her that it was terminating Helen Winters' Residential Services Contract.

Carol Winters makes the argument in response to CSC's motion that, notwithstanding the fact that the contract required notification of Helen Winters, CSC had reason to know that it should not, and that in the face of such knowledge, its notification of Helen Winters was outrageous or reckless or otherwise improper. That may be; or it may not be; but that issue is not before the Court in this motion. Whether Helen Winters can argue that the method of notification under the contract and statute should not have been followed because of specific facts and circumstances allegedly known to CSC

Chugiak Senior Citizens, Inc.'s Reply to Plaintiff's Opposition
to Motion *in Limine* #4 re: Lack of Service on the Holder of
the Power of Attorney of the Termination Letter
*Winters v. CSC*/Case No. 3:06-cv-00083-TMB                              Page 3 of 5

should be the subject of another motion. All that is encompassed by this motion is the simple request by CSC that Carol or Helen Winters are precluded from arguing that the <u>method</u> of notification was improper; or, to the converse, CSC asserts the method of notification was as required by the Statute and by the Contract. If Helen and Carol Winters wish to argue that there are facts and circumstances present in this case which would have obligated CSC to find another method of notification of termination of the Residential Services Contract, and if there is any law to support that argument, then it should do so in another motion.[3]

DATED at Anchorage, Alaska, this 9th day of February, 2007.

    DELANEY WILES, INC.
    Attorneys for Chugiak Senior Citizens, Inc.

    s/Donna M. Meyers and Clay A. Young
    Delaney Wiles, Inc.
    1007 W. Third Avenue, Suite 400
    Anchorage, Alaska  99501
    Phone:     907-279-3581
    Fax:       907-277-1331
    E-mail:    dmm@delaneywiles.com
    E-mail:    cay@delaneywiles.com
    Alaska Bar Assoc. No. 9006011 (DMM)
    Alaska Bar Assoc. No. 7410117 (CAY)

---

[3] CSC has raised this issue in its Motion for Partial Summary Judgment regarding the NIED and IIED claims for relief. *See* Dkt. 136.

Chugiak Senior Citizens, Inc.'s Reply to Plaintiff's Opposition
to Motion *in Limine* #4 re:  Lack of Service on the Holder of
the Power of Attorney of the Termination Letter
*Winters v. CSC*/Case No. 3:06-cv-00083-TMB    Page 4 of 5

**CERTIFICATE OF SERVICE**

I hereby certify that on the _9th day
of February, 2007, a copy of the foregoing
**CHUGIAK SENIOR CITIZENS, INC.'S REPLY
TO PLAINTIFF'S OPPOSITION TO MOTION IN
LIMINE #4 REGARDING LACK OF SERVICE
ON THE HOLDER OF THE POWER OF ATTORNEY
OF THE TERMINATION LETTER**
was served electronically on:

Jim Davis/Jr./Barbara Brink/
Nikole M. Nelson/Sonja Kerr
Alaska Legal Services Corporation
1016 West 6th Avenue, Suite 200
Anchorage, AK  99501

s/Donna M. Meyers and Clay A. Young
127240

Chugiak Senior Citizens, Inc.'s Reply to Plaintiff's Opposition
to Motion *in Limine* #4 re:  Lack of Service on the Holder of
the Power of Attorney of the Termination Letter
*Winters v. CSC*/Case No. 3:06-cv-00083-TMB

Page 5 of 5