Donna M. Meyers
Clay A. Young
Delaney Wiles, Inc.
1007 W. 3rd Avenue, Suite 400
Anchorage, Alaska  99501
Phone:  907-279-3581
Fax:  907-277-1331
dmm@delaneywiles.com
cay@delaneywiles.com

Attorneys for Defendant
Chugiak Senior Citizens, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| HELEN WINTERS, through her Power of Attorney Carol Winters,<br><br>     Plaintiff,<br><br> v.<br><br>CHUGIAK SENIOR CITIZENS, INC.,<br><br>     Defendant. | <br><br><br><br><br><br><br><br><br><br><br>Case No. 3:06-cv-00083-TMB |

**DEFENDANT CHUGIAK SENIOR CITIZENS, INC.'S REPLY
TO OPPOSITION TO MOTION *IN LIMINE* NO. 6
RE: PLAINTIFF'S ALLEGED DAMAGES ASSOCIATED WITH LITIGATION**

**I. INTRODUCTION**

Defendant, Chugiak Senior Citizens, Inc. ("CSC"), by and through counsel of record, Delaney Wiles, Inc., replies to the opposition to CSC's motion *in limine* to preclude plaintiff Helen Winters, from presenting evidence either through herself or through any witness or exhibit that the filing and litigation of this case caused plaintiff

Defendant Chugiak Senior Citizens, Inc.'s Reply to Opposition to
Motion *in Limine* No. 6 Re: Plaintiff's Alleged Damages Associated with Litigation
Winters v. Chugiak Senior Citizens/Case No. 3:06-cv-0083 (TMB)  Page 1 of 5

emotional distress, mental anguish or any other damages because the law limits plaintiff's recovery of damages for mental anguish and emotional distress to the injury itself.

Plaintiff agrees in her opposition that "generally litigation induced stress is not recoverable as a separate component of damages." See Opposition at 1. However, plaintiff then seems to imply that this is not so and cites *Knussman v. Maryland*, 272 F.3d 625, 642 (4th Cir. 2001), *Stoleson v. United States*, 708 F.2d 1217, 1223 (7th Cir. 1983), and *Buoy v. ERA Helicopters, Inc.*, 771 P.2d 439, 443 (Alaska 1989). See Opposition at 1-2. None of these cases hold a plaintiff may recover damages for emotional distress or stress caused by litigation.

For example, in *Knussman v. Maryland*, 272 F.3d 625, 642 (4th Cir. 2001), the Fourth Circuit held that "litigation-induced emotional distress is never a compensable element of damages." *Id.* at 642. The court explained: "Knussman is entitled to be compensated for emotional distress caused by Mullineaux's constitutional violation but not for any emotional distress associated with the litigation of this action or his employer's general internal grievance process." The court found a new trial was necessary because the jury's damage award for the plaintiff's emotional distress was based in part on stress caused by litigation, which is not legally compensable. *Id.*

Plaintiff's reliance on *Stoleson v. United States*, 708 F.2d 1217, 1223 (7th Cir. 1983), similarly does not assist plaintiff's cause. The Seventh Circuit stated in *Stoleson*: "It would be strange if stress induced by litigation could be attributed in

Defendant Chugiak Senior Citizens, Inc.'s Reply to Opposition to
Motion *in Limine* No. 6 Re: Plaintiff's Alleged Damages Associated with Litigation
Winters v. Chugiak Senior Citizens/Case No. 3:06-cv-0083 (TMB)    Page 2 of 5

law to the tortfeasor. An alleged tortfeasor should have the right to defend himself in court without" the potential for increasing its damages as result of defending itself. *Id.* at 1223.

Plaintiff's reliance on *Buoy v. ERA Helicopters, Inc.*, 771 P.2d 439, 443 (Alaska 1989), is also misplaced. In *Buoy*, the Alaska Supreme Court concluded that it was not reversible error to permit the defendant from questioning the plaintiff regarding whether the plaintiff's stress from a prior trial (*i.e.*, not the current trial) affected the plaintiff's mental state. *Id.* at 443. The defendant was attempting to show that the plaintiff's only mental damages would have been related to the prior litigation, and not because of the helicopter crash, *i.e.*, the cause of the litigation. *Id.* The plaintiff admitted evidence that his depression was not related to the prior litigation. *Id.* Moreover, the court only permitted the questioning because the "door was opened" by the plaintiff's prior questioning. *Id.* In reaching this decision, the Alaska Supreme Court cited no legal authority in support of its ruling and made no holding regarding whether litigation induced stress is recoverable as a separate component of damages. *Id.* at 443-45. The court also rejected the plaintiff's argument that the plaintiff's damages were increased by the plaintiff's litigation. *Id.* at 445.

