Donna M. Meyers
Clay A. Young
Delaney Wiles, Inc.
1007 W. 3rd Avenue, Suite 400
Anchorage, Alaska  99501
Phone:  907-279-3581
Fax:  907-277-1331
dmm@delaneywiles.com
cay@delaneywiles.com

Attorneys for Defendant
Chugiak Senior Citizens, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| HELEN WINTERS, through her Power of Attorney Carol Winters,<br><br>                Plaintiff,<br><br>v.<br><br>CHUGIAK SENIOR CITIZENS, INC.,<br><br>                Defendant.<br>_____ | <br><br><br><br><br><br><br><br><br><br>Case No. 3:06-cv-00083-TMB |

**DEFENDANT CHUGIAK SENIOR CITIZENS, INC.'S REPLY TO OPPOSITION TO MOTION *IN LIMINE* NO. 7 RE: TEMPORARY RESTRAINING ORDER**

**I.    Introduction**

Plaintiff Helen Winters' opposition to CSC's motion *in limine* to exclude reference to or use in any manner the prior motion, findings, conclusions, and order relating to the temporary restraining order ("TRO") fails to cite any persuasive relevancy argument or legal authority for admitting the evidence.  Plaintiff opposes CSC's motion arguing that (1) Judge Stowers' TRO is relevant; (2) Rule 403 does not preclude admission of the TRO; and (3) the TRO is not hearsay.  The arguments lack merit.

Defendant Chugiak Senior Citizens, Inc.'s Reply to Plaintiff's Opposition to Motion *in Limine*
No. 7 Re: Temporary Restraining Order
Winters v. Chugiak Senior Citizens/Case No. 3:06-cv-0083 (TMB)                    Page 1 of 6

**II.     The TRO Has No Relevance To This Case**

CSC moved to exclude the TRO because as a matter of law a TRO does not and could not have any relevance to the underlying merits of plaintiff's nine causes of action. *See* Motion at 4-11.  Plaintiff does not contest or dispute the plethora of legal authority demonstrating this point.  *See* Opposition at 1-4.  In fact, plaintiff was not able to marshal any legal authority from the Ninth Circuit or from any other federal or state jurisdiction where a court found evidence of a TRO relevant and admissible during the trial on the merits of the action.  *Id.*  Instead, without any legal authority to support her argument, plaintiff simply baldly asserts evidence of the TRO is relevant to demonstrate the procedural posture of the case, CSC's effort to evict plaintiff, and the reason why plaintiff currently remains at CSC.  *See* Motion at 1-2.  Plaintiff's relevancy arguments are not well-taken.

First, the procedural posture of the case and the fact that plaintiff sought a TRO is not relevant to this case. *See* Motion at 2; Fed. R. Evid. 401.  Whether plaintiff sought a TRO or did not seek a TRO after she filed suit on March 14, 2006, does not establish or refute whether CSC discriminated against plaintiff or whether CSC lawfully attempted to terminate plaintiff's lease agreement with CSC on January 5, 2006, by serving plaintiff with a letter notifying her that CSC was terminating its contract and lease agreement with her.  Fed. R. Evid. 401.

Second, plaintiff's argument that the filing of a TRO is relevant to CSC's effort to evict plaintiff is similarly legally unsound.  *See* Motion at 2; Fed. R. Evid. 401.  This case involves whether CSC discriminated against plaintiff prior to the filing of her complaint on March 14, 2006 and whether CSC lawfully attempted to terminate plaintiff's lease

