Donna M. Meyers
Clay A. Young
Delaney Wiles, Inc.
1007 W. 3rd Avenue, Suite 400
Anchorage, Alaska  99501
PHONE:  907-279-3581
FAX:  907-277-1331
dmm@delaneywiles.com
cay@delaneywiles.com

Attorneys for Defendant Chugiak Senior Citizens, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| HELEN WINTERS, through her Power of Attorney Carol Winters,  )<br>)<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>CHUGIAK SENIOR CITIZENS, INC.,  )<br>)<br>Defendant.  )<br>_____)  | Case No. 3:06-cv-00083-TMB |

**DEFENDANT CHUGIAK SENIOR CITIZENS, INC.'S REPLY TO OPPOSITION TO MOTION *IN LIMINE* NO. 3 TO PRECLUDE ADMISSION OF INADMISSIBLE EVIDENCE INVOLVING THERESA FORSYTH**

Chugiak Senior Citizens, Inc.'s ("CSC") Motion *in limine* No. 3 seeks to preclude evidence of Theresa Forsyth's: (1) alleged family feud; (2) alleged mistreatment of residents at CSC; (3) alleged emotional difficulties; (4) 1989 grand theft charge in Florida for which Forsyth was not convicted; and (5) problems at Wickersham House. Plaintiff's opposition fails to demonstrate any legitimate basis for admitting the evidence.

Defendant Chugiak Senior Citizens, Inc.'s Reply to Opposition to Motion *in Limine*
No. 3 to Preclude Admission of Inadmissible Evidence Involving Theresa Forsyth
Winters v. Chugiak Senior Citizens/Case No. 3:06-cv-0083 (TMB)                    Page 1 of 7

I.      **Forsyth's Alleged Family Feud Is Not Admissible**

CSC sought to exclude evidence of a domestic dispute involving Forsyth under Evidence Rules 401, 602, 404(a), 608, and 403. *See* Motion at 1-2 & 4-15. Plaintiff has not provided any argument or authority that specifically addresses how Forsyth's domestic dispute is relevant to this case, or specifically why the evidence of Forsyth's domestic dispute should not be excluded under Evidence Rules 401, 602, 404(a), and 608. *See* Opp. at 3-7.

Plaintiff only contests the admissibility of Forsyth's domestic dispute under the Evidence Rule 403 balancing test. *See* Opp. at 6. Plaintiff does not dispute that evidence of domestic violence carries a prejudicial stigma. *See id.* Instead, plaintiff simply asserts any prejudice is outweighed because "engaging in violent behavior while employed as a care-giver has far greater probative value."[1] *See id.* Plaintiff does not, however, explain what the probative value is. *See id.* Moreover, plaintiff has not produced any admissible evidence regarding the alleged domestic violence. *See id.* As explained in CSC's motion, evidence of domestic violence is highly prejudicial given the social stigma attached to such conduct. *See* Motion at 13 (citing numerous cases). It is also undisputed and not contested that introduction of the evidence will confuse the jury, cause a mini-trial on a tangential issue, and substantially lengthen the trial by permitting other witnesses to place the allegations of domestic violence in context. *See* Opp. at 6; Fed. R. Evid. 403.

---

[1] CSC disputes plaintiff's outlandish and totally unsubstantiated characterizations of Forsyth's domestic issues with her daughter, particularly the alleged description of the incident, and the reasons why the court issued a protective order. If plaintiff had bothered to research the incident she would know Forsyth did not physically attack her daughter and Forsyth actually agreed to the long term protective order to allow her daughter to remain with Forsyth's sister. Surely if Forsyth had physically attacked her daughter as plaintiff claims, there would have been a police report and/or report to the Office of Children's Services. Plaintiff cannot and has not produced either. CSC also disputes plaintiff's characterization of Forsyth's treatment of plaintiff as "abusive and potentially criminal." Opp. at 2.

Defendant Chugiak Senior Citizens, Inc.'s Reply to Opposition to Motion *in Limine*
No. 3 to Preclude Admission of Inadmissible Evidence Involving Theresa Forsyth
Winters v. Chugiak Senior Citizens/Case No. 3:06-cv-0083 (TMB)                        Page 2 of 7

For these reasons, and the reasons set forth in CSC's motion, the court should grant CSC's motion to exclude evidence of Forsyth's alleged family feud.

## II. Forysth's Alleged Mistreatment Of Other CSC Residents Is Not Admissible

CSC sought to exclude evidence of Forsyth's alleged mistreatment of other CSC residents under Evidence Rules 401, 602, 404(a), 608, and 403. *See* Motion at 1-2, 4-15. Plaintiff argues evidence of Forsyth's alleged mistreatment of other residents is admissible as evidence Forsyth's "habits of rudeness, and verbal abuse, physical abuse and rough handling of residents." *See* Opp. at 3-5. Plaintiff is wrong. This lawsuit involves plaintiff's allegations that CSC mistreated her, so plaintiff may certainly offer evidence involving Forsyth's alleged mistreatment of plaintiff. However, as explained in CSC's motion, the law precludes plaintiff from attempting to demonstrate plaintiff or CSC mistreated plaintiff by introducing evidence that Forsyth allegedly mistreated other CSC residents. *See* Fed. R. Evid. 401, 404(b). Plaintiff is attempting to do what Rule 404(b) expressly forbids, using evidence of other alleged wrongs against other residents to establish that Forsyth also mistreated plaintiff. *See* Fed. R. Evid. 404(b).

