Donna M. Meyers
Clay A. Young
Delaney Wiles, Inc.
1007 W. 3rd Avenue, Suite 400
Anchorage, Alaska  99501
Phone:  907-279-3581
Fax:  907-277-1331
dmm@delaneywiles.com
cay@delaneywiles.com

Attorneys for Defendant
Chugiak Senior Citizens, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| HELEN WINTERS, through her Power of Attorney Carol Winters,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>CHUGIAK SENIOR CITIZENS, INC.,<br><br>　　　　　　　　　Defendant.<br>_____ | <br><br><br><br><br><br><br><br><br><br>Case No. 3:06-cv-00083-TMB |

**DEFENDANT CHUGIAK SENIOR CITIZENS, INC.'S REPLY TO OPPOSITION TO MOTION *IN LIMINE* NO. 12 RE: ALLEGED DISCRIMINATORY OR RETALIATORY PRACTICES AGAINST OTHER CSC RESIDENTS**

**I.     INTRODUCTION**

Defendant, Chugiak Senior Citizens, Inc. ("CSC"), seeks to preclude plaintiff, plaintiff's counsel, or any witness from presenting any evidence or argument regarding alleged discriminatory, retaliatory, or unlawful acts CSC allegedly committed against other CSC residents.  In her opposition, plaintiff claims such evidence is nonetheless admissible and should be admitted under Evidence Rules

401, 404(b), 406, and 403 despite actually having no evidence regarding any prior specific acts of unlawful discrimination committed by CSC regarding other CSC residents. *See* Opposition at 1-6. For the reasons, set forth below, Plaintiff's opposition lacks merit.

II.   **Evidence of CSC's Actions Towards Other Residents Is Not Admissible.**

Plaintiff makes the following arguments: the evidence is admissible to show CSC's improper training and hiring of staff; the evidence is admissible to show that plaintiff was evicted for making complaints to improve the quality of care; CSC retaliated against other residents; and CSC has a history of evicting heavy care residents. *See* Opposition at 2-3. There are numerous deficiencies with plaintiff's arguments.

As to her argument regarding CSC's alleged lack of improper hiring and training of CSC employees, plaintiff's argument is wrong. *See* Opposition at 1-3. In this motion, CSC is not seeking to preclude evidence of CSC's training procedures or hiring of its staff. *See* Motion at 1-6. To the extent CSC's hiring and training procedures are relevant to plaintiff's claims, plaintiff may admit such evidence.[1]

Second, as for plaintiff's argument regarding her assertions: (1) that she was evicted for making complaints to improve the quality of care, (2) CSC retaliated against other residents, and (3) CSC has a history of evicting heavy care residents;

---

[1] The only allegations of improper hiring plaintiff cites is of CSC's failure to conduct a background check of Theresa Forsyth. *See* Opposition at 3 n.2. As explained in the Reply to Motion in Limine No. No. 3, the undisputed facts (as opposed to plaintiff's counsel's unsupported statement in the opposition) demonstrate that CSC had the State of Alaska Department of Public Safety conduct a criminal background check of Forsyth when Forsyth submitted her application on September 22, 2004, and again on January 6, 2005, and again on January 19, 2005. *See* Exh. E (State of Alaska Background Checks); Exh. F (Employment Application) (attached to Reply to Motion in Limine No. 3).

there is no evidence to support such assertions. The time for discovery has closed and plaintiff has produced no evidence that CSC discriminated against or acted unlawfully against other CSC residents or that plaintiff was aware of and made complaints on behalf of other CSC residents who were allegedly discriminated against. Consequently, the predicate foundation and basis for plaintiff's proffer is absent. *See* Opposition at 1-6. Because there is no evidence that CSC discriminated against other CSC residents, plaintiff may not submit evidence or argument that CSC allegedly retaliated against plaintiff because of plaintiff's complaints about unknown discrimination towards other CSC residents.

