Donna M. Meyers
Clay A. Young
Delaney Wiles, Inc.
1007 W. 3rd Avenue, Suite 400
Anchorage, Alaska 99501
Phone: 907-279-3581
Fax: 907-277-1331
dmm@delaneywiles.com
cay@delaneywiles.com

Attorneys for Defendant
Chugiak Senior Citizens, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| HELEN WINTERS, through her Power of Attorney Carol Winters,<br><br>                 Plaintiff,<br><br>v.<br><br>CHUGIAK SENIOR CITIZENS, INC.,<br><br>                 Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. 3:06-cv-00083-TMB |

**DEFENDANT CHUGIAK SENIOR CITIZENS, INC.'S REPLY TO OPPOSITION TO MOTION *IN LIMINE* NO. 8 RE: EXCLUSION OF EVIDENCE INVOLVING OTHER CSC RESIDENTS AND CSC'S EMPLOYEE'S ACTIONS INVOLVING OTHER RESIDENTS AND EVENTS**

### I.    The Evidence Is Not Relevant.

In CSC's Motion In limine No. 8, CSC moved pursuant to Evidence Rules 401, 404, and 403 to preclude plaintiff from presenting evidence either through herself or through any witness or exhibit regarding three issues: (1) a prior lawsuit

against CSC filed by Cleo Metcalf; (2) Mary Coggins' licensure action and licensing status at CSC; and (3) certain CSC employees minor non-consequential medication errors with other residents, discipline for, among other things, absenteeism (not related to plaintiff and not resulting in CSC being understaffed), and allegedly engaged in uncharged conduct involving the diversion of narcotics. *See* Motion at 1-12. In her opposition, plaintiff does not specifically address or explain why evidence relating to those three issues is not barred by Evidence Rules 401, 404, and 403. *See* Opposition at 1-8.

She does not say why (1) a prior lawsuit against CSC filed by Cleo Metcalf; (2) Mary Coggins' licensure action and licensing status at CSC; and (3) certain CSC employees' minor non-consequential medication errors with other residents, discipline for, among other things, absenteeism (not related to plaintiff and not resulting in CSC being understaffed), and allegedly engaged in uncharged conduct involving the diversion of narcotics is not barred by Evidence Rules 401, 404, and 403. She simply asserts she is entitled to present relevant evidence in support of her nine claims against CSC. *See* Opposition at 2.

However, plaintiff does not specifically assert that evidence of the Metcalf lawsuit, Coggins' licensure situation, or other CSC's employees' act, is probative of plaintiff's nine claims. *See id.* at 3-8. Instead, plaintiff argues she is generally entitled to present evidence of CSC's hiring practices, CSC's training and oversight of its employees, and CSC's actions towards other employees and residents, such as Theresa Forsyth. *See id.* at 3, 4 n.1. Evidence regarding Theresa Forsyth is not

the subject of this motion, so plaintiff's arguments regarding evidence involving Theresa Forsyth is in apposite. Moreover, CSC does not dispute for purposes of this motion in limine, the admissibility of evidence relating to CSC's hiring practices, CSC's training and oversight of its employees, and CSC's actions towards other employees and residents to the extent they are probative of plaintiff's claims of discrimination or unlawful conduct committed by CSC if they are related to plaintiff. However, CSC expressly does contest that evidence of the Metcalf lawsuit, Coggins' licensure situation, or other CSC's employees' acts <u>unrelated</u> to plaintiff are admissible. Plaintiff has made no factual showing how the Metcalf lawsuit, Coggins' licensure situation, or other CSC's employees' acts unrelated to plaintiff in fact relate to plaintiff's claims against CSC and are relevant and admissible.

Whether or not Metcalf filed a lawsuit against CSC five years ago does not establish or refute any fact of consequence at issue in the nine claims plaintiff filed against CSC. Fed. R. Evid. 401. Similarly, evidence relating to Coggins' licensure situation, or other CSC's employees' acts unrelated to plaintiff do not establish or refute any fact of consequence at issue in the nine claims plaintiff filed against CSC. Fed. R. Evid. 401.

**II.    The Evidence Is Barred By Rule 404.**

Plaintiff next argues that the evidence is barred by Evidence Rule 404. *See* Opposition at 4-5. Plaintiff reasons that the evidence is admissible to show that CSC employee's violated other residents' rights; was an intentional practice to discriminate against heavy care residents; that CSC had knowledge of its

employees' violent behavior; and that CSC negligently hired, trained, and retained its staff.  *See id.*  As with her prior argument, plaintiff's argument is inapposite because none of plaintiff's proffered reasons are implicated by admission of evidence of the Metcalf lawsuit, Coggins' licensure situation, or other CSC's employees' acts unrelated to plaintiff.  And, as explained in CSC's motion, evidence of CSC's alleged prior bad acts may not be admitted as evidence to show CSC must have also acted improperly towards plaintiff.  Fed. R. Evid. 404.  Such "conformity" type evidence is barred by rule 404(a).[1]

