IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

HELEN WINTERS, )
through her power of attorney )
Carol Winters, )
)
    Plaintiff, )
)
vs. )
)
CHUGIAK SENIOR CITIZENS, INC., )
) Case No. 3:06-cv-00083-TMB
    Defendant. )
)

**Response to Interrogatory No. 1:**

Plaintiff objects to this interrogatory because it contains multiple subparts contrary to the governing rules. Plaintiff counts this interrogatory and all of its various subparts as seven (7) separate interrogatories

Plaintiff further objects to this interrogatory because she is not sure of "each and every" incident of improper medication on the part of the defendants.

Subject to and without waiver of the foregoing objections plaintiff responds as follows:

1. Aspirin
   a) 1/14/05 and several other times; plaintiff does not recall each and all of the dates of these other times.
   b) aspirin not given - not at table with meals
   c) Laurie Guderian (RN)
   d) To be taken daily for heart health/blood clot prevention – unknown consequences
   e) Helen Winters called Laurie's message phone

2. Pepcid (prescription)
   a) At least twice
   b) To be taken before or with meals; given over an hour after a meal and only because requested repeatedly
   c) Tom Isaacs, Barbara Matthews and unknown others
   d) Helen Winters was on strong antibiotic for a urinary tract infection – aggravated stomach upset, diarrhea

LAW OFFICES OF
ALASKA LEGAL SERVICES CORPORATION
ANCHORAGE AND STATEWIDE OFFICE
1016 WEST SIXTH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501-1963
(907) 272-9431

EXHIBIT D
Page 1 of 15

   e) Helen Winters kept buzzing staff with request

3. Multi-Vitamin
   a) 10/04
   b) Due to Helen Winters' dye allergies Carol Winters purchases plain vitamins. Helen Winters was improperly administered red vitamins by defendant's staff for several days
   c) Believes the defendant's nurses count out pills
   d) Helen Winters "not feeling well lately" with nauseousness, diarrhea, sinus problems
   e) Carol Winters discussed issues with Laurie Guderian (RN).

4. Low salt/low cholesterol diet
   a) Constantly
   b) Prescribed diet was not adhered to. All food heavily salted. A poultry alternative rarely available. Substituted high sodium luncheon meat and cold cuts.
   c) Lynn Moser promised before moved in
   d) High blood pressure, high cholesterol, 40 pound weight gain
   e) Complained to Lynne Moser at least twice

**Response to Interrogatory No. 2:**

Plaintiff objects to this interrogatory because it contains multiple subparts, contrary to the governing rules. Plaintiff counts this interrogatory and all of its various subparts as seven (7) separate interrogatories

Plaintiff further objects to this interrogatory because she is not sure of "each and every" incident of defendant breaching her confidentiality.

Subject to and without waiver of the foregoing objections plaintiff responds as follows:
1.
   a) 1/07/06
   b) Conversations between Carol Winters and Helen Winters on telephone
   c) To other staff members by Annette Coulter
   d) Emotional distress; staff gossip and hostile attitude toward Helen Winters
   e) Unaware at time that staff was eavesdropping on conversations

2.
   a) Plaintiff does not recollect the precise date or dates.
   b) Unsure exact details but it related to the defendant's specious claim that Helen Winters assaulted defendant's staff.

LAW OFFICES OF
ALASKA LEGAL SERVICES CORPORATION
ANCHORAGE AND STATEWIDE OFFICE
1016 WEST SIXTH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501-1963
(907) 272-9431

EXHIBIT D
Page 2 of 15

    c) Teresa Forsyth to other staff; other staff to all staff
    d) Emotional distress; staff gossip and hostile attitude toward Helen Winters.
    e) Assuming, arguendo, that defendant had a complaint policy that was known or articulated to plaintiff, the answer is no.

