Donna M. Meyers
Clay A. Young
Delaney Wiles, Inc.
1007 W. 3rd Avenue, Suite 400
Anchorage, Alaska  99501
Phone:  907-279-3581
Fax:  907-277-1331
dmm@delaneywiles.com
cay@delaneywiles.com

Attorneys for Defendant
Chugiak Senior Citizens, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| HELEN WINTERS, through her Power of Attorney Carol Winters,<br><br>  Plaintiff,<br><br>v.<br><br>CHUGIAK SENIOR CITIZENS, INC.,<br><br>  Defendant.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. 3:06-cv-00083-TMB |

**DEFENDANT CHUGIAK SENIOR CITIZENS, INC.'S REPLY TO OPPOSITION TO MOTION *IN LIMINE* NO. 10 RE: DR. MICHAEL E. JONES' TESTIMONY**

Chugiak Senior Citizens, Inc. ("CSC"), moved pursuant to Evidence Rules 401, 602 and 403 to preclude Michael E. Jones, MD, from presenting any testimony regarding whether: (1) CSC can meet plaintiff's needs and (2) whether plaintiff would suffer transfer trauma if she is transferred from CSC.  *See* Motion at 1-7.  Plaintiff opposes CSC's motion on the sole ground that Dr. Jones has personal knowledge to testify about these matters under Evidence Rule 602.  Plaintiff's opposition is legally infirm and the court should grant CSC's motion.

Defendant Chugiak Senior Center, Inc.'s Reply to Opposition
to Motion *in Limine* No. 10 Re: Dr. Michael E. Jones' Testimony
Winters v. Chugiak Senior Citizens/Case No. 3:06-cv-0083 (TMB)                    Page 1 of 7

### I. Plaintiff Does Not Contest That Dr. Jones' Testimony Should Be Excluded Under Evidence Rules 401 and 403

CSC's motion relies on three separate grounds to preclude Dr. Jones from presenting any testimony regarding: (1) whether CSC can meet plaintiff's needs; and (2) whether plaintiff would suffer transfer trauma if she is transferred from CSC. *See* Motion at 1-7. Plaintiff does not contest that Dr. Jones' testimony is not admissible under Evidence Rules 401 and 403. *See* Opposition at 1-4. To be admissible at trial, evidence must be admissible under the threshold relevancy test in Evidence Rule 401, pass the balancing test under Evidence Rule 403, irrespective of whether the evidence is based on a witness' personal knowledge under Rule 602. If the evidence is not relevant, or even if relevant but inadmissible because of considerations listed in Evidence Rule 403, the evidence does not become admissible merely because it is based on a witness' personal knowledge. *See* A.R.E. 401, 403. Since plaintiff fails to show Dr. Jones' opinions at issue are admissible under Evidence Rules 401 and 403, the court should grant CSC's motion based on Evidence Rules 401 and 403. Evidence Rule 602 also bars Dr. Jones' testimony because he lacks personal knowledge on the subject.

### III. Dr. Jones' Lack Of Personal Knowledge Bars Admission

As a preliminary matter, it is important to recognize the limited nature of CSC's motion. *See* Motion at 1-7. CSC is not attempting to preclude Dr. Jones from testifying at trial. *See id.* Given that Dr. Jones is one of plaintiff's treating physicians, CSC is not attempting to exclude any testimony from Dr. Jones regarding, among other things, plaintiff's numerous and varied medical conditions for which plaintiff sought treatment from Dr. Jones, the diagnosis of those conditions, Dr. Jones' treatment of those

Defendant Chugiak Senior Center, Inc.'s Reply to Opposition
to Motion *in Limine* No. 10 Re: Dr. Michael E. Jones' Testimony
<u>Winters v. Chugiak Senior Citizens</u>/Case No. 3:06-cv-0083 (TMB)          Page 2 of 7

conditions, including the medications he prescribed for plaintiff, and plaintiff's response to his treatment and prescribed medications, etc. Rather, CSC is merely attempting to preclude any testimony from Dr. Jones regarding two narrow topics: (1) whether CSC can meet plaintiff's needs; and (2) whether plaintiff would suffer transfer trauma if she is transferred from CSC. For the reasons explained in CSC's motion, CSC is seeking to bar Dr. Jones' testimony on these two topics because Rule 602 requires it.

