Donna M. Meyers
Clay A. Young
Delaney Wiles, Inc.
1007 W. 3rd Avenue, Suite 400
Anchorage, Alaska 99501
Phone: 907-279-3581
Fax: 907-277-1331
dmm@delaneywiles.com
cay@delaneywiles.com

Attorneys for Defendant
Chugiak Senior Citizens, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| HELEN WINTERS, through her Power of Attorney Carol Winters, <br><br> Plaintiff, <br><br> v. <br><br> CHUGIAK SENIOR CITIZENS, INC., <br><br> Defendant. <br> _____ | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )    Case No. 3:06-cv-00083-TMB |

**DEFENDANT CHUGIAK SENIOR CITIZENS, INC.'S REPLY TO OPPOSITION TO MOTION *IN LIMINE* NO. 11 RE: LINDA HENDRICKSON'S ALLEGED CONFLICT OF INTEREST REGARDING CSC AND WICKERSHAM HOUSE**

Chugiak Senior Citizens, Inc.'s ("CSC"), Motion *in limine* No. 11 seeks to exclude any evidence or argument that Linda Hendrickson had a conflict of interest by being the Executive Director of CSC and a co-owner of Wickersham House. The evidence is inadmissible under Federal Rules of Evidence 401, 602, 802 and 403.

Defendant Chugiak Senior Citizens, Inc.'s Reply to Opposition to Motion *in Limine*
No. 11 re: Linda Hendrickson's Alleged Conflict of Interest Regarding CSC and Wickersham House
Winters v. Chugiak Senior Citizens/Case No. 3:06-cv-0083 (TMB)                    Page 1 of 6

## II.  EVIDENCE OF MS. HENDRICKSON'S ALLEGED CONFLICT OF INTEREST REGARDING CSC AND WICKERSHAM HOUSE IS NOT ADMISSIBLE

### A.    The Evidence Is Barred By Evidence Rule 401

CSC moved to exclude any evidence or argument that Ms. Hendrickson had a conflict of interest by being the Executive Director of CSC and a co-owner of Wickersham House because such evidence was not relevant to plaintiff's claims.  *See* Motion at 1-5.  Plaintiff asserts the evidence is relevant to demonstrate Ms. Hendrickson, as the Executive Director of CSC, terminated plaintiff's Residential Services Contract ("RSC") and discriminated against plaintiff, because she is more interested in retaining employees at CSC than providing services for plaintiff.  *See* Opposition at 3.  Plaintiff's argument is factually and logically insufficient for multiple reasons.

First, the underlying premise of plaintiff's argument, that Ms. Hendrickson did not terminate CSC employees who allegedly should have been terminated lacks any factual basis because Ms. Hendrickson was not responsible for terminating CSC employees. *See* Opposition at 3.  The decision to discipline or terminate CSC staff was made by Jan Freels, the ALP Administrator and Marla Nelson, the ALP Director.  *See* Exh. E at 10 (Marla Nelson Deposition).  Consequently, any implication that Ms. Hendrickson had an alleged conflict of interest which manifested itself by Ms. Hendrickson not terminating CSC employees is unfounded as Ms. Hendrickson was not responsible for terminating employees.

Second, plaintiff's argument is made out of whole cloth.  Plaintiff has proffered no admissible evidence that any CSC employee who provided care to plaintiff acted unlawfully or committed any act warranting termination.  *See* Opposition at 1-6.

Defendant Chugiak Senior Citizens, Inc.'s Reply to Opposition to Motion *in Limine*
No. 11 re:  Linda Hendrickson's Alleged Conflict of Interest Regarding CSC and Wickersham House
Winters v. Chugiak Senior Citizens/Case No. 3:06-cv-0083 (TMB)                                    Page 2 of 6

Consequently, any evidence of Ms. Hendrickson's alleged conflict of interest cannot be relevant if there is no evidence that unknown and unnamed employees should have been terminated because they committed some unknown and unnamed act against plaintiff warranting termination.  Fed. R. Evid. 401.

Third, plaintiff's argument is logically insufficient, internally inconsistent and contradictory.  *See* Opposition at 1-7.  Plaintiff claims Ms. Hendrickson's alleged conflict of interest caused her to act improperly by not terminating CSC employees.  *See* Opposition at 3.  Then plaintiff also argues Ms. Hendrickson's alleged conflict of interest caused high turn over of employees at CSC because Ms. Hendrickson hired away former CSC program aides to work at Wickersham.  *See* Opposition at 6.  The lack of merit in plaintiff's argument is laid bare by her own contradictory arguments.  Plaintiff is simply making up arguments in an attempt to imply an impropriety where there is none. Plaintiff's argument that Ms. Hendrickson's alleged conflict of interest caused her not to terminate CSC employees is belied and contradicted by her subsequent argument that Ms. Hendrickson was employing formerly terminated CSC employees.   If Ms. Hendrickson was employing former CSC employees, plaintiff's argument that Ms. Hendrickson did not want to terminate current CSC employees for allegedly discriminating against plaintiff fails because Ms. Hendrickson obviously had no objection to hiring former CSC employees at Wickersham House.

There is simply no connection between Ms. Hendrickson's part ownership of Wickersham House and any of the nine causes of action asserted by plaintiff against CSC.  CSC did not own or operate Wickersham House and plaintiff has no connection to Wickersham House.  Plaintiff has not has not sued Ms. Hendrickson individually or

Defendant Chugiak Senior Citizens, Inc.'s Reply to Opposition to Motion *in Limine*
No. 11 re:  Linda Hendrickson's Alleged Conflict of Interest Regarding CSC and Wickersham House
<u>Winters v. Chugiak Senior Citizens</u>/Case No. 3:06-cv-0083 (TMB)                    Page 3 of 6

Wickersham House; instead, she has sued CSC arising out of the services she received at CSC. This case is about whether CSC (not Ms. Hendrickson or Wickersham House) acted unlawfully in attempting to terminate its Lease Agreement and Residential Service Contract with plaintiff and whether CSC committed any unlawful acts against plaintiff during her residency at CSC. Whether one employee of CSC (Ms. Hendrickson) operates another assisted care facility will not make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. The Court should therefore exclude this evidence under Rule 401.

