Donna M. Meyers
Clay A. Young
Delaney Wiles, Inc.
1007 W. 3rd Avenue, Suite 400
Anchorage, Alaska  99501
Phone:  907-279-3581
Fax:  907-277-1331
dmm@delaneywiles.com
cay@delaneywiles.com

Attorneys for Defendant
Chugiak Senior Citizens, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| HELEN WINTERS, through her Power of Attorney Carol Winters,<br><br>                    Plaintiff,<br><br>    v.<br><br>CHUGIAK SENIOR CITIZENS, INC.,<br><br>                    Defendant.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Case No. 3:06-cv-00083-TMB |

**DEFENDANT CHUGIAK SENIOR CITIZENS, INC.'S REPLY TO OPPOSITION TO MOTION *IN LIMINE* NO. 9 RE:  (1) CAROL WINTERS' MEDICAL ISSUES AND (2) CAROL WINTERS' "EXPERT" OPINIONS**

**I.    Carol Winters' Medical Issues**

CSC seeks to preclude admission of evidence of Carol Winters' medical conditions because such evidence is not relevant to Helen Winters' nine claims against CSC because this case involves, among other things, whether CSC was justified in terminating Helen Winters' residential lease agreement because of Helen Winters' deteriorating medical condition.  *See* Motion at 1-4.  Plaintiff unpersuasively argues Carol Winters' medical condition is relevant as: (1) comparative information related to

Defendant Chugiak Senior Citizens, Inc.'s Reply to Opposition to Motion *in Limine* No. 9
Re:  (1) Carol Winters' Medical Issues and (2) Carol Winters' "Expert" Opinions
Winters v. Chugiak Senior Citizens/Case No. 3:06-cv-0083 (TMB)                    Page 1 of 7

Helen Winters' treatment; and (2) probative of CSC's evaluation of treatment of hearing impaired individuals.

### A. Carol Winters' Comparative Medical Information

Plaintiff argues Carol Winters' medical issues are admissible as comparative information related to Helen Winters' treatment. *See* Opposition at 2. Specifically, in support of her argument about why Carol Winters' medical condition is relevant, plaintiff quotes from Carol Winters' rebuttal letter regarding CSC's termination of Helen Winters' lease:

> What you have caused, through the unexpected eviction notice is a great deal of pain and sorrow for my mother and possibly this will have serious permanent repercussions in relation to her physical condition. **The same applies to my physical condition.** My mom is less able to cope with that because of her age and serious medical conditions.

*See* Opposition at 2 (emphasis added). That quote makes clear plaintiff is claiming that Carol Winters' shock in response to the termination letter reflects her mother's shock and evidence of both Carol Winters' and plaintiff's shock is evidence for the jury to consider when evaluating plaintiff's emotional distress claim. *See id.* Plaintiff's argument is not persuasive.

Plaintiff intends to admit evidence of Carol Winters' alleged shock, by offering evidence that Carol Winters experienced irregular heartbeats, was hospitalized, and placed on medication after CSC issued the letter terminating plaintiff's contracts. Exh. A at 2 (attached to Motion). However, Carol Winters' reaction to the termination letter is not probative of plaintiff's reaction. Carol Winters was not with Helen Winters when Helen Winters received the letter providing her notice of CSC's intention to terminate its lease agreement with Helen Winters. *See* Am. Compl. at ¶ 40. Thus, under plaintiff's

Defendant Chugiak Senior Citizens, Inc.'s Reply to Opposition to Motion *in Limine* No. 9
Re: (1) Carol Winters' Medical Issues and (2) Carol Winters' "Expert" Opinions
<u>Winters v. Chugiak Senior Citizens</u>/Case No. 3:06-cv-0083 (TMB)        Page 2 of 7

own reasoning, Carol Winters' stress from CSC's letter could not provide a useful comparison of the stress Helen Winters allegedly suffered because she obtained the information at a different time and place. Fed. R. Evid. 401. Moreover, any comparison of the level of stress allegedly suffered by Carol Winters is not probative of the amount, level, or duration of stress, allegedly experienced by Helen Winters. Fed. R. Evid. 401. Neither is the cause of the Carol Winters' stress necessarily the same as Helen Winters' stress. Whether Carol Winters did or did not suffer pain, sorrow, irregular heartbeats, hospitalization, and was placed on medication does not make any medical condition of Helen Winters more probable or less probable. *See id.*

Carol Winters is not a party to this case, has no claim for emotional distress against CSC, and her medical condition is not probative in a comparative capacity or in other capacity of the stress allegedly suffered by Helen Winters. Therefore, all evidence of Carol Winters' alleged stress and associated medical conditions is not relevant and should be barred by Evidence Rule 401.

