IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

HELEN WINTERS,                            )
through her power of attorney             )
Carol Winters,                            )
                                          )
        Plaintiff,                        )
                                          )
vs.                                       )
                                          )
CHUGIAK SENIOR CITIZENS, INC.,            )
                                          )    Case No. 3:06-cv-00083-TMB
        Defendant.                        )
_____ )

**PLAINTIFF'S OPPOSITION TO CSC'S MOTION FOR SUMMARY
JUDGMENT NO. 3 AND CROSS-MOTION FOR SUMMARY JUDGMENT ON
COUNT III OF PLAINTIFF'S AMENDED COMPLAINT.**

1.      **Introduction**

Through this memorandum Ms. Winters' opposes CSC's Motion for Summary

Judgment No. 3 and cross-moves for summary judgment on Count III of Ms. Winters'

Amended Complaint.

Summary judgment is only appropriate when a court finds that "the pleadings,

depositions, answers to interrogatories, and admissions on file, together with the affidavits

show that there is not genuine issue as to any material fact and that the moving party in

entitled to judgment as a matter of law."  Fed. Rule 56(c).  The Court must construe all

evidence and draw all evidentiary inferences in favor of the non-moving party.  10 A

Charles Alan Wright *et al.*, Federal Practice & Procedure § 1717, R 349 & no. 5 (3ed

1998)(*citing Adickes v. S.H. Kress & Co.* 398 U.S. 144 (1970)).

PLAINTIFF'S OPPOSITION TO CSC'S MOTION FOR                    Page 1 of 7
 SUMMARY JUDGMENT NO. 3 AND CROSS-MOTION
FOR SUMMARY JUDGMENT ON COUNT III OF PLAINTIFF'S
AMENDED COMPLAINT

- 1 -

A dispute over a "genuine" material fact exists if the evidence would allow a reasonable fact-finder to return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc*. 477 U.S. 242, 248 (1986). The non-moving party may defeat a motion for summary judgment by producing sufficient specific facts to establish that there is a genuine issue of material fact for trial. *Celotex Corp. v. Catreet*, 477 U.S. 317, 322-23 (1986).

### 2.    Statement of Facts

For the purposes of this motion, Ms. Winters' accepts as accurate CSC's recitation of her rental payment history since she received the January 4, 2006 notice of termination as accurate. (Doc. 133, at p. 8) The undisputed evidence shows that Ms. Winters' received a Notice of Termination on January 4, 2006. (P. Ex. 40) This notice terminated her tenancy effective February 3, 2006. (P. Ex. 40) On or about January 26, 2006, Ms. Winters' care coordinator requested that Ms. Winters' be allowed to stay longer at CSC. (P. Ex. 64, at 50100) Ms. Winters' paid rent for January on February 3, 2006. Ms. Winters' received a notice on February 28, 2006 for rent. Ms. Winters' paid February's rent on March 1, 2006. (Doc. 133, at p. 8, and see Doc. 1-5, Aff. Carol Winters, Par. 5, 10, 12) CSC did not invoice and Ms. Winters did not paid March or April's rent until after the parties entered into a stipulated agreement on April 26, whereby the parties acknowledged that CSC, by accepting rent, was not waiving its right to evict over future breaches of the residential contract or lease agreement. (Doc. 20-1)

### 3.    Argument

As set forth in its Motion for Summary Judgment, CSC effectively terminated plaintiff's tenancy on February 3, 2006 (via CSC's January 5, 2006, Notice of Termination).

There is no dispute that Ms. Winters' paid rent to and CSC accepted the rent payment after the February 3, 2006 termination date. Indeed, CSC does not deny in its Motion for Summary Judgment that it was paid and accepted full rent from Ms. Winters' for the month of February on March 1, 2006.

Ms. Winters' submits that the law is clear: where, as here, the landlord accepts rent after the termination date, the landlord has created a new tenancy and waived its right to evict for breach of the previous agreement. *See* AS § 34.03.240. The Alaska Supreme Court explicitly made this precise point in *Brown v. Music Incorporated,* 359 P.2d 295, 297 (Alaska 1961). *See also, Kreger v. Francis*, 898 P.2d 672 (Mont. 1995); *Craig Wrecking Co. v. S.G. Loewindick & Sons, Inc.*, 526 N.E.2d 321 (Ohio App. 1987); *Grisham v. Lowery*, 621 S.W.2d 745 (Tenn. App. 1981); *Crechale & Polles, Inc. v. Smith*, 295 So.2d 275 (Miss App. 1974); *Security Life Accident Ins. Co. v. United States*, 357 F.2d 145 (5th Cir. 1966); *Sheraton-Chicago Corp. v. Lewis*, 290 NE2d 685 (Ill. App. 1972); *Maniatty v. Carroll Co.*, 41 A.2d 144 (Vt. 1945); 156 ALR 1306.

CSC's Motion for Summary Judgment does not mention or otherwise discuss *Brown v. Music Incorporated.* Instead, CSC relies on *McCall v.Fickes,* 556 P.2d 535 (Alaska 1976). CSC apparently reads *McCall v.Fickes* as holding that a landlord can continue to accept rent from a tenant, long after the tenant's proposed termination date, and create no holdover tenancy as a result of doing so. But *McCall v.Fickes* says nothing of the sort and CSC's reliance on *McCall* is based on a fundamental misreading of that case.

