IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| HELEN WINTERS, through her power of attorney Carol Winters,<br><br>Plaintiff,<br><br>vs.<br><br>CHUGIAK SENIOR CITIZENS, INC.,<br><br>Defendant. | Case No. 3:06-cv-00083-TMB |

**Plaintiff's Reply to Defendant's Opposition to Plaintiff's First Motion in Limine**

This memorandum is in reply[1] to Defendant CSC's Opposition to Plaintiff's First Motion in Limine. Defendant relies upon a false factual premise and, equally as important, misinterprets the relevant law.

## ARGUMENT

Defendant CSC argues that the Court should not limit the evidence to that in existence prior to January 31, 2006. Defendant claims that Plaintiff seeks relief for acts or omissions of CSC beyond January 31, 2006 and thus it is only fair to submit evidence. Defendant CSC next contend that if the January 31, 2006 is the "cut off" date, then that date must hold for certain evidence offered by Plaintiff Winters. Finally, Defendant CSC argues that such a "sweeping order" is premature. None of these arguments have merit and the Court must grant Plaintiff's First Motion in Limine.

---

[1] Counsel have submitted a motion requesting permission to submit this reply late for the reasons explained in that motion. *See*, Doc. No. 260.

I.        **January 31, 2006 "End Date" is Consistent with Plaintiff's Claims.**

Plaintiff's initial complaint in state court and the amended complaint in federal Court speak to facts and circumstances prior to CSC's efforts to evict Plaintiff and related events occurring prior to the end of January 2006 or in response to Defendant CSC's purported 'legitimate' excuses for failure to accommodate Plaintiff Winters. *See,* Doc. ___. In other words, the information offered by Plaintiff goes to the question of what CSC "could have done" or the 'feasibility' of what CSC could have done to understand Ms. Winters needs and to assist Ms. Winters. *Manos v. Trans World Airlines, Inc.,* 324 F. Supp. 470 (N.D. Ill. 1971) (allowing post-accident evidence for proof of feasibility and not of negligence.); *Oberst v. International Harvester Co., Inc.,* 640 F. 2d 863 (7th Cir. 1980) (permitting information about feasibility pursuant to FRE 407). The care conference records, services plans and documents concerning Plaintiff Winters care after January 31, 2006 (P. Ex. 29, 46, 64, 85, 86, 87, 92, 93) are in direct response to Defendant's Answer to the Amended Complaint, in other words, it is, in essence rebuttal evidence give Defendant's Answer claiming that Plaintiff Winters is "heavy care" and challenging Defendant's asserted "legitimate" reason(s) for removal which rests on purported facts after January 31, 2006. If Defendant is allowed to submit pages and pages of progress reports after January 31, 2006, as well as expert reports created far after the event, then, the care conference records, services plans and other documents are relevant. The OLTCO Report (P. Ex. 35C), letter to Takakawa (P. Ex. 47), and the Superior Court Restraining Order (P. Ex. 49) are all public records as to the events, circumstances and facts occurring prior to January 31, 2006 and thus, cannot be excluded as irrelevant on the basis of the date.

**II.  Plaintiff's Claims Relate Essentially to Events Prior to January 31, 2006.**

Defendant CSC argues that Plaintiff's claims are beyond the January 31st date.

However, Defendant CSC misses the point: the evidence that is relevant to the determination of this case is that evidence which was in existence at the time CSC attempted to wrongly evict Plaintiff Winters from her home at CSC. That evidence is the facts, events, and circumstances of her care prior to the end of January, 2006 not evidence created 'after the fact' to attempt to legitimatize the attempted eviction. The pages and pages of progress notes are, in essence, documents created in anticipated of litigation and are not relevant to the determination of the real reasons for attempting to evict Ms. Winters on January 5, 2006.

## CONCLUSION

The Court should grant the motion in limine.

DATED: February 20, 2007   ALASKA LEGAL SERVICES CORPORATION
Attorneys for Plaintiff
Helen Winters
through her power of attorney Carol Winters


s/Sonja Kerr_____
ALASKA LEGAL SERVICES
1016 West 6th Avenue, Suite 200
Anchorage, Alaska 99501
PHONE: (907) 274-9431
FAX: (907) 279-7417
E-mail: skerr@alsc-law.org
Alaska Bar No. 0409051

Certificate of Service

I hereby certify that on the 20th day of February, 2007, a copy of this document was served electronically:

Donna M. Meyers
Delaney, Wiles
1007 W. Third Avenue, Suite 400

Memorandum of Points and Authorities in Support of Plaintiff's Motion to Remand
Case No. 3:06-cv-00083-TMB
Page 3 of 4

Anchorage, AK 99501.

S/Sonja D. Kerr (0409051)