IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| HELEN WINTERS, )<br>through her power of attorney )<br>Carol Winters, )<br>   )<br>   Plaintiff, )<br>   )<br>vs. )<br>   )<br>CHUGIAK SENIOR CITIZENS, INC., )<br>   )<br>   Defendant. )<br>_____ ) | Case No. 3:06-cv-00083-TMB |

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE
EXPERT WITNESS TESTIMONY AND REPORTS**

Defendant Chugiak Senior Citizens ("CSC") wants to put forth the testimony of three expert witnesses. These witnesses are Dr. Deborah Geeseman, M.D. (Psychiatrist), Dr. Sabine von Preyss-Friedman, M.D. (Internal Medicine, Geriatric Medicine and Long Term Care); and Theresa A. Panchot (R.N.).

The Opposition filed by the defendant to the Motion in Limine is not persuasive and the Court must exclude all three expert witnesses.

**I.   Panchot and Dr. von Preyss-Friedman Were Not Timely and Properly Disclosed.**

Whether November 28, 2006 was the date for disclosure of experts or expert reports, it is undisputed that the plaintiff knew nothing of at least two of these three experts until 12/12/06. Letter Meyers December 12, 2006, Ex. 1to Motion *in Limine*. Plaintiffs' counsel immediately wrote back and objected to any such late disclosures of

experts. Letter of Sonja Kerr, December 12, 2006, Ex. 2. Even then, there was no statement of each expert's qualifications as required.

Even at the time of the filing of the original Motion *in Limine*, the plaintiff had not been provided with any of these expert witness reports. Dr. Geeseman's report was provided on December 21, 2007. The other two reports were not provided until January 9, 2007. (Doc. 234-2(B) and Doc. 235 (B)).

The defendant offers no reason[1], excuse, justification, or explanation for this willful disregard of the discovery requirements, particularly the reports of von Preyss-Freidman and Panchot. This Court should not condone such blatant disregard of the deadlines and requirements of Fed. R. Civ. Proc. Rule 26(a).

II.     **Expert Witness Testimony as to Helen's Condition Today is Not Relevant to CSC's Actions as of January 2006.**

There must be logical relevance, that is, basic probative worth for the jury to consider the information offered. There is simply no relationship between Dr. Geeseman's report and this lawsuit regarding the actions of CSC. CSC did not have Dr. Geeseman evaluate Ms. Winters and then, based upon that evaluation change her care plan or suggest she move. What matters is the factual and expert evidence that CSC possessed <u>prior</u> to January 5, 2006 and for the short period of the rest of January. Simply put, CSC did not have any. Relying on Dr. Geeseman's report from December of 2006, nearly a year after CSC attempted to evict Ms. Winters has no logical relevance to what CSC did or did not do prior to January 5, 2006 and for the short

---

[1] While it is true that the Court orally informally commented that it would give Defendant some additional time to submit Dr. Geeseman's report. The Defendant failed to request any specific timeline for same and as such was bound by the November 28th date.

Reply to Defendant's Opposition to Plaintiff's Motion to Exclude Testimony and Reports of CSC's Experts
Case No. 3:06-cv-00083-TMB
Page 2 of 5

period of the rest of January. Offering such after-the-fact justification and trying to bootstrap the reports of Dr. von-Preyss Friedman and Ms. Panchot onto Dr. Geeseman's report is even less relevant.

**III. The Expert Testimony Should Be Excluded on the Basis of *Daubert*.**

Geesemans's report fails to meet the *Daubert v. Merrell Dow Pharmaceuticals, 951 F. 2d 1128 (9th Cir. 1991)* standards as reliable based on the credentials of the expert and nature of this case. In *Kumho Tire v. Carmichael,* 526 U. S. 137 (1999), the Supreme Court ruled that even the "soft sciences" must meet the *Daubert* standards. This requires a multi-factor test, including peer review, publication, testability, rate of error, and general acceptance within the field.

