Donna M. Meyers
Clay A. Young
Delaney Wiles, Inc.
1007 W. 3rd Avenue, Suite 400
Anchorage, Alaska  99501
PHONE:  907-279-3581
FAX:  907-277-1331
dmm@delaneywiles.com
cay@delaneywiles.com

Attorneys for Defendant
Chugiak Senior Citizens, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| HELEN WINTERS, through her Power of Attorney Carol Winters,<br><br>                Plaintiff,<br><br>  v.<br><br>CHUGIAK SENIOR CITIZENS, INC.,<br><br>                Defendant.<br>_____ | Case No. 3:06-cv-00083-TMB |

**DEFENDANT CHUGIAK SENIOR CITIZENS, INC.'S REPLY TO OPPOSITION TO MOTION FOR SUMMARY JUDGMENT NO. 5 RE:  COUNTS VIII AND IX**

**I.    Introduction**

      Defendant Chugiak Senior Citizens, Inc. ("CSC") moved for summary judgment on Counts VIII and IX of plaintiff Helen Winters' Amended Complaint.  Counts VIII and IX involved claims of intentional infliction of emotional distress ("IIED") and negligent

Defendant CSC's Reply to Opposition to Motion for
Summary Judgment No. 5 Re:  Counts VIII and IX
*Winters v. CSC*/Case No. 3:06-cv-00083 (TMB)                                                                Page 1 of 10

infliction of emotional distress ("NIED").[1] In her opposition, plaintiff argues: (1) CSC's use of a lawful remedy in a lawful manner constitutes outrageous conduct; and (2) whether a defendant's conduct is outrageous is always a question for the jury. For the reasons explained below, plaintiff's argument is legally incorrect.

## II.  CSC Was Pursuing A Lawful Remedy

In its motion, CSC noted the incongruity of plaintiff basing her IIED and NIED claims on the fact that CSC acted outrageously by acting lawfully in providing plaintiff with an eviction letter that it was statutorily and contractually required to provide to plaintiff.  *See* Motion at 2; *see also* Ex. B at pg. 3, § 9 (explaining all notices should be transmitted by personal delivery or prepaid first class mail to tenant Helen Winters); Ex. C at pg. 9, § 31 (explaining all notices should be transmitted by personal delivery or prepaid first class mail to tenant Helen Winters); AS 47.33.360(b) (stating that the assisted living home shall provide written notice of the proposed contract termination to the resident). In her opposition, plaintiff attempts to distinguish a case cited by CSC, *Sands v. Living Word Fellowship*, 34 P.3d 955, 958-59 (Alaska 2001), in which the Alaska Supreme Court concluded that a party cannot commit an emotional distress tort by engaging in a lawful act.[2]  *See* Opposition at 3.  Plaintiff argues that only

---

[1] Dkt. No. 1, Ex. C at ¶¶ 39-43 (Amended Complaint).
[2] *See also Pawlicki v. City of Ithaca*, 993 F. Supp. 140, 146 (N.D.N.Y. 1998) (stating that under New York law, lawful arrest cannot form basis of claim for IIED); *Montemayor v. Ortiz*, 208 S.W.3d 627, 655 (Tex. App. 2006) (explaining that the pursuit of a remedy through legal process, however invasive or even injurious, does not constitute outrageous conduct beyond the bounds of decency, such as that which must be established to recover for intentional infliction of emotional distress; a party must have latitude to exercise these rights in a permissible way, even though emotional distress

Defendant CSC's Reply to Opposition to Motion for
Summary Judgment No. 5 Re:  Counts VIII and IX
*Winters v. CSC*, Case No. 3:06-cv-00083-TMB                                                              Page 2 of 10

constitutionally protected conduct, as opposed to otherwise lawful conduct, may not form the basis of an emotional distress claim. *See id.* Tellingly, plaintiff has cited no case in Alaska, or in any other jurisdiction, where a court has held that actions a party is required to perform by statute and by contract may nonetheless form the basis for an emotional distress claim.[3] *See id.* For these reasons, plaintiff's argument lacks merit and the Court should grant CSC's motion.

