## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

<u>WINTERS</u>  v.  <u>CHUGIAK SENIOR CITIZENS, INC.</u>

HONORABLE TIMOTHY M. BURGESS

DATE: March 13, 2007                         CASE NO. <u>3:06-cv-00083-TMB</u>

PROCEEDINGS:     **MINUTE ORDER FROM CHAMBERS**
                                  **Re: Supplemental Briefing Motion at Docket No. 118**

       At Docket No. 118 Defendant has moved for an order dismissing this action for lack of standing. A central issue raised by the motion concerns the scope of a General Power of Attorney executed by Helen H. Winters then a Maryland Resident and executed in Maryland. The Court notes that, without analysis of the substantive law applicable under Alaska choice of law rules, the parties have argued the scope of that power of attorney under Alaska substantive law.

       IT IS THEREFORE ORDERED THAT, within 15 days of the date of this order, the parties are each to submit supplemental briefing, not to exceed 15 pages, addressing the following issues:

1.      Why under Alaska choice of law rules, the internal substantive law of Maryland should not be applied to the interpretation of the scope of the General Power of Attorney executed by Helen H. Winters on May 25, 1999 (*see, e.g., Palmer G. Lewis Co., Inc. v. Arco Chemical Co.*, 904 P.2d 1221 (Alaska 1995) (adopting RESTATEMENT (SECOND) CONFLICT OF LAWS § 188); and

2.      In light of the allegations in the Complaint concerning the disability of Helen H. Winters, the effect on the scope of the power of attorney under the third and fourth paragraphs on page 3, which read:

> This general power of attorney becomes effective immediately and shall not be affected by disability; or any uncertainty as to whether I am alive or dead.

> In the event that I should hereafter become disabled and a petition filed for the appointment of a guardian of my property, I hereby designate and nominate my attorney-in-fact as such guardian of my property and request that she be excused from the necessity of furnishing bond if appointed such guardian.

       IT IS FURTHER ORDERED THAT not more than seven (7) days after service of the principal supplemental brief each party may file a brief reply, not to exceed 10 pages; **no further briefing or documents may be filed unless otherwise ordered by the Court**.

[MO Mtn Dkt 118.wpd]{Rev. 07/04}