Donna M. Meyers
Clay A. Young
Delaney Wiles, Inc.
1007 W. 3rd Avenue, Suite 400
Anchorage, Alaska 99501
Phone: 907-279-3581
Fax: 907-277-1331
dmm@delaneywiles.com
cay@delaneywiles.com

Attorneys for Defendant
Chugiak Senior Citizens, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| HELEN WINTERS, through her Power of Attorney Carol Winters, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | |
| CHUGIAK SENIOR CITIZENS, INC., ) ) | |
| Defendant. ) ) | |
| _____ ) | Case No. 3:06-cv-00083-TMB |

**DEFENDANT'S SUPPLEMENTAL BRIEFING RE: MOTION AT DOCKET NO. 118**

**INTRODUCTION AND SUMMARY OF ARGUMENT**

This brief is submitted in response to the Court's Minute Order from Chambers dated March 13, 2007 requesting supplemental briefing with respect to two issues. The first issue the court requested supplemental briefing on was why the internal substantive law of Maryland should not be applied to the interpretation of the General Power of Attorney using Alaska's choice of law rules (and presumably what the effect of the use of

the internal substantive law of Maryland would be).  The second question on which the court asked for briefing was, in light of the allegations of the Complaint concerning Helen Winters' disability, what effect those allegations have on the scope of the power of attorney under the third and fourth paragraphs of page 3 of the Power of Attorney.

Defendant's response is detailed below.  To summarize as to the first question, it is defendant's position that it is not at all clear whether Alaska's or Maryland's substantive law should apply, but it does not matter:  Maryland construes powers of attorney as strictly as does Alaska.  With respect to the second question, it is respectfully submitted that the allegations in the Complaint concerning Helen Winters' disability and the referenced paragraphs are not relevant, as the validity of the power of attorney is not questioned, and no one has applied for the appointment of a guardian.

**DISCUSSION**

I.    **Conflicts of Laws**

A.    **Alaska's Choice of Law Rules; Factors Evenly Weighted Between Alaska and Maryland.**

Alaska courts looks to the factors set forth in the RESTATEMENT (SECOND) CONFLICT OF LAWS § 188 when an agreement does not contain a choice of law provision.  *See Palmer G. Lewis Co., Inc. v. ARCO Chemical Co.*, 904 P.2d 1221, 1227 (Alaska 1995). Restatement Section 188 provides:

> (1) The rights and duties of the parties with respect to an issue in contract are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the transaction and the parties under the principles stated in § 6.

(2) In the absence of an effective choice of law by the parties (see § 187), the contacts to be taken into account in applying the principles of § 6 to determine the law applicable to an issue include:

(a) the place of contracting,

(b) the place of negotiation of the contract,

(c) the place of performance,

(d) the location of the subject matter of the contract, and

(e) the domicile, residence, nationality, place of incorporation and place of business of the parties.

These contacts are to be evaluated according to their relative importance with respect to the particular issue.

(3) If the place of negotiating the contract and the place of performance are in the same state, the local law of this state will usually be applied, except as otherwise provided in §§ 189-199 and 203.

RESTATEMENT (SECOND) CONFLICT OF LAWS § 188.

Some courts have relied heavily on the first factor and concluded that the validity and scope of a power of attorney is governed by the law of the place where the power of attorney was executed. *See, e.g.*, *Stafford v. Crane*, 382 F.3d 1175, 1182 (10th Cir. 2004) (concluding that pursuant to Kansas's choice of law rules power-of-attorney that was executed and filed in Oklahoma was governed by Oklahoma law); *Merinos Viesca y Compania v. Pan American Petroleum & Transport Co.*, 49 F.2d 352, 354 (E.D.N.Y. 1931) (concluding validity and scope of power of attorney given in Mexico for acts to be exercised therein was determinable by Mexican law); *Bank of America, Nat. Trust & Sav. Ass'n v. Horowytz*, 248 A.2d 446, 449-50 (N.J. 1968) (holding where power of attorney

was executed in California, court would construe it in accordance with laws of that state); *In re Everett's Estate*, 23 A.2d 202 (Vt. 1941) (concluding where power of attorney to execute appeal bond in the name of principal was executed and acknowledged in Italy, the validity of such power of attorney, depended upon the law of Italy); *see also* 3 Am. Jur. 2d Agency § 8 (2007).

