Donna M. Meyers
Clay A. Young
Delaney Wiles, Inc.
1007 W. 3rd Avenue, Suite 400
Anchorage, Alaska  99501
Phone:  907-279-3581
Fax:  907-277-1331
dmm@delaneywiles.com
cay@delaneywiles.com

Attorneys for Defendant
Chugiak Senior Citizens, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| HELEN WINTERS, through her Power of Attorney Carol Winters,<br><br>               Plaintiff,<br><br>   v.<br><br>CHUGIAK SENIOR CITIZENS, INC.,<br><br>               Defendant.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 3:06-cv-00083-TMB |

**DEFENDANT'S REPLY TO PLAINTIFF'S SUPPLEMENTAL BRIEFING
RE: MOTION AT DOCKET NO. 118**

**INTRODUCTION AND SUMMARY OF ARGUMENT**

This reply brief is submitted by Chugiak Senior Citizens, Inc. ("CSC") in response to the briefing plaintiff submitted in response to the Court's Minute Order from Chambers dated March 13, 2007, which requested supplemental briefing with respect to two issues involving the construction and scope of plaintiff's power of attorney.

The Court's order (Dkt. No. 284 at 1) was quite clear in limiting the parties' briefing to those two narrow issues and stated "no further briefing or documents may be filed unless otherwise ordered by the Court." *Id.* Plaintiff briefed numerous issues outside the narrow scope of the Court's order and in direct violation of the Court's order that "no further briefing . . . may be filed unless otherwise ordered by the Court." *Id.* As plaintiff's briefing on these issues is outside the scope of the Court's order, and CSC would be violating the Court's order not to provide briefing or reply briefing on any other issues, CSC will not respond the numerous legal deficiencies and inaccuracies contained in the briefing plaintiff blithely submitted on these other issues in violation of the Court's order.[1] CSC requests the Court disregard or strike the parts of plaintiff's supplemental brief that exceed the scope of this Court's order.

**I.        Alaska and Maryland Strictly Construe Powers of Attorney**

The first question the Court requested additional briefing on was: "Why under Alaska choice of law rules, the internal substantive law of Maryland should not be applied to the interpretation of the scope of the General Power of Attorney executed by Helen H. Winters on May 25, 1999?" Dkt No. 284 at 1. Plaintiff does not expressly answer this question in her supplement brief in response to this question. Dkt. No. 288 at 4-10. Instead, plaintiff simply notes that "the Maryland POA is not substantively different than

---

[1] For example, plaintiff provides briefing on issues involving standing, and Civil Rules 15, 17, and 35. Dkt. No. 288 at 1-13. As one example of the lack of merit of plaintiff's arguments, plaintiff implies that is not now appropriate for CSC to challenge Carol Winters' standing to bring this suit. Dkt. No. 288 at 4. Plaintiff cites no authority in support of her argument and her argument in this regard is legally incorrect as it is undisputed that a defendant may challenge a party's standing at any time. *See United States v. Viltrakis*, 108 F.3d 1159, 1160 (9th Cir. 1997) (explaining that the issue of standing can be raised at any time); *R.C. Dick Geothermal Corp. v. Thermogenics, Inc.*, 890 F.2d 139, 145 (9th Cir. 1989) (noting the established rule that standing is open to challenge at any time).

what is permissible for a POA in Alaska" and asserts that "the internal substantive law of Maryland applies to the Power of Attorney." *Id.* at 4. Plaintiff's briefing on this issue is incomplete and inapposite.

Plaintiff's supplement brief fails to address whether Maryland or Alaska law should be applied when the RESTATEMENT (SECOND) CONFLICT OF LAWS § 188 factors are used to analyze the power of attorney at issue in this case. Dkt. No. 288 at 4-10. As CSC explained in its supplemental brief, it is not clear cut whether Maryland or Alaska law should be applied when applying the RESTATEMENT (SECOND) CONFLICT OF LAWS § 188 factors.

