IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| HELEN WINTERS, through her power of attorney Carol Winters,<br><br>    Plaintiff,<br><br>vs.<br><br>CHUGIAK SENIOR CITIZENS, INC.,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. 3:06-cv-00083-TMB<br>)<br>) |

**Plaintiff's Reply Brief Regarding Power of Attorney**

This reply brief is submitted per the Court's Minute Orders. (Doc. 284, Doc. 286).

**I.      Helen Winters Has Standing.**

CSC contends that Carol Winters lacks standing to bring this lawsuit because Maryland strictly construes powers of attorney and the Maryland POA does not specifically give Carol Winters permission to file a personal injury lawsuit against CSC. (CSC Supplemental Brief, at 7.)  CSC cites to *King v. Bankerd*, 492 A.2d 608, 615 (Md. 1985) but that case is unavailing.  In *King*, the Court was looking to the actions of the attorney in fact that were questioned as detrimental to the principal rather than the ability of the attorney-in-fact, as here, to assist the principal in bringing suit against the actions of a third party, CSC.  Similarly, *Mitchell v. AARP Life Ins. Program, New York Life Ins. Co.* 779 A. 2d 1061, 1076-1077) (Md. App. 2001) doesn't apply.  There, the life insurance company required that any potential beneficiary who was relying on a POA had to include the specific right within a POA to apply for the life insurance. The POA

of the beneficiary in Mitchell did not have that. Here, nothing within the CSC documents for admission required Helen Winters to have a more specific POA; *see*, P. Ex. 11, P. Ex. 12. In fact, CSC clearly relied upon the Maryland POA throughout this situation.

Helen Winters is the primary plaintiff in this action and has participated in it. Thus, whatever authority the Maryland POA gives Carol Winters must be read in light of the fact that Helen Winters is viable, and capable of expressing her wishes. For example, Helen Winters opposed but based on the Court order, directly participated in the Rule 35 IME. During the IME, which Carol Winters did not attend, Helen Winters reviewed and made corrections to the Statement of Helen's Daily Activities, a document provided to the Rule 35 IME. *See*, Dr. Geeseman Report, at p. 9. Helen participated in review of her care by attending various care conferences with CSC. P. Ex. 35c, p. 5. Helen Winters was directly interviewed by the Office of the Long Term Care Ombudsman on more than one occasion. P. Ex. 35C, p.2, 4. Helen Winters herself called the LTCO. *See*, P. Ex. 35c, p. 4. At a care conference on January 20, 2006, the LTCO recorded about Helen Winters:

> Towards the end of the meeting, the resident asked to speak. She stated she didn't understand why she is being evicted. She loves it there and some of the staff are fine but others don't treat her well and yell back and say "don't tell me what to do." She said she doesn't bother anyone, just sits in her room except to come out to eat. She keeps her room neat. She doesn't understand why two other residents who yell at staff but aren't being evicted. She said if she had to move she didn't think she would "make it."

P. Ex. 35C, at 6. For these reasons, the proper caption in this case is Helen Winters (the plaintiff) through her POA, Carol Winters. The caption simply reflects the assistance that Carol provides Helen but it need not be viewed as a standing issue. Clearly, Helen Winters is the plaintiff in interest and CSC knows that.

Helen Winters, as a disabled but still competent individual, has the assistance of a POA. To suggest that this lessens her ability to participate and to have standing as an individual in this lawsuit which is about her care and her eviction from CSC, is unwarranted. Historically, people with disabilities have been denied proper access to the court systems of this court. The Supreme Court in *Tennessee v. Lane*, 541 U.S. 509; 124 S. Ct. 1978; 158 L. Ed. 2d 820 (2004), acknowledged the difficulties that people with disabilities have in accessing the court systems of this country. Helen Winters is one of those persons. She is clearly disabled, and thus needs the assistance of her POA; yet she is able to personally articulate her concerns and desires as to CSC. Given *Tennessee v. Lane*, and the clear reading of Fed.R. Civ. Proc. Rule 17, as well as the Maryland POA, this Court should have no difficulty finding that Helen Winters is the plaintiff in interest and has standing to bring this claim.

**II.    Effect of Helen Winters' Alleged Disability on Scope of Power of Attorney.**

Helen Winters has multiple disabilities, including an orthopedic impairment, a heart condition, and bilateral hard of hearing. Whether Ms. Winters' is disabled is without doubt. Each of her disabilities separately and all of them combined must be protected through the accommodations she has sought pursuant to the ADA, Section 504 and Fair Housing Act as well as pursuant to the Alaska Assisted Living Act. The Maryland POA is effective and is not affected by disability and merely allows Ms. Winters, in the event of the necessity of a guardianship proceeding, to nominate Carol Winters as her attorney-in-fact.

No guardianship proceeding is, however, necessary at this juncture. Ms. Winters is disabled but she is competent. She is able to express her wishes and desires, including

her desire to stay at CSC.  The types of disabilities she has do not impede her ability to make reasoned choices about her care and needs.

CSC is not challenging the validity of the POA at this juncture.  Fed. R. Civ. Proc. Rule 17a gives standing to anyone who contracts on someone else's behalf – i.e. Carol Wnters-as contracting with CSC for Helen Winters.  The POA's disability sections do not impair this lawsuit nor permit this Court to dismiss the case for lack of standing.

| | |
|---|---|
| DATED: April 11, 2007 | ALASKA LEGAL SERVICES CORPORATION<br>Attorneys for Plaintiff<br>Helen Winters<br>through her power of attorney Carol Winters |
| | s/Sonja Kerr_____<br>ALASKA LEGAL SERVICES<br>1016 West 6th Avenue, Suite 200<br>Anchorage, Alaska 99501<br>PHONE: (907) 274-9431<br>FAX: (907) 279-7417<br>E-mail: skerr@alsc-law.org<br>Alaska Bar No. 0409051 |

**Certificate of Service**

I hereby certify that on the 11th day of April, 2007, a copy of this document was served electronically:

Donna M. Meyers
Delaney, Wiles
1007 W. Third Avenue, Suite 400
Anchorage, AK 99501.

S/Sonja D. Kerr (0409051)