IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| HELEN WINTERS, through her Power of Attorney Carol Winters,<br><br>    Plaintiff,<br><br>  vs.<br><br>CHUGIAK SENIOR CITIZENS, INC.<br><br>    Defendant. | Case No. 3:06-cv-00083 TMB<br><br>ORDER DENYING MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND STANDING |

## I.  MOTION PRESENTED

This Court raised concerns about whether Ms. Winters' daughter has the authority to bring this lawsuit on her mother's behalf under her power of attorney and requested that Plaintiff present the power of attorney to the Court.  Subsequently, CSC moved to dismiss for lack of subject matter jurisdiction at Docket No. 118.  CSC argues that the power of attorney does not expressly authorize Carol Winters to sue on her mother's behalf for personal injuries, for discrimination claims, or for claims that CSC has improperly terminated Ms. Winters' residential services contract.  Having reviewed the power of attorney and considered the arguments of the parties in their initial and supplemental briefs, the Court hereby DENIES CSC's motion to dismiss.

## II.  DISCUSSION

On May 1, 2003, Ms. Winters signed a broad, general power of attorney in the State of Maryland authorizing her daughter Carol "on my behalf and for my use and benefit to do all the things that I could myself personally, if present, including, without limiting the generality of the foregoing," and listing several specific categories of acts.  Relevant to this case, the power of attorney authorized Carol Winters:

> To request, ask, demand, sue for, recover, collect, receive, hold and/or possess any and all sums of money, debts, dues, commercial paper, checks, drafts, accounts, deposits, legacies, bequests, devises, notes, interests, stock, certificates, bonds, dividends, certificates of deposit, annuities, pension and/or retirement benefits, insurance benefits and/or proceeds, income tax refunds, documents of title, choses in action, property (personal, real or mixed, tangible or intangible) and property rights, and demands whatsoever, liquidated and

unliquidated, as now are, or shall hereafter become, owned by, or due, owing, payable, or belonging, to me or in which I have or may hereafter acquire interest; and to have, use and take all lawful means and remedies (legal, equitable and/or otherwise); procedures and writs in my name for the collection and recovery of the same; and to adjust, sell, compromise, and make agreements for, or relating to the same; and to make, execute, and deliver for me, on my behalf, and in my name, all endorsements, acquittances, releases, receipts or other sufficient charges for the same.

Since the power of attorney was executed in Maryland, but Plaintiff currently resides in Alaska, the Court asked the parties to brief the choice of law question.[1] But, after an examination of the express terms of the power attorney and a survey of Alaska and Maryland law, the Court concludes that it need not definitively resolve the choice of law question. Applying either Alaska law or Maryland law, it is clear from the power attorney that Plaintiff's daughter is authorized to bring this lawsuit on her behalf. Under Alaska law, when assessing the scope of a power of attorney, the Alaska Supreme Court has stated that:

> When an authority is conferred upon an agent by a formal instrument, as by a power of attorney, there are two rules of construction to be carefully attended to: (1) The meaning of general words in the instrument will be restricted by the context, and construed accordingly. (2) The authority will be construed strictly, so as to exclude the exercise of any power which is not warranted either by the actual terms used, or as a necessary means of executing the authority with effect.[2]

And the Maryland Supreme Court has explained that:

> Various rules govern the interpretation of powers of attorney. As Chief Judge Murphy observed for this Court in *Klein v. Weiss*, 284 Md. 36, 61, 395 A.2d 126, 140 (1978), one "well settled" rule is that powers of attorney are "strictly construed as a general rule and [are] held to grant only those powers which are clearly delineated[.]" Although our predecessors recognized this rule over a century ago in *Posner v. Bayless*, 59 Md. 56 (1882), they were careful to note that the rule of strict construction "cannot override the general and cardinal rule" that the court determine the intention of the parties. To ascertain this intent, the Posner Court emphasized that the language used in the instrument and the object to be accomplished be viewed in light of the surrounding circumstances. Other courts of last resort have likewise embraced the rule of strict construction of powers of attorney.
>
> Another accepted rule of construction is to discount or disregard, as meaningless verbiage, all-embracing expressions found in powers of attorney. Because powers of attorney are ordinarily very carefully drafted and scrutinized, courts give the terms used a technical rather than a popular meaning. In addition, ambiguities in an instrument are resolved against the

---

[1] The Court also asked the parties to brief the implications of the disability provisions in the power of attorney for this case. Since both parties agree that the disability provisions are inapplicable, and the Court, after reading the power of attorney, agrees with their assessment, the Court will disregard the disability provisions.

[2] *Aiello v. Clark*, 680 P.2d 1162, 1165-66 (Alaska 1984) (*quoting Gouldy v. Metcalf*, 12 S.W. 830, 831 (Tex. 1889)).

party who made it or caused it to be made, because that party had the better opportunity to understand and explain his meaning. Finally, general words used in an instrument are restricted by the context in which they are used, and are construed accordingly.[3]

The power of attorney expressly grants Plaintiff's daughter the right to "request, ask, demand, sue for, recover, collect, receive, hold and/or possess any and all . . . choses in action."

Corpus Juris Secundum defines a chose in action as:

an intangible, personal property right to bring an action to receive or recover a debt, money, or damages.

A "chose in action," also known as a "thing in action," in its classic sense is a legal claim; that is, something on which an "action" or lawsuit might be founded. It is frequently described in terms of a right to bring an action, or a right to receive or recover a debt, money, or damages by a judicial proceeding. The term "chose in action" is one of comprehensive import, derived from a variety of contracts, covenants, and promises that confer on one party a right to recover a personal chattel or a sum of money from another by action. The term has been applied both to the right to bring an action and the thing itself, which is the subject matter of the right.

The term "chose in action" applies generally to rights of action arising out of tort as well as contract, whether such right of action is for an injury to the person or to property. A chose in action is akin to the "cause" that one has for some duty owed to him or her or something similar to contract "rights."[4]

Under its legal meaning, this term, even narrowly construed under Alaska or Maryland law, encompasses the causes of action brought by Plaintiff for personal injuries, for discrimination, and for her claims that CSC has improperly terminated her residential services contract.

---

[3]   *King v. Bankerd,* 492 A.2d 608, 611-12 (Md. 1985) (citations omitted).

[4]   73 CJS *Property* § 5 (2007).

### III.  CONCLUSION

Since Plaintiff's daughter is bringing this lawsuit in Plaintiff's name, and the power of attorney expressly authorizes Plaintiff's daughter to bring such lawsuits on her behalf, CSC's motion to dismiss for lack of subject matter jurisdiction at Docket No. 118 is hereby DENIED.

Dated at Anchorage, Alaska, this 16th day of August, 2007.

/s/ Timothy Burgess

TIMOTHY M. BURGESS
UNITED STATES DISTRICT JUDGE