IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| HELEN WINTERS, through her Power of Attorney Carol Winters,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>CHUGIAK SENIOR CITIZENS, INC.<br><br>　　　　　　Defendant. | Case No. 3:06-cv-00083 TMB<br><br><br>ORDER RE MOTIONS<br>FOR SUMMARY JUDGMENT |

### I.  MOTION PRESENTED

Plaintiff Helen Winters is a resident of the Chugiak Senior Center, managed by Defendant Chugiak Senior Citizens, Inc. ("CSC").  Through her power of attorney, her daughter Carol Winters, Plaintiff brings this lawsuit against CSC.  Plaintiff alleges violations of the Alaska Assisted Living Homes Act (AS 47.33.005-AS 47.33.990); the Alaska Uniform Residential Landlord Tenant Act ("URLTA") (AS 34.03.010 *et. seq.*); the Americans with Disabilities Act (42 U.S.C. §§ 12101 *et. seq.*); § 504 of the Rehabilitation Act of 1973 (29 U.S.C. § 794); and the Fair Housing Act of 1988 (42 U.S.C. §§ 3601).  She also alleges breach of contract, intentional infliction of emotional distress and negligent infliction of emotional distress.

Pending before the Court are multiple motions.  At Docket No. 121, Defendant moves for summary judgment on Count I, Violation of the Alaska Assisted Living Homes Act.  At Docket No. 128, Plaintiff moves for summary judgment on Counts II, V, VI, and VII, Plaintiff's claims under the Alaska Human Right Act, the Americans With Disabilities Act, § 504 of the Rehabilitation Act of 1973 (29 U.S.C. § 794); and the Fair Housing Act of 1988 (42 U.S.C. §§ 3601).  At Docket No. 132, Defendant moves for summary judgment on Count III of the Complaint, violation of the URLTA.  At Docket No. 274, Plaintiff opposes the motion and cross-moves for summary judgment on Count III.  At Docket No. 134, Defendant moves for summary judgment on Count IV of the Complaint, breach of contract.  At Docket No. 136, Defendant moves for summary judgment on

1

Counts VIII and IX of the complaint, intentional infliction of emotional distress and negligent infliction of emotional distress.

At Docket No. 125, Plaintiff also moves for partial summary judgment, arguing that she is entitled to summary judgment on Count I of the Complaint, violation of the Alaska Assisted Living Home Act, and on Count IV, breach of contract. At Docket No. 247, Defendant cross-moves for summary judgment on Count I.

For the following reasons, CSC's cross-motion for summary judgment on Count I at Docket No. 247 is hereby DENIED. CSC's motion for summary judgment on Count III at Docket No. 132 is hereby GRANTED, and Plaintiff's cross-motion for summary judgment on Count III at Docket No. 274 is hereby DENIED. CSC's motion for summary judgment on Counts VIII and IX at Docket No. 136 is also hereby GRANTED, as is the related motion in limine at Docket No. 140. Oral argument on the remaining motions for summary judgment will be held on August 22, 2007 at 3:00 p.m. Each side will have thirty minutes for argument. The parties' joint request for a trial setting conference at Docket No. 216 and CSC's request for a status conference at Docket No. 292 are hereby GRANTED and the issues will be discussed following oral argument.

## II. STANDARD OF REVIEW

Summary judgment is appropriate if, when viewing the evidence in the light most favorable to the nonmoving party, there are no genuine issues of material fact and the moving party is entitled to a judgment as a matter of law.[1] The moving party has the burden of showing that there is no genuine issue of material fact.[2]

## III. DISCUSSION

### 1.   Count I, The Alaska Assisted Living Homes Act

In Count I of Plaintiff's complaint, Plaintiff alleges that Defendant's threatened eviction of Plaintiff violates the Alaska Assisted Living Homes Act in that Plaintiff is not being treated with respect for personal dignity, individuality and privacy as required by AS 47.33.300(a)(2), and that

---

[1]   FED R. CIV. P. 56(c); *Lopez v. Smith,* 203 F.3d 1122, 1131 (9th Cir. 2000).

[2]   *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986).

none of the statutory grounds for termination of the Residential Services Contract as set forth in AS 47.33.360(a) exist. Plaintiff also alleges that she is being retaliated against for making a complaint to the Long-term Care Ombudsman in violation of AS 47.33.350.

