Donna M. Meyers
Clay A. Young
Delaney Wiles, Inc.
1007 W. 3rd Avenue, Suite 400
Anchorage, Alaska  99501
PHONE:  907-279-3581
FAX:  907-277-1331
dmm@delaneywiles.com
cay@delaneywiles.com

Attorneys for Defendant
Chugiak Senior Citizens, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| HELEN WINTERS, through her Power of Attorney Carol Winters,<br><br>               Plaintiff,<br><br>  v.<br><br>CHUGIAK SENIOR CITIZENS, INC.,<br><br>               Defendant. | Case No. 3:06-cv-00083-TMB |

**MEMORANDUM IN SUPPORT OF MOTION FOR DETERMINATION OF PREVAILING PARTY STATUS IN CONNECTION WITH AWARD OF COSTS**

      Defendant CSC asks the court to rule that it was the prevailing party on matters in this court.  This memorandum will set forth the reasons why CSC should be determined to be the prevailing party by the court, and it will also explain the relatively unusual procedural process behind this motion.  First to be addressed will be the procedural process.

Defendant CSC filed and served its Bill of Costs on December 5, 2007, and gave notice of the Cost Bill Hearing on December 10, 2007. The Cost Bill Hearing was renoticed at the request of plaintiff for December 19, 2007, via notice dated December 13, 2007. At that Cost Bill Hearing, plaintiff filed a response to the Bill of Costs claiming, among other things, that CSC was not the prevailing party. (Other objections were made, but were dealt with by the Clerk.)

The Clerk indicated verbally at that Cost Bill Hearing that she would submit the matter of who was the prevailing party to the court, and confirmed this submission via an electronically filed Notice, dated December 19, 2007. It was understood at that time that no further briefing was required or requested on the issue of who was the prevailing party.

On January 29, 2008, having received no ruling, the undersigned wrote Ida Romack, Clerk of the Court, and inquired about the court's consideration of the question of prevailing party. Ms. Romack responded via telephone call on February 14, 2007 to the effect that no ruling would be made without a motion being filed.

Therefore, defendant CSC is submitting this Motion for Determination of Prevailing Party Status.

Rule 54(d)(1) provides that "… costs - other than attorney's fees - should be allowed to the prevailing party." (Fed. R. Civ. P. 54(d)(1) (2007)) "The determination of who qualifies as a prevailing party is central to deciding whether costs are available." Wright & Miller, 10 Fed. Prac. & Proc. Civ. 3d § 2667.

It is generally held that a party in whose favor judgment is rendered is the prevailing party for awarding costs under Rule 54(d).  d'Hedouville v. Pioneer Hotel Co., 552 F.2d 886 (9th Cir. 1977).  It is of course within the discretion of a district court, in the event of a mixed judgment, to require each party to bear its own cost or even to assess costs in favor of each party against the other.  See Testa v. Village of Mundelein, 89 F.3d 443 (7th Cir. 1996), and Wright & Miller, supra.  Here, though, there was no mixed judgment.

In this case, summary judgment motions were filed with respect to nearly every claim that was asserted by plaintiff.  The court granted summary judgment in favor of CSC on every Federal claim and two state law claims (NIED and IIED) and entered judgment accordingly.  That left three claims remaining.  On one of those, the court denied both parties summary judgment.  On the remaining two state law claims, the court declined to rule stating that those matters should be decided by the state court upon remand, and then the court did remand the state law claims, which were then all of the remaining claims, to state court.  There cannot be much question that on all claims brought in Federal court and decided there, CSC was the prevailing party.

A somewhat similar situation as is found here was addressed in Jefferson v. Jefferson County Public School System, 360 F.3d 583 (6th Cir. 2004).  There, plaintiff Norma Jefferson brought various Federal due process claims against a group of state defendants, along with defamation and some other state law claims.  Plaintiff sued in state court.  Defendants removed the action to Federal court.  The claims against one

defendant were remanded to state court and another defendant settled with the plaintiff. The U.S. District Court entered summary judgment in favor of the remaining defendants on all remaining claims and awarded the defendants' costs as the prevailing parties. The cost issues were decided by the appellate court as follows:

> The district court ordered plaintiff to pay $5,239.90 as costs to the defendants.  When reviewing an award of costs on appeal, we look first to whether the expenses are allowable cost items and then to whether the amounts are reasonable and necessary.  [Citation omitted.]  Under Rule 54(d) of the Federal Rules of Civil Procedure, "costs other than attorney's fees shall be allowed as of course to the prevailing party unless the court otherwise directs." . . .
>
> Plaintiff argues that defendants cannot recover because they did not "prevail" on all their claims.  We do not agree.  **Because all of plaintiff's Federal claims have been dismissed, defendants are clearly the "prevailing party" in this action under Rule 54(d) and are entitled to the reasonable costs awarded by the district court.**

Jefferson, supra, at 591 (emphasis added.)

The court is therefore respectfully requested to issue a ruling that CSC is the prevailing party in this court, such that the Clerk may complete the taxation of costs process.

DATED at Anchorage, Alaska, this 21st day of February, 2008.

                DELANEY WILES, INC.
                Attorneys for Chugiak Senior Citizens, Inc.

                s/Clay A. Young and Donna M. Meyers
                Delaney Wiles, Inc.
                1007 W. Third Avenue, Suite 400
                Anchorage, Alaska  99501
                Phone:  907-279-3581
                Fax:  907-277-1331
                E-mail:  dmm@delaneywiles.com

and cay@delaneywiles.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 21st day of February, 2008, a copy of the above was served electronically on:

Jim Davis, Jr.
Nikole M. Nelson
Sonja Kerr
Alaska Legal Services Corporation
1016 West 6th Avenue, Suite 200
Anchorage, Alaska   99501

s/Clay A. Young
139753