IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| HELEN WINTERS,<br>through her power of attorney<br>Carol Winters,<br><br>    Plaintiff,<br><br>vs.<br><br>CHUGIAK SENIOR CITIZENS, INC.,<br><br>    Defendant. | Case No. 3:06-cv-00083-TMB |

**PLAINTIFFS' MEMORANDUM IN RESPONSE TO TAXATION OF COSTS**

Defendant CSC seeks taxation of certain costs. Plaintiffs did not request to brief the issue but Defendant CSC was directed to submit the matter by motion as to the issue of whether Defendant CSC is a prevailing party. This is Plaintiffs' response to that motion.

**STANDARD**

Rule 54(d)(1) permits assessment of costs against Plaintiff Helen Winters only if Defendant CSC is 1) a prevailing party and 2) such an assessment is reasonable within the Court's discretion. The Court has discretion to determine whether costs should be assessed. See, e.g. *Barry v. Fowler*, 902 F.2d 770, 773 (9th Cir. 1990).

    **I.**    **Remand Without Complete Resolution is Not Prevailing Party.** Since the Court remanded claims back to the state court, this is, in essence, a mixed judgment case and the Court should deny the costs. The Court may determine that Defendant CSC is not a prevailing party. *Branson v. Nott*, 62 F. 3d 287, 293 (9th Cir. 1995); *Buckhanon Board and Care Home Inc. v. W. Virginia Department Health and Human Resources*,

532 U.S. 598 (2001) (defendant who obtains dismissal not based on merits is not a prevailing party.) While the Court has dismissed certain claims, the Court firmly refused to dismiss the Plaintiffs' claim that Defendant CSC violated the Alaska Assisted Living Home Act and breached its contract with Ms. Winters. The Court intended to allow those matters to proceed on the merits and remanded them to the State Superior Court for that purpose. One of the key issues in the case is whether Ms. Winters could remain at CSC and whether her rights were violated under the Alaska Assisted Living Homes Act. That claim has not been resolved as it is in the state court system and Plaintiff Winters remains living at CSC still today. It is hard to suggest that Defendant CSC, is in this instance, a prevailing party, since no determination was made on the merits of the case and since the Superior Court is going to make just that determination as to the Alaska Assisted Living Home Act and breach of contract claim. But for the rather unique composition of the case, it would be abundantly clear that this is a mixed judgment case. *Testa v. Village of Mundelein*, 89 F. 3d 443 (7th Cir. 1996).

The Court may also consider that Defendant CSC did not prevail and Plaintiffs did prevail because it was the Plaintiffs, <u>not</u> Defendant CSC who sought to return the case to state court. Plaintiffs filed this matter in state court and opposed removal, urging the Court to leave the matters in state court. The Court did just that on at least two of the Plaintiffs' claims, but without reaching the merits of those claims. Plaintiffs, from the outset, argued that state court was the proper forum, against Defendant CSC's removal of the action. For that reason alone, Defendant CSC cannot be deemed to be a prevailing party. A prevailing party is one who can point to the actual success in

completion of the case and this, Defendant CSC cannot do. Doc. 204, Doc. 300. *Buckhannon*, supra.

Defendant CSC points to *Jefferson v. Jefferson County Public School System*, 360 F.3d 583 (6th Cir. 2004). This case is distinguishable. First, in that case, the plaintiff was not an elderly and impoverished individual, thus the Court could find that the costs were "reasonable and necessary." The costs here are not reasonable and not necessary. Ms. Winters is an impoverished woman who has qualified for IFP and the costs are not necessary.

**II.    In Forma Pauperis Can Be a Reason to Deny Costs.** The Court may consider Ms. Winters' financial status which it reviewed in granting her in formal pauperis status. Doc. 205, 206, 207, 310. The reality is that Ms. Helen Winters is a poor individual – so poor she qualifies for ALSC representation and so poor that she qualified for IFP status. Granting costs against such an individual in a civil rights case is inconsistent with public policy. Attorneys fees in civil rights cases should be awarded only in exceptional circumstances. *Barry v. Fowler,* 902 F. 2d 770, 773 (9th Cir. 1990). While the Court can award costs, it does not have to do so. The Court should exercise its discretion and deny any award of costs, given Ms. Helen Winters' financial status.

DATED: March 4, 2008            ALASKA LEGAL SERVICES CORPORATION
                                Attorneys for Plaintiff
                                Helen Winters
                                through her power of attorney Carol Winters

                                s/Sonja Kerr_____
                                ALASKA LEGAL SERVICES
                                1016 West 6th Avenue, Suite 200
                                Anchorage, Alaska 99501
                                PHONE: (907) 274-9431
                                FAX: (907) 279-7417
                                E-mail: skerr@alsc-law.org
                                Alaska Bar No. 0409051

Response of Plaintiffs to Defendants' Motion for Costs
Case No. 3:06-cv-00083-TMB
Page 3 of 4

Certificate of Service

I hereby certify that on the 4th day of March, 2008, a copy of this document was served electronically on :

Donna M. Meyers
Delaney, Wiles
1007 W. Third Avenue, Suite 400
Anchorage, AK 99501.

S/Sonja D. Kerr (0409051)