Donna M. Meyers
Clay A. Young
Delaney Wiles, Inc.
1007 W. 3rd Avenue, Suite 400
Anchorage, Alaska  99501
PHONE:  907-279-3581
FAX:  907-277-1331
dmm@delaneywiles.com
cay@delaneywiles.com

Attorneys for Defendant
Chugiak Senior Citizens, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| HELEN WINTERS, through her Power of Attorney Carol Winters,<br><br>  Plaintiff,<br><br>v.<br><br>CHUGIAK SENIOR CITIZENS, INC.,<br><br>  Defendant.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 3:06-cv-00083-TMB |

**REPLY TO PLAINTIFF'S RESPONSE TO MOTION FOR DETERMINATION OF PREVAILING PARTY STATUS IN CONNECTION WITH AWARD OF COSTS**

**I.   Introduction**

Defendant CSC, a non-profit corporation, was the prevailing party on matters in this Court and asks they award CSC the costs that it incurred in the litigation in federal court.  Plaintiff argues CSC was not the prevailing party on all of the claims decided by this Court.  Plaintiff is wrong, as the arguments set forth below, and in its initial brief, make clear.

## II.      CSC Is The Prevailing Party In The Federal Court Litigation

CSC moved for a determination by the court that CSC was the prevailing party in the federal court litigation because CSC prevailed on all of the pending claims that were decided by this Court. *See* Memorandum In Support Of Motion at 1-4. **<u>Plaintiff does not contest that CSC prevailed on all of the claims that were ruled on by this Court.</u>** *See* Plaintiff's Response at 1-3. Instead, plaintiff simply asserts that because two state law claims were remanded to state court, CSC is not the prevailing party on the two claims pending in state court, and thus, should lose on the rest of its claim for costs. Plaintiff's argument makes no sense.

Federal Rule of Civil Procedure Rule 54(d)(1) states that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). CSC is only seeking a determination of prevailing party status for the claims that were ruled on in federal court. It is undisputed that CSC prevailed on summary judgment on seven of the nine claims asserted against it, and the two remaining claims were remanded to state court. *See* Dkt. No. 294 (Order dated August 17, 2007); Dkt. No. 300 (Order dated September 26, 2007). Consequently, CSC was the prevailing party on all of the claims that were resolved in federal court since CSC prevailed on summary judgment on all of the claims that were resolved by this Court. Whether CSC or plaintiff prevails on the two remaining state law based claims that are being litigated in state court is irrelevant to the determination regarding whether CSC was the prevailing party in the federal court case.

CSC is only seeking its costs for the federal court litigation. If the state court rules in CSC's favor on the two remaining state law claims, CSC would be the prevailing party on those two remaining claims and be entitled to its costs associated with the state court litigation. Conversely, if plaintiff prevails on her two state law based claims being litigated in state court, plaintiff would be the prevailing party and be entitled to her costs associated with the litigation in state court. However, whoever prevails in the state court litigation is irrelevant for the determination of who was the prevailing party in the federal court litigation. Since CSC was the prevailing party in the federal court litigation, CSC is entitled to its costs in litigating the federal court case.

In her support of her opposition, plaintiff relies on three factually and legally distinguishable cases. Plaintiff's relies on *Buckhannon Bd. and Care Home, Inc. v. West Virginia Dept. of Health and Human Resources*, 532 U.S. 598 (2001), for the proposition that a defendant who obtains a dismissal not based on the merits is not a prevailing party. *See* Plaintiff's Response at 1-2. Plaintiff's recitation of the court's ruling in *Buckhannon* is not accurate and incomplete. In *Buckhannon*, the plaintiff corporation which operated assisted living residences, and which had been ordered to close the residences after the state fire marshall determined that residents were incapable of "self-preservation," sued for declaratory judgment on the grounds that this "self-preservation" requirement violated provisions of the Fair Housing Amendments Act ("FHAA") and of the Americans with Disabilities Act ("ADA"). *Id.* at 600. After the state legislature acted to eliminate this requirement, the court dismissed the case as moot. *Id.* at 600-01. The

plaintiff corporation moved for an award of prevailing party attorney fees on a catalyst theory. The district court denied motion, and the corporation appealed. *Id.* at 602. The Fourth Circuit affirmed, as did the United States Supreme Court. The Supreme Court held that fee-shifting provisions of the FHAA and of the ADA require a party to secure either a judgment on the merits or a court-ordered consent decree in order to qualify as "prevailing party." *Id.* at 609-10.

The situation involving CSC is clearly distinguishable from the situation in *Buckhannon*. Here, unlike in *Buckhannon*, CSC is not seeking attorneys' fees, rather CSC is only seeking its costs which "should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Moreover, unlike in *Buckhannon* where the case was dismissed as moot and the corporation sought attorney's fees under a catalyst theory, this Court awarded CSC summary judgment on seven of the nine claims pending before it. Plaintiff's argument that the *Buckhannon* decision precludes a determination that CSC is the prevailing party in the federal court case and is entitled to its costs incurred in the federal court case is incorrect.

Plaintiff also relies on *Testa v. Village of Mundelein, Ill.*, 89 F.3d 443 (7th Cir. 1996), for the proposition that CSC is not the prevailing party because this is a mixed judgment case. *See* Plaintiff's Response at 2. This argument lacks merit. In *Testa*, an arrestee brought a Section 1983 claim against a village and police officers for an unlawful arrest and a state law claim for malicious prosecution. *Id.* at 444. The district court rendered judgment on the jury verdict in favor of defendants on the Section 1983 claim,

but awarded arrestee $1,500 on his malicious prosecution claim, and ordered all parties to bear their own costs. *Id.* On appeal, the Seventh Circuit held the district court did not abuse its discretion in ordering each party to bear its own costs considering the mixed outcome of the claims, i.e., one in favor of plaintiff and one in favor of defendant. *Id.* at 447.

