IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| HELEN WINTERS, through her Power of Attorney Carol Winters,<br><br>        Plaintiff,<br><br>    vs.<br><br>CHUGIAK SENIOR CITIZENS, INC.,<br><br>        Defendant. | Case No.  3:06-cv-00083-TMB<br><br><br>O R D E R |

Defendant Chugiak Senior Citizens, Inc., has filed a Motion for Determination of Prevailing

Party Status, necessary to allow the clerk to complete the taxation of costs pursuant to Fed. R. Civ. P.

54(d).  Docket 320.  In support of its argument, CSC argues:

> In this case, summary judgment motions were filed with respect to nearly every
> claim that was asserted by plaintiff. . . .  On the remaining two state law claims, the
> court declined to rule stating that those matters should be decided by the state court
> upon remand . . . . There cannot be much question that on all claims brought in
> Federal court and decided there, CSC was the prevailing party.

*Id.*

In response, Plaintiff argues that remand without a "complete resolution"does not establish a

prevailing party.  Docket 323.  Essentially, Plaintiff argues that this matter is, at best, a "mixed

judgment case" and the court should deny costs to either side:

> One of the key issues in the case is whether Ms. Winters could remain at CSC and
> whether her rights were violated under the Alaska Assisted Living Homes Act. That
> claim has not been resolved as it is in the state court system and Plaintiff Winters
> remains living at CSC still today. It is hard to suggest that Defendant CSC, is in this
> instance, a prevailing party, since no determination was made on the merits of the
> case and since the Superior Court is going to make just that determination as to the
> Alaska Assisted Living Home Act and breach of contract claim.

Docket 323 at 2. Plaintiff suggests that while the Court can award costs, it does not have to do so.

Plaintiff even suggest that she is the prevailing party because she sought, and ultimately obtained,

1

remand to state court.  Furthermore, Plaintiff argues that the court should deny costs to Defendants

due to her *in forma pauperis* status.  "Granting costs against such an individual in a civil rights case

is inconsistent with public policy. Attorneys fees in civil rights cases should be awarded only in

exceptional circumstances."  Docket 323 at 3, citing *Barry v. Fowler*, 902 F.2d 770, 773 (9th Cir.

1990).

CSC is not seeking attorneys' fees.  Rather, CSC is seeking costs under Federal Rule of

Civil Procedure Rule 54(d)(1), which states: "[u]nless a federal statute, these rules, or a court order

provides otherwise, costs--other than attorney's fees- -should be allowed to the prevailing party. "

Fed. R. Civ. P. 54(d)(1).  It is undisputed that CSC prevailed on summary judgment on seven of the

nine claims asserted against it, and the two remaining claims were remanded to state court.  The

state court will be responsible for determining the prevailing party in those proceedings. CSC

correctly observes that the fact that Plaintiff is an unsuccessful *in forma pauperis* civil rights

plaintiff simply means, like in *Fowler*, that Plaintiff is not required to pay attorneys' fees to the

prevailing party.  She is still required to pay costs.

Accordingly, the Motion at Docket 320 is GRANTED.  CSC was the prevailing party for

purposes of the calculation of costs in this matter.

Dated at Anchorage, Alaska, this 11th day of April, 2008.

/s/ Timothy Burgess
Timothy M. Burgess
United States District Judge