Plaintiff has cited no case holding that litigation induced stress is recoverable as a separate component of damages. As explained in CSC's motion, it is undisputed and found by courts in the Ninth Circuit and elsewhere that "litigation stress is not recoverable as damages." *Flowers v. First Hawaiian Bank*, 295 F.

Defendant Chugiak Senior Citizens, Inc.'s Reply to Opposition to
Motion *in Limine* No. 6 Re: Plaintiff's Alleged Damages Associated with Litigation
Winters v. Chugiak Senior Citizens/Case No. 3:06-cv-0083 (TMB)          Page 3 of 5

Supp. 2d 1130, 1140 (D. Hawai'i 2003); *see also Zimmerman v. Direct Federal Credit Union*, 262 F.3d 70, 79 (1st Cir. 2001) ("Sound policy reasons support this rationale: as a general rule, a putative tortfeasor should have the right to defend himself without risking a more munificent award of damages merely because the strain inherent in an actual or impending courtroom confrontation discomfits the plaintiff."); *Clark v. United States*, 660 F. Supp. 1164, 1200 (W.D. Wash. 1987), *aff'd*, 856 F.2d 1433 (9th Cir. 1988)(suggesting that although stress of litigation is caused by the underlying harm, pursuit of litigation is a matter of choice); *Picogna v. Board of Educ. of Tp. of Cherry Hill*, 671 A.2d 1035, 1038 (N.J. 1996); *School Dist. v. Nilsen*, 534 P.2d 1135, 1146 (Or. 1975).

As plaintiff notes, and CSC does not dispute, plaintiff is free to admit evidence and argue that she is entitled to emotional distress damages that are based on CSC's alleged unlawful acts and discrimination that gave rise to her filing this case on March 14, 2006. However, plaintiff (or her attorneys or witnesses) may not submit any evidence or make any argument that plaintiff is entitled to increased damages related to the prosecution of this litigation.

Defendant Chugiak Senior Citizens, Inc.'s Reply to Opposition to
Motion *in Limine* No. 6 Re: Plaintiff's Alleged Damages Associated with Litigation
<u>Winters v. Chugiak Senior Citizens</u>/Case No. 3:06-cv-0083 (TMB)          Page 4 of 5

For the reasons set forth above, the court should grant CSC's motion *in limine* and preclude plaintiff from presenting any evidence or argument that the litigation of this case caused plaintiff emotional distress, mental anguish or any other damages.

DATED at Anchorage, Alaska, this 9th day of February, 2006.

DELANEY WILES, INC.
Attorneys for Chugiak Senior Citizens, Inc.

/s/ Donna M. Meyers and Clay A. Young
1007 W. 3rd Avenue, Suite 400
Anchorage, Alaska 99501
Phone: 907-279-3581
Fax: 907-277-1331
cay@delaneywiles.com
dmm@delaneywiles.com
Alaska Bar No. 7410117 (CAY)
Alaska Bar No. 9006011 (DMM)

**CERTIFICATE OF SERVICE**

I hereby certify that on the 9th
day of February, 2006, a copy of
the above was served electronically on:

Barbara Brink/Nikole Nelson
Jim Davis, Jr./Sonja Kerr
Alaska Legal Services Corporation
1016 West 6th Avenue, Suite 200
Anchorage, Alaska 99501

/s/ Donna M. Meyers and Clay A. Young
(127163)

Defendant Chugiak Senior Citizens, Inc.'s Reply to Opposition to
Motion *in Limine* No. 6 Re: Plaintiff's Alleged Damages Associated with Litigation
Winters v. Chugiak Senior Citizens/Case No. 3:06-cv-0083 (TMB)    Page 5 of 5