Defendant Chugiak Senior Citizens, Inc.'s Reply to Plaintiff's Opposition to Motion *in Limine*
No. 7 Re: Temporary Restraining Order
<u>Winters v. Chugiak Senior Citizens</u>/Case No. 3:06-cv-0083 (TMB)                                      Page 2 of 6

agreement with CSC on January 5, 2006. CSC has made no attempt to evict plaintiff following January 5, 2006. Plaintiff's filing and receiving a TRO does not demonstrate that CSC subsequently attempted to evict plaintiff. Even though CSC has not retracted the termination letter, evidence of plaintiff's filing and receipt of a TRO also does not have any tendency to show whether CSC discriminated against plaintiff or attempted to unlawfully terminate her contract on January 5, 2006.[1] Moreover, even if it did, that is not what plaintiff is suing CSC over. Plaintiff is suing CSC over its conduct toward plaintiff at CSC prior to January 5, 2006, and CSC's attempt to terminate plaintiff's lease agreement with CSC on January 5, 2006. Evidence of a TRO issued after this case was filed is not probative of any claim at issue in this case and does not make any fact at issue more or less probable. Fed. R. Evid. 401.

Third, plaintiff's argument that the TRO is relevant to establish the reason why plaintiff currently remains at CSC is inapposite. *See* Motion at 2. Whether plaintiff is currently staying at CSC because of a TRO and subsequent stipulation between the parties, or whether plaintiff is living at home, or whether plaintiff is living at another assisted living facility, or whether plaintiff is living at a nursing home has no relevance to whether CSC discriminated against plaintiff prior to the filing of her complaint on March 14, 2006 or whether CSC lawfully attempted to terminate plaintiff's lease agreement with CSC on January 5, 2006. Fed. R. Civ. P. 401.

In sum, plaintiff has failed to submit any legal authority demonstrating she is entitled to admit evidence of the TRO and has similarly failed to articulate any factual basis for admission of the TRO. The Court should therefore grant CSC's motion.

---

[1] *See, e.g.*, Plaintiff's Motion to Exclude Evidence After January 31, 2006 (Dkt. 154).

Defendant Chugiak Senior Citizens, Inc.'s Reply to Plaintiff's Opposition to Motion *in Limine*
No. 7 Re: Temporary Restraining Order
Winters v. Chugiak Senior Citizens/Case No. 3:06-cv-0083 (TMB)                Page 3 of 6

### III. The TRO Evidence Should Be Excluded Under Rule 403

CSC also moved to exclude evidence of the TRO under Evidence Rule 403. In her opposition, plaintiff states that evidence of the TRO should be presented to the jury "otherwise, the jury might believe that [] CSC wholly volunteered to allow Ms. Winters to remain at CSC notwithstanding the January 2006 attempt to evict her." *See* Motion at 3. The potential prejudice to CSC is laid bare by plaintiff's own argument. *See id.*

Plaintiff is attempting to use the TRO as evidence of CSC's liability and to demonstrate that CSC did not voluntarily permit plaintiff to remain at CSC.[2] As explained above, the relevance of this evidence is minimal or nonexistent because whether plaintiff currently resides at CSC, as opposed to any other residence, is not probative of whether CSC discriminated against or acted unlawfully towards plaintiff. *See* Fed. R. Evid. 403. Similarly, whether plaintiff's current residence is the result of any voluntary or involuntary act by CSC is similarly irrelevant to whether CSC discriminated against or acted unlawfully towards plaintiff. Moreover, since a TRO has no legal significance and could not have any legal significance to the merits of plaintiff's claims,[3] and CSC voluntarily entered into a stipulation with plaintiff to permit her to remain at CSC during the lawsuit, CSC in fact did voluntarily permit plaintiff to remain at CSC.

---

[2] The only legal authority plaintiff relies on is *Gilchrist v. Jim Slemons Imports, Inc.*, 803 F.2d 1488, 1500 (9th Cir. 1986). Plaintiff's reliance *Gilchrist* is misplaced because unlike the legal claims raised in this case, *Gilchrist* did not involve the admissibility of a TRO, but rather involved a probable cause determination in an employment case. *Id.*

[3] *See University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981) ("the findings of fact and conclusions of law made by a court granting a preliminary injunction are not binding at trial on the merits").