To the extent plaintiff is attempting to admit evidence of Forsyth's alleged mistreatment of other residents to show that CSC knew that Forsyth mistreated other patients and that CSC's training and supervision of Forsyth was inadequate, plaintiff's showing is factually bereft. *See* Opp. at 3-7. Plaintiff has produced no admissible evidence that Forsyth mistreated any other CSC resident. *See id.*; Fed. R. Evid. 602. Plaintiff has similarly not produced any evidence that CSC was aware that Forsyth allegedly mistreated any other CSC resident. *See* Opp. at 3-7. Plaintiff may not blindly make unfounded allegations in a base attempt to slander Forsyth and

Defendant Chugiak Senior Citizens, Inc.'s Reply to Opposition to Motion *in Limine*
No. 3 to Preclude Admission of Inadmissible Evidence Involving Theresa Forsyth
<u>Winters v. Chugiak Senior Citizens</u>/Case No. 3:06-cv-0083 (TMB)                    Page 3 of 7

CSC, when plaintiff lacks personal knowledge and has no evidence of any wrongdoing committed by Forsyth on other CSC residents.

Given the lack of evidence of other mistreatment by Forsyth or CSC of other CSC residents, plaintiff may not admit this "evidence" under Rule 406, as evidence of a habit or routine practice by Forsyth. *See* Opp. at 5. Federal Rule of Evidence 406 provides that "evidence of the habit of a person . . . is relevant to prove that the conduct of the person . . . on a particular occasion was in conformity with the habit[.]" Fed. R. Evid. 406. However, the Advisory Committee Notes to Rule 406 explain that habit "describes one's regular response to a repeated specific situation . . . such as the habit of going down a particular stairway two stairs at a time, or of giving the hand signal for a left turn. . . . The doing of habitual acts may become semi-automatic." Fed. R. Evid. 406 Advisory Committee Notes (1972). As there is no evidence that Forsyth or CSC mistreated other residents, plaintiff may not assert that it was Forsyth's habit to mistreat other patients. Plaintiff has not established that Forsyth's alleged conduct and mistreatment towards plaintiff was "her regular response" to her treatment of all of her patients at CSC, such that her alleged mistreatment was a "habitual act" that was "semi-automatic."

Evidence of Forsyth's alleged mistreatment of other CSC residents is therefore inadmissible under Evidence Rules 401, 602, 404(a), 608, and 403.

### III.    Forysth's Alleged Emotional Difficulties Are Not Admissible

CSC moved to exclude evidence of Forsyth's alleged emotional difficulties under Evidence Rules 401, 602, 404(a), 608, and 403. *See* Motion at 1-2, 4-15. Plaintiff has not presented any argument, factual or legal, that CSC's motion is not well taken regarding this evidence under these evidence rules. *See* Opp. at 3-7. The court should therefore grant CSC's motion for the reasons set forth in CSC's motion.

Defendant Chugiak Senior Citizens, Inc.'s Reply to Opposition to Motion *in Limine*
No. 3 to Preclude Admission of Inadmissible Evidence Involving Theresa Forsyth
Winters v. Chugiak Senior Citizens/Case No. 3:06-cv-0083 (TMB)    Page 4 of 7

### IV. Forsyth's 1989 Grand Theft Automobile Charge Is Not Admissible

CSC moved pursuant to Evidence Rules 401, 602, 404(a), 608, and 403 to exclude evidence of Forsyth's 1989 grand theft charge in Florida for which Forsyth was not convicted and was dismissed by the prosecutor. *See* Motion at 1-2, 4-15. Plaintiff does not expressly address argue why this evidence should not be excluded under these Evidence Rules. *See* Opp. at 3-7. Even if this evidence was otherwise theoretically admissible, the time for discovery has closed, as has the time to submit trial exhibits, and there is no admissible evidence or record of the 1989 charge that was dismissed.

Plaintiff simply baldly asserts, without any factual support, that the evidence of the dismissal of Forsyth's 1989 grand theft charge is admissible to show that CSC was negligent because it allegedly did not conduct a background check of Forsyth. *See* Opp. at 4 n.2. However, the undisputed facts demonstrate the lack of merit in plaintiff's argument as CSC did obtain a criminal background check on Forsyth from the State of Alaska Department of Public Safety when Forsyth submitted her application on September 22, 2004, and again on January 6, 2005, and again on January 19, 2005. *See* Exh. E (State of Alaska Background Checks); Exh. F (Employment Application). There was no record of Forsyth's 1989 grand theft charge that was dismissed because even law enforcement recognizes it was of no legal import. Thus, the predicate basis of plaintiff's argument is incorrect and admission of Forsyth's grand theft charge would not accomplish any purpose.