### A. Rules 401 And 404 Preclude Admission.

Plaintiff argues that evidence of these unknown, undocumented acts of alleged discrimination against other CSC's residents is admissible under Evidence Rules 401 and 404, as evidence of plaintiff's claims and CSC's alleged discriminatory motive and intent.[2] Plaintiff's argument is incorrect. As this lawsuit involves plaintiff's allegations that CSC mistreated her, plaintiff may certainly submit evidence involving CSC's alleged mistreatment of plaintiff. However, as explained in CSC's motion, the law precludes plaintiff from attempting to demonstrate CSC mistreated plaintiff by introducing evidence that CSC allegedly mistreated other CSC

---

[2] Plaintiff has stated that CSC has a habit of discriminating against other CSC residents. *See* Opposition at 5. However, as previously explained, plaintiff has not produced any evidence of this alleged discrimination. The only instance plaintiff is able to cite to, is one comment CSC employee Jan Freels' made and retracted regarding getting rid of "heavy care" residents. *See* Opposition at 2. However, even this comment, which was subsequently retracted, does not demonstrate anything improper because CSC is lawfully permitted to terminate a resident's lease agreement when the care of the resident deteriorates, such that the limited nature of the services provided by an assisted living facility are no longer adequate and the resident needs to reside at a nursing home that can provide the higher level of care the resident requires.

Defendant Chugiak Senior Citizens, Inc.'s Reply to Opposition to Motion *in Limine* No. 12 Re: Alleged Discriminatory or Other Retaliatory Practices Against Other CSC Residents
<u>Winters v. Chugiak Senior Citizens</u>, Case No. 3:06-cv-0083 (TMB)                    Page 3 of 8

residents. *See* Fed. R. Evid. 401, 404(a), (b). Plaintiff is attempting to do what Rule 404(b) expressly forbids, using evidence of other alleged wrongs against other residents to establish that CSC also mistreated plaintiff. *See* Fed. R. Evid. 404.

To the extent plaintiff is attempting to admit evidence of CSC's alleged mistreatment of other residents to show CSC's alleged discriminatory motive or intent, plaintiff's showing is factually and legally insufficient. *See* Opposition at 2-6. Plaintiff has produced no admissible evidence that CSC acted unlawfully to any other CSC resident. *See id.* For these same reasons, plaintiff's legal authority is not on point because plaintiff has not produced any evidence of CSC's prior acts of unlawful discrimination from which a discriminatory motive or intent might theoretically be gleaned. *See id.* at 4. Plaintiff may not blindly make unfounded accusations against CSC, alleging a discriminatory motive or intent, based on non-existent prior acts of discrimination. In sum, introduction of CSC's prior alleged unlawful acts to other CSC residents is not relevant to any of plaintiff's nine causes of action allegedly committed by CSC. Fed. R. Evid. 401. Plaintiff is simply impermissibly attempting to show that CSC must have acted unlawfully against plaintiff because CSC allegedly acted unlawfully against other CSC residents; such evidence is barred by Rule 404. Fed. R. Evid. 404.

**B.   Rule 406 Precludes Admission.**

Plaintiff also argues admission of these unknown, undocumented acts of alleged discrimination against other CSC's residents is also admissible under Evidence Rule 406, as evidence of a habit or routine practice by CSC. *See*