### III.     The Evidence Is Barred By Rule 406.

Plaintiff next argues that such evidence is admissible as evidence of CSC's routine practice.  *See* Opposition at 6.  Plaintiff relies on *Garvey v. Dickinson College*, 763 F. Supp. 796 (M.D. Pa. 1991), but the court in *Garvey* did not address the admissibility of evidence under Evidence Rule 406.  *See Garvey*, 763 F. Supp. at 796-99.  Rather, the court simply addressed whether a college dean's veiled reference to professor as "hostile junior colleague" in letter of recommendation for professor's immediate supervisor was conditionally privileged under Pennsylvania law.  *Id.*

Plaintiff's argument does not meet the standards for admissibility under Rule 406. Federal Rule of Evidence 406 provides that "evidence of the routine practice of

---

[1] In support of her argument, plaintiff relies on *United States v. Brown*, 327 F.3d 867 (9th Cir. 2003), in which the court reversed a defendant's conviction because the prosecutor presented evidence and argument of Brown's criminal propensity by admission of other bad acts.  *See* Opposition at 6.  Here, just as in *Brown*, plaintiff is attempting to use CSC's alleged prior bad acts, i.e., one prior lawsuit involving Metcalf five years ago, to establish CSC had a propensity to commit unlawful acts against plaintiff, something barred by Rule 404.

an organization . . . is relevant to prove that the conduct of the . . . organization on a particular occasion was in conformity with the habit or routine practice[.]" Fed. R. Evid. 406.  However, the Advisory Committee Notes to Rule 406 explains that habit "describes one's regular response to a repeated specific situation . . . such as the habit of going down a particular stairway two stairs at a time, or of giving the hand signal for a left turn. . . .  The doing of habitual acts may become semi-automatic." Fed. R. Evid. 406 Advisory Committee Notes (1972).  As there is no evidence that CSC unlawfully discriminated against other residents, plaintiff may not assert that it was CSC's habit to discriminate or mistreat other patients.  Even if there was such evidence, plaintiff has not established that CSC's alleged unlawful conduct and mistreatment towards other CSC's residents was CSC's "regular response" to CSC's treatment of "heavy care" residents at CSC, such that CSC's alleged mistreatment was a "habitual act" that was "semi-automatic."  Fed. R. Evid. 406.  Because plaintiff has failed to demonstrate that CSC ever discriminated against other residents, let alone produced evidence sufficient to meet her high factual showing that CSC had a habit of unlawfully discriminating against other "heavy care" residents, Rule 406 bars admission of this evidence.

**IV.    The Evidence Should Be Excluded Under Rule 403.**

CSC also moved to exclude evidence of the Metcalf lawsuit, Coggins' licensure situation, and other CSC's employees' acts unrelated to plaintiff under Evidence Rule 403.  *See* Motion at 5-8, 10, 11.  Plaintiff summarily asserts such evidence is probative, and its probative value is not outweighed by its prejudicial effect.  *See* Opposition at 7.

As explained above and in CSC's motion, CSC submits this information is not relevant as a matter of law and that the potential for unfair prejudice from admission of this character and habit evidence is substantial:

> Character evidence is of slight probative value and may be very prejudicial. It tends to distract the trier of fact from the main question of what actually happened on the particular occasion. It subtly permits the trier of fact to reward the good man and punish the bad man because of their respective characters despite what the evidence in the case shows actually happened.

Fed. R. Evid. 404, Advisory Committee Notes (1972). As explained in detail in CSC's motion, admission of the Metcalf lawsuit, Coggins' licensure situation, and other CSC's employees' acts unrelated to plaintiff should be excluded under Rule 403 because admission of this evidence may cause the jury to find CSC liable simply because of its prior acts that did not implicate plaintiff, and not because of its acts towards plaintiff.

## V.   CONCLUSION

For the reasons explained above, the Court should grant CSC's motion *in limine* to preclude plaintiff from presenting any evidence or argument regarding: (1) a prior lawsuit against CSC filed by Cleo Metcalf; (2) Mary Coggins' licensure action and licensing status at CSC; and (3) certain CSC employees minor non-consequential medication errors with other residents, discipline for, among other things, absenteeism (not related to plaintiff and not resulting in CSC being understaffed), and allegedly engaged in uncharged conduct involving the diversion of narcotics.

DATED at Anchorage, Alaska, this 12th of February, 2007.

    DELANEY WILES, INC.
Attorneys for Chugiak Senior Citizens, Inc.

s/Clay A. Young
and Donna M. Meyers
Delaney Wiles, Inc.
1007 W. Third Avenue, Suite 400
Anchorage, Alaska  99501
Phone:    907-279-3581
Fax:       907-277-1331
E-mail:    dmm@delaneywiles.com
E-mail:    cay@delaneywiles.com
Alaska Bar Assoc. No. 9006011 (DMM)
Alaska Bar Assoc. No. 7410117 (CAY)

**CERTIFICATE OF SERVICE**

I hereby certify that on the 12th day
of February, 2007, a copy of this document
was served electronically on:

Barbara Brink/Nikole Nelson
Jim Davis, Jr./Sonja Kerr
Alaska Legal Services Corporation
1016 West 6th Avenue, Suite 200
Anchorage, Alaska   99501

s/Clay A. Young
(127275)