3.
    a) Plaintiff does not recollect the precise date or dates.
    b) Private conversations between Helen Winters and other residents, including Carmella
    c) to other staff by "Shelia" and "Terri"
    d) Emotional distress; staff gossiping and monitoring residents rather than simply attending to their needs
    e) unaware of at the time so no complaint made

4.
    a) July 05
    b) That defendant was intending to ask Helen Winters to leave the facility
    c) Connie Crane (resident) was told by Michelle Nelson (aide) that defendant was going to evict Helen Winters. Connie told Helen Winters.
    d) Emotional distress; staff and resident gossip and hostile attitude toward Helen Winters; increased blood pressure, stress, confusion.
    e) Connie called Marla Nelson because upset. Carol Winters called Marla.

**Response to Interrogatory No. 3:**

Plaintiff objects to this interrogatory because it contains multiple subparts, contrary to the governing rules. Plaintiff counts this interrogatory and all of its various subparts as five (5) separate interrogatories.

Plaintiff further objects to this interrogatory because she is not sure of "each and every" incident of defendant interfering with her ability to exercise her religious beliefs.

Subject to and without waiver of the foregoing objections plaintiff responds as follows:

1.
    a) Plaintiff does not recollect the precise date or dates.
    b) Rushing Helen Winters from bathroom to living room; Helen Winters wanted to pause for 5-10 seconds before Virgin Mary in order to genuflect and pray. Staff refuses.
    c) Teresa Forsythe
    d) Helen Winters complained to Forsythe at scene; Carol Winters complained to Marla by telephone


EXHIBIT D
Page 3 of 15

2.
- a) Plaintiff does not recollect the precise date or dates.
- b) Staff refusal to provide dessert slightly early so that Helen Winters might fast for one hour before communion as required
- c) Tom Isaacs
- d) Helen Winters complained verbally at the time. Carol Winters believes called Marla

3.
- a) Plaintiff does not recollect the precise date or dates.
- b) Refused to warm up baby food (restricted diet due to tooth extraction) early to accommodate priest's change in communion schedule to allow fast for one hour
- c) Tom, Terri
- d) Helen Winters explained reasons to Tom at time; Carol Winters called Marla by telephone

**Response to Interrogatory No. 4:**

Plaintiff objects to this interrogatory because it contains multiple subparts, contrary to the governing rules. Plaintiff counts this interrogatory and all of its various subparts as five (5) separate interrogatories

Plaintiff further objects to this interrogatory because she is not sure of "each and every" incident of defendant and/or its employees acting rudely and/or abusively.

Subject to and without waiver of the foregoing objections plaintiff responds as follows:

1.
- a) 8/15/05
- b) Helen Winters vomits on herself and staff attitude is uncaring and rude: "Helen thought we should all drop everything…" in progress notes
- c) Tom Isaacs
- d) Plaintiff does not recollect whether and to whom at defendant's she may have complained about defendant's inappropriate conduct

2.
- a) Plaintiff does not recollect the precise date or dates but knows that it occurred over 5-7 days
- b) Aide rushes her and treats roughly while putting on support hose over swollen feet and ankles. Helen Winters expresses pain. Aide response: "I am not going to help you while you are yelling."
- c) Lisa Elseholz
- d) Carol Winters left phone message for Marla. No response for days. Behavior continues. Marla apologizes that she had been in training.

3.
- a) Plaintiff does not recollect the precise date or dates.
- b) Helen having difficulty pulling up diapers. Asks for help. Angry response: "No. It is fine the way it is. I have to go."
- c) Angel McKinley
- d) Carol Winters in next room, overhears and asks Angel "Why are you talking to my mother like that?" Carol Winters reported to Lynn Moser Program Director

4.
- a) Sept. 2004 first night
- b) Aide rolling her eyes at Helen Winters' requests
- c) Ronda Cameron
- d) Carol Winters complained to Linda Hendrickson in person

5.
- a) 3 days after moved in
- b) "You're mother is a compulsive personality. You are an enabler. Just like the woman in this room before her. She had apartment for only one month. She is now in a nursing home."
- c) Laurie Guderian RN
- d) Complained to Linda Hendrickson who agreed, "Your mother has a right to have things done properly."