### A. Dr. Jones Lacks Personal Knowledge Of Transfer Trauma

In her opposition, plaintiff asserts Rule 602 does not preclude Dr. Jones' testimony regarding "transfer trauma" because he has personal knowledge regarding this issue. *See* Opposition at 2-3. Plaintiff's argument is belied by the undisputed factual record and Dr. Jones' own admission. Dr. Jones admitted under oath during his deposition that not only did he lack personal knowledge about any possible "transfer trauma," he has never even heard of the term:

> Q    Okay. Do you – have you heard the term transfer trauma?
>
> A    I can't say I've heard of that.

Exh. C at Tr. 81:25-82:1 (Dr. Jones' Deposition). Because Dr. Jones' lacks personal knowledge regarding "transfer trauma" he may not testify at trial regarding transfer trauma and whether plaintiff would suffer from transfer trauma if she moved to another residence. Fed. R. Evid. 602.

### B. Dr. Jones Lacks Personal Knowledge Regarding Whether CSC Can Meet Plaintiff's Needs

In her opposition, plaintiff asserts Rule 602 does not preclude Dr. Jones' testimony regarding whether CSC can meet plaintiff's needs because he has personal

Defendant Chugiak Senior Center, Inc.'s Reply to Opposition
to Motion *in Limine* No. 10 Re: Dr. Michael E. Jones' Testimony
Winters v. Chugiak Senior Citizens/Case No. 3:06-cv-0083 (TMB)                Page 3 of 7

knowledge regarding this issue. *See* Opposition at 2-3. As with her other argument, plaintiff's argument is factually and legally infirm.

As factual support for her argument that CSC can meet plaintiff's needs, plaintiff asserts that Dr. Jones "spoke to staff at the CSC Assisted Living Facility," and plaintiff cites to pages 12 and 72 of Dr. Jones' deposition transcript. *See* Opposition at 2. In fact, once again, the undisputed factual record contradicts plaintiff's arguments and characterization of the record. Exh. C at Tr. 12, 72 (Dr. Jones' Deposition). Nowhere on pages 12 and 72 of Dr. Jones' deposition transcript does Dr. Jones state that he talked to CSC staff regarding whether CSC was able to meet plaintiff's needs. *See id.* Rather, on page 12, Dr. Jones simply states that there were reports from CSC that plaintiff sometimes had high blood pressure. *See id.* at Tr. 12:1-7. Moreover, nowhere on page 72 does Dr. Jones state that he talked to CSC staff regarding whether CSC was able to meet plaintiff's needs. *See id.* at Tr. 72. There is no testimony by Dr. Jones on the pages cited by plaintiff or anywhere else in the transcript where Dr. Jones claims he has talked with CSC about CSC's ability to meet plaintiff's needs.

In fact, Dr. Jones admitted that prior to writing his letters regarding plaintiff on plaintiff's behalf, he made no attempt to call the staff or administration and did not direct anyone on his staff to contact the facility.

> Q   Okay. Did you ever attempt to call the staff or administration at Chugiak Assisted Living Facility to find out – to inquire about the subject matter of this letter?
>
> A   No.
>
> Q   Did you ever direct anyone on your staff to do that, contact the facility?

Defendant Chugiak Senior Center, Inc.'s Reply to Opposition
to Motion *in Limine* No. 10 Re: Dr. Michael E. Jones' Testimony
Winters v. Chugiak Senior Citizens/Case No. 3:06-cv-0083 (TMB)                    Page 4 of 7

        A    No.

*See id.* at Tr. 71:25-72:6.

Contrary to plaintiff's characterization of the record, Dr. Jones lacks personal knowledge regarding whether CSC can meet plaintiff's needs. Fed. R. Evid. 602. Dr. Jones' deposition testimony reveals the complete absence of any foundation for his opinions on whether CSC can meet plaintiff's needs or whether plaintiff will suffer transfer trauma if she is transferred from CSC. As noted above, Dr. Jones has no personal knowledge of the services provided at CSC, and the interactions between CSC's caregivers and plaintiff. He has never visited CSC, and he is not aware the services CSC provides to its residents. *Id.* at Tr. 63:21-23; 78:4-10. Dr. Jones has never observed CSC's staff interact with plaintiff. *Id.* at Tr. 64:4-7. Dr. Jones has also never contacted CSC to determine the circumstances surrounding CSC's decision to terminate plaintiff's residential services contract and lease agreement with CSC. *Id.* at Tr. 71:25-72:6. For example, Dr. Jones does not know whether CSC's staff communicated effectively with plaintiff by speaking loud enough for her to hear them. Tr. 69:7-10. Thus, Dr. Jones does not have any personal knowledge or reliable basis to form an opinion about whether CSC's decision to terminate plaintiff's Residential Service Contract and Lease Agreement is related to any purported problems the staff has communicating with plaintiff. While Dr. Jones believes that plaintiff's difficult behavior may be related to "her anxiety disorder and is not intentional", he does not have any personal knowledge of whether plaintiff's difficult behavior at CSC is intentional or the result of her anxiety. Tr. 80:24-81:5.