### B.    The Evidence Is Barred By Evidence Rule 403

Assuming *arguendo* that the evidence regarding Ms. Hendrickson's alleged conflict of interest has some relevance, CSC also moved to exclude the evidence under Evidence Rule 403. *See* Motion at 5-6. In her opposition, plaintiff simply again asserts that the evidence should not be excluded without specifically articulating why the evidence should not be excluded under Rule 403. *See* Opposition at 5. Plaintiff only reasons that "the jury might conclude that CSC is responsible for acting unlawfully towards the plaintiff because Ms. Hendrickson owned and operated another assisted living facility[.]" *See id.* As previously explained, such reasoning is illogical because whether or not Ms. Hendrickson owned and operated another assisted living facility does not establish or refute whether CSC discriminated or acted unlawfully towards plaintiff. *See* Fed. R. Evid. 401; 403. Moreover, plaintiff fails to recognize the consequences of admission of this evidence.

Defendant Chugiak Senior Citizens, Inc.'s Reply to Opposition to Motion *in Limine*
No. 11 re:  Linda Hendrickson's Alleged Conflict of Interest Regarding CSC and Wickersham House
Winters v. Chugiak Senior Citizens/Case No. 3:06-cv-0083 (TMB)                    Page 4 of 6

Hearing evidence about another assisted living facility and one CSC employee's alleged conflict of interest will unfairly prejudice CSC. Fed. R. Evid. 403. While CSC did not own or operate Wickersham House, the jury might erroneously conclude that CSC is nonetheless responsible for acting unlawfully towards plaintiff simply because one of CSC's employees (Ms. Hendrickson) allegedly had a conflict of interest by owning and operating another facility. *Id.* Admission of this evidence will also create a mini-trial regarding this tangential evidence, resulting in a much longer and more confusing trial. *See* Fed. R. Evid. 403. For example, if plaintiff is permitted to introduce evidence implying Ms. Hendrickson's alleged conflict of interest, fundamental fairness, due process and interests of justice permit CSC to rebut and refute this evidence by presenting detailed evidence about Ms. Hendrickson's ownership of Wickersham House, information about the residents at Wickersham House, the employees working at Wickersham, etc. CSC would also have the right to rebut the mere suggestion of impropriety by introducing evidence regarding, and calling at trial, the over fifty other employees that worked at CSC, that did not work Wickersham House, that had unblemished employment records, to rebut any suggestion that "CSC" allegedly acted unlawfully towards plaintiff because one employee (Ms. Hendrickson) allegedly had a conflict of interest. This will obviously create a substantially longer trial, confuse the jury about what even plaintiff concedes are the real issues in the case, *i.e.*, the facts surrounding plaintiff's nine counts against CSC, *see* Opposition at 3 ("The issues at trial have to do with CSC's discrimination against Helen Winters on the basis of her disabilities, CSC's failure to offer reasonable accommodation, CSC's failure to address Helen Winters' legitimate complaints about her care by staff and CSC's unlawful

Defendant Chugiak Senior Citizens, Inc.'s Reply to Opposition to Motion *in Limine*
No. 11 re: Linda Hendrickson's Alleged Conflict of Interest Regarding CSC and Wickersham House
Winters v. Chugiak Senior Citizens/Case No. 3:06-cv-0083 (TMB)                    Page 5 of 6

attempts to evict Helen Winters"). Allowing a mini-trial on an irrelevant tangential issue is an inefficient use of the Court's, counsels' and the jury's time, and it may confuse the jury and cause the jury to base liability on events other than those giving rise to the underlying claim. For the above reasons, the Court should also exclude the evidence under Rule 403.

## III.    Conclusion

For the reasons explained above, the Court should grant CSC's motion *in limine* to exclude any evidence and argument that Linda Hendrickson had a conflict of interest by being the Executive Director of CSC and a co-owner of Wickersham House.

DATED at Anchorage, Alaska, this 12th of February, 2007.

DELANEY WILES, INC.
Attorneys for Chugiak Senior Citizens, Inc.
s/Donna M. Meyers and Clay A. Young
Delaney Wiles, Inc.
1007 W. Third Avenue, Suite 400
Anchorage, Alaska  99501
Phone: 907-279-3581/Fax:  907-277-1331
E-mail:      dmm@delaneywiles.com
E-mail:      cay@delaneywiles.com
Alaska Bar Assoc. No. 9006011 (DMM)
Alaska Bar Assoc. No. 7410117 (CAY)

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day
of February, 2007, a copy of this
document was served electronically on:

Barbara Brink/Nikole Nelson
Jim Davis, Jr./Sonja Kerr
Alaska Legal Services Corporation
1016 West 6th Avenue, Suite 200
Anchorage, Alaska   99501

s/Donna M. Meyers and Clay A. Young
(127302)

Defendant Chugiak Senior Citizens, Inc.'s Reply to Opposition to Motion *in Limine*
No. 11 re:  Linda Hendrickson's Alleged Conflict of Interest Regarding CSC and Wickersham House
Winters v. Chugiak Senior Citizens/Case No. 3:06-cv-0083 (TMB)                    Page 6 of 6