The evidence should also be barred under Evidence Rule 403 because it would be unfairly prejudicial, risk confusing the jury, and may cause the jury to erroneously and illogically conclude that Helen Winters' suffered stress simply because Carol Winters did. Plaintiff does not contest that such evidence should be barred under Rule 403. *See* Opposition at 1-5. For the reasons set forth in CSC's motion, the court should alternatively exclude such evidence under Rule 403.

### B.   Carol Winters' Hearing Condition

Plaintiff also argues Carol Winters' hearing condition is relevant to Helen Winters' claims against CSC. *See* Opposition at 2-3. She claims CSC has attempted to evict

Defendant Chugiak Senior Citizens, Inc.'s Reply to Opposition to Motion *in Limine* No. 9
Re: (1) Carol Winters' Medical Issues and (2) Carol Winters' "Expert" Opinions
<u>Winters v. Chugiak Senior Citizens</u>/Case No. 3:06-cv-0083 (TMB)                    Page 3 of 7

her because she and Carol Winters yell or speak loudly and that through such yelling they are disturbing the other residents and are being abusive to CSC staff. *See id.* The argument is grossly misleading and incorrect. *See id.* CSC's notice of its termination of Helen Winters' lease agreement was not based on conduct of Carol Winters. CSC based its decisions to terminate plaintiff's contract on plaintiff's conduct and her need for services that exceeded the services CSC could provide without causing its care of other residents to suffer. To the extent Helen Winters' yelling at staff, and belittling staff with her comments is related to Helen Winters' hearing condition, she is free to make that argument and introduce evidence of her hearing condition. However, as CSC did not base its termination on any abusive comments Carol Winters' made to CSC staff, evidence of Carol Winters' hearing condition is not relevant to Helen Winters' claims. *See* A.R.E. 401.

To the extent that plaintiff seeks to explain Carol Winters' subsequent physical assault of CSC staff (that occurred months after CSC notified Helen Winters of its intent to terminate Helen Winters' lease agreement), by somehow attributing it to Carol Winters' hearing problem, CSC does not object to introduction of Carol Winters' hearing problem solely for that purpose, i.e., in an attempt to explain Carol Winters' physical assault.

Plaintiff also asserts Carol Winters' hearing impairment is relevant if CSC attempts to impeach her at trial with her deposition because plaintiff claims Carol Winters "was not able to always hear the question" at her deposition and this somehow invalidates her deposition answers. *See* Opposition at 3. The argument is not well-taken. At the beginning of her deposition, CSC's counsel specifically asked Carol

Defendant Chugiak Senior Citizens, Inc.'s Reply to Opposition to Motion *in Limine* No. 9
Re: (1) Carol Winters' Medical Issues and (2) Carol Winters' "Expert" Opinions
<u>Winters v. Chugiak Senior Citizens</u>/Case No. 3:06-cv-0083 (TMB)                 Page 4 of 7

Winters to indicate if she could not hear the question, or could not hear the question completely or did not think she heard the question completely. *See* Exh. B at Tr. 5:8-18 (Carol Winters' Deposition 8/28/06). Throughout the deposition, CSC's counsel spoke in a loud enough voice for Carol Winters to hear the questions and would repeat questions if asked if Carol Winters did not hear or understand the question. *See, e.g.*, Exh. B at Tr. 31:15-22; 44:11-18; Exh. C at Tr. 152:25-153:4; 162:13-16; 165:14-17; 176:25-177-11; 180:19-181:5; 203:13-24; 221:23-222:5; 236:25-237:6; 241:17-22 (Carol Winters' Deposition 9/22/06). Carol Winters responsively answered the questions asked of her. *See id.*; *see also generally* Attachment No. 1 at Dkt. No. 111 (Carol Winters' Depositions). Carol Winters had the opportunity to review her deposition answers and change or explain the answers after she reviewed the written transcript of the questions and her answers. *See* Fed. R. Civ. P. 30(e). Plaintiff cannot now claim that Carol Winters hearing problems should invalidate the answers she provided in her deposition because she had the opportunity to modify her answers to the extent her answers were not correct because her hearing problem caused her not to hear the question, and she chose not to modify, change or clarify her answers.