It is critical to read the facts of *McCall v.Fickes* to properly understand the Court's ruling. In *McCall v.Fickes,* the tenant commenced a rental relationship with the landlord in

November 1974. *Id* at 537.  In April 1975, the tenant paid to the landlord the approximately five months of back rent.  *Id.*  In early May, the tenant paid the monthly rent for April and May.  *Id.*  On May 21, 1975, the landlord served the tenant with a notice stating that the tenant had to vacate the premises in 40 days (*id.*), *i.e.*, by July 1, 1975.  Thereafter, the tenant paid for the June rent.  *Id.*  When the tenant tried to pay the July rent the landlord refused and filed an FED.  *Id.*

The tenant argued that since the landlord had accepted the June rent, the landlord was barred from evicting the tenant.  The Supreme Court properly rejected that argument because, as is clear from the above factual recitation, the landlord's 40 day notice did not terminate the landlord-tenant relationship between the parties *until July 1*, and so the landlord was entitled to any rent that became due *before* that proposed termination date.  Any other result would mean that a landlord could never accept rent from a tenant who was facing a 30-day notice, even where the rent that was due and owing for the time period *before* the landlord's proposed termination date.

That situation is radically different from the one at hand.  Here, the landlord accepted rent **after** the landlord's proposed February 3rd termination date.  And the landlord accepted these monies from the tenant without reservation, *i.e.*, CSC did not inform Ms. Winters that it was accepting her February rent only on the condition that no holdover tenancy was created.  *Brown v. Music Incorporated* is on all fours here.

Further distinguishing *McCall v. Fickes* from Ms. Winters' case, is the fact that the tenants in *McCall v. Fickes* had a lease that could be terminated at anytime without cause on

30 days notice.  556 P.2d at 540.  AS 47.33.360(a) provides that Ms. Winters' lease with CSC may only be terminated uncertain very limited circumstances.

In effort to get around AS § 34.03.240, CSC raises two arguments that are equally without merit.  First, claims that because CSC granted Ms. Winters' care coordinator's request for an extension of time to remain at CSC for 30 days on January 26, 2006 that CSC's acceptance of Ms. Winters' rent was conditional.  Here again, the law is clear if a landlord permits a tenant to stay on after becoming aware of a breach and accepts rent, the landlord has waived his right to terminate the tenancy for that breach even if the tenant is on notice that the landlord is pursuing eviction unless the reservation is explicit.  *See, e.g.* *Warwick Housing Authority v. McLeod*, 2007 R.I. LEXIS 7, 12-15 (R.I. 2007); *Kreger v. Francis,* 898 P. 2d 672, 674 (Mont.  1995).  Simply allowing a tenant to remain and pay rent does not operate as such an express reservation.  That CSC knew how to accept with reservation is evidenced by its later actions when it refused to accept rent for the months of March and April until after the parties' April 26, 2006 stipulation was approved by the court, that stipulation expressly stated Ms. Winters' rental payments would "not constitute a future waiver of any right or remedy available to Chugiak Senior Citizens, Inc. to terminate plaintiff's lease agreement and resident services' contract."  [Dkt.  20.]

Next, CSC argues that the non-waiver provisions of its residential services' contract and lease agreement contain express provisions stating the CSC does not waive any provisions of the lease or contract by failing to enforce it.  However, since such a non-waiver provision is directly contrary to Alaska's Uniform Residential Landlord and Tenant Act, AS § 34.03.240 it is simply illegal and unenforceable.  *See* AS § 34.03.340 (a)("a rental

agreement may not provide that the tenant or landlord . . . agrees to waive or to forego rights or remedies under this chapter"); (b) ("a provision prohibited by (a) . . . of this section included in a rental agreement is unenforceable").

**4.    Conclusion**

Because the parties agree that there are no genuine issues of material fact with respect to whether CSC accepted rent from Ms. Winters' after its February 3, 2006 termination date, and because the law on this issue is clear – in doing so CSC waived its right to terminate Ms. Winters' lease agreement. Ms. Winters respectfully requests that this Court deny CSC's motion for summary judgment and grant summary judgment in Ms. Winters' favor on Count III of her Amended Complaint.

DATED: February 14, 2007       ALASKA LEGAL SERVICES CORPORATION
                                Attorneys for Plaintiff Helen Winters
                                through her power of attorney Carol Winters

                                s/Sonja Kerr_____
                                ALASKA LEGAL SERVICES
                                1016 West 6th Avenue, Suite 200
                                Anchorage, Alaska 99501
                                PHONE: (907) 274-9431
                                FAX: (907) 279-7417
                                E-mail: skerr@alsc-law.org
                                Alaska Bar No. 0409051

**Certificate of Service**

I hereby certify that on the 14th day of February, 2007, a copy of this document was served electronically:

Donna M. Meyers
Delaney, Wiles
1007 W. Third Avenue, Suite 400
Anchorage, AK 99501.

S/Sonja D. Kerr (0409051)