Plaintiff does not disagree that normally, psychiatric and psychological assessments may meet this initial threshold. However, in this instance, the expert opinions proffered far exceed the foundation of the field of expertise. First, CSC must establish some credible scientific link between the evaluation conducted by Dr. Geeseman on December 8, 2006 and Ms. Winter's needs and conditions prior to January of 2006. *U.S. v. Solomon,* 753 F.2d 1522 (9th Cir. 1985). Expert psychiatric testimony must be relevant to the situation at hand and any information from Dr. Geeseman is simply not relevant to the case at hand as to the facts and manner in which CSC cared for Ms. Winters prior to January of 2006. *U.S. v. Marsh*, 26 F.3d 1496 (9th Cir. 1994) (expert psychiatric testimony regarding victim's personality disorder properly excluded as victim's state of mind not relevant to attempted extortion and nature of relationship between victim and defendant before the jury).

Second, Dr. Geeseman is not an expert in the treatment of geriatric patients who are multiply disabled and hearing impaired. Nothing in her curriculum vitae suggests such expertise in any fashion. Nor does any portion of her report extol such expertise. That she is a psychiatrist does not measure up to the specificity needed here – a geriatric consultant with expertise in working with geriatric individuals who are multiply impaired, including those with hearing impairments. Dr. Geeseman does not, in any fashion, even explain how the tools utilized by her measured anything but the physical disabilities of Ms. Winters.

It has long been the law that testing of persons with disabilities must be done in such a way so as not to simply measure the person's disability. *Stutts v. Freeman*, 694 F. 2d 666 (11th Cir. 1983) held that measuring the ability of a dyslexic person by reason of a written test was essentially contrary to Section 504. And, *see*, *Bartlett v. N.Y. State Board of Law Examiners,* 970 F. Supp. (S.D.N.Y. 1997) (recognizing "test taking" as a major life activity.) Here, Geeseman has failed to explain in anyway how the tools she utilized have done anything other than measure Ms. Winters existing disabilities. Finally, Geeseman's conclusions about the level of medical care and staffing at CSC are FAR beyond the bounds of psychiatry and her area of expertise. *Nichols v. American Nat'l. Ins. Co.,* 154 F. 3d 875 (8th Cir. 1998) (psychiatric expert's testimony that plaintiff exhibited poor psychiatric credibility was not subject of expert testimony and record did not show expert's theories met *Daubert* criteria and witness sought to answer the key factual question before the jury).

The other reports, bootstrapped upon Geeseman's report and containing voluminous repetition of CSC's own self-serving records, suffer from similar

infirmities. Qualifications alone do not provide any kind of guarantee that expert opinions are based upon reliable scientific measures and procedures. CSC has spoon fed information to witnesses and then simply had them regurgitate CSC's opinions in their reports. This violates the very essence of *Khumo Tire*. Experts should rely on the same scientifically valid and reliable methodologies used in a clinical setting, not merely act as conduits for information from one party.

## CONCLUSION

For all of the foregoing reasons, the Court should exclude the expert testimony and reports of Dr. Geeseman, Dr. von Preyss, and Ms. Panchot.

DATED: February 20, 2006    ALASKA LEGAL SERVICES CORPORATION
Attorneys for Plaintiff Helen Winters
through her power of attorney Carol Winters

s/Sonja D. Kerr_____
ALASKA LEGAL SERVICES
1016 West 6th Avenue, Suite 200
Anchorage, Alaska 99501
PHONE: (907) 274-9431
FAX: (907) 279-7417
E-mail: skerr@alsc-law.org
Alaska Bar No. 0409051

### CERTIFICATE OF SERVICE

I, Sonja D. Kerr, certify that on February 20, 2007, a copy of the foregoing document was served electronically on Donna Meyers, at Delaney, Wiles, Hayes, Gerety, Ellis & Young, Inc.

s/Sonja D. Kerr_____