The lack of merit in plaintiff's argument regarding plaintiff's negligent infliction of emotional distress claim is further laid bare by plaintiff's arguments regarding why she should prevail on her motion for partial summary judgment on Count I, the Assisted Living Homes Act. Plaintiff argued in support of her motion that CSC violated the Assisted Living Homes Act by allegedly failing under AS 47.33.070(a)(7) to provide the written notice of the resident's right to pursue a grievance to <u>both</u> Carol Winters and Helen Winters. *See* Dkt. No. 271 at 10 (Plaintiff's Reply to Opposition to Motion for Partial Summary Judgment). However, AS 47.33.070(a)(7) actually only requires CSC to provide the notice of the grievance procedure to either the resident <u>or</u> the resident's

---

results); *Hessami v. Corporation of Ranson*, 170 F. Supp. 2d 626, 633 (N.D. W. Va. 2001) (concluding that lawful arrest of arrestee for trespassing after he refused to relocate to different section of private park was not conduct so extreme or outrageous as to support IIED claim under West Virginia law).

[3] *See* D. Ak. LR 7.1(d)(stating that failure to include proper authority in opposition to a motion may be deemed an admission that the motion is well taken); *Intertrust Technologies Corp. v. Microsoft Corp.*, 275 F. Supp. 2d 1031, 1051 (N.D. Cal. 2003) ("As far as the Court is concerned, the persuasiveness of an argument . . . is in direct proportion to the authorities on which it is premised. Necessarily this means that an argument that lacks appropriate supporting citations is no argument at all. Thus, Microsoft cannot be heard to complain that the Court has not adequately considered its arguments where these arguments are insufficiently supported by citations to evidentiary and/or legal authorities.").

Defendant CSC's Reply to Opposition to Motion for
Summary Judgment No. 5 Re: Counts VIII and IX
*Winters v. CSC*, Case No. 3:06-cv-00083-TMB                                                                           Page 3 of 10

representative: "An assisted living home shall maintain, for each resident of the home, a file that includes written acknowledgment by the resident or the resident's representative that the resident has received a copy of and has read, or has been read[,] the resident's right to pursue a grievance[.]" 47.33.070(a)(7)(B). Notwithstanding the fact that the statute is in the conjunctive, plaintiff claims CSC acted unlawfully by not giving her notice of the grievance procedure directly, but then seeks to penalize CSC for serving her with notice of the termination of the contracts, even though the contracts unequivocally required CSC to give her notice. Plaintiff's arguments are plainly incongruent.

Given this background, the duplicity and lack of merit in plaintiff's current position regarding CSC's service of the termination letter is laid bare. As explained above, pursuant to the terms of the Lease Agreement, CSC lawfully served Helen Winters notice of its termination of her Lease Agreement. *See* Ex. B at pg. 3, § 9; Ex. C at pg. 9, § 31. Plaintiff cannot now credibly argue that CSC should have only served Carol Winters with a copy of the termination letter. If CSC had done that and only served Carol Winters, plaintiff would argue, as she did regarding the grievance procedure notice, that CSC should have served Helen Winters directly and simply providing notice to Carol Winters was not sufficient. Effectuating service of the termination letter was required by the contract and AS 47.33.360(b) and CSC did nothing wrong. For plaintiff or Carol Winters to now imply that CSC should have served Carol Winters' only is disingenuous given Carol Winters' knowledge of her mother's medical condition, and her failure to instruct or otherwise notify CSC that it should only serve her (Carol) with

Defendant CSC's Reply to Opposition to Motion for
Summary Judgment No. 5 Re: Counts VIII and IX
*Winters v. CSC*, Case No. 3:06-cv-00083-TMB                                                                 Page 4 of 10

---

any important legal documents that might arguably upset her mother. Both plaintiff and Carol Winters were aware of plaintiff's medical conditions, of CSC's concerns about retaining plaintiff as a resident and desire to transition Helen Winters to a more appropriate facility, and the provisions in the lease that mandated service of the termination letter on plaintiff. *See* Ex. B at pg. 3, § 9; Ex. C at pg. 9, § 31. The lease provisions could have easily been modified to require no service on plaintiff and have service only effectuated on Carol Winters, if either plaintiff or Carol Winters had wanted such actions. However, neither plaintiff nor Carol Winters took any measures to change those provisions on how service should be accomplished.

In sum, for these reasons, and the reasons set forth above, the Court should enter summary judgment in CSC's favor on plaintiff's emotional distress claims.