The first factor weighs in favor of applying Maryland law in interpreting the power of attorney because Maryland was the place where the power of attorney was signed. *See* Exh. 1 at 4 (attached to Motion at Dkt. No. 118); RESTATEMENT (SECOND) CONFLICT OF LAWS § 188(2)(a). The second factor is not helpful in resolving which state's law should be applied because there is no evidence in the record regarding where the power of attorney was negotiated (although presumably in Maryland). The power of attorney does not state where the "place of performance" was to be or reference where the location of the subject matter of it is or would be located; the third and fourth factors are not of assistance. RESTATEMENT (SECOND) CONFLICT OF LAWS § 188(2)(b), (c), (d). The fifth factor weighs in favor of Alaska as Helen Winters, Carol Winters, and CSC are domiciled in and are residents of Alaska, and CSC is incorporated in and does business in Alaska. RESTATEMENT (SECOND) CONFLICT OF LAWS § 188(2)(e).

Thus, application of the Restatement factors on balance do not strongly weigh in favor of application of either Maryland law or Alaska law. Given that the parties are all in Alaska, are Alaska residents, the evidence is in Alaska, and the events took place in Alaska, it would seem prudent to apply Alaska substantive law in interpreting the power of attorney. However, as is explained below, it does not appear that it matters whether

Alaska or Maryland law is applied because Maryland law regarding the interpretation of powers of attorney is in accord with Alaska law.

### B.    Maryland Law Regarding Interpretation of Power of Attorney

Maryland does not have a statute similar to that of Alaska which sets forth a general power of attorney form.  It does have a durable power of attorney statute, Md. Code Ann., [Estates and Trusts] § 13-601 (1997), attached as Exh. 2, but it does not seem to apply.

Under Maryland case law, "[b]roadly defined, a power of attorney is a written document by which one party, as principal, appoints another as agent (attorney in fact) and confers upon the latter the authority to perform certain specified acts or kinds of acts on behalf of the principal."  *King v. Bankerd*, 492 A.2d 608, 611 (Md. 1985).  "This instrument, which delineates the extent of the agent's authority, is a contract of agency that creates a principal-agent relationship."  *Id.*

Maryland law regarding powers of attorney and the construction of a general power of attorney is similar to Alaska law.  *Compare King v. Bankerd*, 492 A.2d 608, 610-11 (Md. 1985), *with Aiello v. Clark*, 680 P.2d 1162, 1165-66 (Alaska 1984).  Maryland has recognized that "[v]arious rules govern the interpretation of powers of attorney."  *King*, 492 A.2d at 611.  One "well settled" rule is that powers of attorney are "strictly construed as a general rule and are held to grant only those powers which are clearly delineated." *Id.* (citing *Klein v. Weiss*, 395 A.2d 126, 140 (Md. 1978).  Maryland recognizes that the rule of strict construction "cannot override the general and cardinal rule" that the court determine the intention of the parties.  *Id.*  To ascertain this intent, Maryland has

"emphasized that the language used in the instrument and the object to be accomplished be viewed in light of the surrounding circumstances." *Id.* Maryland law in this regard is similar to Alaska law and Maryland in fact has recognized that Alaska also has "embraced the rule of strict construction of powers of attorney." *Id.* at 611-12 (citing *Aiello v. Clark*, 680 P.2d 1162, 1166 (Alaska 1984) with approval).

Another rule of construction Maryland follows "is to discount or disregard, as meaningless verbiage, all-embracing expressions found in powers of attorney." *Id.* at 612 (citing Restatement (Second) of Agency § 34, comment h (1958)). "Because powers of attorney are ordinarily very carefully drafted and scrutinized, courts give the terms used a technical rather than a popular meaning." *Id.* Maryland also follows the rule that "ambiguities in an instrument are resolved against the party who made it or caused it to be made, because that party had the better opportunity to understand and explain his meaning." *Id.* (citing *Truck Insurance Exchange v. Marks Rentals, Inc.*, 418 A.2d 1187, 1191 (1980) (ambiguity in an instrument resolved against party responsible for drafting it, absent evidence indicating the intention of the parties)). Finally, Maryland follows the rule that "general words used in an instrument are restricted by the context in which they are used, and are construed accordingly." *Id.* (citing *Aiello v. Clark*, 680 P.2d 1162, 1166 (Alaska 1984)).