However, more importantly, plaintiff's supplement brief fails to address the consequences of whether Alaska or Maryland law is used to interpret the scope of Helen Winters' power of attorney. Dkt. No. 288 at 4. For example, plaintiff asserts that "the internal substantive law of Maryland applies to the Power of Attorney," but then fails to state the consequences of Maryland law being used to construe the power of attorney. *Id.* at 4.[2] Plaintiff's omission in this regard is telling and refutes her argument that the

---

[2] Instead of relying on Maryland or Alaska precedent in construing the scope of powers of attorney, plaintiff relies on *Miller v. Jackson Hosp. and Clinic*, 776 So.2d 122 (Ala. 2000), a case from Alabama that has no precedential value for this Court and does not address how Maryland interprets and construes the scope of powers of attorney. Dkt. No. 288 at 6-7. Not only does *Miller* fail to address the precise issue the Court requested further briefing on, i.e., whether the internal substantive law of Maryland should be applied to the interpretation of the scope of the power of attorney, *Miller* is also distinguishable from the situation here. Miller involved a patient's uncle with a power of attorney bringing suit on the patient's behalf. However, unlike Helen Winters' power of attorney which does not grant Carol Winters the right to sue CSC, the power of attorney in *Miller* expressly permitted the power of attorney to "institute, prosecute, defend, compromise, arbitrate and dispose of legal, equitable, or administrative hearings, actions, suits, attachments, arrests, distresses, or other proceedings, or otherwise engage in litigation in connection with any legal or equitable matters." *Id.* at 124. Moreover, unlike the situation with Helen Winters, in *Miller* the plaintiff power of attorney timely moved to amend the complaint to add the patient/principal as a named plaintiff. *Id.* at 123. Here, Carol Winters never moved to amend her complaint, or substitute Helen Winters as the real party in

power of attorney should be construed to authorize Carol Winters to bring a personal injury suit against CSC.

As explained in detail in CSC's motion, and repeated here for ease of reference, Maryland law regarding powers of attorney and the construction of a general power of attorney is similar to Alaska law. *Compare King v. Bankerd*, 492 A.2d 608, 610-11 (Md. 1985), *with Aiello v. Clark*, 680 P.2d 1162, 1165-66 (Alaska 1984). Maryland has recognized that "[v]arious rules govern the interpretation of powers of attorney." *King*, 492 A.2d at 611. One "well settled" rule is that powers of attorney are "strictly construed as a general rule and are held to grant only those powers which are clearly delineated." *Id.* (citing *Klein v. Weiss*, 395 A.2d 126, 140 (Md. 1978). Maryland recognizes that the rule of strict construction "cannot override the general and cardinal rule" that the court determine the intention of the parties. *Id.* To ascertain this intent, Maryland has "emphasized that the language used in the instrument and the object to be accomplished be viewed in light of the surrounding circumstances." *Id.* Maryland law in this regard is similar to Alaska law and Maryland in fact has recognized that Alaska also has "embraced the rule of strict construction of powers of attorney." *Id.* at 611-12 (citing *Aiello v. Clark*, 680 P.2d 1162, 1166 (Alaska 1984) with approval).

Another rule of construction Maryland follows "is to discount or disregard, as meaningless verbiage, all-embracing expressions found in powers of attorney." *Id.* at 612 (citing Restatement (Second) of Agency § 34, comment h (1958)). "Because powers of

---

interest, nor could she now as the time for filing amendment to the pleadings expired close to a year ago on June 15, 2006. Dkt. No. 30.

attorney are ordinarily very carefully drafted and scrutinized, courts give the terms used a technical rather than a popular meaning." *Id.* Maryland also follows the rule that "ambiguities in an instrument are resolved against the party who made it or caused it to be made, because that party had the better opportunity to understand and explain his meaning." *Id.* (citing *Truck Insurance Exchange v. Marks Rentals, Inc.*, 418 A.2d 1187, 1191 (1980) (ambiguity in an instrument resolved against party responsible for drafting it, absent evidence indicating the intention of the parties)). Finally, Maryland follows the rule that "general words used in an instrument are restricted by the context in which they are used, and are construed accordingly." *Id.* (citing *Aiello v. Clark*, 680 P.2d 1162, 1166 (Alaska 1984)).