CSC moves for summary judgment, arguing that it lawfully terminated Plaintiff's contract under AS 47.33.360(a) because of Plaintiff's medical condition, because Plaintiff engaged in a documented pattern of conduct that was harmful to herself and others, for violating the terms of the Residential Services Contract, and because CSC could no longer provide for Plaintiff's services in accordance with her Assisted Living Plan.

Plaintiff also moves for summary judgment, arguing that CSC's threatened eviction of Plaintiff violates the Alaska Assisted Living Homes Act because Plaintiff's level of care has not changed since she has been admitted and no other statutory grounds for termination of the Residential Services Contract exist. Defendant opposes the motion, claiming that it did have statutory grounds to terminate the Residential Services Contract. Defendant also argues that Plaintiff has no private right of action for alleged violations of the Alaska Assisted Living Homes Act.

The Court concludes that Plaintiff does have a right to bring a civil action based on a claim of retaliatory eviction for asserting rights under the Alaska Assisted Living Homes Act. The Alaska Assisted Living Homes Act at AS 47.33.350 protects residents from retaliation for asserting their rights under the Act, providing:

> (a) An assisted living home may not take retaliatory action against a resident of that home if the resident or the resident's representative
>   (1) exercises a right provided by this chapter or by other law;
>   (2) appears as a witness, or refuses to appear as a witness, in an adjudicatory proceeding regarding the home;
>   (3) files a civil action alleging a violation of this chapter; or
>   (4) claims a violation of this chapter before a state or federal agency having jurisdiction over the home or its employees.
> (b) Termination of a resident's residential services contract by an assisted living home within 60 days after the resident engages in an activity described in (a) of this section creates a rebuttable presumption that the termination was retaliatory.

And AS 47.260.040(b) expressly gives private parties the right to bring a civil action for a retaliatory eviction when a complaint is made to the Long Term Care Ombudsman alleging violations of the rights of older Alaskans:

3

> If a person makes a good faith complaint [to the Long Term Care Ombudsman as described in AS 47.62.015], an employer or supervisor of the person, or a public or private agency or entity that provides benefits, services, or housing to the person, may not...evict, or take other detrimental action against the person because of the complaint. The person making the complaint may bring a civil action for compensatory and punitive damages against an employer, supervisor, agency, or entity that violates this subsection. In the civil action there is a rebuttable presumption that the detrimental action was retaliatory if it was taken within 90 days after the complaint was made.

Taken together, the Court concludes that Plaintiff is entitled to bring a civil action for retaliatory eviction based on the complaint she filed with the Long Term Care Ombudsman alleging violations of the Alaska Assisted Living Homes Act. CSC's cross-motion for summary judgment at Docket No. 247 is therefore DENIED and the Court will consider the merits of the claim. The parties should be prepared to discuss whether the rebuttable presumption of retaliation applies to the claim, and, if so, what impact it has on these proceedings.

    2.    **Count III, violation of the Alaska Uniform Residential Landlord Tenant Act**.

In Count III of the Complaint, it is alleged that Defendant violated the URLTA because Defendant accepted rent from Plaintiff despite alleging that she breached her lease agreement, the Residential Services Contract and resident policies. Plaintiff alleges that the acceptance of rent operated as a waiver of Defendant's right to terminate the lease. At Docket No. 132, Defendant moves for summary judgment on Count III of the Complaint. At Docket No. 274, Plaintiff opposes the motion and cross moves for summary judgment.

Plaintiff received a Notice of Termination on January 5, 2006 terminating her tenancy effective February 3, 2006. On or about January 26, 2006, Plaintiff's care coordinator requested that Plaintiff be allowed to stay for additional time at CSC while locating alternative housing and the Long Term Care Ombudsman made a formal request for a stay of eviction. On January 30, 2006, attorneys for CSC agreed to allow Plaintiff to stay at CSC for 30 days while she located an alternative assisted living program. The letter granting the stay, sent to Assistant Attorney General Timothy Twomey, specifically states that the "limited stay is granted without waiving CSC's rights to terminate the Residential Services Contract and Lease Agreement, and is based on the understanding and on the condition that Mrs. Winters will continue efforts to find an alternative living arrangement."