The situation in *Testa* is markedly distinguishable from the situation with CSC. The situation in *Testa* truly involved a mixed judgment case since the jury rendered judgment in plaintiff's favor on one claim and in defendant's favor on the other claim. *Id.* at 447. Unlike the situation in *Testa*, there is no mixed judgment in this case. This Court granted CSC summary judgment on seven claims and remanded the remaining two state law claims for disposition with the state court. *See* Dkt. No. 294 (Order dated August 17, 2007); Dkt. No. 300 (Order dated September 26, 2007). Plaintiff has thus not prevailed on any of her claims that were in federal court. Also, plaintiff did not seek an award of costs here.

Plaintiff also relies on *Branson v. Nott*, 62 F.3d 287 (9th Cir. 1995). *See* Plaintiff's Response at 1. In *Branson*, an arrestee brought a pro se civil rights action in federal district court, alleging that certain attorneys, superior court clerk, state trial judge, and appellate justices deprived him of his right to procedural due process during prior litigation. *Id.* at 289-90, 292. The district court granted defendants' motions to dismiss and ordered arrestee to pay defendants' attorney's fees. *Id.* On appeal, the Ninth Circuit held that the district court lacked jurisdiction to grant attorney's fees under 42 U.S.C. §

1988. *Id.* at 292. Unlike the situation in *Branson*, CSC is not seeking attorneys' fees as the prevailing party under Section 1988, rather CSC is simply seeking its costs under Rule 54.

### III.  Plaintiff's In Forma Pauperis Argument Fails

Plaintiff argues the Court should deny CSC's motion because plaintiff was found to be in forma pauperis for purposes of her appeal and that awarding "[a]ttorneys fees in civil rights cases should be awarded only in exceptional circumstances." *See* Plaintiff's Response at 3. In support of her argument plaintiff relies solely on *Barry v. Fowler*, 902 F.2d 770, 773 (9th Cir. 1990). Plaintiff's reliance on *Fowler* is misplaced, contradicts her argument, and in fact supports CSC's motion.

*Fowler* was a civil rights case involving an alleged improper arrest that was resolved in the defendant's favor on a directed verdict. *Id.* at 771-73. The district court awarded the defendant costs and attorneys' fees. *Id.* at 773. On appeal, the Ninth Circuit addressed whether the defendant was entitled to fees and costs, and concluded the defendant was entitled to costs, but not attorneys' fees. *Id.*

In reaching its decision in *Fowler*, the Ninth Circuit explained:

> A prevailing party is entitled to costs unless the court rules otherwise. Whether or not to award costs is a decision made by the trial judge and his decision will not be overturned unless he has abused his discretion. The district court did not abuse its discretion when it awarded Fowler costs.
>
> Awards of attorneys' fees are also reviewed for abuse of discretion. A defendant in a civil rights case may recover attorneys' fees only if the plaintiff's action was frivolous, unreasonable or without foundation. Attorneys' fees in civil

> rights cases should only be awarded to a defendant in exceptional circumstances. Although Barry did not prevail on her civil rights claim, we cannot conclude that her action was frivolous. We therefore reverse the district court judgment awarding attorneys' fees against Barry.

*Id.* at 773 (citations and quotations omitted).

With this understanding of the Ninth Circuit's ruling in *Fowler*, the lack of merit in plaintiff's argument is laid bare. First, contrary to plaintiff's misdirected argument, CSC is not seeking attorneys' fees from plaintiff. Rather, CSC is only seeking its costs, which "should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Second, like the defendant in *Fowler*, even where the defendant may not be entitled to attorneys' fees as the prevailing party, it is still appropriate to award costs as a matter of course to the defendant as the prevailing party. *Fowler*, 902 F.2d at 773. Finally, the fact that plaintiff is a in forma pauperis unsuccessful civil rights plaintiff simply means, like in *Fowler*, that plaintiff is not required to pay attorneys' fees to the prevailing party, but is still required to pay costs to CSC, a non-profit corporation that was forced to defend this case, as the prevailing party.

Also, it should be noted that it is apparently Carol Winters who is funding this litigation and who considers herself a plaintiff, and she is not in forma pauperis.

In sum, for these reasons, plaintiff's argument lacks merit and the Court should grant CSC's motion.

### IV.  Conclusion

For the reasons provided above and in CSC's memorandum in support of its motion for costs, the Court should determine that CSC is the prevailing party in the federal court litigation, grant CSC's motion, and award CSC the costs that it incurred in the litigation in federal court.

DATED at Anchorage, Alaska, this 10th day of March, 2008.

                DELANEY WILES, INC.
                Attorneys for Chugiak Senior Citizens, Inc.

                s/Clay A. Young and Donna M. Meyers
                Delaney Wiles, Inc.
                1007 W. Third Avenue, Suite 400
                Anchorage, Alaska  99501
                Phone:  907-279-3581
                Fax:  907-277-1331
                E-mail:  dmm@delaneywiles.com
                        and cay@delaneywiles.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 10th
day of March, 2008, a copy of
the above was served
electronically on:

Jim Davis, Jr.
Nikole M. Nelson
Sonja Kerr
Alaska Legal Services Corporation
1016 West 6th Avenue, Suite 200
Anchorage, Alaska   99501

s/Clay A. Young
140351