Defendant Chugiak Senior Citizens, Inc.'s Reply to Plaintiff's Opposition to Motion *in Limine*
No. 7 Re: Temporary Restraining Order
Winters v. Chugiak Senior Citizens/Case No. 3:06-cv-0083 (TMB)   Page 4 of 6

The potential unfair prejudice to CSC in admitting evidence of the TRO is quite high because plaintiff is attempting to admit irrelevant evidence and thus potentially cause the jury to base its verdict on inadmissible evidence. Fed. R. Evid. 403. The jury is likely to give undue weight to the findings and issuance of the *ex parte* order by Judge Stowers simply because it was issued by a judge, even though the TRO is not relevant and has no legal import in resolving the merits of the case.

Moreover, as plaintiff's argument makes clear, plaintiff is simply attempting to use this evidence to mislead and confuse the jury. In sum, plaintiff's argument that the evidence of the TRO should not be excluded under Rule 403 lacks merit.

### IV. The TRO Is Not Admissible Hearsay

Plaintiff argues that the TRO entered by Judge Stowers is not hearsay and thus it cannot be excluded under Evidence Rule 802. *See* Motion at 3-4. Plaintiff asserts that the TRO is a legally operative document and thus not hearsay for the purpose of demonstrating how it is that plaintiff remains at CSC's facility and to demonstrate that the TRO prevented the eviction. *See* Motion at 3. Plaintiff's argument is unavailing.

As explained in CSC's motion, the TRO is hearsay to the extent that it is being offered for the truth of the matter of temporarily preventing Winters' eviction. *See* Fed. R. Evid. 801; 802. However, even if the TRO was not hearsay, as a predicate matter, plaintiff must still demonstrate the TRO is relevant. *See* Fed. R. Evid. 401. As explained above, *see supra* at 2-5, and in CSC's underlying motion, plaintiff has failed to establish that the TRO is relevant to any of her nine causes of action. If evidence of the TRO is not relevant, it cannot be admitted whether it is or is not hearsay. *See* Fed. R. Evid. 401. Plaintiff has also failed to refute the fact that temporary restraining orders

Defendant Chugiak Senior Citizens, Inc.'s Reply to Plaintiff's Opposition to Motion *in Limine*
No. 7 Re: Temporary Restraining Order
<u>Winters v. Chugiak Senior Citizens</u>/Case No. 3:06-cv-0083 (TMB)                Page 5 of 6

do not have a *res judicata* or collateral estoppel effect.  *See* Motion at 6-11.  The Court should therefore grant CSC's motion to exclude evidence of the TRO.

## V.    Conclusion

For the reasons set forth above and in CSC's motion, the Court should grant CSC's motion *in limine* and order plaintiff, plaintiff's counsel, and any witness to refrain from referring to or using in any manner the TRO, and any findings or conclusions stated therein.

DATED at Anchorage, Alaska, this 9th of February, 2007.

>
> DELANEY WILES, INC.
> Attorneys for Chugiak Senior Citizens, Inc.
>
> s/Donna M. Meyers and Clay A. Young
> Delaney Wiles, Inc.
> 1007 W. Third Avenue, Suite 400
> Anchorage, Alaska  99501
> Phone:      907-279-3581
> Fax:          907-277-1331
> E-mail:      dmm@delaneywiles.com
> E-mail:      cay@delaneywiles.com
> AK Bar No.: 9006011 (DMM)
> AK Bar No.: 7410117 (CAY)

**CERTIFICATE OF SERVICE**

I hereby certify that on the 9th day of
February, 2006, a copy of this document
was served electronically on:

Barbara Brink/Nikole Nelson
Jim Davis, Jr./Sonja Kerr
Alaska Legal Services Corporation
1016 West 6th Avenue, Suite 200
Anchorage, Alaska   99501

s/Donna M. Meyers and Clay A. Young
(127092)

Defendant Chugiak Senior Citizens, Inc.'s Reply to Plaintiff's Opposition to Motion *in Limine*
No. 7 Re: Temporary Restraining Order
Winters v. Chugiak Senior Citizens/Case No. 3:06-cv-0083 (TMB)                    Page 6 of 6