Plaintiff also argues admission of the 1989 grand theft charge is admissible under Evidence Rule 608 to demonstrate Forsyth's lack of truthfulness. *See* Opp. at 6. Tellingly, plaintiff does not cite any case from any jurisdiction where a court held a 17 year-old dismissed theft charge is admissible under Rule 608. *See id.* Moreover, Forsyth was not convicted of the

Defendant Chugiak Senior Citizens, Inc.'s Reply to Opposition to Motion *in Limine*
No. 3 to Preclude Admission of Inadmissible Evidence Involving Theresa Forsyth
<u>Winters v. Chugiak Senior Citizens</u>/Case No. 3:06-cv-0083 (TMB)                    Page 5 of 7

theft charge, thus its probativeness of Forsyth's credibility and truthfulness is further lessened. And, even if Forsyth had been convicted, Evidence Rule 609(b) precludes introduction of a conviction that is over 10 years old. Fed. R. Evid. 609(b). Evidence Rule 609(a) also bars the evidence because plaintiff has made no showing that (even if Forsyth was convicted) her crime would have punishable by imprisonment of more than one year. In sum, plaintiff's arguments lack merit and the court should exclude evidence of Forsyth's 1989 grand theft charge.

## V.  Evidence of Forsyth's Alleged Incident at Wickersham House Is Not Admissible

CSC moved to exclude evidence of Forsyth's problems at Wickersham House. *See* Motion at 1-2, 4-15. Plaintiff does not expressly address or argue why this evidence should not be excluded under these Evidence Rules. *See* Opp. at 3-7. Plaintiff simply asserts that Forsyth's grabbing a resident's genitals at Wickersham House is evidence of her "habit" of rudeness and abuse of residents requiring heavy care similar to that provided by Forsyth to plaintiff. *See* Opp. at 2, 5, 6.

Plaintiff has not demonstrated the predicate factual and legal requirements to admit evidence of Forsyth's evidence at Wickersham House as "habit" evidence. Fed. R. Evid. 406. Plaintiff has not shown that Forsyth's alleged grabbing of the genitals of one resident at the Wickersham House on one occasion after plaintiff filed her suit was Forsyth's regular response to a repeated specific situation. *See* Discussion supra of Fed. R. Evid. 406 at 4-5. There is no allegation that Forsyth ever grabbed plaintiff's genitals.

Moreover, plaintiff has not presented any factual evidence regarding exactly what evidence at Wickersham House would constitute Forsyth's habit; plaintiff only references one subsequent incident of allegedly grabbing a resident's genitals in self defense. Fed. R. Evid. 406. One alleged instance of grabbing a Wickersham House resident's genitals does not make it a

Defendant Chugiak Senior Citizens, Inc.'s Reply to Opposition to Motion *in Limine*
No. 3 to Preclude Admission of Inadmissible Evidence Involving Theresa Forsyth
<u>Winters v. Chugiak Senior Citizens</u>/Case No. 3:06-cv-0083 (TMB)                    Page 6 of 7

"habit." *See Bollinger, Inc. v. Mayerson*, 689 N.E.2d 62, 71 (Ohio. App. 1996) ("Evidence as to one or two isolated occurrences does not establish a sufficient regular practice for admission pursuant to Evid. R. 406."). Furthermore, given the highly prejudicial, emotional, and inflammatory nature of the alleged incident, evidence of the Wickersham incident should be excluded under Rule 403.

## VI.    Conclusion

For the reasons set forth above, and in CSC's motion, the court should grant CSC's motion to exclude evidence of Forsyth's (1) alleged family feud; (2) alleged mistreatment of residents at CSC; (3) alleged emotional difficulties; (4) 1989 grand theft charge in Florida for which Forsyth was not convicted; and (5) problems at Wickersham House.

DATED at Anchorage, Alaska, this 12th day of February, 2007.

> DELANEY WILES, INC.
> Attorneys for Chugiak Senior Citizens, Inc.
> s/Donna M. Meyers and Clay A. Young
> Delaney Wiles, Inc.
> 1007 W. Third Avenue, Suite 400
> Anchorage, Alaska 99501
> Phone: 907-279-3581
> Fax:    907-277-1331
> E-mail: dmm@delaneywiles.com
> E-mail: cay@delaneywiles.com
> Alaska Bar Assoc. No. 9006011 (DMM)
> Alaska Bar Assoc. No. 7410117 (CAY)

**CERTIFICATE OF SERVICE**

I hereby certify that on the 12th day
of February, 2007, a copy of this
document was served electronically on:

Barbara Brink/Nikole Nelson
Jim Davis, Jr./Sonja Kerr
Alaska Legal Services Corporation
1016 West 6th Avenue, Suite 200
Anchorage, Alaska 99501

s/Donna M. Meyers and Clay A. Young
(127114)

Defendant Chugiak Senior Citizens, Inc.'s Reply to Opposition to Motion *in Limine*
No. 3 to Preclude Admission of Inadmissible Evidence Involving Theresa Forsyth
Winters v. Chugiak Senior Citizens/Case No. 3:06-cv-0083 (TMB)                Page 7 of 7