Opposition at 5.  Given the lack of evidence of "discrimination" by CSC of other CSC residents, plaintiff may not admit this "evidence" under Rule 406, as evidence of a habit or routine practice by CSC.  *See* Opposition at 5.  Federal Rule of Evidence 406 provides that "evidence of the habit of a person . . . is relevant to prove that the conduct of the person . . . on a particular occasion was in conformity with the habit[.]" Fed. R. Evid. 406.  However, the Advisory Committee Notes to Rule 406 explains that habit "describes one's regular response to a repeated specific situation . . . such as the habit of going down a particular stairway two stairs at a time, or of giving the hand signal for a left turn. . . .  The doing of habitual acts may become semi-automatic."  Fed. R. Evid. 406 Advisory Committee Notes (1972).  As there is no evidence that CSC unlawfully discriminated against other residents, plaintiff may not assert that it was CSC's habit to discriminate or mistreat other patients.  And if there was such evidence, plaintiff has not established that CSC's alleged unlawful conduct and mistreatment towards other CSC's residents was CSC's "regular response" to CSC's treatment of "heavy care" residents at CSC, such that CSC's alleged mistreatment was a "habitual act" that was "semi-automatic."  Fed. R. Evid. 406.  There is no evidence that CSC ever mistreated other patients.  One prior lawsuit, i.e., Metcalf's, filed five years earlier, is not sufficient evidence that CSC had a habit or routine practice of unlawfully discriminating against "heavy care" residents.  Consequently, Rule 406 bars admission of this evidence.

### C. Rule 403 Precludes Admission.

Plaintiff also summarily argues that admission of these unknown, undocumented acts of alleged discrimination against other CSC's residents should also be admitted under Evidence Rule 403 because they are not unfairly prejudicial. *See* Opposition at 5. Plaintiff's argument ignores the high potential for misuse of character evidence under Rule 403:

> Character evidence is of slight probative value and may be very prejudicial. It tends to distract the trier of fact from the main question of what actually happened on the particular occasion. It subtly permits the trier of fact to reward the good man and punish the bad man because of their respective characters despite what the evidence in the case shows actually happened.

Fed. R. Evid. 404, Advisory Committee Notes (1972).

As explained above, and in CSC's motion, there is no probative value to this evidence because whether CSC allegedly acted unlawfully towards other CSC residents does not establish (and could not establish) that CSC acted unlawfully towards plaintiff. The potential for unfair prejudice is great. *Id.* The jury may erroneously conclude that plaintiff's claims have merit based on evidence that is completely legally irrelevant to plaintiff's claims, *i.e.*, that CSC allegedly acted unlawfully or improperly towards plaintiff because CSC allegedly did so with other CSC residents. The potential unfair prejudice is also substantial because the factual situations involving the other residents may be dissimilar to plaintiff's situation. The jury may then find CSC liable for conduct that allegedly took place between CSC and other residents, and not for conduct that occurred between plaintiff and CSC.

The jury may also get confused and conclude that any alleged unlawful acts committed against other CSC residents were also committed against plaintiff when, in fact, there is no evidence to support that inference. Because there is the real potential for confusion of the issues and misleading the jury, the evidence should be excluded under Rule 403. Fed. R. Evid. 403.

### III. Conclusion

For the reasons explained above and in CSC's motion, the Court should grant CSC's motion *in limine* to preclude plaintiff from presenting any evidence or argument regarding CSC's alleged discriminatory, retaliatory or unlawful acts against other CSC residents.

DATED at Anchorage, Alaska, this 12th of February, 2007.

        DELANEY WILES, INC.
        Attorneys for Chugiak Senior Citizens, Inc.

        s/Clay A. Young
        and Donna M. Meyers
        Delaney Wiles, Inc.
        1007 W. Third Avenue, Suite 400
        Anchorage, Alaska  99501
        Phone:      907-279-3581
        Fax:   907-277-1331
        E-mail:      dmm@delaneywiles.com
        E-mail:      cay@delaneywiles.com
        Alaska Bar Assoc. No. 9006011 (DMM)
        Alaska Bar Assoc. No. 7410117 (CAY)

**CERTIFICATE OF SERVICE**

I hereby certify that on the 12th day
of February, 2007, a copy of this document
was served electronically on:

Barbara Brink/Nikole Nelson
Jim Davis, Jr./Sonja Kerr
Alaska Legal Services Corporation
1016 West 6th Avenue, Suite 200
Anchorage, Alaska   99501

s/Clay A. Young
(127187)