6.
- a) 10/29/04
- b) Impatient response, "Why can't you just use the [coffee] table?" in response to request to move footstool to appropriate place to help with edema. Making Helen Winters feel as though inappropriate to ask for help.
- c) Charles Butler "Big'un"
- d) Plaintiff does not recollect whether and to whom at defendant's she may have complained about defendant's inappropriate conduct

7.
- a) 10/25/04
- b) "If you don't start doing thing yourself you will end up in a nursing home. Don't listen to what the doctors say. Do more to get better."
- c) "Don"
- d) Carol Winters to Lynne Moser by phone

8.
- a) Plaintiff does not recollect the precise date or dates.
- b) Helen Winters did not want a shower by Tom – moves too fast, is too rough, and is a man. When expressed feelings, 4 aides came in to mock her, and refused to give her shower that was due: "Now you have to wait until next time."
- c) Tom Isaacs, Eliria Solseng, others unknown
- d) Carol Winters complained to Marla who confirmed Helen Winters did NOT have to take shower w/ male.

LAW OFFICES OF
ALASKA LEGAL SERVICES CORPORATION
ANCHORAGE AND STATEWIDE OFFICE
1016 WEST SIXTH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501-1963
(907) 272-9431

EXHIBIT D
Page 5 of 15

9.
    a) Plaintiff does not recollect the precise date or dates.
    b) Helen Winters afraid to shower w/ new trainee, due to fear of pain w/ less experienced person. Result – no shower.
    c) Sheila
    d) Plaintiff does not recollect whether and to whom at defendant's she may have complained about defendant's inappropriate conduct.

10.
    a) Plaintiff does not recollect the precise date or dates but knows it was often
    b) Aides keep trying to force Helen Winters to bed early (8:30). Threats: "If you don't go now you have to stay up until 11:30."
    c) Jessica Haltermann, Michelle Nelson
    d) Carol Winters complained to Michelle, Michelle hung up on her. Carol Winters complained to LTCO

11.
    a) Plaintiff does not recollect the precise date or dates but knows it was often.
    b) Aide comes in to Apartment and lays on floor
    c) "Terri/Terry"?
    d) By telephone to Lynne Moser

12.
    a) Plaintiff does not recollect the precise date or dates.
    b) Aide unintentionally hurt Helen Winters back by turning too fast
    c) Stephan Martinez
    d) Carol Winters to Lynne Moser by telephone

13.
    a) Plaintiff does not recollect the precise date or dates.
    b) "Why can't you speak nicely to me?" Helen Winters asks. Response: "Not to you", and throws incontinence pads on floor and stomps out of room.
    c) Teresa Forsythe
    d) Plaintiff does not recollect whether and to whom at defendant's she may have complained about defendant's inappropriate conduct.

14.
    a) Plaintiff does not recollect the precise date or dates but knows that there were at least two separate times
    b) "You are not a nice person" stated to Helen Winters loudly in dining room and in front of other residents and staff.
    c) Teresa Forsythe
    d) Plaintiff does not recollect whether and to whom at defendant's she may have complained about defendant's inappropriate conduct.

LAW OFFICES OF
ALASKA LEGAL SERVICES CORPORATION
ANCHORAGE AND STATEWIDE OFFICE
1016 WEST SIXTH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501-1963
(907) 272-9431

EXHIBIT D
Page 6 of 15

15.
    a) Plaintiff does not recollect the precise date or dates.
    b) Stated to Carol Winters: "Your mom and I keep butting heads. There is no communication. She can't hear me. She yells. "
    c) Terri Wild
    d) Carol Winters spoke personally w/ Terri Wild and explained that because Helen Winters is deaf she could not modulate. TW accepted info and understood better.

16.
    a) Plaintiff does not recollect the precise date or dates.
    b) Aide would not pull on Helen Winters shoes, "you do it". Would not place blanket on chair as requested. "It is fine where it is."
    c) Teresa Forsythe
    d) Plaintiff does not recollect whether and to whom at defendant's she may have complained about defendant's inappropriate conduct.