Defendant Chugiak Senior Center, Inc.'s Reply to Opposition
to Motion *in Limine* No. 10 Re: Dr. Michael E. Jones' Testimony
<u>Winters v. Chugiak Senior Citizens</u>/Case No. 3:06-cv-0083 (TMB)        Page 5 of 7

Plaintiff's opposition is legally deficient as well. *See* Opposition at 2-3. Plaintiff has cited no authority that stands for the proposition that despite the explicit language in Rule 602, which requires a witness to have personal knowledge of a matter before a witness may provide testimony on that topic, a witness may nonetheless testify. *See id.* Plaintiff's omission in that regard is not surprising given the strictures of Rule 602: "The rule requiring that a witness who testifies to a fact which can be perceived by the senses must have had an opportunity to observe, and must have actually observed the fact is a 'most pervasive manifestation' of the common law insistence upon 'the most reliable sources of information.'" *See* Rule 602 Advisory Committee Notes (citing *McCormick* § 10, p.19); *see also United States v. Allen*, 10 F.3d 405, 1414 (7th Cir. 1993) (explaining that testimony not based on personal information is useless, and a witness cannot provide information about a matter the witness does not know about); *Nevada Power Co. v. Monsanto Co.*, 891 F. Supp. 1406, 1415 (D. Nev. 1995) (speculative testimony without personal knowledge is not admissible as evidence).[1] For the reasons, set forth above and in CSC's motion, Dr. Jones' lacks of knowledge requires exclusion of his testimony regarding whether CSC can meet plaintiff's needs under Rule 602.

---

[1] Plaintiff's reliance on *United States v. Doe*, 960 F.2d 221 (1st. Cir. 1992) is misplaced. *See* Opposition at 3. In *Doe*, a witness was able to testify that he knew that the pistol possessed by defendant was manufactured in Brazil as it was sufficiently based on the owner's personal knowledge to be admissible in a weapons prosecution, and as reasonable trier of fact could have believed that an owner had firsthand knowledge from which he could infer that pistol was made in Brazil. *Id.* at 223. Unlike the situation in *Doe*, Dr. Jones knows nothing about CSC's facilities, its personnel, how plaintiff acts at CSC, or CSC's ability to meet plaintiff's needs based on plaintiff's physical, emotional and mental problems.

Defendant Chugiak Senior Center, Inc.'s Reply to Opposition
to Motion *in Limine* No. 10 Re: Dr. Michael E. Jones' Testimony
<u>Winters v. Chugiak Senior Citizens</u>/Case No. 3:06-cv-0083 (TMB)                                      Page 6 of 7

## IV. CONCLUSION

For the reasons explained above, the Court should grant CSC's motion *in limine* to preclude Dr. Jones from presenting any testimony regarding whether CSC can meet plaintiff's needs or whether plaintiff would suffer transfer trauma if she is transferred from CSC.

DATED at Anchorage, Alaska, this 12th of February, 2006.

> DELANEY WILES, INC.
> Attorneys for Chugiak Senior Citizens, Inc.
>
> s/Donna M. Meyers and Clay A. Young
> Delaney Wiles, Inc.
> 1007 W. Third Avenue, Suite 400
> Anchorage, Alaska  99501
> Phone: 907-279-3581/Fax: 907-277-1331
> E-mail:      dmm@delaneywiles.com
> E-mail:      cay@delaneywiles.com
> Alaska Bar Assoc. No. 9006011 (DMM)
> Alaska Bar Assoc. No. 7410117 (CAY)

**CERTIFICATE OF SERVICE**

I hereby certify that on the 12th day
of February, 2006, a copy of this
document was served electronically on:

Barbara Brink/Nikole Nelson
Jim Davis, Jr./Sonja Kerr
Alaska Legal Services Corporation
1016 West 6th Avenue, Suite 200
Anchorage, Alaska   99501

s/Donna M. Meyers and Clay A. Young
(127177)

Defendant Chugiak Senior Center, Inc.'s Reply to Opposition
to Motion *in Limine* No. 10 Re: Dr. Michael E. Jones' Testimony
Winters v. Chugiak Senior Citizens/Case No. 3:06-cv-0083 (TMB)                Page 7 of 7