Plaintiff also claims Carol Winters' hearing condition is relevant to Helen Winters' Americans with Disabilities Act ("ADA") claim. *See* Opposition at 3. The ADA states in relevant part: "It shall be discriminatory to exclude or otherwise deny equal goods, services, facilities, privileges, advantages, accommodations, or other opportunities to an individual or entity because of the known disability of an individual with whom the individual or entity is known to have a relationship or association." 42 U.S.C. § 12182(b)(1)(E). The argument is unfounded. There is no evidence (1) that Carol

Defendant Chugiak Senior Citizens, Inc.'s Reply to Opposition to Motion *in Limine* No. 9
Re: (1) Carol Winters' Medical Issues and (2) Carol Winters' "Expert" Opinions
<u>Winters v. Chugiak Senior Citizens</u>/Case No. 3:06-cv-0083 (TMB)                Page 5 of 7

Winters' hearing condition makes her disabled under the ADA; (2) that CSC knew that Carol Winters' hearing condition was a disability under the ADA; and (3) that Carol Winters requested an accommodation. *See* Opposition at 1-5; *Wisconsin Correctional Service v. City of Milwaukee*, 173 F. Supp. 2d 842, 849 (E.D. Wis. 2001) (a party seeking a reasonable accommodation under the ADA or RA must specifically request it). Moreover, introduction of this evidence will simply confuse the issues in the case because there are no claims CSC violated plaintiff's rights under the ADA because it allegedly failed to accommodate Carol Winters' hearing impairment, and there are no direct claims asserted by Carol Winters for anything, let alone an ADA claim. Carol Winters is not a party to this case and has no claims at issue in this case.

Carol Winters' hearing problems should be limited to explaining Carol Winters' physical assault of CSC staff. If evidence of Carol Winters' hearing condition is admitted, the jury should be provided a limiting instruction that it should only consider Carol Winters' hearing issues to place Carol Winters' assault in context and for no other purpose.

**II.    Carol Winters May Not Provide Expert Testimony**

CSC moved to preclude Carol Winters from providing any expert testimony in this case. *See* Motion at 4-7. Plaintiff concedes that Carol Winters may not provide any expert testimony. *See* Opposition at 4. Carol Winters may only testify to factual, non-hearsay evidence that she has personal knowledge of. *See* Fed. R. Evid. 602; 802. CSC requests that the court instruct Carol Winters before she testifies that she may not provide any expert testimony regarding any topic, i.e., such as Carol Winters' alleged medical diagnosis of her mother's condition (as opposed to factual observations of her

Defendant Chugiak Senior Citizens, Inc.'s Reply to Opposition to Motion *in Limine* No. 9
Re: (1) Carol Winters' Medical Issues and (2) Carol Winters' "Expert" Opinions
Winters v. Chugiak Senior Citizens/Case No. 3:06-cv-0083 (TMB)    Page 6 of 7

mother's appearance, weight, etc.), or whether CSC met the standard of care for an assisted living facility, etc.

## III. Conclusion

For the reasons provided above, and in CSC's motion, the Court should grant CSC's motion to exclude Carol Winters' medical issues because Carol Winters has not asserted any claims on her own behalf, and her medical issues are not relevant to plaintiff's claims against CSC. The Court should also grant CSC's motion to preclude any "expert" testimony from Carol Winters because she is not an expert on any relevant issue, and has not been identified as an expert witness.

DATED at Anchorage, Alaska, this 12th of February, 2007.

DELANEY WILES, INC.
Attorneys for Chugiak Senior Citizens, Inc.

s/Donna M. Meyers and Clay A. Young
Delaney Wiles, Inc.
1007 W. Third Avenue, Suite 400
Anchorage, Alaska  99501
Phone:  907-279-3581/Fax:  907-277-1331
E-mail:     dmm@delaneywiles.com
E-mail:     cay@delaneywiles.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 12th day
of February, 2007, a copy of this document
was served electronically on:

Barbara Brink/Nikole Nelson
Jim Davis, Jr./Sonja Kerr
Alaska Legal Services Corporation
1016 West 6th Avenue, Suite 200
Anchorage, Alaska   99501

s/Donna M. Meyers and Clay A. Young (127267)

Defendant Chugiak Senior Citizens, Inc.'s Reply to Opposition to Motion *in Limine* No. 9
Re:  (1) Carol Winters' Medical Issues and (2) Carol Winters' "Expert" Opinions
Winters v. Chugiak Senior Citizens/Case No. 3:06-cv-0083 (TMB)                    Page 7 of 7