### III. Whether The Conduct Is Legally Sufficient To Be Deemed Outrageous Is For The Court To Decide

Plaintiff argues that whether a defendant's conduct is outrageous and causes the plaintiff to suffer emotional distress is always a question for the jury.[4] *See* Opposition at

---

[4] To establish a claim for intentional infliction of emotional distress, plaintiff must establish (1) outrageous conduct; which (2) causes severe emotional distress. *Lybrand v. Trask*, 31 P.3d 801, 803 (Alaska 2001). Thus, even if plaintiff demonstrates she suffered emotional distress, this distress is not actionable as a tort of IIED unless it was caused by an outrageous act. *Id.* Plaintiff claims her emotional distress is exemplified by her anxiety and the high blood pressure she had on the same day that she received the eviction notice. As it is undisputed that plaintiff had a generalized anxiety disorder and high blood pressure that predated the eviction notice, *see* Opposition at 2, plaintiff's anxiety and high blood pressure would not constitute evidence of her alleged emotional distress, let alone establish that CSC's actions caused her severe emotional distress. In any event, assuming *arguendo* that plaintiff established that she suffered severe emotional distress, CSC is nonetheless entitled to summary judgment because as

Defendant CSC's Reply to Opposition to Motion for
Summary Judgment No. 5 Re: Counts VIII and IX
*Winters v. CSC*, Case No. 3:06-cv-00083-TMB                                         Page 5 of 10

3-7. Plaintiff's argument is legally incorrect. As is explained below, when the underlying facts are not in dispute, courts are required to determine whether a defendant's conduct is legally sufficient to be deemed outrageous for purposes of a claim for IIED or NIED. When the facts are construed in the light most favorable to plaintiff, CSC's conduct cannot be considered outrageous as a matter of law.

"Persons in Alaska can recover for the emotional distress that they suffer under <u>limited</u> circumstances." *Kallstrom v.* United States, 43 P.3d 162, 165 (Alaska 2002) (emphasis added).

> To establish a prima facie case of intentional infliction of emotional distress, the plaintiff must prove that the defendant through extreme or outrageous conduct ... intentionally or recklessly caused severe emotional distress or bodily harm to another. <u>The trial court must make a threshold determination whether the severity of the emotional distress and the conduct of the offending party warrant a claim of intentional infliction emotional distress</u>.

*Lybrand v. Trask*, 31 P.3d 801, 803 (Alaska 2001) (quotations omitted) (emphasis added); *see also Capresecco v. Jenkintown Borough*, 261 F. Supp. 2d 319, 323 (E.D. Pa. 2003) (explaining that under Pennsylvania law, for purposes of an IIED claim, the conduct alleged must be of an "extreme and outrageous type," which is a legal question for the Court to decide). The Alaska Supreme Court has explained:

> The cases thus far decided have found liability only where the defendant's conduct has been extreme and outrageous. It has not been enough that the defendant has acted with an intent which is tortuous or even criminal, or that he has intended to inflict emotional distress, or even that his

---

explained in CSC's motion and this reply, CSC's actions were not outrageous as a matter of law.

Defendant CSC's Reply to Opposition to Motion for
Summary Judgment No. 5 Re: Counts VIII and IX
*Winters v. CSC*, Case No. 3:06-cv-00083-TMB                                    Page 6 of 10

> conduct has been characterized by "malice," or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort. Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, "Outrageous!"

*Id*. at n.4 (quoting, noting adoption of, and citing the Restatement (Second) of Torts § 46 (1965)).

The Alaska Supreme Court has found dismissal of emotional distress claims warranted in numerous circumstances because the underlying acts, that were intentional and even criminal, were not outrageous as a matter of law. For example, in *Lybrand v. Trask*, 31 P.3d 801 (Alaska 2001), the Alaska Supreme Court affirmed the dismissal of an intentional infliction of emotional distress claim. *Id.* at 803. The plaintiff homeowner had sued her neighbor where the neighbor had painted a crucifix, and large words, including "BY THEIR (DEEDS) YE SHALL KNOW THEM," and symbols on the roof of the house after the plaintiff and her neighbor had been unable to amicably resolve their property dispute. *Id.* The Alaska Supreme Court concluded that the conduct alienated neighbors, imparted acrimonious messages to immediate neighbors, and seriously diminished the value of nearby property in the amount of $75,000. *Id.* at 803-04. Nonetheless, the Alaska Supreme Court held as a matter of law this evidence did not make the threshold showing that defendant's conduct was "outrageous." *Id.* Similarly, in *Hawks v. State, Dept. of Public Safety*, 908 P.2d 1013, 1015 (Alaska 1995),