Maryland's rules of strict construction were applied in *King v. Bankerd*, 492 A.2d 608, 615 (Md. 1985). In *Bankerd*, a landowner sued his agent for damages, alleging breach of trust and breach of fiduciary duty in connection with the transfer of property. On appeal, the court held that the agents holding a broad power of attorney lack the

power to make a gift of the principal's property unless that power is expressly conferred. *Id.* at 612-13.  The court also held that the power of attorney authorizing the attorney as an agent to "convey, grant, bargain and/or sell" subject property "on such terms as to him may seem best," did not expressly authorize gratuitous transfer of property and would not be so interpreted by the court.  *Id.* at 614-15.

Maryland has narrowly applied and strictly construed powers of attorney in numerous contexts in concluding that the powers of attorney did not permit the attorney to engage in actions that attorney claimed to have.  *See, e.g.*, *Mitchell v. AARP Life Ins. Program, New York Life Ins. Co.*, 779 A.2d 1061, 1076-77 (Md. App. 2001) (power of attorney allowing agent to sell, lease, grant, encumber, release or otherwise convey any interest in real property and to execute deeds and all other instruments on principal's behalf failed to indicate agent's right to obtain life insurance for the principal and, therefore, failed to satisfy insurer's underwriting guidelines).

In sum, because Maryland strictly and narrowly construes powers of attorney and only grants those powers that are "clearly delineated" and there is no language in Helen Winters power of attorney that is clearly delineated and permitted Carol Winters to file a personal injury suit against CSC, the court should grant CSC's motion because Carol Winters lacks standing to bring this suit.

## II.    Effect of Helen Winters' Alleged Disability on Scope of Power of Attorney

The court has phrased the question as follows:

2.    In light of the allegations in the Complaint concerning the disability of Helen H. Winters, the effect on the scope of the power of attorney under the third and fourth paragraphs on page 3, which read:

This general power of attorney becomes effective immediately and shall not be affected by disability; or any uncertainty as to whether I am alive or dead.

In the event that I should hereafter become disabled and a petition filed or the appointment of a guardian of my property, I hereby designate and nominate my attorney-in-fact as such guardian of my property and request that she be excused from the necessity of furnishing bond if appointed such guardian.

There are two issues here: (1) whether the plaintiff is disabled; and (2) if she is, what effect that has on the power of attorney.

As to the first question, there are distinct questions of fact about whether and to what extent Helen Winters has a disability. The parties have briefed that extensively in connection with motions in limine and motions for summary judgment. The only "disability" that plaintiff has apparently identified as an alleged protected condition is that Helen Winters is hard of hearing. No other disability appears to be pertinent or even alleged. That disability, even if proven, would probably not be enough to justify the appointment of a guardian for Helen Winters. However, that issue is, frankly, probably beyond the scope of this briefing.

The issue of Helen Winters' disability, however, is irrelevant because the quoted language in the power of attorney refers to two conditions that must be met: disability and a petition being filed for the appointment of a guardian. Even if Ms. Winters is disabled, no petition has been filed for the appointment of a guardian. Thus, that paragraph of the power of attorney is irrelevant.

Both paragraphs are, more particularly, irrelevant because Chugiak Senior Citizens, Inc. is not questioning the validity of the power of attorney nor the fact that it was

effective at the time it was signed, at least, not in this motion practice are they so claiming.  Rather, CSC asserts that it does not grant the power for Carol Winters to bring this lawsuit.

## CONCLUSION

CSC, Inc. believes that the considerations favoring either Alaska or Maryland substantive law to be applied in construing the power of attorney are of fairly even strength, but since Maryland law and Alaska law are virtually identical with regard to the construction of powers of attorney, it does not matter.  CSC, Inc. further asserts that the language the court quoted in the power of attorney is not relevant to the question of standing because CSC is not asserting that the power of attorney did not take effect, because Helen Winters' disability, if there is one, is in question, and even if she has one, no petition has been filed to establish a guardianship.

DATED at Anchorage, Alaska, this 28th day of March, 2007.

DELANEY WILES, INC.
Attorneys for Chugiak Senior Citizens, Inc.

  s/Clay A. Young
1007 W. 3rd Avenue, Suite 400
Anchorage, Alaska  99501
Phone:  907-279-3581
Fax:  907-277-1331
cay@delaneywiles.com
Alaska Bar Assoc. No. 7410117

**CERTIFICATE OF SERVICE**

I hereby certify that on the 28th
day of March 2007, a copy of
the above was served electronically on:

Barbara Brink/Nikole Nelson
Jim Davis, Jr./Sonja Kerr
Alaska Legal Services Corporation
1016 West 6th Avenue, Suite 200
Anchorage, Alaska   99501


  s/Clay A. Young_____
128791