Therefore, if the Court applies Maryland law regarding the interpretation of the scope of powers of attorney, plaintiff's argument that Helen Winters' power of attorney should be construed to authorize Carol Winters to bring a personal injury suit against CSC is legally incorrect. Maryland (like Alaska) strictly and narrowly construes powers of attorney and only grants those powers that are "clearly delineated" and there is no language in Helen Winters' power of attorney that is clearly delineated that permitted Carol Winters to file a personal injury suit against CSC.

## II.   Effect of Helen Winters' Alleged Disability on Scope of Power of Attorney

In her supplemental briefing on the effect of Helen Winters' alleged disability on the scope of the power attorney, in regards to the third paragraph on page 3 of the power

of attorney,[3] plaintiff argues that the power of attorney by its plain language becomes effective immediately and the power of attorney was not effected by any subsequent disability or incompetence of Helen Winters.  *See* Dkt. No. 288 at 12.  CSC does not dispute this interpretation.

The fourth paragraph on page 3 of the power of attorney states: "In the event that I should hereafter become disabled and a petition filed or the appointment of a guardian of my property, I hereby designate and nominate my attorney-in-fact as such guardian of my property and request that she be excused from the necessity of furnishing bond if appointed such guardian."  In regards to the fourth paragraph, plaintiff argues that this "provision merely indicates Helen's choice of Carol Winters as guardian if a guardian was necessary due to further deterioration or incompetence."  Dkt. No. 288 at 12.  CSC also does not dispute this interpretation, but submits that this interpretation is incomplete. The fourth paragraph in the power of attorney refers to two conditions that must be met: if Helen Winters is disabled <u>and</u> a petition is filed for the appointment of a guardian, then Helen Winters nominates and designates Carol Winters as her guardian of her property. In regards to the first condition, there is a question of fact regarding whether Ms. Winters is disabled. Even if she was disabled, it is undisputed that a petition for the appointment of a guardian has never been filed.  Consequently, the two predicate conditions have not been met.  Thus, the fourth paragraph of the power of attorney is irrelevant to this case. The fourth paragraph does not address nor impact the scope of the power of attorney.

---

[3] The third paragraph states: "This general power of attorney becomes effective immediately and shall not be affected by disability; or any uncertainty as to whether I am alive or dead."

CSC is not questioning the validity of the power of attorney, nor the fact that it was effective at the time it was signed, for purposes of resolving the pending motions before the Court.  Rather, CSC asserts that it does not grant the power for Carol Winters to bring this lawsuit, and neither the third or fourth paragraphs of the power of attorney address that issue.

## CONCLUSION

The considerations favoring either Alaska or Maryland substantive law to be applied in construing the power of attorney are of fairly even strength, but since Maryland law and Alaska law are virtually identical with regard to the construction of powers of attorney, it does not matter.  The language the court quoted in paragraphs 3 and 4 on page 3 of the power of attorney is not relevant to the question of standing because CSC is not asserting that the power of attorney did not take effect, because Helen Winters' disability, if there is one, is in question, and even if she has one, no petition has been filed to establish a guardianship.

DATED at Anchorage, Alaska, this 11th day of April, 2007.

        DELANEY WILES, INC.
        Attorneys for Chugiak Senior Citizens, Inc.

        _ s/Clay A. Young_____
        1007 W. 3rd Avenue, Suite 400
        Anchorage, Alaska  99501
        Phone:  907-279-3581
        Fax:  907-277-1331
        cay@delaneywiles.com
        Alaska Bar Assoc. No. 7410117

**CERTIFICATE OF SERVICE**

I hereby certify that on the 11th
day of April 2007, a copy of
the above was served electronically on:

Barbara Brink/Nikole Nelson
Jim Davis, Jr./Sonja Kerr
Alaska Legal Services Corporation
1016 West 6th Avenue, Suite 200
Anchorage, Alaska   99501


 s/Clay A. Young_____
129414