On February 3, 2006, Plaintiff paid rent for January 2006, and she was sent an invoice on February 28, 2006 for February rent, which she paid on March 1, 2006. CSC did not invoice Plaintiff for March or April rent and Plaintiff did not pay March or April rent until the parties entered into a stipulation on April 26, 2006. The stipulation states that "Plaintiff shall pay rent as required under the Lease Agreement while this order is in effect, and any such payments shall not constitute a future waiver of any right or remedy available to [CSC] to terminate plaintiff's lease agreement and resident services contract. Plaintiff has and continues to contend that CSC's previous acceptance of her rent has constituted a waiver of CSC's right to terminate plaintiff's lease agreement and residential services contract."

> Under AS 34.03.240:
>
> Acceptance of rent with knowledge of a default by the tenant or acceptance of performance by the tenant that varies from the terms of the rental agreement or rules or regulations subsequently adopted by the landlord constitutes a waiver of the right of the landlord to terminate the rental agreement for that breach, <u>unless otherwise agreed after the breach has occurred</u>. (emphasis added).

The Court concludes that CSC's acceptance of February rent did not constitute a waiver of the right of CSC to terminate the rental agreement since CSC made clear that it was only staying the eviction in order to allow Plaintiff to find alternative housing. Such cooperation with a resident is not only desirable, but statutorily required. Under AS 47.33.360(d):

> If a home terminates the residential services contract with a resident under this section, the home shall cooperate with the resident, the resident's service coordinator, if any, and the resident's representative, if any, in making arrangements to relocate the resident.

The Court therefore GRANTS Defendant's motion for summary judgment at Docket No. 132 and DENIES Plaintiff's motion for summary judgment at Docket No. 274.

**2.   Counts VIII and IX, intentional infliction of emotional distress and negligent infliction of emotional distress.**

At Docket No. 136, CSC moves for summary judgment on Counts VIII and IX of Plaintiff's Complaint, intentional infliction of emotional distress and negligent infliction of emotional distress. At the heart of both of these claims is the allegation that serving the notice of eviction on Plaintiff directly, outside the presence of her daughter and power of attorney, caused emotional distress. But both the Lease and the Residential Services Contract list Plaintiff, and not Plaintiff's daughter, as the person to whom notices relating to the contract must be sent.

There are three elements to the tort of intentional infliction of emotional distress under Alaska law: (1) the defendant's conduct is extreme and outrageous; (2) the conduct is intentional or reckless; and (3) the conduct causes severe emotional distress.[3] Since sending an eviction notice to Plaintiff in accordance with the terms of her lease and the Residential Services Contract is not extreme and outrageous as a matter of law, the Court agrees that Count VIII of the claim should be dismissed.

In order to establish a claim for negligent infliction of emotional distress, a plaintiff must establish either a preexisting contractual or fiduciary duty, a negligent breach of the duty, and foreseeable emotional distress resulting from the breach that is either severe or serious.[4] Because CSC sent the eviction notice to Plaintiff in accordance with the terms of her lease and the Residential Services Contract, CSC did not breach any duties to Plaintiff in connection with the notice. CSC is therefore also entitled to summary judgment on Count IX of Plaintiff's claim. CSC's motion in limine at Docket No. 140 to preclude Plaintiff from presenting evidence that CSC improperly notified Plaintiff of the eviction, and not her daughter, is also hereby GRANTED since the evidence would relate only to Plaintiff's claims of intentional and negligent infliction of emotional distress.

---

[3] *Bishop v. Municipality of Anchorage*, 899 P.2d 149, 155 (Alaska 1995).

[4] *Chizmar v. Mackie*, 896 P.2d 196, 203-204 (Alaska 1995).

### III.  CONCLUSION

CSC's cross-motion for summary judgment at Docket No. 247 is hereby DENIED.  CSC's motion for summary judgment on Count III at Docket No. 132 is hereby GRANTED, and Plaintiff's cross-motion for summary judgment on Count III at Docket No. 274 is hereby DENIED.  CSC's motion for summary judgment on Counts VIII and IX at Docket No. 136 is hereby GRANTED and the related motion in limine at Docket No. 140 is also GRANTED.  Oral argument on the remaining motions is scheduled for 3:00 p.m. on August 22, 2007.  The parties' joint request for a trial setting conference at Docket No. 216 and CSC's request for a status conference at Docket No. 292 are hereby GRANTED.

Dated at Anchorage, Alaska, this 17th day of August, 2007.

/s/ Timothy Burgess
Timothy M. Burgess
United States District Judge