17.
    a) 3/14/06 and 3/24/06
    b) Aide doesn't like assisting w/ night diapers. "You do it. Why don't you use pull-ons? Nobody here uses as many pads as you." When asked to warm up milk: "Don't tell me what to do." Puts her to bed early against her wishes: "I have other patients to deal with. You are going now."
    c) Debbie Wasick
    d) Plaintiff does not recollect whether and to whom at defendant's she may have complained about defendant's inappropriate conduct. Unknown

18.
    a) Plaintiff does not recollect the precise date or dates but knows that it was often.
    b) Rang to go to bathroom. "You just went an hour ago. You have to wait." Sits in wet diapers for up to 4 hours.
    c) Tom Isaacs, Michelle Nelson Jessie Halterman and others unknown
    d) Carol Winters called front desk once, Jessica answered, gave phone to Michelle, Michelle hung up on Carol Winters. Carol Winters called Marla.

19.
    a) Plaintiff does not recollect the precise date or dates but knows that it was more than once.
    b) Refusal to arrange three pillows as needed. "That's good enough." "You don't need them." Once threw pillows on the floor. Once found her on the floor because Helen Winters fell off the couch.
    c) Unknown - various
    d) Plaintiff does not recollect whether and to whom at defendant's she may have complained about defendant's inappropriate conduct.

20.
    a) Plaintiff does not recollect the precise date or dates but knows that it was often.

LAW OFFICES OF
ALASKA LEGAL SERVICES CORPORATION
ANCHORAGE AND STATEWIDE OFFICE
1016 WEST SIXTH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501-1963
(907) 272-9431



EXHIBIT D
Page 7 of 15

    b) Don't believe her when Helen Winters says she is in pain, needs help, has to go to bathroom. Always wait on her last in dining room. Always return her to her apt. last. Make wait to use restroom
    c) Teresa Forsythe
    d) Plaintiff does not recollect whether and to whom at defendant's she may have complained about defendant's inappropriate conduct.

21.
    a) Plaintiff does not recollect the precise date or dates.
    b) Aide does not want to follow Helen Winters directions re pacing absorbent pads on couch for overnight protection, threw pads on couch and stomped out.
    c) Michelle Nelson
    d) Plaintiff does not recollect whether and to whom at defendant's she may have complained about defendant's inappropriate conduct.

22.
    a) Plaintiff does not recollect the precise date or dates.
    b) At one time Helen Winters in terrible pain, walking too much. When Carol Winters mentions extreme knee pain to Aides, one says "Too bad, the doctor says to walk." Other aide pipes in, "No Marla already cleared this up and wrote the orders to walk less." In speaking to Aides in gratitude that is cleared up, Carol Winters is touching one's arms. The next day the police show up at Carol Winters door accusing her of assault.
    c) Annette, Rhonda, Debbie
    d) Called attorney

23.
    a) 5/23/05 and 5/28/05 plus other unknown dates
    b) Lies told by staff to Marla – Claimed Helen Winters called someone "trailer trash"
        - Claimed Helen Winters told someone to "go back to Mexico"
        - Claimed Helen Winters calling aides names
    c) Teresa Forsythe, unknown others
    d) Carol Winters told Marla these were untruths

24.
    a) 1/16/06
    b) Helen Winters breaks down crying: "The CNA's are mean and won't help me." No comfort or reassurance offered.
    c) Teresa Forsythe
    d) Carol Winters unaware of at the time, no complaint made.

25.
    a) Plaintiff does not recollect the precise date or dates.
    b) In shower, aide rushing and rough with her, thought she was falling, thought she was falling, grabbed/struck arm. Accused of assault/slap.
    c) Sheila

LAW OFFICES OF
ALASKA LEGAL SERVICES CORPORATION
ANCHORAGE AND STATEWIDE OFFICE
1016 WEST SIXTH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501-1963
(907) 272-9431


EXHIBIT D
Page 8 of 15

d) Carol Winters and Helen Winters both called Marla. Carol Winters called Jan Freels.