Defendant CSC's Reply to Opposition to Motion for
Summary Judgment No. 5 Re: Counts VIII and IX
*Winters v. CSC*, Case No. 3:06-cv-00083-TMB                                                              Page 7 of 10

the Alaska Supreme Court affirmed a grant of summary judgment dismissing a claim that the state's five-year delay and lack of diligence and organization in identifying remains of murder victim amounted to IIED.  And, in *Chizmar v. Mackie*, 896 P.2d 196, 209 (Alaska 1995), the Alaska Supreme Court concluded that as a matter of law a physician's alleged misdiagnosis of a patient as HIV positive was not outrageous conduct even when the doctor failed to warn the patient that the screening test upon which the diagnosis was based was unconfirmed.  Thus, contrary to plaintiff's argument, a court may dismiss a plaintiff's claims for emotional distress if the undisputed facts demonstrate that the conduct upon which a plaintiff bases her claims is not outrageous as a matter of law.

With this understanding of the high legal threshold showing plaintiff must provide to establish CSC's conduct was outrageous, CSC's conduct is not legally sufficient to be deemed outrageous as a matter of law.  *See, e.g.*, *Lybrand*, 31 P.3d at 803; *Hawks*, 908 P.2d at 1015; *Chizmar*, 896 P.2d at 209.  Here, the undisputed facts demonstrate CSC simply provided plaintiff with a written notice that it was statutorily and contractually required to provide and did so in a manner that it was statutorily and contractually required to.  *See* Ex. B at pg. 3, § 9 (explaining all notices should be transmitted by personal delivery or prepaid first class mail to tenant Helen Winters); Ex. C at pg. 9, § 31 (explaining all notices should be transmitted by personal delivery or prepaid first class mail to tenant Helen Winters); AS 47.33.360(b) (stating that the assisted living home shall provide written notice of the proposed contract termination to the resident).  If the much more egregious conduct in *Lybrand*, *Hawks*, and *Chizmar* was not

Defendant CSC's Reply to Opposition to Motion for
Summary Judgment No. 5 Re:  Counts VIII and IX
*Winters v. CSC*, Case No. 3:06-cv-00083-TMB                                                                    Page 8 of 10

outrageous as a matter of law, the lawful act of providing plaintiff with her statutory and contractual notice cannot be deemed outrageous conduct as a matter of law.

In sum, plaintiff's argument is without merit and CSC is entitled to summary judgment on plaintiff's claims of emotional distress because the undisputed facts demonstrate CSC's act was not "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community" such that it would cause an average member of the community such resentment against CSC, to cause that person to exclaim, "Outrageous!" *Lybrand*, 31 P.3d at 803 n.4.

## IV. Conclusion

For the reasons set forth above and in CSC's motion, the Court should grant CSC's Motion for Summary Judgment No. 5 on plaintiff's emotional distress claims.

DATED at Anchorage, Alaska, this 27th day of February, 2007.

                DELANEY WILES, INC.
                Attorneys for Chugiak Senior Citizens, Inc.

                s/Donna M. Meyers and Clay A. Young
                Delaney Wiles, Inc.
                1007 W. Third Avenue, Suite 400
                Anchorage, Alaska  99501
                Phone:      907-279-3581
                Fax:        907-277-1331
                E-mail:     dmm@delaneywiles.com
                E-mail:     cay@delaneywiles.com
                Alaska Bar Assoc. No. 9006011 (DMM)
                Alaska Bar Assoc. No. 7410117 (CAY)

Defendant CSC's Reply to Opposition to Motion for
Summary Judgment No. 5 Re:  Counts VIII and IX
*Winters v. CSC*, Case No. 3:06-cv-00083-TMB        Page 9 of 10

**CERTIFICATE OF SERVICE**

I hereby certify that on 27th day
of February, 2007, a copy of foregoing
**Defendant's Reply to Opposition to
Motion for Summary Judgment No. 5 Re:
Counts VIII and IX** was served electronically on:

Jim Davis, Jr./Barbara Brink/
Nikole M. Nelson/Sonja Kerr
Alaska Legal Services Corporation
1016 West 6th Avenue, Suite 200
Anchorage, AK  99501


s/Donna M. Meyers and Clay A. Young
(127594)

Defendant CSC's Reply to Opposition to Motion for
Summary Judgment No. 5 Re:  Counts VIII and IX
*Winters v. CSC*, Case No. 3:06-cv-00083-TMB                                    Page 10 of 10