26.
a) Plaintiff does not recollect the precise date or dates
b) Aide comes to take blood pressure. Helen Winters has just exerted herself and wishes to wait 5 minutes until she is relaxed. Aide refuses to take blood pressure, aide refuses to return to take blood pressure, or aide forces her to do blood pressure test immediately while mocking her concerns.
c) Various unknown
d) Unknown

**Response to Interrogatory No. 5:**

Plaintiff objects to this interrogatory because it is overbroad insofar as it seeks data that is not relevant to this case and is not likely to lead to relevant evidence.

Subject to and without waiver of the foregoing objections, and limiting her answer to data concerning "health care providers" that have treated plaintiff in the last 10 years, for any condition or conditions that plaintiff now has or had at the time she moved into defendant's property, plaintiff responds as follows that, in addition to health care providers named in Plaintiff's Initial Disclosures and Preliminary Witness List:

Marshall Steele, III, MD
The Orthopaedic and Sports Medicine Center P.A.
8601 Veterans Highway Suite 211
Millersville MD  21108
osteoarthritis

Donna Chambers, MD
Valentine Szybko MD
Daina Pack, MD
Women's Health First
476 Ritchie Highway
Severna Park, MD 21146
osteoarthritis
urinary incontinence
vertigo
annual exam

EXHIBIT D
Page 5 of 15

Irmina Boulier, MD
Chesapeake Dermatology
601 Baltimore-Annapolis Blvd. Suite 206
Sverna Park, MD 21146
seborrheil keratoses

J. Danneberger, MD
116 Defense Highway Suite 200
Annapolis, MD 21401
(410) 2224-2414
hypertension
urinary incontinence
hypothyroidism
Timothy S. Eckel, MD
Paula Decandiro, MD
Anne Arundel Medical Center
Franklin and Cathedral Streetes
Annapolis, MD 21401
labs
mammogram
hip pain

Maryland/Bay Area Primary Care Physicians Laboratory
1509 Ritchie Highway
Arnold, MD 21012
labs

Health South Rehabilitation Center
454 C Ritchie Highway
Severna Park, MD 21146
physical therapy

Quest Diagnostics
1901 Sulphur Spring Rd.
Baltimore, MD 21227-0588
labs

Nelly Bardman, MD
Anchorage Medical and Surgical Clinic
710 K. St.
Anchorage, AK 99501
hypertension
overall health

LAW OFFICES OF
ALASKA LEGAL SERVICES CORPORATION
ANCHORAGE AND STATEWIDE OFFICE
1016 WEST SIXTH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501-1963
(907) 272-9431


EXHIBIT D
Page 10 of 15

Andre Godet, MD
Karny Jacoby, MD
Alaska Southcentral Urology Specialists
3260 Providence Dr. Suite 260
Anchorage, AK 99508
563-3103
urinary incontinence

Tina Tomson, MD
3260 Providence Dr., Suite 425
Anchorage, AK 99508
561-7111
ovarian tumor

Charles Gluck, MD
Timothy Bateman, MD
Charles Herndon
Anchorage Community Internists
2841 DeBarr Rd., Suite 23
Anchorage AK 99501
278-1600
pulmonary embola
pleural effusion

Douglas M/. Savikko, DO
Frederick May, MD
Eagle River family Practice
12103 Horshoe Dr.
Eagle River, AK 99577
616-6867
overall health

Meganne Hendricks, MD
Leonard Sisk, MD
Denise Farleigh, MD
Chakri Inampudi, MD
Ken Zafran, MD
Norman Wild, MD
deep vein thrombosis
pulmonary embolism
pleural effusion
Mary Brieske, MD
Thomas Shreves, MD
Christine Clark, MD
gastric ulcer

LAW OFFICES OF
ALASKA LEGAL SERVICES CORPORATION
ANCHORAGE AND STATEWIDE OFFICE
1016 WEST SIXTH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501-1963
(907) 272-9431

EXHIBIT D
Page 11 of 15

Robert Lee Pulliam, MD
echocardiogram
Providence Health Systems
P.O. Box 196604
Anchorage, AK 99519-6604

Michele D. O'Fallon, MD
John Fischer, MD
Providence Imaging Center
3340 Providence Dr.
Anchorage, AK 99508
GI bleed
mammogram

Richard Anscheutz, MD
John Finley, MD
Alaska Heart Institute
3260 Providence Dr.
Anchorage, AK 99508
hypertension
echocardiogram
deep vein thrombosis
inferior vena cava filter
congestive heart failure


Julie Holayter, MD
Bradley Cruz, MD
AK Regional Diagnostic Imagery
2801 DeBarr Rd.
Anchorage AK 99508
pulmonary embolism
infarction
deep vein thrombosis

Kirk T. Moss, MD
11432 Business Blvd.
Eagle River, AK  99577
694-1300
pneumonia

LAW OFFICES OF
ALASKA LEGAL SERVICES CORPORATION
ANCHORAGE AND STATEWIDE OFFICE
1016 WEST SIXTH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501-1963
(907) 272-9431

EXHIBIT D
Page 12 of 15

**Response to Interrogatory No. 6:**

Plaintiff objects to this interrogatory insofar as it seeks information protected by the attorney-client and/or work-product privileges.

Subject to and without waiver of the foregoing objections, and limiting her answer to data that plaintiff knows, (as compared to that of her attorneys), plaintiff refers to and incorporates herein her Preliminary Witness List.

**Response to Interrogatory No. 7:**

Plaintiff objects to this interrogatory insofar as it seeks information protected by the attorney-client and/or work-product privileges.

Subject to and without waiver of the foregoing objections, and limiting her answer to data that plaintiff knows, (as compared to that of her attorneys), plaintiff refers to and incorporates herein her response to Interrogatory Number 6.

**Response to Interrogatory No. 8:**

Plaintiff objects to this interrogatory insofar as it seeks information protected by the attorney-client and/or work-product privileges.

Subject to and without waiver of the foregoing objections, and limiting her answer to data that plaintiff knows, (as compared to that of her attorneys), plaintiff states that she has yet to retain any expert.

**Response to Request for Production No. 1:**

Aside from the document(s) attached hereto as Exhibit 1, and limiting her answer to the data plaintiff has obtained (as compared to any work-product data that plaintiff's counsel has obtained for purposes of prosecuting this action) plaintiff does not have the requested data.



EXHIBIT D
Page 13 of 15

**Response to Request for Production No. 2:**

Limiting her answer to the data plaintiff has (as compared to any work-product data that plaintiff's counsel has obtained for purposes of prosecuting this action) plaintiff does not have the requested data.

**Response to Request for Production No. 3:**

Limiting her answer to the data plaintiff has (as compared to any work-product data that plaintiff's counsel has obtained for purposes of prosecuting this action) plaintiff does not have the requested data.

**Response to Request for Production No. 4:**

Aside from the document(s) already produced to defendant on July 6, 2006, and limiting her answer to the data plaintiff has obtained (as compared to any work-product data that plaintiff's counsel has obtained for purposes of prosecuting this action) plaintiff is currently preparing supplemental disclosures to be provided by August 1, 2006.

**Response to Request for Production No. 5:**

None.

**Response to Request for Production No. 6:**

Plaintiff objects to this Request because it is not recognized by Rule 34. Rule 34 pertains to the production of documents and things. Not the signing of forms.

LAW OFFICES OF
ALASKA LEGAL SERVICES CORPORATION
ANCHORAGE AND STATEWIDE OFFICE
1016 WEST SIXTH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501-1963
(907) 272-9431

EXHIBIT D
Page 14 of 15

Plaintiff further objects to this Request because it is overbroad and seeks evidence that is not relevant and not likely to lead to relevant evidence.

ALASKA LEGAL SERVCIES CORPORATION
Attorneys for Plaintiff

By: _____
James J. Davis, Jr.,
Alaska Bar No. 9412140

LAW OFFICES OF
ALASKA LEGAL SERVICES CORPORATION
ANCHORAGE AND STATEWIDE OFFICE
1016 WEST SIXTH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501-1963
(907) 272-9431

EXHIBIT D
Page 15 of 15